United States Bankruptcy Court for the:

District of Delaware

Case number (*If known*): _____ Chapter 11

☐ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Mallinckrodt plc |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** | None |
| | Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 98-1088325 |

4. **Debtor's address**

**Principal place of business**

College Business & Technology Park
Number        Street

Cruiserath Road, Blanchardstown

Dublin 15, Ireland
City                          State      ZIP Code

_____
County

**Mailing address, if different from principal place of business**

675 McDonnell Blvd.
Number        Street

_____
P.O. Box

Hazelwood                Missouri    63042
City                          State      ZIP Code

**Location of principal assets, if different from principal place of business**

_____
Number        Street

_____
City                          State      ZIP Code

5. **Debtor's website** (URL)    www.mallinckrodt.com

| Debtor | Mallinckrodt plc | Case number (if known)_____ |
|--------|------------------|-------------------------------|
|        | Name             |                               |

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.  See http://www.uscourts.gov/four-digit-national-association-naics-codes

3   2   5   4

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box.  A debtor is defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor    Mallinckrodt plc _____    Case number (if known) _____
          Name

9.  **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

    If more than 2 cases, attach a separate list.

    ☒ No
    ☐ Yes.  District _____  When _____  Case number _____
                                                  MM / DD / YYYY
            District _____  When _____  Case number _____
                                                  MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No
    ☒ Yes.  Debtor __See Attachment 1__    Relationship __Affiliate__
            District __District of Delaware__    When __Contemporaneously__
                                                      MM  /  DD  / YYYY
            Case number, if known _____

11. **Why is the case filed in *this* district?**

    Check all that apply:

    ☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☒ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?**  (*Check all that apply*.)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
      What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                              Number          Street
                              _____

                              _____
                              City                          State    ZIP Code

    **Is the property insured?**

    ☐ No
    ☐ Yes. Insurance agency _____

          Contact name _____

          Phone _____

---

**Statistical and administrative information**

Debtor    <u>Mallinckrodt plc</u>                                    Case number (if known)_____
          Name

| | | |
|---|---|---|

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**
(on a consolidated basis)

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☒ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**
(on a consolidated basis)

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☒ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**16. Estimated liabilities**
(on a consolidated basis)

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☒ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

## Request for Relief, Declaration, and Signatures

**WARNING** --   Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

☒ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

☒ I have been authorized to file this petition on behalf of the debtor.

☒ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  <u>10/12/2020</u>
              MM  / DD / YYYY

✗ <u>/s/ Bryan M. Reasons</u>                          <u>Bryan M. Reasons</u>
Signature of authorized representative of debtor        Printed name

Title <u>Executive Vice President and Chief Financial Officer</u>

Debtor    Mallinckrodt plc_____    Case number (if known)_____
          Name

**18. Signature of attorney**

× /s/ Michael J. Merchant_____    Date    10/12/2020_____
Signature of Attorney for debtor                          MM    / DD / YYYY

Michael J. Merchant_____
Printed name
Richards, Layton & Finger, P.A._____
Firm name
920        North King Street_____
Number        Street

Wilmington_____    Delaware    19801_____
City                                State        ZIP Code

302-651-7700_____    merchant@rlf.com_____
Contact phone                      Email address

3854_____    Delaware_____
Bar number                State

## ATTACHMENT 1 TO VOLUNTARY PETITION

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "**_Debtors_**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.  Contemporaneously with the filing of their voluntary petitions, the Debtors are filing a motion with the Court requesting that their chapter 11 cases be consolidated for procedural purposes only and jointly administered.

| Debtor Name | Federal EIN |
| --- | --- |
| Mallinckrodt plc | 98-1088325 |
| Acthar IP Unlimited Company | 98-1219747 |
| IMC Exploration Company | 74-1856768 |
| Infacare Pharmaceutical Corporation | 31-1807488 |
| INO Therapeutics LLC | 47-0931456 |
| Ludlow LLC | 04-2614539 |
| MAK LLC | 82-3297479 |
| Mallinckrodt APAP LLC | 47-2085115 |
| Mallinckrodt ARD Finance LLC | 82-3638933 |
| Mallinckrodt ARD Holdings Inc. | 47-2402827 |
| Mallinckrodt ARD Holdings Limited | 98-1190042 |
| Mallinckrodt ARD IP Unlimited Company | 98-1273238 |
| Mallinckrodt ARD LLC | 33-0476164 |
| Mallinckrodt Brand Pharmaceuticals LLC | 90-0136080 |
| Mallinckrodt Buckingham Unlimited Company | UK Tax ID 7891923224 |
| Mallinckrodt Canada ULC | 98-1065149 |
| Mallinckrodt CB LLC | 83-1878651 |
| Mallinckrodt Critical Care Finance LLC | 47-5172425 |
| Mallinckrodt Enterprises Holdings, Inc. | 94-3160456 |
| Mallinckrodt Enterprises LLC | 36-4679061 |
| Mallinckrodt Enterprises UK Limited | 98-1190911 |
| Mallinckrodt Equinox Finance LLC | 32-0542730 |
| Mallinckrodt Group S.à r.l. | 98-1094611 |
| Mallinckrodt Holdings GmbH | 98-1162957 |
| Mallinckrodt Hospital Products Inc. | 41-2142317 |
| Mallinckrodt Hospital Products IP Unlimited Company | 98-1273300 |
| Mallinckrodt International Finance SA | 98-1094609 |
| Mallinckrodt International Holdings S.à r.l. | 98-1272203 |
| Mallinckrodt IP Unlimited Company | 98-1190770 |
| Mallinckrodt LLC | 43-1479062 |

