IN THE UNITED STATES BANKRUTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | CHAPTER 11 |
| **MALLINCKRODT PLC. Et al** | **Case No. 20-12522** |
| Debtors | **Before the honorable** |
| **MALLINCKRODT PLC. Et al** | **Judge JOHN T. DORSEY** |
| Plaintiffs, | |
| v. | |
| **STATE OF CONNECTICUT, et al.,** | |
| Defendants | |

FILED 2020 NOV -3 AM 8:52 CLERK US BANKRUPTCY COURT DISTRICT OF DELAWARE

### Request to protect shareholders and file objection to the requested plan regarding the elimination of the common stock with no recovery to the shareholders

As a Mallincrodt shareholder, I hope to get an equity committee in place and every stone turned in said case to conform with our rights. Otherwise, I believe, it contradicts with the very foundation of the stock market. That shareholders should be able to trust that the Board of Directors (BoD) is serving their interest and not working against them.

I have been warned with the risk of Ch 11 several times and over a long period, and I'll accept the filing of Ch 11, if actions of Mallincrodt BoD have been done in good faith and competently, while being compliant with the legal rights and interest of the shareholders. However, this appears not to be the case. Why?

Because BoD has designed a plan that will reward them with more than 150 million USD if they succeed by emerging from Ch 11 Bankruptcy. You can speculate in the background why this reward has been created. But a financial reward of this magnitude, would obviously motivate BoD to work against the interest of the shareholders and steer the company into Ch 11, even if there could be other viable alternatives.

For the same reason, I have no trust in BoD and the RSA put forward. In the legal interest of shareholders, the RSA should thus be scrutinized with an equity committee as a representative on our behalf.

Furthermore, I believe shareholders should have a fair share of Mallincrodt if the company emerge from Ch 11.

Why?

Mallincrodt was one of the first companies to settle with Opioid plaintiffs. And to accept a liability that is very big in comparison to the value of the company in any way you measure it.

This case could serve as an example that shareholders can still remain in the new, emerged company, if Ch 11 is successful. Otherwise, filing for a voluntary Ch 11 will not make sense if there is still a fair chance the company can recover without. And Mallincrodt seems to be able to recover without Ch 11 as it is:

profitable and solvent

has managed to reduce debt significantly in recent years

has a strong balance sheet (assets vs. liabilities)

strong R&D pipeline of products

150 years of history and experience

Finally, do BoD deserve a financial reward if the Mallincrodt emerges from Ch 11? No. I believe they have already been provided for with a significant retention bonus. And this is a BoD and Management that can only be regarded as a failure in every way you look at it. They have been responsible for the loss of great value in the company while they have served. As an example, the share price has since 2015, gradually sinked to the very bottom.

Respectfully,

Mr. Alex Wounlund

Citizen and residence: Denmark

Current number of shares in Mallincrodt: 46.018

Profession: Key Account Manager, It services

Age: 49