IN THE UNITED STATES BANKRUTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | CHAPTER 11 |
| **MALLINCKRODT PLC. Et al** | **Case No. 20-12522** |
| Debtors | **Before the honorable** |
| **MALLINCKRODT PLC. Et al** | **Judge JOHN T. DORSEY** |
| Plaintiffs, | |
| v. | |
| **STATE OF CONNECTICUT, et al.,** | |
| Defendants | |

### Motion of proof of interest, objection to the requested plan regarding the elimination of the common stock with no recovery to the shareholders, and Appointment of a Case Trustee

I have read the letters of response of the shareholders Mr. Amit Arad and Mr. James Parker, and I would like to join their opinions, in addition to claiming as follows:

1. As a shareholder of the company I have an interest in the recovery plan requested by the company, because it contains deleting of the exiting shares without proper or any compensation. I honestly believe that my interest represents all the shareholders of the company.

2. In the reasons for the request, the petitioner mainly details the difficulties that await the company if the plan is not approved because of the **many lawsuits filed against it.**

3. However, under the plan, the plaintiffs receive an answer that is not at all related to the write-off of the existing share capital. In fact, the only stakeholders who will benefit from the delisting of the existing share capital are the management and The **Guaranteed Unsecured Notes** as defined in the petition to whom the company's debt amount is approximately $ 1.2 billion, and who will receive the 90% of the new share capital of the company instead of about $ 825 million (since another 375 million will be issued as new secured notes).

4. According to the plan, the management and key employees, who are responsible for the situation of the company, rather scandalously, will receive, 10% of the new share capital of the company.

5. It should be noted that the insider shareholders previously held only 1.7% of the company's share capital; so that they are in fact doubling their holdings more than 5 times as part of the bankruptcy plan! Moreover, just a few months ago, these executives received $ 5 million in compensation from the company, in preparation for bankruptcy proceedings.

6. Not only that, the management seems to have chosen the easy solution, without meeting the burden of proving that there is no other way to recover the company, such as by raising capital or loans, and without deleting the existing share capital.

7. The requested plan is actually being done on the back of existing shareholders from the general public, who supposed to lose all their holdings, some a result of life saving, thus the shareholders will be disproportionately and unfairly harmed by the plan.

8. There is also big issue of the evaluation of the company according to it the allocation of the new stocks will be divided 90% to the Guaranteed Unsecured Notes and 10% to the management, and the shareholders are claiming that because of the Conflict of interest of the management, this evaluation must be done by an independent external expert to be nominated by the court.

9. Given the above, we the shareholders claim that there is a real concern that the management of the petitioner isn't acting in good faith and even abuses the voluntary bankruptcy process.

10. Therefore, The Honorable Judge is humbly requested not to approve the proposed plan as it is, and to require the petitioner to amend it, or to appoint a Case Trustee that will examine the requested plan and will propose the necessity chances, in order that the public interest of protecting the shareholders from the public will also be taken into account under the plan.

Sincerely,

Alexander Koch

*A. Koch*

Jakob-Kaiser-Str. 14A Osnabrueck 49088, Germany

Tel. +49 15233562901    Email: alex.koch59@gmail.com

ALEXANDER KOCH
JAKOB-KAISER-STR. 14A
49088 OSNABRUECK
GERMANY