## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MALLINCKRODT PLC, *et al.*, | ) Case No. 20-12522 (JTD) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |
| | ) **Obj. Deadline: Nov. 30, 2020 at 4:00 p.m. (ET)** |
| | ) **Hearing Date: Dec. 7, 2020 at 10:00 a.m. (ET)** |

### APPLICATION OF DEBTORS FOR AUTHORITY TO RETAIN AND EMPLOY HOGAN LOVELLS US LLP AS SPECIAL COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

The above-captioned debtors and debtors in possession in these proceedings (collectively, the "*Debtors*," the "**Company**" or "**Mallinckrodt**") hereby represent in support of this application (this "**Application**"):

### Jurisdiction and Venue

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference,* dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1]   A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.primeclerk.com/Mallinckrodt. The debtors' mailing address is 675 McDonnell Blvd., St. Louis, Missouri 63042.

## Background

1.      On October 12, 2020 (the "***Petition Date***"), the Debtors filed voluntary petitions in this Court commencing cases for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532  (the "***Bankruptcy Code***").  The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code. On October 27, 2020, the Office of the United States Trustee for the District of Delaware (the "***U.S. Trustee***") appointed an official committee of unsecured creditors (the "***Creditors Committee***") and an official committee of opioid related claimants (the "***Opioid Claimants Committee***") in these chapter 11 cases.  No trustee or examiner has been requested in these cases.

2.      The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the *Declaration of Stephen A. Welch, Chief Transformation Officer, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 128] (the "***First Day Declaration***"), filed on the Petition Date, which is fully incorporated herein by reference.

## Relief Requested

3.      By this Application, pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the  District of Delaware (the "**Local Rules**"), the Debtors request authority to retain and employ Hogan Lovells US LLP ("**Hogan Lovells**") as special counsel to the Debtors for the matters described herein, effective *nunc pro tunc* to the Petition Date.

4.      A proposed form of order granting the relief requested in this Application is attached hereto as **Exhibit A** (the "**Proposed Order**").

5.      In support of the relief requested herein, the Debtors submit the (a) *Declaration of E. Desmond Hogan in Support of Application of Debtors for Authority to Retain and Employ Hogan Lovells US LLP as Special Counsel to the Debtors Nunc Pro Tunc to the Petition Date* (the "**Hogan Declaration**"), attached hereto as **Exhibit B** and (b) the declaration of Stephen A. Welch in support of the Application, a copy of which is attached hereto as **Exhibit C** (the "***Welch Declaration***") and incorporated herein.

## Hogan Lovells' Qualifications

6.      For the past twenty years, Hogan Lovells has provided legal services to the Debtors, specifically in connection with federal price reporting, investigations, and litigation matters.  Since May 2019, Hogan Lovells has served as counsel with respect to a number of investigation and litigation matters described below, as well as ongoing regulatory matters (the "**Hogan Lovells Services**") to the Debtors (inclusive of their predecessor entities)..  As a result of its prepetition representation of the Debtors, led by E. Desmond Hogan and Alice Valder Curran, Hogan Lovells has acquired familiarity with the Debtors' operations generally, as well as in-depth knowledge of the facts and circumstances specific to the ongoing Hogan Lovells Services.  The Debtors submit that favorable outcomes with respect to the Hogan Lovells Services are critical to the Debtors' continued ability to operate in a highly-regulated environment, and ultimately to the success of these chapter 11 cases.

7.      In addition to their familiarity with their operations and the ongoing matters, the Debtors also have selected Hogan Lovells as their counsel because of the Firm's extensive general experience in and knowledge of the pharmaceutical industry, as well as Hogan Lovells' recognized expertise in the field of regulatory defense, criminal investigations, Congressional investigations, and litigation involving state and federal government entities.  The professionals who will be primarily responsible for this engagement have advised clients with respect to regulatory approval

3

and compliance, managing Executive Branch investigations and related litigation, Congressional investigations, and risk assessment. Thus, Hogan Lovells is uniquely qualified to represent the Debtors with respect to the Hogan Lovells Services.

