IN THE UNITED STATES BANKRUTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | CHAPTER 11 |
| **MALLINCKRODT PLC. Et al** | **Case No. 20-12522** |
| Debtors | **Before the honorable** |
| **MALLINCKRODT PLC. Et al** | **Judge JOHN T. DORSEY** |
| Plaintiffs, | |
| v. | |
| **STATE OF CONNECTICUT, et al.,** | |
| Defendants | |

### Request to protect shareholders and file objection to the requested plan regarding the elimination of the common stock with no recovery to the shareholders

I have read the application of the shareholder Mr. Amit Arad, and I would like to join his opinion, in addition to claiming as follows:

1. In the reasons for the request, the petitioner details the difficulties that await her if the plan is not approved and the petitioner will have to continue with legal proceedings against the many lawsuits filed against her.

2. However, under the plan, the plaintiffs receive an answer that is not at all related to the write-off of the existing share capital. In fact, the only stakeholders who will benefit from the delisting of the existing share capital are of only one type: The **Guaranteed Unsecured Notes** as defined in the petition to whom the company's debt amount is approximately $ 1.2 billion, and who will receive the full new share capital of the company instead of about $ 825 million (since another 375 million will be issued as new secured notes).

3. More precisely the **Guaranteed Unsecured Notes** will not be the only ones, since rather scandalously, the management and key employees, who are responsible for the situation of the company, will also receive 10% of the new share capital of the company.

4. Thus, according to the requested plan, most of the stakeholders benefit from the plan, and especially the board members who receive (or rather give themselves) 10% of the new share capital of the reinforced company. It should be noted that the insider shareholders previously held only 1.7% of the company's share capital; so that they are in fact doubling their holdings more than 5 times as part of the bankruptcy plan! Moreover, just a few months ago, these executives received $ 5 million in compensation from the company, in preparation for bankruptcy proceedings.

5. All this is done on the back of existing shareholders from the general public, whose voice is apparently not heard in court and they have no right to vote on the plan.

6. But of course this is not the case because the undersigned shareholders, on behalf of all the shareholders of the company who are the general public from all over the world and therefore represent the public interest, hereby ask the Honorable Judge to protect them.

7. The law permits the court to confirm a plan that has not been accepted by all classes if the plan is fair and equitable to and does not discriminate unfairly against the non-accepting class. But in this case it seems that the management of the petitioner, who decided to take the company to a bankruptcy procedure for its benefit (or shall we say for the management' own benefit), isn't acting in good faith and does not prove that there is no better alternative that would not harm the shareholders, thus abuses the voluntary bankruptcy process.

8. Therefore, those who will be disproportionately and unfairly harmed by the plan are the shareholders, the vast majority of whom are held by the public or institutions representing the public. In the said circumstances of recovery procedure that is not accompanied by complete liquidation this is a disproportionate and unjustifiable step towards the shareholders.

9. The Honorable Judge is therefore requested not to approve the proposed plan as it is, and to require the petitioner to amend it, in such a way that the public interest of protecting the shareholders from the public will also be taken into account under the plan.

    18 October 2020
    Sincerely,
    Giuliano Carnevali,

Via Aurelia d'Este, 30
42018 San Martino in Rio (RE)
ITALY
Email: giuliano.carnevali73@gmail.com