# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>MALLINCKRODT PLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-12522 (JTD)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 8, 211 & 241** |

**FINAL ORDER AUTHORIZING THE DEBTORS TO
(A) PAY CERTAIN EMPLOYEE COMPENSATION AND BENEFITS,
(B) MAINTAIN AND CONTINUE SUCH BENEFITS AND OTHER EMPLOYEE-
RELATED PROGRAMS, (C) PAY PREPETITION CLAIMS OF CONTRACTED
LABOR, AND (D) GRANTING RELIEF FROM AUTOMATIC STAY WITH RESPECT
TO WORKERS' COMPENSATION CLAIMS**

Upon the motion (the "*Motion*")[2] of the Debtors for a final order (this "*Final Order*") authorizing the Debtors to (a) pay certain employee and compensation benefits, (b) maintain and continue such benefits and other employee-related programs, (c) pay prepetition claims of contracted labor, and (d) modify the automatic stay with respect to Workers' Compensation Claims (as defined herein); and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.primeclerk.com/Mallinckrodt. The debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

RLF1 24311141v.1

of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and the Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and a hearing having been held, if necessary, to consider the relief requested in the Motion (the "*Hearing*"); and upon the Welch Declaration and the record of the Hearing and all the proceedings before the Court; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized but not directed, in their discretion and business judgment, to (a) pay or otherwise honor all Prepetition Employee Obligations and Prepetition Contracted Labor Obligations (including: (i) the Independent Directors' Compensation, *provided that* any discretionary payments to the Independent Managers pursuant to the Management Agreements are subject to the prior approval of the United States Trustee (the "*UST*"), the official committee of unsecured creditors appointed in these chapter 11 bankruptcy cases (the "*UCC*"), and the official committee of opioid claimants appointed in these chapter 11 cases (the "*OCC*," and together with the UCC, the "*Committees*") and with prior notice to the ad hoc group of the Debtors' noteholders (the "*Unsecured Notes Ad Hoc Group*") and the ad hoc committee of governmental opioid litigation claimants (the "*Governmental Plaintiff Ad Hoc Committee*"); (ii) any severance obligations; (iii) all Non-Insider Retention Programs; and (iv) all non-Insider Employee Incentive Programs, including, but not limited to, payments to non-Insiders under the KEIP, *provided that* when the Debtors establish the annual metrics and measurements with respect

to the non-Insiders under the KEIP, the Debtors shall provide the UST, the Committees, the Governmental Plaintiff Ad Hoc Committee, and the Unsecured Notes Ad Hoc Group with prior written notice of such annual metrics and measurements together with any supporting information related to the same, and the UST, the Committees, the Governmental Plaintiff Ad Hoc Committee, and the Unsecured Notes Ad Hoc Group shall have 10 business days to provide written notice to the Debtors of any objection thereto, which objection, if unresolved, shall be resolved by the Court through the filing of a motion by the Debtors, and a hearing upon proper notice with the opportunity to object open to all parties; and if no objection is timely raised or all timely objections are resolved, the non-Insider KEIP shall become effective without further order of the Court); *provided that* the Debtors are not authorized to pay any prepetition or postpetition bonus, severance, or retention obligations to any Insider absent further order of the Court, and to the extent that any Employee who participates in the Non-Insider Retention Programs or non-Insider Employee Incentive Programs is later determined by the Debtors or by this Court to be an Insider, such Employee will no longer be eligible to participate in any such programs absent further order from the Court; *provided further*, *however*, that nothing in this order shall impact the respective rights of the parties under the Restructuring Support Agreement; (b) honor and continue their programs, policies, and practices with respect to the Prepetition Employee Obligations and Prepetition Contracted Labor Obligations that were in effect as of the Petition Date, in the ordinary course of business, and in the same manner and on the same basis as the Debtors honored and continued such programs, policies, and practices before the Petition Date (including, for the avoidance of doubt, any Employee Incentive Programs); (c) withhold all foreign, federal, state, and local taxes relating to the Employee Compensation Obligations and Employee Benefit Obligations as required by applicable law.

3. For the avoidance of doubt, to the extent that any member of the Debtors' Workforce is determined by a final order of this Court or any court of competent jurisdiction to have: (a) knowingly participated in any criminal misconduct in connection with his or her employment with the Debtors or (b) been aware, other than from public sources, of acts or omissions of others that such member knew at the time were fraudulent or criminal with respect to the Debtors' commercial practices in connection with the sale of opioids and failed to report such fraudulent or criminal acts or omissions internally at the Debtors or to law enforcement authorities at any time during his or her employment with the Debtors, such member shall not be eligible to receive any payments approved by this Final Order. All parties' rights, if any, to seek disgorgement of payments following the entry of such final order are reserved.

4. Notwithstanding anything to the contrary in this Final Order, the Debtors are not authorized by this Final Order to make cash payments on account of PTO that would result in the recipient thereof receiving payments on account of prepetition claims in excess of $13,650 except where required under applicable state law and notwithstanding anything to the contrary in any employment contract or company policy, provided that the foregoing shall not affect any Employee's right to utilize PTO (whether accrued prepetition or postpetition) at any time in accordance with the Debtors' policies.

5. The Debtors are authorized, but not directed, to pay, or set off amounts owed by, as applicable, non-debtor affiliate Mallinckrodt Finance Management Ireland Limited or the other Debtors, on account of prepetition amounts related to Outsourced Staffing as and when they come due on a final basis, in a manner consistent with the Debtors' prepetition practices in the ordinary course of business.

