**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MALLINCKRODT PLC, *et al.*, | ) | Case No. 20-12522 (JTD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 382** |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
WACHTELL, LIPTON, ROSEN & KATZ AS CO-COUNSEL FOR
THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE
AS OF THE PETITION DATE**

Upon the application (the "***Application***")[2] of the Debtors for an order authorizing the

employment and retention of Wachtell, Lipton, Rosen & Katz ("***Wachtell Lipton***") to serve as co-

counsel to the Debtors effective as of the Petition Date; and the Court having jurisdiction to

consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and

1334 and the *Amended Standing Order of Reference* from the United States District Court for the

District of Delaware dated as of February 29, 2012; and consideration of the Application and the

relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and the Court having

authority to enter a final order consistent with Article III of the United States Constitution; and

venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and it appearing that

proper and adequate notice of the Application has been given and that no other or further notice is

necessary; and a hearing having been held, if necessary, to consider the relief requested in the

---

[1]    A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims
and noticing agent at http://cases.primeclerk.com/Mallinckrodt.  The Debtors' mailing address is 675 McDonnell
Blvd., Hazelwood, Missouri 63042.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the
Application.

-2-

Application (the "***Hearing***"); and upon the Welch Declaration, the Mindlin Declaration, Welch

Retention Declaration, the Supplemental Mindlin Declaration, and the record of the Hearing and

all the proceedings before the Court; and after due deliberation thereon; and good and sufficient

cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.       The Application is GRANTED as set forth herein.

2.       The Debtors are authorized, but not directed, pursuant to section 327(a) of the

Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1, to

employ and retain Wachtell Lipton as their co-counsel on the terms and conditions set forth in the

Application and the Mindlin Declaration, *effective* as of the Petition Date.

3.       Wachtell Lipton is authorized to render the following professional services:

i.       representing the Debtors in connection with financing arrangements as may be required, including but not limited to, any new financings or refinancings contemplated under any plan of reorganization, without duplicating of services of other counsel to the Debtors;

j.       advising the Debtors in connection with any potential sales of assets, without duplicating of services of other counsel to the Debtors;

k.       counseling the Debtors with respect to certain pending litigation claims as to which Wachtell Lipton provided counsel pre-petition, including the *Shenk* litigation and the related actions;

l.       advising the Debtors in connection with certain tax matters on which Wachtell Lipton has particular expertise;

m.       appearing before this Court and any appellate courts to represent the interests of the Debtors' estates on matters within Wachtell Lipton's scope of responsibility, including the financing and transactional matters referenced above;

n.       advising the Debtors and the Debtors' boards with respect to their powers and duties, including on corporate governance and board matters, with respect to matters within Wachtell Lipton's scope of responsibility;

o.       attending meetings and negotiating with representatives of creditors and other parties in interest on matters within Wachtell Lipton's scope of responsibility; and

-2-

p.      performing other necessary legal services for the Debtors in connection with the prosecution of the chapter 11 cases, without duplicating the services of other counsel to the Debtors.

4.      Wachtell Lipton shall use reasonable efforts and will coordinate with the Debtors and other retained professionals, including Latham & Watkins LLP, not to duplicate any of the services provided to the Debtors by any of its retained professionals.

5.      Wachtell Lipton shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.  Wachtell Lipton shall make reasonable efforts to comply with the U.S. Trustee's request for information and additional disclosures as set forth in the U.S. Trustee Guidelines, in connection with the Application and any interim and/or final fee application(s) to be filed by Wachtell Lipton in these chapter 11 cases.

6.      Wachtell Lipton is authorized without further order of the Court to apply amounts from its advance payment retainers to compensate and reimburse Wachtell Lipton for fees or expenses incurred prior to the Petition Date consistent with its ordinary course billing practice.  The remainder of the advance payments shall be treated as an evergreen retainer and be held by Wachtell Lipton as security throughout the chapter 11 cases until Wachtell Lipton's fees and expenses are awarded and payable to Wachtell Lipton on a final basis.  Wachtell Lipton shall apply any advance payments remaining at the time of its final fee application in satisfaction of compensation and reimbursement awarded with respect to such application, and promptly return to the Debtors' estates any amounts remaining after such application

7.      Wachtell Lipton shall be reimbursed for reasonable and necessary expenses as provided by the U.S. Trustee Guidelines.

RLF1 24347375v.1

8.      Notwithstanding any applicability of Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.      The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

10.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**

**Dated: November 23rd, 2020**
**Wilmington, Delaware**

-4-