IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| MALLINCKRODT PLC, *et al.*, | ) ) ) | Case No. 20-12522 (JTD) |
| | ) ) | Jointly Administered |
| Debtors.[1] | ) ) | **Objection Deadline:  December 28, 2020 at 4:00 p.m. (ET)** |
| | ) | **Hearing Date:  January 14, 2021 at 2:00 p.m. (ET)** |

**APPLICATION OF THE OFFICIAL COMMITTEE OF OPIOID
RELATED CLAIMANTS OF MALLINCKRODT PLC, *ET AL.*, TO
RETAIN AND EMPLOY CASSELS BROCK & BLACKWELL LLP
AS CANADIAN COUNSEL, *NUNC PRO TUNC* TO NOVEMBER 9, 2020**

The Official Committee of Opioid Related Claimants (the "OCC") of Mallinckrodt plc, *et al.* (collectively, the "Debtors"), respectfully submits this application (the "Application"), pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, authorizing the OCC to retain and employ Cassels Brock & Blackwell LLP ("Cassels") as its Canadian counsel in connection with the Debtors' chapter 11 cases (the "Chapter 11 Cases"), effective *nunc pro tunc* to November 9, 2020.  In support of this Application, the OCC submits the declaration of Ryan C. Jacobs, a partner in the Restructuring and Insolvency Group at Cassels (the "Jacobs Declaration"), and the declaration of Kathy Strain as co-chair of the OCC (the "Strain Declaration" and, together with the Jacobs Declaration, the "Declarations"), attached hereto as **Exhibit B** and **Exhibit C**, respectively.  In further support of this Application, the OCC respectfully represents as follows.

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.primeclerk.com/Mallinckrodt.

61821/0001-21849728v1

**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MALLINCKRODT PLC, *et al.*, | ) Case No. 20-12522 (JTD) |
| | ) Jointly Administered |
| Debtors.¹ | ) **Objection Deadline:  December 28, 2020 at 4:00 p.m. (ET)** |
| | ) **Hearing Date:  January 14, 2021 at 2:00 p.m. (ET)** |

**APPLICATION OF THE OFFICIAL COMMITTEE OF OPIOID
RELATED CLAIMANTS OF MALLINCKRODT PLC, *ET AL.*, TO
RETAIN AND EMPLOY CASSELS BROCK & BLACKWELL LLP
AS CANADIAN COUNSEL, *NUNC PRO TUNC* TO NOVEMBER 9, 2020**

The Official Committee of Opioid Related Claimants (the "OCC") of Mallinckrodt plc, *et al.* (collectively, the "Debtors"), respectfully submits this application (the "Application"), pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, authorizing the OCC to retain and employ Cassels Brock & Blackwell LLP ("Cassels") as its Canadian counsel in connection with the Debtors' chapter 11 cases (the "Chapter 11 Cases"), effective *nunc pro tunc* to November 9, 2020.  In support of this Application, the OCC submits the declaration of Ryan C. Jacobs, a partner in the Restructuring and Insolvency Group at Cassels (the "Jacobs Declaration"), and the declaration of Kathy Strain as co-chair of the OCC (the "Strain Declaration" and, together with the Jacobs Declaration, the "Declarations"), attached hereto as **Exhibit B** and **Exhibit C**, respectively.  In further support of this Application, the OCC respectfully represents as follows.

---

¹ A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.primeclerk.com/Mallinckrodt.

61821/0001-21849728v1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and rule predicates for the relief requested herein are Bankruptcy Code sections 328(a) and 1103, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1.[2]

## BACKGROUND[3]

4. On October 12, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

5. The Debtors continue to operate and manage their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No request has been made for the appointment of a trustee or an examiner.

6. On October 14, 2020, the Bankruptcy Court entered an order appointing Mallinckrodt Canada ULC as the foreign representative (the "Foreign Representative") of itself,

---

[2] Pursuant to Local Rule 9013(f), the OCC hereby consents to the entry of final orders or judgments by the Court on this Application if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

[3] Factual background regarding the Debtors and the events that led to these Chapter 11 Cases is set forth in the *Declaration of Stephen A. Welch, Chief Transformation Officer, in Support of Chapter 11 Petitions and First Day Motions* [ECF No. 128].

Mallinckrodt plc and Mallinckrodt Hospital Products Inc. (collectively, the "Canadian Filing Entities").[4]

7.  On October 16, 2020, the Foreign Representative, under Part IV of the *Companies' Creditors Arrangement Act* RSC 1985 c C-36 (the "CCAA") applied to the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court") for an Initial Recognition Order (Foreign Main Proceeding and Foreign Non-Main Proceeding) and a Supplemental Order (together, the "CCAA Recognition Orders"). The CCAA Recognition Orders were granted and the CCAA recognition proceedings (the "Recognition Proceedings") are pending before the Canadian Court under Case No. CV-20-00649441-00CL.

8.  On October 27, 2020 (the "Formation Date"), the United States Trustee for Region 3 (the "U.S. Trustee") appointed seven individuals or entities to serve on the OCC as fiduciaries for all holders of claims arising from the Debtors' opioid business (collectively, "Opioid Claims" and the holders of such Opioid Claims, "Opioid Claimants"). *See Notice of Appointment of Opioid Related Claimants Committee* [ECF No. 308]; *see also* Bankruptcy Code section 1102(a)(1).[5] The U.S. Trustee constituted the OCC to comprise the following individuals and entities: (i) Garrett Hade; (ii) Lyda Haag; (iii) Kathy Strain; (iv) Brendan Berthold; (v) Life Point Health System; (vi) Blue Cross and Blue Shield Association; and (vii) Michael Masiowski, M.D. On the Formation Date, the OCC selected, subject to Court approval, Akin Gump Strauss Hauer & Feld LLP ("Akin Gump")[6] to serve as lead counsel to the OCC and Cole Schotz P.C. ("Cole Schotz") to serve as

---

[4] *Order Authorizing Mallinckrodt Canada ULC to Act as Foreign Representative of the Debtors* [ECF No. 217].

[5] In relevant part, Bankruptcy Code section 1102(a)(1) provides that "as soon as practicable after the order for relief under chapter 11 of [the Bankruptcy Code], the United States trustee shall appoint a committee of creditors holding unsecured claims and may appoint additional committees of creditors . . . as the United States trustee deems appropriate."

Delaware and efficiency counsel to the OCC.  Shortly thereafter, the OCC selected Province, Inc. ("Province") as its financial advisor and Jefferies LLC ("Jefferies") as its investment banker, each subject to Court approval.[7]

9.      On the Formation Date, the U.S. Trustee also appointed an official committee of unsecured creditors (the "UCC").  *Notice of Appointment of Committee of Unsecured Creditors* [ECF No. 306].  As disclosed at the November 10, 2020 hearing, following discussions among Akin Gump professionals and counsel to the UCC regarding the scope of each official creditors' committee's fiduciary duties, the parties agreed that the UCC is a fiduciary for all unsecured creditors *other than* Opioid Claimants.  *See* Transcript of November 10, 2020 Hearing at 23:17-24:4.

10.     In light of the Recognition Proceedings in Canada, the OCC determined that it was appropriate to retain Canadian counsel.  On November 9, 2020, the OCC voted to retain Cassels and asked Cassels to begin work immediately.

## RELIEF REQUESTED

11.     The OCC seeks to retain and employ Cassels as its Canadian counsel pursuant to Bankruptcy Code sections 328(a) and 1103(a), Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1, effective *nunc pro tunc* to November 9, 2020.

## RETENTION OF CASSELS

12.     The OCC respectfully submits that it is necessary and appropriate for it to employ and retain Cassels as its Canadian counsel to, among other things:

(a)     Advise the OCC in connection with the Recognition Proceedings, including enforcement of the Bankruptcy Court's orders in Canada, application of comity, and coordination of cross-border issues;

---

[7] The retention applications for these professionals were filed on November 30, 2020.  *See* ECF Nos. 683, 684 & 685.

(b) Appear in the Canadian Court, in connection with the Recognition Proceedings, on behalf of the OCC;

(c) Assist with any Canadian claims analysis, including advising on claims based on Canadian legal principles;

(d) Evaluate, analyze and report on any litigation in Canada and any related applications;

(e) Prepare on behalf of the OCC necessary Canadian applications, motions, memoranda, orders, reports and other legal papers, if any;

(f) Evaluate any Canadian issues that may arise in connection with evaluation, negotiation or implementation of any plan of reorganization;

(g) Advise in respect of the intersection of Canadian insolvency, corporate law, or other Canadian legal issues on cross-border matters; and

(h) Provide such other Canadian legal services as the OCC, Akin Gump or Cole Schotz may request.

13. In accordance with Part F of the Revised UST Guidelines (as defined below), Akin Gump will serve as lead counsel to the OCC and Cole Schotz will serve as Delaware and efficiency counsel. Cassels will have primary responsibility for the Canadian services described above. Cassels will coordinate carefully with the OCC's other professionals to ensure that there is no unnecessary duplication of services performed or charged to the Debtors' estates.

14. The OCC believes that Cassels possesses unique and extensive knowledge and expertise in the areas of law relevant to the Recognition Proceedings, and that Cassels is well-qualified to represent the OCC. In selecting counsel, the OCC sought lawyers with considerable experience in representing official creditors' committees in cross-border proceedings and other debt restructurings. Cassels has such experience, as Cassels has represented official creditors' committees in many significant cross-border chapter 11 cases, including, among others, the following: *In re Aegerion Pharmaceuticals, Inc., In re BPSUS Holdings, Inc., and In re Nortel Networks Inc.* The Cassels professionals on this matter have extensive experience in cross-border proceedings, having represented numerous parties in U.S./Canada cross-border restructuring

5

proceedings. Moreover, certain of the lawyers at Cassels working on this matter also have experience practicing in the U.S. and representing official committees, making them uniquely situated to advise the OCC on cross-border matters.

15. Because of the legal services that may be necessary in the Recognition Proceedings, and the fact that the full nature and extent of such services are not known at this time, the OCC believes that the employment of Cassels to provide the services described above and such other services as may be necessary for the OCC to satisfy its obligations to the Debtors' Opioid Claimants is appropriate and in the best interests of the Debtors' estates and their creditors.

16. The OCC requests that all fees and related costs and expenses incurred by the OCC on account of services rendered by Cassels in connection with the Chapter 11 Cases (and Recognition Proceedings) be paid as administrative expenses of the Debtors' estates pursuant to Bankruptcy Code sections 328, 330, 331, 503(b) and 507(a)(2). Subject to this Court's approval, Cassels will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, subject to Bankruptcy Code sections 328, 330 and 331. The 2020 and 2021 hourly rates charged by Cassels for professionals and paraprofessionals employed in its offices are provided below:

| **Billing Category** | **2020 Range**[8] | **2021 Range** |
|---|---|---|
| Partners | $600.00 - $1,050.00 | $600.00 - $1,100.00 |
| Associates | $375.00 - $595.00 | $380.00 - $605.00 |
| Paraprofessionals | $190.00 - $450.00 | $195.00 - $460.00 |

These rates are subject to periodic adjustments (typically in January of each year) to reflect economic and other conditions. Cassels reserves the right to file an application for allowance of an enhanced fee award at the end of the Chapter 11 Cases, subject to the discretion of the OCC.

---

[8] The rates set out in this Application are, consistent with Cassels' standard practice, expressed in Canadian Dollars. For the convivence of the parties, Cassels will render its accounts in U.S. Dollars.

17.     Cassels has advised the OCC that it is Cassels' policy to charge its clients in all areas of practice for expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, photocopying charges, travel expenses, expenses for "working meals" and computerized research.  Cassels will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services described above.

18.     The names, positions and current hourly rates of the Cassels lawyers currently expected to have primary responsibility for providing services to the OCC are as follows:

| LAWYER | POSITION/DEPARTMENT | HOURLY RATE |
| --- | --- | --- |
| Ryan C. Jacobs | Partner / Restructuring and Insolvency | 2020: $1,000.00<br>2021: $1,100.00 |
| John N. Birch | Partner / Advocacy | 2020: $875.00<br>2021: $895.00 |
| Natalie E. Levine | Partner / Restructuring and Insolvency | 2020: $ 685.00<br>2021: $ 700.00 |
| Sophie Moher | Associate / Restructuring and Insolvency | 2020: $ 450.00<br>2021: $ 505.00 |
| Kieran May | Associate / Restructuring and Insolvency | 2020: $ 375.00<br>2021: $ 380.00 |

In addition to the lawyers named above, the OCC understands that it will be necessary, during the course of these cases, for other Cassels professionals in other legal disciplines to provide services to the OCC.

19.     Cassels has advised the OCC that it will apply for compensation and reimbursement of expenses in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, the applicable Bankruptcy Rules and the applicable Local Rules. Cassels has advised the OCC that it also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Revised UST Guidelines"), both in connection with this Application and in the interim and final fee applications to be filed by

7

Cassels in the Chapter 11 Cases.[9]  To that end, Cassels has advised the OCC that it responds to the questions set forth in Section D of the Revised UST Guidelines as follows:

    (a)    Cassels did not agree to any variations from, or alternatives to, its standard or customary billing arrangements for this engagement;

    (b)    No rate for any of the professionals included in this engagement varies based on the geographic location of the bankruptcy case;

    (c)    Cassels did not represent any member of the OCC in connection with the Chapter 11 Cases prior to its retention by the OCC;

    (d)    Cassels expects to develop a prospective budget and staffing plan to comply reasonably with the U.S. Trustee's request for information and additional disclosures, as to which Cassels reserves all rights; and

    (e)    The OCC has approved Cassels' proposed hourly billing rates.  The Cassels key lawyers staffed on the Debtors' Chapter 11 Cases, subject to modification depending upon further development, are set forth above in paragraph 18.

20.    Upon information and belief, Cassels does not represent and does not hold any interest adverse to the Debtors' estates or their creditors in the matters upon which Cassels is to be engaged, except to the extent set forth in the Jacobs Declaration.  Cassels is, however, a large firm with a national practice and may represent or may have represented certain of the Debtors' creditors, equity holders, related parties or other parties in interest in matters unrelated to these cases.

### *NUNC PRO TUNC* RELIEF

21.    The OCC believes that the employment of Cassels *nunc pro tunc* to November 9, 2020 is warranted under the circumstances. Cassels has provided, and will continue to provide, valuable services to the OCC in connection with the Chapter 11 Cases and Recognition Proceedings.  As noted above, on the November 9, 2020, the OCC selected Cassels as its Canadian

---

[9] Cassels' intention to make reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Revised UST Guidelines in connection with this Application and the interim and final fee applications to be filed by Cassels in the Chapter 11 Cases is based exclusively on the facts and circumstances of the Chapter 11 Case.  Cassels fully reserves the right to object to the requirements contained in the Revised UST Guidelines should it determine that it is appropriate to do so.

8

counsel and requested that Cassels immediately commence work on important, time-sensitive matters, which required Cassels to devote significant resources, promptly, to the Debtors' Chapter 11 Cases prior to the submission and approval of this Application.  Since its selection as counsel to the OCC, Cassels, on behalf of the OCC, has worked closely with the OCC's other proposed advisors, and other parties in interest regarding significant and time-sensitive matters, including but not limited to matters addressed through the Recognition Proceedings such as (i) the recognition of the Debtors' second day orders and bar date motion and (ii) the motion for a third party stay of litigation pending in Canada.

## NOTICE

22.     Notice of this Application has been provided to the following parties:  (i) counsel to the Debtors; (ii) the U.S. Trustee; (iii) counsel to the ad hoc group of the Debtors' prepetition secured lenders; (iv) the agent under the Debtors' secured term and revolving financing facilities; (v) counsel to the ad hoc group of holders of the Debtors' unsecured notes; (vi) the indenture trustees for the Debtors' outstanding notes; (vii) counsel to the ad hoc group of governmental entities holding opioid claims; (viii) proposed counsel to the UCC; (ix) proposed counsel to the proposed future claimants' representative; and (x) any party that requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  A copy of this Application is also available on the Debtors' case website[10] and the OCC's case website.[11]  The OCC submits that, in light of the nature of the relief requested, no other or further notice is required.

---

[10] *See* http://restructuring.primeclerk.com/Mallinckrodt.

[11] *See* http://cases.primeclerk.com/MallinckrodtOpioidClaimantInfo.

## **CONCLUSION**

WHEREFORE, the OCC requests that the Court (a) enter an order, substantially in the form annexed hereto as **Exhibit A**, authorizing the OCC to retain and employ Cassels as its Canadian counsel in the Chapter 11 Cases *nunc pro tunc* to November 9, 2020, and (b) provide the OCC with such other and further relief as the Court may deem just, proper and equitable.

| | |
|---|---|
| Dated: December 11, 2020<br>Wilmington, Delaware | Respectfully submitted,<br><br>**THE OFFICIAL COMMITTEE OF OPIOID RELATED CLAIMANTS OF MALLINCKRODT PLC,** *ET AL.*<br><br>By: /s/ Kathy Strain<br><br>*Co-Chair of the Official Committee of Opioid Related Claimants of Mallinckrodt plc,* et al. |