# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| MALLINCKRODT PLC, *et al.*, | ) Case No. 20-12522 (JTD) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) Proposed Hearing Date: Feb. 11, 2021 at 11:00 a.m. (ET) |
| | ) Proposed Obj. Deadline: Feb. 10, 2021 at 12:00 a.m. (ET) |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) APPOINTING A MEDIATOR AND (B) ESTABLISHING MEDIATION PROCEDURES AS SET FORTH IN THE PROPOSED ORDER

The debtors in possession (collectively, the "***Debtors***") in the above-captioned cases (the "***Chapter 11 Cases***") hereby move (this "***Motion***") and respectfully state as follows:

### RELIEF REQUESTED

1. By this Motion the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "***Proposed Order***") (a) appointing Kenneth R. Feinberg to mediate the allocation of the Opioid Trust Assets (as defined herein) and (b) establishing mediation procedures as set forth in the Proposed Order.

### JURISDICTION

2. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the Amended *Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and, under Rules 2002 and 7008 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), the Debtors consent to the entry of a final order by the Court in

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.primeclerk.com/Mallinckrodt. The debtors' mailing address is 675 McDonnell Blvd., St. Louis, Missouri 63042.

connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are rules 9019-3 and 9019-5 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***").

## PRELIMINARY STATEMENT

3.  To date, the Debtors have reached an agreement with the RSA Parties[2] to pursue a chapter 11 plan of reorganization which provides that all opioid claims shall be channeled to an opioid trust (the "***Opioid Trust***") and that the Opioid Trust shall be funded with a fixed pool of assets that includes, among other assets, $1.6 billion in deferred cash payments and warrants in the reorganized Debtors (collectively, the "***Opioid Trust Assets***") in complete satisfaction of all opioid claims that can be asserted against the Debtors. While a proposed plan embodying the RSA is not yet filed and could be the subject of litigation, the issue of allocation of the Opioid Trust Assets among opioid claimants remains a key open issue that must be addressed. The Debtors now stand at a critical juncture: they have an opportunity to reach a global agreement with the vast majority of opioid claim holders regarding their allocable share of the Opioid Trust Assets by pursuing voluntary mediation with these parties, thereby avoiding the pitfalls of one or more of the opioid claimants contesting confirmation on grounds that the Opioid Trust Assets have been unfairly allocated. Confirming a plan in the absence of meaningful consensus over allocation of the Opioid

---

[2] The "***RSA Parties***" are comprised of: (a) 50 U.S. States and territories and the Plaintiffs' Executive Committee appointed in the federal multi-district opioid litigation (including the members of the Ad Hoc Committee of Governmental Claimants (the "***Governmental Plaintiff Ad Hoc Committee***")), (b) the Multi-State Governmental Entities Group (the "***MSGE Group***"), and (c) holders of more than 84 percent in principal amount of the Debtors' guaranteed unsecured notes (the "***Unsecured Notes Ad Hoc Group***").

Trust Assets will entail delay and expensive litigation; conversely, achieving that consensus will facilitate progress in these Chapter 11 Cases.

4.  In advance of this Motion, and in connection with the adjournment of the FCR Motion and the OCC Cross-Motion (each as defined herein), as well as this Court's granting of the Renewed RSA Fee Motion (as defined herein), the Debtors reached an agreement with each of (a) the official committee of opioid-related claimants (the "*OCC*"); (b) the Ad Hoc Committee of NAS Children; (c) the Ad Hoc Group of Personal Injury Claimants; (d) the Governmental Ad Hoc Committee; (e) the MSGE Group; (f) counsel to Life Point Health System and counsel to various hospitals, including a putative class of hospital claimants; (g) counsel to a putative class of emergency room physicians; (h) counsel to Blue Cross and Blue Shield Association, various third party payors and health insurance carrier plaintiffs; (i) counsel to Thornton Township High School District 205 and certain other public school districts as representatives of a putative class of school district class claimants; (j) counsel to the putative classes of purchasers of private health insurance represented by Stevens & Lee, P.C; and (k) counsel to the Federal Healthcare Agency Opioid Claimants[3] (collectively, and together with the Debtors, the "*Mediation Parties*") regarding the architecture of a mediation to address the relative allocations of the Opioid Trust Assets among the holders of opioid claims. Mediation of the Opioid Trust Assets is viewed by each of these parties as the best path towards reaching resolution on such allocation issues.

5.  Allocation discussions facilitated by Mr. Kenneth Feinberg (the "*Mediator*"), who is one of the most well-respected mass tort mediators in the country and has experience mediating these issues in particular, will allow the Mediation Parties to express their views on the ultimate

---

[3] The "*Federal Healthcare Agency Opioid Claimants*" includes the United States Department of Health & Human Services ("*HHS*"), Centers for Medicare & Medicaid Services ("*CMS*"), HHS Indian Health Service ("*IHS*"); the United States Defense Health Agency ("*DHA*") and the United States Department of Veterans Affairs ("*VA*").

allocation of the Opioid Trust Assets in these cases in a candid and confidential manner that is more likely to yield a positive result than negotiations outside of mediation. Importantly, many of the Mediation Parties have significant first-hand experience with the Mediator and these intricate allocation issues from the *Purdue* cases. This depth of experience will be instrumental and will benefit the Debtors' estates and the overall chapter 11 process.

6. Ultimately, a negotiated settlement is the best way to avoid a value-destructive claims estimation and protracted litigation process, and efforts to do so are supported by the key constituents in these Chapter 11 Cases. Thus, by this Motion, the Debtors seek to achieve one of their major objectives in these Chapter 11 Cases: fair and equitable distribution of the Opioid Trust Assets. Mediation, with the key parties agreeing to submit to it, is the means best suited to achieve this goal.

7. Resolving this allocation dispute is one of the key remaining items requiring resolution in these Chapter 11 Cases. As this Court noted, "[t]he expectation is that mediation will resolve one of the most significant obstacles to completing a timely reorganization of the debtors and avoid costly litigation between the debtors and the various creditor constituencies." Jan. 19, 2020 Hr'g Tr. at 10:22-11:1. The Debtors strongly believe that a consensual resolution on allocation, rather than complex estimation litigation, is in the best interests of their estates and stakeholders. Thus, the Debtors now seek entry of an order appointing Mr. Feinberg as Mediator and establishing mediation procedures for the opioid trust asset allocation mediation.

## BACKGROUND

### A. General Background

8. On October 12, 2020 (the "***Petition Date***"), the Debtors filed voluntary petitions in this Court commencing cases for relief under chapter 11 of title 11 of the United States Code,

4

11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**").  The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.

9. On October 27, 2020, the Office of U.S. Trustee appointed the official unsecured creditors committee (the "*UCC*") [Docket No. 306], and the OCC [Docket No. 308].

10. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these Chapter 11 Cases, is set forth in detail in the *Declaration of Stephen A. Welch, Chief Transformation Officer, in Support of Chapter 11 Petitions and First Day Motions* (the "**Welch Declaration**") [Docket No. 128] filed on the Petition Date, which is fully incorporated herein by reference.

**B.    Conditional Adjournment of the FCR Motion and the OCC Cross-Motion, and Approval of the Renewed Fee Motion**

11. On October 13, 2020 the Debtors filed the *Motion of Debtors for Entry of an Order Appointing Roger Frankel, as Legal Representative for Future Claimants, Effective as of the Petition Date Filed by Mallinckrodt plc* [Docket No. 189] (the "**FCR Motion**").

12. On November 28, 2020 the OCC filed *The Official Committee of Opioid Related Claimants' (I) Request For Adjournment of or, in the Alternative, Objection to Motion of Debtors to Appoint Future Claimants Representative and (II) Cross-Motion to Compel Debtors to Establish Bar Date and Noticing Program For Opioid Claimants* [Docket No. 658] (the "**OCC Cross-Motion**").  The Ad Hoc Group of Personal Injury Claimants and the Ad Hoc Committee of NAS Children filed objections to the FCR Motion and joinders to the OCC Cross-Motion [Docket Nos. 657, 659, 730].

13. On December 7, 2020 the Debtors filed an objection to the OCC Cross-Motion [Docket No. 746] and a reply to the FCR Motion objections [Docket No. 744].  The Governmental

Plaintiff Ad Hoc Committee and the MSGE Group respectively filed a joinder and statement in support to the Debtors' objection to the OCC Cross-Motion [Docket Nos. 742 and 743].

14. The FCR Motion and the OCC Cross-Motion were scheduled to be heard by this Court on December 14, 2020. However, in advance of the December 14th hearing, the OCC, the UCC, the Ad Hoc Committee of NAS Children, the Ad Hoc Group of Personal Injury Claimants, the Governmental Ad Hoc Committee, the MSGE Group, and the Unsecured Notes Ad Hoc Group agreed to specific conditions by which to conditionally adjourn the FCR Motion and the OCC Cross-Motion. Pursuant to the terms of this conditional adjournment, which was read into the record by Debtors' counsel at the December 14th hearing, among other things: (a) the Mediation Parties committed to engaging in good faith allocation negotiations beginning on December 14, 2020 with the assistance of the Mediator, (b) the Debtors committed to file this Motion on or before December 21, 2020, and (c) the mediation was to continue until January 28, 2021, unless the Debtors, the OCC, the Governmental Plaintiff Ad Hoc Committee, and the MSGE Group agreed to extend the mediation. A copy of the relevant portion of the December 14 hearing transcript is annexed hereto as **Exhibit B**.

15. On December 14, 2020 this Court denied the *Debtors' Motion for Order Authorizing Debtors to Pay the Reasonable and Documented Fees and Expenses of the RSA Party Professionals and Granting Related Relief* [Docket No. 523].

16. On December 30, 2020, the Debtors filed the *Motion of the Debtors to Assume and/or Enter Into Reimbursement Agreements with RSA Party Professionals* [Docket No. 1092] (the "**Renewed RSA Fee Motion**"), seeking payment of RSA Party professionals fees in a manner that was responsive to the concerns raised by the Court the December 14th ruling and requesting relief consistent with the legal standards and analysis set forth therein.

17. On February 1, 2021, the Court entered an order [Docket No. 1250] granting the Renewed RSA Fee Motion to the extent set forth therein.

18. By this Motion, the Debtors now seek to appoint Mr. Feinberg as Mediator, and establish mediation procedures for Opioid Trust Assets allocation mediation, and to extend the proposed mediation end-date from January 28, 2021 until March 8, 2021.[4]

## BASIS FOR RELIEF

19. Local Rule 9019-5 provides that this Court may refer "any dispute" to mediation. Del. Bankr. L.R. 9019-5(a) ("The Court may assign to mediation any dispute arising in an adversary proceeding, contested matter or otherwise in a bankruptcy case."). Local Rule 9019-3 provides, in relevant part that "Notwithstanding any provision of law to the contrary, the Court may refer a dispute pending before it to mediation [. . .] During a mediation, the parties may stipulate to allow the mediator [. . .] to hear and arbitrate the dispute."

20. The appointment of the Mediator is a necessary step to address one of the key remaining open issues facing the Debtors in these Chapter 11 Cases: allocation of the Opioid Trust's Assets as between holders of opioid claims. Indeed, commencing mediation may prevent the undue delay and excessive costs associated with litigating issues regarding claim validity, claim estimation and allocation before this Court. Litigating all (or even some) of these matters would entail extensive discovery costs and professional fees and expenses and extend the timeline of the Debtors' Chapter 11 Cases, thereby compounding such costs – costs that would

---

[4] On December 14, 2020, the Debtors read into the record the terms and conditions of an agreed upon stipulation (the "*Adjournment Agreement*") adjourning the FCR Motion and the OCC Cross Motion (together, the "*Adjourned Motions*"). As mentioned by the Debtors during the hearing on December 22, 2020, the Debtors have needed to work with the OCC and other parties to make changes to the agreed upon stipulation, and have done so. The Debtors the OCC and the RSA Parties have agreed to a number of modifications to the December 14 Adjournment Agreement. Specifically, the Adjourned Motions will be rescheduled to on or about February 28, 2021, subject to the Court's availability. All references in the Adjournment Agreement (including, without limitation, with respect to Mediation dates) to (a) January 28, 2021 and February 28, 2021, respectively, are changed to March 8, 2021 and April 8, 2021, respectively. All other terms of the Adjournment Agreement remain unchanged.

predominantly be borne by the Debtors' estates to the detriment of their creditors, including opioid claimants. Furthermore, as this Court noted, "[a]bsent a mediated resolution, the debtors face litigation from thousands of governmental entities, public health organizations, civic groups, and vast numbers of individuals who have suffered due to the opioid crisis in this country. It is far better [. . .] that the debtors' resources go to help alleviate that suffering, rather than expend it on litigation costs." Jan. 19, 2020 Hr'g Tr. at 11:14-20. Thus, resolving these issues both expeditiously and efficiently is of paramount importance to achieving a resolution of these cases and providing the best recovery for creditors. Accordingly, the Debtors believe that giving the parties an opportunity to work with the Mediator with the goal of resolving intercreditor allocation is a worthwhile effort and such efforts will benefit the estates.

21. Furthermore, as mentioned above, many of the Mediation Parties – including counsel to the Governmental Plaintiff Ad Hoc Committee, the MSGE Group, numerous of the private side opioid claimants, and the OCC – have substantial experience with the Mediator and intricate knowledge of potential trust allocation issues from the *Purdue* cases. Indeed the Proposed Order contains many useful provisions that helped facilitate an ultimately successful mediation in those cases. These include provisions surrounding:

- who may attend the mediation and the requirements surrounding the inclusion of additional parties (Proposed Order, ¶¶ 6, 7, 8);

- the process for establishing mediation procedures (Proposed Order, ¶ 9);

- the parameters surrounding communication between the Court and the Mediator (Proposed Order, ¶ 10); and

- the treatment of statements made and materials submitted during mediation (Proposed Order, ¶¶ 11, 13, 14, 15).

The Debtors believe that the Mediation Parties' wealth of experience allow the Debtors to progress these cases on a largely consensual basis to benefit the Debtors' estates.

8
US-DOCS\119754286.10

22. For the reasons described in this Motion, mediation will benefit the Debtors' estates. Accordingly, the Debtors respectfully submit that the Court should enter the Proposed Order appointing the Mediator, establishing mediation procedures, and affording the Mediation Parties a valuable opportunity to reach consensus on the most important issues in these cases.

## NOTICE

23. Notice of this Motion will be provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) the agent under the Debtors' secured term and revolving financing facilities; (c) counsel the Unsecured Notes Ad Hoc Group; (d) the indenture trustees for the Debtors' outstanding notes; (e) counsel to the Governmental Plaintiff Ad Hoc Committee; (f) counsel to the MSGE Group; (g) counsel to the official committee of unsecured creditors; (h) counsel to the official committee of opioid claimants; (i) counsel to the Ad Hoc Committee of NAS Children; (j) counsel to the Ad Hoc Group of Personal Injury Claimants; (k) counsel to Life Point Health System and counsel to various hospitals, including a putative class of hospital claimants; (l) counsel to a putative class of emergency room physicians; (m) counsel to Blue Cross and Blue Shield Association, various third party payors and health insurance carrier plaintiffs; (n) counsel to Thornton Township High School District 205 and certain other public school districts as representatives of a putative class of school district class claimants; (o) counsel to the putative classes of purchasers of private health insurance; (p) counsel to the Federal Healthcare Agency Opioid Claimants; (q) the United States Attorney's Office for the District of Delaware; (r) the attorneys general for all 50 states and the District of Columbia; (s) the United States Department of Justice; (t) the Internal Revenue Service; (u) the Securities and Exchange Commission; (v) the United States Drug Enforcement Agency; (w) the United States Food and

Drug Administration; and (x) all parties entitled to notice pursuant Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no other or further notice is required.

## NO PRIOR MOTION

24. The Debtors have not made any prior motion for the relief sought in this Motion to this Court or any other court.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: February 3, 2021

*/s/ Michael J. Merchant*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Amanda R. Steele (No. 5530)
Brendan J. Schlauch (No. 6115)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone:   (302) 651-7700
Facsimile:    (302) 651-7701
Email:         collins@rlf.com
                merchant@rlf.com
                steele@rlf.com
                schlauch@rlf.com

- and -

George A. Davis (*pro hac vice*)
George Klidonas (*pro hac vice*)
Andrew Sorkin (*pro hac vice*)
Anupama Yerramalli (*pro hac vice*)
**LATHAM & WATKINS LLP**
885 Third Avenue
New York, New York 10022
Telephone:   (212) 906-1200
Facsimile:    (212) 751-4864
Email:         george.davis@lw.com
                george.klidonas@lw.com
                andrew.sorkin@lw.com
                anu.yerramalli@lw.com

- and -

Jeffrey E. Bjork (*pro hac vice*)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, California 90071
Telephone:   (213) 485-1234
Facsimile:    (213) 891-8763
Email:         jeff.bjork@lw.com

- and -

Jason B. Gott (*pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:   (312) 876-7700
Facsimile:    (312) 993-9767
Email:         jason.gott@lw.com

*Counsel to the Debtors and the Debtors in Possession*