# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| MALLINCKRODT PLC, *et al.*, | Case No. 20-12522 (JTD) |
| Debtors.[1] | (Jointly Administered) |
|  | **Re: Docket No. 1276** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER SHORTENING THE NOTICE AND OBJECTION PERIODS AND WAIVING LOCAL RULE 9006-1(c)(ii) WITH RESPECT TO THE DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) APPOINTING A MEDIATOR AND (B) ESTABLISHING MEDIATION PROCEDURES AS SET FORTH IN THE PROPOSED ORDER**

The debtors in possession in the above-captioned cases (collectively, the "***Debtors***") hereby move (this "***Motion to Shorten***") and respectfully state as follows:

## RELIEF REQUESTED

1. By this Motion to Shorten, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "***Proposed Order***"), (i) shortening the notice and objection periods pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") and Rules 9006-1(c) and 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***"), for the *Debtors' Motion for Order (A) Appointing a Mediator and (B) Establishing Mediation Procedures as Set Forth in the Proposed Order* [Docket No. 1276] (the "***Motion***");[2] (ii) scheduling the hearing to consider the relief requested by the Motion (the "***Hearing***") for the

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.primeclerk.com/Mallinckrodt. The Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

RLF1 24731811v.3

hearing currently scheduled for February 11, 2021 at 11:00 a.m. (ET); and (iii) waiving the requirements of Local Rule 9006-1(c)(ii) and permitting objections to the Motion, if any, to be filed on or before February 10, 2021 at 12:00 a.m. (ET).

## JURISDICTION

2.      This Court has jurisdiction to consider this Motion to Shorten under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), and, under Bankruptcy Rules 2002 and 7008, the Debtors consent to the entry of a final order by the Court in connection with this Motion to Shorten to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue of these cases and this Motion to Shorten in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(c) and (e).

## BACKGROUND

**A.    General Background**

3.      On October 12, 2020 (the "***Petition Date***"), the Debtors filed voluntary petitions in this Court commencing cases for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "***Bankruptcy Code***").  The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.

4.      On October 27, 2020, the Office of the United States Trustee for the District of Delaware (the "***U.S. Trustee***") appointed, pursuant to section 1102 of the Bankruptcy Code: (a) an official committee of unsecured creditors [Docket No. 306] (the "***Unsecured Creditors Committee***" or "***UCC***"); and (b) an official committee of opioid-related claimants [Docket No.

308] (the "*Opioid Claimants Committee*" or "*OCC*" and, together with the Unsecured Creditors Committee, the "*Committees*" and each a "*Committee*").

5.      The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the *Declaration of Stephen A. Welch, Chief Transformation Officer, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 128] filed on the Petition Date and incorporated herein by reference.

**B.      The Motion and Proposed Mediation**

6.      As further described in the Motion, in connection with the adjournment of the FCR and OCC Cross-Motions, as well as this Court's granting of the Renewed RSA Fee Motion, the Debtors have reached an agreement with each of the Mediation Parties regarding the architecture of a mediation to address the relative allocations of the Opioid Trust Assets among the holders of opioid claims. The proposed mediation is consistent with the terms of the conditional adjournment of the FCR and OCC Cross-Motions read into the record by Debtors' counsel at the hearing held on December 14, 2020 (the "**Adjournment Agreement**"), pursuant to which, among other things: (a) the Mediation Parties committed to engaging in good faith allocation negotiations beginning December 14, 2020 with the assistance of the Mediator, (b) the Debtors committed to file the Motion on or before December 21, 2020, and (c) the mediation was to continue until January 28, 2021, unless the Debtors, the OCC, the Governmental Plaintiff Ad Hoc Committee, and the MSGE Group agreed to extend the mediation.[3]

---

[3]    On December 14, 2020, the Debtors read into the record the terms and conditions of an agreed upon stipulation (the "*Adjournment Agreement*") adjourning the FCR Motion and the OCC Cross Motion (together, the "*Adjourned Motions*"). As mentioned by the Debtors during the hearing on December 22, 2020, the Debtors have needed to work with the OCC and other parties to make changes to the agreed upon stipulation, and have done so. The Debtors the OCC and the RSA Parties have agreed to a number of modifications to the December 14 Adjournment Agreement. Specifically, the Adjourned Motions will be rescheduled to on or about February 28, 2021, subject to the Court's availability. All references in the Adjournment Agreement (including, without limitation, with respect to

7. The Debtors believe that resolution of the allocation dispute regarding the Opioid Trust Assets is one of the key remaining items requiring resolution in these Chapter 11 Cases, and the Debtors strongly believe that a consensual resolution on allocation, rather than complex estimation litigation, is in the best interests of their estates and stakeholders. To that end, the Debtors have filed the Motion seeking entry of an order that, among other things: (i) appoints Mr. Feinberg as mediator; (ii) establish mediation procedures for Opioid Trust Assets allocation mediation; and (iii) extend the proposed mediation end-date from January 28, 2021 until March 8, 2021.

## BASIS FOR RELIEF

8. Local Rule 9006-1(c)(i) provides that, unless the Bankruptcy Rules or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date." Local Rule 9006-1(e) further provides, in pertinent part, that "no motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). Local Rule 9006-1(c)(ii) requires that "the deadline for objection(s) shall be no later than seven (7) days before the hearing date." *Id.* 9006-1(c)(ii). The Debtors submit that ample cause exists to shorten the notice and objection periods with respect to the Motion and waive Local Rule 9006-1(c)(ii).

9. The Debtors submit that shortening the notice period for the Motion is in the best interests of the Debtors, their estates and all parties in interest. For the reasons set forth in the Motion, the Debtors believe that appointment of the Mediator is a necessary step to address allocation of the Opioid Trust's Assets as between holders of opioid claims and that such mediation

---

Mediation dates) to (a) January 28, 2021 and February 28, 2021, respectively, are changed to March 8, 2021 and April 8, 2021, respectively. All other terms of the Adjournment Agreement remain unchanged.

may prevent the undue delay and excessive costs associated with litigating issues regarding claim validity, claim estimation and allocation before this Court.  Accordingly, it is imperative that the Mediator be appointed as soon as possible to allow sufficient time for a robust mediation to occur prior to the proposed mediation end-date of March 8, 2021.

10. Moreover, the Debtors submit that consideration of the Motion on shortened notice will not prejudice any other parties in interest.  The Motion is consistent with the terms of the Adjournment Agreement set forth on the record of the hearing held on December 14, 2020, as subsequently modified.  As such, parties in interest have had ample notice of the intention of the Mediation Parties to enter into the proposed mediation contemplated by the Motion.  In addition as described in the Motion, the Debtors have previewed the relief set forth herein with numerous key constituents, and do not expect any significant objections to this relief.

11. Accordingly, the Debtors respectfully submit that cause exists pursuant to Bankruptcy Rule 9006 and Local Rule 9006-1(e) to shorten the notice and objection periods with respect to the Motion and waive Local Rule 9006-1(c)(ii).

## **COMPLIANCE WITH LOCAL RULE 9006-1(e)**

12. Before filing this Motion to Shorten, the Debtors notified the U.S. Trustee, the Governmental Plaintiff Ad Hoc Committee, the MSGE Group, and the OCC, and the aforementioned parties do not object to the relief requested herein.

## **NOTICE**

13. Notice of this Motion to Shorten will be provided to: (a) the U.S. Trustee; (b) the agent under the Debtors' secured term and revolving financing facilities; (c) counsel to the Unsecured Notes Ad Hoc Group; (d) the indenture trustees for the Debtors' outstanding notes; (e) counsel to the Governmental Plaintiff Ad Hoc Committee; (f) counsel to the MSGE Group; (g) counsel to the official committee of unsecured creditors; (h) counsel to the official committee of

opioid claimants; (i) counsel to the Ad Hoc Committee of NAS Children; (j) counsel to the Ad Hoc Group of Personal Injury Claimants; (k) counsel to Life Point Health System and counsel to various hospitals, including a putative class of hospital claimants; (l) counsel to a putative class of emergency room physicians; (m) counsel to Blue Cross and Blue Shield Association, various third party payors and health insurance carrier plaintiffs; (n) counsel to Thornton Township High School District 205 and certain other public school districts as representatives of a putative class of school district class claimants; (o) counsel to the putative classes of purchasers of private health insurance; (p) counsel to the Federal Healthcare Agency Opioid Claimants; (q) the United States Attorney's Office for the District of Delaware; (r) the attorneys general for all 50 states and the District of Columbia; (s) the United States Department of Justice; (t) the Internal Revenue Service; (u) the Securities and Exchange Commission; (v) the United States Drug Enforcement Agency; (w) the United States Food and Drug Administration; and (x) all parties entitled to notice pursuant Bankruptcy Rule 2002.  The Debtors submit that, under the circumstances, no other or further notice is required.

## NO PRIOR MOTION

14.     The Debtors have not made any prior motion for the relief sought in this Motion to Shorten to this Court or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order, granting the relief requested in this Motion to Shorten and such other and further relief as may be just and proper.

Dated: February 3, 2021

*/s/ Brendan J. Schlauch*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Amanda R. Steele (No. 5530)
Brendan J. Schlauch (No. 6115)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: collins@rlf.com
merchant@rlf.com
steele@rlf.com
schlauch@rlf.com

- and -

George A. Davis (*pro hac vice*)
George Klidonas (*pro hac vice*)
Andrew Sorkin (*pro hac vice*)
Anupama Yerramalli (*pro hac vice*)
**LATHAM & WATKINS LLP**
885 Third Avenue
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: george.davis@lw.com
george.klidonas@lw.com
andrew.sorkin@lw.com
anu.yerramalli@lw.com

- and -

Jeffrey E. Bjork (*pro hac vice*)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, California 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email: jeff.bjork@lw.com

- and -

Jason B. Gott (*pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email: jason.gott@lw.com

*Counsel to the Debtors and the Debtors in Possession*