IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re MALLINCKRODT PLC, *et al.*, | : | Chapter 11 |
| | : | Bankr. Case No. 20-12522-JTD |
| Debtors. | : | (Jointly Administered) |
| | : | |
| CITY OF ROCKFORD, *et al.*, | : | |
| | : | |
| Appellants, | : | |
| v. | : | Misc. No. 20-404-LPS |
| | : | |
| MALLINCKRODT PLC, *et al.*, | : | |
| | : | |
| Appellees.[1] | : | |

## MEMORANDUM ORDER

Having reviewed the papers submitted in connection with the Acthar Plaintiffs'[2] motion

for leave to appeal on an expedited basis (D.I. 1) (the "Expedited Motion for Leave") the

Bankruptcy Court's interlocutory *Order (A) Establishing Bar Dates and Related Procedures for*

*Filing Proofs of Claim and (B) Approving Form and Manner Of Notice Thereof* (Bankr. D.I.

---

[1] The Court has corrected the caption. Although the Acthar Plaintiffs' caption on appeal references an adversary proceeding (Adv. Pro. No. 20-50850-JTD), the Bar Date Order which they seek leave to appeal was not entered or docketed in that adversary proceeding. Rather, the adversary proceeding is a separate matter in which the Acthar Plaintiffs are defendants, and in which they have taken a separate appeal from a different adverse ruling. (*See* C.A. No. 20-1533-LPS)

[2] The "Acthar Plaintiffs" consist of the following: the City of Rockford ("Rockford"), Steamfitters Local Union No. 420 ("Steamfitters Local 420"), the International Union of Operating Engineers Local 542 ("IUOE Local 542"), United Association of Plumbers & Pipefitters Local 322 of Southern New Jersey ("Plumbers Local 322"), and Acument Global Technologies ("Acument"), individually and on behalf of the classes of third-party payors ("TPPs") and their beneficiaries that Rockford, Steamfitters Local 420, and Plumbers Local 322 seek to represent in their respective cases currently pending in federal district courts in the Northern District of Illinois, the Eastern District of Pennsylvania, and the District of New Jersey, respectively.

667)[3] (the "Bar Date Order") entered on November 30, 2020, including the opposition (D.I. 3)
filed by Mallinckrodt plc and its affiliated debtors in possession ("Debtors");

IT IS HEREBY ORDERED that the Expedited Motion for Leave (D.I. 1) is DENIED for
the reasons that follow:

1. *Introduction.*  The Acthar Plaintiffs are a group of litigants pursuing recovery from
the Debtors for alleged unlawful conduct in their marketing of the drug Acthar.  The Acthar
Plaintiffs seek leave to appeal the interlocutory Bar Date Order which, *inter alia*, set a 45-day
general proof of claim deadline and provided for publication notice – as opposed to actual notice
by first class mail – to unknown creditors.  The Acthar Plaintiffs argue that "[t]his is a complex
bankruptcy with various classes of claimants and the proposed deadline and method of notice cut
against the principles of due process." (D.I. 1 at 2)  The Acthar Plaintiffs also seek to expedite
the appeal pursuant to Federal Rule of Bankruptcy Procedure 8013.  (*Id.*)

2. *Background*

On October 20, 2020, the Debtors moved for an order establishing bar dates and notice
procedures.  (Bankr. D.I. 270) ("Bar Date Motion")  The Bar Date Motion originally sought a
35-day claims period for non-governmental creditors.  (*Id.*)  The Acthar Plaintiffs filed an
objection to the Bar Date Motion (Bankr. D.I. 422) ("Objection"), although they submitted no
evidence in support of their Objection.

Debtors filed a revised proposed bar date order to establish a 45-day claims period for
non-governmental creditors.  (*See* Bankr. D.I. 607)  At a Bankruptcy Court hearing on November
23, 2020, the Debtors noted that this change came at the request of the Official Committee of
Unsecured Creditors ("Committee").  (*See* 11/23/2020 Hr'g Tr., D.I. 3-1 at 22)  The Debtors

---

[3] The docket of the Chapter 11 cases, captioned *In re Mallinckrodt, plc, et al.*, No. 20-12522-
JTD (Bankr. D. Del.), is cited herein as "Bankr. D.I. __."

further explained that such timing was important so that "the debtors [could] allocate recoveries for general unsecured creditors and [] funnel that information into the disclosure statement," "voting creditors [could] have appropriate information, as required under the Bankruptcy Code," and the reorganization could keep pace with the milestones set in the restructuring support agreement between the Debtors and two of their key creditor constituencies. (*Id.* at 21)

Several groups of creditors agreed to the 45-day deadline, including the Committee, which is appointed to represent the interests of all unsecured creditors. The Acthar Plaintiffs, however, took the position that a claims period of eight weeks – rather than six weeks – was appropriate, due to purported "issues with the mails and responsive periods and all that's going on in people's lives these days." (*Id.* at 27) Again, the Acthar Plaintiffs submitted no evidence in support of their position.

When the Bankruptcy Court noted its concerns given the upcoming "holidays" and "all the things that are going on with COVID" (*id.* at 38), counsel for the Debtors explained that the "mailing" would not arrive in "mailboxes" until "the last few days of the calendar year" (i.e., largely "past the holiday season"); that proofs of claim could be submitted via a website, substantially reducing the impact of any mail delays; and that a 45-day period is "typical, if not on the long end for bar date periods for large cases in this district." (*Id.* at 38-39) The Bankruptcy Court ultimately agreed with the Debtors, noting that 45 days' notice is more extensive than the 21 days required by law and that there was a need for proofs of claim to be filed so that the voting process for confirmation could begin. (*See id.* at 40) The Bankruptcy Court also clarified that "if some individual claimants file claims late," the Bankruptcy Court would "have the opportunity to say that those claims can be filed, and that they can still bring their claim[s] against the estate." (*Id.*)

With respect to notice, the proposed bar date order provided for publication notice for unknown creditors, and (as the Acthar Plaintiffs acknowledged) first-class mail notice to all known unsecured creditors. (*Id.* at 27) Counsel for the Acthar Plaintiffs told the Bankruptcy Court it believed all "purchasers of Acthar are known by the [Debtors]," then added: "But we did reach an agreement with [Debtors' counsel] that that is an issue that can be addressed down the road, in conjunction with the class claim process." (*Id.* at 27-28) Counsel did not argue for any changes to the proposed bar date order regarding notice or insist that all Acthar purchasers must receive actual notice as opposed to publication notice. Rather, in summation, counsel to the Acthar Plaintiffs again stated "the bar date issue is a question of two weeks. The notice, I believe, can be taken up down the road." (*Id.* at 28) Thereafter, the Bankruptcy Court entered the Bar Date Order on November 30, 2020.

On December 15, 2020, the Acthar Plaintiffs filed their Expedited Motion for Leave. (D.I. 1) The Expedited Motion for Leave is fully briefed. (D.I. 1, 2, 4)

**3. *Applicable Standards.*** This Court has jurisdiction to hear appeals "with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a)(3). Section 158(a) does not identify the standard district courts should use in deciding whether to grant such an interlocutory appeal. *See id.* "Typically, however, district courts follow the standards set forth under 28 U.S.C. § 1292(b), which govern interlocutory appeals from a district court to a court of appeals." *In re AE Liquidation, Inc.*, 451 B.R. 343, 346 (D. Del. 2011).[4]

---

[4] *See also In re Philadelphia Newspapers, LLC*, 418 B.R. 548, 556 (E.D. Pa. 2009) ("Based upon the decision of the Third Circuit in *Bertoli v. D'Avella (In re Bertoli)*, 812 F.2d 136, 139 (3d Cir. 1987), courts within this Circuit confronted with the decision whether to grant leave to allow an interlocutory appeal are informed by the criteria in 28 U.S.C. § 1292(b).").

Under the standards of section 1292(b), an interlocutory appeal is permitted only when the order at issue (1) involves a controlling question of law upon which there is (2) substantial ground for difference of opinion as to its correctness, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). Entertaining review of an interlocutory order under § 1292(b) is appropriate only when the party seeking leave to appeal "establishes exceptional circumstances [to] justify a departure from the basic policy of postponing review until after the entry of final judgment." *In re Del. and Hudson Ry. Co.*, 96 B.R. 469, 472-73 (D. Del. 1989), *aff'd*, 884 F.2d 1383 (3d Cir. 1989). In part, this stems from the fact that "[p]iecemeal litigation is generally disfavored by the Third Circuit." *In re SemCrude, L.P.*, 2010 WL 4537921, at *2 (D. Del. Oct. 26, 2010) (citing *In re White Beauty View, Inc.*, 841 F.2d 524, 526 (3d Cir. 1988)). Further, leave for interlocutory appeal may be denied for "entirely unrelated reasons such as the state of the appellate docket or the desire to have a full record before considering the disputed legal issue." *Katz*, 496 F.2d at 754.

"A bar date order is an order issued by the bankruptcy court which sets a date certain by which all creditors must file proofs of claims against the debtor's estate. If a creditor fails to file a proof of claim by that date, the creditor is barred from receiving a distribution from the estate." *In re Hooker Invs., Inc.*, 122 B.R. 659, 661 n.2 (S.D.N.Y. 1991) (citing Fed. R. Bankr. P. 3003). The fixing of a bar date resolves no claim or right. Instead, the "issuance of a bar date order is a largely ministerial act designed to bring to light all claims against the estate; the order resolves no claim by or against the debtor, nor does it have any direct effect on the disposition of the assets of the estate." *Id.* at 662. Additionally, "the order may be extended or modified by the bankruptcy judge for cause shown." *Id.*; *see also* Fed. R. Bankr. P. 3003(c)(3) ("The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be

5

filed."). Federal Rule of Bankruptcy Procedure 2002 provides that "the time fixed for filing

proofs of claims pursuant to Rule 3003(c)" must be after "at least 21 days' notice[]."

It is also essential that notice of a bar date be given to creditors consistent with the

demands of due process. *See In re Energy Future Holdings Corp.*, 522 B.R. 520, 527 (Bankr. D.

Del. 2015). What constitutes adequate notice depends in large part on whether a creditor is a

"known" or "unknown" creditor. *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir.

1995). "[A] 'known' creditor is one whose identity is either known or reasonably ascertainable

by the debtor." *Id.* (quoting *Tulsa Pro. Collection Servs., Inc. v. Pope*, 485 U.S. 478, 490

(1988)). As the Third Circuit has held, "due process entitle[s] ['known' creditors] to actual

notice of the bankruptcy proceedings," but "notice by publication [i]s sufficient to satisfy the

requirements of due process" with respect to "'unknown' creditors." *Id.* at 345-46.

A bankruptcy judge's "exercise of its discretion" regarding bar date determinations

"should not be lightly disturbed," given bankruptcy judges' "special expertise in the field and

full[] familiar[ity] with the facts and circumstances of the cases before them." *Hooker*, 122 B.R.

at 665.

### 4. *Analysis.*

#### A.    *Controlling Question of Law as to Which There Is Substantial Ground for Difference of Opinion*

"A controlling question of law must encompass at the very least every order which, if

erroneous, would be reversible error on final appeal." *Katz*, 496 at 755. "'[C]ontrolling' means

serious to the conduct of the litigation, either practically or legally. And on the practical level,

saving of time of the district court and of expense to the litigants [has been] deemed . . . to be a

highly relevant factor." *Id.* (internal citation omitted). The "controlling question of law" also

must be one as to which there is "substantial ground for difference of opinion." 28 U.S.C. §

1292(b). The Acthar Plaintiffs have not satisfied these standards.

### (i)  *Selection of a 45-Day Claims Period*

The first issue on interlocutory appeal – whether the claims period should be set at

approximately six weeks as opposed to the eight weeks urged by the Acthar Plaintiffs – does not

present a controlling question of law. As the Bankruptcy Court recognized, Federal Rule of

Bankruptcy Procedure 2002(a)(7) requires "at least 21 days[]" to file proofs of claim.

(11/23/2020 Hr'g Tr. 40) Beyond the minimum requirement, "[t]he setting of a bar date

pursuant to Bankruptcy Rule 3003(c) and the grant or denial of an extension of time to file a

proof of claim are matters within the discretion of the bankruptcy court." *Hooker*, 122 B.R. at

663 (citing *Vertientes, Ltd. v. Internor Trade, Inc. (In re Vertientes, Ltd.)*, 845 F.2d 57, 59 (3d

Cir. 1988)); *see also* Fed. R. Bankr. P. 3003(c)(3) ("[The] court shall [in a Chapter 11 case] fix

and for cause shown may extend the time within which proofs of claim or interest may be filed").

Bar date determinations, like other discretionary decisions, do not present a controlling

question of law suitable for interlocutory appeal. *See In re Adelphia Commc'ns Corp.*, 333 B.R.

649, 664 (S.D.N.Y. 2005) (issues "within the Bankruptcy Court's broad discretion . . . do not

present pure questions of law or arise out of a genuine doubt as to the correct applicable legal

standard that was relied on in the order") (internal quotation marks omitted).

"The 'controlling question of law' also must be one as to which there is 'substantial

ground for difference of opinion.'" *Mesabi Metallics Co. LLC v. Cleveland-Cliffs, Inc. (In re*

*Essar Steel Minn. LLC)*, 607 B.R. 409, 416 (D. Del. 2019) (quoting 28 U.S.C. § 1292(b)). "This

calls for more than mere disagreement with the ruling of the Bankruptcy Court." *Id.*

"Additionally, the absence of controlling law on a particular issue can constitute substantial

grounds." *Id.* "This factor may also be met when 'the bankruptcy court's decision is contrary to

7

well-established law.'" *Id.* (quoting *In re Marvel Entm't Grp., Inc.*, 209 B.R. 832, 837 (D. Del. 1997)).

There are no grounds for a difference of opinion here. The legal standard applicable to bar dates is clear and undisputed. *See Essar Steel*, 607 B.R. at 416-17 (denial of leave to appeal warranted where "there is no genuine disagreement as to the correct legal standard" and, if review were granted, "the [District] Court would apply the same law applied by the Bankruptcy Court"). Moreover, the Bankruptcy Court's decision is entirely consistent with well-established law. A "Bankruptcy Court d[oes] not abuse its discretion" if it "explain[s] why" it exercised its discretion the way it did and "[t]he reasons it g[ives] make sense." *Cunningham v. Energy Future Holdings Corp. (In re Energy Future Holdings Corp.)*, 558 B.R. 684, 687 (D. Del. 2016). That standard is easily satisfied here, as already explained. The fact that the Acthar Plaintiffs might have preferred two extra weeks[5] is precisely the sort of "mere disagreement" with a Bankruptcy Court's ruling that does not constitute a substantial ground for difference of opinion for § 1292(b) purposes. *See Essar,* 607 B.R. at 416.

### (ii)     *Publication Notice*

The second question of law identified by the Acthar Plaintiffs – "[w]hether notice by publication," instead of by first class mail, "violates due process" "for certain classes of potential claimants" – is not actually presented here because the Bankruptcy Court did not decide any of the notice issues in the Bar Date Order that the Acthar Plaintiffs now seek to raise. The Bar Date Order provides that "all . . . entities listed on the Debtors' matrix of creditors" must be given notice by first class mail. (*See* Bar Date Order at 5) The Bar Date Order further provides, "In the event that . . . additional potential holders of General Claims become known to the Debtors,

---

[5] As counsel for the Acthar Plaintiffs put it to the Bankruptcy Judge, "I think we're looking basically at Valentine's Day versus the 1st of March." (11/23/20 Hr'g Tr. at 27)

the Debtors may [provide actual notice via] supplemental mailings." (*Id.* at 6)  Thus, the Bar

Date Order's "Publication Notice" provisions only apply to creditors who are not currently

known to the Debtors and will not become known to the Debtors as they prepare to mail notices.

(*Id.* at 11)  These procedures conform with Third Circuit law: "due process entitle[s] ['known'

creditors] to actual notice of the bankruptcy proceedings," but "notice by publication [i]s

sufficient to satisfy the requirements of due process" with respect to "'unknown' creditors."

*Chemetron*, 72 F.3d  at 346.  "[A] 'known' creditor is one whose identity is either known or

'reasonably ascertainable by the debtor.'"  *Id.* (quoting *Tulsa Pro. Collection Servs.*, 485 U.S. at

490).[6]  Nothing in the Bar Date Order purports to change those obligations.

Moreover, although they initially raised objections to the notice requirements, the Acthar

Plaintiffs abandoned those objections during the hearing and deferred resolution to a later date.

Thus, the Acthar Plaintiffs have not preserved this issue for interlocutory appeal.  *Goldenstein v.

Repossessors Inc.*, 815 F.3d 142, 149 (3d Cir. 2016) (appellate courts ordinarily do not consider

issues not pressed or passed upon below).

Further, the Acthar Plaintiffs have identified no basis for substantial disagreement with

the Bar Date Order's notice requirements.  There is no dispute about the legal standards

governing notice.  Counsel for the Acthar Plaintiffs acknowledged that the Debtors will "send

first-class mail notice to all known unsecured creditors" (11/23/2020 Hr'g Tr. at 27), which fully

satisfies due process, *see Chemetron*, 72 F.3d at 346-47.

---

[6] If the Debtors mistakenly categorize certain creditors and provide insufficient notice, then the
Debtors will bear the risk that those creditors may not be bound by the bar date set in the Bar
Date Order. *See In re Energy Future Holdings*, 522 B.R. at 527 ("A failure to [give notice
consistent with due process] would require that the filing of [a] late claim be permitted.").

**B.** *Whether Immediate Appeal of Either Issue*
*Will Materially Advance Termination of Litigation*

The Acthar Plaintiffs do not argue that an immediate appeal of the 45-day claims period

or method of notice would materially advance termination of any litigation. Rather, they assert

that providing notice by first-class mail will "substantially reduce the number of claimants filing

late filed claims and litigation related thereto or appeals or other litigation of those claimants that

do not receive notice by publication." (D.I. 1 at 7-8; *see also* D.I. 4 at 3 & n.2) This argument is

speculative, not based on any facts in the record, and does not satisfy the standard that immediate

appeal will advance the termination of litigation. To the contrary, permitting an immediate

appeal of notice issues based on the current, incomplete record – before the Debtors have sent or

published any notices, and before the bar date itself or any discharge under a Chapter 11 plan

will occur – would be a waste of judicial resources. *See Dal-Tile Int'l,* 203 B.R. at 557 (denying

leave to appeal because "the issues presented in this appeal may be mooted by a later decision by

the Bankruptcy Court, and fact-finding . . . will be necessary on remand, regardless of the

Court's decision of this appeal"); *In re Maxus Energy Corp.,* 611 B.R. 532, 539 (D. Del. 2019)

(stating that "leave for interlocutory appeal may be denied [out of] the desire [for] a full record

before considering" issues on appeal).

**C.** *Whether Exceptional Circumstances Justify Immediate Appeal*

"Interlocutory appeal is meant to be used sparingly and only in exceptional cases where

the interests cutting in favor of immediate appeal overcome the presumption against piecemeal

litigation." *AE Liquidation,* 451 B.R. at 349 (internal quotation marks omitted). The Expedited

Motion for Leave does not identify any exceptional circumstances that might warrant deviation

from the final judgment rule. (*See* D.I. 1) Instead, as the Debtors argue, the Acthar Plaintiffs

have failed to cite a single case granting leave to appeal an order setting a bar date, and have

10

failed to explain why the procedures established in the Order should be immediately reviewed.

In sum, the Acthar Plaintiffs have failed to point to "any circumstance or reason that

distinguishes the case from the procedural norm and establishes the need for immediate review."

*In re Magic Rests., Inc.*, 202 B.R. 24, 26-27 (D. Del. 1996).

   5.  ***Conclusion.***  For the reasons explained above, the Court will DENY the Expedited

Motion for Leave. (D.I. 1)  The Clerk is directed to CLOSE Misc. No. 20-404-LPS.


February 11, 2021                                       HONORABLE LEONARD P. STARK
Wilmington, Delaware                                  UNITED STATES DISTRICT JUDGE

11