# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
: **Chapter 11**
*In re:* :
: **Case No. 20-12522 (JTD)**
**MALLINCKRODT PLC,** *et al.*,[1] :
: **Jointly Administered**
:
Debtors. : Re: Docket Nos. 1288, 1431
---------------------------------------------------------------x

## FEE EXAMINER'S FINAL REPORT REGARDING FIRST INTERIM FEE APPLICATION REQUEST OF <u>WACHTELL, LIPTON, ROSEN & KATZ</u>

Direct Fee Review LLC ("DFR"), appointed and employed as the Fee Examiner in the above-captioned bankruptcy proceedings and acting in its capacity regarding the First Interim Fee Application Request of Wachtell, Lipton, Rosen & Katz (the "Firm") for compensation for services rendered and reimbursement of expenses as Co-Counsel to the Debtors and Debtors-In-Possession for the compensation period from October 12, 2020 through December 31, 2020 ("Fee Application") seeking approval of fees in the amount of $2,552,265.00 and the reimbursement of expenses in the amount of $23,388.19, submits its final report.

## BACKGROUND

1. In performance of audit procedures and in preparation of this report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained herein, DFR reviewed the monthly fee statements and the Applications,

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.primeclerk.com/Mallinckrodt. The debtors' mailing address is 675 McDonnell Blvd., St. Louis, Missouri 63042.

including each of the billing and expense entries listed in the exhibits to the monthly statements, for compliance with 11 U.S.C. § 330, Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended February 1, 2021 ("Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued June 11, 2013 ("Guidelines").

2. DFR did not prepare informal memos related to monthly fee applications of the Firm. We included our questions and issues in an initial report and this final report. We have included responses and any recommended resolutions in this final report.

## DISCUSSION

3. For the compensation period of October 12, 2020 through December 31, 2020 the Firm submitted monthly fee applications in the amount of $2,552,265.00 as actual, reasonable and necessary fees and for expense reimbursement of $23,388.19. We calculated that for the Fee Application period, $7,827.50 was related to fee application preparation.

4. We deem it generally acceptable to have a maximum of 3% of total time charged in preparing fee applications. For Firms with more limited involvement, we consider an alternative standard of less than $50,000 in total spent on preparing fee applications. We apply these guidelines on a cumulative basis. We evaluate these charges with consideration to the length of time of the case and the practice experience of the firm. In each application we review every entry for substance and to determine the correct allocation without regard for materiality. We noted that cumulatively through this period the Firm has charged $7,827.50 related to fee applications on a cumulative basis and we

have calculated that 0.3% of the fees billed related to fee applications on a cumulative basis. We do not have an objection to the amount of fees charged for fee application preparation in this fee application based upon our review and procedures and we deem the amount to be reasonable.

5. Our procedures applied to the monthly fee applications identified entries that when recalculated do not equal the amount of the time charged. In the aggregate these represent under-billings and we do not recommend any change for these entries. Because there is no recommendation for a reduction in fees for these entries, no exhibit has been included.

6. We noted that several of the Firm's professionals attended hearings telephonically during the interim period. Paragraph II.D.5 of the Guidelines provides that "if more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees. We requested that the Firm provide further explanation regarding these hearings and why all of these fees are compensable. The Firm provided detailed description of the circumstances surrounding these hearings and the need and involvement of each timekeeper. Also, the Firm agreed to withdraw the charges listed in Exhibit A. After our review of this information and these explanations, we recommend that fees be reduced by $3,550.00.

7. Pursuant to the Guidelines, administrative or general costs incident to the operation of the applicant's office and not particularly attributable to an individual client or case are not reimbursable. We noted the expense entries listed in Exhibit B which appear to be time billing of undisclosed timekeepers. Activities, such as proof reading, word processing and text editing, are normally considered part of the Firm's overhead and would not be

charged to the estate. We requested that the Firm explain why these entries are compensable or withdraw them. The Firm agreed to withdraw these charges. We recommend that reimbursement of expenses be reduced by $653.25.

8. Local Rule 2016-2(d)(iv) requires that time be recorded in increments of $1/10^{th}$ of an hour. We noted that much of the time billed by certain timekeepers appeared to have been recorded in units of ½ of an hour. We requested that the Firm advise us of how this impacts the amounts billed and adjust the fees requested appropriately. The Firm advised us that many calls & conferences did last full half hours or full hours and they had confirmed that the amount of time charged by these timekeepers was no more than the actual working time. Since no adjustment is required, no exhibit has been included.

9. The local rules limit the charge for copies to 10 cents per page. Listed in Exhibit C are charges that have been billed at higher amounts. We requested and the Firm agreed to reduce the charges for black & white copies to 10 cents per page. Also, we requested that the Firm confirm that certain charges reflected this charge limit or adjust these charges appropriately. The Firm described the charges which confirmed that they were not duplicating charges. We recommend that reimbursement of expenses be reduced by $9.10.

10. We noted charges for internet service. We requested and the Firm explained why these are billed to these cases. Since no adjustment is required, no exhibit has been included.

11. Also, we noted an entry where the timekeeper charged most of a day to this case. We requested and the Firm confirmed that the time billed is accurate. Also, some of the tasks

in this entry appeared that they might have been better performed by paraprofessionals. Similarly, we enquired about other entries where the tasks could also have been performed by professionals with lower billing rates. We discussed these with the Firm and came to understand that in these specific circumstances it was more efficient for the timekeeper to perform these tasks rather than instructing a paraprofessional and then having them perform the task. Also, the Firm advised us that they would be mindful of this issue in the future. Since no adjustment is required, no exhibit has been included.

12. All motions shall include complete and detailed activity descriptions; each activity description shall include the type of activity; each activity description shall include the subject matter and shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary. Our procedures applied to the monthly fee applications identified entries with descriptions which we consider vague or insufficient or non-substantive. We requested and the Firm agreed to instruct timekeepers that, where practicable, to avoid or stop the use of vague activity descriptions such as "work on", "work", "working ", "assist", "follow up", "attend to", "address" and "attention to". The Firm advised us that they had agreed with the US Trustee to reduce their fees by $6,317.00 relating to vague entries. Also, we requested and the Firm provided additional description of the activities for certain entries which explained the amount of time charged and support the time and need. Since no adjustment is required, no exhibit has been included.

13. Activity descriptions shall individually identify all meetings and hearings (conferences and conference by telephone), each participant, the subject(s) of the meeting or hearing

(conferences and conference by telephone) and the participant's role; including email. Our procedures applied to the monthly fee applications identified entries with descriptions which did not provide such detail. We requested and the Firm identified the participants referred to as "LW", "Gugg", "principals", "Alix Partners", "Irish counsel", "external advisors", "core advisors", "client", "principal group", "Houlihan", "committees", "core team", "team", "internal", "MNKJ", "Guggenhein", "advisors" and "Alix". Also, we reviewed entries that did not identify participants. We requested and the Firm provided such participant information. Because there is no recommendation for reduction in fees, no exhibit has been included.

14. Pursuant to the Guidelines, administrative or general costs incident to the operation of the applicant's office and not particularly attributable to an individual client or case are not reimbursable. We noted entries that seemed to reflect administrative activity that would not be charged to the estate such as initial conflicts process and procedures or invoice preparation and review or review for internal error correction such as that for those entries including privileged or confidential information. Professionals are aware of the timekeeping requirements and the Debtor should not need to reimburse the Firm for errors. We requested that the Firm review the entries and withdraw such entries for administrative activities, if appropriate. We requested and the Firm confirmed that these are for required retention disclosures and fee application preparation and did not represent unnecessary activity. The Firm advised us that they had agreed with the US Trustee to reduce their fees by $5,000.00 relating to conflicts checks. In addition, the Firm agreed to remove those portions of the charges listed in Exhibit D. We recommend that fees be reduced by $2,662.50.

15. Our review and procedures applied to the monthly fee statements and the applications, including each of the billing entries listed in the exhibits to the monthly statements did not disclose any other material issues or questions.

## CONCLUSION

16. Regarding the application and the fees and expenses discussed in the previous sections, DFR submits its final report for the First Interim Fee Application Request of Wachtell, Lipton, Rosen & Katz for compensation for services rendered and reimbursement of expenses as Co-Counsel to the Debtors and Debtors-In-Possession for the compensation period from October 12, 2020 through December 31, 2020 and we recommend the approval of the fees of $2,534,735.50 ($2,552,265.00 minus $11,317.00 minus $6,212.50) and reimbursement of expenses in the amount of $22,725.84 ($23,388.19 minus $662.35).

Respectfully submitted,

**DIRECT FEE REVIEW LLC**
**FEE EXAMINER**

By: *Don F Oliver*
    D. F. Oliver

24A Trolley Square #1225
Wilmington, DE 19806-3334
Telephone: 302.287.0955
dfr.dfo@gmail.com

## Exhibit A:

| | | | | | |
|---|---|---|---|---|---|
| 2.6 | 1300 | 20201116 | MNK opioid injunction hearing (dropped early) | 500 | M. Miles, Alexander |
| 0.7 | 350 | 20201117 | opioid preliminary injunction hearing continued (dropped early) | 500 | M. Miles, Alexander |
| 2.3 | 1150 | 20201118 | opioid preliminary injunction hearing, closing arguments (droped early) | 500 | M. Miles, Alexander |
| 0.8 | 400 | 20201120 | Cash collateral hearing (dropped early) | 500 | M. Miles, Alexander |
| 0.7 | 350 | 20201222 | att'n to hearing on 1l lender's motion for relief from stay | 500 | M. Miles, Alexander |

## Exhibit B:

| | | | | |
|---|---|---|---|---|
| 2 | 90 | 20201115 | Proofreading | 45 |
| 0.25 | 11.25 | 20201116 | Proofreading | 45 |
| 0.6 | 27 | 20201116 | Proofreading | 45 |
| 1 | 45 | 20201119 | Proofreading | 45 |
| 2 | 90 | 20201124 | Proofreading | 45 |
| 1 | 45 | 20201202 | Proofreading | 45 |
| 1 | 60 | 20201102 | Word Processing | 60 |
| 4 | 240 | 20201109 | Word Processing | 60 |
| 0.25 | 15 | 20201228 | Word Processing | 60 |
| 0.5 | 30 | 20201228 | Word Processing | 60 |
| | 653.25 | | | |

## Exhibit C:

| | | | | |
|---|---|---|---|---|
| 5 | 0.75 | 20201012 | Duplicating - Printing | 0.15 |
| 6 | 0.9 | 20201101 | Duplicating - Printing | 0.15 |
| 2 | 0.3 | 20201109 | Duplicating - Printing | 0.15 |
| 3 | 0.45 | 20201112 | Duplicating - Printing | 0.15 |
| 6 | 0.9 | 20201120 | Duplicating - Printing | 0.15 |
| 5 | 0.75 | 20201124 | Duplicating - Printing | 0.15 |
| 3 | 0.45 | 20201125 | Duplicating - Printing | 0.15 |
| 2 | 0.3 | 20201127 | Duplicating - Printing | 0.15 |
| 1 | 0.15 | 20201128 | Duplicating - Printing | 0.15 |
| 3 | 0.45 | 20201201 | Duplicating - Printing | 0.15 |
| 3 | 0.45 | 20201220 | Duplicating - Printing | 0.15 |
| 143 | 21.45 | 20201221 | Duplicating - Printing | 0.15 |

## Exhibit D:

| | | | | | |
|---|---|---|---|---|---|
| 5.10 | 4,462.50 | 20201012 | E-mail correspondence re retention application and fee categories (.4), call with P. Mindlin re retention application (.3), calls and e-mails with O. Zhao re retention application (1.3), **e-mail re billing memorandum** (.2), perform conflict check (1.5), revise retention application (1.4) | 875 | H. Cassel, Michael |

8

| | | | | | |
|---|---|---|---|---|---|
| 0.20 | 300.00 | 20201012 | Billing codes email and billing memo. | 1500 | Mindlin, Philip |
| 0.50 | 437.50 | 20201104 | Attention to billing related matters | 875 | H. Cassel, Michael |
| 0.30 | 262.50 | 20201207 | Attention to fee matter | 875 | H. Cassel, Michael |
| 0.20 | 300.00 | 20201221 | t/c with PM re billing, emails with MC re same | 1500 | Silverberg, Rachelle |
| 0.50 | 437.50 | 20201222 | Call w RS re billing | 875 | H. Cassel, Michael |
| 0.50 | 750.00 | 20201224 | t/c with PM, EK, MC re billing/reimbursement for shenk and related cases | 1500 | Silverberg, Rachelle |