# EXHIBIT 1

**Settlement Agreement**

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This confidential Settlement Agreement and Mutual Release ("**Agreement**"), dated December 22, 2020, is entered into by Christine Hempel, Hugh Hempel, and the estates of their daughters Addison Hempel and Cassidy Hempel (**"Plaintiffs"**), on the one hand, and by Cydan Development, Inc., Cydan II, Inc., Vtesse LLC, Sucampo Pharmaceuticals, Inc., and Mallinckrodt plc ("**Defendants**"), on the other hand. (Each of Plaintiffs and Defendants a "**Party**" and collectively the "**Parties**").

WHEREAS, the Parties have had disputes regarding Niemann-Pick disease Type C ("**NPC**"), the molecule cyclodextrin, and VTS-270;

WHEREAS, on January 5, 2018, Plaintiffs filed a complaint in the United States District Court for the District of Nevada, styled *Hempel v. Cydan Development, Inc.,* No. 3:18-cv-00008, asserting various contract and tort claims against Cydan Development, Inc., Cydan II, Inc., Vtesse, Inc., and Sucampo Pharmaceuticals, Inc. related to NPC and cyclodextrin;

WHEREAS, that lawsuit was transferred to the United States District Court for the District of Maryland in November 2018 and given the new case number 8:18-cv-03404 ("**Lawsuit**");

WHEREAS, in February 2018 Mallinckrodt plc, through a subsidiary, acquired Sucampo Pharmaceuticals, Inc. and Vtesse, Inc.;

WHEREAS, in February 2019 Plaintiffs amended their complaint ("**Amended Complaint**") and added Mallinckrodt plc as a defendant;

WHEREAS, on October 12, 2020, Vtesse LLC (a successor of Vtesse, Inc.), Sucampo Pharmaceuticals, Inc., and Mallinckrodt plc filed for bankruptcy under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware ("**Bankruptcy Court**"), Nos. 20-12522 (Mallinckrodt plc), 20-12575 (Sucampo Pharmaceuticals, Inc.), and 20-12579 (Vtesse LLC);

WHEREAS, the Parties desire to settle and release all claims raised in the Amended Complaint and all other past and future claims, causes of action, allegations, and disputes, as between them, relating in any way to NPC, the molecule cyclodextrin, VTS-270, any contracts between the Parties, and any related intellectual property Plaintiffs allege they own or have owned ("**Trade Secrets**").

**NOW, THEREFORE**, the Parties, in consideration of the promises, mutual agreements, and covenants contained herein, hereby acknowledge and agree as follows:

1. **Definitions**: In this Agreement, the following terms shall have the following respective meanings:

    a. "**Claims**" means any and all complaints, claims/counterclaims, demands, liabilities, obligations, promises, judgments, agreements, controversies, actions, causes of action, suits, rights, damages, costs, losses, debts, charges, and expenses (including attorney fees) of any kind whatsoever.

    b. **"Defendant Releasees"** means Cydan Development, Inc., Cydan II, Inc., New Enterprise Associates, Inc., Vtesse, Inc., Vtesse LLC, Sucampo Pharmaceuticals, Inc., and Mallinckrodt plc, and all of these entities' past, present, and future administrators, affiliates, agents, assignees, associates, attorneys, directors, employees, equity holders, equityholder representatives, estates, executors, heirs, insurers, managers, members, officers, owners, parents, partners, partnerships, representatives, subsidiaries, and successors.

    c. **"Plaintiff Releasors"** means each of Plaintiffs and all of their affiliates, agents, assignees, associates, employees, estates, heirs, partners, representatives, successors, and corporations over which they have control, including, without limiting the foregoing, all entities of any kind with names that include "Solution Therapeutics" or "Strainz."

2. **Payment**: Within seven days after the Bankruptcy Court's approval of this Agreement, and in consideration for the releases and dismissal promised herein, Defendants will pay to Slarskey LLC Interest Only Lawyers Trust Account $3,000,000 ("**Settlement Payment**"). Payment will be made by wire transfer according to instructions David Slarskey will supply Defendants within five days after signing this Agreement.

3. **Dismissal of Pending Litigation**: Within three days of receipt of the Settlement Payment, the Plaintiffs will file a Stipulation of Dismissal of the Amended Complaint with Prejudice in a form substantially similar to Exhibit A.

4. **Plaintiffs' Full and Complete Release**: The Plaintiff Releasors hereby fully, finally, and forever release and discharge all Defendant Releasees from and against all actual and potential claims, whether matured or unmatured, whether at law or in equity, including but not limited to claims arising out of or relating in any way to NPC, cyclodextrin, VTS-270, or any Trade Secrets, that were or could have been asserted in the Amended Complaint or that may arise in the future, that have not yet accrued, or that may be unknown. Plaintiffs acknowledge that this release bars them from filing any proof of claim in any currently pending bankruptcy proceeding involving Mallinckrodt plc or any of its affiliates, parents, or subsidiaries.

5. **Defendants' Full and Complete Release**: Defendants fully, finally, and forever release and discharge Plaintiffs from and against all actual and potential claims, whether matured or unmatured, whether at law or in equity, arising out of or relating in any way to NPC, cyclodextrin, VTS-270, or the Trade Secrets.

6. **Representation Regarding Claimed Trade Secrets**: Plaintiffs license Defendant Releasees to reference or use any and all Trade Secrets in connection with any activities related to NPC, cyclodextrin, or VTS-270. Plaintiff Releasors agree not to bring suit against any of the Defendant Releasees based upon the Trade Secrets, and not to encourage, aid, assist, or support any third-party in bringing suit based upon the Trade Secrets. In the event any Plaintiff Releasor breaches this section of the Agreement, Plaintiffs will indemnify and hold harmless Defendant Releasees and will reimburse Defendant Releasees for the reasonable costs and attorneys' fees incurred in defending such claims. Nothing in

this section shall be construed to prevent or impose liability upon Plaintiffs for making any disclosure that Plaintiffs reasonably believe is required by applicable law, or is compelled by legitimate judicial or administrative processes.

7. **Fees and Costs**: Each Party shall bear its own costs (including all legal fees) incurred in connection with the Lawsuit, the negotiation and preparation of this Agreement, and the Parties' underlying disputes leading up to this Agreement. In any future litigation or alternative dispute resolution arising out of or in connection with this Agreement or its interpretation, the prevailing Party/Parties will be entitled to recover all of its/their reasonable costs, legal fees, and other related expenses from the non-prevailing Party/Parties.

8. **Bankruptcy Court Approval**: The Parties acknowledge that this Agreement will be submitted to and must be approved by the Bankruptcy Court, and until such approval is granted is not binding on Mallinckrodt plc, Vtesse LLC, and Sucampo Pharmaceuticals, Inc. In the event the Bankruptcy Court rejects or denies this Agreement, this Agreement will be immediately and automatically terminated in full as to all Parties and will be considered null and void, as if no party had ever signed it. Defendants shall promptly seek such approvals and keep Plaintiffs reasonably informed of efforts to obtain such approvals.

9. **Confidentiality**: The Parties agree to keep the terms, conditions, and existence of this Agreement confidential and to not disclose the existence or terms of this Agreement to any third parties, unless such Party (a) reasonably believes that such disclosure is required by applicable law, (b) is compelled to make such disclosure by legitimate judicial or administrative process, or (c) makes such disclosure in an action or proceeding brought by a Party in pursuit of its rights or in the exercise of its remedies under this Agreement; provided, however, that in the case of disclosure pursuant to (a) or (b) above, the disclosing Party shall only disclose such information that it reasonably believes it is required to disclose and shall give the other Parties five business days advance written notice of such intended disclosure so that they may seek a protective order. Notwithstanding the foregoing sentence, the Parties agree that their accountants, actuaries, administrators, affiliates, agents, attorneys, auditors, directors, employees, equity holders, equityholder representatives, financial advisors, insurers, members, officers, owners, partners, representatives, subsidiaries, and successors are permitted to know the existence, terms, and conditions of this Agreement on a confidential, need-to-know basis in the course of normal business.

10. **No Admission of Liability**: This Agreement constitutes a compromise to avoid the cost and risk of litigation and shall not be construed as an admission of any liability by any Party.

11. **Termination and Modification**: Neither this Agreement as a whole nor any of its individual provisions may be modified, altered, supplemented, amended, or waived by any Party except by a writing signed by all Parties.

12. **Headings**: The recitals and headings in this Agreement are for convenience of reference only and shall not be deemed to define or limit the provisions hereof.

13. **Interpretation**: Each Party hereby acknowledges that it is sophisticated and represented by counsel and that each Party and/or its counsel has reviewed, fully understood, and voluntarily consented to this Agreement without relying on any representations, oral or written, of any other Party or its counsel not contained herein. The negotiation and drafting of this Agreement has been a joint effort of the Parties, and therefore any ambiguity in any provision of this Agreement shall not be construed against either Party.

14. **Severability**: Whenever possible, each provision of this Agreement shall be interpreted in such a manner as to be valid under public policy and applicable law, but if any provision of this Agreement shall be invalid or prohibited thereunder, the Agreement must be construed as if the invalid or prohibited provision had not been inserted herein and shall not affect the remaining provisions of this Agreement.

15. **Choice of Law and Forum**: This Agreement shall be governed by and construed in accordance with the law of the State of Maryland, without regard to the principles of conflicts of laws thereof. The Parties agree that any dispute arising out of or relating in any way to this Agreement or the content thereof shall be brought exclusively in the District Court for the District of Maryland or, if that court lacks jurisdiction, then in the state courts located in the State of Maryland. For such actions (but no other actions), the Parties (i) consent to the personal jurisdiction of the federal and state courts located in the State of Maryland, (ii) waive any objection to venue in the federal and state courts located in the State of Maryland and any claim that Maryland is an inconvenient forum, and (iii) waive any right to a jury trial.

16. **Notices**: All demands, notices, requests, consents, and other communications hereunder shall be in writing and shall be deemed to have been duly given when delivered by Federal Express, first-class U.S. mail, or email to:

    If to Plaintiffs to:                                      If to Defendants, to:

    David Slarskey                                            Paul Gaffney
    SLARSKEY LLC                                              WILLIAMS & CONNOLLY LLP
    420 Lexington Avenue, Suite 2525                          725 12th St. NW
    New York, NY 10170                                        Washington, DC 20005
    dslarskey@slarskey.com                                    pgaffney@wc.com

17. **Integration**: This Agreement constitutes the complete and entire agreement between the Parties pertaining to the subject matter contained herein. This Agreement supersedes all prior discussions, negotiations, communications, representations, agreements, and understandings of the Parties, both written and oral, express and implied, related to the subject matter contained herein. Each Party represents and warrants that it has not executed this Agreement in reliance on any promise, representation, or warranty not contained herein. Each Party represents and warrants as of the effective date that this Agreement is the only agreement between the Parties (written or oral, express or implied) and that any other prior agreements between any of the Parties have been previously fully and completely terminated.

18. **Counterparts**: This Agreement may be executed in counterparts, with each executed counterpart constituting an original, but together constituting only one instrument.

19. **Authority**: Each signatory represents and warrants that s/he has authority to execute this Agreement on behalf of the Party listed above his/her signature line.

**CHRISTINE HEMPEL**

*/s/ Christine Hempel*   Date: 12/23/2020

**HUGH HEMPEL**

*/s/ Hugh Hempel*   Date: 12/23/2020

**CYDAN DEVELOPMENT, INC.**

By: _____   Date: _____
Name:
Title:

**CYDAN II, INC.**

By: _____   Date: _____
Name:
Title:

**VTESSE LLC**

By: _____   Date: _____
Name:
Title:

**SUCAMPO PHARMACEUTICALS, INC.**

By: _____   Date: _____
Name:
Title:

**MALLINCKRODT PLC**

By: _____   Date: _____
Name:
Title:

18. **Counterparts**: This Agreement may be executed in counterparts, with each executed counterpart constituting an original, but together constituting only one instrument.

19. **Authority**: Each signatory represents and warrants that s/he has authority to execute this Agreement on behalf of the Party listed above his/her signature line.

**CHRISTINE HEMPEL**

By: _____   Date: _____

**HUGH HEMPEL**

By: _____   Date: _____

**CYDAN DEVELOPMENT, INC.**

By: _C. Adams_____   Date: _12/21/2020_
Name: C. ADAMS
Title: CEO

**CYDAN II, INC.**

By: _C. Adams_____   Date: _12/21/2020_
Name: C. ADAMS
Title: CEO

**VTESSE LLC**

By: _____   Date: _____
Name:
Title:

**SUCAMPO PHARMACEUTICALS, INC.**

By: _____   Date: _____
Name:
Title:

**MALLINCKRODT PLC**

By: _____   Date: _____
Name:
Title:

18. **Counterparts:** This Agreement may be executed in counterparts, with each executed counterpart constituting an original, but together constituting only one instrument.

19. **Authority:** Each signatory represents and warrants that s/he has authority to execute this Agreement on behalf of the Party listed above his/her signature line.

**CHRISTINE HEMPEL**

_____     Date: _____

**HUGH HEMPEL**

_____     Date: _____

**CYDAN DEVELOPMENT, INC.**

By: _____     Date: _____
Name:
Title:

**CYDAN II, INC.**

By: _____     Date: _____
Name:
Title:

**VTESSE LLC**

By: _[signature]_____     Date: 12/23/2020
Name: MARK J. CASEY
Title: Vice President & General Counsel

**SUCAMPO PHARMACEUTICALS, INC.**

By: _[signature]_____     Date: 12/23/2020
Name: MARK J. CASEY
Title: Vice President & General Counsel

**MALLINCKRODT PLC**

By: _[signature]_____     Date: 12/23/2020
Name: MARK J. CASEY
Title: SVP & CLO

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| ADDISON HEMPEL, CASSIDY HEMPEL, CHRISTINE HEMPEL, and HUGH HEMPEL,<br><br>Plaintiffs,<br><br>v.<br><br>CYDAN DEVELOPMENT, INC., CYDAN II, INC., VTESSE, INC., SUCAMPO PHARMACEUTICALS, INC., and MALLINCKRODT PLC,<br><br>Defendants. | Case No. 8:18-cv-03404-PX<br><br>Honorable Judge Xinis |

**STIPULATION OF DISMISSAL WITH PREJUDICE**

IT IS HEREBY STIPULATED AND AGREED, pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), this ____ day of _____, _____, that the above-captioned case be dismissed <u>with prejudice</u> as to all claims, causes of action, and parties, with each party bearing its own costs, legal fees, and other expenses.

The Parties request that the Court enter the attached Order dismissing the case.

| | |
|---|---|
| */s/ David Slarskey*<br>David Slarskey (pro hac vice)<br>   dslarskey@slarskey.com<br>Renee Bea (pro hac vice)<br>   rbea@slarskey.com<br>SLARSKEY LLC<br>420 Lexington Avenue, Suite 2525<br>New York, NY 10170<br>(212) 658-0661<br><br>Tonya Kelly Cronin (Bar No. 27166)<br>   tykelly@bakerdonelson.com<br>Kyle S. Kushmer (Bar No. 20305)<br>   kskushner@bakerdonelson.com<br>BAKER, DONELSON, BEARMAN, | */s/ Paul B. Gaffney*<br>Paul B. Gaffney (Bar No. 12797)<br>   pgaffney@wc.com<br>Jessica Bodger Rydstrom (Bar No. 20692)<br>   jrydstrom@wc.com<br>Benjamin M. Stoll (Bar No. 20696)<br>   bstoll@wc.com<br>WILLIAMS & CONNOLLY LLP<br>725 Twelfth Street Northwest<br>Washington, DC 20005<br>(202) 434-5000<br><br>*Attorneys for Defendants* |

CALDWELL & BERKOWITZ, PC
100 Light Street
Baltimore, MD 21202
(410) 685-1120

Joshua L. Seifert (pro hac vice)
   jseifert@seifertpllc.com
JOSHUA L. SEIFERT PLLC
175 Varick Street
New York, NY 10014
(646) 470-2647

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| ADDISON HEMPEL, CASSIDY HEMPEL, CHRISTINE HEMPEL, and HUGH HEMPEL,<br><br>Plaintiffs,<br><br>v.<br><br>CYDAN DEVELOPMENT, INC., CYDAN II, INC., VTESSE, INC., SUCAMPO PHARMACEUTICALS, INC., and MALLINCKRODT PLC,<br><br>Defendants. | Case No. 8:18-cv-03404-PX<br><br>Honorable Judge Xinis |

## ORDER OF DISMISSAL

Pursuant to the Stipulation of Dismissal with Prejudice filed by the parties under Federal Rule of Civil Procedure 41(a)(1)(ii), IT IS HEREBY ORDERED THAT THIS ACTION IS DISMISSED WITH PREJUDICE as to all claims, causes of action, and parties. Each party will bear its own costs, legal fees, and expenses. The Clerk is directed to close the file.

Dated: _____, _____, _____      _____
　　　　　　　　　　　　　　　　　　　　　　　HONORABLE PAULA XINIS
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE