IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
: **Chapter 11**
*In re:* :
: **Case No. 20-12522 (JTD)**
**MALLINCKRODT PLC,** *et al.,*[1] :
: **Jointly Administered**
:
Debtors. : Re: Docket Nos. 2340, 2341, 2344, 2361
---------------------------------------------------------------x

### FEE EXAMINER'S FINAL REPORT REGARDING SECOND INTERIM FEE APPLICATION REQUEST OF WACHTELL, LIPTON, ROSEN & KATZ

Direct Fee Review LLC ("DFR"), appointed and employed as the Fee Examiner in the above-captioned bankruptcy proceedings and acting in its capacity regarding the Second Interim Fee Application Request of Wachtell, Lipton, Rosen & Katz (the "Firm") for compensation for services rendered and reimbursement of expenses as Co-Counsel to the Debtors and Debtors-In-Possession for the compensation period from January 1, 2021 through March 31, 2021 ("Fee Application") seeking approval of fees in the amount of $2,919,975.00 and the reimbursement of expenses in the amount of $17,434.63, submits its final report.

### BACKGROUND

1. In performance of audit procedures and in preparation of this report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained herein, DFR reviewed the monthly fee statements and the Applications,

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.primeclerk.com/Mallinckrodt. The debtors' mailing address is 675 McDonnell Blvd., St. Louis, Missouri 63042.

including each of the billing and expense entries listed in the exhibits to the monthly statements, for compliance with 11 U.S.C. § 330, Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended February 1, 2021 ("Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued June 11, 2013 ("Guidelines").

2. DFR did not prepare informal memos related to monthly fee applications of the Firm. We included our questions and issues in an initial report and this final report. We have included responses and any recommended resolutions in this final report.

## DISCUSSION

3. For the compensation period of January 1, 2021 through March 31, 2021 the Firm submitted monthly fee applications in the amount of $2,919,975.00 as actual, reasonable and necessary fees and for expense reimbursement of $17,434.63. We calculated that for the Fee Application period, $99,337.50 was related to fee application preparation.

4. We deem it generally acceptable to have a maximum of 3% of total time charged in preparing fee applications. For Firms with more limited involvement, we consider an alternative standard of less than $50,000 in total spent on preparing fee applications. We apply these guidelines on a cumulative basis. We evaluate these charges with consideration to the length of time of the case and the practice experience of the firm. In each application we review every entry for substance and to determine the correct allocation without regard for materiality. We noted that cumulatively through this period the Firm has charged $107,165.50 related to fee applications on a cumulative basis and

we have calculated that 2.0% of the fees billed related to fee applications on a cumulative basis. We note the increase in these fees over the period. We do not have an objection to the amount of fees charged for fee application preparation in this fee application based upon our review and procedures but will continue to monitor these costs.

5. Our procedures applied to the monthly fee applications identified entries that when recalculated, did not equal the amount of the time charged. We requested that the Firm review these entries and adjust the time charged to their internal detail, if appropriate. After incorporating additional detail provided by the Firm these represent under-billings in the aggregate and we do not recommend any change for these entries. Because there is no recommendation for a reduction in fees for these entries, no exhibit has been included.

6. We noted that several of the Firm's professionals attended hearings telephonically during the interim period. Paragraph II.D.5 of the Guidelines provides that "if more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." We requested that the Firm provide further explanation regarding these hearings and why all of these fees are compensable. The Firm provided detailed description of the circumstances surrounding these hearings and the need and involvement of each timekeeper. Also, the Firm agreed to withdraw the charge listed in Exhibit A. After our review of this information and these explanations, we recommend that fees be reduced by $360.00.

7. Local Rule 2016-2(d)(iv) requires that time be recorded in increments of $1/10^{th}$ of an hour. We noted that much of the time billed by a timekeeper appeared to have been recorded in units of ½ of an hour. We requested that the Firm advise us of how this

3

impacts the amounts billed and adjust the fees requested appropriately. The Firm advised us that although this timekeeper had not been recording time in 1/10 hour increments the actual time worked exceeded the time billed. They also confirmed that ts timekeeper had committed to record his time correctly in the future. Because there is no recommendation for reduction in fees, no exhibit has been included.

8. The local rules limit the charge for copies to 10 cents per page. Listed in Exhibit B is a charge that has been billed at higher amount. We requested and the Firm agreed to reduce this charge for black & white copies to 10 cents per page. We recommend that reimbursement of expenses be reduced by $0.10.

9. We noted the charge listed in Exhibit C, which appears to be the cost of commuting to the office. We requested and the Firm agreed to withdraw it. We recommend that reimbursement of expenses be reduced by $35.65.

10. Also, we noted entries where the timekeeper has "lumped" substantial time without providing task time detail. We requested and the Firm provided proper time detail for these entries and confirmed that the time billed is no more than the time worked. Since no adjustment is required, no exhibit has been included.

11. Activity descriptions shall individually identify all meetings and hearings (conferences and conference by telephone), each participant, the subject(s) of the meeting or hearing (conferences and conference by telephone) and the participant's role; including email. Our procedures applied to the monthly fee applications identified entries with descriptions which did not provide such detail. We requested and the Firm confirmed that

the identity of the participants referred to as "LW", "Gugg", "principals", "Irish counsel", "client", "W&C", "core team", "team", "internal", "Guggenheim", "advisors" and "Alix" are as previously advised. Also, we reviewed entries that did not identify participants. We requested and the Firm committed to provide such participant information for these entries. Since no adjustment is required, no exhibit has been included.

12. All motions shall include complete and detailed activity descriptions; each activity description shall include the type of activity; each activity description shall include the subject matter and shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary. Our procedures applied to the monthly fee applications identified entries with descriptions which we consider vague or insufficient or non-substantive. We requested and the Firm agreed to instruct timekeepers to avoid or stop the use of vague activity descriptions such as "work on", "work", "working ", "assist", "follow up", "attend to", "address" and "attention to". Also, we identified vague entries that did not explain the amount of time charged or do not provide the subject. We discussed this with the Firm who committed to provide additional description of the activities to support the time and need. The Firm agreed that should they be unable to provide sufficient detail that they would agree to appropriate reductions. Since no adjustment is required at this time, no exhibit has been included.

13. Pursuant to the Guidelines, administrative or general costs incident to the operation of the applicant's office and not particularly attributable to an individual client or case are not reimbursable. We noted entries that seemed to reflect administrative activity that would not be charged to the estate such as invoice preparation and review or review for internal

error correction such as that for those entries including privileged or confidential information. Professionals are aware of the timekeeping requirements and the Debtor should not need to reimburse the Firm for errors. We requested and the Firm confirmed that the entries were necessary for fee application preparation and continued retention procedures. Also, the Firm agreed to withdraw the entries listed in Exhibit D. We recommend that fees be reduced by $2,040.00.

14. Our review and procedures applied to the monthly fee statements and the applications, including each of the billing entries listed in the exhibits to the monthly statements did not disclose any other material issues or questions.

## CONCLUSION

15. Regarding the application and the fees and expenses discussed in the previous sections, DFR submits its final report for the Second Interim Fee Application Request of Wachtell, Lipton, Rosen & Katz for compensation for services rendered and reimbursement of expenses as Co-Counsel to the Debtors and Debtors-In-Possession for the compensation period from January 1, 2021 through March 31, 2021 and we recommend the approval of the fees of $2,917,575.00 ($2,919,975.00 minus $2,400.00) and reimbursement of expenses in the amount of $17,398.88 ($17,434.63 minus $35.75).

Respectfully submitted,

**DIRECT FEE REVIEW LLC**
**FEE EXAMINER**

By:  *Don F Oliver*
      D. F. Oliver

24A Trolley Square #1225
Wilmington, DE 19806-3334
Telephone: 302.287.0955
dfr.dfo@gmail.com

## Exhibit A:

| | | | | | |
|---|---|---|---|---|---|
| 0.6 | 360 | 20210114 | Attended omnibus hearing (did not listen to whole hearing) | 600 | Miles,Alexander M. |

## Exhibit B:

| | | | | |
|---|---|---|---|---|
| 2 | 0.3 | 20210131 | Duplicating - Printing | 0.15 |

## Exhibit C:

EXECUTIVE CHARGE, INC. - 0305-03/19/21 John F. Lync Executive Charge, Inc. VCH#421830 Fr:104 W 70 ST To:51 W 52 ST Schg: 11.65 Time: 09:55AM CAR #:P0064     35.65

## Exhibit D:

| | | | | | | |
|---|---|---|---|---|---|---|
| 0.90 | 1,530.00 | 20210108 | 257 | Fee app - coding time | 1700 | Mindlin,Philip |
| 0.30 | 510.00 | 20210130 | 284 | review time run | 1700 | Silverberg,Rachelle |