# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MALLINCKRODT PLC, *et al.*, | ) Case No. 20-12522 (JTD) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |

## ORDER ESTABLISHING CONFIRMATION SCHEDULE AND PROTOCOLS

Upon consideration of the motion (the "***Motion***")[2] filed by the Debtors for entry of an order establishing a confirmation schedule and related protocols, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtors consent to entry of a final order by this Court under Article III of the United States Constitution; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Motion having been given; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief

---

[1]     A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.primeclerk.com/Mallinckrodt. The Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

[2]     All capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

granted herein; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY**

**ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The schedule and protocols set forth below will govern the Confirmation

Proceedings and the Confirmation Hearing:[3]

## **The Schedule**

a.      *Disclosure Statement Schedule:

   i.      *Disclosure Statement Objection Deadline. **May 19, 2021 at 4:00 p.m. (prevailing Eastern Time)** shall be the deadline by which any objections to the Disclosure Statement must be filed.

   ii.      *Deadline to File Reply to Disclosure Statement Objections. **June 14, 2021 at 11:59 p.m. (prevailing Eastern Time)** shall be the deadline by which replies to any objections to the Disclosure Statement must be filed.

   iii.      *Disclosure Statement Hearing. **June 15, 2021 at 3:00 p.m. (prevailing Eastern Time)** shall be the Disclosure Statement Hearing.

   iv.      *Voting Record Date. **June 16, 2021** shall be the voting record date.

b.      *Voting Schedule:

   i.      *Solicitation Deadline. **Five (5) business days after entry of the Disclosure Statement Order** shall be the deadline by which the Debtors distribute the Solicitation Packages to those holders of Claims in the Voting Classes that are entitled to vote on the Plan as of the Voting Record Date.

   ii.      *Publication Notice Deadline. **June 28, 2021 (or as soon as reasonably practicable thereafter)** shall be the deadline to publish the Publication Notice (as defined in the Disclosure Statement Order).

   iii.      *Deadline to Object to Claims for Voting Purposes Only. **July 12, 2021 at 4:00 p.m. (prevailing Eastern Time)** shall be the deadline to object to Claims for voting purposes only.

---

[3]      Any dates and deadlines marked with an asterisk herein are provided by the Disclosure Statement Order and provided herein for ease of reference.  For the avoidance of doubt, dates and deadlines that are not marked with an asterisk are established by this Order.

US-DOCS\123795071.22

iv.    *Solicitation Directive Deadline.  **July 15, 2021 at 4:00 p.m. (prevailing Eastern Time)** shall be the Solicitation Directive Deadline.

v.    TDP Filing Date.  **The earlier of (a) 30 days from entry of the Disclosure Statement Order and (b) July 21, 2021** shall be the deadline by which the Debtors will file trust distribution procedures (as may be amended, supplemented or modified from time to time) for any trusts that are to be established in accordance with the Plan and the Confirmation Order.

vi.    *Rule 3018(a) Motion Filing Deadline.  **July 26, 2021 at 4:00 p.m. (prevailing Eastern Time)** shall be the deadline to file a Rule 3018(a) motion.

vii.    Deadline for Claim Objection Referenced in Article VII.J of the Plan.  **July 30, 2021** shall be the deadline for the Debtors to file the Claim Objection referenced in Article VII.J of the Plan ("***July 30 Claim Objection***").

viii.    *Plan Supplement Filing Deadline.  **August 6, 2021** shall be the deadline to file the Plan Supplement.

ix.    *Deadline to Object to Rule 3018(a) Motion.  **August 9, 2021** shall be the deadline to object to a Rule 3018(a) motion.

x.    *Voting Deadline.  **September 3, 2021 at 4:00 p.m. (prevailing Eastern Time)** shall be the deadline to vote on the Plan.

xi.    *Deadline to File Voting Report.  **September 13, 2021 at 4:00 p.m. (prevailing Eastern Time)** shall be the deadline for the filing of the voting report.

c.    Assumption and Cure Schedule:

i.    *Deadline to Serve Cure Notices.  **July 30, 2021** shall be the deadline to serve a cure notice.

ii.    *Contract/Cure Objection Deadline.  **August 17, 2021 at 4:00 p.m. (prevailing Eastern Time)** shall be the deadline to object to the Debtors' proposed assumption and cure of contracts or leases.

d.    Confirmation Fact Discovery:

i.    Deadline for Committees to Serve Final Rule 2004 Document Requests and for Parties to Agree on Final Rule 2004 ESI Search Criteria ("***June 18 Requests and Criteria***").  **June 18, 2021** shall be the deadline by which (a)

3

the Committees[4] must serve any requests for the production of documents or information related to Rule 2004 on a final basis and (b) for the parties to agree on final Rule 2004 search criteria for electronically stored information ("***ESI***") for production.[5]

ii.    <u>Deadline to Serve Plan-Related Document Requests</u>.  **June 23, 2021** shall be the deadline by which any party in interest that intends to seek document discovery in connection with confirmation ("***Requesting Party" or "Requesting Parties***") must serve requests for the production of documents or information (the "***Plan Requests***").[6]

iii.    <u>Deadline to Respond and Object to Plan Requests</u>.  **July 2, 2021** shall be the deadline by which any party subject to a Plan Request ("***Producing Parties***") must respond and/or object to such Plan Requests.

iv.    <u>Deadline to Substantially Complete Review and Production of Documents and Information Responsive to June 18 Requests and Criteria</u>.  **July 28, 2021** shall be the deadline by which parties must substantially complete production of documents and information in response to June 18 Requests and Criteria.

v.    <u>Deadline to Substantially Complete Document Discovery Responsive to Additional Requests</u>.  **July [30], 2021**[7]  shall be the deadline by which parties must substantially complete production of documents in response to additional requests (i.e., Plan Requests served on or before June 23, 2021). Producing Parties will produce responsive documents on a rolling basis.

vi.    <u>Deadline to Complete Fact Depositions</u>.  **August 13, 2021** shall be the deadline by all fact depositions must be completed.

e.    <u>Confirmation Expert Discovery</u>:[8]

i.    <u>Deadline to Submit Initial Expert Reports and Produce Information Considered in Connection with Forming Expert Opinion(s)</u>.  **August 13,**

---

[4]    "***Committees***" means, collectively, the official committee of unsecured creditors and the official committee of opioid claimants that were each appointed in these chapter 11 cases.

[5]    "***Rule 2004***" means Bankruptcy Rule 2004 and Local Rule 2004-1.

[6]    The pending informal document requests, which are agreed to be unrelated to confirmation, and other discovery related to the Royalty Agreement that the parties agree is unrelated to confirmation served by the Objecting Creditors (as such term is defined in *the Limited Objection of Greathouse, Rose, and Glenn to the Debtors' Motion for Order Establishing Confirmation Schedule And Protocols* [Docket No. 2627]), shall not be subject to this Order, and the rights of the Debtors and the Objecting Creditors are reserved with respect to such discovery.

[7]    The Debtors cannot commit to a deadline to complete Plan discovery document production without knowing the scope of Plan-related discovery sought. The Debtors reserve the right to seek modification of this date once all discovery is served.

[8]    For avoidance of doubt, this schedule applies to the July 30 Claim Objection as well.

**2021** shall be the deadline by which (a) all written expert reports must be served and (b) all information that such experts considered in connection with forming their respective expert opinions must be produced. These reports must satisfy the requirements of Federal Rule of Civil Procedure 7026(a)(2)(B) (made applicable by Bankruptcy Rule 7026).

ii.    <u>Deadline to Submit Rebuttal Expert Reports and Produce Information Considered in Connection with Forming Expert Opinions</u>. **August 25, 2021** shall be the deadline by (a) which all rebuttal expert reports must be served and (b) all information that such experts considered in connection with forming their respective expert opinions must be produced. These reports must satisfy the requirements of Federal Rule of Civil Procedure 26(a)(2)(B) (made applicable by Bankruptcy Rule 7026). To the extent expert opinions are offered for the first time in rebuttal expert reports, nothing herein will preclude any party from offering responsive expert testimony on those new opinions at the Confirmation Hearing.

iii.    <u>Deadline to Complete Expert Depositions</u>. **September 1, 2021** shall be the deadline by which all expert depositions must be completed.

f.    <u>Confirmation Hearing</u>:

i.    <u>*Deadline to Serve Confirmation Hearing Notice</u>. **Five (5) business days after entry of the Disclosure Statement Order** shall be the date by which the Confirmation Hearing Notice will be served upon the Debtors' creditor matrix and all Holders of Equity Interests of record.

ii.    <u>Deadline for Debtors to Circulate Proposed Virtual Procedures Order to Confirmation Parties</u>. **August 27, 2021** shall be the deadline by which the Debtors shall circulate a proposed form of virtual procedures order (the "***Virtual Procedures Order***") to the Confirmation Parties, which shall contain protocols for conducting the Confirmation Hearing remotely (either in whole or in part).

iii.    <u>*Plan Objection and Response to Claim Objection Deadline</u>. **September 3, 2021 at 4:00 p.m. (prevailing Eastern Time)** shall be the deadline by which any objections to the Plan and any responses to the July 30 Claim Objection must be filed. A Plan objection may be combined with a response to the July 30 Claim Objection.

iv.    <u>Deadline to Exchange Initial Witness and Exhibit Lists and Deposition Designations</u>. **September 3, 2021** shall be the deadline by which Confirmation Parties must serve on the other Confirmation Parties a complete list of witnesses and exhibits they intend to offer at the Confirmation Hearing and any deposition designations related thereto. The list of witnesses shall identify all witnesses that each party who objects to the Plan (an "***Objecting Party***") and each party who supports the Plan (a

"*Supporting Party*," and together with each Objecting Party, the "*Confirmation Parties*") will or may call at the Confirmation Hearing.

v.      Deadline to Exchange Objections to Initial Witness and Exhibit Lists and Deposition Designations. **September 9, 2021** shall be the date by which the Confirmation Parties must serve on the other Confirmation Parties any objections to the initial witness and exhibit lists and deposition designations.

vi.     Deadline to Exchange Case-in-Chief Witness Declarations. **September 10, 2021** shall be the date by which the Confirmation Parties must exchange their respective case-in-chief witness declarations, if any.

vii.    Deadline to Meet and Confer Regarding Objections to Case-in-Chief Declarations. **September 13, 2021** shall be the date by which the Confirmation Parties must meet and confer regarding any objections to case-in-chief declarations.

viii.   Deadline to Conduct Evidentiary Dispute Resolution. **September 14, 2021** shall be the date by which the Confirmation Parties must meet and confer with a view toward narrowing and resolving any evidentiary disputes.

ix.     Deadline to Submit Proposed Virtual Procedures Order. **September 15, 2021** shall be the deadline by which the Confirmation Parties must have conferred and submitted to chambers a proposed Virtual Procedures Order.

x.      Deadline to Submit Joint Exhibit Book and Joint Witness List, and Case-in-Chief Witness Declarations. **September 17, 2021** shall be the date by which the Confirmation Parties shall (a) deliver to the Court's chambers a joint exhibit book (the "*Joint Exhibit Book*") of all exhibits agreed to be admissible, (b) deliver to the Court's chambers a joint witness list ("*Joint Witness List*") of all witnesses that each Confirmation Party will or may call at the Confirmation Hearing in their case in chief or on rebuttal, and (c) deliver to the Court's chambers, file, and serve on the other Confirmation Parties written declarations under penalty of perjury of all witnesses under their respective control that they intend to call in their case in chief at the Confirmation Hearing, (d) separate from the Joint Exhibit Book, deliver any exhibits intended to be used only for impeachment purposes in electronic copy to the Court and the other Confirmation Parties and clearly label such exhibits "For Impeachment Purposes Only."

xi.     *Deadline to File the Confirmation Brief, Joinders/Replies to Plan Objections, and July 30 Claim Objection. **September 17, 2021 at 4:00 p.m. (prevailing Eastern Time)** shall be the deadline for the Debtors and any Supporting Party to file and serve a brief and omnibus reply in support of confirmation of the Plan and any joinders/replies to Plan objections. The same deadline shall also apply to the Debtors' reply in support of the July

30 Claim Objection, which may be combined with the reply in support of confirmation.

xii.  <u>Status Conferences</u>.  The Court shall hold status conferences with the Confirmation Parties leading to confirmation on the following dates: **August 10, 2021 at 1:00 p.m. (prevailing Eastern Time); August 25, 2021 at 1:00 p.m. (prevailing Eastern Time); September 14, 2021 at 1:00 p.m. (prevailing Eastern Time);** and any other such dates as the Court deems necessary.

xiii.  <u>Final Pretrial Conference</u>.  **September 20, 2021** shall be the date of the final pretrial conference and/or rehearsal for the virtual Confirmation Hearing.

xiv.  <u>*Confirmation Hearing</u>.  **September 21, 2021 at 10:00 a.m. (prevailing Eastern Time)** shall be the start of the Confirmation Hearing, which will continue, as necessary, from day to day in each case starting at [ ]:[ ] [ ].m. (prevailing Eastern Time), except as otherwise set by the Court and as may be extended by the Court as the Court's schedule permits.  The Confirmation Hearing shall also serve as the hearing on the July 30 Claim Objection.

xv.  <u>Deadline to Submit Rebuttal Witness Testimony</u>.  The Confirmation Parties shall deliver to the Court's chambers, file, and serve on the other Confirmation Parties written declarations under penalty of perjury of all rebuttal witnesses under their respective control by no later than 48 hours before such Confirmation Party intends to submit such declaration for entry into evidence.

## **The Confirmation Protocols**

a.  <u>Discovery of Debtors, Parties, and Third Parties</u>.  The Confirmation Parties are hereby authorized to serve confirmation-related discovery pursuant to Bankruptcy Rule 9014, including by seeking documents from the Debtors, other parties in interest, and any third parties. For the avoidance of doubt, no further motion practice is required prior to serving discovery under these Confirmation Protocols.

b.  <u>Overlap with Prior Discovery</u>.  To the extent that the Confirmation Parties serve discovery seeking documents that were already produced, whether formally or informally, in response to other requests in these chapter 11 cases, the Debtors may refer to those prior productions to satisfy the Confirmation Parties' requests.

c.  <u>Protective Order</u>.  The *Confidentiality and Protective Order* as entered by the Court Docket No. 2125 (as may be amended from time to time, the "***Protective Order***") shall govern all discovery in connection with the Confirmation Proceedings and Confirmation Hearing.

d.  <u>Discovery Dispute Resolution</u>.  In the event of a dispute with respect to one or more discovery requests, counsel for the Producing Party and for the Requesting Party

7

shall promptly meet and confer in good faith to attempt to resolve the dispute.  If, notwithstanding their good faith efforts to do so, such parties are unable to resolve such discovery dispute at any time after they have met and conferred, either Party may promptly seek a telephonic discovery conference from the Court.  If requested by the Court following the telephonic conference, the parties may email a letter, no longer than two single spaced pages in length (excluding exhibits), of the nature of the dispute.  Any response, may be submitted by emailed letter, no longer than two single spaced pages in length (excluding exhibits), within two business days. Parties shall simultaneously send a copy of any such letters to Debtors' counsel (if Debtors are not the Producing Party or Requesting Party).

e.    <u>Limitations on Interrogatories and Requests for Admission</u>.  Unless otherwise ordered by the Court, no Requesting Party shall serve requests for admission, the Committees may each serve up to 15 interrogatories, and all other parties may serve up to 3 interrogatories in connection with the Confirmation Proceedings.  The Debtors may serve the same amount of interrogatories on any Requesting Party that are served on them by that Requesting Party subject, for the avoidance of doubt, to the parties' respective rights under Federal Rule of Civil Procedure 26(c) and the dispute resolution provisions of these Protocols.

f.    <u>Limitations on Depositions.</u>  Absent obtaining leave from this Court under Rule 30(a)(2) or 30(d)(1) of the Federal Rules of Civil Procedure, as made applicable by the Federal Rules of Bankruptcy Procedure 7030 and 9014, or upon mutual written agreement with the party sought to be deposed, a party may not take a deposition that would result in: (a) more than 20 days of fact witness depositions taken in total by the Committees or other Objecting Parties; (b) a witness being deposed more than once in his or her individual capacity; and/or (c) a witness being deposed for more than seven hours in his or her individual capacity.  For clarity, the total of 20 days of fact witness depositions includes 30(b)(6) depositions, and each deposition day is limited to seven hours pursuant to Federal Rule of Civil Procedure 30(d)(1) (if a deposition is less than seven hours, that shall still count as one deposition day unless otherwise agreed).

g.    <u>Deposition Noticing, Duration, Allocation, and Timing</u>.  Any party seeking to take a deposition of a Debtor witness should attempt in good faith to coordinate the date for the deposition with the Debtors and other parties that may wish to depose the same witness, as well as how to divide up the deposition time.  To that end, within two business days of receipt of a notice or subpoena (or by a different date if agreed by the requesting party) to take the deposition of a witness affiliated with or controlled by the Debtors, the Debtors shall identify to the Requesting Party all other parties (if any) that have advised the Debtors they intend to depose the same witness and with which the Debtors believe the Requesting Party should meet and confer concerning timing for the noticed deposition ("***Participating Party" or "Participating Parties***").  The Requesting Party shall seek in good faith to meet and confer with any such Participating Parties within five days of the Debtors' receipt of the corresponding deposition notice or subpoena to discuss the date for

8

the deposition and how to divide up the deposition time amongst the parties who seek to examine the witness.

If a Requesting Party or any Participating Party reports in writing (which may take the form of an email) to the Debtors that the Requesting Party and the Participating Parties have agreed on a date for the deposition, the Debtors must produce the deponent(s) on that date, or on another date that the Debtors may propose and that any Requesting Party or Participating Party advises the Debtors in writing is acceptable to all Participating Parties and the Requesting Party (the "***Agreed Date***"), for a period of one day of 7 hours, subject to the deposing parties' rights pursuant to Federal Rule of Civil Procedure 30(d)(1); *provided*, *however*, that the Debtors are not obligated to produce the deponent(s) on the date for the deposition identified by the Requesting Party or Participating Party if the Debtors first obtain relief from their obligation through a telephonic discovery conference with the Court.  For the avoidance of doubt, unless the Debtors' first obtain relief from the Court or the consent of the Requesting Party and Participating Parties as described above, they must make the noticed witness available on the Agreed Date.

If the Requesting Party or any Participating Party reports in writing (which may take the form of an email) to the Debtors that the Requesting Party and the Participating Parties have not, despite good faith efforts, agreed among themselves on a date for the deposition or on how to divide up the deposition time, then the Requesting Party or any Participating Party may seek a teleconference with the Court to establish a date for the deposition or to seek guidance on how the deposition time shall be divided amongst the parties seeking to examine the witness.

The Debtors strongly encourage the Requesting Party and Participating Parties to resolve any disputes over how to allocate deposition time in advance of the deposition, so that everyone has clarity about the length and sequence of the deposition, and it may proceed in an orderly and efficient manner.  A Requesting Party may elect to proceed forward with a deposition without an agreement with the Participating Parties on how the deposition time shall be allocated, however.  In that event, if not all of the deposing parties have concluded their examinations within the 7 hour time limit, then the Debtors may choose either (i) to end the deposition after 7 hours, and no party may seek to depose the witness further without seeking Court relief; or (ii) to allow the witness to continue to be examined longer than 7 hours, but to count the deposition (in the Debtors' discretion) as more than one deposition day under Section f.  For clarity, pursuant to Section f, any deposition lasting between 1 and 7 hours shall count as one deposition day, any deposition lasting between 7 and 14 hours may count as two deposition days (in the Debtors' discretion), and any deposition lasting between 14 and 21 hours may count as three deposition days (in the Debtors' discretion), *provided, however*, that any party reserves its right to seek Court relief that a deposition that lasts longer than 7 hours should count as a single deposition under Section f.  The Debtors will be reasonable in exercising their discretion under this provision—if, for example, the

9

examining parties need only slightly longer than 7 hours to finish the deposition, the Debtors do not intend to count that as two deposition days.[9]

Deposition notices shall not include Plan Requests. The rights of any person or party noticed for a deposition are reserved with respect to objecting to any such depositions, including the number of depositions, and any such person or party may seek relief from the Court pursuant to the Discovery Dispute Resolution procedures provided herein with respect to any deposition notice or subpoena, including, for the avoidance of doubt, by seeking to quash, limit, terminate, or adjourn any deposition notice or subpoena.

As to any deposition notice or subpoena, the Requesting Party and the Debtors may alter the procedures and deadlines provided in this subsection (g) by mutual consent.

h.  Third-Party Documents Received Pursuant to Subpoena.  Each Requesting Party shall (i) produce or make available to the other Confirmation Parties any materials obtained by such Requesting Party obtained from third parties or (ii) identify any basis for withholding such documents from other Confirmation Parties, in each case within two (2) business days of receiving such materials from a third party.

i.  Debtors' Receipt of Discovery-Related Materials.  Each Requesting Party or Producing Party (if not the Debtors) shall produce or make available to Debtors' counsel any materials produced by or requested by the applicable Requesting Party or Producing Party (if not the Debtors) from a reasonable period of time from the date on which such production or request is made.

j.  Assertions of Privilege.  If any Producing Party intends on withholding or redacting any materials on the grounds of privilege, work product, or any other type of protection or immunity from disclosure, in response to confirmation-related discovery, the Producing Party and Requesting Party shall meet and confer on the scope and format of corresponding privilege logs, consistent with the Protective Order in these chapter 11 cases. To the extent such materials were previously withheld or redacted on the grounds of privilege, work product, or any other type of protection or immunity from disclosure, in connection with production in the MDL, in other pre-petition civil litigations, or in these chapter 11 cases, such prior determinations (as reflected in designations on the materials themselves or in the

---

[9] The OCC does not believe that this provision is consistent with applicable rules, their understanding of the 20 deposition cap that that the Committees previously negotiated with the Debtors, or practical in the circumstances of these cases.  However, because the OCC has been unable to convince the Debtors to proceed in a manner the OCC believes is more suitable, and because the OCC was attentive to the Court's clear preference expressed at the June 16, 2021 hearing that the parties resolve this issue without Court intervention, the OCC has agreed to the Debtors' preferred procedure.  The OCC's agreement is subject to its right to seek intervention from this Court in the future, including to the extent the Debtors' preferred procedure renders the 20 deposition cap insufficient.

US-DOCS\123795071.22

relevant privilege log(s)) the document need not be re-logged, so long as the document shall be subject to the challenge provisions in the Protective Order in these chapter 11 cases. A Producing Party shall provide its initial privilege log(s) within two weeks after it substantially completes production of documents in response to Document Requests.

k.      <u>Expert Discovery</u>.  Any expert retained or specially employed to provide expert testimony in connection with the Confirmation Proceedings shall submit an expert report that satisfies the requirements of Federal Rule of Civil Procedure 26(a)(2)(B) (made applicable by Bankruptcy Rule 7026), and, on or before the deadline provided by this Order, shall produce the expert materials required to be disclosed by Federal Rule of Civil Procedure 26 (made applicable by Bankruptcy Rule 7026). Parties shall have the right to amend or supplement such report to respond to information disclosed or opinions expressed after the date of such expert's report(s), by written supplement exchanged and submitted by the deadlines provided by this Order. No drafts of any part of any report or declaration of any expert will be subject to production or other disclosure. This protection is in addition to, and does not limit or replace, the protections of Federal Rule of Civil Procedure 26(b)(4)(B) (applicable here under Bankruptcy Rule 7026).

3.      Any deadline set forth above may be extended by order of the Court, and except for the Confirmation Hearing, may be extended without order of the Court upon the written consent of the Debtors or, if the Debtors are the party subject to the deadline, the party to which the subject of the deadline is owed, which consent may be granted via email.

4.      The Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules for the District of Delaware apply to these Confirmation Proceedings. To the extent there is a conflict between any of the foregoing and this Order, this Order shall govern.

5.      The terms and conditions of this Order are immediately effective and enforceable upon its entry.

6.      The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order in accordance with the Motion.

US-DOCS\123795071.22

7.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: June 24th, 2021**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**

12