## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br>MALLINCKRODT PLC, *et al.*,<br><br><div align="center">Debtors.</div> | Chapter 11<br>Case No. 20-12522 (JTD)<br>(Jointly Administered) |

### NOTICE OF INTENT TO SERVE SUBPOENAS

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 45(a)(4), made applicable to this matter by Federal Rule of Bankruptcy Procedure 9016, notice is hereby given that counsel for the Ad Hoc Acthar Group[1] intend to serve the attached Subpoenas upon the following as identified therein:

1. Deutsche Bank Trust Company Americas, as Indenture Trustee of the Guaranteed Unsecured Notes Indentures; and

2. Express Scripts, Inc., Express Scripts Holding Co., Accredo Health Group, Inc., CuraScript, Inc. d/b/a CuraScript SP Specialty Pharmacy, and United BioSource LLC (f/k/a United BioSource Corp.).

Dated: June 25, 2021
Wilmington, Delaware

**CIARDI CIARDI & ASTIN**
*/s/ Daniel K. Astin*
Daniel K. Astin (No. 4068)
1204 North King Street
Wilmington, DE 19801
Telephone: (302) 658-1100

---

[1] The "Ad Hoc Acthar Group" are comprised of, among others, the City of Rockford ("**Rockford**"), Steamfitters Local Union No. 420 ("**Steamfitters Local 420**"), United Association of Plumbers & Pipefitters Local 322 of Southern New Jersey ("**Plumbers Local 322**"), Acument Global Technologies ("**Acument**"), and the International Union of Operating Engineers Local 542 ("**IUOE Local 542**") (collectively the "**Acthar Plaintiffs**"), individually and on behalf of the classes of third party payors ("**TPPs**") and their beneficiaries that Rockford, Steamfitters Local 420 and Plumbers Local 322 seek to represent in their respective cases currently pending in federal district courts in the Northern District of Illinois, the Eastern District of Pennsylvania, and the District of New Jersey, respectively, by and through their undersigned counsel.

Facsimile: (302) 658-1300
dastin@ciardilaw.com

-and-

Albert A. Ciardi, III, Esquire
Walter W. Gouldsbury III, Esquire
(Admitted *pro hac vice*)
CIARDI CIARDI & ASTIN
1905 Spruce Street
Philadelphia, PA 19103
Telephone:  (215) 557-3550
Facsimile:  (215) 557-3551
aciardi@ciardilaw.com
wgouldsbury@ciardilaw.com

-and-

Donald E. Haviland, Jr., Esq.
(Admitted *pro hac vice*)
*haviland@havilandhughes.com*
William H. Platt II, Esq.
(Admitted *pro hac vice*)
*platt@havilandhughes.com*
**HAVILAND HUGHES**
201 South Maple Ave., Suite 110
Ambler, Pennsylvania 19002
T: 215-609-4661
F: 215-392-4400

-and-

Dion G. Rassias, Esq. (No. 2829)
*dgr@beasleyfirm.com*
Jillian E. Johnston, Esq.
(Admitted *pro hac vice*)
*Jill.johnston@beasleyfirm.com*
THE BEASLEY FIRM, LLC
1125 Walnut Street
Philadelphia, PA  19107
T: 215-592-1000

-and-

James Bartimus, Esq.
(Admitted *pro hac vice*)

jb@bflawfirm.com
Anthony DeWitt, Esq.
(Admitted *pro hac vice*)
ALDewitt@bflawfirm.com
**BARTIMUS, FRICKLETON,
ROBERTSON, RADAR PC**
11150 Overbrook Road, Suite 200
Leawood, Kansas 66211
T: 913-266-2300
F: 913-266-2366

-and-

Peter J. Flowers, Esq.
(Admitted *pro hac vice*)
*pjf@meyers-flowers.com*
Jonathan P. Mincieli, Esq.
(Admitted *pro hac vice*)
*jpm@meyers-flowers.com*
**MEYERS & FLOWERS, LLC**
3 North Second Street, Suite 300
St. Charles, Illinois 60174
T: 630-232-6333
F: 630-845-8982

*Counsel for the Ad Hoc Acthar Group*

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of __Delaware__

In re __Mallinckrodt, PLC__ , *et al.*

### Debtor

*(Complete if issued in an adversary proceeding)*

_____

### Plaintiff

v.

_____

### Defendant

Case No. __20-12522__ *(jointly administered)*

Chapter __11__

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To Deutsche Bank Trust Company Americas, as indenture trustee  of the Guaranteed Unsecured Notes Indentures

*(Name of person to whom the subpoena is directed)*

[x] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE   Ciardi Ciardi  & Astin, 1204 N. King Street, Wilmington, DE 19801 | DATE AND TIME   July 19, 2021  @ 10:00 a.m. ET |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __6/25/2021__

### CLERK OF COURT

OR

_____          /s/ Walter W. Gouldsbury III
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Ad Hoc Acthar Group _____, who issues or requests this subpoena, are: Albert A. Ciardi III and Walter W. Gouldsbury III, CIardi Ciardi & Astin, 1905 Spruce Street, Philadelphia, PA 19103

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                      _____

                                            *Server's signature*

                                      _____

                                          *Printed name and title*

                                      _____

                                          *Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT A

## DOCUMENT REQUESTS
## DEFINITIONS

As used herein, the following terms are defined as indicated:

1.)      "Acthar" means the Human Prescription Drug with the Proprietary Name "H.P. Acthar" approved by the Food and Drug Administration ("FDA") under Application Number NDA022432 and presently sold with the Product NDC of 630004-8710, in whatever quantity and form it is or has been sold.

2.)       "Acthar Entities" means each and every direct or indirect subsidiary or affiliate of Mallinckrodt plc with any ownership, distribution, licensing, marketing, or any other rights, responsibilities, or obligations with respect to Acthar.

3.)      "Agreement" means any and all Documents or Communications that reflect a contract, agreement, arrangement or understanding between the below identified entities and another Person, Including, but not limited to, all final Contracts, final amendments to Contracts, drafts of Contracts and drafts of amendments to Contracts.

4.)      "Books and records" has the same meaning as the Debtors used in stating, "[i]n the ordinary course of business, the Debtors maintain books and records that reflect, among other things, the nature and amount of the liabilities owed to their creditors.  D.I. 2165 at 5.  "Books and records" also has the same meaning as used in the Bankruptcy Code and jurisprudence relating to a debtor's obligations to search books and records in order to identify creditors for purposes of, *inter alia*, giving notice.

5.)      "Communicate" or "Communication" means, without limitation, any and all oral or written transmissions of information (in the form of facts, ideas, inquiries, or otherwise) from one Person to another, Including correspondence, presentations, any exchange or written or

recorded information, face-to-face meetings or discussions, or electronic, facsimile or telephone transmissions.

6.)    "Document" or "Discoverable Item", whether singular or plural, shall be used in the broadest and most comprehensive sense contemplated and permitted by Rule 34(a)(1)A) as incorporated herein through Rule 7034.  A Document is a tangible record of letters, words, numbers, or illustrations, including electronically stored information ("ESI").  A Discoverable Item may be a physical object.

In order to avoid confusion, the following is Plaintiff's endeavor to describe potential Documents or Discoverable Items.  Because the methods, form, and means with which Documents and Discoverable Items created, transmitted, consumed, and stored are rapidly changing, it is intended to be illustrative and non-exhaustive.  Documents or Discoverable Items include, but are not limited to, any kind of material, whether written, recorded, microfilmed, microfiched, photographed, computerized, reduced to an electronic or magnetic impulse, or otherwise preserved or rendered, and including, but not limited to, papers, agreements, contracts, notes, memoranda, communications, electronic or computer-transmitted messages viewed via monitor, correspondence, letters, e-mails, facsimile transmissions, statements, invoices, record books, reports, studies, analyses, minutes, working papers, charts, graphs, drawings, calendars, appointment books, diaries, indices, tapes, summaries and/or notes regarding telephone conversations, personal conversations, interviews, and meetings, and any and all other written, printed, recorded, taped, typed, electronic, duplicated, reproduced, or other tangible matter.  A draft or a non-identical copy is a separate Document or Discoverable Item within the meaning of these terms.

In addition, Documents or Discoverable Items include any compilations, data, files or

information created, stored or retained in electronic format.  These Documents or Discoverable Items are often referred to as electronically stored information ("ESI").  By way of example, these items include, but are not limited to, digital communications (such as email, text, MMS, iMessage, BBM (aka Blackberry Messenger), WhatsApp, Viber, LINE, Telegram, Signal, Google Hangouts, Allo, voxer, Facebook Messenger, Snapchat, WeChat, Wickr Me, Chatsecure, Threema, SilentPhone, Kik, etc.), word processing documents, spreadsheets, computer application data, image files, sound recordings, videos, animations, databases, contact and relationship data (such as vCards), calendar data, diary application data, online access data (such as browser history, temporary internet files, or cookies), presentations (such as PowerPoint files), network access logs, server activity logs, project management application data (such as Sharepoint, Campfire, or Slack), computer aided design files, social media application data (such as Facebook, Twitter, or LinkedIn), geolocation data (such as iOS "Frequent Locations" data), backup, and archival files.

7.)    "Identify" and "Identity" when referring to Documents mean to give the Bates number or, if the Document has no Bates number, to the extent known, the

a.  Type of Document (*e.g.*, letter, Contract, memorandum, email);

b.  General subject matter of the Document;

c.  Date of the Document;

d.  Author(s), addressee(s), and recipient(s) of the Document; and

e.  Custodian of the Document.

8.)    "Identify" and "Identity" when referring to a thing means to give, to the extent known, a full description of the thing, including, if applicable its make, model, and serial number, and its present or last known address or location.

9.)    "Including" means Including, but not limited to.

10.)    "Or" is used in its inclusive sense and shall be construed so as to require the

broadest possible response.  If, for example, a request calls for information about "A" or "B,"

You should produce all information about A and all information about B, as well as all

information about A and B. In other words, "or" should be read as "and/or."

11.)    "Person" means, without limitation, any natural person, corporation, partnership,

proprietorship, joint venture, association, governmental body (Including, without limitation, any

Government Entity defined herein), insurance entity, any group, or any other form of public or

private business, non-business or legal entity.

12.)     "Plan" means the Joint Plan of Reorganization of Mallinckrodt PLC and Its

Debtor Affiliates Under Chapter 11 of the Bankruptcy Code [D.I. 2074], [D.I. 2863], [D.I. 2903],

D.I. 2916], and any amendment, supplement or Disclosure Statement or amended Disclosure

Statement.

13.)    "RSA" shall mean that certain Restructuring Support Agreement dated October

11, 2020 (as may be amended, supplemented, or otherwise modified from time to time in

accordance with the terms thereof).

14.)    "RSA Member" shall mean any parties or signatories to the RSA by joinder or

otherwise.

15.)     "Referring to," "Relating to" or "Regarding" means, without limitation, the

concepts: refer to, discuss, describe, reflect, deal with, pertain to, analyze, evaluate, estimate,

constitute, study, survey, project, assess, record, summarize, criticize, report, comment, or

otherwise involve, in whole or in part.

16.)    "Sent" shall mean to transmit by any means, Including, but not limited to, electronically, via facsimile, or via any type of mail or delivery service.

17.)    "Debtors" shall mean Mallinckrodt Debtors, Mallinckrodt PLC, Mallinckrodt International Finance SA ("*MIFSA*"), ST 2020, LLC, Mallinckrodt Pharma IP Trading Unlimited Co., f/k/a Mallinckrodt Pharma IP Trading Designated Activity Co., Acthar IP Unlimited Co. f/k/a Acthar IP, Mallinckrodt ARD IP Unlimited Co., f/k/a Mallinckrodt Ard IP Limited CO ("*Mallinckrodt Pharm IP*"), Mallinckrodt Pharmaceuticals Ireland, LTD ("*Mallinckrodt Ireland*"), Sonorant Therapeutics LTD. ("*Sonorant*"), Therakos Emea LTD., f/k/a Mallinckrodt Specialty Pharmaceuticals Ireland, LTD., f/k/a Questcor Operations LTD. ("*Therakos Emea*"), Mallinckrodt ARD Holdings LTD., f/k/a MIFSA UK LTD. ("*Mallinckrodt ARD Holdings*"), Mallinckrodt Enterprises LLC ("*Mallinckrodt Enterprises*"), ST Shared Services LLC ("*ST Shared*"), ST Operations, LLC ("*ST Operations*"), ST US Holdings LLC, f/k/a Mallinckrodt US Holdings , Inc. ("*ST Holdings*"), Mallinckrodt Brand Pharmaceuticals LLC ("*Mallinckrodt Brand*"), Mallinckrodt US Holdings LLC ("*Mallinckrodt US Holdings*"), ST US Pool LLC ("*ST US Pool*"), Mallinckrodt ARD Holdings, Inc. ("*Mallinckrodt ARD Holdings*"), Mallinckrodt ARD, LLC, f/k/a Mallinckrodt ARD, LLC, f/k/a Mallinckrodt ARD, INC.,  f/k/a Questcor Pharmaceuticals, Inc. ("*Mallinckrodt ARD*"), and Questcor International LTD., f/k/a AKASIA LTD ("*Questcor International*").

18.)    The singular Includes the plural and vice versa; the terms "and" and "or" are both conjunctive and disjunctive; and the past tense Includes the present tense and vice versa.

19.)    "You" or "Your" or "Holder of Guaranteed Unsecured Notes" shall mean Deutsche Bank Trust Company Americas, solely in its capacity as indenture trustee and in each

other capacity for which it serves under or in connection with the Guaranteed Unsecured Notes Indentures and any Holder (as that term is defined in the Plan).

20.)    "Specialty Brands" shall mean any of the entities identified by the word "Brands" on MNK/Acthar 19-20.

## INSTRUCTIONS

1.)    In producing Documents and other materials, You are to furnish all Documents or things in Your possession, custody or control, regardless of whether such Documents or materials are possessed directly by You or Your directors, officers, agents, Employees, representatives, subsidiaries, partners, associates, secretaries, managing agents, affiliates, investigators, or by Your attorneys or their agents, Employees, representatives or investigators.

2.)    In producing Documents, You are requested to produce the original of each Document requested together with all non-identical copies and drafts of that Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

3.)    If any requested Document or thing cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of that Document, is being withheld, and the reason that Document is being withheld.

4.)    A request for each Document that "refers to" or "relates to" a subject matter extends to each Document that constitutes, contains, mentions, discusses, supports, modifies, contradicts, criticizes, concerns, describes, records, reports, or reflects that subject matter, or that was prepared in connection with, arises from, or is or has been collected, recorded, examined, or considered by, for, or on behalf of, any present or former agent, representative, officer,

Employee, attorney, board, committee or subcommittee, or any other person acting or purporting to act on Your behalf in relation to the subject matter specified.

5.)     Unless otherwise specified herein, all Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business.

6.)     If Documents are maintained in files or folders, copies of said files or folders or other such Identifying label information shall be produced.

7.)     Documents shall be produced in such fashion as to Identify the department, branch or office in which they were located and, where applicable, the natural Person in whose possession they were found and the business address of each Document's custodian(s).

8.)     Documents attached to each other should not be separated.

9.)     If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to Identify the Document and state the details concerning its loss.

10.)    In responding to these Document Requests, You are to Include Documents (a) obtained from witnesses who gave information to any Government Entity; (b) that constitute, or refer or relate to summaries of testimony or other statements made in connection with any Government Entity proceedings or investigations; or (c) obtained on Your behalf by counsel in preparing for testimony or interview before any Government Entity.

11.)    If you claim the attorney-client privilege or any other privilege or work-product protection for any Document, provide a detailed privilege log that contains at least the following information for each Document that You have withheld:

      a.   The date of the Document;

      b.   Each and every author of the Document;

    c.   Each and every Person who prepared or participated in the preparation of the Document;

    d.   each and every Person who received the Document;

    e.   each and every Person from whom the Document was received;

    f.   the present location of the Document and all copies thereof;

    g.   each and every Person having custody or control of the Document and all copies thereof; and

    h.   sufficient information concerning the Document and the circumstances thereof to explain the claim of privilege or protection and to permit the adjudication of the propriety of such claim.

12.)    Unless a different period is specified, these Document Requests relate to the time period between January 1, 2007 and the present ("Relevant Period"), or any part thereof. Responsive Documents include those that were prepared, sent, dated, received, in effect, or otherwise came into existence at any time on or after January 1, 2007 through the present, or any part thereof.

13.)    Unless otherwise agreed, ESI should be produced in the following manner:

    a.   *Production* – ESI shall be produced through a secure transfer method, which may include electronic media, such as a CD-ROM, DVD, or external hard drive.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 1.**    All Documents and Communications, including, without limitation, any analysis, that (a) identifies or references the position that the Guaranteed Unsecured Notes hold on any debtor or non-debtor entity and what assets those entities many have, (b) all communications emails or documents between any Debtor or any attorney on behalf

of any Debtor and any Guaranteed Unsecured Note Holder, or any attorney representing any or all of the Guaranteed Unsecured Noteholders, on any topic including but not limited to the RSA, the Debtors' Plan, Acthar, and any senior position of the Guaranteed Unsecured Notes as opposed to any other creditor, and (c) that supports or explains the basis upon which the Debtors classify the Guaranteed Unsecured Notes.

**REQUEST NO. 2.**    All documents which identifies the Specialty Brands entity which owns all the Acthar Intellectual Property as described in the Plan as the basis for classifying the Guaranteed Unsecured Notes separately from general unsecured creditors (defined herein as the Acthar IP Entity).

**REQUEST NO. 3.**    All documents or communications which in any way reference or discuss the insolvency of Mallinkrodt ARD, LLC or Mallinkrodt ARD, Inc.

**REQUEST NO. 4**.  All loan documents including all guaranties for each of the series of Notes classified as the Guaranteed Unsecured Notes, all communications by and between the Debtors and their professionals and the representatives or professionals of the Guarantees Unsecured Notes, or any attorney representing any or all of the Guaranteed Unsecured Noteholders, concerning the RSA, treatment under the Plan, value of the entities against which the Guaranteed Unsecured Notes have asserted claims and all other communications or documents created or reviewed in 2020 or 2021 regarding the Guaranteed Unsecured Notes.

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of ___Delaware___

In re ___MALLINCKRODT, PLC, *et al.*___
Debtors.

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff
v.
_____
Defendant

Case No. ___20-12522 (*jointly administered*)___

Chapter ___11___

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Designee(s) of Deutsche Bank Trust Company Americas, as indenture trustee of the Guaranteed Unsecured Notes Indentures

*(Name of person to whom the subpoena is directed)*

[X] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: See Attachment A

| PLACE   Ciardi Ciardi & Astin, 1204 N. King Street, Wilmington, DE 19801 | DATE AND TIME<br>August 6, 2021 at 9:30 a.m. ET |
|---|---|

The deposition will be recorded by this method: Via Zoom Conference and recorded via Audio and Video by Court Reporter

[ ] *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of **Fed. R. Civ. P. 45**, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___6/25/2021___

CLERK OF COURT

OR

_____     ___/s/ Walter W. Gouldsbury III___
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
___Ad Hoc Acthar Group___ , who issues or requests this subpoena, are: Albert A. Ciardi III, Walter W. Gouldsbury III
Ciardi Ciardi & Astin, 1905 Spruce Street, Philadelphia, Pennsylvania 19103

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT A

## TOPICS[1]

1.   Any and all topics in connection with the documents produced in response to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding) served concurrently herewith

2.   The Guaranteed Unsecured Notes.

3.   Any communications, emails or documents between any Debtor or any attorney on behalf of any Debtor and any Guaranteed Unsecured Note Holder on any topic including but not limited to the RSA, the Debtors' Plan, Acthar, and any senior position of the Guaranteed Unsecured Notes.

4.   The Debtors classification of the Guaranteed Unsecured Notes.

5.   The Acthar Intellectual Property.

6.   The treatment of the Holders of the Guaranteed Unsecured Notes under the Plan.

7.   The insolvency of Mallinkrodt ARD, LLC or Mallinkrodt ARD, Inc.

8.   The RSA.

9.   The value of the entities against which the Guaranteed Unsecured Notes have asserted claims and all other communications or documents created or reviewed in 2020 or 2021 regarding the Guaranteed Unsecured Notes.

---

[1]All capitalized terms not defined in this Attachment A "Topics" shall have the meaning ascribed to them in the "Document Requests" section of the Attachment A to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding) served concurrently herewith.

1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of ___Delaware___

In re ___Mallinckrodt, PLC___
_____Debtor_____

_(Complete if issued in an adversary proceeding)_

Case No. ___20-12522___ _(jointly administered)_

Chapter ___11___

_____
Plaintiff
v.
_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Express Scripts, Inc., Express Scripts Holding Co., Accredo Health Group, Inc., CuraScript, Inc. d/b/a CuraScript SP Specialty Pharmacy, and United BioSource LLC (f/k/a United BioSource Corp.).

_(Name of person to whom the subpoena is directed)_

[x] _Production_: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE   Ciardi Ciardi & Astin, 1204 N. King Street, Wilmington, DE 19801 | DATE AND TIME   July 19, 2021 @ 10:00 a.m. ET |
|---|---|

[ ] _Inspection of Premises_: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___6/25/2021___

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

/s/ Walter W. Gouldsbury III
_____
Attorney's signature

The name, address, email address, and telephone number of the attorney representing _(name of party)_ Ad Hoc Acthar Group _____, who issues or requests this subpoena, are: Albert A. Ciardi III and Walter W. Gouldsbury III, CIardi Ciardi & Astin, 1905 Spruce Street, Philadelphia, PA 19103

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date: _____


                                                    _____
                                                                *Server's signature*

                                                    _____
                                                                *Printed name and title*


                                                    _____
                                                                *Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

 *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

 *(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 *(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 *(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or

     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 *(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**ATTACHMENT A**

**DOCUMENT REQUESTS**

**DEFINITIONS**

As used herein, the following terms are defined as indicated:

1.)     "Acthar" means the Human Prescription Drug with the Proprietary Name "H.P.

Acthar" approved by the Food and Drug Administration ("FDA") under Application Number

NDA022432 and presently sold with the Product NDC of 630004-8710, in whatever quantity and

form it is or has been sold.

2.)      "Acthar Entities" means each and every direct or indirect subsidiary or affiliate

of Mallinckrodt plc with any ownership, distribution, licensing, marketing, or any other rights,

responsibilities, or obligations with respect to Acthar.

3.)     "Agreement" means any and all Documents or Communications that reflect a

contract, agreement, arrangement or understanding between the below identified entities and

another Person, Including, but not limited to, all final Contracts, final amendments to Contracts,

drafts of Contracts and drafts of amendments to Contracts.

4.)     "Books and records" has the same meaning as the Debtors used in stating, "[i]n

the ordinary course of business, the Debtors maintain books and records that reflect, among other

things, the nature and amount of the liabilities owed to their creditors.  D.I. 2165 at 5.  "Books

and records" also has the same meaning as used in the Bankruptcy Code and jurisprudence

relating to a debtor's obligations to search books and records in order to identify creditors for

purposes of, *inter alia*, giving notice.

5.)     "Communicate" or "Communication" means, without limitation, any and all oral

or written transmissions of information (in the form of facts, ideas, inquiries, or otherwise) from

1

one Person to another, Including correspondence, presentations, any exchange or written or recorded information, face-to-face meetings or discussions, or electronic, facsimile or telephone transmissions.

6.)      "Document" or "Discoverable Item", whether singular or plural, shall be used in the broadest and most comprehensive sense contemplated and permitted by Rule 34(a)(1)A) as incorporated herein through Rule 7034.  A Document is a tangible record of letters, words, numbers, or illustrations, including electronically stored information ("ESI").  A Discoverable Item may be a physical object.

In order to avoid confusion, the following is Plaintiff's endeavor to describe potential Documents or Discoverable Items.  Because the methods, form, and means with which Documents and Discoverable Items created, transmitted, consumed, and stored are rapidly changing, it is intended to be illustrative and non-exhaustive.  Documents or Discoverable Items include, but are not limited to, any kind of material, whether written, recorded, microfilmed, microfiched, photographed, computerized, reduced to an electronic or magnetic impulse, or otherwise preserved or rendered, and including, but not limited to, papers, agreements, contracts, notes, memoranda, communications, electronic or computer-transmitted messages viewed via monitor, correspondence, letters, e-mails, facsimile transmissions, statements, invoices, record books, reports, studies, analyses, minutes, working papers, charts, graphs, drawings, calendars, appointment books, diaries, indices, tapes, summaries and/or notes regarding telephone conversations, personal conversations, interviews, and meetings, and any and all other written, printed, recorded, taped, typed, electronic, duplicated, reproduced, or other tangible matter.  A draft or a non-identical copy is a separate Document or Discoverable Item within the meaning of these terms.

In addition, Documents or Discoverable Items include any compilations, data, files or information created, stored or retained in electronic format.  These Documents or Discoverable Items are often referred to as electronically stored information ("ESI").  By way of example, these items include, but are not limited to, digital communications (such as email, text, MMS, iMessage, BBM (aka Blackberry Messenger), WhatsApp, Viber, LINE, Telegram, Signal, Google Hangouts, Allo, voxer, Facebook Messenger, Snapchat, WeChat, Wickr Me, Chatsecure, Threema, SilentPhone, Kik, etc.), word processing documents, spreadsheets, computer application data, image files, sound recordings, videos, animations, databases, contact and relationship data (such as vCards), calendar data, diary application data, online access data (such as browser history, temporary internet files, or cookies), presentations (such as PowerPoint files), network access logs, server activity logs, project management application data (such as Sharepoint, Campfire, or Slack), computer aided design files, social media application data (such as Facebook, Twitter, or LinkedIn), geolocation data (such as iOS "Frequent Locations" data), backup, and archival files.

7.)    "Identify" and "Identity" when referring to Documents mean to give the Bates number or, if the Document has no Bates number, to the extent known, the

     a.  Type of Document (*e.g.*, letter, Contract, memorandum, email);

     b.  General subject matter of the Document;

     c.  Date of the Document;

     d.  Author(s), addressee(s), and recipient(s) of the Document; and

     e.  Custodian of the Document.

8.)     "Identify" and "Identity" when referring to a thing means to give, to the extent known, a full description of the thing, including, if applicable its make, model, and serial number, and its present or last known address or location.

9.)     "Including" means Including, but not limited to.

10.)    "Or" is used in its inclusive sense and shall be construed so as to require the broadest possible response.  If, for example, a request calls for information about "A" or "B," You should produce all information about A and all information about B, as well as all information about A and B. In other words, "or" should be read as "and/or."

11.)    "Person" means, without limitation, any natural person, corporation, partnership, proprietorship, joint venture, association, governmental body (Including, without limitation, any Government Entity defined herein), insurance entity, any group, or any other form of public or private business, non-business or legal entity.

12.)     "Plan" means the Joint Plan of Reorganization of Mallinckrodt PLC and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code [D.I. 2074], [D.I. 2863], [D.I. 2903], D.I. 2916], and any amendment, supplement or Disclosure Statement or amended Disclosure Statement.

13.)    "RSA" shall mean that certain Restructuring Support Agreement dated October 11, 2020 (as may be amended, supplemented, or otherwise modified from time to time in accordance with the terms thereof).

14.)    "RSA Member" shall mean any parties or signatories to the RSA by joinder or otherwise.

15.)    "Referring to," "Relating to" or "Regarding" means, without limitation, the concepts: refer to, discuss, describe, reflect, deal with, pertain to, analyze, evaluate, estimate,

4

constitute, study, survey, project, assess, record, summarize, criticize, report, comment, or otherwise involve, in whole or in part.

16.)    "Sent" shall mean to transmit by any means, Including, but not limited to, electronically, via facsimile, or via any type of mail or delivery service.

17.)    "Debtors" shall mean Mallinckrodt Debtors, Mallinckrodt PLC, Mallinckrodt International Finance SA ("*MIFSA*"), ST 2020, LLC, Mallinckrodt Pharma IP Trading Unlimited Co., f/k/a Mallinckrodt Pharma IP Trading Designated Activity Co., Acthar IP Unlimited Co. f/k/a Acthar IP, Mallinckrodt ARD IP Unlimited Co., f/k/a Mallinckrodt Ard IP Limited CO ("*Mallinckrodt Pharm IP*"), Mallinckrodt Pharmaceuticals Ireland, LTD ("*Mallinckrodt Ireland*"), Sonorant Therapeutics LTD. ("*Sonorant*"), Therakos Emea LTD., f/k/a Mallinckrodt Specialty Pharmaceuticals Ireland, LTD., f/k/a Questcor Operations LTD. ("*Therakos Emea*"), Mallinckrodt ARD Holdings LTD., f/k/a MIFSA UK LTD. ("*Mallinckrodt ARD Holdings*"), Mallinckrodt Enterprises LLC ("*Mallinckrodt Enterprises*"), ST Shared Services LLC ("*ST Shared*"), ST Operations, LLC ("*ST Operations*"), ST US Holdings LLC, f/k/a Mallinckrodt US Holdings , Inc. ("*ST Holdings*"), Mallinckrodt Brand Pharmaceuticals LLC ("*Mallinckrodt Brand*"), Mallinckrodt US Holdings LLC ("*Mallinckrodt US Holdings*"), ST US Pool LLC ("*ST US Pool*"), Mallinckrodt ARD Holdings, Inc. ("*Mallinckrodt ARD Holdings*"), Mallinckrodt ARD, LLC, f/k/a Mallinckrodt ARD, LLC, f/k/a Mallinckrodt ARD, INC.,  f/k/a Questcor Pharmaceuticals, Inc. ("*Mallinckrodt ARD*"), and Questcor International LTD., f/k/a AKASIA LTD ("*Questcor International*").

18.)    The singular Includes the plural and vice versa; the terms "and" and "or" are both conjunctive and disjunctive; and the past tense Includes the present tense and vice versa.

19.)    "You" or "Your" or "Express Scripts" shall mean Express Scripts, Inc., Express

Scripts Holding Co., Accredo Health Group, Inc., CuraScript, Inc. d/b/a CuraScript SP Specialty

Pharmacy, and United BioSource LLC (f/k/a United BioSource Corp.).

## INSTRUCTIONS

1.)    In producing Documents and other materials, You are to furnish all Documents or

things in Your possession, custody or control, regardless of whether such Documents or

materials are possessed directly by You or Your directors, officers, agents, Employees,

representatives, subsidiaries, partners, associates, secretaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, Employees, representatives or investigators.

a.   In producing Documents, You are requested to produce the original of each

Document requested together with all non-identical copies and drafts of that

Document. If the original of any Document cannot be located, a copy shall be

produced in lieu thereof, and shall be legible and bound or stapled in the same

manner as the original.

2.)    If any requested Document or thing cannot be produced in full, You are to

produce it to the extent possible, indicating which Document, or portion of that Document, is

being withheld, and the reason that Document is being withheld.

3.)    A request for each Document that "refers to" or "relates to" a subject matter

extends to each Document that constitutes, contains, mentions, discusses, supports, modifies,

contradicts, criticizes, concerns, describes, records, reports, or reflects that subject matter, or that

was prepared in connection with, arises from, or is or has been collected, recorded, examined, or

considered by, for, or on behalf of, any present or former agent, representative, officer,

Employee, attorney, board, committee or subcommittee, or any other person acting or purporting to act on Your behalf in relation to the subject matter specified.

4.)     Unless otherwise specified herein, all Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business.

5.)     If Documents are maintained in files or folders, copies of said files or folders or other such Identifying label information shall be produced.

6.)     Documents shall be produced in such fashion as to Identify the department, branch or office in which they were located and, where applicable, the natural Person in whose possession they were found and the business address of each Document's custodian(s).

7.)     Documents attached to each other should not be separated.

8.)     If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to Identify the Document and state the details concerning its loss.

9.)     In responding to these Document Requests, You are to Include Documents (a) obtained from witnesses who gave information to any Government Entity; (b) that constitute, or refer or relate to summaries of testimony or other statements made in connection with any Government Entity proceedings or investigations; or (c) obtained on Your behalf by counsel in preparing for testimony or interview before any Government Entity.

10.)    If you claim the attorney-client privilege or any other privilege or work-product protection for any Document, provide a detailed privilege log that contains at least the following information for each Document that You have withheld:

　　　　a.  The date of the Document;

　　　　b.  Each and every author of the Document;

c.  Each and every Person who prepared or participated in the preparation of the Document;

d.  each and every Person who received the Document;

e.  each and every Person from whom the Document was received;

f.  the present location of the Document and all copies thereof;

g.  each and every Person having custody or control of the Document and all copies thereof; and

h.  sufficient information concerning the Document and the circumstances thereof to explain the claim of privilege or protection and to permit the adjudication of the propriety of such claim.

11.)    Unless a different period is specified, these Document Requests relate to the time period between January 1, 2007 and the present ("Relevant Period"), or any part thereof. Responsive Documents include those that were prepared, sent, dated, received, in effect, or otherwise came into existence at any time on or after January 1, 2007 through the present, or any part thereof.

12.)    Unless otherwise agreed, ESI should be produced in the following manner:

a.  *Production* – ESI shall be produced through a secure transfer method, which may include electronic media, such as a CD-ROM, DVD, or external hard drive.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 1.**  All Documents and Communications, including, without limitation, (a) all communications emails or documents between you and any Debtor or any attorney on behalf of any Debtor on any topic including but not limited to the RSA, the Debtors' Plan, and/or

8

Acthar, and (b) any communications referencing Acthar pricing, Express Scripts, or the RSA.

**REQUEST NO. 2.**    All documents or communications which in any way reference or discuss the insolvency of Mallinkrodt ARD, LLC or Mallinkrodt ARD, Inc.

**REQUEST NO. 3.**    All communications between the Debtors and any person on their behalf and Express Scripts regarding the assumption or rejection of any indemnity or supply agreement pursuant to the Plan, all communications between the Debtors and Express Scripts referring or relating to any treatment under the Plan, and any evaluation of any potential claim by Express Scripts for indemnity.

**REQUEST NO. 4.**    All communications between you and any RSA Member regarding Achtar, ongoing Achtar pricing, the effect of a change in pricing of Achtar on the Debtors' Plan or RSA, any responses by any RSA member which in any way reference Achtar.

**REQUEST NO. 5.**    All communications between you and any Debtor regarding Achtar, ongoing Achtar pricing, the effect of a change in pricing of Achtar on the Debtors' Plan or RSA, any responses by any Debtor or representative of any Debtor which in any way reference Achtar.

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of ___Delaware_____

In re _MALLINCKRODT, PLC, *et al.*_____
                            Debtors.

*(Complete if issued in an adversary proceeding)*

Case No. __20-12522 (*jointly administered*)

Chapter __11_____

_____
                Plaintiff
                v.
_____
                Defendant

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:   Corporate Designee(s) of Express Scripts, Inc., Express Scripts Holding Co., Accredo Health Group, Inc., CuraScript, Inc. d/b/a CuraScript SP Specialty Pharmacy, and United BioSource LLC (f/k/a United BioSource Corp.).

*(Name of person to whom the subpoena is directed)*

[X] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:  See Attachment A

| PLACE   Ciardi Ciardi & Astin, 1204 N. King Street, Wilmington, DE 19801 | DATE AND TIME August 5, 2021 at 9:30 a.m. ET |
|---|---|

The deposition will be recorded by this method: Via Zoom Conference and recorded via Audio and Video by Court Reporter

[ ] *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

       The following provisions of **Fed. R. Civ. P. 45**, made applicable in bankruptcy cases by **Fed. R. Bankr. P. 9016**, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _6/25/2021_____

                CLERK OF COURT

                              OR

_____          /s/ Walter W. Gouldsbury III
   *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _Ad Hoc Acthar Group_____ ,  who issues or requests this subpoena, are: Albert A. Ciardi III, Walter W. Gouldsbury III Ciardi Ciardi & Astin,  1905 Spruce Street, Philadelphia, Pennsylvania 19103

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# ATTACHMENT A

# TOPICS[1]

1.    Any and all topics in connection with the documents produced in response to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding) served concurrently herewith

2.    Communications between Express Scripts and any Debtor or any representative of any Debtor on any topic including but not limited to the RSA, the Debtors' Plan, and/or Acthar or Achtar Pricing.

3.    The insolvency of Mallinkrodt ARD, LLC or Mallinkrodt ARD, Inc.

4.    The assumption or rejection of any indemnity or supply agreement pursuant to the Plan, all communications between the Debtors and Express Scripts referring or relating to any treatment under the Plan, and any evaluation of any potential claim by Express Scripts for indemnity.

5.    Achtar, ongoing Achtar pricing, the effect of a change in pricing of Achtar on the Debtors' Plan or the RSA.

6.    Any claims of Express Scripts against any Debtor.

7.    The Plan and the treatment of Express Scripts thereunder.

---

[1] All capitalized terms not defined in this "Topics" section shall have the meaning ascribed to them in the "Document Requests" section of the Attachment A to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding) served concurrently herewith.