**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MALLINCKRODT PLC, *et al.*, | ) Case No. 20-12522 (JTD) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 2924 & 3093** |

**DEBTORS' EMERGENCY MOTION TO EXPEDITE CONSIDERATION OF THE DEBTORS' PRELIMINARY OBJECTION TO ACTHAR INSURANCE CLAIMANTS' MOTION SEEKING SUBSTANTIVE CONSOLIDATION**

The debtors in possession in the above-captioned cases (collectively, "***Debtors***")[1] hereby submit this motion ("***Motion to Expedite***") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "***Proposed Order***"), expediting the Court's consideration of the *Debtors' Preliminary Objection to Acthar Insurance Claimants' Motion Seeking Substantive Consolidation* [Docket No. 3093] (the "***Preliminary Objection***")[2] filed in response to the request for substantive consolidation contained within the *Acthar Insurance Claimants' Revised and Supplemental Opposition to the Debtors' First Omnibus Objection to "Unsubstantiated" Claims and Motion for Substantive Consolidation* [Docket No. 2924] (the "***Substantive Consolidation Motion***")[3] filed by the Acthar Insurance Claimants.[4]  In support of this Motion to Expedite, the Debtors respectfully state as follows:

---

[1]    A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.primeclerk.com/Mallinckrodt. The Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Preliminary Objection.

[3]    The Substantive Consolidation Motion was filed under seal at Docket No. 2924. A redacted version of the Substantive Consolidation Motion is available at Docket No. 2982.

[4]    The "***Acthar Insurance Claimants***" are defined to include Attestor Limited, on behalf of itself and its affiliated entities, including Avon Holdings I, LLC and Humana, Inc.

## PRELIMINARY STATEMENT

1.      By the Substantive Consolidation Motion, the Acthar Insurance Claimants seek, among other things, to substantively consolidate "the assets and liabilities of each of the Debtor entities and estates comprising the Debtors' Specialty Brands business segment or, in the alternative, all Debtor entities having roles with respect to the H.P. Acthar Gel." Substantive Consolidation Motion, ¶ 54. Without any input from or notice to the Debtors, the Acthar Insurance Claimants set the Substantive Consolidation Motion for hearing on August 25, 2021.

2.      On June 24, 2021, the Court entered a heavily negotiated order [Docket No. 2988] (the "*Confirmation Scheduling Order*") establishing a confirmation schedule and related protocols, without objection from the Acthar Insurance Claimants.[5] The Confirmation Scheduling Order establishes, among other things, discovery and objection deadlines leading up to a September 21, 2021 hearing (the "*Confirmation Hearing*") on the Debtors' proposed chapter 11 plan [Docket No. 2916] (the "*Plan*"). The Plan, which is currently being solicited by the Debtors and voted on by creditors on a time frame and pursuant to procedures approved by the Court, does not provide for substantive consolidation. To the extent that the Acthar Insurance Claimants view the Plan as objectionable under the standards set forth in section 1129 of the Bankruptcy Code, they may lodge an objection to the Plan in accordance with the Confirmation Scheduling Order and follow the protocols set forth therein with regard to any related discovery.

3.      In a thinly veiled attempt to obtain individual advantage and/or leverage in these bankruptcy proceedings, however, the Acthar Insurance Claimants are seeking to bring a critical issue before the Court in advance of the scheduled Confirmation Hearing and in complete

---

[5]   The Acthar Insurance Claimants filed an objection [Docket No. 2635] to the Confirmation Scheduling Order. However, such objection was mutually resolved prior to the Court's ruling on the Confirmation Scheduling Order. *See* Jun. 16, 2021 Hr'g Tr. at 91:6-92:12.

disregard for the protocols set forth in the Confirmation Scheduling Order. Setting aside the Substantive Consolidation Motion's lack of merit (which should be deferred until and addressed at the Confirmation Hearing, if at all), the Debtors submit that the Substantive Consolidation Motion should be denied promptly for the reasons set forth in the Preliminary Objection.

4.       By this Motion to Expedite, the Debtors respectfully request that their Preliminary Objection to the Substantive Consolidation Motion be considered at the omnibus hearing scheduled for July 13, 2021 at 1:00 p.m. (Eastern Time) (the "***July 13th Hearing***"). The Confirmation Scheduling Order establishes an efficient and uniform schedule, under which the Debtors are already responding to extensive discovery requests from multiple parties consistent with the Court approved procedures. The Debtors should not be required to simultaneously prepare for an August mini-trial unilaterally set by a creditor group seeking to defeat the Debtors' Plan prior to the Confirmation Hearing in an effort to force their own self-serving alternative plan structure on these estates. The Debtors believe that consideration of the Preliminary Objection at the July 13th Hearing will result in the denial of the Substantive Consolidation Motion on legal and procedural grounds, without the need for extensive fact discovery on an issue that will undoubtedly be front and center at the Confirmation Hearing in connection with the section 1129 standards. Moreover, other stakeholders in these cases are likely to have an interest in the issues raised by the Substantive Consolidation Motion, and setting a hearing on such issues one month in advance of the scheduled Confirmation Hearing could cause other parties to abandon the carefully crafted protocols set forth in the Confirmation Scheduling Order, thereby sending these cases into disarray. For these reasons, the Debtors submit that their Preliminary Objection should

be considered at the first available hearing (the July 13th Hearing) so that all parties-in-interest have clarity as to when this important issue will be considered.

## JURISDICTION

5.        This is a core proceeding pursuant to 28 U.S.C. § 157(b), and, under Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to Expedite to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue of these cases and this Motion to Expedite in this district is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### A.        General Background

6.        On October 12, 2020 (the "***Petition Date***"), the Debtors filed voluntary petitions in this Court commencing cases for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "***Bankruptcy Code***").  The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.

7.        On October 27, 2020, the office of the United States Trustee for the District of Delaware (the "***U.S. Trustee***") appointed the Official Committee of Unsecured Creditors (the "***UCC***") and the Official Committee of Opioid Related Claimants (the "***OCC***") in these cases.  *See* Docket No. 306 & 308.

8.        The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the *Declaration of Stephen A. Welch, Chief Transformation Officer, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 128], filed on the Petition Date.

**B.      The Plan and Disclosure Statement**

9.      On June 17, 2021, the Court entered an order, among other things, approving the *Disclosure Statement for Joint Chapter 11 Plan of Reorganization of Mallinckrodt plc and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* (together with all schedules and exhibits thereto and as may be modified, amended, or supplemented, the "***Disclosure Statement***").

10.      On June 18, 2021, the Debtors filed solicitation versions of the Plan and the Disclosure Statement [Docket No. 2917].

11.      The Debtors also sought the entry of an order establishing a confirmation schedule and related protocols, through a motion filed with the Court on May 25, 2021 [Docket No. 2564] (the "***Confirmation Scheduling Motion***").  At a hearing held on June 15, 2021 and June 16, 2021, the Court indicated it would approve the Confirmation Scheduling Motion subject to certain revisions being made to the Confirmation Scheduling Order.

12.      On June 23, 2021, the Debtors filed a revised version of the Confirmation Scheduling Order under certification of counsel, and the Court entered the Confirmation Scheduling Order on June 24, 2021.  *See* Docket No. 2988.

**C.      The Substantive Consolidation Motion and the Preliminary Objection**

13.      On April 30, 2020, the Debtors filed the *Debtors' First Omnibus Objection to Unsubstantiated Claims (Substantive)* [Docket No. 2165] (the "***Claims Objection***").

14.      In response to the Claims Objection, on June 23, 2021, the Acthar Insurance Claimants filed the Substantive Consolidation Motion, opposing the Claims Objection, and seeking entry of an order substantively consolidating the Debtors' chapter 11 cases.  The Acthar Insurance Claimants unilaterally set the Substantive Consolidation Motion to be heard at the

RLF1 25611391v.1

omnibus hearing currently scheduled for August 25, 2021 at 1:00 p.m. (ET) (the "***August 25th Hearing***").

15.     Contemporaneously herewith, the Debtors filed the Preliminary Objection, which sets forth the Debtors' threshold objections to the Substantive Consolidation Motion.

## RELIEF REQUESTED

16.     By this Motion to Expedite, the Debtors respectfully request that the Court: (i) schedule a hearing on the Preliminary Objection for the July 13th Hearing; and (ii) require any replies or responses to the Preliminary Objection to be filed on or before July 9, 2021 at 4:00 p.m. (Eastern Time) (the "***Proposed Reply Deadline***").

## BASIS FOR RELIEF REQUESTED

17.     The Court has the inherent authority to expedite briefing and hearing schedules where the circumstances warrant.  *See, e.g.*, *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 176 (3d Cir. 1991) (a court has "substantial discretion in managing its own docket"); *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir. 1983) (every court has inherent power to "schedule disposition of the cases on its docket so as to promote fair and efficient adjudication"); *see also Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995) ("A district court possesses inherent power over the administration of its business.").  The Court also has the authority under section 105(a) of the Bankruptcy Code to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). "Section 105 specifically codifies what are traditionally called 'inherent powers' to give the bankruptcy courts the necessary ability to manage the cases on their docket." *Copley Press, Inc. v. Peregrine Sys.*, *Inc. (In re Peregrine Sys., Inc.)*, 311 B.R. 679, 690 (D. Del. 2004) (note omitted).

18.     The Debtors submit that expediting the Court's consideration of the Preliminary Objection is warranted under the circumstances and is in the best interests of the Debtors, their

estates and all parties in interest. As discussed in further detail in the Preliminary Objection, and without addressing the motion's lack of merit (which the Debtors will do if and when appropriate), the Substantive Consolidation Motion should be denied promptly and without the need for discovery and an evidentiary hearing, for at least three reasons. First, the Substantive Consolidation Motion is inconsistent with and seeks to undermine the uniform set of protocols, procedures and deadlines approved by this Court in connection with the Confirmation Scheduling Order. Second, the Acthar Insurance Claimants lack standing to bring the Substantive Consolidation Motion, and the relief sought therein must be obtained (if at all) by adversary proceeding. Third, the Substantive Consolidation Motion undermines the Debtors exclusive right to file and solicit a plan under section 1121 of the Bankruptcy Code (with the Acthar Insurance Claimants instead attempting to force their own self-serving alternative in advance of the scheduled Confirmation Hearing). Given these threshold defects with the relief requested by the Acthar Insurance Claimants, the Debtors submit that the Preliminary Objection should be considered by the Court before forcing the Debtors to prepare for and litigate an issue that will undoubtedly be addressed at the Confirmation Hearing in connection with the section 1129 standards.

19.    As noted above, the Confirmation Scheduling Order establishes an efficient and uniform schedule, under which the Debtors are already responding to a multitude of discovery requests served in accordance with the Court-approved procedures. The Debtors should not be required to separately prepare for a unilaterally set evidentiary hearing on the Acthar Insurance Claimants' alternative plan structure in August. The Debtors believe that the Court's consideration of their Preliminary Objection at the July 13th Hearing will avoid this scenario – or at least provide clarity as to whether the Court intends to consider this critical issue in advance of the Confirmation

Hearing. Moreover, the Debtors believe that there are other stakeholders in these cases that will feel compelled to participate in any proceedings involving the Court's consideration of the substantive consolidation issue. Accordingly, the mere uncertainty as to whether the Substantive Consolidation Motion will be considered in August will undoubtedly cause other parties-in-interest to forego the schedule and protocols set forth in the Confirmation Scheduling Order in order to participate in discovery, briefing and hearing on the Substantive Consolidation Motion. This would create an untenable situation for the Debtors as they prepare for the Confirmation Hearing.

20. The Debtors submit that no parties in interest will be prejudiced by the relief requested herein. First, all parties in interest will have 11-days' notice of the Preliminary Objection and the Substantive Consolidation Motion if such pleadings are heard at the July 13th Hearing—only three days less than the notice required by the Local Rules. *See* Del. Bankr. L.R. 9006-1(c)(i) (requiring that "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date"). The Debtors submit that such notice is sufficient, given that the Debtors are not requesting the Court to address the merits of the Substantive Consolidation Motion at the July 13th Hearing, but are only seeking consideration of the Preliminary Objection and the procedural propriety of the Substantive Consolidation Motion. Further, the Proposed Reply Deadline will provide the Acthar Insurance Claimants with seven days to file any reply in advance of the July 13th Hearing.

21. Accordingly, the Debtors respectfully request that the Court schedule the Preliminary Objection to be heard at the July 13th Hearing and require that any replies or responses to the Preliminary Objection be filed on or before the Proposed Reply Deadline.

## **COMPLIANCE WITH LOCAL RULE 9006-1(e)**

22.     Before filing this Motion to Expedite, the Debtors notified the U.S. Trustee, the

UCC, the OCC, and the Acthar Insurance Claimants of their intention to file the Preliminary

Objection and Motion to Expedite.  The UCC and the U.S. Trustee decline to take a position with

respect to the relief requested herein and the Acthar Insurance Claimants and the OCC have yet to

take a position on the relief requested herein until they have an opportunity to review the Motion

to Expedite and Preliminary Objection.

## **NOTICE**

23.     Notice of this Motion to Expedite will be given to: (a) the U.S. Trustee; (b) counsel

to the Unsecured Notes Ad Hoc Group; (c) the agent under the Debtors' secured term and revolving

financing facilities; (d) counsel to the ad hoc group of holders of the Debtors' unsecured notes; (e)

the indenture trustees for the Debtors' outstanding notes; (f) counsel to the Governmental Plaintiff

Ad Hoc Committee; (g) counsel to the UCC; (h) counsel to the OCC; (i) counsel to the MSGE

Group; (j) counsel to the Acthar Insurance Claimants; (k) the United States Attorney's Office for

the District of Delaware; (l) the attorneys general for all 50 states and the District of Columbia;

(m) the United States Department of Justice; (n) the Internal Revenue Service; (o) the Securities

and Exchange Commission; (p) the United States Drug Enforcement Agency; (q) the United States

Food and Drug Administration; and (r) all parties entitled to notice pursuant to Bankruptcy Rule

2002.  The Debtors submit that, under the circumstances, no other or further notice is required.

24.     A copy of this Motion to Expedite is available from (a) the Court's website,

www.deb.uscourts.gov, and (b) the website maintained by the Debtors' claims and noticing agent,

Prime Clerk, LLC, at http://restructuring.primeclerk.com/Mallinckrodt.

## <u>NO PRIOR MOTION</u>

25.     The Debtors have not made any prior motion for the relief sought herein to this Court or any other.

*[Signature page follows]*

RLF1 25611391v.1

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order, granting the relief requested in its entirety and any other relief as is just and proper.

Dated: July 2, 2021

/s/ Amanda R. Steele
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Amanda R. Steele (No. 5530)
Brendan J. Schlauch (No. 6115)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:    collins@rlf.com
    merchant@rlf.com
    steele@rlf.com
    schlauch@rlf.com

- and -

George A. Davis (admitted *pro hac vice*)
Christopher Harris (admitted *pro hac vice)*
George Klidonas (admitted *pro hac vice*)
Andrew Sorkin (admitted *pro hac vice*)
Anupama Yerramalli (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
885 Third Avenue
New York, New York 10022
Telephone:    (212) 906-1200
Facsimile:    (212) 751-4864
Email:    george.davis@lw.com
    christopher.harris@lw.com
    george.klidonas@lw.com
    andrew.sorkin@lw.com
    anu.yerramalli@lw.com

- and -

Jeffrey E. Bjork (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, California 90071
Telephone:    (213) 485-1234
Facsimile:    (213) 891-8763
Email:    jeff.bjork@lw.com

**I.**    - and -

Jason B. Gott (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:    (312) 876-7700
Facsimile:    (312) 993-9767
Email:    jason.gott@lw.com

*Counsel to the Debtors and Debtors in Possession*