

WWW.HAVILANDHUGHES.COM

October 22, 2021

<u>*Via electronic mail ([Robert_Cavello@deb.uscourts.gov](Robert_Cavello@deb.uscourts.gov))*</u>

Re: *In re Mallinckrodt plc et. al.* No. 20-12522 (D.Del.) (JTD) (the "Chapter 11 Cases")

Honorable John T. Dorsey
United States Bankruptcy Court
District of Delaware
824 North Market Street, 3rd Floor
Wilmington, Delaware 19801

Dear Judge Dorsey:

As indicated in our email exchange with the Court yesterday, we respectfully submit this dispute letter on behalf of the Ad Hoc Acthar Group (AHAG). We had previously reported that that we would be submitting a "joint letter" on behalf all litigants, but we were advised this afternoon that counsel for the UCC, or its members, would not participate in any joint submission. As a result, this letter sets forth the AHAG position only.

The format below addresses three (3) distinct discovery disputes relating to the following discovery:

1. <u>UCC discovery</u>. The AHAG's Requests for Production of Documents of the UCC (served on October 5, 2021, responded to on October 15, 2021)[1] ("**UCC RPDs**");

2. <u>Commodore Bowens discovery</u>. The AHAG's Subpoena *Duces Tecum* to the Estate of Commodore Bowens (served on October 7, 2021, responded to on October 15, 2021[2]) ("**Bowens Subpoena**"), and the Notice of Deposition *Duces Tecum* of Thomas Bevan, Esquire as proxy to the Estate (served on Sept. 7, 2021, responded to October 15, 2021[3]) ("**Bevan RPDs**"); and

3. <u>DC47 discovery</u>. The AHAG's Subpoena *Duces Tecum* to the AFSCME District Council

---

[1] The UCC RPDs, and the UCC's Objections and Responses, are attached hereto collectively as **Exhibit "A".**
[2] The Response to the Bowens Subpoena, and Bowens Privilege Log, are attached hereto collectively as **Exhibit "B".**
[3] The Response to the Bevan RPDs (included in the Notice of Deposition *Duces Tecum*) is attached hereto as **Exhibit "C".**

47 (served on September 29, 2021, responded to on October 16, 2021[4]) ("**DC 47 Subpoena**"), with a Privilege Log,[5] and the Notice of Deposition *Duces Tecum* of Edmund George, Esquire as proxy to DC 47 (served on Sept. 7, 2021, responded to October 16, 2021) ("**George RPDs**")[6].

**UCC Discovery**

As noted above, we received written objections responses from UCC counsel to the UCC RPDs. The UCC RPDs raise a distinct set of requests from those interposed by the Achar Insurance Group (AIC). (We understand the AIC has separately moved to compel as to its discovery, and we join in their Motion.)

Specifically, the UCC RPDs seek production of documents that fall into **four categories**: (1) communications between and among the Debtors, the UCC, and their respective professionals about the UCC settlement and the amended Plan of Reorganization including the same (UCC RPD Nos. 5-9, 15), (2) support for specific factual statements about the settlement (same), (3) any mediation agreement(s) governing the conduct and scope of the mediation, as well as documents created prior to and after the mediation (May 1 – September 29) which fall outside any claimed "mediation privilege" (UCC RPD Nos. 10-14) and (4) documents and communications relating to Acthar (UCC RPD No. 16).

After meeting and conferring with UCC counsel, the AHAG followed up with an email addressing the outstanding issues. See Oct. 21, 2021 email at **Exhibit "G"** hereto. No response has been received.

With respect to the above categories, the document production by the UCC consisted of the following:

1. <u>Communications</u> (UCC RPD Nos. 5-9, 15): 29 separate emails (largely consisting of Zoom invitations, letters by the AIC and AHAG, and public pleadings). There were just 2 or 3 emails containing substance as to the subject matter for a future telephone conference.

**AHAG Position**: This is insufficient. These few communications – and emails only – do not address the full nature of the requested subject matters. No emails have been produced or logged on a privilege as to communications outside May 1 – September 29. See below. Importantly, not one text was produced. We know the UCC counsel communicates by text with members, as Attorney Bevan produced texts with Attorney Ramsey in *Imerys*. Those texts referenced Mallinckrodt. We have not been provided those texts, or any others.

---

[4] The Response to the DC 47 Subpoena is attached hereto as **Exhibit "D"**.

[5] The DC 47 Privilege Log is attached hereto as **Exhibit "E"**.

[6] The Response to the George RPDs (included in the Notice of Deposition *Duces Tecum*), is attached hereto as **Exhibit "F"**.

During the meet and confer with Committee counsel, they requested the AHAG to specify which communications with outside professionals were sought. After receiving identification of such professionals, the AHAG requested that all of them be included. No further response has been forthcoming by the UCC.

**Relief sought**: An Order compelling production is required.

2. <u>Support for factual statements</u> (UCC RPD Nos. 5-9, 15). Beyond the collection of public documents, and select private documents produced in relation to Alvarez's work on the waterfall, no documents appear to have been produced by the UCC. Certainly, documents exist to support the many factual assertions made as to the UCC settlement. The UCC's response lumps RPD Nos. 1-9 and objects. Nowhere does the UCC state that (1) it has produced responsive documents, and (2) where they can be found.

**AHAG Position**: This is insufficient. Factual support is not privileged. At a minimum, redacted documents should have been produced.

**Relief sought**: An Order compelling production is required.

3. <u>Mediation agreements and documents created before and after mediation</u> (UCC RPD Nos. 10-14). No documents have been produced.

**AHAG Position and Relief Sought**. This one should be easy. The UCC refers to the UCC RPD Nos. 1-9 and states that its production in response to those requests should suffice. This simply ignores the requests, as stated. An Order compelling production is required.

4. <u>Documents and communications relating to Acthar</u> (UCC RPD No. 16).

**AHAG Position and Relief Sought**. This one should be even easier. The UCC refers to the UCC RPD Nos. 1-9 and states that its production in response to those requests should suffice. This simply ignores the request, as stated. An Order compelling production is required.

**Commodore Bowens Discovery**

In response to the Subpoena Duces Tecum and Notice of Deposition Duces Tecum, Bowens and Bevan produced a handful of documents, no communications and a facially deficient privilege log. After a meet and confer, AHAG counsel wrote a detailed letter, addressing all the deficiencies, and seeking a written response. See Letter dated October 20, 2021 at **Exhibit "H"** hereto. To date, neither Bevan nor Bowens have responded.

**AHAG Position and Relief Sought**. The issues set forth in the letter remained unresolved. An Order compelling compliance is required.

**DC 47 Discovery**

In response to the Subpoena Duces Tecum and Notice of Deposition Duces Tecum, DC 47 and George produced a handful of documents, no communications and a facially deficient privilege log. After a meet and confer, AHAG counsel wrote a detailed letter, addressing all the deficiencies, and seeking a written response. See Letter dated October 20, 2021 at **Exhibit "I"** hereto. To date, neither DC 47 nor George have responded.

**AHAG Position and Relief Sought**. The issues set forth in the letter remained unresolved. An Order compelling compliance is required.

We look forward to addressing these issues with the Court at the 10 a.m. hearing on Monday, October 25, 2021.

> Respectfully submitted,
> */s/Donald E. Haviland, Jr.*
> Donald E. Haviland, Jr.
> Counsel for the Ad Hoc Acthar Group

cc:  Ian Shapiro, Esq., UCC counsel (via electronic mail)
     Thomas Bevan, Esq., Commodore Bowens counsel (via electronic mail)
     Edmund George, Esq.. DC 47 counsel (via electronic mail)
     Daniel Astin, Esq. (via electronic mail)
     Albert Ciardi, Esq. (via electronic mail)
     William H. Platt II, Esq. (via electronic mail)
     Anthony Dewitt, Esq. (via electronic mail)
     Michael Merchant, Esq. (via electronic mail)
     Chris Harris, Esq. (via electronic mail)
     Betsy Marks, Esq. (via electronic mail)