IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: <br><br> MALLINCKRODT PLC, *et al.*, <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 20-12522 (JTD) <br><br> (Jointly Administered) |

**FINAL DECLARATION OF JAMES DALOIA OF PRIME CLERK LLC REGARDING THE SOLICITATION OF VOTES AND TABULATION OF BALLOTS CAST ON JOINT PLAN OF REORGANIZATION OF MALLINCKRODT PLC AND ITS DEBTOR AFFILIATES UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

I, James Daloia, declare, under the penalty of perjury:

1. I am a Director of Global Corporate Actions at Prime Clerk LLC ("Prime Clerk"), located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165. I am over the age of eighteen years and not a party to the above-captioned cases. Unless otherwise noted, I have personal knowledge of the facts set forth herein.

2. At the direction of the Debtors, on October 22, 2021, I submitted my *Preliminary Declaration of James Daloia of Prime Clerk LLC Regarding the Solicitation of Votes and Tabulation of Ballots Cast on Joint Plan of Reorganization of Mallinckrodt Plc and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 4955] (the "Preliminary Declaration"). Since the filing of my Preliminary Declaration, Prime Clerk finalized the tabulation of Ballots cast on the Plan.

3. I now hereby submit this final declaration (the "Final Declaration") with respect to the solicitation of votes and the tabulation of Ballots cast on *Joint Plan of Reorganization of*

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.primeclerk.com/Mallinckrodt. The Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

*Mallinckrodt PLC and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code,* dated June 18, 2021 [Docket No. 2916] (as may be amended, supplemented, or modified from time to time, the "Plan").[3] This Final Declaration replaces and supersedes the Preliminary Declaration in its entirety. Except as otherwise noted, all facts set forth herein are based on my personal knowledge, knowledge that I acquired from individuals under my supervision, knowledge that I acquired from the Debtors or their counsel, and my review of relevant documents. I am authorized to submit this Final Declaration on behalf of Prime Clerk. If I were called to testify, I could and would testify competently as to the facts set forth herein.

4. This Court authorized Prime Clerk's retention as (a) the claims and noticing agent to the above-captioned debtors and debtors in possession (collectively, the "Debtors") pursuant to the *Order Authorizing the Retention and Appointment of Prime Clerk LLC as Claims and Noticing Agent for the Debtors,* dated October 14, 2020 [Docket No. 219] and (b) administrative advisor pursuant to the *Order Authorizing the Retention and Employment of Prime Clerk LLC as Administrative Advisor* Nunc Pro Tunc *to the Petition Date,* dated November 19, 2020 [Docket No. 563] (collectively, the "Retention Orders"). The Retention Orders authorize Prime Clerk to assist the Debtors with, among other things, the service of solicitation materials and tabulation of votes cast to accept or reject the Plan. Prime Clerk and its employees have considerable experience in soliciting and tabulating votes to accept or reject Chapter 11 plans.

**Service and Transmittal of Solicitation Packages and the Tabulation Process**

5. Pursuant to the *Order (I) Approving the Disclosure Statement and Form and Manner of Notice of Hearing Thereon, (II) Establishing Solicitation Procedures, (III) Approving*

---

[2] All capitalized terms used by not otherwise defined herein have the meanings ascribed to them in the Plan or Disclosure Statement Order (as defined below), as applicable.

[3] The Debtors filed their *First Amended Joint Plan of Reorganization of Mallinckrodt PLC and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code,* dated September 29, 2021 [Docket No. 4508].

2

*the Form and Manner of Notice to Attorneys and Solicitation Directive, (IV) Approving the Form of Ballots, (V) Approving the Form, Manner, and Scope of Confirmation Notices, (VI) Establishing Certain Deadlines in Connection with Approval of Disclosure Statement and Confirmation of Plan, and (VII) Granting Related Relief,* dated June 17, 2020 [Docket No. 2911] (the "Disclosure Statement Order"), the Court established procedures to solicit votes from, and tabulate Ballots submitted by, holders of claims entitled to vote on the Plan (the "Solicitation Procedures"). Prime Clerk adhered to the Solicitation Procedures outlined in the Disclosure Statement Order and, among other things, distributed Solicitation Packages (including Ballots) to parties entitled to vote on the Plan. I supervised the solicitation and tabulation performed by Prime Clerk's employees.

6. The Solicitation Procedures established June 17, 2021 as the record date (the "Voting Record Date") for determining which creditors were entitled to vote on the Plan. It is my understanding that, pursuant to the Plan and the Solicitation Procedures, only holders as of the Voting Record Date in the following classes were entitled to vote to accept or reject the Plan (the "Voting Classes"):

| Plan Class | Class Description |
|---|---|
| 2(b) | 2024 First Lien Term Loan Claims |
| 2(c) | 2025 First Lien Term Loan Claims |
| 3 | First Lien Notes Claims |
| 4 | Second Lien Notes Claims |
| 5 | General Unsecured Notes Claims |
| 6(a) | Acthar Claims |
| 6(b) | Generics Price Fixing Claims |
| 6(c) | Asbestos Claims |
| 6(d) | Legacy Unsecured Notes Claims |
| 6(e) | Environmental Claims |
| 6(f) | Other General Unsecured Claims |

| Plan Class | Class Description |
|---|---|
| 6(g) | 4.75% Unsecured Notes Claims |
| 7 | Trade Claims |
| 8(a) | State Opioid Claims |
| 8(b) | Municipal Opioid Claims |
| 8(c) | Tribe Opioid Claims |
| 8(d) | U.S. Government Opioid Claims |
| 9(a) | Third-Party Payor Opioid Claims |
| 9(b) | PI Opioid Claims |
| 9(c) | NAS PI Opioid Claims |
| 9(d) | Hospital Opioid Claims |
| 9(e) | Ratepayer Opioid Claims |
| 9(f) | NAS Monitoring Opioid Claims |
| 9(g) | Emergency Room Physicians Opioid Claims |
| 9(h) | Other Opioid Claims |
| 10 | Settled Federal/State Acthar Claims |

It is also my understanding that no other classes were entitled to vote on the Plan.

7. In accordance with the Solicitation Procedures, Prime Clerk worked closely with the Debtors' advisors to identify the holders entitled to vote in the Voting Classes as of the Voting Record Date, and to coordinate the distribution of Solicitation Packages to these holders. In addition, Prime Clerk coordinated the distribution of solicitation materials to holders of public securities in the Voting Classes in accordance with procedures commonly used to serve solicitation materials on holders of public securities. A detailed description of Prime Clerk's distribution of Solicitation Packages is set forth in Prime Clerk's *Affidavits of Service of Solicitation Materials* [Docket No. 3210], [Docket No. 3129], [Docket No. 4098], [Docket No. 4211], and [Docket No.4319].

8.      In accordance with the Solicitation Procedures, Prime Clerk received, reviewed, determined the validity of, and tabulated the Ballots submitted to vote on the Plan. Each Ballot submitted to Prime Clerk was date-stamped, scanned (if submitted on paper), assigned a ballot number, entered into Prime Clerk's voting database and processed in accordance with the Solicitation Procedures.

9.      Pursuant to the Disclosure Statement Order and the Solicitation Procedures therein, in addition to receiving a Solicitation Package (if applicable), all entities that believed they held an Opioid Claim in Voting Classes 8(a)-(d) and 9(a)-(h) were also permitted to vote on the Plan by requesting and submitting a Ballot directly through an online portal accessible at mnkvote.com and through the Debtors' case website.[4] As of October 20, 2021, the Debtors had received approximately 2,900 votes on the Plan in aggregate from Classes 8 and 9 through the mnkvote.com portal.

10.     To be included in the tabulation results as valid, a Ballot must have been (a) properly completed pursuant to the Solicitation Procedures, (b) executed by the relevant holder entitled to vote on the Plan (or such holder's authorized representative), (c) returned to Prime Clerk via an approved method of delivery set forth in the Solicitation Procedures, and (d) received by Prime Clerk by 4:00 p.m. (Prevailing Eastern Time) on October 13, 2021 (the "Voting Deadline"), except to the extent such Voting Deadline was extended by the Debtors in accordance with the terms of the Disclosure Statement Order.[5]

---

[4] My Preliminary Declaration noted that certain votes in Classes 8(a), 8(d) and 9(h) were temporarily withheld from the tabulation. After further review by the Debtors' professionals and at the Debtors' direction, Prime Clerk reclassified 1,330 votes in the aggregate of certain individuals who voted in Class 8(a), Class 8(b), Class 8(d) and Class 9(h) because it appears on the face of these individuals' ballots that they erroneously selected these classes on their ballots submitted through the MNKvote.com portal. In accordance with the Disclosure Statement Order and the Solicitation Procedures therein, instead of disregarding these votes as invalid and defective, these votes were reclassified into Class 9(b) for purposes of the final tabulation.

[5] In accordance with the Solicitation and Voting Procedures, the Voting Deadline was extended by the Debtors from September 3, 2021 at 4:00 p.m. (prevailing Eastern Time) to September 10, 2021 at 4:00 p.m. (prevailing Eastern

11. In accordance with the Solicitation Procedures, Prime Clerk tabulated all valid Ballots cast by holders entitled to vote in the Voting Class and received by Prime Clerk on or before the Voting Deadline (or such later date as instructed by the Debtors).[6]

12. The final tabulation of votes cast by timely and properly completed Ballots received by Prime Clerk is attached hereto as **Exhibit A**.[7][8]

13. A report of all Ballots excluded from the final tabulation prepared by Prime Clerk, and the reasons for exclusion of such Ballots, is attached hereto as **Exhibit B**. The votes listed in Exhibit B have been excluded for the reasons stated therein and pursuant to the terms of the Disclosure Statement Order and Solicitation Procedures therein.

14. In addition to votes already identified as excluded in the Preliminary Declaration, this Final Declaration excludes as defective an additional 128,855 votes from Class 6(a), 39,057 votes from Class 6(b), and 1,164 votes from Class 6(c) (collectively, the "Class 6 Additional Excluded Votes"), now that Prime Clerk and the Debtors' advisers have completed their review of the Ballots. The following chart details the voting results of these classes after taking into account the Class 6 Additional Excluded Votes.

---

Time) for all holders of Claims entitled to vote in the Voting Classes. The voting deadline was further extended by the Debtors to September 17, 2021 at 4:00 p.m. (prevailing Eastern Time) for all holders of Claims entitled to vote in the Voting Classes. The above referenced Voting Deadline extensions are detailed within the Notices filed on August 30, 2021 [Docket No. 4040] and September 7, 2021 [Docket No. 4183]. In addition, the vote deadline was extended for all Class 8 and 9 parties to 4:00 p.m. (prevailing Eastern Time) on October 20, 2021.

[6] Certain Class 8(a) ballots were submitted after the October 20, 2021 voting deadline. In accordance with the Solicitation Procedures, the Debtors waived the late submissions and directed Prime Clerk to include such Class 8(a) ballots in the final vote tabulation, to the extent such Class 8(a) ballots were received prior to 11:59 p.m. on October 28, 2021.

[7] At the Debtors' direction, the voting results in Classes 6(a) and 6(b) include votes on account of claims to which the Debtors objected in the Debtors' 2nd and 3rd omnibus objections filed with this Court. It is my understanding that, pursuant to the *Mallinckrodt GUC Settlement Term Sheet* [Docket No. 4121], the Debtors' agreed to forbear from prosecuting these objections, and so those votes have been included in the voting results notwithstanding the Debtors' authority to disregard votes on account of claims that are subject to pending objections. In addition, certain votes were counted in accordance with the stipulation at Docket No. 4794.

[8] At the request of the Debtors and their advisors, whom I understand have consulted with the Official Committee of Opioid-Related Creditors, this Final Voting Report does not tabulate the votes cast in Classes 8(a) –(d) and 9(a) – (i) on a Debtor-by-Debtor basis. They are tabulated against all Debtors for voting purposes only.

| Class | Preliminary Declaration Total Votes | Final Declaration Total Votes |
|---|---|---|
| Class 6(a) – Acthar Claims | 129,062 | 207 |
| Class 6(b) – Generics Price Fixing Claims | 257,504 | 218,447 |
| Class 6(c) – Asbestos Claims | 27,614 | 26,450 |

15. The Class 6 Additional Excluded Votes (which are listed in Exhibit B) have been excluded pursuant to Section D.b. of the Solicitation Procedures because the entities or individuals that submitted these votes did not timely file a Proof of Claim with respect to the voted claim prior to the applicable bar date order and, it is my understanding that pursuant to the Solicitation Procedures, therefore were not entitled to cast a vote on the Plan for such claim.

16. The Ballots included instructions on how to opt-out of the releases contained in the Plan (the "Opt-Out Election"). For the avoidance of doubt, this Declaration does not certify the validity of any such Opt-Out Election. Such information is provided for reporting and informational purposes only. The final tabulation of the Opt-Out Election cast on timely and properly completed Ballots received by Prime Clerk is attached hereto as **Exhibit C**.

*[Remainder of Page Intentionally Left Blank]*

8

To the best of my knowledge, information and belief, I declare under penalty of perjury that the foregoing information concerning the distribution, submission and tabulation of Ballots in connection with the Plan is true and correct.

Dated: October 31, 2021

                                                     */s/ James Daloia*  
                                                   James Daloia  
                                                   Director, Global Corporate Actions  
                                                   Prime Clerk LLC