**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| Mallinckrodt plc, *et al.* | : | Case Number 20-12522 (JTD) |
| | : | |
| | : | Jointly Administered |
| | : | |
| | : | **Hearing Date: November 8, 2021 at 10:00 a.m.** |
| | : | **Objection Deadline: At or before the hearing** |
| Debtors.[1] | : | **Related to D.I. 3697, 3828, 4097, 5108, 5110 and 5180** |

**UNITED STATES TRUSTEE'S OMNIBUS OBJECTION TO ACTHAR
INSURANCE CLAIMANTS' MOTIONS TO SEAL LISTED AT DOCKET
NOS. 3697, 3828, 4097, 5108 AND 5110**

In support of his omnibus objection (the "Objection") to the Acthar Insurance Claimants'

Motions to Seal Listed at Docket Nos. 3697, 3828, 4097, 5108 and 5110 (the "Seal Motions"),

Andrew R. Vara, the United States Trustee for Region Three ("U.S. Trustee"), states as follows:

1.      This Court has jurisdiction to consider this Objection.

2.      Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the

administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United

States Code (the "Bankruptcy Code").  This duty is part of the U.S. Trustee's overarching

responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the

courts.  *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33

F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11

U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In

re Revco D.S., Inc.),* 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.primeclerk.com/Mallinckrodt. The Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

"watchdog").

3.    Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard with regard to this Objection.

## PRELIMINARY STATEMENT

4.    Pursuant to the Court's April 27, 2021 Confidentiality and Protective Order (D.I. 2125) (the "Protective Order"), the Acthar Insurance Claimants filed under seal certain information designated by the Debtors as "Confidential" or "Highly Confidential."  The information designated as "Confidential" or "Highly Confidential" comprises exhibits to and documents referenced in various pleadings filed by the Acthar Insurance Claimants (collectively, the "Sealed Information").  Proposed redacted versions of the Acthar Insurance Claimants' pleadings at issue were filed at D.I. 3814, 3829, 4094, 4511 and 4611.

5.    The Acthar Insurance Claimants indicate in the Seal Motions that they do not agree that the Sealed Information was properly designated by the Debtors as "Confidential" or "Highly Confidential," and further indicate that they reserve the right to challenge those designations and/or to seek to unseal the documents and references thereto. (Seal Motions, fn. 3).

6.    No party has shown that the information may be sealed under Section 107(b) of the Bankruptcy Code.  Further, a Rule 26(c) confidentiality stipulation, the basis of the sealing here, does not constitute sufficient grounds to seal documents filed with the Court.  The Seal Motions should be denied.[2]

## BACKGROUND

7.    On October 12, 2020 (the "Petition Date"), the Debtors filed voluntary

---

[2] The U.S. Trustee previously filed an Objection to the Debtors' Motion to File Under Seal the Confidential Information in the Debtors' Reply in Support of their Motion for Partial Summary Judgment on Administrative Claims Objection (D.I. 4935).

petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy

Court for the District of Delaware (the "Court").

8.      On October 27, 2020, the U. S. Trustee appointed a statutory committee of

unsecured creditors and a statutory committee of opioid related claimants in these cases.

9.      On November 4, 2021, the Acthar Insurance Claimants filed a Notice of

Hearing Regarding Acthar Insurance Claimants' Motions to Seal (D.I. 5180), listing the Seal

Motions set forth below for hearing on November 8, 2021:

- Motion to File Under Seal (I) the Motion of Attestor Limited and Humana Inc. to Supplement the Evidentiary Record on the Debtors' Motion for Partial Summary Judgment on Administrative Claims Objection and (II) the Declaration of Philip F. DiSanto in Support of Motion of Attestor Limited and Humana Inc. to Supplement the Evidentiary Record on the Debtors' Motion for Partial Summary Judgment on Administrative Claims Objection (D.I. 5110);

- Motion to File Under Seal (I) the Opposition of Attestor Limited and Humana Inc. to the Debtors' Motion for Partial Summary Judgment on Administrative Claims Objection and (II) the Declaration of Philip F. DiSanto in Support of Opposition of Attestor Limited and Humana Inc. to the Debtors' Motion for Partial Summary Judgment on Administrative Claims Objection (D.I. 5108);

- Motion to File Under Seal the Opposition of Attestor Limited and Humana Inc. to the Debtors' Objection to Certain Acthar-Related Administrative Claims and Supplement to the Acthar Insurance Claimants' Administrative Claims (D.I. 4097);

- Motion to File Under Seal Attestor Limited and Humana Inc.'s Reply in Further Support of an Order Adjourning the Hearing on the Debtors' Objection to Certain Acthar-Related Administrative Claims (D.I. 3828);

- Motion to File Under Seal the Motion of Attestor Limited and Humana, Inc. for an Order Adjourning the Hearing on the Debtors' Objection to Certain Acthar-Related Administrative Claims (D.I. 3697).

10.     The U.S. Trustee objects to the Seal Motions on the grounds set forth

below.

**ARGUMENT**

11.    A movant has the burden of demonstrating that information may be sealed under Section 107 of the Bankruptcy Code.  Here, the Acthar Insurance Claimants have stated that it is their belief that the Sealed Information was improperly designated as "Confidential" or "Highly Confidential."

12.    The Supreme Court stated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 591 (1978), that "[i]t is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Unanimity in the case law demonstrates that there is a common law right of access to judicial proceedings and to inspect judicial records in civil matters.  In *Orion Pictures Corp. v. Video Software Dealers Assoc.,* 21 F.3d 24 (2d Cir. 1994), the Court stated the general rule as: "...a strong presumption of public access to court records.... This preference for public access is rooted in the public's first amendment right to know about the administration of justice. It helps safeguard the 'integrity, quality, and respect in our judicial system.'" *Orion*, 21 F. 3d at 26. (citations omitted)). *See also In re Continental Airlines,* 150 B.R. 334 (D. Del. 1993), where the court noted "...the strong presumption in favor of public access to judicial records and papers...." Accord, *In re Foundation for New Era Philanthropy,* 1995 WL 478841 (E.D. Pa. 1995); *In re Barney's Inc.,* 201 B.R. 703 (Bankr. S.D.N.Y. 1996).

13.    In the bankruptcy context, limited exceptions to the general rule are contained in the Code and Rules.  Bankruptcy Code § 107(b) provides as follows:

> On request of a party in interest, the bankruptcy court shall, and on
> the bankruptcy court's own motion, the bankruptcy court may-
>
> (1) protect an entity with respect to a trade secret or confidential
> research, development, or commercial information; or

(2) protect a person with respect to scandalous or defamatory matter
contained in a paper filed in a case under this title.

14.     As exceptions to the common law rule, the burden is on the moving party to

show that a request to place documents under seal falls within the parameters of Bankruptcy

Code § 107(b) and FRBP 9018 by demonstrating that: "that the interest in secrecy outweighs the

presumption in favor of access."  *See In re Continental Airlines*, 150 B.R. 334 (D. Del. 1993).

The inquiry then is whether or not the matter sought to be placed under seal fits within any of the

categories included within either of section 107(b) or FRBP 9018.

15.     "Confidential commercial information" is not a defined term within the

Bankruptcy Code, but it has been addressed in the case law interpreting Section 107(b)(1).

"Confidential commercial information" is "information which would result in 'an unfair

advantage to competitors by providing them information as to the commercial operations of the

[entity]." *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (citing *In re

Orion Pictures Corp.*, 21 F.3d at 27-28 and *Ad Hoc Protective Comm. for 10 ½% Debenture

Holders v. Itel Corp. (In re Itel Corp.)*, 17 B.R. 942, 944 (9th Cir. BAP 1982)). The disclosure of

such information must "reasonably be expected to cause the entity commercial injury." *Alterra*,

353 B.R. at 75 (citing *In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bank. E.D. Tex. 2004)

and *In re Global Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003)). "Moreover, the

Court must find that information contained in the . . . [documents] . . . 'is so critical to the

operations of the entity seeking the protective order that its disclosure will unfairly benefit that

entity's competitors.'" *Alterra*, 353 B.R. at 75-76 (quoting *In re Barney's, Inc.*, 201 B.R. 703,

708-09 (Bankr. S.D.N.Y. 1996)).  Information is not "'commercial' within the meaning of §

107(b) merely because it relate[s] to business affairs." *In re Northwest Airlines Corp.*, 363 B.R.

704, 706 (Bankr. S.D.N.Y. 2007). It must be "information which would give a competitor an

unfair advantage." *Id*. (quoting *In re Handy Andy Home Improvement Centers, Inc.*, 199 B.R.

376, 382 (Bankr. N.D. Ill. 1996)). However, Section 107(b) does not require the court to find that

the information is the equivalent of a trade secret before protecting it. *Orion Pictures Corp.*, 21

F.3d at 28.

16.    No party has met the burden here imposed by Section 107.  The Seal

Motions do not establish that the Sealed Information falls within the narrow categories set forth

in Section 107(b): trade secrets; confidential commercial, research, or development information;

or scandalous or defamatory matter.  Based on the redacted pleadings, the Sealed Information

concerns matters of public interest in the Bankruptcy Case regarding the potential allowance of

Acthar-related administrative claims.

17.    A document that is filed with the Court in a non-discovery matter or is

otherwise incorporated or integrated into the Court's adjudicatory proceedings is a judicial

record to which the common law's strong presumption of access attaches.  *See In re Avandia*

*Marketing, Sales Practices and Products Liability Litigation*, 924 F.3d at 672; *Leucadia, Inc. v.*

*Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 164 (3d Cir. 1993) ("[T]here is a

presumptive right of public access to pretrial motions of a nondiscovery nature, whether

preliminary or dispositive, and the material filed in connection therewith.").  The standard for

sealing judicial records is "[a]nalytically distinct" from and "more rigorous" than the Rule 26(c)

standard for protecting discovery materials.  *In re Avandia Marketing, Sales Practices and*

*Products Liability Litigation*, 924 F.3d at 670-73.

> On one end of the spectrum, there is no public right of access to
> unfiled discovery materials. . . . But, once a document produced in
> discovery is filed with the court, there is a presumptive right of
> public access.  . . .  A common justification offered up as 'good

cause' for sealing a court filing is that a document is (or contains information that is) designated as confidential under a stipulated protective order.  That alone, however, is not enough.  The 'good cause' that justifies an umbrella protective order at the discovery stage (and allows such designations) is not sufficient to meet the heightened standard to seal filings about dispositive motions or trial. . . . Parties therefore may not rely solely on their designations under a discovery protective order to support sealing motions; they must show that each document they seek to seal should be sealed under the appropriate standard.

*Bradford & Bigelow, Inc. v. Richardson*, 109 F.Supp.3d 445, 447-48 (D. Mass. 2015).

18.     The Protective Order is not sufficient grounds to support the Sealed Information.  *See In re Columbia Gas System, Inc.*, 1995 WL 917032 at *2 (D. Del. Oct. 4, 1995) ("[A] protective order *may* be binding on the parties to it during the discovery phase of litigation, but not beyond, if a party chooses to utilize 'protected material' in any matter other than a discovery dispute."); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("Unlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the public is entitled to access by default.  This fact sharply tips the balance in favor of production when a document, formerly sealed for good cause under Rule 26(c), becomes part of a judicial record.").  An agreement among parties to keep information confidential is not determinative.  *See In re Muma Services, Inc.*, 279 B.R. 478, 485 (Bankr. D. Del. 2002) (if parties could file documents under seal simply because of contractual confidentiality provisions, then Court "would never have control over motion practice" and Section 107 "would be meaningless."); *Bradford & Bigelow, Inc. v. Richardson*, 109 F.Supp.3d at 447 (some parties have "misconception that they, rather than the court, get to decide when documents are sealed.  That is not so.").

19.     Even if the parties could successfully demonstrate that there may be portions of the Sealed Information that may be protected under section 107(b) or Rule 9018, the

relief granted should be narrowly tailored.  *See In re Lomas Financial Corporation*, 1991 WL 21231, at *2 (S.D.N.Y. 1991).  Only those portions of the Sealed Information that comport with the requirements of either section 107(b) or FRBP 9018 should be redacted and sealed.  The balance should become part of the public record.

    WHEREFORE, the U.S. Trustee requests that this Court issue an order denying approval of the Seal Motions and/or granting such other relief as this Court deems appropriate, fair and just.

                    Respectfully submitted,

                    **ANDREW R. VARA**
                    **UNITED STATES TRUSTEE**
                    **REGIONS 3 AND 9**

                    **By:** */s/ Jane M. Leamy*
                       Jane M. Leamy (#4113)
                       U.S. Department of Justice
                       Office of the U.S. Trustee
                       844 N. King Street, Room 2207
                       Wilmington, DE 19801
                       (302) 573-6491
                       Jane.M.Leamy@usdoj.gov

Dated: November 5, 2021