# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MALLINCKRODT PLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br>Case No. 20-12522 (JTD)<br>(Jointly Administered)<br><br>**Hearing Date: TBD**<br>**Obj. Deadline: December 1, 2021 at 4:00 p.m. ET**<br><br>**Re: D.I. 5299** |

## AD HOC ACTHAR GROUP'S MOTION FOR AN ORDER AUTHORIZING THE FILING UNDER SEAL THE AD HOC ACTHAR GROUP'S REPLY AND DECLARATION OF DONALD HAVILAND, JR. IN SUPPORT OF <u>MOTION FOR AN ORDER DIRECTING THE APPOINTMENT OF AN EXAMINER</u>

The Ad Hoc Acthar Group[2] (the "<u>AHAG</u>"), by and through its undersigned counsel, files hereby file this motion (the "**Motion**") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Order**") granting the relief described below. In support of the Motion, the AHAG, by and through their undersigned counsel, state as follows:

## <u>RELIEF REQUESTED</u>

1. By this Motion, pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.primeclerk.com/Mallinckrodt.

[2] The "Ad Hoc Acthar Group" consists of the following: the City of Rockford ("**Rockford**"), Steamfitters Local Union No. 420 ("**Steamfitters Local 420**"), the International Union of Operating Engineers Local 542 ("**Local 542**"), United Association of Plumbers & Pipefitters Local 322 of Southern New Jersey ("**Plumbers Local 322**") and Acument Global Technologies ("**Acument**"), individually and on behalf of the classes of third party payors ("**TPPs**") and their beneficiaries that Rockford, Steamfitters Local 420 and Plumbers Local 322 seek to represent in their respective cases currently pending in federal district courts in the Northern District of Illinois, the Eastern District of Pennsylvania, and the District of New Jersey, respectively.

(the "**Local Rules**"), the AHAG request entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the AHAG to (i) file under seal the Reply in Support of Motion of Motion For Order Directing the Appointment of An Examiner and the Declaration of Donald Haviland, Jr. in support thereof filed on November 12, 2021 at D.I. 5299 (the "**Reply**" and the "**Declaration**," respectively); (ii) file a redacted version of the Reply and Declaration on the docket; and (iii) provide an unredacted version of the Reply and Declaration to the Court, the U.S. Trustee, the Official Committee of Unsecured Creditors ("**UCC**"), and any other parties in interest as the Court may order.

## JURISDICTION, VENUE AND PREDICATES FOR RELIEF

2. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.). This is a core proceeding under 28 U.S.C. § 157(b). Venue of these Chapter 11 Cases (defined below) and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

4. Pursuant to Local Rule 9013-1(f), the AHAG consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

5. On October 29, 2021, the AHAG filed its Motion for Order Directing the Appointment of Examiner and Designate Ballots [D.I. 5057] (the "**Examiner Motion**").

6. On November 8, 2021, several objections were filed to the Examiner Motion. See D.I. 5226, 5227, and 5229.

7. On November 12, 2021, the AHAG filed the Reply and Declaration under seal. **Exhibit A** to the Declaration is the transcript of the deposition of Thomas W. Bevan conducted on October 28, 2021 and certain portions of which have been designated confidential by the UCC. **Exhibits E and F** to the Declaration also contain a report from Alvarez and Marsel that has been designated confidential under the Confidentiality Order entered in this case.

## BASIS FOR RELIEF

8. Sections 105(a) and 107(b) of the Bankruptcy Code allow the Court to authorize the AHAG to file the Reply and Declaration under seal. Pursuant to section 105(a) of the Bankruptcy Code, bankruptcy courts have the inherent equitable power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). In addition, section 107(b) provides bankruptcy courts with the power to protect parties in interest from potentially harmful disclosures:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> > (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

9. Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

10. Once the court determines that a party in interest is seeking protection of

8

information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994). Courts have held that protection under section 107(b) must be granted if the information sought to be protected is commercial information, and significantly, that commercial information need not rise to the level of a trade secret to be entitled to protection. *Id.* at 28 (finding that the use of the disjunctive in section 107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former"). Furthermore, in contrast with Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *Orion Pictures Corp.,* 21 F.3d at 28. Nor does such require a finding of "extraordinary circumstances or compelling need." *Id.* at 27.

11. Rather, a party seeking the protection of section 107(b) need only demonstrate that the information is "confidential" and "commercial" in nature. *Id.* at 27; *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Once established that the subject information qualifies as "commercial information" under section 107(b)(1), the Bankruptcy Code mandates that this information be protected from disclosure. *See Global Crossing Ltd.*, 295 B.R. at 725.

12. Grounds exist here for the Court to grant the relief requested. **Exhibits A, E & F** to the Declaration include certain confidential information.

13. Accordingly, the AHAG submit that the Court should authorize the AHAG to

redact **Exhibit A** to the Declaration in its entirety and **Exhibits E and F** accordingly and file the redacted version of the Reply and Declaration pursuant to section 107(b) of the Bankruptcy Code and pursuant to the Court's general authority under section 105(a) of the Bankruptcy Code.

### COMPLIANCE WITH LOCAL RULE 9018-1(d)

14. To the best of the knowledge, information and belief of the undersigned counsel, **Exhibits A, E &F** to the Declaration contains information that is confidential, as contemplated by Local Rule 9018-1(d)(iii). Prior to the filing of this Motion, the undersigned counsel to the AHAG attempted to confer in good faith with counsel to the Debtors and the UCC regarding the filing of the redacted version of the Reply and Declaration. No responses were received.

### NOTICE

15. Notice of this Motion will be provided to the following parties, or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) the Debtors; (iii) the UCC; and (iv) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002.

### NO PRIOR REQUEST

16. No previous request for the relief sought herein has been made to this Court or any other court.

**WHEREFORE**, the AHAG respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: November 17, 2021
Wilmington, Delaware

**CIARDI CIARDI & ASTIN**
*/s/ Daniel K. Astin*
Daniel K. Astin (No. 4068)
1204 North King Street
Wilmington, DE 19801
Telephone: (302) 658-1100
Facsimile: (302) 658-1300
dastin@ciardilaw.com

-and-

Albert A. Ciardi, III, Esquire
Walter W. Gouldsbury III, Esquire
(Admitted *pro hac vice*)
CIARDI CIARDI & ASTIN
1905 Spruce Street
Philadelphia, PA 19103
Telephone:  (215) 557-3550
Facsimile:  (215) 557-3551
aciardi@ciardilaw.com
wgouldsbury@ciardilaw.com

-and-

Donald E. Haviland, Jr., Esq.
(Admitted *pro hac vice*)
*haviland@havilandhughes.com*
William H. Platt II, Esq.
(Admitted *pro hac vice*)
*platt@havilandhughes.com*
**HAVILAND HUGHES**
201 South Maple Ave., Suite 110
Ambler, Pennsylvania 19002
T: 215-609-4661
F: 215-392-4400

-and-

Dion G. Rassias, Esq. (No. 2829)
*dgr@beasleyfirm.com*
Jillian E. Johnston, Esq.
*(Admitted pro hac vice*)
*Jill.johnston@beasleyfirm.com*
THE BEASLEY FIRM, LLC
1125 Walnut Street
Philadelphia, PA  19107
T: 215-592-1000

-and-

James Bartimus, Esq.
*(Admitted pro hac vice*)
jb@bflawfirm.com
Anthony DeWitt, Esq.
(*Admitted pro hac vice*)
ALDewitt@bflawfirm.com
**BARTIMUS, FRICKLETON, ROBERTSON, RADAR PC**
11150 Overbrook Road, Suite 200

Leawood, Kansas 66211
T: 913-266-2300
F: 913-266-2366

*Counsel for the Ad Hoc Acthar Group*