## Exhibit A

**Updated Emergency Room Physicians Trust Agreement**

**PLEASE TAKE NOTICE** that certain documents, or portions thereof, contained in this Exhibit A and the Fifth Plan Supplement remain subject to continuing negotiations among the Debtors and interested parties with respect thereto. The Debtors and such applicable interested parties reserve all of their respective rights, subject to the terms and conditions set forth in the Plan and the Restructuring Support Agreement (as amended), with respect to the final form of such documents and to amend, revise, or supplement the Fifth Plan Supplement, and any of the documents and designations contained herein, at any time before the Effective Date of the Plan, or any such other date as may be provided for by the Plan or by order of the Bankruptcy Court.

The latest copy of the Emergency Room Physicians Trust Agreement was filed on the Court's Docket titled "*Notice Of Filing Of Exhibit A (Draft Hospital Trust Agreement), Exhibit B (Draft Emergency Room Physicians Trust Agreement), Exhibit C (Updated Opioid Deferred Cash Payment Terms), And Exhibit D (Draft Management Incentive Plan) Of The Second Plan Supplement For The Joint Plan Of Reorganization Of Mallinckrodt Plc And Its Debtor Affiliates Under Chapter 11 Of The Bankruptcy Code*" [Docket No. 4147].

The attached is a further revised Emergency Room Physicians Trust Agreement with a redline against the version docketed at Docket No. 4147.

## MALLINCKRODT OPIOID

## <u>INDEPENDENT EMERGENCY ROOM PHYSICIAN TRUST AGREEMENT</u>

This Mallinckrodt Independent Emergency Room Physician Trust Agreement (this "**Trust Agreement**"), dated as of [DATE] and effective as of the Effective Date,[1] is entered into, pursuant to the Joint Plan of Reorganization (the "**Plan**") of Mallinckrodt plc and its Debtor Affiliates[2] (collectively referred to as the "**Debtors**" or "**Settlors**"); Under Chapter 11 of the Bankruptcy Code, dated as of [date] (as may be amended, modified, or supplemented, the "**Plan**"), (the "**Delaware Trustee**"); the Independent Emergency Room Physician Trustee identified on the signature pages hereof (the "**Trustee**"); the members of the IER Physician Trust Independent Emergency Room Physician Advisory Committee identified on the signature pages hereof (the "**IER Physician Committee**");

**WHEREAS,** the Debtors have reorganized under the provisions of chapter 11 of the Bankruptcy Code in the case filed in the United States Bankruptcy Court for the District of Delaware, administered and known as *In re Mallinckrodt plc, et al.,* No. 20-12522 (JTD); and

**WHEREAS,** the Bankruptcy Court has entered the Confirmation Order confirming the Plan; and

---

[1] All capitalized terms not otherwise defined herein shall have their respective meanings as set forth in the Plan, and such definitions are incorporated herein by reference. All capitalized terms not defined herein or defined in the Plan, but defined in the Bankruptcy Code or Rules, shall have the meanings ascribed to them by the Bankruptcy Code and Rules, and such definitions are incorporated herein by reference.

[2] complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.primeclerk.com/Mallinckrodt. The Debtors' mailing address is 675 McDonnell Boulevard, Hazelwood, Missouri 63042.

28322086.8

**WHEREAS,** the Plan provides, *inter alia,* for the creation of a IER Physician Trust, as provided herein to be called the Mallinckrodt Opioid Independent Emergency Room Physician Trust (the "**IER Physician Trust**"); and

**WHEREAS**, pursuant to the Plan, the IER Physician Trust shall be established to (i) assume all liability for the IER Physician Channeled Claims (as defined in the IER Physician TDP),[3] (ii) collect the distribution on account of IER Physician Channeled Claims pursuant to the Plan in accordance with the IER Physician Trust Documents, (iii) administer the IER Physician Channeled Claims, (iv) make IER Physician Abatement Distributions to Holders of IRE Physician Channeled Claims in accordance with the IER Physician Trust Documents, and (v) carry out such other matters as are set forth in the IER Physician Trust Documents; and

**WHEREAS,** the Plan provides that, as of the Effective Date, all IER Channeled Physician Claims, and all of Mallinckrodt's liabilities for the IER Physician Channeled Claims, shall automatically, and without further act, deed or court order, be channeled to and assumed by the IER Physician Trust, which shall resolve the IER Physician Channeled Claims under the IER Physician Trust Documents; and

**WHEREAS,** pursuant to the Plan, the IER Physician Trust is to use its assets and income to resolve and satisfy, if qualified, all IER Physician Channeled Claims; and shall (i) hold, manage, and invest all funds and other assets received by the IER Physician Trust from the Opioid MDT II for the benefit of the beneficiaries of the IER Physician Trust; and (iii) to make IER Physician Abatement Distributions to Holders of IER Physician Channeled Claims in accordance with the Mallinckrodt Opioid IER Physician Trust Distribution Procedures (the "**IER Physician TDP**");

---

[3] In this Trust Agreement, whenever the terms "IER Physician Channeled Claim," is used, this term refers only to IER Physician Channeled Claims, that are channeled to the IER Physician Trust pursuant to the Plan.

**WHEREAS,** all rights of the Holders of IER Physician Channeled Claims arising under this Trust Agreement and the IER Physician TDP shall vest upon the Effective Date; and

**WHEREAS,** pursuant to the Plan, the IER Physician Trust is intended to qualify as a "qualified settlement fund" within the meaning of section 1.468B-1 *et seq.* of the Treasury Regulations promulgated under section 468B of the Internal Revenue Code (the "**QSF Regulations**"), and to be treated consistently for state and local tax purposes to the extent applicable; and

**WHEREAS**, the Bankruptcy Court has determined that the IER Physician Trust and the Plan satisfy all the prerequisites for issuance of an injunction pursuant to section 105(a) of the Bankruptcy Code with respect to any and all IER Physician Channeled Claims, and such injunction has been entered in connection with the Confirmation Order;

**NOW, THEREFORE,** it is hereby agreed as follows:

## ARTICLE I

## AGREEMENT OF TRUST

1.1    **Creation and Name.** The Debtors as Settlors hereby create a trust known as the "Mallinckrodt Opioid Independent Emergency Room Physician Trust," which is the IER Physician Trust provided for and referred to in the Plan. The IER Physician Trustee of the IER Physician Trust may transact the business and affairs of the IER Physician Trust in the name of the IER Physician Trust, and references herein to the IER Physician Trust shall include the IER Physician Trustee acting on behalf of the IER Physician Trust. It is the intention of the parties hereto that the IER Physician Trust created hereby constitute a statutory trust under Chapter 38 of title 12 of the Delaware Code, 12 Del. C. § 3801 et seq. (the "**DST Act**") and that this document constitutes the governing instrument of the IER Physician Trust. The IER Physician Trustee and the Delaware

Trustee are hereby authorized and directed to execute and file a Certificate of Trust with the Delaware Secretary of State.

    1.2    **Purpose.**  The purpose of the IER Physician Trust is to assume all liabilities and responsibility for all IER Physician Channeled Claims, to resolve and make IER Physician Abatement Distributions to Holders of IER Physician Channeled Claims in accordance with the IER Physician TDP, to use the IER Physician Trust Assets and income to meet its obligations, as well as to, among other things:

    (a)    receive the distribution contemplated by Article IV.9(g) of the Plan;

    (b)    direct the administration, processing, liquidation and payment of all IER Physician Channeled Claims in accordance with the Plan, the IER Physician TDP, and the Confirmation Order;

    (c)    preserve, hold, and manage the assets of the IER Physician Trust for use in making IER Physician Abatement Distributions ;

    (d)    qualify at all times as a qualified settlement fund;

    (e)    establish a fund to make IER Physician Abatement Distributions (the "**IER Physician Trust Fund**"), and make such distributions in accordance with the Plan, the IER Physician TDP and the Confirmation Order;

    (f)    pay assessments to the extent required by Article IV.X.8 of the Plan to fund the Common Benefit Escrow and then, upon its establishment, the Common Benefit Fund in accordance with the Plan.

    (g)    fund the IER Physician Trust and make IER Physician Abatement Distributions therefrom to Holders of IER Physician Channeled Claims, respectively, in accordance with the Plan, the IER Physician TDP, and the Confirmation Order;

(h)      use the IER Physician Trust's assets and income to pay any and all fees, costs, expenses, taxes, disbursements, debts, or obligations of the IER Physician Trust incurred from the operation and administration of the IER Physician Trust (including in connection with the IER Physician TDP) and management of the IER Physician Trust Assets (together, the "**Trust Operating Expenses**") in accordance with the IER Physician Trust Documents; and

(i)      make IER Physician Abatement Distributions to Holders of IER Physician Channeled Claims in accordance with the IER Physician TDP (together with the IER Physician Trust Operating Expenses, the "**Trust Expenses**").

**1.3**      **Transfer of Assets.**  Pursuant to and in accordance with the Plan, the IER Physician Trust has received, on the Effective Date or as soon as reasonably practicable thereafter, the distribution provided for under Article IV.9(g) of the Plan (the "**IER Physician Trust Assets**") to fund the IER Physician Trust and make IER Physician Abatement Distributions.  In all events, the IER Physician Trust Assets or any other assets to be transferred to the IER Physician Trust under the Plan will be transferred to the IER Physician Trust free and clear of all Claims, interests, Liens and other encumbrances and liabilities of any kind by the Debtors, the Reorganized Debtors, the other Protected Parties, any creditor, or other entity except as otherwise provided in the IER Physician Trust Documents.

**1.4**      **Allocation of Funds.**

(a)      Under the Plan, the IER Physician Trust will receive the distribution provided for under Article IV.9(g) and the IER Physician Trust shall establish the IER Physician Trust Fund.

(b)      The IER Physician Trust Operating Expenses shall be paid from the IER Physician Trust Fund until the IER Physician Trust Fund is exhausted and dissolved.

1.5    **Acceptance of Assets and Assumption of Liabilities.**

(a)    In furtherance of the purposes of the IER Physician Trust, the IER Physician Trust hereby expressly accepts the transfer to the IER Physician Trust of the IER Physician Trust Assets and any other transfers contemplated by the Plan and the IER Physician Trust Documents in the time and manner as, and subject to the terms, contemplated in the Plan and the IER Physician Trust Documents.

(b)    In furtherance of the purposes of the IER Physician Trust, the IER Physician Trust expressly assumes all liabilities and responsibility for all IER Physician Channeled Claims, and neither the Reorganized Debtors nor any of the Protected Parties specified in the Plan shall have any further financial or other responsibility or liability therefor.  Except as otherwise provided in this Trust Agreement and the IER Physician TDP, the IER Physician Trust shall have all defenses, cross-claims, offsets, and recoupments, as well as rights of indemnification, contribution, subrogation, and similar rights, regarding such claims that the Debtors or the Reorganized Debtors have or would have had under applicable law; provided, however, that such claims, defenses or rights may not be asserted against any Protected Party.

(c)    Notwithstanding anything to the contrary herein, no provision herein or in the IER Physician TDP shall be construed or implemented in a manner that would cause the IER Physician Trust to fail to qualify as a "qualified settlement fund" under the QSF Regulations.

(d)    Nothing in this Trust Agreement shall be construed in any way to limit (i) the scope, enforceability, or effectiveness of the Opioid Permanent Channeling Injunction, or (ii) subject to the provisions of Section 1.5(b) above, the IER Physician Trust's assumption of all liability for IER Physician Channeled Claims.

(e)     To the extent required by the DST Act, the beneficial owners (within the meaning of the DST Act) of the IER Physician Trust (the "**Beneficial Owners**") shall be deemed to be the Holders of IER Physician Channeled Claims; provided that (i) the Holders of IER Physician Channeled Claims, as such Beneficial Owners, shall have only such rights with respect to the IER Physician Trust and its assets as are set forth in the IER Physician TDP, and (ii) no greater or other rights, including upon dissolution, liquidation or winding up of the IER Physician Trust, shall be deemed to apply to the Holders of IER Physician Channeled Claims in their capacity as Beneficial Owners.

## ARTICLE II

## POWERS AND TRUST ADMINISTRATION

### 2.1    Powers.

(a)     The IER Physician Trustee is and shall act as the fiduciary to the IER Physician Trust in accordance with the provisions of this Trust Agreement and the Plan.  The IER Physician Trustee shall, at all times, administer the IER Physician Trust and the IER Physician Trust Assets in accordance with the purposes set forth in section 1.2 above.  Subject to the limitations set forth in this Trust Agreement, the IER Physician Trustee shall have the power to take any and all actions that, in the judgment of the IER Physician Trustee, are necessary or proper to fulfill the purposes of the IER Physician Trust, including, without limitation, each power expressly granted in this section 2.1, any power reasonably incidental thereto and not inconsistent with the requirements of section 2.2, and any trust power now or hereafter permitted under the laws of the State of Delaware.

(b)     Except as required by applicable law or otherwise specified herein, the IER Physician Trustee need not obtain the order or approval of any court in the exercise of any power or discretion conferred hereunder.

(c)      Without limiting the generality of Section 2.1(a) above, and except as limited below, the IER Physician Trustee shall have the power to:

(i)      receive and hold the IER Physician Trust Assets and exercise all rights with respect thereto, including the right to vote and sell any securities that are included in the IER Trust Assets;

(ii)      invest the monies held from time to time by the IER Physician Trust, in consultation with the IER Physician Committee, and any financial advisor for the IER Physician Trust (the "**Financial Advisor**");

(iii)      sell, transfer, or exchange, in the ordinary course of business, any or all of the IER Physician Trust Assets at such prices and upon such terms as the IER Physician Trustee may consider proper, consistent with the other terms of this Trust Agreement;

(iv)      enter into leasing and financing agreements with third parties to the extent such agreements are reasonably necessary to permit the IER Physician Trust to operate;

(v)      pay liabilities and expenses of the IER Physician Trust subject to the terms of the Plan, sue and be sued and participate, as a party or otherwise, in any judicial, administrative, arbitrative, or other proceeding;

(vi)      initiate, prosecute, defend, and resolve all such actions in the name of the Debtors or their Estates, in each case if deemed necessary by the IER Physician Trustee to fulfill the purposes of the IER Physician Trust;

(vii)      establish, supervise, and administer the IER Physician Trust in accordance with this Trust Agreement and the IER Physician TDP;

(viii)      appoint, hire, or engage such officers, employees, advisors, counsel, consultants, independent contractors, representatives and agents to provide such legal, financial,

accounting, investment, auditing, forecasting, claims administration, lien resolution, and other services ("**Professionals**") as the business of the IER Physician Trust requires, and delegate to such persons such powers and authorities as the fiduciary duties of the IER Physician Trustee permit and as the IER Physician Trustee, in his or her discretion, deems advisable or necessary in order to carry out the terms of this Trust and the IER Physician TDP;

(ix)    pay reasonable compensation to Professionals engaged by the IER Physician Trust;

(x)    as provided below, (a) compensate the IER Physician Trustee, the Delaware Trustee, the IER Physician Committee members, and (b) reimburse the IER Physician Trustee, the Delaware Trustee, the IER Physician Committee members, and as well as their respective Professionals, for all reasonable out-of-pocket costs and expenses incurred by such persons in connection with the performance of their duties hereunder;

(xi)    execute and deliver such instruments as the IER Physician Trustee considers proper in administering the IER Physician Trust;

(xii)    enter into such other arrangements with third parties as are deemed by the IER Physician Trustee to be useful in carrying out the purposes of the IER Physician Trust, provided such arrangements do not conflict with any other provision of this Trust Agreement;

(xiii)    in accordance with section 4.6 below, defend, indemnify, and hold harmless (and purchase insurance indemnifying) the IER Physician Trustee, the Delaware Trustee, and the members of the IER Physician Committee, and Professionals of the IER Physician Trust (including the Claims Administrator and its staff and agents), or the IER Physician Committee (the "**Additional Indemnitees**"), to the fullest extent that a statutory trust organized under the laws of the State of Delaware is from time to time entitled to defend, indemnify, hold harmless, and/or

insure its directors, trustees, and Professionals.  Notwithstanding anything to the contrary herein, no party shall be indemnified in any way for any liability, expense, claim, damage or loss for which he or she is liable under section 4.4 below;

(xiv)    delegate any or all of the authority herein conferred with respect to the investment of all or any portion of the IER Physician Trust Assets to any one or more reputable individuals or recognized institutional investment advisors or investment managers without liability for any action taken or omission made because of any such delegation, except as provided in section 4.4 below;

(xv)    consult with the IER Physician Committee at such times and with respect to such issues relating to the conduct of the IER Physician Trust as the IER Physician Trustee considers desirable in addition to such matters as are prescribed in this Trust Agreement or in the IER Physician TDP;

(xvi)    make, pursue (by litigation or otherwise), collect, compromise, settle, or otherwise resolve in the name of the IER Physician Trust, any claim, right, action, or cause of action included in the IER Physician Trust Assets, including, but not limited to, insurance recoveries, before any court of competent jurisdiction; and

(xvii)    may contract for the establishment and continuing maintenance of a website (the "**Trust Website**") to publish the claims materials and the Annual Report, and aid in communicating information to the Beneficiaries and their counsel or other authorized persons.

(d)    The IER Physician Trustee shall not have the power to guarantee any debt of other persons.

(e)    The IER Physician Trustee agrees to take the actions of the IER Physician Trust required hereunder.

(f)    The IER Physician Trustee shall give the IER Physician Committee reasonably prompt notice of any material act performed or taken pursuant to sections 2.1(c)(i) above, and any act proposed to be performed or taken pursuant to section 2.2(g) below.

**2.2    General Administration.**

(a)    The IER Physician Trustee shall act in accordance with this Trust Agreement, the Plan, the Confirmation Order, and the IER Physician TDP.  In the event of a conflict between the terms or provisions of the Plan and this Trust Agreement or the IER Physician TDP, the terms of the Plan shall control.  For the avoidance of doubt, this Trust Agreement shall be construed and implemented in accordance with the Plan, regardless of whether any provision herein explicitly references the Plan.

(b)    The IER Physician Trustee shall (i) timely file such income tax and other returns and statements required to be filed, and shall timely pay all taxes required to be paid by the IER Physician Trust, (ii) comply with all applicable reporting and withholding obligations, (iii) satisfy all requirements necessary to qualify and maintain qualification of the IER Physician Trust as a qualified settlement fund within the meaning of the QSF Regulations, and (iv) take no action that could cause the IER Physician Trust to fail to qualify as a qualified settlement fund within the meaning of the QSF Regulations.

(c)    The IER Physician Trustee may withhold, and shall pay to the appropriate tax authority all amounts required by law to be withheld pursuant to the Internal Revenue Code or any provision of any applicable foreign, state, or local tax law with respect to any IER Physician Abatement Distrubtion to the Holders of IER Physician Channeled Claims.  All such amounts withheld and paid to the appropriate tax authority shall be treated as amounts distributed to such Holders of IER Physician Channeled Claims for all purposes of this Trust Agreement.  The IER

28322086.8

Physician Trustee shall be authorized to collect tax information, which may include applicable IRS Form W-8 or IRS Form W-9, from the Holders of IER Physician Channeled Claims (including tax identification numbers) as reasonably requested by the IER Physician Trustee, readily available to the Holders of the IER Physician Channeled Claims and necessary to effectuate the Plan, the Confirmation Order, and this Trust Agreement.  The IER Physician Trustee may refuse to make some or all of a distribution to a Holder of an IER Physician Claim that fails to furnish such information in a timely fashion, and until such information is delivered may treat such Holder's IER Physician Claim, as disputed; provided, however, that, upon the delivery of such information by a Holder of an IER Physician Claim, the IER Physician Trustee shall make such distribution to which such Holder is entitled, without additional interest occasioned by such Holder's delay in providing tax information.  Notwithstanding the foregoing, if a Holder of an IER Physician Claim fails to furnish any tax information reasonably requested by the IER Physician Trustee before the date that is six months after the request is made (subject to extension in the discretion of the IER Physician Trustee if such Holder demonstrates to the reasonable satisfaction of the IER Physician Trustee that such Holder's failure to provide such tax information is due to one or more taxing authorities' failure to furnish information necessary to respond to the IER Physician Trustee's reasonable request to such Holder despite such Holder's request for such information), the amount of such distribution shall irrevocably revert to the IER Physician Trust Claim with respect to such distribution shall be discharged and forever barred from assertion against the IER Physician  Trust or its property.

(d)     The IER Physician Trustee shall be responsible for all of the IER Physician Trust's tax matters, including without limitation, tax audits, claims, defenses and proceedings. The IER Physician Trustee may request an expedited determination under section 505(b) of the

Bankruptcy Code for all tax returns filed by or on behalf of the IER Physician Trust for all taxable periods through the dissolution of the IER Physician Trust. The IER Physician Trustee shall also file (or cause to be filed) any other statement, return, or disclosure relating to the IER Physician Trust that is required by any governmental unit and be responsible for payment, out of the IER Physician Trust Assets, of any taxes imposed on the IER Physician Trust or its assets.

(e)     The IER Physician Trustee shall provide the following reports:

(i)     The IER Physician Trust shall cause to be prepared and provide to the IER Physician Committee quarterly reports on the financial condition of the IER Physician Trust, including a report on the investments and accounts of the IER Physician Trust, and the IER Physician Trust Operating Expenses ("**Quarterly Reports**"). The Quarterly Reports shall include quarterly statements on all items required to be included in the Annual Report (defined below).

(ii)     The IER Physician Trust shall cause to be prepared and provide to the IER Physician Committee monthly reports on the status of claims submitted to and processed, paid or resolved by the IER Physician Trust.

(iii)     The IER Physician Trustee shall cause to be prepared and filed with the Bankruptcy Court, as soon as available, and in any event within one hundred and twenty (120) days following the end of each calendar year, an annual report (the "**Annual Report**"). The Annual Report shall contain financial statements of the IER Physician Trust (including, without limitation, a balance sheet of the IER Physician Trust as of the end of such fiscal year and a statement of operations for such fiscal year) audited by a firm of independent certified public accountants selected by the IER Physician Trustee and accompanied by an opinion of such firm as to the fairness of the financial statements' presentation of the cash and investments available for the payment of claims.

(iv)    The Annual Report shall also include an aggregate summary regarding the number and type of claims disposed of during the period covered by the financial statements.

(v)    The IER Physician Trustee shall provide a copy of such Annual Report to the IER Physician Committee , and the Office of the United States Trustee for the District of Delaware when such reports are filed with the Bankruptcy Court. The Annual Report filed with the Bankruptcy Court shall be available for inspection by the public in accordance with procedures established by the Bankruptcy Court.

(f)    In consultation with the IER Physician Committee, the IER Physician Trustee shall cause to be prepared as soon as practicable prior to the commencement of each fiscal year a budget and cash flow projections covering such fiscal year and the succeeding four fiscal years.  The budget and cash flow projections shall include a description of the amounts the IER Physician Trust anticipates spending on Trust Operating Expenses and payments to Holders of IER Physician Channeled Claims.  The IER Physician Trustee shall provide a copy of the budget and cash flow projections to the IER Physician Committee.

(g)    The IER Physician Trustee shall consult with the IER Physician Committee (i) on the general implementation and administration of the IER Physician Trust; (ii) on the general implementation and administration of the IER Physician TDP; and (iii) on such other matters as may be required under this Trust Agreement and the IER Physician TDP.

(h)    The IER Physician Trustee shall be required to obtain the consent of the IER Physician Committee (as applicable) to the Consent Process set forth in sections 5.7(b), 6.7(b), and 7.5(b) below, in addition to any other instances elsewhere enumerated, in order:

(i)    to terminate the IER Physician Trust pursuant to section 7.4 below;

28322086.8

(ii)     to exhaust any remaining funds in the IER Physician;

(iii)     to exercise any consent or consultation right (to the extent the IER Physician Trustee has any such right) (a) with respect to a proposed settlement of the liability of any insurer under any insurance policy or legal action related thereto or (b) pursuant to the terms of the Trust Agreement or trust distribution procedures of Opioid MDT II;

(iv)     to change the compensation of the IER Physician Trustee, the Delaware Trustee, the IER Physician Committee members, the Claims Administrator, other than to reflect cost-of-living increases or to reflect changes approved by the Bankruptcy Court as otherwise provided herein;

(v)     to take actions out of the ordinary course to minimize any tax on the IER Physician Trust Assets, provided that no such action prevents the IER Physician Trust from qualifying as a qualified settlement fund within the meaning of the QSF Regulations or requires an election for the IER Physician Trust to be treated as a grantor trust for tax purposes;

(vi)     to sell or exchange IER Physician Trust Assets outside the ordinary course of Trust business;

(vii)     to amend any provision of this Trust Agreement or the respective IER Physician TDP in accordance with the terms thereof;

(viii)    to contract with a claims resolution organization or other entity that is not specifically created or authorized by this Trust Agreement or the IER Physician TDP; or

(ix)     if and to the extent required by the IER Physician TDP, disclose any information, documents, or other materials to preserve, litigate, resolve or settle coverage, or comply with an applicable obligation under an insurance policy or settlement agreement pursuant to the IER Physician TDP.

(i)    The IER Physician Trustee shall meet with the IER Physician Committee no less often than quarterly.  The IER Physician Trustee shall meet in the interim with the IER Physician Committee when so requested by any of them.  Meetings may be held in person, by telephone or video conference call, or by a combination of the two.

(j)    The IER Physician Trustee, upon notice from the IER Physician Committee, if practicable in view of pending business, shall at his or her next meeting with the IER Physician Committee consider issues submitted by the IER Physician Committee.  The IER Physician Trustee shall keep the IER Physician Committee reasonably informed regarding all aspects of the administration of the IER Physician Trust.

2.3    **Claims Administration.**  The IER Physician Trustee shall promptly proceed to implement the IER Physician TDP.

2.4    **Assets Available for Payments to Holders of IER Physician Claims**.  The amount of the IER Physician Trust Assets available to make settlement payments to Holders of IER Physician Channeled Claims shall be subject to deductions for the IER Physician Trust Operating Expenses and the Common Benefit Escrow/Common Benefit Fund assessments described in Section 2.5 below.

2.5    **Common Benefit Escrow/Common Benefit Fund Assessments**.  Upon the establishment of a Common Benefit Escrow on the Effective Date, the IER Physician Trust shall fund the Common Benefit Escrow by assessments of five percent (5%) of each distribution made by the IER Physician Trust in accordance with this Trust Agreement and the IER Physician TDP. Upon the establishment of the Common Benefit Fund by order entered by the MDL Court (the "**MDL Order**"), (i) the amounts held by the Common Benefit Escrow and all subsequent assessments of five percent (5%) of each distribution made by the IER Physician Trust shall be

transferred to and distributed in accordance with the MDL Order and (ii) the IER Physician Trust shall fund the Common Benefit Fund by assessments equal to five percent (5%) of each distribution made by the IER Physician Trust in accordance with this Trust Agreement and the IER Physician TDP (the "**Common Benefit Assessments**").  Such payments shall be made on a reasonable periodic basis to be agreed by the Governmental Plaintiff Ad Hoc Committee, the MSGE Group, and the IER Physician Trustee.  Except as expressly set forth in Article IV.X.8 of the Plan and this Trust Agreement, nothing shall impair or otherwise affect any contingency fee contract between any Holder of an IER Physician Claim and such Holder's counsel.  To the extent a Holder of an IER Physician Claim has retained counsel through a contingency fee arrangement, any contingency fees owed to such contingency counsel payable from distributions under the Plan shall be reduced by the full amount payable under Article IV.X.8. of the Plan.  However, the applicable Holder and its counsel, in their sole discretion, may agree that an amount up to but not exceeding forty percent (40%) of the amount payable under Article IV.X.8. of the Plan may be applied to the reimbursement of actual costs and expenses incurred by such Holder's counsel, in which case such agreed cost-reimbursement amount shall not reduce the contingency fee amounts payable to such counsel.

## ARTICLE III

## ACCOUNTS,  FINANCIAL ADVISOR, INVESTMENTS, AND PAYMENTS

3.1     **Accounts**.

(a)     The IER Physician Trustee may, from time to time, create such accounts and reserves within the IER Physician Trust estate as he or she may deem necessary, prudent, or useful in order to provide for the payment of Trust Expenses and may, with respect to any such account or reserve, restrict the use of monies therein, and the earnings or accretions thereto.

(b)    The IER Physician Trustee shall include a reasonably detailed description of the creation of any account or reserve in accordance with this Section 3.1 and, with respect to any such account, the transfers made to such account, the proceeds of or earnings on the assets held in each such account and the payments from each such account in the Quarterly Reports and the Annual Report.

3.2    **Financial Advisor.**

(a)    The IER Physician Trust may engage a Financial Advisor, with the consent of the IER Physician Committee. The engaged Financial Advisor shall be paid reasonable compensation in accordance with the IER Physician Trust's budget.

(b)    The Financial Advisor shall be responsible for determining the available assets of the IER Physician Trust and, under the direction of the IER Physician Trustee, for (i) overseeing the investment of all funds paid to and held by the IER Physician Trust, (ii) monitoring the assets and liabilities of the IER Physician Trust, (iii) providing investment guidance to the IER Physician Trust, (iv) overseeing the preparation of financial statements, and (v) preparing accounting statements and responding to audits.

(c)    At the direction of the IER Physician Trustee, the Financial Advisor shall prepare projections of the amount of the Award (as defined in the IER Physician TDP).  The Financial Advisor shall have reasonable access to all data and reports necessary to perform the tasks of the Financial Advisor.

(d)    The IER Physician Trustee, in consultation with the Claims Administrator, the IER Physician Committee, shall provide direction to the Financial Advisor regarding liquidity needs of and tax planning for the IER Physician Trust. The IER Physician Trustee shall supervise the Financial Advisor to ensure that the investment management and other tasks assigned to the Financial Advisor are performed in accordance with this Trust Agreement.

3.3     **Investments.**  The IER Physician Trustee, in consultation with the IER Physician Committee,  and the Financial Advisor shall develop the investment strategy for the IER Physician Trust Assets. In determining investments to be held by the IER Physician Trust, due regard shall be given to safety of principal and to production of reasonable amounts of current income.

3.4     **Source of Payments.**

(a)     All Trust Expenses shall be payable solely by the IER Physician Trustee out of the IER Physician Trust Assets.  None of the IER Physician Trustee; the Delaware Trustee; the IER Physician Committee; any Professionals of the foregoing; the Debtors; the Reorganized Debtors; or any other Protected Party shall be liable for the payment of any Trust Expense or any other liability of the IER Physician Trust, except to the extent provided in the Plan or the IER Physician  Trust Documents.

(b)     The IER Physician Trustee shall include a reasonably detailed description of any payments made in accordance with this section 3.4 in the Quarterly Reports and the Annual Report.

## ARTICLE IV

## TRUSTEE; DELAWARE TRUSTEE

4.1     **Number.**  In addition to the Delaware Trustee appointed pursuant to Section 4.11, there shall be one (1) Trustee. The initial Trustee shall be [Michael Masiowski.]

4.2     **Term of Service.**

(a)     The initial Trustee shall serve from the Effective Date until the earliest of (i) his or her death, (ii) his or her resignation pursuant to Section 4.2(b) below, (iii) his or her removal pursuant to section 4.2(c) below, or (vi) the termination of the IER Physician Trust pursuant to section 7.4 below.

28322086.8

(b)     The IER Physician Trustee may resign at any time by written notice to the IER Physician Committee.  Such notice shall specify a date when such resignation shall take effect, which shall not be less than ninety (90) days after the date such notice is given, where practicable.

(c)     The IER Physician Trustee may be removed at the recommendation of the IER Physician Committee with the approval of the Bankruptcy Court, in the event that he or she becomes unable to discharge his or her duties hereunder due to accident or physical or mental deterioration, or for other good cause.  Good cause shall be deemed to include, without limitation, any substantial failure to comply with the general administration provisions of section 2.2 above, a consistent pattern of neglect and failure to perform or participate in performing the duties of the IER Physician Trustee hereunder, or repeated non-attendance at scheduled meetings. Such removal shall require the approval of the Bankruptcy Court and shall take effect at such time as the Bankruptcy Court shall determine.

**4.3     Appointment of Successor Trustee.**

(a)     In the event of a vacancy in the IER Physician Trustee position, whether by term expiration, death, retirement, resignation, or removal, the vacancy shall be filled by the IER Physician Committee.  In the event that the IER Physician Committee cannot agree on the successor Trustee, the Bankruptcy Court shall make the appointment.

(b)     Immediately upon the appointment of any successor Trustee, all rights, titles, duties, powers and authority of the predecessor Trustee hereunder shall be vested in, and undertaken by, the successor Trustee without any further act.  No successor Trustee shall be liable personally for any act or omission of his or her predecessor Trustee.  No successor Trustee shall have any duty to investigate the acts or omissions of his or her predecessor Trustee.

28322086.8

(c)     Each successor Trustee shall serve until the earliest of (i) his or her death, (ii) his or her resignation pursuant to section 4.2(b) above, (iii) his or her removal pursuant to section 4.2(c) above, or (iv) the termination of the IER Physician Trust pursuant to section 7.4 below.

**4.4     Liability of Trustee, the IER Physician Committee.**  The IER Physician Trustee, the Members of the IER Physician Committee shall not be liable to the IER Physician Trust, to any individual holding a IER Physician Claim, or to any other person, except for any act or omission by such party that constitutes a bad faith violation of the implied contractual covenant of good faith and fair dealing within the meaning of 12 Del. C. § 3806(e).

**4.5     Compensation and Expenses of Trustee and Delaware Trustee.**

(a)     [The IER Physician Trustee shall receive a retainer from the IER Physician Trust for his or her service as a Trustee in the amount of [$25,000] per annum, paid annually. Hourly time, as described below, shall first be billed and applied to the annual retainer.  Hourly time in excess of the annual retainer shall be paid by the IER Physician Trust.  For all time expended as Trustee, including attending meetings, preparing for such meetings, and working on projects necessary to carry out the IER Physician Trust, the IER Physician Trustee shall receive compensation at the rate of [$735] per hour.  For all non-working travel time in connection with Trust business, the IER Physician Trustee shall receive compensation at the rate of [$275] per hour.  All time shall be computed on a decimal hour basis.  The IER Physician Trustee shall record all hourly time to be charged to the IER Physician Trust on a daily basis.  The IER Physician Committee shall have the right to review the IER Physician Trustee's monthly invoices. The hourly compensation payable to the IER Physician Trustee hereunder shall be reviewed every year by the

28322086.8

IER Physician Trustee and, after consultation with the members of the IER **Physician** Committee, appropriately adjusted by the IER Physician Trustee for changes in the cost of living.]

(b)      The Delaware Trustee shall be paid such compensation as agreed to pursuant to a separate fee agreement.

(c)      The IER Physician Trust will promptly reimburse the IER Physician Trustee and the Delaware Trustee for all reasonable out-of-pocket costs and expenses incurred by the IER Physician Trustee or the Delaware Trustee in connection with the performance of their duties hereunder.

(d)      The IER Physician Trust shall include a description of the amounts paid under this section 4.5 in the Quarterly Reports and the Annual Report.

**4.6      <u>Indemnification</u>.**

(a)      The IER Physician Trust shall indemnify and defend the IER Physician Trustee, the Delaware Trustee, and the members of the IER Physician Committee, in the performance of their duties hereunder to the fullest extent that a statutory trust organized under the laws of the State of Delaware as permitted by 12 Del. C. § 3817 (after the application of section 8.13) is from time to time entitled to indemnify and defend such persons against any and all liabilities, expenses, claims, damages, or losses incurred by them in the performance of their duties hereunder or in connection with activities undertaken by them prior to the Effective Date in connection with the formation, establishment, or funding of the IER Physician Trust. The IER Physician Trust shall also indemnify the Additional Indemnitees in the performance of their duties hereunder, to the fullest extent that a statutory trust organized under the laws of the State of Delaware (after the application of section 8.13) is from time to time entitled to indemnify and defend such persons, against any and all liabilities, expenses, claims, damages, or losses incurred

by them in the performance of their duties hereunder or in connection with activities undertaken by them prior to the Effective Date in connection with the formation, establishment or funding of the IER Physician Trust.  Notwithstanding the foregoing, no individual shall be indemnified or defended in any way for any liability, expense, claim, damage, or loss for which he or she is ultimately liable under section 4.4 above.

(b)    Reasonable expenses, costs and fees (including attorneys' fees and costs) incurred by or on behalf of the IER Physician Trustee, the Delaware Trustee, a member of the IER Physician Committee, or an Additional Indemnitee in connection with any action, suit, or proceeding, whether civil, administrative or arbitrative, from which they are indemnified by the IER Physician Trust pursuant to section 4.6(a) above, shall be paid by the IER Physician Trust in advance of the final disposition thereof upon receipt of an undertaking, by or on behalf of the IER Physician Trustee, the Delaware Trustee, the member of the IER Physician Committee,  or the Additional Indemnitee, to repay such amount in the event that it shall be determined ultimately by final order that the IER Physician Trustee, the Delaware Trustee, the member of the IER Physician Committee, or the Additional Indemnitee is not entitled to be indemnified by the IER Physician Trust.

(c)    The IER Physician Trustee must purchase and maintain reasonable amounts and types of insurance on behalf of an individual who is or was a Trustee, a member of the IER Physician Committee, or an Additional Indemnitee, including against liability asserted against or incurred by such individual in that capacity or arising from his or her status as a Trustee, IER Physician Committee member, or as a Professional of the IER Physician Trust, or the IER Physician Committee.

28322086.8

**4.7**    **Lien.**  The IER Physician Trustee, members of the IER Physician Committee, and the Additional Indemnitees shall have a first priority lien upon the IER Physician Trust Assets to secure the payment of any amounts payable to them pursuant to section 4.6 above.

**4.8**    **Trustee's Independence.**  The IER Physician Trustee shall not, during the term of his or her service, hold a financial interest in, act as attorney or agent for, or serve as any other professional for the Reorganized Debtors.  The IER Physician Trustee shall not act as an attorney for any person who holds an Opioid IER Physician claim.  For the avoidance of doubt, this section shall not be applicable to the Delaware Trustee.

**4.9**    **Bond.**  The IER Physician Trustee and the Delaware Trustee shall not be required to post any bond or other form of surety or security unless otherwise ordered by the Bankruptcy Court.

**4.10**    **Trustee's Employment of Professionals; Delaware Trustee's Employment of Counsel.**

(a)    The IER Physician Trustee may, but shall not be required to, retain and/or consult with Professionals deemed by the IER Physician Trustee to be qualified as experts on the matters submitted to them (the **"Trust Professionals"**), and in the absence of a bad faith violation of the implied contractual covenant of good faith and fair dealing, the written opinion of or information provided by any such party deemed by the IER Physician Trustee to be an expert on the particular matter submitted to such party shall be full and complete authorization and protection in respect of any action taken or not taken by the IER Physician Trustee hereunder in good faith and in accordance with the written opinion of or information provided by any such party.

(b)    The Delaware Trustee shall be permitted to retain counsel only in such circumstances as required in the exercise of its obligations hereunder and compliance with the

advice of such counsel shall be full and complete authorization and protection for actions taken or not taken by the Delaware Trustee in good faith in compliance with such advice.

**4.11**    **Trustee's Retention of Claims Administrator.**

(a)    The IER Physician Trustee may retain a claims administrator (the "**Claims Administrator**") to assist the IER Physician Trustee in his duties as set forth in the Plan and the IER Physician TDP.  With the consent of the IER Physician Committee , the Claims Administrator may be the same individual as the IER Physician Trustee.

(b)    The IER Physician Committee have agreed that Michael Masiowski shall be the initial Trustee and Claims Administrator.

(c)    Under the direction of the IER Physician Trustee, the Claims Administrator shall be responsible for (i) supervising and overseeing the processing of and resolution of IER Physician Channeled Claims and all aspects of the claims office (the "**Claims Office**"), which shall process IER Physician Channeled Claims that are eligible to receive IER Physician Abatement Distributions from the IER Physician Trust in accordance with the IER Physician TDP, (ii) preparing and distributing monthly and quarterly reports to the IER Physician Committee documenting the activities of the Claims Office, including reports on the submission of IER Physician Channeled Claims and their resolution, and (iii) performing periodic analyses and estimates regarding the costs and projected costs of processing and resolving IER Physician Channeled Claims and any matter or contingency that could affect the efficient use of funds for the payment of IER Physician Channeled Claims.  The IER Physician Trustee shall monitor the long-term goals and day-to-day activities of the Claims Office and consult with the Claims Administrator, the IER Physician Committee to carry them out.

(d)    The Claims Administrator, under the direction of the IER Physician Trustee, shall determine, in accordance with the IER Physician TDP, whether the Holders IER Physician Channeled Claims are eligible to receive IER Physician Abatement Distributions pursuant to the IER Physician TDP.

(e)    As set forth in the IER Physician TDP, distributions under the IER Physician TDP, which shall be made solely from the IER Physician Trust Fund, only pursuant to the terms of the IER Physician TDP, and not in satisfaction of any IER Physician Claim against a non-Protected Party; any distribution to an IER Physician Claimant on account of his or her IER Physician Claim shall be deemed to be a distribution in satisfaction of all IER Physician Channeled Claims held by such IER Physician Claimant against any of the Protected Parties with respect to the same injuries that are the subject of his or her IER Physician Claim.

(f)    The IER Physician Trustee shall exercise reasonable measures to oversee the Claims Administrator and the Claims Office, and shall employ reasonable administrative, technical and physical controls to protect the confidentiality of data concerning individual IER Physician Claimants from unauthorized access, acquisition, disclosure, use, loss, or theft.

(g)    In carrying out the IER Physician Trustee's duties under this Trust Agreement, the IER Physician Trustee (or the IER Physician Trust Professionals under the direction of the IER Physician Trustee) may investigate any IER Physician Claims and request information from any IER Physician Claimant to ensure compliance with IER Physician TDP.

(h)    The Claims Office shall process IER Physician Channeled Claims payable from the IER Physician Trust in accordance with the IER Physician TDP.  IER Physician Channeled Claims that satisfy the eligibility criteria specified in the IER Physician TDP shall receive IER Physician Abatement Distributions as specified in the IER Physician TDP.  Only those

IER Physician Claims that satisfy the eligibility criteria specified in the IER Physician TDP are eligible to receive payment. The IER Physician TDP establishes specific guidelines for submitting and processing IER Physician Claims.

(i)     The IER Physician Trustee shall have discretion to implement such additional procedures and routines as necessary to implement the IER Physician TDP in collaboration with the Claims Administrator, the IER Physician Committee, , and consistent with the terms of this Trust Agreement.

(j)     Under the direction of the IER Physician Trustee, the Claims Administrator shall institute procedures, claims processing protocols, and staff training, and shall develop claims-tracking, analysis, and payment systems as necessary to process the IER Physician Channeled Claims in accordance with the IER Physician TDP, including reasonable measures to detect and prevent claims fraud.

(k)     The IER Physician Trustee shall maintain (subject to the confidentiality provisions of this Trust Agreement) records of all individual payments, settlements, and resolutions concerning the IER Physician Claims. The records shall include the documents and information relative to the valuation of the IER Physician Claims.

(l)     The Claims Administrator shall serve for the duration of the IER Physician Trust, subject to death, resignation, or removal.  The IER Physician Trustee may remove the Claims Administrator with the consent of the IER Physician Committee.  In the event that the Claims Administrator resigns, is removed from office, or otherwise is unable to perform the functions of the Claims Administrator, the IER Physician Trustee shall propose a successor Claims Administrator, subject to consent by the IER Physician Committee.  However, in the event that, pursuant to section 4.11(a), the IER Physician Trustee also serves as the Claims Administrator, if

the IER Physician Trustee is removed, absent a court order to the contrary the Claims Administrator shall also be removed from office, and the successor Trustee shall fill the vacancy by proposing a Claims Administrator subject to consent of the IER Physician Committee.

(m)    The Claims Administrator (or successor Claims Administrator) shall be (i) an entity or an individual whose experience and background are appropriate for the responsibilities set forth herein and (ii) at the time of appointment and at all times during the term of service, independent.  For purposes of this section, a person is independent if such person:

(i)    is not or was not at any time a Holder or a representative of a Holder of an IER Physician Claim;

(ii)    has not had and does not have a relationship with an individual Holder of an IER Physician Claim, such that the person's impartiality in serving as a Claims Administrator could reasonably be questioned;

(iii)    is not a Holder of any interest (other than interests held indirectly through publicly traded mutual funds) in a Debtor or any related person with respect to a Debtor;

(iv)    is not and was not at any time an officer, director, employee, or agent of a Debtor or any related person with respect to a Debtor or related to any of the foregoing, or otherwise is or was an "insider," as defined in the Bankruptcy Code, with respect to a Debtor or any related person with respect to a Debtor; or

(v)    is not an investment banker, financial advisor, accountant, or attorney, and is not related to any of the foregoing, for any Debtor or any related person with respect to a Debtor, or an officer, director, employee, or agent of any person or entity that provides investment banking, financial advice, accounting, or legal services to a Debtor or any related person with respect to a Debtor or related to any of the foregoing, with the exception of any person

employed in the Claims Administrator's law firm who helps provide services in connection with the Chapter 11 Cases.

(n)     Subject to approval by the IER Physician Trustee, the Claims Administrator shall have the power to hire, and shall hire and appoint, such staff and other appropriate agents, including persons or entities performing IER Physician Claim audit functions, as necessary to carry out the functions of the Claims Administrator under this Trust Agreement, and such staff and agents shall be considered Additional Indemnitees as provided in section 2.1(c)(xviii).  Salaries, fees, budgets, and payment terms for any staff, contractors, or auditors shall be determined by the Claims Administrator, with the IER Physician Trustee's approval, subject to consultation with the IER Physician Committee.  The Claims Administrator shall not have authority to subcontract claims processing functions without the consent of the IER Physician Trustee, IER Physician Committee.  Subject to the direction of the IER Physician Trustee, in consultation with the IER Physician Committee and the Claims Administrator shall have the authority to enter into such contracts or agreements as may be necessary to operate the Claims Office, hire staff and contractors, or obtain services and equipment, and shall have the authority to serve all functions of an employer.

(o)     The compensation of the Claims Administrator and his or her staff, including periodic increases, shall be governed by the budget developed by the Claims Administrator in consultation with the Financial Advisor and approved by the IER Physician Trustee, with the consent of the IER Physician Committee.

### 4.12   Delaware Trustee.

(a)     There shall at all times be a Delaware Trustee.  The Delaware Trustee shall either be (i) a natural person who is at least 21 years of age and a resident of the State of Delaware

28322086.8

or (ii) a legal entity that has its principal place of business in the State of Delaware, otherwise meets the requirements of applicable Delaware law and shall act through one or more persons authorized to bind such entity.  If at any time the Delaware Trustee shall cease to be eligible in accordance with the provisions of this section 4.13, it shall resign immediately in the manner and with the effect hereinafter specified in section 4.13(c) below.  For the avoidance of doubt, the Delaware Trustee will only have such rights and obligations as expressly provided by reference to the Delaware Trustee hereunder.

      (b)    The Delaware Trustee shall not be entitled to exercise any powers, nor shall the Delaware Trustee have any of the duties and responsibilities, of the IER Physician Trustee set forth herein.  The Delaware Trustee shall be one of the IER Physician Trustees of the IER Physician Trust for the sole and limited purpose of fulfilling the requirements of Section 3807 of the DST Act and for taking such actions as are required to be taken by a Delaware Trustee under the DST Act.  The duties (including fiduciary duties), liabilities and obligations of the Delaware Trustee shall be limited to (i) accepting legal process served on the IER Physician Trust in the State of Delaware and (ii) the execution of any certificates required to be filed with the Secretary of State of the State of Delaware that the Delaware Trustee is required to execute under Section 3811 of the DST Act (acting solely at the written direction of the IER Physician Trustee) and there shall be no other duties (including fiduciary duties) or obligations, express or implied, at law or in equity, of the Delaware Trustee.  To the extent that, at law or in equity, the Delaware Trustee has duties (including fiduciary duties) and liabilities relating thereto to the IER Physician Trust, the other parties hereto or any beneficiary of the IER Physician Trust, it is hereby understood and agreed by the other parties hereto that such duties and liabilities are replaced by the duties and liabilities of the Delaware Trustee expressly set forth in this Trust Agreement. The Delaware

Trustee shall have no liability for the acts or omissions of the IER Physician Trustee or any other Person.

(c)     The Delaware Trustee shall serve until such time as the IER Physician Trustee removes the Delaware Trustee or the Delaware Trustee resigns and a successor Delaware Trustee is appointed by the IER Physician Trustee in accordance with the terms of section 4.13(d) below.  The Delaware Trustee may resign at any time upon the giving of at least sixty (60) days' advance written notice to the IER Physician Trustee; provided, that such resignation shall not become effective unless and until a successor Delaware Trustee shall have been appointed by the IER Physician Trustee in accordance with section 4.13(d) below.  If the IER Physician Trustee does not act within such 60-day period, the Delaware Trustee may apply to the Court of Chancery of the State of Delaware for the appointment of a successor Delaware Trustee.

(d)     Upon the resignation or removal of the Delaware Trustee, the IER Physician Trustee shall appoint a successor Delaware Trustee by delivering a written instrument to the outgoing Delaware Trustee.  Any successor Delaware Trustee must satisfy the requirements of Section 3807 of the Act.  Any resignation or removal of the Delaware Trustee and appointment of a successor Delaware Trustee shall not become effective until a written acceptance of appointment is delivered by the successor Delaware Trustee to the outgoing Delaware Trustee and the IER Physician Trustee and any fees and expenses due to the outgoing Delaware Trustee are paid. Following compliance with the preceding sentence, the successor Delaware Trustee shall become fully vested with all of the rights, powers, duties and obligations of the outgoing Delaware Trustee under this Trust Agreement, with like effect as if originally named as Delaware Trustee, and the outgoing Delaware Trustee shall be discharged of its duties and obligations under this Trust Agreement.

## ARTICLE V

## TRUST ADVISORY IER PHYSICIAN COMMITTEE

**5.1    Members.**  The IER Physician Committee shall consist of two to three  members who shall initially be the persons named on the signature page hereof.

**5.2    Duties.**  The members of the IER Physician Committee shall serve in a fiduciary capacity representing all Holders of present IER Physician Claims.  The IER Physician Committee shall have no fiduciary obligations or duties to any party other than the Holders of present IER Physician Claims.  The IER Physician Trustee must consult with the IER Physician Committee on matters identified in section 2.2(g) above and in other provisions herein, and must obtain the consent of the IER Physician Committee on matters identified in section 2.2(h) above.  Where provided in the IER Physician TDP, certain other actions by the IER Physician Trustee are also subject to the consent of the IER Physician Committee. Except for the duties and obligations expressed in this Trust Agreement and the documents referenced herein, there shall be no other duties (including fiduciary duties) or obligations, express or implied, at law or in equity, of the IER Physician  Committee.  To the extent that, at law or in equity, the IER Physician Committee has duties (including fiduciary duties) and liabilities relating thereto to the IER Physician Trust, the other parties hereto or any beneficiary of the IER Physician Trust, it is hereby understood and agreed by the other parties hereto that such duties and liabilities are replaced by the duties and liabilities of the IER Physician Committee expressly set forth in this Trust Agreement and the documents referenced herein .

**5.3    Term of Office.**

(a)    Each member of the IER Physician Committee shall serve until the earlier of (i) his or her resignation pursuant to Section 5.3(b) below, (ii) his or her removal pursuant to

Section 5.3(c) below, or (iii) the termination of the IER Physician Trust pursuant to Section 7.4 below.

(b)      A member of the IER Physician Committee may resign at any time by written notice to the other members of the IER Physician Committee, and the IER Physician Trustee.  Such notice shall specify a date when such resignation shall take effect, which shall be not less than ninety (90) days after the date such notice is given, where practicable.

(c)      A member of the IER Physician Committee may be removed in the event that he or she becomes unable to discharge his or her duties hereunder due to accident, physical deterioration, mental incompetence, or a consistent pattern of neglect and failure to perform or to participate in performing the duties of such member hereunder, such as repeated non-attendance at scheduled meetings, or for other good cause.   Such removal shall be made at the recommendation of the remaining members of the IER Physician Committee with the approval of the Bankruptcy Court.

**5.4      Appointment of Successor.**

(a)      If, prior to the termination of service of a member of the IER Physician Committee other than as a result of removal, he or she has designated in writing an individual to succeed him or her as a member of the IER Physician Committee, such individual shall be his or her successor.  If such member of the IER Physician Committee did not designate an individual to succeed him or her prior to the termination of his or her service as contemplated above, such member's law firm may designate his or her successor.  If (i) a member of the IER Physician I Committee did not designate an individual to succeed him or her prior to the termination of his or her service and such member's law firm does not designate his or her successor as contemplated above or (ii) he or she is removed pursuant to Section 5.3(c) above, his or her successor shall be

appointed by a majority of the remaining members of the IER Physician Committee or, if such members cannot agree on a successor, the Bankruptcy Court shall make the decision.

(b)     Each successor IER Physician Committee member shall serve until the earlier of (i) his or her death, (ii) his or her resignation pursuant to section 5.3(b) above, (iii) his or her removal pursuant to section 5.3(c) above, or (iv) termination of the IER Physician Trust pursuant to section 7.4 below.

(c)     No successor IER Physician Committee member shall be liable personally for any act or omission of his or her predecessor IER Physician Committee member. No successor IER Physician Committee member shall have any duty to investigate the acts or omissions of his or her predecessor IER Physician Committee member. No IER Physician Committee member shall be required to post any bond or other form of surety or security unless otherwise ordered by the Bankruptcy Court.

**5.5     IER Physician Committee's Employment of Professionals.**

(a)     The IER Physician Committee may but is not required to retain and/or consult Professionals deemed by the IER Physician Committee to be qualified as experts on matters submitted to the IER Physician Committee (the "**IER Physician Committee Professionals**"). The IER Physician Committee and the IER Physician Committee Professionals shall at all times have complete access to the IER Physician Trust's Professionals, and shall also have complete access to all information generated by them or otherwise available to the IER Physician Trust or the IER Physician Trustee provided that any information provided by the IER Physician Trust Professionals shall not constitute a waiver of any applicable privilege. In the absence of a bad faith violation of the implied contractual covenant of good faith and fair dealing, reliance on the written opinion of or information provided by any IER Physician Committee

Professional or Trust Professional deemed by the IER Physician Committee to be qualified as an expert on the particular matter submitted to the IER Physician Committee shall be full and complete authorization and protection in support of any action taken or not taken by the IER Physician Committee in good faith and in accordance with the written opinion of or information provided by the IER Physician Committee Professional or Trust Professional.

(b)    The IER Physician Trust shall promptly reimburse, or pay directly if so instructed, the IER Physician Committee for all reasonable fees and costs associated with the IER Physician Committee's employment of IER Physician Committee Professionals pursuant to this provision in connection with the IER Physician Committee's performance of its duties hereunder.

(c)    In the event that the IER Physician Committee retains counsel in connection with any matter whether or not related to any claim that has been or might be asserted against the IER Physician Committee and irrespective of whether the IER Physician Trust pays such counsel's fees and related expenses, any communications between the IER Physician Committee and such counsel shall be deemed to be within the attorney-client privilege and protected by section 3333 of Title 12 of the Delaware Code, regardless of whether such communications are related to any claim that has been or might be asserted by or against the IER Physician Committee and regardless of whether the IER Physician Trust pays such counsel's fees and related expenses.

5.6    **Compensation and Expenses of the IER Physician Committee.**  The members of the IER Physician Committee shall receive reasonable compensation from the IER Physician Trust for their services as IER Physician Committee members.  The members of the IER Physician Committee also shall be reimbursed promptly for all reasonable out-of-pocket costs and expenses incurred in connection with the performance of their duties hereunder.  Such reimbursement shall

be deemed a Trust Operating Expense.  The IER Physician Trust shall include a description of the amounts paid under this section in the Quarterly Reports and the Annual Report.

**5.7    Procedures for Consultation With and Obtaining the Consent of the IER Physician Committee.**

(a)    Consultation Process.

(i)    In the event the IER Physician Trustee is required to consult with the IER Physician Committee pursuant to section 2.2(g) above or on other matters as provided herein, the IER Physician Trustee shall provide the IER Physician Committee with written advance notice of the matter under consideration, and with all relevant information concerning the matter as is reasonably practicable under the circumstances.  The IER Physician Trustee shall also provide the IER Physician Committee and the IER Physician Committee Professionals with such reasonable access to the IER Physician Trust Professionals and other experts retained by the IER Physician Trust and its staff (if any) as the IER Physician Committee may reasonably request during the time that the IER Physician Trustee is considering such matter, and shall also provide the IER Physician Committee the opportunity, at reasonable times and for reasonable periods of time, to discuss and comment on such matter with the IER Physician Trustee.

(ii)    In determining when to take definitive action on any matter subject to the consultation procedures set forth in this section 5.7(a), the IER Physician Trustee shall take into consideration the time required for the IER Physician Committee, if its members so wish, to engage and consult with its own independent financial or investment advisors and other IER Physician Committee Professionals as to such matter.  In any event, the IER Physician Trustee shall not take definitive action on any such matter until at least thirty (30) days after providing the

IER Physician Committee with the initial written notice that such matter is under consideration by the IER Physician Trustee, unless such time period is waived by the IER Physician Committee.

      (b)   <u>Consent Process</u>.

      (i)   In the event the IER Physician Trustee is required to obtain the consent of the IER Physician Committee pursuant to section 2.2(h) above, the IER Physician Trustee shall provide the IER Physician Committee with a written notice stating that their consent is being sought pursuant to that provision, describing in detail the nature and scope of the action the IER Physician Trustee proposes to take, and explaining in detail the reasons why the IER Physician Trustee desires to take such action. The IER Physician Trustee shall provide the IER Physician Committee as much relevant additional information concerning the proposed action as is reasonably practicable under the circumstances. The IER Physician Trustee shall also provide the IER Physician Committee and the IER Physician Committee Professionals with such reasonable access to the IER Physician Trust Professionals as the IER Physician Committee may reasonably request during the time that the IER Physician Trustee is considering such action, and shall also provide the IER Physician Committee the opportunity, at reasonable times and for reasonable periods of time, to discuss and comment on such action with the IER Physician Trustee.

      (ii)   The IER Physician Committee must consider in good faith and in a timely fashion any request for its consent by the IER Physician Trustee, and must in any event advise the IER Physician Trustee in writing of its consent or its objection to the proposed action within thirty (30) days of receiving the original request for consent from the IER Physician Trustee, or within such additional time as the IER Physician Trustee and the IER Physician Committee may agree. An action of the IER Physician Committee shall require approval by at least a majority of the IER Physician Committee. The IER Physician Committee may not withhold its consent

unreasonably.  If the IER Physician Committee decides to withhold its consent, it must explain in detail its objections to the proposed action.  If the IER Physician Committee does not advise the IER Physician Trustee in writing of its consent or its objections to the action within thirty (30) days of receiving notice regarding such request (or the additional time period agreed to by the IER Physician Trustee and the IER Physician Committee), the IER Physician Committee's consent to the proposed actions shall be deemed to have been affirmatively granted.

(iii)    If, after following the procedures specified in this section 5.7(b), a majority of the IER Physician Committee continues to object to the proposed action and to withhold its consent to the proposed action, the IER Physician Trustee and/or the IER Physician Committee shall resolve their dispute pursuant to section 7.15.  However, the burden of proof with respect to the reasonableness of the IER Physician Committee's objection and withholding of its consent shall be on the IER Physician Committee.

## ARTICLE VI

## GENERAL PROVISIONS

### 6.1    Confidentiality.

(a)    The IER Physician Trustee, each IER Physician Committee member, and each successor of the foregoing (each a "**Recipient**") shall, during the period that they serve in such capacity under this Trust Agreement and following either the termination of this Trust Agreement or such individual's removal, incapacity, or resignation hereunder, hold strictly confidential any material, non-public information of or pertaining to any Person ("**Relevant Person**") of which the Recipient has become aware in its herein indicated capacity under this Trust Agreement (the "**Confidential Information**"), except to the extent disclosure is (i) in connection with matters contemplated by the Plan, such as the allowance, disallowance or payment of Claims, (ii) authorized by the applicable Relevant Person, in such Relevant Person's discretion, (iii)

authorized by the terms of the Plan or the terms of this Trust Agreement (disclosure in accordance with clauses (i)-(iii) of this Section, each a "**Permitted Purpose**"), or (iv) required by, or would facilitate any investigation or prosecution under, applicable law, order, regulation or legal process. In the event that any Recipient is requested or required (by oral questions, interrogatories, requests for information or documents, subpoena, civil investigation, demand or similar legal process) to disclose any Confidential Information, other than for a Permitted Purpose, such Recipient shall furnish only that portion of the Confidential Information so requested or required, and shall exercise good faith efforts, at no material cost to it, to obtain assurance that confidential treatment will be accorded to the Confidential Information so disclosed.

(b)     Notwithstanding the foregoing, in addition to the disclosure of Confidential Information for Permitted Purposes, Recipients may share or disclose Confidential Information with each of the Recipient's Professionals for the purpose of rendering advice and guidance to such Recipient, provided that the Person or entity receiving such disclosure is informed by such Recipient of the confidential nature of such Confidential and agrees to be bound by the provisions of this Section.

(c)     The IER Physician Trustee shall exercise commercially reasonable efforts, such as anonymization, pseudonymization, and encryption, to protect Confidential Information such that disclosures to the Recipients and any Professionals do not include information that identifies individual persons, unless there is a reasonable purpose that makes disclosure of such identifying information necessary, in which case the IER Physician Trustee shall implement any additional controls the IER Physician Trustee in its sole discretion determines is necessary to safeguard the identifying information from unauthorized disclosure, access, or use.

28322086.8

6.2    **Common Interest Privilege.** The IER Physician Trustee and the IER Physician Committee have a "common legal interest" relating IER Physician Trust, the Plan, the Confirmation Order, this Trust Agreement and the IER Physician TDP, including without limitation, (i) the formation of the IER Physician Trust, (ii) the retention and direction of Professionals, (iii) the administration of the IER Physician Trust, (iv) making distributions in accordance with this Trust Agreement and the IER Physician TDP, and (v) disputing and/or resolving any IER Physician Channeled Claims in accordance with this Trust Agreement and the IER Physician TDP, (the "**Common Legal Interest Matters**"). Any discussion, evaluation, or other communications and exchanges of information relating to the Common Legal Interest Matters shall at all times remain subject to all applicable privileges, immunities and protections from disclosure, including without limitation, the attorney-client privilege, work-product doctrine and common legal interest privilege. It is the express intent of the IER Physician Trustee and the IER Physician Committee to preserve intact to the fullest extent applicable, and not to waive, by virtue of this Agreement or otherwise, in whole or in part, any and all privileges, protections and immunities.

6.3    **Irrevocability.**    To the fullest extent permitted by applicable law, the IER Physician Trust is irrevocable.

6.4    **Term; Termination.**

(a)    With the consent of the IER Physician Committee, notice to the Reorganized Debtors, and approval by the Bankruptcy Court, the IER Physician Trustee may select a date to dissolve the IER Physician Trust (the "**Dissolution Date**") after the occurrence of the following events: (i) all assets available to the IER Physician Trust from the Opioid MDT II have been collected and liquidated; (ii) all IER Physician Channeled Claims duly filed with the IER

Physician Trust have been liquidated and paid to the extent provided in this Trust Agreement and the IER Physician TDP, or have been disallowed, (iii) twelve (12) consecutive months have elapsed during which no new IER Physician Channeled Claim has been filed with the IER Physician Trust and the IER Physician Trustee deems it unlikely that new IER Physician Claims will be filed against the IER Physician Trust, and (iv) at least thirty months have elapsed since the Effective Date. The IER Physician Trustee, with the consent of the IER Physician Committee, may seek approval from the Bankruptcy Court to dissolve the IER Physician Trust earlier for any other reason.

(b)     By the date that is one year earlier than such date that the IER Physician Trustee, with the consent of the IER Physician Committee, selects or the Bankruptcy Court approves as the Dissolution Date, the IER Physician Trustee, in consultation with the IER Physician Committee, shall develop wind-down procedures, including a program for providing notice to all Holders of IER Physician Channeled Claims of the decision to dissolve the IER Physician Trust and the reservation of funding for the wind-down.

(c)     On the Dissolution Date (or as soon thereafter as is reasonably practicable), after the wind-up of the IER Physician Trust's affairs by the IER Physician Trustee and payment of all the IER Physician Trust's liabilities have been provided for as required by applicable law including Section 3808 of the DST Act, all monies remaining in the IER Physician Trust estate shall be given to such organization(s) exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code, which tax-exempt organization(s) shall be selected by the IER Physician Trustee using his or her reasonable discretion; *provided, however,* that (i) if practicable, the activities of the selected tax-exempt organization(s) shall be related to the treatment of, research on, or the cure of, or other relief for individuals suffering from opioid use disorders, and

(ii) the tax-exempt organization(s) shall not bear any relationship to the Reorganized Debtors within the meaning of section 468B(d)(3) of the Internal Revenue Code. Notwithstanding any contrary provision of the Plan and related documents, this Section 7.4(c) cannot be modified or amended.

(d)     Following the dissolution and distribution of the assets of the IER Physician Trust, the IER Physician Trust shall terminate and the IER Physician Trustee and the Delaware Trustee (acting solely at the written direction of the IER Physician Trustee) shall execute and cause a Certificate of Cancellation of the Certificate of Trust of the IER Physician Trust to be filed in accordance with the Act. Notwithstanding anything to the contrary contained in this Trust Agreement, the existence of the IER Physician Trust as a separate legal entity shall continue until the filing of such Certificate of Cancellation.

6.5     **Amendments.**  The IER Physician Trustee, after consultation with the IER Physician Committee, and subject to the consent of the IER Physician Committee, may modify or amend this Trust Agreement. Any modification or amendment made pursuant to this Section must be done in writing. Notwithstanding anything contained in this Trust to the contrary, neither this Trust Agreement, nor any document annexed to the foregoing shall be modified or amended in any way that could jeopardize, impair, or modify (i) the efficacy or enforceability of the Opioid Permanent Channeling Injunction or any other injunction or release issued or granted in connection with the Plan, (ii) the IER Physician Trust's qualified settlement fund status under the QSF Regulations, or (iii) without the written consent of Reorganized Mallinckrodt, any rights, benefits, or protections provided to the Reorganized Debtors under the Plan, and (b) the scope and terms of the release provided to the Reorganized Debtors and the Protected Parties in the Release, or the obligation of the IER Physician Trust to obtain a properly executed Release as a pre-condition to

a IER Physician Channeled Claimant receiving a distribution from the IER Physician Trust. Any amendment affecting the rights, duties, immunities or liabilities of the Delaware Trustee shall require the Delaware Trustee's written consent.

6.6    **Meetings.**    The Delaware Trustee shall not be required nor permitted to attend meetings relating to the IER Physician Trust.

6.7    **Severability.**    Should any provision in this Trust Agreement or in the IER Physician TDP be finally determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, such determination shall in no way limit or affect the enforceability and operative effect of any and all other provisions of this Trust Agreement or the respective IER Physician TDP.

6.8    **Notices.**    Notices to persons asserting claims shall be given by first class mail, postage prepaid, at the address of such person, or, where applicable, such person's legal representative, in each case as provided on such person's claim form submitted to the IER Physician Trust with respect to his or her IER Physician Channeled Claim.

(a)    Any notices or other communications required or permitted hereunder to the following parties shall be in writing and delivered at the addresses designated below, or sent by e-mail or facsimile pursuant to the instructions listed below, or mailed by registered or certified mail, return receipt requested, postage prepaid, addressed as follows, or to such other address or addresses as may hereafter be furnished in writing to each of the other parties listed below in compliance with the terms hereof.

28322086.8

To the IER Trust through the IER Physician Trustee:

<u>Mallinckrodt Opioid IER Physician Trust</u>:

[Dr.Michael Maiowski

<u>With a copy to</u>:

[          ]

<u>To the Delaware Trustee</u>:

[          ]

<u>To the IER Physician Committee</u>:

Michele Puiggari, Esq.
3801 Milwaukee Ct.
Missoula, MT 59808

Suzanne Colvin, Ph.D.
2716 NW 22nd Drive
Gainesville, FL 32605
Email: suzycolvin@gmail.com

<u>And a copy to</u>:

[          ]

To the Reorganized Debtors:

[          ]

With a copy to:

[          ]

(b)      All such notices and communications if mailed shall be effective when physically delivered at the designated addresses or, if electronically transmitted, when the

28322086.8

communication is received at the designated addresses and confirmed by the recipient by return transmission.

6.9    **Successors and Assigns.**    The provisions of this Trust Agreement shall be binding upon and inure to the benefit of the Debtors, the IER Physician Trust, the IER Physician Trustee, and the Reorganized Debtors, and their respective successors and assigns, except that neither the Debtors, the IER Physician Trust, the IER Physician Trustee, nor the Reorganized Debtors may assign or otherwise transfer any of its, or their, rights or obligations, if any, under this Trust Agreement except, in the case of the IER Physician Trust and the IER Physician Trustee, as contemplated by Section 2.1 above.

6.10    **Limitation on Claim Interests for Securities Laws Purposes.**    IER Physician Channeled Claims, and any interests therein, (a) shall not be assigned, conveyed, hypothecated, pledged, or otherwise transferred, voluntarily or involuntarily, directly or indirectly, except by will or under the laws of descent and distribution; (b) shall not be evidenced by a certificate or other instrument; (c) shall not possess any voting rights; and (d) shall not be entitled to receive any dividends or interest; provided, however, that clause (a) of this Section 7.10 shall not apply to the Holder of a claim that is subrogated to a IER Physician Channeled Claim as a result of its satisfaction of such IER Physician Channeled Claim.

6.11    **Entire Agreement; No Waiver.**    The entire agreement of the parties relating to the subject matter of this Trust Agreement is contained herein and in the documents referred to herein, and this Trust Agreement and such documents supersede any prior oral or written agreements concerning the subject matter hereof.    No failure to exercise or delay in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise of any right, power or privilege hereunder preclude any further exercise thereof or of any other right,

28322086.8

power or privilege.  The rights and remedies herein provided are cumulative and are not exclusive of rights under law or in equity.

      **6.12**   **Headings.**  The headings used in this Trust Agreement are inserted for convenience only and do not constitute a portion of this Trust Agreement, nor in any manner affect the construction of the provisions of this Trust Agreement.

      **6.13**   **Governing Law.**  The validity and construction of this Trust Agreement and all amendments hereto and thereto shall be governed by laws of the State of Delaware, and the rights of all parties hereto and the effect of every provision hereof shall be subject to and construed according to the laws of the State of Delaware without regard to the conflicts of law provisions thereof that would purport to apply the law of any other jurisdiction; provided, however, that the parties hereto intend that the provisions hereof shall control and there shall not be applicable to the IER Physician Trust, the IER Physician Trustee, the Delaware Trustee, the IER Physician Committee, or this Trust Agreement, any provision of the laws (statutory or common) of the State of Delaware pertaining to trusts that relate to or regulate in a manner inconsistent with the terms hereof: (a) the filing with any court or governmental body or agency of trustee accounts or schedules of trustee fees and charges; (b) affirmative requirements to post bonds for trustees, officers, agents, or employees of a trust; (c) the necessity for obtaining court or other governmental approval concerning the acquisition, holding or disposition of real or personal property; (d) fees or other sums payable to trustees, officers, agents or employees of a trust; (e) the allocation of receipts and expenditures to income or principal; (f) restrictions or limitations on the permissible nature, amount or concentration of trust investments or requirements relating to the titling, storage or other manner of holding of trust assets; (g) the existence of rights or interests (beneficial or otherwise) in trust assets; (h) the ability of beneficial owners or other persons to terminate or

28322086.8

dissolve a trust; or (i) the establishment of fiduciary or other standards or responsibilities or limitations on the acts or powers of trustees or beneficial owners that are inconsistent with the limitations on liability or authorities and powers of the IER Physician Trustee, the Delaware Trustee, or the IER Physician Committee, set forth or referenced in this Trust Agreement.  Section 3540 of the DST Act shall not apply to the IER Physician Trust.

Administration of the IER Physician TDP shall be governed by, and construed in accordance with, the laws of the State of Delaware without giving effect to any choice or conflict of law provision or rule (whether of the State of Delaware or any other jurisdiction) that would cause the application of the laws of any other jurisdiction.

6.14    **Settlors' Representative and Cooperation.**  The Debtors are hereby irrevocably designated as the Settlors, and they are hereby authorized to take any action required of the Settlors by the IER Physician Trustee in connection with the Trust Agreement.  The Reorganized Debtors agree to cooperate in implementing the goals and objectives of this Trust Agreement.

6.15    **Dispute Resolution.**  Any disputes that arise under this Trust Agreement or under the IER Physician TDP among the parties hereto shall be resolved by submission of the matter to binding arbitration; provided, however, that if one party objects to binding arbitration, the matter shall be submitted to the Bankruptcy Court for a judicial determination; further provided, however, that any dispute involving adjustment of the point value shall be resolved in the first instance by the ADR process. Should any party to the ADR process be dissatisfied with the decision of the arbitrator(s), that party may apply to the Bankruptcy Court for a judicial determination of the matter.  Any review conducted by the Bankruptcy Court shall be *de novo*.  In any case, if the dispute arose pursuant to the consent provision set forth in Section 5.7(b) (in the case of the IER Physician Committee), the burden of proof shall be on the party or parties who withheld consent

to show that such party's objection and withholding of consent was reasonable.  Should the dispute not be resolved by the ADR process within thirty (30) days after submission, the parties are relieved of the requirement to pursue ADR prior to application to the Bankruptcy Court. If the IER Physician Trustee determines that the matter in dispute is exigent and cannot await the completion of the ADR process, the IER Physician Trustee shall have the discretion to elect out of the ADR process altogether or at any stage of the process and seek resolution of the dispute in the Bankruptcy Court.

6.16  **Enforcement and Administration**.  The provisions of this Trust Agreement and the IER Physician TDP shall be enforced by the Bankruptcy Court pursuant to the Plan.  The parties hereby further acknowledge and agree that the Bankruptcy Court shall have exclusive jurisdiction over the settlement of the accounts of the IER Physician Trustee and over any disputes hereunder not resolved by alternative dispute resolution in accordance with Section 8.15 above. The Bankruptcy Court and the courts of the State of Delaware shall have the exclusive jurisdiction with respect to any action relating to or arising from the IER Physician Trust.

6.17  **Effectiveness**.  This Trust Agreement shall not become effective until it has been executed and delivered by all the parties hereto.

6.18  **Rules of Interpretation**.  For purposes of this Trust Agreement, unless otherwise provided herein: (a) whenever from the context it is appropriate, each term, whether stated in the singular or the plural, will include both the singular and the plural; (b) the words "herein," "hereof," "hereto," "hereunder" and other words of similar import refer to this Trust Agreement as a whole and not to any particular section, subsection or clause contained in this Trust Agreement; (c) the rules of construction set forth in section 102 of the Bankruptcy Code will apply; and (d) the term "including" shall be construed to mean "including, but not limited to," "including,

without limitation," or words of similar import. In this Trust Agreement and the IER Physician TDP the words "must," "will," and "shall" are intended to have the same mandatory force and effect, while the word "may" is intended to be permissive rather than mandatory.

**6.19** **Counterpart Signatures.**  This Trust Agreement may be executed in any number of counterparts and by different Parties on separate counterparts (including by facsimile or portable document format (pdf)), and each such counterpart shall be deemed to be an original, but all such counterparts shall together constitute one and the same instrument.

IN WITNESS WHEREOF, the parties have executed this Trust Agreement as of the date set forth above.

**SETTLORS:**

**MALLINCKRODT PLC**


By:_____

Title:


| **TRUSTEE** | **DELAWARE TRUSTEE** |
| | **[_____]** |

By:_____    By:_____
Name:  Dr. Michael Masiowski    Name:

**IER Physician  COMMITTEE**


Dr. Suzanne Colvin
Name:


Michele Puiggari, Esq.
Name:

**MALLINCKRODT OPIOID**

**INDEPENDENT EMERGENCY ROOM PHYSICIAN TRUST AGREEMENT**

This Mallinckrodt Independent Emergency Room Physician  Trust Agreement (this "**Trust Agreement**"), dated as of [DATE] and effective as of the Effective Date,[1] is entered into, pursuant to the Joint Plan of Reorganization **(the "Plan")** of Mallinckrodt plc and its Debtor Affiliates**[2] (collectively referred to as the "Debtors" or "Settlors");** Under Chapter 11 of the Bankruptcy Code, dated as of [date] (as may be amended, modified, or supplemented, the **"Plan")**,**[2] by Mallinckrodt and its Debtor affiliates (collectively referred to as the "Debtors" or "Settlors"); [name]** (the **"Delaware Trustee"**);**[3]** the Independent Emergency Room Physician Trustee identified on the signature pages hereof (the **"Trustee"**); the members of the IER Physician Trust Independent Emergency Room Physician Advisory Committee identified on the signature pages hereof (the **"IER Physician Committee"**);**[4]**

**WHEREAS,** the Debtors have reorganized under the provisions of chapter 11 of the Bankruptcy Code in the case filed in the United States Bankruptcy Court for the District of Delaware, administered and known as *In re Mallinckrodt plc, et al.,* No. 20-12522 (JTD); and

---

[1] All capitalized terms not otherwise defined herein shall have their respective meanings as set forth in the Plan, and such definitions are incorporated herein by reference.  All capitalized terms not defined herein or defined in the Plan, but defined in the Bankruptcy Code or Rules, shall have the meanings ascribed to them by the Bankruptcy Code and Rules, and such definitions are incorporated herein by reference.

[2] complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.primeclerk.com/Mallinckrodt. The Debtors' mailing address is 675 McDonnell Boulevard, Hazelwood, Missouri 63042.

[2] [NTD: conform terms to defined terms in plan]

[3] [KL NTD: Is the ER Physician Trust going to have a Delaware trustee?]

[4] [KL NTD: This is defined as the TAC in the TDPs, should be consistent across the documents.]

28322086.8

*Draft Version 9.3.21*

**WHEREAS,** the Bankruptcy Court has entered the Confirmation Order confirming the Plan; and

**WHEREAS,** the Plan provides, *inter alia,* for the creation of a IER Physician Trust, as provided herein to be called the Mallinckrodt Opioid Independent Emergency Room Physician Trust (the "**IER Physician Trust**"); and

**WHEREAS**, pursuant to the Plan, the IER Physician Trust shall be established to (i) assume all liability for the IER Physician Channeled Claims (as defined in the IER Physician TDP),[53] (ii) collect the distribution on account of IER Physician Channeled Claims pursuant to the Plan in accordance with the IER Physician Trust Documents, (iii) administer the IER Physician Channeled Claims, (iv) make IER Physician Abatement Distributions to Holders of IRE Physician Channeled Claims in accordance with the IER Physician Trust Documents, and (v) carry out such other matters as are set forth in the IER Physician Trust Documents; and

**WHEREAS,** the Plan provides that, as of the Effective Date, all IER Channeled Physician Claims, and all of Mallinckrodt's liabilities for the IER Physician Channeled Claims, shall automatically, and without further act, deed or court order, be channeled to and assumed by the IER Physician Trust, which shall resolve the IER Physician Channeled Claims under the IER Physician Trust Documents; and

**WHEREAS,** pursuant to the Plan, the IER Physician Trust is to use its assets and income to resolve and satisfy, if qualified, all IER Physician Channeled Claims; and shall (i) hold, manage, and invest all funds and other assets received by the IER Physician Trust from the Opioid MDT II for the benefit of the beneficiaries of the IER Physician Trust; and (iii) to make

---

[53] In this Trust Agreement, whenever the terms "IER Physician Channeled Claim," is used, this term refers only to IER Physician Channeled Claims, that are channeled to the IER Physician Trust pursuant to the Plan.

IER Physician Abatement Distributions to Holders of IER Physician Channeled Claims in accordance with the Mallinckrodt Opioid IER Physician Trust Distribution Procedures (the "**IER Physician TDP"**);

**WHEREAS,** all rights of the Holders of IER Physician Channeled Claims arising under this Trust Agreement and the IER Physician TDP shall vest upon the Effective Date; and

**WHEREAS,** pursuant to the Plan, the IER Physician Trust is intended to qualify as a "qualified settlement fund" within the meaning of section 1.468B-1 *et seq.* of the Treasury Regulations promulgated under section 468B of the Internal Revenue Code (the "**QSF Regulations**"), and to be treated consistently for state and local tax purposes to the extent applicable; and

**WHEREAS**, the Bankruptcy Court has determined that the IER Physician Trust and the Plan satisfy all the prerequisites for issuance of an injunction pursuant to section 105(a) of the Bankruptcy Code with respect to any and all IER Physician Channeled Claims, and such injunction has been entered in connection with the Confirmation Order;

**NOW, THEREFORE,** it is hereby agreed as follows:

## ARTICLE I

## AGREEMENT OF TRUST

**1.1**   **Creation and Name.**  The Debtors as Settlors hereby create a trust known as the "Mallinckrodt Opioid Independent Emergency Room Physician Trust," which is the IER Physician Trust provided for and referred to in the Plan.  The IER Physician Trustee of the IER Physician Trust may transact the business and affairs of the IER Physician Trust in the name of the IER Physician Trust, and references herein to the IER Physician Trust shall include the IER Physician Trustee acting on behalf of the IER Physician Trust.  It is the intention of the parties

hereto that the IER Physician Trust created hereby constitute a statutory trust under Chapter 38 of title 12 of the Delaware Code, 12 Del. C. § 3801 et seq. (the **"DST Act"**) and that this document constitutes the governing instrument of the IER Physician Trust.  The IER Physician Trustee and the Delaware Trustee[6] are hereby authorized and directed to execute and file a Certificate of Trust with the Delaware Secretary of State.

      **1.2**    **Purpose.**  The purpose of the IER Physician Trust is to assume all liabilities and responsibility for all IER Physician Channeled Claims, to resolve and make IER Physician Abatement Distributions to Holders of IER Physician Channeled Claims in accordance with the IER Physician TDP, to use the IER Physician Trust Assets and income to meet its obligations, as well as to, among other things:

      (a)    receive the distribution contemplated by Article IV.9(g) of the Plan;

      (b)    direct the administration, processing, liquidation and payment of all IER Physician Channeled Claims in accordance with the Plan, the IER Physician TDP, and the Confirmation Order;

      (c)    preserve, hold, and manage the assets of the IER Physician Trust for use in making IER Physician Abatement Distributions ;

      (d)    qualify at all times as a qualified settlement fund;

      (e)    establish a fund to make IER Physician Abatement Distributions (the "**IER Physician Trust Fund**"), and make such distributions in accordance with the Plan, the IER Physician TDP and the Confirmation Order;

---

[6] **[KL NTD: Query whether you need a Delaware trustee.]**

(f)  pay assessments to the extent required by Article IV.X.8 of the Plan to fund the Common Benefit Escrow and then, upon its establishment, the Common Benefit Fund in accordance with the Plan.

(g)  fund the IER Physician Trust and make IER Physician Abatement Distributions therefrom to Holders of IER Physician Channeled Claims, respectively, in accordance with the Plan, the IER Physician TDP, and the Confirmation Order;

(h)  use the IER Physician Trust's assets and income to pay any and all fees, costs, expenses, taxes, disbursements, debts, or obligations of the IER Physician Trust incurred from the operation and administration of the IER Physician Trust (including in connection with the IER Physician TDP) and management of the IER Physician Trust Assets (together, the "**Trust Operating Expenses**") in accordance with the IER Physician Trust Documents; and

(i)  make IER Physician Abatement Distributions to Holders of IER Physician Channeled Claims in accordance with the IER Physician TDP (together with the IER Physician Trust Operating Expenses, the "**Trust Expenses**").

**1.3  Transfer of Assets.**  Pursuant to and in accordance with the Plan, the IER Physician Trust has received, on the Effective Date or as soon as reasonably practicable thereafter, the distribution provided for under Article IV.9(g) of the Plan (the "**IER Physician Trust Assets**") to fund the IER Physician Trust and make IER Physician Abatement Distributions.  In all events, the IER Physician Trust Assets or any other assets to be transferred to the IER Physician Trust under the Plan will be transferred to the IER Physician Trust free and clear of all Claims, interests, Liens and other encumbrances and liabilities of any kind by the Debtors, the Reorganized Debtors, the other Protected Parties, any creditor, or other entity except as otherwise provided in the IER Physician Trust Documents.

### 1.4    Allocation of Funds.

(a)    Under the Plan, the IER Physician Trust will receive the distribution provided for under Article IV.9(g) and the IER Physician Trust shall establish the IER Physician Trust Fund.

(b)    The IER Physician Trust Operating Expenses shall be paid from the IER Physician Trust Fund until the IER Physician Trust Fund is exhausted and dissolved.

### 1.5    Acceptance of Assets and Assumption of Liabilities.

(a)    In furtherance of the purposes of the IER Physician Trust, the IER Physician Trust hereby expressly accepts the transfer to the IER Physician Trust of the IER Physician Trust Assets and any other transfers contemplated by the Plan and the IER Physician Trust Documents in the time and manner as, and subject to the terms, contemplated in the Plan and the IER Physician Trust Documents.

(b)    In furtherance of the purposes of the IER Physician Trust, the IER Physician Trust expressly assumes all liabilities and responsibility for all IER Physician Channeled Claims, and neither the Reorganized Debtors nor any of the Protected Parties specified in the Plan shall have any further financial or other responsibility or liability therefor. Except as otherwise provided in this Trust Agreement and the IER Physician TDP, the IER Physician Trust shall have all defenses, cross-claims, offsets, and recoupments, as well as rights of indemnification, contribution, subrogation, and similar rights, regarding such claims that the Debtors or the Reorganized Debtors have or would have had under applicable law; provided, however, that such claims, defenses or rights may not be asserted against any Protected Party.

(c)     Notwithstanding anything to the contrary herein, no provision herein or in the IER Physician TDP shall be construed or implemented in a manner that would cause the IER Physician Trust to fail to qualify as a "qualified settlement fund" under the QSF Regulations.

(d)     Nothing in this Trust Agreement shall be construed in any way to limit (i) the scope, enforceability, or effectiveness of the Opioid Permanent Channeling Injunction, or (ii) subject to the provisions of Section 1.5(b) above, the IER Physician Trust's assumption of all liability for IER Physician Channeled Claims.

(e)     To the extent required by the DST Act, the beneficial owners (within the meaning of the DST Act) of the IER Physician Trust (the **"Beneficial Owners"**) shall be deemed to be the Holders of IER Physician Channeled Claims; provided that (i) the Holders of IER Physician Channeled Claims, as such Beneficial Owners, shall have only such rights with respect to the IER Physician Trust and its assets as are set forth in the IER Physician TDP, and (ii) no greater or other rights, including upon dissolution, liquidation or winding up of the IER Physician Trust, shall be deemed to apply to the Holders of IER Physician Channeled Claims in their capacity as Beneficial Owners.

## ARTICLE II

## POWERS AND TRUST ADMINISTRATION

### 2.1     Powers.

(a)     The IER Physician Trustee is and shall act as the fiduciary to the IER Physician Trust in accordance with the provisions of this Trust Agreement and the Plan. The IER Physician Trustee shall, at all times, administer the IER Physician Trust and the IER Physician Trust Assets in accordance with the purposes set forth in section 1.2 above. Subject to the limitations set forth in this Trust Agreement, the IER Physician Trustee shall have the power

to take any and all actions that, in the judgment of the IER Physician Trustee, are necessary or proper to fulfill the purposes of the IER Physician Trust, including, without limitation, each power expressly granted in this section 2.1, any power reasonably incidental thereto and not inconsistent with the requirements of section 2.2, and any trust power now or hereafter permitted under the laws of the State of Delaware.

(b)     Except as required by applicable law or otherwise specified herein, the IER Physician Trustee need not obtain the order or approval of any court in the exercise of any power or discretion conferred hereunder.

(c)     Without limiting the generality of Section 2.1(a) above, and except as limited below, the IER Physician Trustee shall have the power to:

(i)     receive and hold the IER Physician Trust Assets and exercise all rights with respect thereto, including the right to vote and sell any securities that are included in the IER Trust Assets;

(ii)     invest the monies held from time to time by the IER Physician Trust, in consultation with the IER Physician Committee, and any financial advisor for the IER Physician Trust (the "**Financial Advisor**");

(iii)     sell, transfer, or exchange, in the ordinary course of business, any or all of the IER Physician Trust Assets at such prices and upon such terms as the IER Physician Trustee may consider proper, consistent with the other terms of this Trust Agreement;

(iv)     enter into leasing and financing agreements with third parties to the extent such agreements are reasonably necessary to permit the IER Physician Trust to operate;

(v)      pay liabilities and expenses of the IER Physician Trust subject to the terms of the Plan, sue and be sued and participate, as a party or otherwise, in any judicial, administrative, arbitrative, or other proceeding;

(vi)      initiate, prosecute, defend, and resolve all such actions in the name of the Debtors or their Estates, in each case if deemed necessary by the IER Physician Trustee to fulfill the purposes of the IER Physician Trust;

(vii)      establish, supervise, and administer the IER Physician Trust in accordance with this Trust Agreement and the IER Physician TDP;

(viii)      appoint, hire, or engage such officers, employees, advisors, counsel, consultants, independent contractors, representatives and agents to provide such legal, financial, accounting, investment, auditing, forecasting, claims administration, lien resolution, and other services ("**Professionals**") as the business of the IER Physician Trust requires, and delegate to such persons such powers and authorities as the fiduciary duties of the IER Physician Trustee permit and as the IER Physician Trustee, in his or her discretion, deems advisable or necessary in order to carry out the terms of this Trust and the IER Physician TDP;

(ix)      pay reasonable compensation to Professionals engaged by the IER Physician Trust;

(x)      as provided below, (a) compensate the IER Physician Trustee, the Delaware Trustee, the IER Physician Committee members, and (b) reimburse the IER Physician Trustee, the Delaware Trustee, the IER Physician Committee members, and as well as their respective Professionals, for all reasonable out-of-pocket costs and expenses incurred by such persons in connection with the performance of their duties hereunder;

(xi)    execute and deliver such instruments as the IER Physician Trustee considers proper in administering the IER Physician Trust;

(xii)    enter into such other arrangements with third parties as are deemed by the IER Physician Trustee to be useful in carrying out the purposes of the IER Physician Trust, provided such arrangements do not conflict with any other provision of this Trust Agreement;

(xiii)    in accordance with section 4.6 below, defend, indemnify, and hold harmless (and purchase insurance indemnifying) the IER Physician Trustee, the Delaware Trustee, and the members of the IER Physician Committee, and Professionals of the IER Physician Trust (including the Claims Administrator and its staff and agents), or the IER Physician Committee (the **"Additional Indemnitees"**), to the fullest extent that a statutory trust organized under the laws of the State of Delaware is from time to time entitled to defend, indemnify, hold harmless, and/or insure its directors, trustees, and Professionals. Notwithstanding anything to the contrary herein, no party shall be indemnified in any way for any liability, expense, claim, damage or loss for which he or she is liable under section 4.4 below;

(xiv)    delegate any or all of the authority herein conferred with respect to the investment of all or any portion of the IER Physician Trust Assets to any one or more reputable individuals or recognized institutional investment advisors or investment managers without liability for any action taken or omission made because of any such delegation, except as provided in section 4.4 below;

(xv)    consult with the IER Physician Committee at such times and with respect to such issues relating to the conduct of the IER Physician Trust as the IER Physician

-10-

Trustee considers desirable in addition to such matters as are prescribed in this Trust Agreement or in the IER Physician TDP;

(xvi)   make, pursue (by litigation or otherwise), collect, compromise, settle, or otherwise resolve in the name of the IER Physician Trust, any claim, right, action, or cause of action included in the IER Physician Trust Assets, including, but not limited to, insurance recoveries, before any court of competent jurisdiction; and

(xvii)   may contract for the establishment and continuing maintenance of a website (the "**Trust Website**") to publish the claims materials and the Annual Report, and aid in communicating information to the Beneficiaries and their counsel or other authorized persons.

(d)   The IER Physician Trustee shall not have the power to guarantee any debt of other persons.

(e)   The IER Physician Trustee agrees to take the actions of the IER Physician Trust required hereunder.

(f)   The IER Physician Trustee shall give the IER Physician Committee reasonably prompt notice of any material act performed or taken pursuant to sections 2.1(c)(i) above, and any act proposed to be performed or taken pursuant to section 2.2(g) below.

**2.2    General Administration.**

(a)   The IER Physician Trustee shall act in accordance with this Trust Agreement, the Plan, the Confirmation Order, and the IER Physician TDP.  In the event of a conflict between the terms or provisions of the Plan and this Trust Agreement or the IER Physician TDP, the terms of the Plan shall control.  For the avoidance of doubt, this Trust Agreement shall be construed and implemented in accordance with the Plan, regardless of whether any provision herein explicitly references the Plan.

(b)     The IER Physician Trustee shall (i) timely file such income tax and other returns and statements required to be filed, and shall timely pay all taxes required to be paid by the IER Physician Trust, (ii) comply with all applicable reporting and withholding obligations, (iii) satisfy all requirements necessary to qualify and maintain qualification of the IER Physician Trust as a qualified settlement fund within the meaning of the QSF Regulations, and (iv) take no action that could cause the IER Physician Trust to fail to qualify as a qualified settlement fund within the meaning of the QSF Regulations.

(c)     The IER Physician Trustee may withhold, and shall pay to the appropriate tax authority all amounts required by law to be withheld pursuant to the Internal Revenue Code or any provision of any applicable foreign, state, or local tax law with respect to any IER Physician Abatement Distrubtion to the Holders of IER Physician Channeled Claims.  All such amounts withheld and paid to the appropriate tax authority shall be treated as amounts distributed to such Holders of IER Physician Channeled Claims for all purposes of this Trust Agreement.  The IER Physician Trustee shall be authorized to collect tax information, which may include applicable IRS Form W-8 or IRS Form W-9, from the Holders of IER Physician Channeled Claims (including tax identification numbers) as reasonably requested by the IER Physician Trustee, readily available to the Holders of the IER Physician Channeled Claims and necessary to effectuate the Plan, the Confirmation Order, and this Trust Agreement.  The IER Physician Trustee may refuse to make some or all of a distribution to a Holder of an IER Physician Claim that fails to furnish such information in a timely fashion, and until such information is delivered may treat such Holder's IER Physician Claim, as disputed; provided, however, that, upon the delivery of such information by a Holder of an IER Physician Claim, the IER Physician Trustee shall make such distribution to which such Holder is entitled, without

additional interest occasioned by such Holder's delay in providing tax information. Notwithstanding the foregoing, if a Holder of an IER Physician Claim fails to furnish any tax information reasonably requested by the IER Physician Trustee before the date that is six months after the request is made (subject to extension in the discretion of the IER Physician Trustee if such Holder demonstrates to the reasonable satisfaction of the IER Physician Trustee that such Holder's failure to provide such tax information is due to one or more taxing authorities' failure to furnish information necessary to respond to the IER Physician Trustee's reasonable request to such Holder despite such Holder's request for such information), the amount of such distribution shall irrevocably revert to the IER Physician Trust Claim with respect to such distribution shall be discharged and forever barred from assertion against the IER Physician Trust or its property.

(d)     The IER Physician Trustee shall be responsible for all of the IER Physician Trust's tax matters, including without limitation, tax audits, claims, defenses and proceedings. The IER Physician Trustee may request an expedited determination under section 505(b) of the Bankruptcy Code for all tax returns filed by or on behalf of the IER Physician Trust for all taxable periods through the dissolution of the IER Physician Trust. The IER Physician Trustee shall also file (or cause to be filed) any other statement, return, or disclosure relating to the IER Physician Trust that is required by any governmental unit and be responsible for payment, out of the IER Physician Trust Assets, of any taxes imposed on the IER Physician Trust or its assets.

(e)     The IER Physician Trustee shall provide the following reports:

(i)     The IER Physician Trust shall cause to be prepared and provide to the IER Physician Committee quarterly reports on the financial condition of the IER Physician Trust, including a report on the investments and accounts of the IER Physician Trust, and the

IER Physician Trust Operating Expenses ("**Quarterly Reports**"). The Quarterly Reports shall include quarterly statements on all items required to be included in the Annual Report (defined below).

(ii)     The IER Physician Trust shall cause to be prepared and provide to the IER Physician Committee monthly reports on the status of claims submitted to and processed, paid or resolved by the IER Physician Trust.

(iii)     The IER Physician Trustee shall cause to be prepared and filed with the Bankruptcy Court, as soon as available, and in any event within one hundred and twenty (120) days following the end of each calendar year, an annual report (the **"Annual Report"**). The Annual Report shall contain financial statements of the IER Physician Trust (including, without limitation, a balance sheet of the IER Physician Trust as of the end of such fiscal year and a statement of operations for such fiscal year) audited by a firm of independent certified public accountants selected by the IER Physician Trustee and accompanied by an opinion of such firm as to the fairness of the financial statements' presentation of the cash and investments available for the payment of claims.

(iv)     The Annual Report shall also include an aggregate summary regarding the number and type of claims disposed of during the period covered by the financial statements.

(v)     The IER Physician Trustee shall provide a copy of such Annual Report to the IER Physician Committee , and the Office of the United States Trustee for the District of Delaware when such reports are filed with the Bankruptcy Court. The Annual Report filed with the Bankruptcy Court shall be available for inspection by the public in accordance with procedures established by the Bankruptcy Court.

*Draft Version 9.3.21*

(f)     In consultation with the IER Physician Committee, the IER Physician Trustee shall cause to be prepared as soon as practicable prior to the commencement of each fiscal year a budget and cash flow projections covering such fiscal year and the succeeding four fiscal years.  The budget and cash flow projections shall include a description of the amounts the IER Physician Trust anticipates spending on Trust Operating Expenses and payments to Holders of IER Physician Channeled Claims.  The IER Physician Trustee shall provide a copy of the budget and cash flow projections to the IER Physician Committee.

(g)     The IER Physician Trustee shall consult with the IER Physician Committee (i) on the general implementation and administration of the IER Physician Trust; (ii) on the general implementation and administration of the IER Physician TDP; and (iii) on such other matters as may be required under this Trust Agreement and the IER Physician TDP.

(h)     The IER Physician Trustee shall be required to obtain the consent of the IER Physician Committee (as applicable) to the Consent Process set forth in sections 5.7(b), 6.7(b), and 7.5(b) below, in addition to any other instances elsewhere enumerated, in order:

(i)     to terminate the IER Physician Trust pursuant to section 7.4 below;

(ii)     to exhaust any remaining funds in the IER Physician;

(iii)     to exercise any consent or consultation right (to the extent the IER Physician Trustee has any such right) (a) with respect to a proposed settlement of the liability of any insurer under any insurance policy or legal action related thereto or (b) pursuant to the terms of the Trust Agreement or trust distribution procedures of Opioid MDT II;

(iv)     to change the compensation of the IER Physician Trustee, the Delaware Trustee, the IER Physician Committee members, the Claims Administrator, other than

to reflect cost-of-living increases or to reflect changes approved by the Bankruptcy Court as otherwise provided herein;

(v)     to take actions out of the ordinary course to minimize any tax on the IER Physician Trust Assets, provided that no such action prevents the IER Physician Trust from qualifying as a qualified settlement fund within the meaning of the QSF Regulations or requires an election for the IER Physician Trust to be treated as a grantor trust for tax purposes;

(vi)    to sell or exchange IER Physician Trust Assets outside the ordinary course of Trust business;

(vii)   to amend any provision of this Trust Agreement or the respective IER Physician TDP in accordance with the terms thereof;

(viii)  to contract with a claims resolution organization or other entity that is not specifically created or authorized by this Trust Agreement or the IER Physician TDP; or

(ix)    if and to the extent required by the IER Physician TDP, disclose any information, documents, or other materials to preserve, litigate, resolve or settle coverage, or comply with an applicable obligation under an insurance policy or settlement agreement pursuant to the IER Physician TDP.

(i)     The IER Physician Trustee shall meet with the IER Physician Committee no less often than quarterly.  The IER Physician Trustee shall meet in the interim with the IER Physician Committee when so requested by any of them.  Meetings may be held in person, by telephone or video conference call, or by a combination of the two.

(j)     The IER Physician Trustee, upon notice from the IER Physician Committee, if practicable in view of pending business, shall at his or her next meeting with the IER Physician Committee consider issues submitted by the IER Physician Committee.  The IER

Physician Trustee shall keep the IER Physician Committee reasonably informed regarding all aspects of the administration of the IER Physician Trust.

**2.3** **Claims Administration.** The IER Physician Trustee shall promptly proceed to implement the IER Physician TDP.

**2.4** **Assets Available for Payments to Holders of IER Physician Claims**. The amount of the IER Physician Trust Assets available to make settlement payments to Holders of IER Physician Channeled Claims shall be subject to deductions for the IER Physician Trust Operating Expenses and the Common Benefit Escrow/Common Benefit Fund assessments described in Section 2.5 below.

**2.5** **Common Benefit Escrow/Common Benefit Fund Assessments**. Upon the establishment of a Common Benefit Escrow on the Effective Date, the IER Physician Trust shall fund the Common Benefit Escrow by assessments of five percent (5%) of each distribution made by the IER Physician Trust in accordance with this Trust Agreement and the IER Physician TDP. Upon the establishment of the Common Benefit Fund by order entered by the MDL Court (the "**MDL Order**"), (i) the amounts held by the Common Benefit Escrow and all subsequent assessments of five percent (5%) of each distribution made by the IER Physician Trust shall be transferred to and distributed in accordance with the MDL Order and (ii) the IER Physician Trust shall fund the Common Benefit Fund by assessments equal to five percent (5%) of each distribution made by the IER Physician Trust in accordance with this Trust Agreement and the IER Physician TDP (the "**Common Benefit Assessments**"). Such payments shall be made on a reasonable periodic basis to be agreed by the Governmental Plaintiff Ad Hoc Committee, the MSGE Group, and the IER Physician Trustee. Except as expressly set forth in Article IV.X.8 of the Plan and this Trust Agreement, nothing shall impair or otherwise affect any contingency fee

contract between any Holder of an IER Physician Claim and such Holder's counsel. To the extent a Holder of an IER Physician Claim has retained counsel through a contingency fee arrangement, any contingency fees owed to such contingency counsel payable from distributions under the Plan shall be reduced by the full amount payable under Article IV.X.8. of the Plan. However, the applicable Holder and its counsel, in their sole discretion, may agree that an amount up to but not exceeding forty percent (40%) of the amount payable under Article IV.X.8. of the Plan may be applied to the reimbursement of actual costs and expenses incurred by such Holder's counsel, in which case such agreed cost-reimbursement amount shall not reduce the contingency fee amounts payable to such counsel.

**ARTICLE III**

**ACCOUNTS,  FINANCIAL ADVISOR, INVESTMENTS, AND PAYMENTS**

**3.1     Accounts.**

(a)     The IER Physician Trustee may, from time to time, create such accounts and reserves within the IER Physician Trust estate as he or she may deem necessary, prudent, or useful in order to provide for the payment of Trust Expenses and may, with respect to any such account or reserve, restrict the use of monies therein, and the earnings or accretions thereto.

(b)     The IER Physician Trustee shall include a reasonably detailed description of the creation of any account or reserve in accordance with this Section 3.1 and, with respect to any such account, the transfers made to such account, the proceeds of or earnings on the assets held in each such account and the payments from each such account in the Quarterly Reports and the Annual Report.

**3.2     Financial Advisor.**

(a) The IER Physician Trust may engage a Financial Advisor, with the consent of the IER Physician Committee. The engaged Financial Advisor shall be paid reasonable compensation in accordance with the IER Physician Trust's budget.

(b) The Financial Advisor shall be responsible for determining the available assets of the IER Physician Trust and, under the direction of the IER Physician Trustee, for (i) overseeing the investment of all funds paid to and held by the IER Physician Trust, (ii) monitoring the assets and liabilities of the IER Physician Trust, (iii) providing investment guidance to the IER Physician Trust, (iv) overseeing the preparation of financial statements, and (v) preparing accounting statements and responding to audits.

(c) At the direction of the IER Physician Trustee, the Financial Advisor shall prepare projections of the amount of the Award (as defined in the IER Physician TDP).  The Financial Advisor shall have reasonable access to all data and reports necessary to perform the tasks of the Financial Advisor.

(d) The IER Physician Trustee, in consultation with the Claims Administrator, the IER Physician Committee, shall provide direction to the Financial Advisor regarding liquidity needs of and tax planning for the IER Physician Trust. The IER Physician Trustee shall supervise the Financial Advisor to ensure that the investment management and other tasks assigned to the Financial Advisor are performed in accordance with this Trust Agreement.

**3.3**     **Investments.**  The IER Physician Trustee, in consultation with the IER Physician Committee,  and the Financial Advisor shall develop the investment strategy for the IER Physician Trust Assets. In determining investments to be held by the IER Physician Trust, due regard shall be given to safety of principal and to production of reasonable amounts of current income.

**3.4**     **Source of Payments.**

(a)     All Trust Expenses shall be payable solely by the IER Physician Trustee out of the IER Physician Trust Assets.   None of the IER Physician Trustee; the Delaware Trustee; the IER Physician Committee; any Professionals of the foregoing; the Debtors; the Reorganized Debtors; or any other Protected Party shall be liable for the payment of any Trust Expense or any other liability of the IER Physician Trust, except to the extent provided in the Plan or the IER Physician  Trust Documents.

(b)     The IER Physician Trustee shall include a reasonably detailed description of any payments made in accordance with this section 3.4 in the Quarterly Reports and the Annual Report.

**ARTICLE IV**

**TRUSTEE; DELAWARE TRUSTEE**

**4.1**     **Number.**  In addition to the Delaware Trustee appointed pursuant to Section 4.11, there shall be one (1) Trustee. The initial Trustee shall be [Michael Masiowski.]

**4.2**     **Term of Service.**

(a)     The initial Trustee shall serve from the Effective Date until the earliest of (i) his or her death, (ii) his or her resignation pursuant to Section 4.2(b) below, (iii) his or her removal pursuant to section 4.2(c) below, or (vi) the termination of the IER Physician Trust pursuant to section 7.4 below.

(b)     The IER Physician Trustee may resign at any time by written notice to the IER Physician Committee.  Such notice shall specify a date when such resignation shall take effect, which shall not be less than ninety (90) days after the date such notice is given, where practicable.

(c)     The IER Physician Trustee may be removed at the recommendation of the IER Physician Committee with the approval of the Bankruptcy Court, in the event that he or she becomes unable to discharge his or her duties hereunder due to accident or physical or mental deterioration, or for other good cause.   Good cause shall be deemed to include, without limitation, any substantial failure to comply with the general administration provisions of section 2.2 above, a consistent pattern of neglect and failure to perform or participate in performing the duties of the IER Physician Trustee hereunder, or repeated non-attendance at scheduled meetings. Such removal shall require the approval of the Bankruptcy Court and shall take effect at such time as the Bankruptcy Court shall determine.

### 4.3     Appointment of Successor Trustee.

(a)     In the event of a vacancy in the IER Physician Trustee position, whether by term expiration, death, retirement, resignation, or removal, the vacancy shall be filled by the IER Physician Committee.  In the event that the IER Physician Committee cannot agree on the successor Trustee, the Bankruptcy Court shall make the appointment.

(b)     Immediately upon the appointment of any successor Trustee, all rights, titles, duties, powers and authority of the predecessor Trustee hereunder shall be vested in, and undertaken by, the successor Trustee without any further act.   No successor Trustee shall be liable personally for any act or omission of his or her predecessor Trustee.   No successor Trustee shall have any duty to investigate the acts or omissions of his or her predecessor Trustee.

(c)     Each successor Trustee shall serve until the earliest of (i) his or her death, (ii) his or her resignation pursuant to section 4.2(b) above, (iii) his or her removal pursuant to section 4.2(c) above, or (iv) the termination of the IER Physician Trust pursuant to section 7.4 below.

**4.4    Liability of Trustee, the IER Physician Committee.**   The IER Physician Trustee, the Members of the IER Physician Committee shall not be liable to the IER Physician Trust, to any individual holding a IER Physician Claim, or to any other person, except for any act or omission by such party that constitutes a bad faith violation of the implied contractual covenant of good faith and fair dealing within the meaning of 12 Del. C. § 3806(e).

**4.5    Compensation and Expenses of Trustee and Delaware Trustee.**

(a)    [The IER Physician Trustee shall receive a retainer from the IER Physician Trust for his or her service as a Trustee in the amount of [$25,000] per annum, paid annually.  Hourly time, as described below, shall first be billed and applied to the annual retainer.  Hourly time in excess of the annual retainer shall be paid by the IER Physician Trust.  For all time expended as Trustee, including attending meetings, preparing for such meetings, and working on projects necessary to carry out the IER Physician Trust, the IER Physician Trustee shall receive compensation at the rate of [$735] per hour.  For all non-working travel time in connection with Trust business, the IER Physician Trustee shall receive compensation at the rate of [$275] per hour.  All time shall be computed on a decimal hour basis.  The IER Physician Trustee shall record all hourly time to be charged to the IER Physician Trust on a daily basis.  The IER Physician Committee shall have the right to review the IER Physician Trustee's monthly invoices. The hourly compensation payable to the IER Physician Trustee hereunder shall be reviewed every year by the IER Physician Trustee and, after consultation with the members of the IER Physician Committee, appropriately adjusted by the IER Physician Trustee for changes in the cost of living.]

(b)    The Delaware Trustee shall be paid such compensation as agreed to pursuant to a separate fee agreement.

-22-

(c)     The IER Physician Trust will promptly reimburse the IER Physician Trustee and the Delaware Trustee for all reasonable out-of-pocket costs and expenses incurred by the IER Physician Trustee or the Delaware Trustee in connection with the performance of their duties hereunder.

(d)     The IER Physician Trust shall include a description of the amounts paid under this section 4.5 in the Quarterly Reports and the Annual Report.

**4.6     Indemnification.**

(a)     The IER Physician Trust shall indemnify and defend the IER Physician Trustee, the Delaware Trustee, and the members of the IER Physician Committee, in the performance of their duties hereunder to the fullest extent that a statutory trust organized under the laws of the State of Delaware as permitted by 12 Del. C. § 3817 (after the application of section 8.13) is from time to time entitled to indemnify and defend such persons against any and all liabilities, expenses, claims, damages, or losses incurred by them in the performance of their duties hereunder or in connection with activities undertaken by them prior to the Effective Date in connection with the formation, establishment, or funding of the IER Physician Trust. The IER Physician Trust shall also indemnify the Additional Indemnitees in the performance of their duties hereunder, to the fullest extent that a statutory trust organized under the laws of the State of Delaware (after the application of section 8.13) is from time to time entitled to indemnify and defend such persons, against any and all liabilities, expenses, claims, damages, or losses incurred by them in the performance of their duties hereunder or in connection with activities undertaken by them prior to the Effective Date in connection with the formation, establishment or funding of the IER Physician Trust.  Notwithstanding the foregoing, no individual shall be indemnified or

*Draft Version 9.3.21*

defended in any way for any liability, expense, claim, damage, or loss for which he or she is ultimately liable under section 4.4 above.

(b)      Reasonable expenses, costs and fees (including attorneys' fees and costs) incurred by or on behalf of the IER Physician Trustee, the Delaware Trustee, a member of the IER Physician Committee, or an Additional Indemnitee in connection with any action, suit, or proceeding, whether civil, administrative or arbitrative, from which they are indemnified by the IER Physician Trust pursuant to section 4.6(a) above, shall be paid by the IER Physician Trust in advance of the final disposition thereof upon receipt of an undertaking, by or on behalf of the IER Physician Trustee, the Delaware Trustee, the member of the IER Physician Committee,  or the Additional Indemnitee, to repay such amount in the event that it shall be determined ultimately by final order that the IER Physician Trustee, the Delaware Trustee, the member of the IER Physician Committee, or the Additional Indemnitee is not entitled to be indemnified by the IER Physician  Trust.

(c)      The IER Physician Trustee must purchase and maintain reasonable amounts and types of insurance on behalf of an individual who is or was a Trustee, a member of the IER Physician Committee, or an Additional Indemnitee, including against liability asserted against or incurred by such individual in that capacity or arising from his or her status as a Trustee, IER Physician Committee member, or as a Professional of the IER Physician Trust, or the IER Physician Committee.

**4.7**     **Lien.**  The IER Physician Trustee, members of the IER Physician Committee, and the Additional Indemnitees shall have a first priority lien upon the IER Physician Trust Assets to secure the payment of any amounts payable to them pursuant to section 4.6 above.

*Draft Version 9.3.21*

**4.8     Trustee's Independence.**  The IER Physician Trustee shall not, during the term of his or her service, hold a financial interest in, act as attorney or agent for, or serve as any other professional for the Reorganized Debtors.  The IER Physician Trustee shall not act as an attorney for any person who holds an Opioid IER Physician claim.  For the avoidance of doubt, this section shall not be applicable to the Delaware Trustee.

**4.9     Bond.**  The IER Physician Trustee and the Delaware Trustee shall not be required to post any bond or other form of surety or security unless otherwise ordered by the Bankruptcy Court.

**4.10     Trustee's Employment of Professionals; Delaware Trustee's Employment of Counsel.**

(a)     The IER Physician Trustee may, but shall not be required to, retain and/or consult with Professionals deemed by the IER Physician Trustee to be qualified as experts on the matters submitted to them (the **"Trust Professionals"**), and in the absence of a bad faith violation of the implied contractual covenant of good faith and fair dealing, the written opinion of or information provided by any such party deemed by the IER Physician Trustee to be an expert on the particular matter submitted to such party shall be full and complete authorization and protection in respect of any action taken or not taken by the IER Physician Trustee hereunder in good faith and in accordance with the written opinion of or information provided by any such party.

(b)     The Delaware Trustee shall be permitted to retain counsel only in such circumstances as required in the exercise of its obligations hereunder and compliance with the advice of such counsel shall be full and complete authorization and protection for actions taken or not taken by the Delaware Trustee in good faith in compliance with such advice.

*Draft Version 9.3.21*

### 4.11   Trustee's Retention of Claims Administrator.[7]

(a)     The IER Physician Trustee may retain a claims administrator (the "**Claims Administrator**") to assist the IER Physician Trustee in his duties as set forth in the Plan and the IER Physician TDP.   With the consent of the IER Physician Committee , the Claims Administrator may be the same individual as the IER Physician Trustee.

(b)     [The IER Physician Committee have agreed that Michael Masiowski shall be the initial Trustee and Claims Administrator.

(c)     Under the direction of the IER Physician Trustee, the Claims Administrator shall be responsible for (i) supervising and overseeing the processing of and resolution of IER Physician Channeled Claims and all aspects of the claims office (the "**Claims Office**"), which shall process IER Physician Channeled Claims that are eligible to receive IER Physician Abatement Distributions from the IER Physician Trust in accordance with the IER Physician TDP, (ii) preparing and distributing monthly and quarterly reports to the IER Physician Committee documenting the activities of the Claims Office, including reports on the submission of IER Physician Channeled Claims and their resolution, and (iii) performing periodic analyses and estimates regarding the costs and projected costs of processing and resolving IER Physician Channeled Claims and any matter or contingency that could affect the efficient use of funds for the payment of IER Physician Channeled Claims.   The IER Physician Trustee shall monitor the long-term goals and day-to-day activities of the Claims Office and consult with the Claims Administrator, the IER Physician Committee to carry them out.

---

[7] **[KL NTD: Query whether this is necessary.]**

*Draft Version 9.3.21*

(d)    The Claims Administrator, under the direction of the IER Physician Trustee, shall determine, in accordance with the IER Physician TDP, whether the Holders IER Physician Channeled Claims are eligible to receive IER Physician Abatement Distributions pursuant to the IER Physician TDP.

(e)    As set forth in the IER Physician TDP, distributions under the IER Physician TDP, which shall be made solely from the IER Physician Trust Fund, only pursuant to the terms of the IER Physician TDP, and not in satisfaction of any IER Physician Claim against a non-Protected Party; any distribution to an IER Physician Claimant on account of his or her IER Physician Claim shall be deemed to be a distribution in satisfaction of all IER Physician Channeled Claims held by such IER Physician Claimant against any of the Protected Parties with respect to the same injuries that are the subject of his or her IER Physician Claim.

(f)    The IER Physician Trustee shall exercise reasonable measures to oversee the Claims Administrator and the Claims Office, and shall employ reasonable administrative, technical and physical controls to protect the confidentiality of data concerning individual IER Physician Claimants from unauthorized access, acquisition, disclosure, use, loss, or theft.

(g)    In carrying out the IER Physician Trustee's duties under this Trust Agreement, the IER Physician Trustee (or the IER Physician Trust Professionals under the direction of the IER Physician Trustee) may investigate any IER Physician Claims and request information from any IER Physician Claimant to ensure compliance with IER Physician TDP.

(h)    The Claims Office shall process IER Physician Channeled Claims payable from the IER Physician Trust in accordance with the IER Physician TDP.  IER Physician Channeled Claims that satisfy the eligibility criteria specified in the IER Physician TDP shall receive IER Physician Abatement Distributions as specified in the IER Physician TDP.  Only

*Draft Version 9.3.21*

those IER Physician Claims that satisfy the eligibility criteria specified in the IER Physician TDP are eligible to receive payment. The IER Physician TDP establishes specific guidelines for submitting and processing IER Physician Claims.

(i)     The IER Physician Trustee shall have discretion to implement such additional procedures and routines as necessary to implement the IER Physician TDP in collaboration with the Claims Administrator, the IER Physician Committee, , and consistent with the terms of this Trust Agreement.

(j)     Under the direction of the IER Physician Trustee, the Claims Administrator shall institute procedures, claims processing protocols, and staff training, and shall develop claims-tracking, analysis, and payment systems as necessary to process the IER Physician Channeled Claims in accordance with the IER Physician TDP, including reasonable measures to detect and prevent claims fraud.

(k)     The IER Physician Trustee shall maintain (subject to the confidentiality provisions of this Trust Agreement) records of all individual payments, settlements, and resolutions concerning the IER Physician Claims. The records shall include the documents and information relative to the valuation of the IER Physician Claims.

(l)     The Claims Administrator shall serve for the duration of the IER Physician Trust, subject to death, resignation, or removal.  The IER Physician Trustee may remove the Claims Administrator with the consent of the IER Physician Committee.  In the event that the Claims Administrator resigns, is removed from office, or otherwise is unable to perform the functions of the Claims Administrator, the IER Physician Trustee shall propose a successor Claims Administrator, subject to consent by the IER Physician Committee.  However, in the event that, pursuant to section 4.11(a), the IER Physician Trustee also serves as the Claims

Administrator, if the IER Physician Trustee is removed, absent a court order to the contrary the Claims Administrator shall also be removed from office, and the successor Trustee shall fill the vacancy by proposing a Claims Administrator subject to consent of the IER Physician Committee.

(m)    The Claims Administrator (or successor Claims Administrator) shall be (i) an entity or an individual whose experience and background are appropriate for the responsibilities set forth herein and (ii) at the time of appointment and at all times during the term of service, independent.  For purposes of this section, a person is independent if such person:

(i)    is not or was not at any time a Holder or a representative of a Holder of an IER Physician Claim;

(ii)    has not had and does not have a relationship with an individual Holder of an IER Physician Claim, such that the person's impartiality in serving as a Claims Administrator could reasonably be questioned;

(iii)    is not a Holder of any interest (other than interests held indirectly through publicly traded mutual funds) in a Debtor or any related person with respect to a Debtor;

(iv)    is not and was not at any time an officer, director, employee, or agent of a Debtor or any related person with respect to a Debtor or related to any of the foregoing, or otherwise is or was an "insider," as defined in the Bankruptcy Code, with respect to a Debtor or any related person with respect to a Debtor; or

(v)    is not an investment banker, financial advisor, accountant, or attorney, and is not related to any of the foregoing, for any Debtor or any related person with respect to a Debtor, or an officer, director, employee, or agent of any person or entity that

provides investment banking, financial advice, accounting, or legal services to a Debtor or any related person with respect to a Debtor or related to any of the foregoing, with the exception of any person employed in the Claims Administrator's law firm who helps provide services in connection with the Chapter 11 Cases.

(n)     Subject to approval by the IER Physician Trustee, the Claims Administrator shall have the power to hire, and shall hire and appoint, such staff and other appropriate agents, including persons or entities performing IER Physician Claim audit functions, as necessary to carry out the functions of the Claims Administrator under this Trust Agreement, and such staff and agents shall be considered Additional Indemnitees as provided in section 2.1(c)(xviii).  Salaries, fees, budgets, and payment terms for any staff, contractors, or auditors shall be determined by the Claims Administrator, with the IER Physician Trustee's approval, subject to consultation with the IER Physician Committee.  The Claims Administrator shall not have authority to subcontract claims processing functions without the consent of the IER Physician Trustee, IER Physician Committee.  Subject to the direction of the IER Physician Trustee, in consultation with the IER Physician Committee and the Claims Administrator shall have the authority to enter into such contracts or agreements as may be necessary to operate the Claims Office, hire staff and contractors, or obtain services and equipment, and shall have the authority to serve all functions of an employer.

(o)     The compensation of the Claims Administrator and his or her staff, including periodic increases, shall be governed by the budget developed by the Claims Administrator in consultation with the Financial Advisor and approved by the IER Physician Trustee, with the consent of the IER Physician Committee.

### 4.12    **Delaware Trustee.**[8]

(a)    There shall at all times be a Delaware Trustee.  The Delaware Trustee shall either be (i) a natural person who is at least 21 years of age and a resident of the State of Delaware or (ii) a legal entity that has its principal place of business in the State of Delaware, otherwise meets the requirements of applicable Delaware law and shall act through one or more persons authorized to bind such entity.  If at any time the Delaware Trustee shall cease to be eligible in accordance with the provisions of this section 4.13, it shall resign immediately in the manner and with the effect hereinafter specified in section 4.13(c) below.  For the avoidance of doubt, the Delaware Trustee will only have such rights and obligations as expressly provided by reference to the Delaware Trustee hereunder.

(b)    The Delaware Trustee shall not be entitled to exercise any powers, nor shall the Delaware Trustee have any of the duties and responsibilities, of the IER Physician Trustee set forth herein.  The Delaware Trustee shall be one of the IER Physician Trustees of the IER Physician Trust for the sole and limited purpose of fulfilling the requirements of Section 3807 of the DST Act and for taking such actions as are required to be taken by a Delaware Trustee under the DST Act.  The duties (including fiduciary duties), liabilities and obligations of the Delaware Trustee shall be limited to (i) accepting legal process served on the IER Physician Trust in the State of Delaware and (ii) the execution of any certificates required to be filed with the Secretary of State of the State of Delaware that the Delaware Trustee is required to execute under Section 3811 of the DST Act (acting solely at the written direction of the IER Physician Trustee) and there shall be no other duties (including fiduciary duties) or obligations, express or

---

[8] **[KL NTD: Query whether this is necessary.]**

implied, at law or in equity, of the Delaware Trustee.  To the extent that, at law or in equity, the Delaware Trustee has duties (including fiduciary duties) and liabilities relating thereto to the IER Physician Trust, the other parties hereto or any beneficiary of the IER Physician Trust, it is hereby understood and agreed by the other parties hereto that such duties and liabilities are replaced by the duties and liabilities of the Delaware Trustee expressly set forth in this Trust Agreement. The Delaware Trustee shall have no liability for the acts or omissions of the IER Physician Trustee or any other Person.

(c)     The Delaware Trustee shall serve until such time as the IER Physician Trustee removes the Delaware Trustee or the Delaware Trustee resigns and a successor Delaware Trustee is appointed by the IER Physician Trustee in accordance with the terms of section 4.13(d) below.  The Delaware Trustee may resign at any time upon the giving of at least sixty (60) days' advance written notice to the IER Physician Trustee; provided, that such resignation shall not become effective unless and until a successor Delaware Trustee shall have been appointed by the IER Physician Trustee in accordance with section 4.13(d) below.  If the IER Physician Trustee does not act within such 60-day period, the Delaware Trustee may apply to the Court of Chancery of the State of Delaware for the appointment of a successor Delaware Trustee.

(d)     Upon the resignation or removal of the Delaware Trustee, the IER Physician Trustee shall appoint a successor Delaware Trustee by delivering a written instrument to the outgoing Delaware Trustee.   Any successor Delaware Trustee must satisfy the requirements of Section 3807 of the Act.  Any resignation or removal of the Delaware Trustee and appointment of a successor Delaware Trustee shall not become effective until a written acceptance of appointment is delivered by the successor Delaware Trustee to the outgoing Delaware Trustee and the IER Physician Trustee and any fees and expenses due to the outgoing

*Draft Version 9.3.21*

Delaware Trustee are paid. Following compliance with the preceding sentence, the successor Delaware Trustee shall become fully vested with all of the rights, powers, duties and obligations of the outgoing Delaware Trustee under this Trust Agreement, with like effect as if originally named as Delaware Trustee, and the outgoing Delaware Trustee shall be discharged of its duties and obligations under this Trust Agreement.

## ARTICLE V

### TRUST ADVISORY IER PHYSICIAN COMMITTEE

**5.1    Members.**  The IER Physician Committee shall consist of two to three  members who shall initially be the persons named on the signature page hereof.

**5.2    Duties.**  The members of the IER Physician Committee shall serve in a fiduciary capacity representing all Holders of present IER Physician Claims.   The IER Physician Committee shall have no fiduciary obligations or duties to any party other than the Holders of present IER Physician Claims. The IER Physician Trustee must consult with the IER Physician Committee on matters identified in section 2.2(g) above and in other provisions herein, and must obtain the consent of the IER Physician Committee on matters identified in section 2.2(h) above. Where provided in the IER Physician TDP, certain other actions by the IER Physician Trustee are also subject to the consent of the IER Physician Committee. Except for the duties and obligations expressed in this Trust Agreement and the documents referenced herein, there shall be no other duties (including fiduciary duties) or obligations, express or implied, at law or in equity, of the IER Physician  Committee.  To the extent that, at law or in equity, the IER Physician Committee has duties (including fiduciary duties) and liabilities relating thereto to the IER Physician Trust, the other parties hereto or any beneficiary of the IER Physician Trust, it is hereby understood and agreed by the other parties hereto that such duties and liabilities are

-33-

replaced by the duties and liabilities of the IER Physician Committee expressly set forth in this Trust Agreement and the documents referenced herein .

### 5.3    Term of Office.

(a)     Each member of the IER Physician Committee shall serve until the earlier of (i) his or her resignation pursuant to Section 5.3(b) below, (ii) his or her removal pursuant to Section 5.3(c) below, or (iii) the termination of the IER Physician Trust pursuant to Section 7.4 below.

(b)     A member of the IER Physician Committee may resign at any time by written notice to the other members of the IER Physician Committee, and the IER Physician Trustee.  Such notice shall specify a date when such resignation shall take effect, which shall be not less than ninety (90) days after the date such notice is given, where practicable.

(c)     A member of the IER Physician Committee may be removed in the event that he or she becomes unable to discharge his or her duties hereunder due to accident, physical deterioration, mental incompetence, or a consistent pattern of neglect and failure to perform or to participate in performing the duties of such member hereunder, such as repeated non-attendance at scheduled meetings, or for other good cause.   Such removal shall be made at the recommendation of the remaining members of the IER Physician Committee with the approval of the Bankruptcy Court.

### 5.4    Appointment of Successor.

(a)     If, prior to the termination of service of a member of the IER Physician Committee other than as a result of removal, he or she has designated in writing an individual to succeed him or her as a member of the IER Physician Committee, such individual shall be his or her successor.  If such member of the IER Physician Committee did not designate an individual

-34-

to succeed him or her prior to the termination of his or her service as contemplated above, such member's law firm may designate his or her successor.  If (i) a member of the IER Physician I Committee did not designate an individual to succeed him or her prior to the termination of his or her service and such member's law firm does not designate his or her successor as contemplated above or (ii) he or she is removed pursuant to Section 5.3(c) above, his or her successor shall be appointed by a majority of the remaining members of the IER Physician Committee or, if such members cannot agree on a successor, the Bankruptcy Court  shall make the decision.

(b)     Each successor IER Physician Committee member shall serve until the earlier of (i) his or her death, (ii) his or her resignation pursuant to section 5.3(b) above, (iii) his or her removal pursuant to section 5.3(c) above, or (iv) termination of the IER Physician Trust pursuant to section 7.4 below.

(c)     No successor IER Physician Committee member shall be liable personally for any act or omission of his or her predecessor IER Physician Committee member.  No successor IER Physician Committee member shall have any duty to investigate the acts or omissions of his or her predecessor IER Physician Committee member.  No IER Physician Committee member shall be required to post any bond or other form of surety or security unless otherwise ordered by the Bankruptcy Court.

**5.5     IER Physician Committee's Employment of Professionals.**

(a)     The IER Physician Committee may but is not required to retain and/or consult Professionals deemed by the IER Physician Committee to be qualified as experts on matters submitted to the IER Physician Committee (the **"IER Physician Committee Professionals"**).  The IER Physician Committee and the IER Physician Committee Professionals

shall at all times have complete access to the IER Physician Trust's Professionals, and shall also have complete access to all information generated by them or otherwise available to the IER Physician Trust or the IER Physician Trustee provided that any information provided by the IER Physician Trust Professionals shall not constitute a waiver of any applicable privilege.  In the absence of a bad faith violation of the implied contractual covenant of good faith and fair dealing, reliance on the written opinion of or information provided by any IER Physician Committee Professional or Trust Professional deemed by the IER Physician Committee to be qualified as an expert on the particular matter submitted to the IER Physician Committee shall be full and complete authorization and protection in support of any action taken or not taken by the IER Physician Committee in good faith and in accordance with the written opinion of or information provided by the IER Physician Committee Professional or Trust Professional.

(b)     The IER Physician Trust shall promptly reimburse, or pay directly if so instructed, the IER Physician Committee for all reasonable fees and costs associated with the IER Physician Committee's employment of IER Physician Committee Professionals pursuant to this provision in connection with the IER Physician Committee's performance of its duties hereunder.

(c)     In the event that the IER Physician Committee retains counsel in connection with any matter whether or not related to any claim that has been or might be asserted against the IER Physician Committee and irrespective of whether the IER Physician Trust pays such counsel's fees and related expenses, any communications between the IER Physician Committee and such counsel shall be deemed to be within the attorney-client privilege and protected by section 3333 of Title 12 of the Delaware Code, regardless of whether such communications are related to any claim that has been or might be asserted by or against the IER

Physician Committee and regardless of whether the IER Physician Trust pays such counsel's fees and related expenses.

   **5.6** **Compensation and Expenses of the IER Physician Committee.**  The members of the IER Physician Committee shall receive reasonable compensation from the IER Physician Trust for their services as IER Physician Committee members.  The members of the IER Physician Committee also shall be reimbursed promptly for all reasonable out-of-pocket costs and expenses incurred in connection with the performance of their duties hereunder.  Such reimbursement shall be deemed a Trust Operating Expense.  The IER Physician Trust shall include a description of the amounts paid under this section in the Quarterly Reports and the Annual Report.

   **5.7** **Procedures for Consultation With and Obtaining the Consent of the IER Physician Committee.**

    (a) Consultation Process.

     (i) In the event the IER Physician Trustee is required to consult with the IER Physician Committee pursuant to section 2.2(g) above or on other matters as provided herein, the IER Physician Trustee shall provide the IER Physician Committee with written advance notice of the matter under consideration, and with all relevant information concerning the matter as is reasonably practicable under the circumstances.  The IER Physician Trustee shall also provide the IER Physician Committee and the IER Physician Committee Professionals with such reasonable access to the IER Physician Trust Professionals and other experts retained by the IER Physician Trust and its staff (if any) as the IER Physician Committee may reasonably request during the time that the IER Physician Trustee is considering such matter, and shall also

*Draft Version 9.3.21*

provide the IER Physician Committee the opportunity, at reasonable times and for reasonable periods of time, to discuss and comment on such matter with the IER Physician Trustee.

(ii) In determining when to take definitive action on any matter subject to the consultation procedures set forth in this section 5.7(a), the IER Physician Trustee shall take into consideration the time required for the IER Physician Committee, if its members so wish, to engage and consult with its own independent financial or investment advisors and other IER Physician Committee Professionals as to such matter. In any event, the IER Physician Trustee shall not take definitive action on any such matter until at least thirty (30) days after providing the IER Physician Committee with the initial written notice that such matter is under consideration by the IER Physician Trustee, unless such time period is waived by the IER Physician Committee.

(b) Consent Process.

(i) In the event the IER Physician Trustee is required to obtain the consent of the IER Physician Committee pursuant to section 2.2(h) above, the IER Physician Trustee shall provide the IER Physician  Committee with a written notice stating that their consent is being sought pursuant to that provision, describing in detail the nature and scope of the action the IER Physician Trustee proposes to take, and explaining in detail the reasons why the IER Physician Trustee desires to take such action. The IER Physician Trustee shall provide the IER Physician Committee as much relevant additional information concerning the proposed action as is reasonably practicable under the circumstances. The IER Physician Trustee shall also provide the IER Physician Committee and the IER Physician Committee Professionals with such reasonable access to the IER Physician Trust Professionals as the IER Physician Committee may reasonably request during the time that the IER Physician Trustee is considering such

-38-

action, and shall also provide the IER Physician Committee the opportunity, at reasonable times and for reasonable periods of time, to discuss and comment on such action with the IER Physician Trustee.

(ii) The IER Physician Committee must consider in good faith and in a timely fashion any request for its consent by the IER Physician Trustee, and must in any event advise the IER Physician Trustee in writing of its consent or its objection to the proposed action within thirty (30) days of receiving the original request for consent from the IER Physician Trustee, or within such additional time as the IER Physician Trustee and the IER Physician Committee may agree. An action of the IER Physician Committee shall require approval by at least a majority of the IER Physician Committee. The IER Physician Committee may not withhold its consent unreasonably. If the IER Physician Committee decides to withhold its consent, it must explain in detail its objections to the proposed action. If the IER Physician Committee does not advise the IER Physician Trustee in writing of its consent or its objections to the action within thirty (30) days of receiving notice regarding such request (or the additional time period agreed to by the IER Physician Trustee and the IER Physician Committee), the IER Physician Committee's consent to the proposed actions shall be deemed to have been affirmatively granted.

(iii) If, after following the procedures specified in this section 5.7(b), a majority of the IER Physician Committee continues to object to the proposed action and to withhold its consent to the proposed action, the IER Physician Trustee and/or the IER Physician Committee shall resolve their dispute pursuant to section 7.15. However, the burden of proof with respect to the reasonableness of the IER Physician Committee's objection and withholding of its consent shall be on the IER Physician Committee.

## ARTICLE VI

## GENERAL PROVISIONS

### 6.1 Confidentiality.

(a)     The IER Physician Trustee, each IER Physician Committee member, and each successor of the foregoing (each a "**Recipient**") shall, during the period that they serve in such capacity under this Trust Agreement and following either the termination of this Trust Agreement or such individual's removal, incapacity, or resignation hereunder, hold strictly confidential any material, non-public information of or pertaining to any Person ("**Relevant Person**") of which the Recipient has become aware in its herein indicated capacity under this Trust Agreement (the "**Confidential Information**"), except to the extent disclosure is (i) in connection with matters contemplated by the Plan, such as the allowance, disallowance or payment of Claims, (ii) authorized by the applicable Relevant Person, in such Relevant Person's discretion, (iii) authorized by the terms of the Plan or the terms of this Trust Agreement (disclosure in accordance with clauses (i)-(iii) of this Section, each a "**Permitted Purpose**"), or (iv) required by, or would facilitate any investigation or prosecution under, applicable law, order, regulation or legal process. In the event that any Recipient is requested or required (by oral questions, interrogatories, requests for information or documents, subpoena, civil investigation, demand or similar legal process) to disclose any Confidential Information, other than for a Permitted Purpose, such Recipient shall furnish only that portion of the Confidential Information so requested or required, and shall exercise good faith efforts, at no material cost to it, to obtain assurance that confidential treatment will be accorded to the Confidential Information so disclosed.

(b)      Notwithstanding the foregoing, in addition to the disclosure of Confidential Information for Permitted Purposes, Recipients may share or disclose Confidential Information with each of the Recipient's Professionals for the purpose of rendering advice and guidance to such Recipient, provided that the Person or entity receiving such disclosure is informed by such Recipient of the confidential nature of such Confidential and agrees to be bound by the provisions of this Section.

(c)      The IER Physician Trustee shall exercise commercially reasonable efforts, such as anonymization, pseudonymization, and encryption, to protect Confidential Information such that disclosures to the Recipients and any Professionals do not include information that identifies individual persons, unless there is a reasonable purpose that makes disclosure of such identifying information necessary, in which case the IER Physician Trustee shall implement any additional controls the IER Physician Trustee in its sole discretion determines is necessary to safeguard the identifying information from unauthorized disclosure, access, or use.

**6.2      Common Interest Privilege.** The IER Physician Trustee and the IER Physician Committee have a "common legal interest" relating IER Physician Trust, the Plan, the Confirmation Order, this Trust Agreement and the IER Physician TDP, including without limitation, (i) the formation of the IER Physician Trust, (ii) the retention and direction of Professionals, (iii) the administration of the IER Physician Trust, (iv) making distributions in accordance with this Trust Agreement and the IER Physician TDP, and (v) disputing and/or resolving any IER Physician Channeled Claims in accordance with this Trust Agreement and the IER Physician TDP, (the "**Common Legal Interest Matters**"). Any discussion, evaluation, or other communications and exchanges of information relating to the Common Legal Interest Matters shall at all times remain subject to all applicable privileges, immunities and protections

from disclosure, including without limitation, the attorney-client privilege, work-product doctrine and common legal interest privilege. It is the express intent of the IER Physician Trustee and the IER Physician Committee to preserve intact to the fullest extent applicable, and not to waive, by virtue of this Agreement or otherwise, in whole or in part, any and all privileges, protections and immunities.

   **6.3**  **Irrevocability.**  To the fullest extent permitted by applicable law, the IER Physician Trust is irrevocable.

   **6.4**  **Term; Termination.**

     (a)  With the consent of the IER Physician Committee, notice to the Reorganized Debtors, and approval by the Bankruptcy Court, the IER Physician Trustee may select a date to dissolve the IER Physician Trust (the "**Dissolution Date**") after the occurrence of the following events: (i) all assets available to the IER Physician Trust from the Opioid MDT II have been collected and liquidated; (ii) all IER Physician Channeled Claims duly filed with the IER Physician Trust have been liquidated and paid to the extent provided in this Trust Agreement and the IER Physician TDP, or have been disallowed, (iii) twelve (12) consecutive months have elapsed during which no new IER Physician Channeled Claim has been filed with the IER Physician Trust and the IER Physician Trustee deems it unlikely that new IER Physician Claims will be filed against the IER Physician Trust, and (iv) at least thirty months have elapsed since the Effective Date. The IER Physician Trustee, with the consent of the IER Physician Committee, may seek approval from the Bankruptcy Court to dissolve the IER Physician Trust earlier for any other reason.

     (b)  By the date that is one year earlier than such date that the IER Physician Trustee, with the consent of the IER Physician Committee, selects or the Bankruptcy Court

-42-

approves as the Dissolution Date, the IER Physician Trustee, in consultation with the IER Physician Committee, shall develop wind-down procedures, including a program for providing notice to all Holders of IER Physician Channeled Claims of the decision to dissolve the IER Physician Trust and the reservation of funding for the wind-down.

(c)     On the Dissolution Date (or as soon thereafter as is reasonably practicable), after the wind-up of the IER Physician Trust's affairs by the IER Physician Trustee and payment of all the IER Physician Trust's liabilities have been provided for as required by applicable law including Section 3808 of the DST Act, all monies remaining in the IER Physician Trust estate shall be given to such organization(s) exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code, which tax-exempt organization(s) shall be selected by the IER Physician Trustee using his or her reasonable discretion; *provided, however,* that (i) if practicable, the activities of the selected tax-exempt organization(s) shall be related to the treatment of, research on, or the cure of, or other relief for individuals suffering from opioid use disorders, and (ii) the tax-exempt organization(s) shall not bear any relationship to the Reorganized Debtors within the meaning of section 468B(d)(3) of the Internal Revenue Code. Notwithstanding any contrary provision of the Plan and related documents, this Section 7.4(c) cannot be modified or amended.

(d)     Following the dissolution and distribution of the assets of the IER Physician Trust, the IER Physician Trust shall terminate and the IER Physician Trustee and the Delaware Trustee (acting solely at the written direction of the IER Physician Trustee) shall execute and cause a Certificate of Cancellation of the Certificate of Trust of the IER Physician Trust to be filed in accordance with the Act.  Notwithstanding anything to the contrary contained

*Draft Version 9.3.21*

in this Trust Agreement, the existence of the IER Physician Trust as a separate legal entity shall continue until the filing of such Certificate of Cancellation.

**6.5     Amendments.**   The IER Physician Trustee, after consultation with the IER Physician Committee, and subject to the consent of the IER Physician Committee, may modify or amend this Trust Agreement. Any modification or amendment made pursuant to this Section must be done in writing. Notwithstanding anything contained in this Trust to the contrary, neither this Trust Agreement, nor any document annexed to the foregoing shall be modified or amended in any way that could jeopardize, impair, or modify (i) the efficacy or enforceability of the Opioid Permanent Channeling Injunction or any other injunction or release issued or granted in connection with the Plan, (ii) the IER Physician Trust's qualified settlement fund status under the QSF Regulations, or (iii) without the written consent of Reorganized Mallinckrodt, any rights, benefits, or protections provided to the Reorganized Debtors under the Plan, and (b) the scope and terms of the release provided to the Reorganized Debtors and the Protected Parties in the Release, or the obligation of the IER Physician Trust to obtain a properly executed Release as a pre-condition to a IER Physician Channeled Claimant receiving a distribution from the IER Physician Trust. Any amendment affecting the rights, duties, immunities or liabilities of the Delaware Trustee shall require the Delaware Trustee's written consent.

**6.6     Meetings.**   The Delaware Trustee shall not be required nor permitted to attend meetings relating to the IER Physician Trust.

**6.7     Severability.**   Should any provision in this Trust Agreement or in the IER Physician TDP be finally determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, such determination shall in no way limit or affect the enforceability

-44-

and operative effect of any and all other provisions of this Trust Agreement or the respective IER Physician TDP.

**6.8** <u>**Notices.**</u>  Notices to persons asserting claims shall be given by first class mail, postage prepaid, at the address of such person, or, where applicable, such person's legal representative, in each case as provided on such person's claim form submitted to the IER Physician Trust with respect to his or her IER Physician Channeled Claim.

(a)     Any notices or other communications required or permitted hereunder to the following parties shall be in writing and delivered at the addresses designated below, or sent by e-mail or facsimile pursuant to the instructions listed below, or mailed by registered or certified mail, return receipt requested, postage prepaid, addressed as follows, or to such other address or addresses as may hereafter be furnished in writing to each of the other parties listed below in compliance with the terms hereof.

To the IER Trust through the IER Physician Trustee:

<u>Mallinckrodt Opioid IER Physician Trust:</u>

[Dr.Michael Maiowski

<u>With a copy to</u>:

[_____]

<u>To the Delaware Trustee:</u>

[_____]

<u>To the IER Physician Committee:</u>

~~Michelle~~**Michele** Puiggari, Esq.
**3801 Milwaukee Ct.**
**Missoula, MT 59808**

Suzanne Colvin, Ph.D.



2716 NW 22nd Drive
Gainesville, FL 32605
Email: suzycolvin@gmail.com

And a copy to:

[_____]

To the Reorganized Debtors:

[_____]

With a copy to:

[_____]

(b)    All such notices and communications if mailed shall be effective when physically delivered at the designated addresses or, if electronically transmitted, when the communication is received at the designated addresses and confirmed by the recipient by return transmission.

**6.9    Successors and Assigns.**  The provisions of this Trust Agreement shall be binding upon and inure to the benefit of the Debtors, the IER Physician Trust, the IER Physician Trustee, and the Reorganized Debtors, and their respective successors and assigns, except that neither the Debtors, the IER Physician Trust, the IER Physician Trustee, nor the Reorganized Debtors may assign or otherwise transfer any of its, or their, rights or obligations, if any, under this Trust Agreement except, in the case of the IER Physician Trust and the IER Physician Trustee, as contemplated by Section 2.1 above.

**6.10    Limitation on Claim Interests for Securities Laws Purposes.**  IER Physician Channeled Claims, and any interests therein, (a) shall not be assigned, conveyed, hypothecated, pledged, or otherwise transferred, voluntarily or involuntarily, directly or indirectly, except by

will or under the laws of descent and distribution; (b) shall not be evidenced by a certificate or other instrument; (c) shall not possess any voting rights; and (d) shall not be entitled to receive any dividends or interest; provided, however, that clause (a) of this Section 7.10 shall not apply to the Holder of a claim that is subrogated to a IER Physician Channeled Claim as a result of its satisfaction of such IER Physician Channeled Claim.

**6.11    Entire Agreement; No Waiver.**  The entire agreement of the parties relating to the subject matter of this Trust Agreement is contained herein and in the documents referred to herein, and this Trust Agreement and such documents supersede any prior oral or written agreements concerning the subject matter hereof.  No failure to exercise or delay in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise of any right, power or privilege hereunder preclude any further exercise thereof or of any other right, power or privilege.   The rights and remedies herein provided are cumulative and are not exclusive of rights under law or in equity.

**6.12    Headings.**    The headings used in this Trust Agreement are inserted for convenience only and do not constitute a portion of this Trust Agreement, nor in any manner affect the construction of the provisions of this Trust Agreement.

**6.13    Governing Law.**  The validity and construction of this Trust Agreement and all amendments hereto and thereto shall be governed by laws of the State of Delaware, and the rights of all parties hereto and the effect of every provision hereof shall be subject to and construed according to the laws of the State of Delaware without regard to the conflicts of law provisions thereof that would purport to apply the law of any other jurisdiction; provided, however, that the parties hereto intend that the provisions hereof shall control and there shall not be applicable to the IER Physician Trust, the IER Physician Trustee, the Delaware Trustee, the

IER Physician  Committee, or this Trust Agreement, any provision of the laws (statutory or common) of the State of Delaware pertaining to trusts that relate to or regulate in a manner inconsistent with the terms hereof: (a) the filing with any court or governmental body or agency of trustee accounts or schedules of trustee fees and charges; (b) affirmative requirements to post bonds for trustees, officers, agents, or employees of a trust; (c) the necessity for obtaining court or other governmental approval concerning the acquisition, holding or disposition of real or personal property; (d) fees or other sums payable to trustees, officers, agents or employees of a trust; (e) the allocation of receipts and expenditures to income or principal; (f) restrictions or limitations on the permissible nature, amount or concentration of trust investments or requirements relating to the titling, storage or other manner of holding of trust assets; (g) the existence of rights or interests (beneficial or otherwise) in trust assets; (h) the ability of beneficial owners or other persons to terminate or dissolve a trust; or (i) the establishment of fiduciary or other standards or responsibilities or limitations on the acts or powers of trustees or beneficial owners that are inconsistent with the limitations on liability or authorities and powers of the IER Physician Trustee, the Delaware Trustee, or the IER Physician Committee, set forth or referenced in this Trust Agreement.  Section 3540 of the DST Act shall not apply to the IER Physician Trust.

Administration of the IER Physician TDP shall be governed by, and construed in accordance with, the laws of the State of Delaware without giving effect to any choice or conflict of law provision or rule (whether of the State of Delaware or any other jurisdiction) that would cause the application of the laws of any other jurisdiction.

**6.14**   **Settlors' Representative and Cooperation.**  The Debtors are hereby irrevocably designated as the Settlors, and they are hereby authorized to take any action required of the

Settlors by the IER Physician Trustee in connection with the Trust Agreement.  The Reorganized Debtors agree to cooperate in implementing the goals and objectives of this Trust Agreement.

**6.15** **Dispute Resolution.**  Any disputes that arise under this Trust Agreement or under the IER Physician TDP among the parties hereto shall be resolved by submission of the matter to binding arbitration; provided, however, that if one party objects to binding arbitration, the matter shall be submitted to the Bankruptcy Court for a judicial determination; further provided, however, that any dispute involving adjustment of the point value shall be resolved in the first instance by the ADR process. Should any party to the ADR process be dissatisfied with the decision of the arbitrator(s), that party may apply to the Bankruptcy Court for a judicial determination of the matter.  Any review conducted by the Bankruptcy Court shall be *de novo*. In any case, if the dispute arose pursuant to the consent provision set forth in Section 5.7(b) (in the case of the IER Physician Committee), the burden of proof shall be on the party or parties who withheld consent to show that such party's objection and withholding of consent was reasonable.  Should the dispute not be resolved by the ADR process within thirty (30) days after submission, the parties are relieved of the requirement to pursue ADR prior to application to the Bankruptcy Court. If the IER Physician Trustee determines that the matter in dispute is exigent and cannot await the completion of the ADR process, the IER Physician Trustee shall have the discretion to elect out of the ADR process altogether or at any stage of the process and seek resolution of the dispute in the Bankruptcy Court.

**6.16** **Enforcement and Administration.**  The provisions of this Trust Agreement and the IER Physician TDP shall be enforced by the Bankruptcy Court pursuant to the Plan.  The parties hereby further acknowledge and agree that the Bankruptcy Court shall have exclusive jurisdiction over the settlement of the accounts of the IER Physician Trustee and over any

disputes hereunder not resolved by alternative dispute resolution in accordance with Section 8.15 above. The Bankruptcy Court and the courts of the State of Delaware shall have the exclusive jurisdiction with respect to any action relating to or arising from the IER Physician Trust.

  **6.17** **Effectiveness.** This Trust Agreement shall not become effective until it has been executed and delivered by all the parties hereto.

  **6.18** **Rules of Interpretation.** For purposes of this Trust Agreement, unless otherwise provided herein: (a) whenever from the context it is appropriate, each term, whether stated in the singular or the plural, will include both the singular and the plural; (b) the words "herein," "hereof," "hereto," "hereunder" and other words of similar import refer to this Trust Agreement as a whole and not to any particular section, subsection or clause contained in this Trust Agreement; (c) the rules of construction set forth in section 102 of the Bankruptcy Code will apply; and (d) the term "including" shall be construed to mean "including, but not limited to," "including, without limitation," or words of similar import. In this Trust Agreement and the IER Physician  TDP the words "must," "will," and "shall" are intended to have the same mandatory force and effect, while the word "may" is intended to be permissive rather than mandatory.

  **6.19** **Counterpart Signatures.** This Trust Agreement may be executed in any number of counterparts and by different Parties on separate counterparts (including by facsimile or portable document format (pdf)), and each such counterpart shall be deemed to be an original, but all such counterparts shall together constitute one and the same instrument.

*Draft Version 9.3.21*

IN WITNESS WHEREOF, the parties have executed this Trust Agreement as of the date set forth above.

**SETTLORS:**

**MALLINCKRODT PLC**

By:_____

Title:

**TRUSTEE**                                   **DELAWARE TRUSTEE**
                                              **[_____]**

By:_____        By:_____
Name:  Dr. Michael Masiowski                Name:

**IER Physician  COMMITTEE**

Dr. Suzanne Colvin_____
Name:

~~Michelle~~**Michele** Puiggari, Esq._____
_____
Name:



*Draft Version 9.3.21*



| Summary report:<br>Litera® Change-Pro for Word 10.8.2.11 Document comparison done on<br>12/1/2021 3:06:04 PM | |
|---|---|
| **Style name:** L&W without Moves | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** MNK - Draft ER Doc Trust Agreement (second PS filing).docx | |
| **Modified filename:** 10.21.21 IERP Trust Agreement without internal comments.docx | |
| **Changes:** | |
| **Add** | 12 |
| **Delete** | 21 |
| *Move From* | 0 |
| *Move To* | 0 |
| **Table Insert** | 0 |
| **Table Delete** | 0 |
| *Table moves to* | 0 |
| *Table moves from* | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 33 |