## Exhibit C

## Relator Fee Agreement

**PLEASE TAKE NOTICE** that certain documents, or portions thereof, contained in this Exhibit C and the Seventh Plan Supplement remain subject to continuing negotiations among the Debtors and interested parties with respect thereto. The Debtors and such applicable interested parties reserve all of their respective rights, subject to the terms and conditions set forth in the Plan and the Restructuring Support Agreement (as amended), with respect to the final form of such documents and to amend, revise, or supplement the Seventh Plan Supplement, and any of the documents and designations contained herein, at any time before the Effective Date of the Plan, or any such other date as may be provided for by the Plan or by order of the Bankruptcy Court.

<u>STATUTORY EXPENSES, ATTORNEYS' FEES AND COSTS SETTLEMENT AGREEMENT</u>

This Statutory Expenses, Attorneys' Fees and Costs Settlement Agreement ("Agreement") is entered into between James Landolt (the "Relator") and Mallinckrodt plc and Mallinckrodt ARD LLC (f/k/a Questcor Pharmaceuticals, Inc.), debtors and debtors-in-possession acting on behalf of themselves and their estates (collectively, "Mallinckrodt")[1] (hereafter collectively referred to as "the Parties"), through their authorized representatives.

<u>RECITALS</u>

A.      On September 20, 2018, the Relator filed a *qui tam* action in the United States District Court for the District of Massachusetts captioned *United States ex rel. John Doe v. Mallinckrodt ARD, LLC*, No. 1:18-cv-11931-PBS, pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b), and of various state False Claims Acts (the "Civil Action").  The United States, acting through the United States Department of Justice ("DOJ"), intervened in the Civil Action on March 2, 2020, and filed a Complaint-in-Intervention on March 3, 2020.  Twenty-six states, the District of Columbia, and the Commonwealth of Puerto Rico, acting through their respective attorneys' general offices, intervened in the Civil Action on July 16, 2020.

B.      On October 12, 2020, Mallinckrodt filed a petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") Case No. 20-12522 (JTD).

C.      To effectuate its reorganization under chapter 11, Mallinckrodt entered into a Restructuring Support Agreement (as amended, modified and/or supplemented from time to

---

[1] References to Mallinckrodt herein shall have the same meaning as in the Settlement Agreement among the United States, Mallinckrodt, and Relator referred to herein as the Landolt DOJ Settlement Agreement.

time, the "RSA") on October 11, 2020. The RSA provided that Mallinckrodt would resolve the Civil Action, along with a second *qui tam* litigation, in settlement agreements that the RSA defines collectively as the "CMS/DOJ/States Settlement."

D. Schedule 2 to the RSA's Term Sheet describes the terms of the CMS/DOJ/States Settlement. Schedule 2 provides that Mallinckrodt, the United States, states, and *qui tam* relators agree to resolve the two False Claims Act litigations on terms set forth in Schedule 2, which are to be memorialized in a definitive DOJ Settlement Agreement and settlement agreements with the States and incorporated into Mallinckrodt's Chapter 11 Plan.

E. Mallinckrodt's Joint Plan of Reorganization, filed June 18, 2021, represents in Exhibit 3 ("Federal/State Acthar Settlement Term Sheet") that Mallinckrodt, the United States, the applicable states, and *qui tam* relators "agree to fully and finally resolve" the two False Claims Act litigations and related matters on terms set forth in that exhibit, which "will be memorialized in a definitive DOJ Settlement Agreement, and settlement agreements with the States, and incorporated into the Plan."

F. The United States, Mallinckrodt, and Relator have prepared a settlement agreement to resolve civil claims that the United States contends it has against Mallinckrodt arising from conduct alleged in the United States' Complaint-in-Intervention in the Civil Action (the "Landolt DOJ Settlement Agreement"). Relator is a party to the Landolt DOJ Settlement Agreement. In it, Relator agrees that the Landolt DOJ Settlement Agreement is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B).

G. Relator claims entitlement in the Civil Action and in the Landolt DOJ Settlement Agreement under 31 U.S.C. § 3730(d) and comparable provisions of any applicable state statutes to Relator's reasonable expenses, attorneys' fees and costs (the "Attorneys' Fees Claim"). In

paragraph 3 of the Landolt DOJ Settlement Agreement, Mallinckrodt has agreed to pay the Attorneys' Fees Claim subject to the terms of this Agreement.

H.      In consideration of the mutual promises and obligations of this Agreement and the Landolt DOJ Settlement Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree and covenant as follows:

## TERMS AND CONDITIONS

1.      Mallinckrodt has agreed to pay the Relator the sum of $469,000 (the "Settlement Amount"), which the Relator and his counsel have agreed to accept in full and final satisfaction of the Attorneys' Fees Claim.

2.      Mallinckrodt agrees to pay the Settlement Amount by electronic funds transfer to Relator's counsel on the date that it pays the First Installment Payment set forth on Exhibit B of the Landolt DOJ Settlement Agreement.

3.      Both Parties' obligations under this Agreement are contingent on the full execution of the Landolt DOJ Settlement Agreement and the occurrence of the Approved Plan Effective Date (as defined in the Landolt DOJ Settlement Agreement as of the date hereof). Releases contained in the Landolt DOJ Settlement Agreement shall not relieve Mallinckrodt of the obligation to pay the Relator the amount specified in this Agreement.

4.      Mallinckrodt agrees that: (i) Mallinckrodt's obligation to satisfy the Attorneys' Fee Claim will not be discharged, altered or modified in Mallinckrodt's chapter 11 case including by or through any plan of reorganization, confirmation order, or other document or order filed or issued in that proceeding; and (ii) Mallinckrodt will take all steps necessary to ensure that the Attorneys' Fee Claim is not discharged, altered or modified in Mallinckrodt's

chapter 11 case, including, but not limited to, providing any and all notice and disclosure, and obtaining any and all approvals, necessary to prevent discharge of the Attorneys' Fee Claim.

5. This Agreement is effective on the date of signature of the last signatory to the Agreement. Facsimiles and electronic transmissions of signatures shall constitute acceptable, binding signatures for purposes of this Agreement. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

6. The Parties represent that this Agreement is freely and voluntarily entered into without any degree of duress or compulsion whatsoever.

7. Except as expressly provided to the contrary in this Agreement, or in the Landolt DOJ Agreement, each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

8. The individuals signing this Agreement warrant and represent they have authority to execute this Agreement on behalf of the Parties.

9. This Agreement is binding on Mallinckrodt's successors, transferees, heirs, and assigns.

10. This Agreement is binding on Relators' successors, transferees, heirs, and assigns.

11. This Agreement, together with the Landolt DOJ Settlement Agreement, constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

Dated: _____    _____
William H. Kettlewell
Michele W. Sartori

                                                Hogan Lovells US LLP
*Attorneys for Mallinckrodt*

Dated: _____

                                                Suzanne E. Durrell
Linda C. Severin
Whistleblower Law Collaborative LLC
*Attorneys for Relator James Landolt*