| | |
|---|---|
| Mallinckrodt Lux IP S.à r.l. | 98-1190722 |
| Mallinckrodt Manufacturing LLC | 47-5172075 |
| Mallinckrodt Pharma IP Trading Unlimited Company | 98-1272335 |
| Mallinckrodt Pharmaceuticals Ireland Limited | 98-1217693 |
| Mallinckrodt Pharmaceuticals Limited | 98-1274182 |
| Mallinckrodt Quincy S.à r.l. | 98-1191395 |
| Mallinckrodt UK Finance LLP | 98-1274193 |
| Mallinckrodt UK Ltd | 98-1240542 |
| Mallinckrodt US Holdings LLC | 32-0408865 |
| Mallinckrodt US Pool LLC | 90-0937192 |
| Mallinckrodt Veterinary, Inc. | 36-3480465 |
| Mallinckrodt Windsor Ireland Finance Unlimited Company | Irish Tax ID 3347922OH |
| Mallinckrodt Windsor S.à r.l. | 98-1286736 |
| MCCH LLC | 32-0541022 |
| MEH, Inc. | 65-0952696 |
| MHP Finance LLC | 47-5176059 |
| MKG Medical UK Ltd | 98-1241288 |
| MNK 2011 LLC | 80-0739865 |
| MUSHI UK Holdings Limited | 98-1190248 |
| Ocera Therapeutics, Inc. | 63-1192270 |
| Petten Holdings Inc. | 83-3441641 |
| SpecGx Holdings LLC | 84-3594520 |
| SpecGx LLC | 81-4463153 |
| ST Operations LLC | 84-4597158 |
| ST Shared Services LLC | 84-3727053 |
| ST US Holdings LLC | 20-5950462 |
| ST US Pool LLC | 84-4591199 |
| Stratatech Corporation | 39-2025292 |
| Sucampo Holdings Inc. | 85-2745451 |
| Sucampo Pharma Americas LLC | 13-3929237 |
| Sucampo Pharmaceuticals, Inc. | 30-0520478 |
| Therakos, Inc. | 22-2575957 |
| Vtesse LLC | 47-1075596 |
| WebsterGx Holdco LLC | 85-0505835 |

**RESOLUTIONS OF THE
BOARD OF DIRECTORS
MALLINCKRODT PLC**

**October 11, 2020**

*Approval of Bankruptcy Filing, Restructuring Support Agreement, and Cash Collateral Usage*

**WHEREAS**, the Board of Directors (the "Board") of Mallinckrodt plc (the "Company" and together with its subsidiaries the "Group") has reviewed and analyzed the materials presented by management and the outside financial and legal and other advisors of the Company regarding the financial condition, capital structure, liquidity position, business model and projections, short-term and long-term prospects of the Group, the restructuring and other strategic alternatives available to it, and the impact of the foregoing on the Group's businesses;

**WHEREAS**, the Board has reviewed and evaluated the proposed Restructuring Support Agreement (the "Restructuring Support Agreement"), by and among certain Group companies, certain of their creditors, and certain other parties and the transactions contemplated thereby;

**WHEREAS**, the Board has determined that it is desirable and in the best interests of the Company and the Group, their creditors, employees and other stakeholders generally that each of the entities listed on Annex A hereto (together with the Company, the "Companies") file a petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

**WHEREAS**, the Board has determined that it is desirable and in the best interest of the Company, its creditors, and other stakeholders generally that the Company seek ancillary relief in Canada in respect of the relief sought under the Bankruptcy Code on behalf of the Company and certain of its affiliates, pursuant to the Companies' Creditors Arrangement Act (Canada) R.S.C. 1985, c. C-36 as amended (the "CCAA") in the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court") in the Province of Ontario, Canada;

**WHEREAS**, the Board has determined that it is also desirable and in the best interest of the Company and the Group, their creditors, employees and other stakeholders generally to move a motion for relief seeking interim and final orders (the "Proposed NOL Orders"): (a) establishing procedures (the "Share Procedures") to protect the potential significant value of the Companies' net operating loss carryforwards, carryforwards and other tax benefits and authorizing the use of such procedures to (i) direct and indirect ownership of ordinary shares of the Company ("Ordinary Shares") and any options or similar rights to acquire such shares, and (ii) any claim of a worthless stock deduction under Section 165(g) of title 26 of the United States Code; and (b) establishing a record date for notice and sell-down procedures for transferring the indirect ownership of prepetition claims against one or more of the Companies;

**WHEREAS** the Company has entered into a credit agreement (as amended, supplemented or otherwise modified from time to time, the "Credit Agreement") dated 19 March 2014 between (1) the Company, (2) Mallinckrodt International Finance S.A. (the "Issuer"), as Lux Borrower, (3)

Mallinckrodt CB LLC (the "Co-Issuer", together with the Issuer, the "Issuers"), as Co-Borrower, (4) the other borrowers from time to time party thereto, (5) the Lenders from time to time party thereto and (6) Deutsche Bank AG New York Branch, as administrative agent and collateral agent;

**WHEREAS** the Company (together with certain other Group companies (the "Credit Agreement Guarantors")) has guaranteed the obligations of the Issuers under the Credit Agreement and has granted security interests in substantially all of its assets to secure its obligations in respect thereof (the "Credit Agreement Obligations");

**WHEREAS** the Issuers have previously: (a) issued various series of unsecured notes consisting of: (i) unsecured 4.875% Senior Notes due 2020; (ii) unsecured 5.750% Senior Notes due 2022; (iii) unsecured 5.625% Senior Notes due 2023; (iv) unsecured 5.500% Senior Notes due 2025; and (v) unsecured 4.750% Senior Notes due 2023 (issued by the Issuer only) (together the "Unsecured Notes"); and (b) by way of exchange for certain of the Unsecured Notes, issued secured notes consisting of: (i) 10.000% First Lien Senior Secured Notes due 2025; and (ii) 10.000% Second Lien Senior Secured Notes due 2025 (together the "Secured Notes");

**WHEREAS** it was intended that the Company would, with the consent of the relevant Bankruptcy Court, have sufficient funds to enable it to discharge all debts and liabilities to all creditors (other than the Credit Agreement Obligations and the obligations in respect of the Unsecured Notes and the Secured Notes), that: (i) were incurred prior to the commencement of the Chapter 11 Cases (as defined below); and (ii) will be incurred prior to the conclusion of the Chapter 11 Cases, including in connection with the implementation of the Restructuring Support Agreement; and

**WHEREAS**, the Board noted that the COVID-19-related travel restrictions that had been imposed across the globe and within Ireland had prevented all of the directors from travelling to physically attend the meeting. For this reason, all of the directors in attendance had dialed into the meeting from a location outside of Ireland rather than attending in person. The Board noted that, absent the COVID-related travel restrictions, all or a majority of the directors would otherwise have physically attended the meeting in person from a location in Ireland and agreed that the current situation constituted exceptional circumstances.

### *Chapter 11 filings and Restructuring Support Agreement*

**NOW, THEREFORE, BE IT RESOLVED**, that each of the Companies are hereby authorized to file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases");

**RESOLVED FURTHER**, that the Chief Executive Officer, the Chief Financial Officer, the Chief Transformation Officer any Executive Vice President, any Senior Vice President, any Vice President or such other officers of the Company as the Chief Executive Officer or the Chief Financial Officer may in his discretion designate (each, an "Authorized Officer" and collectively, the "Authorized Officers") be, and each of them acting alone hereby is, authorized to execute and verify such petition of the Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed with the United States Bankruptcy Court for the District of Delaware (the

"Bankruptcy Court"), in such form and at such time as the Authorized Officer executing such petition shall, in his discretion, determine;

**RESOLVED FURTHER**, that each of the Authorized Officers be, and each of them hereby is, authorized to execute and file, or cause to be filed (or direct others to do so on their behalf as provided herein) with the Bankruptcy Court, on behalf of the Company, all petitions, affidavits, schedules, motions, lists, applications, pleadings, and other necessary papers or documents, including any amendments thereto, and, in connection therewith, to employ and retain all assistance by legal counsel, financial advisors, accountants, or other professionals and to take any and all actions that they deem necessary or proper to obtain such chapter 11 bankruptcy relief, and to take any necessary steps to coordinate and effectuate each of the Chapter 11 Cases;

**RESOLVED FURTHER**, that the Company is hereby authorized to file or cause to be filed an application for recognition of the Chapter 11 Cases as a foreign proceeding under the CCAA in the Canadian Court and to seek such other insolvency or bankruptcy relief in Canada as may be necessary from time to time (the "Canadian Proceedings");

**RESOLVED FURTHER**, that each Authorized Officer be, and each of them acting alone hereby is, authorized to execute and verify such application of the Company in the name of the Company under the CCAA and to cause the same to be filed with the Canadian Court, in such form and at such time as the Authorized Officer executing such application shall determine;

**RESOLVED FURTHER**, that under the totality of the circumstances, the agreements reflected in the Restructuring Support Agreement are in the best interests of the Company, its creditors and the Group and the Board hereby authorizes and approves the Company to document, execute, and deliver the Restructuring Support Agreement;

**RESOLVED FURTHER**, that each other agreement, document, and instrument contemplated by the Restructuring Support Agreement to be executed or delivered by the Company is hereby authorized and approved; and

**RESOLVED FURTHER**, that each of the Authorized Officers be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to document, execute, and deliver the Restructuring Support Agreement, as the same may be amended, supplemented, or modified, as such Authorized Officers may in his discretion consider necessary, proper, or desirable, the execution thereof by such Authorized Officers to be conclusive evidence of such determination, and to negotiate, document, execute, and deliver such other documents and to take any and all such further action which such Authorized Officer determines to be necessary, proper or desirable in order to effectuate the Restructuring Support Agreement; and

**RESOLVED FURTHER**, that each of the Authorized Officers be, and each of them hereby is, authorized, directed, and empowered, with full power of delegation, on behalf of and in the name of the Company, to execute, verify, and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein), and to amend, supplement, or otherwise modify from time to time, all necessary or appropriate documents, whether under hand or under seal (and each Authorized Officer is hereby authorized to sign a document under

seal), including, without limitation, deeds, petitions, affidavits, schedules, motions, lists, applications, pleadings, and other documents, agreements, and papers, including any and all loan agreements, documents, notes, guaranties, security agreements, pledge agreements, and all other documents, agreements, or instruments as may be deemed necessary, proper or desirable by such Authorized Officer, and to take any and all actions, including the grant of new liens, security and payment of adequate protection amounts, that such Authorized Officer deems necessary or appropriate, each in connection with the Chapter 11 Cases, any usage of cash collateral and other collateral under the Company and/or the Group's secured credit facilities contemplated hereby or thereby.

### *Proposed NOL Orders*

**BE IT RESOLVED**, that each of the Companies are hereby authorized to file or cause to be file a motion with the Bankruptcy Court seeking entry of the Proposed NOL Orders;

**RESOLVED FURTHER**, that each of the Authorized Officers be, and each of them hereby is, authorized to execute and file, or cause to be filed (or direct others to do so on their behalf as provided herein) with the Bankruptcy Court, on behalf of the Company, all petitions, affidavits, schedules, motions, lists, applications, pleadings, and other necessary papers or documents, including any amendments thereto, and, in connection therewith, to employ and retain all assistance by legal counsel, financial advisors, accountants, or other professionals and to take any and all actions that they deem necessary or proper to obtain such Proposed NOL Orders; and

**RESOLVED FURTHER**, that each of the Authorized Officers be, and each of them hereby is, authorized, directed, and empowered, with full power of delegation, on behalf of and in the name of the Company, to execute, verify, and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein), and to amend, supplement, or otherwise modify from time to time, all necessary or appropriate documents, whether under hand or under seal (and each Authorized Officer is hereby authorized to sign a document under seal), including, without limitation, deeds, petitions, affidavits, schedules, motions, lists, applications, pleadings, and other documents, agreements and papers, as may be deemed necessary, proper or desirable by such Authorized Officer, and to take any and all actions, including the exercise of any discretions or powers that the Company has under the terms of the Proposed Orders (including, *inter* alia, the discretion to object to any proposed transfer of Ordinary Shares in accordance with the terms of the Share Procedures), each in connection with the NOL Proposed Orders, that such Authorized Officer deems necessary or appropriate.

### *Retention of Professionals*

**BE IT RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to employ the law firm of Latham & Watkins LLP to represent and advise the Group in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings, in connection with the Chapter 11 Cases, and each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and cause to be filed an

appropriate application with the Bankruptcy Court for authority to retain the services of Latham & Watkins LLP;

**RESOLVED FURTHER**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to employ the law firm of Richards, Layton & Finger, PA to represent and advise the Group in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in connection with the Chapter 11 Cases, and each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Richards, Layton & Finger, PA;

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to employ the law firm of Torys LLP to represent and advise the Company in carrying out their duties under the CCAA, and to take any and all actions to advance the Company's rights and obligations in connection with the Canadian Proceedings, and each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases and the Canadian Proceedings, and cause to be filed an appropriate application with the Bankruptcy Court and/or the Canadian Court for authority to retain the services of Torys LLP;

**RESOLVED FURTHER**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to employ the law firm of Wachtell, Lipton, Rosen & Katz to represent and advise the Group on corporate and finance matters, and to take any and all actions to advance the Company's rights and obligations in connection with corporate and finance matters, and each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Wachtell, Lipton, Rosen & Katz;

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Group, to employ the law firm of Ropes & Gray LLP to represent and advise the Group in all opioid-related litigations and matters, and to take any and all actions to advance the Company's rights and obligations in connection with the opioid-related litigations and matters, and each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Ropes & Gray LLP;

**RESOLVED FURTHER**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to employ the law firm of Arthur Cox to represent and advise the Group on corporate and finance matters, and to take any and all actions to advance the Company's rights and obligations in connection with corporate and finance matters, and each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing

of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Arthur Cox;

**RESOLVED FURTHER**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to employ the firm of Guggenheim Securities, LLC, as investment banker and financial advisor, to represent and assist the Group in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in connection with the Chapter 11 Cases, and each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Guggenheim Securities, LLC;

**RESOLVED FURTHER**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to employ the firm of AlixPartners, LLP, as restructuring advisor, to represent and assist the Group in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in connection with the Chapter 11 Cases, and each of the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of AlixPartners, LLP;

**RESOLVED FURTHER**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to employ the firm of Prime Clerk LLC, as claims, noticing, soliciting, and balloting agent, to assist the Group in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in connection with the Chapter 11 Cases, and each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Prime Clerk LLC; and

**RESOLVED FURTHER**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to employ any other professionals necessary to assist the Group in carrying out their duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases and cause to be filed appropriate applications with the Bankruptcy Court for authority to retain the services of any other professionals, as necessary.

### *Conversion and Contribution*

**BE IT RESOLVED**, that both the Conversion and the Contribution be and hereby are ratified, confirmed and approved, with immediate effect and all actions heretofore taken by any of the directors, officers, representatives or agents of the Company or any of its affiliates in

connection with either the Conversion or the Contribution be and each of the same hereby are ratified, confirmed and approved in all respects as the act and deed of the Company.

### *General Implementation Authority*

**BE IT RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Officer to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code under the CCAA, or in connection with the Chapter 11 Cases in connection with such proceedings, or in connection with the Proposed NOL Orders or any matter related thereof, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company;

**RESOLVED FURTHER**, that each of the Authorized Officers be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to take any action, as in the judgment of such Authorized Officer shall be or become necessary, proper, and desirable to put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions including, without limitation, the voting of any interests in, or passing of any resolutions of, any body corporate in which the Company holds stock, shares or voting interests;

**RESOLVED FURTHER**, that each of the Authorized Officers be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates, or other documents, to incur all such fees and expenses and to take such other action, as in the judgment of such Authorized Officer shall be or become necessary, proper and desirable to prosecute to a successful completion of the Chapter 11 Cases, the Canadian Proceedings including any initiation or defence of proceedings in any jurisdiction, and the entry into, certification or delivery of any agreement, instruments, motions, affidavits, applications for approval or ruling in connection or relating thereto, and to carry out and put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions;

**RESOLVED FURTHER**, that each of the Authorized Officers be, and each of them hereby is, authorized and empowered, with full power of delegation, for and in the name and on behalf of the Company to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in the foregoing resolutions;

**RESOLVED FURTHER**, that each of the Authorized Officers be, and each of them hereby is, authorized and empowered, with full power of delegation, for and in the name and on behalf of the Company, to execute and authorize and take such other actions that are deemed necessary and advisable, with respect to any documents, certificates, instruments, agreements, or other writings referred to in the foregoing resolutions;

**RESOLVED FURTHER**, that all acts, actions, and transactions that are consistent with the foregoing resolutions done in the name of and on behalf of the Company, which acts would

have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company; and

**RESOLVED FURTHER**, that any facsimile or other electronic signature of a member of the Board to these resolutions shall be fully effective as an original signature hereto.

**IT IS HEREBY CERTIFIED THAT** the above is a true extract from the minutes of the meeting of the Board of Directors of Mallinckrodt plc held on the date as stated above at which a quorum was present.

Signed by Stephanie D. Miller
Company Secretary
Mallinckrodt plc

Dated this 11th day of October 2020.

**Annex A**

The Companies

| Name |
| --- |
| Mallinckrodt plc |
| Acthar IP Unlimited Company |
| IMC Exploration Company |
| Infacare Pharmaceutical Corporation |
| INO Therapeutics LLC |
| Ludlow LLC |
| MAK LLC |
| Mallinckrodt APAP LLC |
| Mallinckrodt ARD Finance LLC |
| Mallinckrodt ARD Holdings Inc. |
| Mallinckrodt ARD Holdings Limited |
| Mallinckrodt ARD IP Unlimited Company |
| Mallinckrodt ARD LLC |
| Mallinckrodt Brand Pharmaceuticals LLC |
| Mallinckrodt Buckingham Unlimited Company |
| Mallinckrodt Canada ULC |
| Mallinckrodt CB LLC |
| Mallinckrodt Critical Care Finance LLC |
| Mallinckrodt Enterprises Holdings, Inc. |
| Mallinckrodt Enterprises LLC |
| Mallinckrodt Enterprises UK Limited |
| Mallinckrodt Equinox Finance LLC |
| Mallinckrodt Group S.à r.l. |
| Mallinckrodt Holdings GmbH |
| Mallinckrodt Hospital Products Inc. |
| Mallinckrodt Hospital Products IP Unlimited Company |
| Mallinckrodt International Finance SA |
| Mallinckrodt International Holdings S.à r.l. |
| Mallinckrodt IP Unlimited Company |
| Mallinckrodt LLC |
| Mallinckrodt Lux IP S.à r.l. |
| Mallinckrodt Manufacturing LLC |
| Mallinckrodt Pharma IP Trading Unlimited Company |
| Mallinckrodt Pharmaceuticals Ireland Limited |
| Mallinckrodt Pharmaceuticals Limited |
| Mallinckrodt Quincy S.à r.l. |
| Mallinckrodt UK Finance LLP |
| Mallinckrodt UK Ltd |
| Mallinckrodt US Holdings LLC |
| Mallinckrodt US Pool LLC |

| |
|---|
| Mallinckrodt Veterinary, Inc. |
| Mallinckrodt Windsor Ireland Finance Unlimited Company |
| Mallinckrodt Windsor S.à r.l. |
| MCCH LLC |
| MEH, Inc. |
| MHP Finance LLC |
| MKG Medical UK Ltd |
| MNK 2011 LLC |
| MUSHI UK Holdings Limited |
| Ocera Therapeutics, Inc. |
| Petten Holdings Inc. |
| SpecGx Holdings LLC |
| SpecGx LLC |
| ST Operations LLC |
| ST Shared Services LLC |
| ST US Holdings LLC |
| ST US Pool LLC |
| Stratatech Corporation |
| Sucampo Holdings Inc. |
| Sucampo Pharma Americas LLC |
| Sucampo Pharmaceuticals, Inc. |
| Therakos, Inc. |
| Vtesse LLC |
| WebsterGx Holdco LLC |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MALLINCKRODT PLC, | Case No. 20-_____ (____) |
| Debtor. | Tax ID: 98-1088325 |

**Attachment to Voluntary Petition for Non-Individuals Filing for**
**Bankruptcy under Chapter 11**

      1.      If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 001-35803.

      2.      The following financial data is the latest available information and refers to the debtor's condition on September 25, 2020.[1]

      a.      Total assets      $9,584,626,122

      b.      Total debts (including debts listed in 2.c., below)      $8,647,811,427

      c.      Debt securities held by more than 500 holders:

| Debt Security | Secured/Unsecured/Subordinated | Amount ($) | Approximate Number of Holders |
|---|---|---|---|
| First Lien Senior Secured Notes due 2025 | Secured | $495,032,000 | Unknown CUSIP: 561233AG2 |
| Second Lien Senior Secured Notes due 2025 | Secured | $322,868,000 | Unknown CUSIP: 561233AE7 |
| 4.750% Senior Notes due 2023 | Unsecured | $133,657,000 | Unknown CUSIP: 561234AE5 |
| 5.75% Senior Notes due 2022 | Unsecured | $610,304,000 | Unknown CUSIP: 561233AA5 |
| 5.500% Senior Notes due 2025 | Unsecured | $387,207,000 | Unknown CUSIP: 561233AC1 |
| 5.625% Senior Notes due 2023 | Unsecured | $514,673,000 | Unknown CUSIP: 561233AD9 |
| 9.50% Debentures due May 2022 | Unsecured | $10,388,000 | Unknown CUSIP:902120AD6 |
| 8.00% Debentures due March 2023 | Unsecured | $4,450,000 | Unknown CUSIP:902120AE4 |

---

[1]    Unless otherwise noted, the amounts in this Item 2 represent the preliminary unaudited consolidated amounts as of September 25, 2020, and include the accounts of Mallinckrodt plc, its wholly owned subsidiaries and entities in which they own or control more than 50.0% of the voting shares, or have the ability to control through similar rights.

d.    Number of shares of preferred stock                 $0^2$

e.    Number of shares of common stock                    $84,598,497^3$

Comments, if any: None.

3.    Brief description of the debtor's business:  Mallinckrodt plc is global business consisting of multiple wholly owned subsidiaries that develop, manufacture, market and distribute specialty pharmaceutical products and therapies. Areas of focus include autoimmune and rare diseases in specialty areas like neurology, rheumatology, nephrology, pulmonology and ophthalmology; immunotherapy and neonatal respiratory critical care therapies; analgesics and gastrointestinal products.

4.    List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

| Name | Percent of Voting Securities Owned as of September 30, 2020 |
| --- | --- |
| BlackRock Fund Advisors | 6.18% |
| The Vanguard Group, Inc. | 5.26% |

---

[2]    500,000,000 preferred shares are authorized, but none are issued or outstanding.

[3]    40,000 ordinary A shares are also authorized, but none are issued or outstanding.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 11 |
| MALLINCKRODT PLC, | ) |
|  | ) Case No. 20-_____ (___) |
| Debtor. | ) |
|  | ) Tax ID: 98-1088325 |
|  | ) |
|  | ) |

## <u>CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to Fed. R. Bankr. P. 1007(a)(1) and Fed. R. Bankr. P. 7007, Mallinckrodt plc respectfully represents:

1.     Mallinckrodt plc is a publicly traded corporation.

2.     No corporation owns 10% or more of any class of Mallinckrodt plc's equity interests.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MALLINCKRODT PLC, | ) Case No. 20-_____ (___) |
| | ) |
| Debtor. | ) Tax ID: 98-1088325 |
| | ) |
| | ) |

## LIST OF EQUITY SECURITY HOLDERS[4]

    The following is a list of the above-captioned debtor's equity security holders. This list has been prepared in accordance with Fed. R. Bankr. P. 1007(a)(3) for filing in this chapter 11 case.

| Equity Holder | Address | Ownership as of September 30, 2020 |
|---|---|---|
| BlackRock Fund Advisors | 400 Howard Street San Francisco, CA 94105 | 6.18% |
| The Vanguard Group, Inc. | 100 Vanguard Blvd. Malvern, PA 19355 | 5.26% |

---

[4]    Mallinckrodt plc does not and cannot know the precise holdings or identity of the holders of its publicly traded common stock.  Thus, Mallinckrodt plc is listing the holders of 5% or more of its publicly traded common stock.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| MALLINCKRODT PLC, *et al.*, | ) Case No. 20-_____ (___) |
| | ) |
| Debtors.[1] | ) (Joint Administration Requested) |
| | ) |
| | ) |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING 50 LARGEST UNSECURED CLAIMS

The above-captioned debtors and debtors in possession (collectively, the "***Debtors***") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C §§ 101-1532 (the "***Bankruptcy Code***").  Pursuant to Federal Rule of Bankruptcy Procedure 1007(d), the following is a consolidated list of the Debtors' creditors holding the fifty (50) largest unsecured claims (the "***Creditor List***") based on the Debtors' unaudited books and records as of October 9, 2020.

The Creditor List does not include (i) persons that come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (ii) secured creditors, unless the value of such creditors' collateral is such that the unsecured deficiency places the creditor among the holders of the 50 largest unsecured claims.

The information contained herein shall not constitute an admission of liability by, nor is it binding on, the Debtors.  Moreover, nothing herein shall affect the Debtors' rights to challenge the amount or characterization of any claim at a later date.  The failure to list a claim as contingent, unliquidated, or disputed does not constitute a waiver of the Debtors' rights to contest the validity, priority, and/or amount of any such claim at a later date.

---

[1]    A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.primeclerk.com/Mallinckrodt. The debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

Debtor Name   Mallinckrodt plc

United States Bankruptcy Court for the: District of Delaware
(State)

Case number (*If known*):_____

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | CENTERS FOR MEDICARE & MEDICAID SERVICES (CMS)<br><br>ATTORNEY OF RECORD:<br>U.S. DEPARTMENT OF JUSTICE<br>CIVIL DIVISION, FEDERAL PROGRAMS BRANCH<br><br>7500 SECURITY BOULEVARD<br>BALTIMORE,  MD,  21244 | KEVIN MATTHEW SNELL<br>PH: (202) 305-0924<br>KEVIN.SNELL@USDOJ.GOV | PAYOR REBATES | | | | $650,000,000 |
| 2 | 5.75% SENIOR NOTES DUE 2022<br>ADMINISTRATIVE AGENT:<br>DEUTSCHE BANK TRUST COMPANY AMERICAS<br>TRUST & AGENCY SERVICES<br><br>60 WALL STREET, 16TH FLOOR<br>MAIL STOP: NYC60-1630<br>NEW YORK, NEW YORK 10005<br>ATTN: CORPORATES TEAM – MALLINCKRODT INTERNATIONAL FINANCE, S.A.<br>FAX: 732-578-4635 | PHILIP TANCORRA<br>PH: 212-250-6576<br>PHILIP.TANCORRA@DB.COM | 5.75% SENIOR NOTES DUE 2022 | | | | $610,304,000 |
| 3 | 5.625% SENIOR NOTES DUE 2023<br>ADMINISTRATIVE AGENT:<br>DEUTSCHE BANK TRUST COMPANY AMERICAS<br>TRUST & AGENCY SERVICES<br><br>60 WALL STREET, 16TH FLOOR<br>MAIL STOP: NYC60-1630<br>NEW YORK, NEW YORK 10005<br>ATTN: CORPORATES TEAM – MALLINCKRODT INTERNATIONAL FINANCE, S.A.<br>FAX: 732-578-4635 | PHILIP TANCORRA<br>PH: 212-250-6576<br>PHILIP.TANCORRA@DB.COM | 5.625% SENIOR NOTES DUE 2023 | | | | $514,673,000 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 4 | 5.50% SENIOR NOTES DUE 2025 ADMINISTRATIVE AGENT: DEUTSCHE BANK TRUST COMPANY AMERICAS TRUST & AGENCY SERVICES<br><br>60 WALL STREET, 16TH FLOOR MAIL STOP: NYC60-1630 NEW YORK, NEW YORK 10005 ATTN: CORPORATES TEAM – MALLINCKRODT INTERNATIONAL FINANCE, S.A. FAX: 732-578-4635 | PHILIP TANCORRA PH: 212-250-6576 PHILIP.TANCORRA@DB.COM | 5.50% SENIOR NOTES DUE 2025 | | | | $387,207,000 |
| 5 | 4.75% SENIOR NOTES DUE 2023 ADMINISTRATIVE AGENT: DEUTSCHE BANK TRUST COMPANY AMERICAS TRUST & AGENCY SERVICES<br><br>60 WALL STREET, 16TH FLOOR MAIL STOP: NYC60-1630 NEW YORK, NEW YORK 10005 ATTN: CORPORATES TEAM – MALLINCKRODT INTERNATIONAL FINANCE, S.A. FAX: 732-578-4635 | PHILIP TANCORRA PH: 212-250-6576 PHILIP.TANCORRA@DB.COM | 4.75% SENIOR NOTES DUE 2023 | | | | $133,657,000 |
| 6 | MCKESSON<br><br>1220 SENLAC DRIVE CARROLLTON, TX, 75006 | BERTHA PEREZ PH: 972-446-4463 BERTHA.PEREX@MNKESSON.COM | DISTRIBUTOR FEES | Disputed | | | $70,670,791 |
| 7 | AMERISOURCE BERGEN<br><br>1300 MORRIS DR CHESTERBROOK, PA, 19087 | STEVE GRAY PH: 856-686-6137 SGRAY@AMERISOURCEBERGEN.COM | DISTRIBUTOR FEES | | | | $69,906,996 |
| 8 | CARDINAL<br><br>PO BOX 641231 PITTSBURGH, PA, 15264 | GRACE HIPOL PH: N/A GRACE.HIPOL@CARDINALHEALTH.COM | DISTRIBUTOR FEES | | | | $22,944,066 |
| 9 | ASCENT(PRIME/ESI)<br><br>SCHAFFHAUSEN LIPO PARK, INDUSTRIESTRASSE 2 SCHAFFHAUSEN, 08207, CH | DREW PATTERSON PH: 314-684-7683 DMPATTERSON@EXPRESS-SCRIPTS.COM | DISTRIBUTOR FEES | | | | $17,271,978 |
| 10 | PHARMATOP<br><br>10 SQUARE SAINT FLORENTIN LE CHESNAY, 78150, FR | JULIANNE POWERSPH: 302-636-6705JNPOWERS@WILMINGTONTRUST.COM | CONTRACTCLAIM | | | | $11,533,604 |
| 11 | CVS<br><br>1950 NORTH STEMMONS FREEWAY SUITE 5010 DALLAS, TX, 75207 | KEENAN VAN GERVEN PH: 847-559-3663 KEENAN.VANGERVEN@CVSHEALTH.COM | DISTRIBUTOR FEES | | | | $11,393,341 |
| 12 | 9.50% DEBENTURES ADMINISTRATIVE AGENT: US BANK<br><br>100 WALL ST STE 600 NEW YORK, NY, 10005 | CAROLINE LEE PH: 917-770-4761 CAROLINE.LEE@USBANK.COM | 9.50% DEBENTURES | | | | $10,388,000 |
| 13 | CA DEPT. OF HEALTH SERVICES<br><br>DHCS / PHARMACY BENEFIT DIVISION 1501 CAPITOL AVENUE, MS 4604 SACRAMENTO, CA, 95814 | LINH LE PH: 916-345-8563 LINH.LE1@DHCS.CA.GOV | PAYOR REBATES | | | | $10,174,951 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 14 | BRISTOL MYERS SQUIBB COMPANY 345 PARK AVENUE NEW YORK, NY, 10154 | BRENDAN COUGHLAN PH: N/A BRENDAN.COUGHLAN@BMS.COM | CONTRACT CLAIM | | | | $9,213,724 |
| 15 | NYS DEPARTMENT OF HEALTH, OHIP 15 CORNELL ROAD, SUITE 2201 LATHAM, NY, 12110 | COURTNEY SUTTLES PH: 518-220-3811 SUTTLESC@MAGELLANHEALTH.COM | PAYOR REBATES | | | | $8,873,476 |
| 16 | FRESENIUS KABI BORKENBERG 14 OBERURSEL, 61440, DE | FRANZ KAINZ, PHD PH: +49 (0) 6172 686 4337 FRANZ.KAINZ@FRESENIUS-KABI.COM | CONTRACT CLAIM | | | | $8,785,000 |
| 17 | AGENCY FOR HEALTH CARE ADMINISTRATION 2727 MAHAN DRIVE TALLAHASSEE, FL, 32308 | ANA ARISTIZABAL PH: 850-412-4080 ANA.ARISTIZABAL@AHCA.MYFLORIDA.COM | PAYOR REBATES | | | | $7,161,953 |
| 18 | TEXAS HEALTH & HUMAN SERVICES COMMISSION P.O.BOX 8520; MAIL CODE 2250 4900 N. LAMAR AUSTIN, TX, 78708-5200 | LINDA BRUMBLE PH: 512-428-1996 | PAYOR REBATES | | | | $6,212,151 |
| 19 | MICHIGAN DEPT. OF COMMUNITY HEALTH 320 S. WALNUT, LEWIS CASS BLDG. P.O. BOX 30223 LANSING, MI, 48909 | WAVE HAMILTON PH: 517-241-5511 | PAYOR REBATES | | | | $5,770,063 |
| 20 | AVENTIS PHARMACEUTICALS PRODUCTS, INC. 300 SOMERSET CORPORATE CENTER BRIDGEWATER, NJ, 08807 | DAMIAN JANASEK PH: N/A DAMIAN.JANASEK@SANOFI.COM | CONTRACT CLAIM | | | | $5,765,186 |
| 21 | NC DIVISION OF MEDICAL ASSISTANCE 11013 WEST BROAD STREET, SUITE 500 GLEN ALLEN, VA, 23060 | MAURY ANDERSON PH: 804-548-0336 | PAYOR REBATES | | | | $5,066,967 |
| 22 | 8.00% DEBENTURES ADMINISTRATIVE AGENT: US BANK 100 WALL ST STE 600 NEW YORK, NY, 10005 | CAROLINE LEE PH: 917-770-4761 CAROLINE.LEE@USBANK.COM | 8.00% DEBENTURES | | | | $4,450,000 |
| 23 | ALABAMA MEDICAID AGENCY 301 TECHNACENTER DR MONTGOMERY, AL, 36117 | HEATHER VEGA PH: 334-353-4592 HEATHER.VEGA@MEDICAID.ALABAMA.GOV | PAYOR REBATES | | | | $3,712,093 |
| 24 | PA DEPT. OF HUMAN SERVICES 9TH FLOOR COMMONWEALTH TOWER 303 WALNUT STREET HARRISBURG, PA, 17101 | BRITTANY STARR PH: 717-346-8164 C-BSTARR@PA.GOV | PAYOR REBATES | | | | $3,552,194 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 25 WASHINGTON UNIVERSITY IN ST LOUIS<br>700 ROSEDALE AVENUE<br>SAINT LOUIS, MO, 63112 | JENNIFER LODGE<br>PH: (314) 747-0515<br>LODGEJK@WUSTL.EDU | TRADE VENDOR | | | | $3,347,650 |
| 26 LOUISIANA DEPART. OF HEALTH & HOSPITALS<br>15 CORNELL ROAD, SUITE 2201<br>LATHAM, NY, 12110 | DAVID HASSOUN<br>PH: 518-220-3879<br>HASSOUND@MAGELLANHEALTH.COM | PAYOR REBATES | | | | $2,934,038 |
| 27 HUMANA<br>500 WEST MAIN ST<br>LOUISVILLE, KY, 40202 | LEE GROVES<br>PH: 502-580-9792<br>LGROVES@HUMANA.COM | DISTRIBUTOR FEES | | | | $2,545,909 |
| 28 EASTMAN CHEMICAL FINANCIAL CORPORATION<br>PO BOX 75794<br>CHARLOTTE, NC, 28275 | JUSTIN HECHT<br>PH: 423-707-4988<br>JHECHT@EASTMAN.COM | TRADE VENDOR | | | | $2,393,508 |
| 29 STATE OF TENNESSEE - TENNCARE<br>310 GREAT CIRCLE ROAD<br>NASHVILLE, TN, 37228 | TONI CHAVIS<br>PH: 615-507-6363<br>TONI.CHAVIS@TN.GOV | PAYOR REBATES | | | | $2,365,741 |
| 30 MISSISSIPPI DIVISION OF MEDICAID<br>385B HIGHLAND COLONY PARKWAY SUITE 300<br>RIDGELAND, MS, 39157 | KATHERINE THOMAS<br>PH: 601-206-2900<br>KATHERINE.THOMAS@CONDUENT.COM | PAYOR REBATES | | | | $2,254,491 |
| 31 OHIO DEPARTMENT OF JOBS & FAMILY SVCS<br>45 COMMERCE DRIVE, SUITE 5<br>AUGUSTA, ME, 4332 | SHARI MARTIN<br>PH: 207-622-7153<br>SMARTIN@CHANGEHEALTHCARE.COM | PAYOR REBATES | | | | $2,232,679 |
| 32 WALGREENS<br>1417 LAKE COOK RD MS L264<br>DEERFIELD, IL, 60015 | ZACH MIKULAK<br>PH: 847-964-4058<br>ZACHARY.MIKULAK@WALGREENS.COM | DISTRIBUTOR FEES | | | | $2,079,000 |
| 33 PRIME<br>1305 CORPORATE CENTER DR<br>EAGAN, MN, 55121 | PATRICK MCCAW<br>PH: 612-777-5897<br>PATRICK.MCCAW@PRIMETHERAPEUTICS.COM | DISTRIBUTOR FEES | | | | $2,007,382 |
| 34 GEORGIA DEPT OF COMMUNITY HEALTH<br>11013 WEST BROAD STREET, SUITE 500<br>GLEN ALLEN, VA, 23060 | HEATHER BROWN<br>PH: 804-508-0366<br>HMBROWN1@MAGELLANHEALTH.COM | PAYOR REBATES | | | | $1,989,153 |
| 35 ARIZONA - AHCCCS<br>11013 WEST BROAD STREET, SUITE 100<br>GLEN ALLEN, VA, 23060 | MAURY ANDERSON<br>PH: 804-548-0336<br>MBDANIELS@MAGELLANHEALTH.COM | PAYOR REBATES | | | | $1,961,628 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 36 | PHARMACEUTICAL PRODUCT DEVELOPMENT INC<br>26361 NETWORK PLACE<br>CHICAGO, IL, 60673 | JOE PANEGASSER<br>PH: 913-233 6736<br>JOSEPH.PANEGASSER@PPDI.COM | TRADE VENDOR | | | | $1,952,372 |
| 37 | EMERGENT BIOSOLUTIONS INC<br>1111 SOUTH PACA ST<br>BALTIMORE, MD, 21230 | JON LENIHAN<br>PH: 857-654-3530<br>LENIHANJ@EBSI.COM | TRADE VENDOR | | | | $1,769,513 |
| 38 | SC DEPARTMENT OF HEALTH & HUMAN SERVICES<br>11013 W. BROAD ST., SUITE 500<br>GLEN ALLEN, VA, 23060 | JOHN COX<br>PH: 804-548-0344<br>JDCOX1@MAGELLANHEALTH.COM | PAYOR REBATES | | | | $1,767,897 |
| 39 | PATHEON<br>5900 MARTIN LUTHER KING JR HWY<br>GREENVILLE, NC, 27834 | TEGAN SMITH<br>PH: +44 7469159201<br>TEGAN.SMITH@THERMOFISHER.COM | TRADE VENDOR | | | | $1,730,062 |
| 40 | MISSOURI DEPARTMENT OF SOCIAL SERVICES DIVISION OF MEDICAL SERVICES<br>P.O. BOX 6500<br>615 HOWERTON COURT<br>JEFFERSON CITY, MO, 65102-6500 | REBATE CONTACT FOR DRUG REBATE PROGRAM<br>PH: 573-526-5664 | PAYOR REBATES | | | | $1,713,414 |
| 41 | IQVIA<br>23 COBHAM DR<br>ORCHARD PARK, NY, 14127 | MARK HENDRICKS<br>PH: 619-208-2566<br>MARK.HENDRICKS@IQVIA.COM | TRADE VENDOR | | | | $1,658,160 |
| 42 | WI DIVISION OF HEALTHCARE ACCESS DRUG REBATE - CASH UNIT<br>313 BLETTNER BLVD<br>MADISON, WI, 53784 | JODI HETTINGA<br>PH: 608-224-6681<br>JODI.HETTINGA@WISCONSIN.GOV | PAYOR REBATES | | | | $1,489,760 |
| 43 | IL DEPT OF HEALTHCARE & FAMILY SERVICES<br>201 S. GRAND AVENUE EAST - 2ND FLOOR<br>SPRINGFIELD, IL, 62763-0002 | BRADLEY WALLNER<br>PH: 217-524-7161<br>BRAD.WALLNER@ILLINOIS.GOV | PAYOR REBATES | | | | $1,474,414 |
| 44 | KAISER<br>300 PULLMAN ST<br>LIVERMORE, CA, 94551 | WINNIE NG<br>PH: 925-294-7212<br>WINNIE.NG@KP.ORG | DISTRIBUTOR FEES | | | | $1,444,760 |
| 45 | UNITED BIOSOURCE CORPORATION<br>PO BOX 75828<br>BALTIMORE, MD, 21275 | BRETT HUSELTON<br>PH: 484-744-1666<br>BRETT.HUSELTON@UBC.COM | TRADE VENDOR | | | | $1,437,854 |
| 46 | NV DIV. HEALTH CARE FINANCING & POLICY<br>1100 E. WILLIAM STREET<br>CARSON CITY, NV, 89701 | IAN KNIGHT<br>PH: 775-684-3775<br>I.KNIGHT@DHCFP.NV.GOV | PAYOR REBATES | | | | $1,426,871 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 47 VA DEPT OF MEDICAL ASSISTANCE SERVICES 11013 WEST BROAD STREET GLEN ALLEN, VA, 23060 | MAURY ANDERSON PH: 804-548-0336 MBDANIELS@MAGELLANHEALTH.COM | PAYOR REBATES | | | | $1,349,789 |
| 48 WOLSELEY INDUSTRIAL GROUP PO BOX 100286 ATLANTA, GA, 30384 | ANGELA CHAPA PH: 317-408-9160 ANGELA.CHAPA@WOLSELEYIND.COM | TRADE VENDOR | | | | $1,282,328 |
| 49 CATALENT PHARMA SOLUTIONS 25108 NETWORK PLACE CHICAGO, IL, 60673 | MARY LEE SCHIESZ PH: 732-354-2989 MARYLEE.SCHIESZ@CATALENT.COM | TRADE VENDOR | | | | $1,226,572 |
| 50 DISTRICT OF COLUMBIA 750 FIRST STREET, N.E., SUITE 1020 WASHINGTON, DC, 20002 | BARRY POPE PH: 202-906-8353 BARRY.POPE@CONDUENT.COM | PAYOR REBATES | | | | $1,204,380 |

Fill in this information to identify the case and this filing:

Debtor Name <u>Mallinckrodt plc</u>

United States Bankruptcy Court for the: <u>District of Delaware</u>
(State)

Case number (*If known*):_____

<u>Official Form 202</u>

# Declaration Under Penalty of Perjury for Non-Individual Debtors

**12/15**

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ *Amended Schedule _____*

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ *Other document that requires a declaration* <u>Corporate Ownership Statement; List of Equity Security Holders</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>10/12/2020</u>
MM / DD / YYYY

✗ <u>/s/ Bryan M. Reasons</u>
Signature of individual signing on behalf of debtor

<u>Bryan M. Reasons</u>
Printed name

<u>Executive Vice President and Chief Financial Officer</u>
Position or relationship to debtor