8.      More generally, Hogan Lovells is a global law firm with more than 2,600 lawyers in 47 offices around the world.  Hogan Lovells has substantial experience advising and representing other pharmaceutical companies in practice areas ranging from corporate law, mergers and acquisitions, capital markets, privacy, tax, restructuring and commercial litigation. Hogan Lovells' clients in the pharmaceutical industry include, many of the world's largest branded and generic pharmaceutical companies, both here in the U.S. and around the globe. In light of the foregoing, the Debtors submit that the interruption and duplicative cost involved in obtaining substitute counsel to replace Hogan Lovells would be disruptive and harmful to the Debtors and, as a result the chapter 11 cases.  Substitute counsel would require substantial time (and the incurrence of potentially significant estate expense) in order to familiarize itself with the Debtors, their operations, and the facts pertinent to the Hogan Lovells Services.

9.      In light of the foregoing, Hogan Lovells is well qualified and uniquely able to represent the Debtors as special counsel pursuant to section 327(e) of the Bankruptcy Code, and Hogan Lovells' retention would be in the best interest of the Debtors' estates, creditors, and other parties in interest.

## Scope of Services

10.      The Services to be performed by Hogan Lovells are appropriate and necessary to enable the Debtors to address their regulatory affairs and defend against ongoing investigations and litigations.  Subject to further order of this Court, it is proposed that Hogan Lovells be employed to render the following services:

4

a. advising and representing the Debtors generally in connection with ongoing investigations and potential enforcement activity conducted by the Securities Exchange Commission, States Attorneys General, the Department of Justice, Offices of Inspector General, and other investigatory bodies relating to Acthar or their pharmaceuticals businesses,[2] including but not limited to performing legal and factual due diligence, analyzing documents, conducting interviews, formalizing responses to inquiries from these agencies, and assisting the Debtors with respect to settlement agreements;

b. advising and representing the Debtors in connection with Congressional investigations relating to Acthar or their pharmaceuticals businesses, including but not limited to performing legal and factual due diligence, analyzing documents, preparing responses to Congressional committees, and preparing any witnesses called to testify before Congress;

c. advising and representing the Debtors in litigation matters relating to Acthar or their pharmaceuticals businesses, including but not limited to performing legal and factual due diligence, conducting discovery, motions practice, preparing for mediation or trial, assisting the Debtors with respect to settlement agreements and, if necessary, conducting trial;

d. providing general regulatory advice to the Debtors relating to their pharmaceutical businesses; and

e. performing all other necessary legal services in connection with the foregoing; *provided, however,* that to the extent Hogan Lovells determines that such services fall outside of the scope of the services historically or generally performed by Hogan Lovells as special regulatory counsel, Hogan Lovells will file a supplemental declaration

11. It is necessary for the Debtors to employ attorneys to render the foregoing professional services. Hogan Lovells has stated its desire and willingness to act in these matters and render the necessary professional services for the Debtors. While the Debtors believe Hogan Lovells would otherwise qualify as an ordinary course professional under the *Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business* [D.I. 474]

---

[2] H.P. Acthar® Gel (repository corticotropin injection) is an injectable drug approved by the FDA for the treatment of 19 indications. *See* https://www.mallinckrodt.com/about/acthar/

(the "*OCP Order*"), Hogan Lovells expects to incur fees and expenses in excess of the caps provided in the OCP Order.  Therefore, the Debtors seek to retain Hogan Lovells pursuant to this Application.

## Hogan Lovells' Disclosures

12.    To the best of the Debtors' knowledge, information, and belief, the partners of, counsel to, and associates of Hogan Lovells do not have any connection with or any interest adverse to the Debtors, their creditors, or any other party in interest with respect to the Hogan Lovells Services.  In addition, to the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Hogan Declaration, Hogan Lovells neither holds nor represents any interest that is materially adverse to the Debtors' estates in connection with any of the Hogan Lovells Services for which Hogan Lovells will be employed.

13.    Based upon the information set forth in the Hogan Declaration, Hogan Lovells is therefore qualified to serve as special regulatory counsel to the Debtors.  *See Mee's Pierson Inc. v. Strategic Telecom, Inc.,* 202 B.R. 845, 847 (Bankr. D. Del. 1996) (recognizing that pursuant to Section 327(e) of the Bankruptcy Code, an attorney who holds or represents an adverse interest may act as special counsel to debtor under the statutory exception to disinterestedness rule only if the attorney has already represented debtor, if the attorney is employed for a special specific purpose approved by bankruptcy court, if the attorney's appointment is in best interests of estate, and if the attorney has no conflict of interest concerning the matter at hand).

14.    The Debtors have been informed that Hogan Lovells will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise.  If any new facts or relationships are discovered, Hogan Lovells will supplement the Hogan Declaration with such facts or circumstances that require additional disclosure.

6

## Hogan Lovells' Compensation

15.    As set forth in the Hogan Declaration, for the 90 days prior to the Petition Date, Hogan Lovells received payments and advance fee retainers in the amount of $3,480,314.76 for professional services performed and to be performed, and expenses incurred and to be incurred, in connection with the Hogan Lovells Services.  $1,325,000 of this amount was received on and after August 24, 2020 in the form of an advance fee retainer (the "**Advance Fee Retainer**").[3] The remainder was paid in connection with invoices submitted to the Debtors by Hogan Lovells.

16.    As of the Petition Date, Hogan Lovells had applied $312,305.45 of the Advance Fee Retainer against the actual fees, charges and disbursements it had incurred in August 2020. After the Petition Date, on October 28-29, 2020, Hogan Lovells issued billing statements for the actual fees, charges and disbursements the Debtors incurred in September 2020 (the "**September Invoice**") and expects to issue a billing statement for actual fees, charges and disbursements incurred between October 1 and October 11, 2020, in early November 2020 (the "**October Invoice**").  Hogan Lovells intends to apply the Advance Fee Retainer to the September Invoice and the October Invoice upon approval of this Application, at which point Hogan Lovells believes approximately $244,696.04 of the Advance Fee Retainer will remain outstanding (the "**Remaining Advance Fee Retainer**").[4]  The Remaining Advance Fee Retainer will be held as a postpetition advance payment to be applied against any unpaid fees and expenses approved by the Court with respect to Hogan Lovells' final fee application in these chapter 11 cases.

---

[3]    To that end, prior to the Petition Date, Hogan Lovells received payments of $425,000, $250,000, $375,000 and $275,000 on or about August 24, 2020, September 3, 2020, September 22, 2020 and October 8, 2020, respectively, as advance fees for services to be rendered and expenses to be incurred in connection with Hogan Lovells' representation of the Debtors.  These payments collectively comprise the Advance Fee Retainer.

[4]    Hogan Lovells will provide a final accounting of the Remaining Advance Fee Retainer upon submission of its first interim fee application.

17.     The Debtors understand and have agreed that Hogan Lovells hereafter will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013, and any further orders of this Court for all professional services performed and expenses incurred after the Petition Date.

18.     Subject to the provisions of the foregoing statutes, rules and orders, the Debtors propose to compensate Hogan Lovells for services rendered at the hourly rates in effect from time to time, as set forth in the Hogan Declaration, and to reimburse Hogan Lovells according to its customary reimbursement policies.  The Debtors respectfully submit that Hogan Lovells' rates and policies stated in the Hogan Declaration are reasonable, particularly given the nature of the Hogan Lovells Services and their potential impact on these chapter 11 cases.

19.     To the best of the Debtors' knowledge, neither Hogan Lovells nor any partner or associate thereof, has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with the Debtors' chapter 11 cases, other than as permitted by the Bankruptcy Code. Hogan Lovells has agreed not to share compensation received in connection with the Debtors' chapter 11 cases with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016(b) in respect of sharing of compensation among Hogan Lovells' partners.

## No Duplication of Services

20.     In addition to this Application, the Debtors have filed, or expect to file shortly, applications to employ: *Application of Debtors for Entry of an order Authorizing the Employment and Retention of AlixPartners, LLP as Financial Advisor for the Debtors Nunc Pro Tunc to the*

8

*Petition Date* [D.I. 371]; *Application of the Debtors to Employ and Retain Richards, Layton & Finger, P.A. as Co-Counsel to the Debtors, Nunc Pro Tunc to the Petition Date* [D.I. 379]; *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Ropes & Gray LLP as Special Litigation Counsel to the Debtors as of the Petition Date* [D.I. 380]; *Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Katten Muchin Rosenman LLP as Counsel to the Specialty Generics Debtors, at the Sole Direction of the Disinterested Managers, Effective Nunc Pro Tunc to the Petition Date* [D.I. 381]; *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Wachtell, Lipton, Rosen & Katz as Co-Counsel for the Debtors and Debtors in Possession Effective as of the Petition Date* [D.I. 382]; *Debtors' Application of an Order, Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code, Authorizing the Retention and Employment of Guggenheim Securities, LLC as Investment Banker for the Debtors and Debtors-in-Possession Effective as of the Petition Date, and Modifying Certain Time-Keeping Requirements* [D.I. 383]; and *Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Latham & Watkins LLP as Bankruptcy Counsel Nunc Pro Tunc to the Petition Date* [D.I. 384]. The Debtors may also file applications to employ additional professionals. Rather than resulting in any extra expense to the Debtors' estates, it is anticipated that the efficient coordination of efforts of the Debtors' attorneys and other professionals will greatly add to the progress and effective administration of these chapter 11 cases.

21. As described in the Hogan Declaration, Hogan Lovells will only advise the Debtors with respect to the Hogan Lovells Services. Further, Hogan Lovells intends to monitor and, to the extent necessary, coordinate with professionals in these chapter 11 cases to ensure a clear delineation of each firm's respective roles in connection with representation of the Debtors in these

chapter 11 cases to prevent duplication of services and ensure the cases are administered in the most efficient fashion possible.

## The Relief Requested Should Be Granted

22.    Section 327(e) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ, for a specified special purpose, other than to represent the [debtor in possession] in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

23.    Bankruptcy Rule 2014 requires that applications for retention of professionals include, among other things:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm]'s connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

24.    In light of the size and complexity of these chapter 11 cases, the Debtors respectfully submit that retaining and employing Hogan Lovells pursuant to the terms of this Application and the Hogan Declaration is necessary and in the best interests of the Debtors' estates and all parties in interest in these chapter 11 cases. As set forth in the Hogan Declaration, Hogan Lovells has provided the Hogan Lovells Services to the Debtors since May 2019 and has represented the Debtors in other significant matters for many years before that. As a result, Hogan Lovells has extensive, in-depth knowledge of the Debtors' business and the claims and issues being

10

pursued against the Debtors. The Hogan Lovells Services will not overlap, but rather will complement, the services to be provided by the Debtors' general bankruptcy counsel, Latham & Watkins LLP. Hogan Lovells has also represented to the Debtors that it neither holds nor represents any interest that is materially adverse to the Debtors' estates in connection with any matter for which it will be employed.

### *Nunc Pro Tunc* Relief is Warranted

25.     The Debtors believe that the employment of Hogan Lovells effective *nunc pro tunc* to the Petition Date is warranted under the circumstances of these chapter 11 cases so that Hogan Lovells may be compensated for its services prior to entry of an order approving Hogan Lovells' retention. Further, the Debtors believe that no party-in-interest will be prejudiced by the granting of the *nunc pro tunc* employment because Hogan Lovells has provided, and will continue to provide, valuable services to the Debtors' estates in the interim period.

### Notice and No Prior Request

26.     Notice of this Application will be given to: (a) the United States Trustee for the District of Delaware; (b) counsel to the ad hoc group of the Debtors' prepetition secured lenders; (c) the agent under the Debtors' secured term and revolving financing facilities; (d) counsel to the ad hoc group of holders of the Debtors' unsecured notes; (e) the indenture trustees for the Debtors' outstanding notes; (f) counsel to the ad hoc group of private opioid plaintiffs; (g) counsel to the ad hoc group of governmental entities holding opioid claims; (h) counsel to the Creditors' Committee; (i) counsel to the Opioids Claimants Committee; (j) the United States Attorney's Office for the District of Delaware; (k) the attorneys general for all 50 states and the District of Columbia; (l) the United States Department of Justice; (m) the Internal Revenue Service; (n) the Securities and Exchange Commission; (o) the United States Drug Enforcement Agency; (p) the United States Food and Drug Administration; (q) the Debtors' non-U.S. customers, suppliers, and other

11

stakeholders; (r) the Non-Debtor Global Affiliates' non-U.S. customers, suppliers, and other stakeholders; and (s) all parties entitled to notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, under the circumstances, no other or further notice is required.

27.    A copy of this Application is available from (a) the Court's website, www.deb.uscourts.gov, and (b) the website maintained by the Debtors' claims and noticing agent, Prime Clerk, LLC at http://restructuring.primeclerk.com/Mallinckrodt.

28.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request entry of the Proposed Order and such other and further relief as is just.

Dated: November 11, 2020
Hazelwood, Missouri

Mallinckrodt plc
(on behalf of itself and the other Debtors)

_/s/ Stephen A. Welch_____
Name: Stephen A. Welch
Title: Chief Transformation Officer