6. In addition, the Debtors are authorized, but not directed, to pay, or set off amounts

owed in connection with, claims of the Administrators in connection with administering and delivering payments or providing other services and benefits to the Workforce for prepetition services rendered and claims for reimbursement based on prepetition disbursements made by the Administrators.

7. The Debtors' banks and financial institutions are authorized to receive, process, honor, and pay all checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts before the Petition Date for Prepetition Employee Obligations and Prepetition Contracted Labor Obligations that have not been honored and paid as of the Petition Date (or to reissue checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts, as may be necessary), and are authorized to rely on the Debtors' directions or representations as to which checks, drafts, transfers, or other forms of payment drawn or issued on the Debtors' bank accounts are subject to this Final Order; *provided* that sufficient funds are on deposit in the applicable bank accounts to cover such payments, and any such banks and financial institutions shall not have any liability to any party for relying on such directions or representations by the Debtors as provided in this Final Order.

8. The Debtors are authorized to reissue payment for the Prepetition Employee Obligations and Prepetition Contracted Labor Obligations and to replace any inadvertently dishonored or rejected payments. Further, the Debtors are authorized to reimburse any expenses that Employees or Contracted Labor may incur as a result of any bank's failure to honor a prepetition check.

9. The Debtors are authorized to continue their Workers' Compensation Policies[3]

---

[3] For the avoidance of doubt, the term Workers' Compensation Policies shall include, without limitation, all workers' compensation insurance policies issued or providing coverage at any time to the Debtors or their predecessors for any claims arising from or related to the employment of the Debtors' current and former

and any other related programs and to pay or set off any and all amounts arising thereunder or related thereto including, but not limited to, outstanding prepetition claims, taxes, charges, assessments, premiums, and third party administrator fees arising under the Workers' Compensation Policies and/or any other related programs in which the Debtors participate. In addition, the automatic stay of section 362 of the Bankruptcy Code, if and to the extent applicable, is hereby lifted without further order of this Court, to permit: (a) Workers' Compensation Claims[4] to proceed under the applicable Workers' Compensation Policies in the appropriate non-bankruptcy forum; (b) any applicable insurance providers and third party administrators to administer, defend, negotiate, settle, pay and/or litigate (i) any direct action claims in which a third-party claimant asserts a claim under any insurance policies issued or providing coverage to the Debtors at any time against applicable insurance providers pursuant to applicable non-bankruptcy law (the "***Direct Action Claims***") and (ii) Workers' Compensation Claims; *provided, however*, that nothing in this Final Order or the relief granted herein creates or permits any Direct Action Claims against the Debtors or is or will be construed as a waiver of the automatic stay under section 362 of the Bankruptcy Code, if and to the extent applicable, with respect to any matter arising from or relating to a Direct Action Claim with respect to the Debtors except as otherwise set forth in this paragraph; *provided*, *further*, *however*, that the Debtors are authorized, but not directed, to pay resulting amounts, whether such Workers' Compensation Claims or Direct Action Claims, as applicable, arose before or after the Petition Date, solely to the extent permitted and in accordance

---

employees, whether such Workers' Compensation Policies are expired, current, or prospective, and any agreements related thereto.

[4] For the avoidance of doubt, the term Workers' Compensation Claims shall include, without limitation, all current and former employees' claims under the Workers' Compensation Policies, whether arising prior to or subsequent to the Petition Date.

with the terms and conditions of the policies and agreements governing the Workers' Compensation Claims or Direct Action Claims, as applicable; and (c) any insurance providers and third party administrators providing coverage for or administering any Workers' Compensation Claims or Direct Action Claims to draw on any undisputed collateral for any unpaid amounts owed to such insurance providers and third party administrators, provided by or on behalf of the Debtors therefor, solely to the extent permitted and in accordance with the terms and conditions of the policies and agreements governing the Workers' Compensation Claims or Direct Action Claims, as applicable, without further order of the Court, *provided*, *however*, that the rights of the Debtors to contest any unpaid amounts are fully reserved.

10. Nothing in the Motion or this Final Order or the relief granted herein (including any actions taken or payments made by the Debtors) is to be construed as (a) an admission of the validity of any claim against the Debtors; (b) an admission with respect to the validity, extent, or perfection of any lien; (c) a waiver of the Debtors' rights or those of any party in interest to dispute, contest, setoff, or recoup any claim, or assert any related rights, claims, or defenses; (d) a waiver of the Debtors' rights or those of any party in interest over the validity, extent, perfection, or possible avoidance of any lien; or (e) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

11. Nothing in the Motion or this Final Order or the relief granted herein (a) alters or amends the terms and conditions of the Workers' Compensation Policies, including, but not limited to, the obligation, if any, of any insurance provider or third party administrator to pay any retentions or any amounts within a deductible and the right, if any, of an insurance provider or third party administrator to seek reimbursement from the Debtors therefor; (b) relieves the Debtors of any of their obligations under the Workers' Compensation Policies; (c) creates, or is intended

to create, any Direct Action Claim or any right to bring such a claim against an insurance provider or third party administrator and/or any rights in favor of or enhancement of the status of any party under the Workers' Compensation Policies; or (d) precludes, waives, prejudices, or otherwise limits in any way the rights of the Debtors, any applicable insurance provider, or any applicable third party administrator to contest and/or litigate any matter in connection with the Workers' Compensation Policies, including, without limitation, with respect to the existence, primacy and/or scope of available coverage thereunder, all of which rights are reserved.

12. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

13. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

14. The terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

15. The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Final Order.

16. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Final Order.

**Dated: November 16th, 2020**
**Wilmington, Delaware**

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE