<u>**Exhibit D**</u>

**Asbestos Personal Injury Trust Distribution Procedures**

**PLEASE TAKE NOTICE** that certain documents, or portions thereof, contained in this Exhibit D and the Nineteenth Plan Supplement remain subject to continuing negotiations among the Debtors and interested parties with respect thereto. The Debtors and such applicable interested parties reserve all of their respective rights, subject to the terms and conditions set forth in the Plan and the Restructuring Support Agreement (as amended), with respect to the final form of such documents and to amend, revise, or supplement the Nineteenth Plan Supplement, and any of the documents and designations contained herein, at any time before the Effective Date of the Plan, or any such other date as may be provided for by the Plan or by order of the Bankruptcy Court.

# MALLINCKRODT

# ASBESTOS PERSONAL INJURY TRUST DISTRIBUTION PROCEDURES

# TABLE OF CONTENTS

**Page**

ARTICLE I    GENERAL ...........................................................................................................1

    1.1    Asbestos Trust Res...........................................................................................1

    1.2    Basis for Asbestos Liabilities..........................................................................1

    1.3    Inherent Uncertainty .......................................................................................1

    1.4    Purpose of Asbestos Trust ...............................................................................2

    1.5    Categories of Asbestos Claims ........................................................................2

    1.6    Determination of Scheduled Values .................................................................2

ARTICLE II    ALLOWANCE OF ASBESTOS CLAIMS .....................................................3

    2.1    General .............................................................................................................3

    2.2    Claims Procedures ...........................................................................................3

ARTICLE III    PAYMENT OF ASBESTOS CLAIMS .........................................................5

    3.1    Category A Claims............................................................................................5

    3.2    Categories B through D Claims ........................................................................6

    3.3    Releases ...........................................................................................................6

ARTICLE IV    CLAIMS MATERIALS ...............................................................................6

    4.1    Claims Materials ..............................................................................................6

    4.2    Claims Submission Deadline ...........................................................................7

    4.3    Withdrawal of Claims ......................................................................................7

    4.4    Filing Fees........................................................................................................7

    4.5    English Language .............................................................................................7

ARTICLE V    CONFIDENTIALITY PROVISIONS .............................................................7

    5.1    Confidentiality of Asbestos Claimants' Submissions......................................7

ARTICLE VI    MISCELLANEOUS .....................................................................................8

    6.1    Amendments ....................................................................................................8

    6.2    Governing Law .................................................................................................8

    6.3    Construction......................................................................................................8

## PRELIMINARY STATEMENT

Capitalized terms not otherwise defined in these Asbestos Trust Distribution Procedures ("**TDP**") shall have the meaning ascribed to such terms in the *Fourth Amended Joint Plan of Reorganization of Mallinckrodt plc and Its Debtor Affiliates under Chapter 11 of the Bankruptcy Code* [Docket No. 6066] (as may be further amended or modified, the "**Plan**") or the Asbestos Trust Agreement (the "**Asbestos Trust Agreement**") executed pursuant to the Plan, as applicable.

The Plan and Asbestos Trust Agreement, pursuant to the Plan, establish an Asbestos Trust (the **"Asbestos Trust"**) and contemplate the establishment of these TDP to set out the procedures and means to be implemented by the Asbestos Trustee for the purpose of processing, liquidating, Allowing and paying Distributions on account of only those Asbestos Claims that were timely filed in accordance with the Claims Bar Date Order ("**Asbestos Claims**").[1]

These TDP are not intended to, nor shall they be deemed to, create additional substantive rights for any Holder of an Asbestos Claim.

## ARTICLE I
## GENERAL

1.1     Asbestos Trust *Res*. The assets transferred or to be transferred to or received by the Asbestos Trust consist of $18 million to be paid from the Debtors to the Asbestos Trust as set forth in the Asbestos Trust Agreement (the $18 million, together with any income or earnings realized or received in respect thereof, the "***Res***"). The *Res* shall be used exclusively for payment of Asbestos Claims pursuant to the provisions of these TDP, and administrative expenses of the Asbestos Trust as provided in the Asbestos Trust Agreement, which administrative expenses shall not exceed $2,000,000 plus any income, interest, dividends or the like earned on the Asbestos Trust Assets, subject to those certain carve-outs set forth in Article 1.5 of the Asbestos Trust Agreement.

1.2     Basis for Asbestos Liabilities.  Asbestos Claims against Debtor Mallinckrodt US Holdings LLC's relate to the purchase of certain assets from A.J. Lavino and Company ("**Lavino**"), which manufactured and sold asbestos-containing refractory products for use in high heat environments.  More specifically, International Minerals & Chemical Corporation ("**IMC**") purchased certain assets of Lavino on December 30, 1966 and sold the same assets on February 28, 1974.  The Debtors are successors in interest to IMC.  In addition, the Debtors have certain asbestos liabilities related to properties that contained asbestos that were owned and/or operated by the Debtors.

1.3     Inherent Uncertainty. As the Asbestos Claims for Category A may elect certain treatment under these TDP and some Asbestos Claims in Categories B, C, or D may not be eligible for payment hereunder, or may seek to liquidate their Asbestos Claims through an

---

[1] "**Asbestos Claims**" is defined in the Plan as a Claim related to asbestos exposure or products containing asbestos, excluding Asbestos Late Claims, and includes Claims arising from both product and premises asbestos exposure. *See* Article I(A)(44) .

individual evaluation by the Asbestos Trustee or in the tort system, the amount each Holder of an Asbestos Claim in Categories B through D shall be paid hereunder is not fully known. Accordingly, Holders of Asbestos Claims need to take into account (to the extent reasonably foreseeable and practicable at the time of each distribution) the uncertainty regarding the number and aggregate liquidated amount of Asbestos Claims and the amount allocable to each Category of Asbestos Claims. Notwithstanding the foregoing, Distributions paid on account of Asbestos Claims under these TDP do not necessarily equate to settlement values historically received by Asbestos Claims in the tort system and instead reflect a resolution of Asbestos Claims under these TDP.

1.4     Purpose of Asbestos Trust.  The purpose of the Asbestos Trust as reflected in these TDP is to liquidate and pay Asbestos Claims in a streamlined, cost-effective and fair process as quickly as possible with minimal administrative oversight.  To that end, the Asbestos Trust is not responsible for creating reserves for those Asbestos Claims that cannot be timely liquidated in the tort system.  Moreover, these TDP are designed to incentivize Holders of Asbestos Claims to liquidate their Asbestos Claims through the Asbestos Trust.

1.5     Categories of Asbestos Claims. The Asbestos Trust is established to provide for distributions to Holders of Asbestos Claims which include and consist of the following (each a "**Category,**" as designated):

(a)     **Category A:**  Asbestos-Related Non-Malignant Claims[2] (including Unmanifested Claims[3] and Unimpaired Claims[4]).

(b)     **Category B:** Asbestos-Related Other Cancer Claims.

(c)     **Category C:** Asbestos-Related Lung Cancer Claims.

(d)     **Category D:** Mesothelioma Claims.

1.6     Determination of Scheduled Values.  Holders of Asbestos Claims in Category A shall receive a distribution of $100.  Holders of Asbestos Claims in Categories B, C, and D will receive a *pro rata* distribution(s) from the *Res* based on the value for Asbestos Claims in each such Category pursuant to the Plan and these TDP as set forth below ("**Scheduled Values**") to be determined after all timely filed Asbestos Claims are evaluated by the Asbestos Trustee:

---

[2] The term "**Non-Malignant Claims**" refers to personal injury claims of persons other than claims based on cancer caused by exposure to asbestos.
[3] The term "**Unmanifested Claims**" refers to personal injury claims for asbestos exposure that are presently unknown but may in the future develop into a cancer.
[4] The term "**Unimpaired Claims**" refers to personal injury claims for asbestos exposure that exhibit signs of asbestos exposure on x-rays, but are otherwise asymptomatic and includes claims for living and deceased persons that were not diagnosed with any asbestos-related disease before death.

| Category | Scheduled Values | |
| | Product Claims | Premises Claims |
| --- | --- | --- |
| A  (Non-Malignant Claims) | $100.00 | $100.00 |
| B  (Other Cancer) | $750.00 | $13,750.00 |
| C  (Lung Cancer) | $5,000.00 | $9,000.00 |
| D  (Mesothelioma) | $20,000.00 | $50,000.00 |

## ARTICLE II
## ALLOWANCE OF ASBESTOS CLAIMS

2.1     General. All Asbestos Claims shall be processed, resolved, liquidated and, if Allowed, paid pursuant to these TDP.  **Only those Asbestos Claims that were timely filed in accordance with the Claims Bar Date Order are eligible to assert an Asbestos Claim against the Asbestos Trust.**

2.2     Claims Procedures.

(a)     As soon as reasonably practicable after the Effective Date, the Asbestos Trustee shall approve a claim form substantially in the form attached hereto as Exhibit 1 ("**Claim Form**") to be completed by any Holder of an Asbestos Claim who desires to submit an Asbestos Claim to the Asbestos Trust. The Claim Form shall require such information about the Holder and the Asbestos Claim as the Asbestos Trustee reasonably deems necessary and appropriate to enable the Asbestos Trustee to determine the Category, validity as to proof of exposure and proof of injury, and amount, as appropriate, of the Asbestos Claim and, at a minimum, requires the Holder of an Asbestos Claim to (i) certify exposure to an asbestos-containing product for which the Debtors have legal liability at a facility owned by the Debtors depending on the type of Asbestos Claim being asserted (product or premise); and (ii) identify the disease, occupation, employer, start and end dates of exposure, and a description of the exposure.  Except as otherwise provided in Section 2.2(e) and (f) below, Asbestos Claims timely filed by the Claims Bar Date Order which contain this information will be deemed presumptively valid and the Trustee is not required to independently verify the information on the Claim Form except to ensure that the medical documentation supports the appropriate Category and that the description of exposures, occupations, and periods of exposure are appropriate for the type of asbestos exposures for which the Trust is responsible for paying as set forth herein.  The Claim Form attached hereto as Exhibit 1 has been approved in form and substance, by the Settlor, and any material changes to the Claim Form must be approved by the Settlor in advance of the Claim Form being issued to any third party.

3

(b)        As set forth in (c) and (d) below, the Holder of an Asbestos Claim shall certify, either in the Claim Form, or through a separate declaration submitted with the Claim Form, the nature of his or her exposure to asbestos for which one of the Debtors is liable, his or her injury and the Category of the asserted Asbestos Claim. An official bankruptcy proof of claim completed and filed in the Chapter 11 Cases which includes all of the information required in the Claim Form and has been executed under penalty of perjury may be attached to the Claim Form and be incorporated by reference as appropriate, *provided* that the attachment of a proof of claim shall not satisfy the requirement that the Holder certify his or her Claim Form in accordance with the Claim Form. For the avoidance of doubt, and without limiting the protection afforded by the Asbestos Trust and/or these TDP, the Asbestos Trustee shall have the protection afforded by Section 4.4 of the Asbestos Trust Agreement in relying on the information described in this Section 2.2. No Asbestos Claim shall be considered or paid in more than one Category.

(c)        Evidence of Proof Exposure.  As set forth in the Claim Form, the following types of documents shall serve as evidence of proof of exposure:  (i) an affidavit or sworn statement under penalty of perjury by the Holder of an Asbestos Claim identifying the date and description of exposure, occupation, and, if asserting an Asbestos Claim for premise liability, the job site; however, execution of this Claim Form by the Holder of an Asbestos Claim may serve as the sworn statement under penalty of perjury; (ii) an affidavit or sworn statement of a co-worker; (iii) an affidavit or sworn statement of a family member in the case of a deceased Holder of an Asbestos Claim; (iv) invoices, employment, construction or similar records; (v) interrogatory answers, sworn work history, or deposition testimony by the Holder of an Asbestos Claim, a co-worker, or a family member (if the Holder of an Asbestos Claim is deceased).

(d)        Evidence of Disease Category.  As set forth on the Claim Form, as evidence of disease Category, the Holder of an Asbestos Claim must submit medical records which clearly sets forth the diagnosis for the disease set forth in Categories B, C, or D, as applicable.  Alternatively, the Trust may rely on medical documents of the Holder of An Asbestos Claim submitted to a trust being administered by the same Trustee and claims processor.

(e)        Holders of Asbestos Claims in Categories B, C and D may elect to have their claims individually reviewed by the Asbestos Trust to consider factors typically considered in evaluating such Asbestos Claims in the tort system including, but not limited to, length of exposure, age, dependents, and economic loss, to liquidate the value of their Asbestos Claim by so indicating such election on the Claim Form.  In such instances, the presumption of validity set forth in Section 2.2(a) shall not apply.  Holders of Asbestos Claims who elect to have their Asbestos Claims individually reviewed by the Asbestos Trust to liquidate the value of their Asbestos Claim shall be liquidated at no more than two times (2x) the Scheduled Value of their Asbestos Claim. Holders of Asbestos Claims in Categories B, C and D who elect to have their claims individually reviewed by the Asbestos Trustee and do not accept the liquidated value ascribed to their Asbestos Claim through this process may elect to exit to the tort system by bringing suit in any court in Delaware that has jurisdiction over the Asbestos Trust to liquidate the value of their Asbestos Claim.  However, Holders of Asbestos Claims who elect to liquidate their Asbestos Claim in the tort system shall have the liquidated value of such Asbestos Claims capped at no more than two times (2x) the Scheduled Value of their Asbestos Claim, regardless of the amount awarded at trial.

(f)      Suits in the Tort System.  If the holder of a disputed claim disagrees with the Asbestos Trust's determination regarding the claim, and if the holder has first submitted the claim to be individually reviewed by the Asbestos Trust provided in Section 2.2(e) above, the holder may file a lawsuit against the Asbestos Trust in any court in Delaware that has jurisdiction over the Asbestos Trust to liquidate the value of the Asbestos Claim, as described in Section 2.2(e) above.  In such instances, the presumption of validity set forth in Section 2.2(a) shall not apply. Any such lawsuit must be filed by the claimant in his or her own right and name and not as a member or representative of a class, and no such lawsuit may be consolidated with any other lawsuit.  All defenses (including, with respect to the Asbestos Trust, all defenses which could have been asserted by a Debtor) shall be available to both sides at trial; however, the Asbestos Trust may waive any defense and/or concede any issue of fact or law.

(g)      A Holder of any Asbestos Claim that is denied or rejected by the Asbestos Trustee will retain its rights, if any, to pursue such Asbestos Claim in the tort system, provided that (i) any tolling of any applicable limitations period will terminate on the date the Asbestos Claim is so denied or rejected; (ii) a complaint is filed within thirty (30) days of denial or rejection of such Asbestos Claim; and (iii) if successful at trial, the liquidated value of such Asbestos Claims shall be capped at no more than two times (2x) the Scheduled Value of their Asbestos Claim, regardless of the amount awarded at trial.  However, the Asbestos Trust shall not reserve for the liquidated value of such Asbestos Claim in the tort system, if any, and the Holder of such an Asbestos Claim that is denied or rejected and chooses to pursue such Asbestos Claim in the tort system bears the risk that no funds will be available in the Asbestos Trust to pay the *pro rata* value of such Asbestos Claim once liquidated.

(h)      Pursuant to the Confirmation Order, Asbestos Claims shall be subject to these TDP.

## ARTICLE III
## PAYMENT OF ASBESTOS CLAIMS

3.1      Category A Claims.

(a)      Holders of Asbestos Claims in Category A who timely filed a proof of claim form in the Chapter 11 Cases in accordance with the Claims Bar Date Order and submit a timely Claim Form to the Asbestos Trust are eligible for compensation.

(b)      Holders of Asbestos Claims in Category A may make an election on the Claim Form to receive a distribution of $100.00.  The Holder of an eligible Asbestos Claim in Category A who elects to receive a distribution of $100.00 shall be paid as promptly as reasonably practicable after the Holder has submitted an executed Release as set forth in section 3.4 below.  The Holder of an Asbestos Claim in Category A who executes and submits a Release shall be forever barred from asserting an Asbestos Claim for a higher Scheduled Value in another Category as set forth in Section 1.4.

(c)      If the Holder of an Asbestos Claim in Category A does not elect payment of $100.00 on the Claim Form, then such Holder of an Asbestos Claim will not receive any distribution on account of a Category A claim and may be able to assert an Asbestos Claim under

another Category at a later date and if so, will be paid at such time as all other Asbestos Claims in Categories B through D receive distributions hereunder.  All Holders of Asbestos Claims in Category A must submit a timely Claim Form to the Asbestos Trust even if they choose not to receive the $100 payment, as failure to file a timely Claim Form with the Asbestos Trust will disqualify Holders of Asbestos Claims in Category A from receiving any compensation from the Asbestos Trust should they later develop a disease in Categories B through D.  There is no guarantee that the Holder of an Asbestos Claim in Category A who does not elect the $100.00 option shall receive any distribution on account of his or her Asbestos Claim as the *Res* may be distributed in full or the Asbestos Trust terminated before the Holder of an Asbestos Claim in Category A manifests a disease in Category B through D.  Moreover, it is incumbent on a Holder of an Asbestos Claim in Category A who does not elect the $100 payment on the Claim Form to immediately contact the Asbestos Trustee upon the manifestation of a disease in Category B through D.  The Asbestos Trustee shall have no responsibility to monitor and notify such Holders of Asbestos Claims in Category A of the status of the Asbestos Trust.

    3.2    Categories B through D Claims.  Holders of Asbestos Claims in Categories B through D who timely filed a proof of claim form in the Chapter 11 Cases in accordance with the Claims Bar Date Order and submit a timely Claim Form to the Asbestos Trust shall have their Asbestos Claim resolved by the Asbestos Trust after the Asbestos Trustee completes its evaluation of all Asbestos Claims. If the Asbestos Claim is resolved as an Allowed Claim, the Holder must submit an executed Release as set forth in section 3.4 below. After receipt of the executed Release, the Allowed Asbestos Claim will be paid in accordance with these TDP.  After all Asbestos Claims in Categories B through D have been liquidated and the Asbestos Trust has received an executed Release, the Asbestos Trustee will determine the *pro rata* distribution to be made to Holders of Asbestos Claims in Categories B through D from the *Res* of the Asbestos Trust and thereafter distribute payment.  To the extent any Asbestos Claims are pending in the tort system when the Asbestos Trustee makes its determination of the *pro rata* distribution, the Asbestos Trustee may, but is not required to, reserve amounts for such Asbestos Claims, provided, however, the Asbestos Trustee shall have no obligation to wait for the outcome or conclusion in the tort system with respect to such Asbestos Claim.  Thus, there is no guarantee that the Holder of an Asbestos Claim that is pending in the tort system when the Asbestos Trustee is ready to make distributions to Holders of Asbestos Claims in Categories B through D shall receive any distribution on account of his or her Asbestos Claim as the *Res* may be distributed in full or the Asbestos Trust terminated.

    3.3    Releases. As a condition to making any payment to a Holder, the Asbestos Trust shall obtain, for the benefit of the Asbestos Trust and the Released Parties (as defined in the Plan), a Release in the form required by the Asbestos Trust, which shall be substantially in the forms attached hereto as Exhibit 2.  The Asbestos Trustee in consultation with the Trust Advisory Committee ("**TAC**") shall have the discretion to make only non-substantive changes to the Release.

**ARTICLE IV**
**CLAIMS MATERIALS**

    4.1    Claims Materials. The Claim Form to be submitted to the Asbestos Trust shall require the Holder to assert all of the diseases for which the Asbestos Claim qualifies at the time

of filing, and if multiple diseases are selected, the Holder will be compensated only for the most severe compensable disease. In developing its claim filing procedures, the Asbestos Trust shall make reasonable efforts to afford Holders the opportunity to utilize currently available technology, including by filing claims and supporting documentation over the internet and electronically by removable media such as thumb drives and compact discs.

4.2    <u>Claims Submission Deadline</u>.  All Claim Forms must be submitted within ninety (90) days of the date the Asbestos Trust begins accepting Claim Forms ("**Claims Submission Deadline**").  The approval of the Claim Form shall be published on the website of the claims processing agent selected by the Asbestos Trustee. **Failure to timely submit a Claim Form to the Asbestos Trust by the Claims Submission Deadline may result in disallowance of the Asbestos Claim.**

4.3    <u>Withdrawal of Claims</u>. If a Holder withdraws an Asbestos Claim at any time prior to resolution of the Asbestos Claim, such Holder of an Asbestos Claim is barred from resubmitting such Asbestos Claim to the Asbestos Trust.

4.4    <u>Filing Fees.</u> There shall be no filing fee for submitting an Asbestos Claim to the Asbestos Trust for payment.

4.5    <u>English Language</u>. All claims, claims forms, submissions and evidence submitted to the Asbestos Trust or in connection with any Asbestos Claim or its liquidation shall be in the English language.

# ARTICLE V
# CONFIDENTIALITY PROVISIONS

5.1    <u>Confidentiality of Asbestos Claimants' Submissions</u>.

(a)    <u>Settlement Discussions</u>. Except as provided in Section 2.2(j) of the Trust Agreement, all submissions to the Asbestos Trust by a holder of an Asbestos Claim, including a Claim Form and materials related thereto, shall be treated as made in the course of settlement discussions between the Holder and the Asbestos Trust, and intended by the parties to be confidential and to be protected by all applicable state and federal privileges and protections, including but not limited to those directly applicable to settlement discussions.

(b)    Except as provided in Section 2.2(j) of the Trust Agreement, the Asbestos Trust will preserve the confidentiality of such claimant submissions, and shall disclose the contents thereof only, with the permission of the holder, to such other persons as authorized by the holder, or in response to a valid subpoena of such materials issued by the Bankruptcy Court, a Delaware State Court, or the United States District Court for the District of Delaware.

(c)    Furthermore, the Asbestos Trust shall provide counsel for the holder a copy of any such subpoena immediately upon being served; provided, however, that if a subpoena seeks records or information pertaining to more than fifty (50) claimants, the Asbestos Trust may instead first provide a copy of the subpoena to the TAC and delay providing a copy of the subpoena to counsel for individual holders of Asbestos Claims until, in the Asbestos Trustee's judgment, it appears likely that information or records relating to the holders may have

7

to be produced in response to the subpoena. In such a case, the Asbestos Trust shall ensure that the notice that is provided to counsel for the holders allows such counsel sufficient time to object to the production.

(d)    The Asbestos Trust shall on its own initiative or upon request of the claimant in question take all necessary and appropriate steps to preserve said privileges before the Bankruptcy Court, a Delaware State Court, or the United States District Court for the District of Delaware and before those courts having appellate jurisdiction related thereto.

(e)    Nothing in these TDP, the Plan or the Trust Agreement expands, limits or impairs the obligation under applicable law of a claimant to respond fully to lawful discovery in any underlying civil action regarding his or her submission of factual information to the Asbestos Trust for the purpose of obtaining compensation for asbestos-related injuries from the Asbestos Trust.

## ARTICLE VI
## MISCELLANEOUS

6.1    <u>Amendments</u>. Except as otherwise provided herein, the Asbestos Trustee may amend, modify, delete, or add to any provisions of these TDP with the consent of the TAC as set forth in the Asbestos Trust Agreement.

6.2    <u>Governing Law</u>. Except for purposes of determining the liquidated value of any Asbestos Claim, administration of these TDP shall be governed by, and construed in accordance with, the laws of the State of Delaware, without regard to principles of conflicts of laws.

6.3    <u>Construction</u>.

(a)    Unless the context of these TDP otherwise clearly requires, references to the plural include the singular, the singular includes the plural and the part includes the whole and "or" has the inclusive meaning represented by the phrase "and/or." The words "hereof," "herein," "hereunder" and similar terms refer to these TDP as a whole and not to any particular provision. The word "including" has the meaning "including, but not limited to." The section headings contained in these TDP are for reference purposes only and shall not control or affect the construction of these TDP or the interpretation thereof in any respect.

(b)    All references to other documents shall be deemed to include all amendments, modifications and supplements thereto to the extent such amendment, modification or supplement is made in accordance with the provisions of such document and these TDP.

(c)    All requirements for consents or approvals shall be deemed to require written consent or approval.

**<u>Exhibit 1</u>**

**Claim Form**

# Mallinckrodt Asbestos Personal Injury Trust[1]

## Claim Form for Asbestos Personal Injury Claims

## General Instructions for filing this Claim Form:

This Claim Form should be completed by holders of Asbestos Claims seeking to liquidate their claim against the Debtors[2] under the Mallinckrodt Asbestos Personal Injury Trust (the "**Asbestos Trust**") pursuant to the processes set forth in the Mallinckrodt Asbestos Personal Injury Trust Distribution Procedures (as may be amended from time to time, the "**TDP**"). **Only those holders of Asbestos Claims who have timely filed proofs of claims in accordance with the Claims Bar Date Order** (as those terms are defined in the *Fourth Amended Joint Plan of Reorganization of Mallinckrodt plc and Its Debtor Affiliates under Chapter 11 of the Bankruptcy Code* (as may be further amended or modified, the "**Plan**") **are entitled to submit claims to the Asbestos Trust.**  An official bankruptcy proof of claim completed and filed in the Mallinckrodt bankruptcy proceedings which includes all of the information required in the Claim Form and has been executed under penalty of perjury may be attached to the Claim Form and may  be incorporated by reference as appropriate, provided that the attachment of a proof of claim shall not satisfy the requirement that the Holder certify his or her Claim Form in accordance with the Claim Form.

This Claim Form must be completed as thoroughly as possible to ensure prompt resolution of claims.  Submitting an incomplete Claim Form may result in delays in processing and/or the Asbestos Trust not being able to timely assess the Scheduled Values of Allowed Asbestos Claims and pay Allowed Asbestos Claims in accordance with the TDP. Please type or print neatly within the spaces provided.  If additional space is required to provide all relevant information, please attach additional copies of the relevant section of this form.

| Section 1:  Claimant Information | | | |
|---|---|---|---|
| Last Name | First Name | Middle Name | Suffix |
| Social Security Number or International ID Number | Date of Birth (mm/dd/yyyy) | Gender  ☐ Male    ☐ Female | Date of Death (mm/dd/yyyy) (if deceased) | Was death asbestos related?  ☐ Yes    ☐ No |
| Mailing Address (if not represented by counsel) | | | |
| City | State | Zip | Daytime Telephone |

---

[1]  Capitalized terms used herein and not otherwise defined shall have the meanings assigned to them in the TDP.

[2]  As used herein, "Debtor(s)" shall mean individually or collectively, Mallinckrodt plc, Acthar IP Unlimited Company, IMC Exploration Company, INO Therapeutics LLC, Infacare Pharmaceutical Corporation, Ludlow LLC, MAK LLC, MCCH LLC, MEH, Inc., MHP Finance LLC, MKG Medical UK Ltd, MNK 2011 LLC, MUSHI UK Holdings Limited, Mallinckrodt APAP LLC, Mallinckrodt ARD Finance LLC, Mallinckrodt ARD Holdings Inc., Mallinckrodt ARD Holdings Limited, Mallinckrodt ARD IP Unlimited Company, Mallinckrodt ARD LLC, Mallinckrodt Brand Pharmaceuticals LLC, Mallinckrodt Buckingham Unlimited Company, Mallinckrodt CB LLC, Mallinckrodt Canada ULC, Mallinckrodt Critical Care Finance LLC, Mallinckrodt Enterprises Holdings, Inc., Mallinckrodt Enterprises LLC, Mallinckrodt Enterprises UK Limited, Mallinckrodt Equinox Finance LLC, Mallinckrodt Group S.à.r.l., Mallinckrodt Holdings GmbH, Mallinckrodt Hospital Products IP Unlimited Company, Mallinckrodt Hospital Products Inc., Mallinckrodt IP Unlimited Company, Mallinckrodt International Finance SA, Mallinckrodt International Holdings S.à.r.l., Mallinckrodt LLC, Mallinckrodt Lux IP S.à.r.l., Mallinckrodt Manufacturing LLC, Mallinckrodt Pharma IP Trading Unlimited Company, Mallinckrodt Pharmaceuticals Ireland Limited, Mallinckrodt Pharmaceuticals Limited, Mallinckrodt Quincy S.à.r.l., Mallinckrodt UK Finance LLP, Mallinckrodt UK Ltd, Mallinckrodt US Holdings LLC, Mallinckrodt US Pool LLC, Mallinckrodt Veterinary, Inc., Mallinckrodt Windsor S.à.r.l., Mallinckrodt Windsor Ireland Finance Unlimited Company, Ocera Therapeutics, Inc., Petten Holdings Inc., SpecGx Holdings LLC, SpecGx LLC, ST Operations LLC, ST Shared Services LLC, ST US Holdings LLC, ST US Pool LLC, Stratatech Corporation, Sucampo Holdings Inc., Sucampo Pharma Americas LLC, Sucampo Pharmaceuticals, Inc., Therakos, Inc., Vtesse LLC, and WebsterGx Holdco LLC.

## Section 2:  Law Firm / Attorney Information

*If represented by counsel, please provide the following information:*

| Law Firm Name | | EIN |
|---|---|---|
| Mailing Address | | |
| City | State | Zip Code |
| Attorney Last Name | Attorney First Name | Direct Telephone |
| Para/Admin Last Name | Para/Admin First Name | Direct Telephone |
| E-mail | | Facsimile |

## Section 3:  Personal Representative *(if applicable)*

| Last Name | First Name | Middle Name | Suffix |
|---|---|---|---|
| Social Security Number (optional) | Capacity of Personal Representative *(i.e. Administrator, Executor, Guardian, etc.)* | | |
| Mailing Address | | | |
| City | State | Zip | Daytime Telephone |

**Certificate of Official Capacity or other estate documentation must be enclosed if applicable pursuant to state law.**

**If no Certificate of Official Capacity or other estate documentation is available, attorney must provide official representative certification by signing below:**

*Attorney certifies that this claim is filed on behalf of the Official Representative acting for the Injured Party and that the Official Representative has official capacity to file this claim based on the operation of law.*

Signature of Attorney: _____

Printed Name: _____

| Section 4:  Non-Malignant Claims (Category A) |
|---|

☐ If the Injured Party has filed a timely proof of claim for a Category A Non-Malignant Claim and elects to receive the $100 distribution under the TDP, please check this box.

☐ If the Injured Party has filed a timely proof of claim for a Category A Non-Malignant Claim and elects NOT to receive the $100 distribution under the TDP, please check this box.

*If you checked either box above, please skip Sections 5 and 6 and complete the Certification and Signature in Section 7.*

| Section 5:  Asbestos-Related Injuries (Categories B, C, and D) |
|---|

*Check the box next to the highest disease level the Injured Party is claiming.*

| Disease Level | | |
|---|---|---|
| Other Cancer (Level B) | ☐ Lung Cancer (Level C) | ☐ Mesothelioma (Level D) |
| ☐ Colorectal | | |
| ☐ Laryngeal | | |
| ☐ Esophageal | | |
| ☐ Pharyngeal | | |
| ☐ Stomach | | |
| ☐ Other | | |
| Date of Diagnosis (mm/dd/yyyy): | | |

☐ If the Injured Party has filed a timely proof of claim for Category B, C, or D and elects to pursue a *pro rata* distribution of the Scheduled Value for his/her claim, please check this box.

☐ If the Injured Party has filed a timely proof of claim for Category B, C, or D and elects to have the Asbestos Trustee individually review his/her claim, please check this box and provide any additional information or supporting documentation you wish for the Asbestos Trustee to take into consideration in evaluating the claim, including dependents and economic loss. See TDP, Sec. 2.2(e).

## Section 6:  Occupational Exposure to Asbestos Products or Premise Liability

Provide information below for each location at which the Injured Party alleges occupational exposure to asbestos-containing products and/or conduct for which the Debtors have legal responsibility or premises liability.  Attach additional copies of this page if more space is required.  Evidence of exposure may be established by documentation including, but not limited to, the following:

- An affidavit or sworn statement of the Injured Party; however, execution of this Claim Form by the Injured Party may serve as the sworn statement of the Injured Party
- An affidavit or sworn statement of a co-worker
- An affidavit or sworn statement of a family member in the case of a deceased Injured Party
- Invoices, employment, construction or similar records
- Interrogatory answers, sworn work history, or deposition testimony by the Injured Party, a co-worker, or a family member (if the Injured Party is deceased)

*Note:  If the claimant alleges an asbestos-related disease resulting solely or in part from exposure to an occupationally exposed person, such as a family member, Section 6 must be completed for the occupationally exposed person. If the Injured Party also had direct, occupational exposure to asbestos, Section 6 must also be completed for that exposure.*

### Part 1: Occupational Exposure to an Asbestos Product

| Start Date (mm/dd/yyyy) | End Date (mm/dd/yyyy) | Occupation |
|---|---|---|
|  |  |  |

☐ By checking this box, the Injured Party certifies exposure to asbestos-containing product(s) for which the Debtor has legal responsibility.

If you would like to provide more information, please use the following space:

For Medicare reporting purposes, was the Injured Party exposed on or after December 5, 1980 to asbestos-containing products and/or conduct for which the Injured Party alleges the Debtors have legal responsibility?

☐ Yes    ☐ No

Industry in Which Exposure Occurred:

Description of Exposure:

Name of Injured Party's Employer at time of asbestos exposure:

If the claimant alleges secondary exposure, please enter the name of the occupationally exposed individual to whom the Injured Party was exposed:

Name: _____

**Part 2:  Premise Liability**

| Start Date (mm/dd/yyyy) | End Date (mm/dd/yyyy) | Occupation | | |
|---|---|---|---|---|

For Medicare reporting purposes, was the Injured Party exposed on or after December 5, 1980 to asbestos-containing products and/or conduct for which the Injured Party alleges the Debtors have legal responsibility?

☐ Yes      ☐ No

| Site of Exposure (plant or site name) | City | State | Country |
|---|---|---|---|

Industry in which exposure occurred

Names of all asbestos-containing products to which the Injured Party was exposed and for which the claimant alleges the Debtors have legal responsibility:

Description of Exposure:

If the claimant alleges secondary exposure, please enter the name of the occupationally exposed individual to whom the Injured Party was exposed:

Name:  _____

## Section 7:  Certification and Signature

***This claim form must be signed by an attorney or by the claimant if not represented by an attorney.***

If signed by the claimant, I (the claimant) have reviewed the information submitted on this claim form and all documents submitted in support of this claim.  To the best of my knowledge, under penalty of perjury, the information submitted is accurate and complete.

If signed by the claimant's counsel, I (counsel to the claimant) certify that the information and materials with respect to this claim are being submitted pursuant to and subject to the provisions of Rule 11 of the Federal Rules of Civil Procedure.

| Signature of Claimant or Claimant's Attorney | Date (mm/dd/yyyy) |
|---|---|
| Print Name Here | |
| Signatory's Relationship to Injured Party | |

***To file by mail, send this completed form and all supporting documentation to:***

Mallinckrodt Asbestos Personal Injury Trust
c/o

| Section 8:  Checklist of Supporting Documentation |
|---|

***Please attach the following supporting documentation to the completed claim form.***

*For all claimants as required by the TDP:*

☐   Medical records supporting the diagnosis of the claimed Disease Level

☐   Proof of Occupational Exposure or Premise Exposure, if applicable

*Other supporting documentation, as applicable:*

☐   Certificate of Official Capacity or other estate documentation must be enclosed if applicable pursuant to state law. If such documentation is not available, the Law Firm/Attorney's Representatives Affirming Official Representative's Authority must be provided.

☐   Documents and information referenced in Section 6 (if applicable)

*For deceased Injured Parties:*

☐   Death certificate

**Exhibit 2**

**Form of Releases**

**NOTE: THIS RELEASE IS FOR USE BY CLAIMANTS WHERE ALL EXPOSURE TO DEBTOR(S)' ASBESTOS-CONTAINING PRODUCTS OCCURRED AND CEASED PRIOR TO DECEMBER 5, 1980**

**MALLINCKRODT ASBESTOS PERSONAL INJURY TRUST**

**RELEASE OF CLAIMS AND INDEMNITY AGREEMENT**

        NOTICE: THIS IS A BINDING DOCUMENT THAT AFFECTS YOUR LEGAL RIGHTS. PLEASE CONSULT YOUR ATTORNEY IN CONNECTION WITH EXECUTING THIS DOCUMENT. IF YOU DO NOT PRESENTLY HAVE AN ATTORNEY, YOU MAY WISH TO CONSIDER CONSULTING ONE.

| Claimant Name: | Claim Number: |
|---|---|
| Claimant SSN: | Law Firm (if represented by counsel): |

Liquidated Value of Claim: $ _____ (subject to the pro rata distribution described in paragraph 8 of this Release of Claims and Indemnity Agreement)

        WHEREAS, the undersigned, who is either the "**Injured Party**[1]," or the/an "**Official Representative**"[2] (either being referred to herein as the "**Claimant**"), has filed a claim (the "**Claim**") with the Mallinckrodt Asbestos Personal Injury Trust (the "**Trust**") pursuant to the Mallinckrodt Asbestos Personal Injury Trust Distribution Procedures (the "**TDP**") and such Claimant asserts an Asbestos Claim (all capitalized terms not defined herein shall have the respective meanings ascribed to them either in the TDP or in the confirmed *Fourth Amended Joint Plan of Reorganization of Mallinckrodt plc and Its Debtor Affiliates under Chapter 11 of the Bankruptcy Code*, Chapter 11 Case No. 20-12522 (JTD) (as may be amended, modified, or supplemented from time to time, the "**Plan**")) against a Debtor(s),[3] and such Claim asserts a personal injury related to asbestos exposure for which one of the Debtors is liable. All of the Injured Party's exposure for which the Debtor(s) is alleged to have liability occurred solely before December 5, 1980; and

        WHEREAS, to the extent a lawsuit was filed against the Debtor(s), the Claimant did not plead or intend to plead any allegations of exposure on or after December 5, 1980, to asbestos-containing products of or for which the Debtor(s) has liability and/or conduct that exposed the Injured Party to an asbestos-containing product, for which the Debtor(s) otherwise has legal responsibility; and

        WHEREAS, the Claimant has agreed to settle and compromise the Claim, for and in consideration of the allowance of the Claim by the Trust and its payment pursuant to the TDP in accordance with the terms set forth therein and herein;

        NOW, THEREFORE, the Claimant hereby agrees as follows:

1.    On behalf of the Injured Party, the Injured Party's estate, the Injured Party's heirs and/or any other person or entity claiming rights through the Injured Party, now and in the future, the Claimant hereby unconditionally, fully and finally RELEASES, ACQUITS and FOREVER DISCHARGES the Trust, the Trust Advisory Committee, and their respective trustees, agents, consultants, financial advisors, servants, employees, attorneys, heirs, executors, and the Released Parties[4] (collectively the "Releasees") from any liability in respect of an Asbestos Claim or Asbestos Late Claim (and any claims related thereto), except as expressly provided in paragraph 4 herein. The release provided by this paragraph does not in any

---

[1]    "**Injured Party**" shall mean the person who claims to have sustained injury or harm from the presence of or exposure to the products or operations of one or more of the Debtors or any predecessor of one or more of the Debtors (or any Entity for whose products or operations the Debtors have or allegedly have legal responsibility).

[2] The "**Official Representative**" is the/a person under applicable state law or legal documentation with the authority to represent the Injured Party, the Injured Party's estate or the Injured Party's heirs.

[3] "**Debtors**" means Mallinckrodt plc, Acthar IP Unlimited Company, IMC Exploration Company, INO Therapeutics LLC, Infacare Pharmaceutical Corporation, Ludlow LLC, MAK LLC, MCCH LLC, MEH, Inc., MHP Finance LLC, MKG Medical UK Ltd, MNK 2011 LLC, MUSHI UK Holdings Limited, Mallinckrodt APAP LLC, Mallinckrodt ARD Finance LLC, Mallinckrodt ARD Holdings Inc., Mallinckrodt ARD Holdings Limited, Mallinckrodt ARD IP Unlimited Company, Mallinckrodt ARD LLC, Mallinckrodt Brand Pharmaceuticals LLC, Mallinckrodt Buckingham Unlimited Company, Mallinckrodt CB LLC, Mallinckrodt Canada ULC, Mallinckrodt Critical Care Finance LLC, Mallinckrodt Enterprises Holdings, Inc., Mallinckrodt Enterprises LLC, Mallinckrodt Enterprises UK Limited, Mallinckrodt Equinox Finance LLC, Mallinckrodt Group S.à.r.l., Mallinckrodt Holdings GmbH, Mallinckrodt Hospital Products IP Unlimited Company, Mallinckrodt Hospital Products Inc., Mallinckrodt IP Unlimited Company, Mallinckrodt International Finance SA, Mallinckrodt International Holdings S.à.r.l., Mallinckrodt LLC, Mallinckrodt Lux IP S.à.r.l., Mallinckrodt Manufacturing LLC, Mallinckrodt Pharma IP Trading Unlimited Company, Mallinckrodt Pharmaceuticals Ireland Limited, Mallinckrodt Pharmaceuticals Limited, Mallinckrodt Quincy S.à.r.l., Mallinckrodt UK Finance LLP, Mallinckrodt UK Ltd, Mallinckrodt US Holdings LLC, Mallinckrodt US Pool LLC, Mallinckrodt Veterinary, Inc., Mallinckrodt Windsor S.à.r.l., Mallinckrodt Windsor Ireland Finance Unlimited Company, Ocera Therapeutics, Inc., Petten Holdings Inc., SpecGx Holdings LLC, SpecGx LLC, ST Operations LLC, ST Shared Services LLC, ST US Holdings LLC, ST US Pool LLC, Stratatech Corporation, Sucampo Holdings Inc., Sucampo Pharma Americas LLC, Sucampo Pharmaceuticals, Inc., Therakos, Inc., Vtesse LLC, and WebsterGx Holdco LLC.

[4] The Released Parties are identified in the Plan.

**NOTE: THIS RELEASE IS FOR USE BY CLAIMANTS WHERE ALL EXPOSURE TO DEBTOR(S)' ASBESTOS-CONTAINING PRODUCTS OCCURRED AND CEASED PRIOR TO DECEMBER 5, 1980**

way alter, limit, supersede, or abrogate the releases provided by certain Holders of Asbestos Claims in favor of the Released Parties under Article IX.C of the Plan.

2.    The Claimant expressly covenants and agrees forever to refrain from bringing any suit or proceeding at law or in equity, against the Releasees with respect to any Asbestos Claim or Asbestos Late Claim released herein.

3.    Except as expressly provided herein, the Claimant intends this Release and Indemnity Agreement to be as broad and comprehensive as possible so that the Releasees shall never be liable, directly or indirectly, to the Injured Party or the Injured Party's heirs, legal representatives, successors or assigns, or any other person or entity claiming by, through, under or on behalf of the Injured Party, for or on account of any Asbestos Claim or Asbestos Late Claim, whether the same is now known or unknown or may now be latent or may in the future appear to develop, including all spousal claims for the Injured Party's injuries. The Claimant expressly warrants and represents that the Claimant has not assigned, conveyed, hypothecated, pledged, or otherwise transferred the Asbestos Claim.  If the Claimant is an Official Representative, the Claimant represents and warrants that the Claimant has all requisite legal authority to act for, bind, release claims of and accept payment on behalf of the Injured Party and all heirs of the Injured Party on account of any Asbestos Claim or Asbestos Late Claim against the Releasees and hereby agrees to indemnify and hold harmless to the extent of payment hereunder, but excluding attorney's fees and costs, the Releasees from any loss, cost, damage or expense arising out of or in connection with the rightful claim of any other Entity to payments with respect to the Injured Party's Asbestos Claim or Asbestos Late Claim.

4.    This Release and Indemnity Agreement is not intended to bar any cause of action, right, lien or claim which the Claimant may have against any alleged tortfeasor or other person or entity not included in the definition of Releasees. The Claimant hereby expressly reserves all his or her rights against such persons or entities. This Release and Indemnity Agreement is not intended to release or discharge any Asbestos Claim or potential Asbestos Claim that the Injured Party's heirs (if any), spouse (if any), the Official Representative (if any) or the Official Representative's heirs (if any) (other than the Injured Party) may have as a result of their own exposure to asbestos or asbestos-containing products.

5.    The Claimant represents and warrants that all valid liens and reimbursement claims relating to benefits paid to or on account of the Injured Party in connection with, or relating to, the Asbestos Claim, have been resolved or will be resolved from the proceeds of the settlement payment to the Claimant under this Release or otherwise. It is further agreed and understood that no Releasee shall have any liability to the Claimant or any other person or entity in connection with such liens or reimbursement claims and that the Claimant will indemnify and hold the Releasees harmless from any and all such alleged liability to the extent of payment hereunder, excluding attorney's fees and costs. In addition, the Claimant will indemnify and hold the Releasees harmless, to the extent of payment hereunder, including attorney's fees and costs, from any and all liability arising from subrogation, indemnity or contribution claims related to any Asbestos Claim or Asbestos Late Claim released herein.

6.    The Claimant expressly warrants and represents that, if it is not a natural person, it is in good standing in its place of domicile; that the execution of this Release is fully authorized by it; that the person or persons executing this Release have the necessary and appropriate authority to do so; and that there are no pending agreements, transactions or negotiations to which it is a party that would render this Release or any part thereof void, voidable or unenforceable.

**7.**    It is further agreed and understood that if the Claimant has filed a civil action against a Debtor or the Trust, the Claimant shall dismiss such civil action and obtain the entry of an Order of Dismissal with Prejudice with respect to any Asbestos Claim released herein no later than 30 days after the date hereof.  It is further agreed and understood that this Release shall be conclusive evidence of the Claimant's consent to the dismissal of any such civil action.

**8.**    The Claimant understands that the Asbestos Claim released herein has been allowed by the Trust, and a liquidated value has been established for such Claim. The Claimant acknowledges that, pursuant to the TDP, the Trust will only be able to pay the Claimant a percentage, or pro rata distribution, of the liquidated value of such Asbestos Claim. The pro rata distribution applicable to the Asbestos Claim will be determined in the manner set forth in the TDP.

9.    In the event of a verdict against others, any judgment entered on the verdict that takes into account the status of the Trust as a joint tortfeasor legally responsible for the Injured Party's injuries shall be reduced to the extent of the pro-rata share recoverable by law from the Released Parties herein, or to the extent of the amount paid for this Release by and/or on behalf of the Released Parties, whichever is greater.

10.    The Claimant understands, represents and warrants this Release and Indemnity Agreement to be a compromise of a disputed claim and not an admission of liability by, or on the part of, the Releasees. Neither this Release and Indemnity Agreement, the compromise and settlement evidenced hereby, nor any evidence relating thereto, will ever be admissible as evidence against the Trust in any suit, claim or proceeding of any nature except to enforce this Release and Indemnity Agreement. However, this Release and Indemnity Agreement is and may be asserted by the Releasees as an absolute and final bar to any claim or proceeding now pending or hereafter brought by or on behalf of the Injured Party with respect to the Asbestos Claim released herein, except as expressly provided herein.

11.    The Claimant (1) represents that no judgment debtor has satisfied, in full or in part, the Trust's liability with respect to the Injured Party's Asbestos Claim as the result of a judgment entered in the tort system and (2) upon information and belief, represents that the Claimant has not entered into a release (other than this Release and Indemnity Agreement) that discharges or releases the Trust's liability to the Claimant with respect to the Injured Party's Asbestos Claim.

12.    The Claimant represents that he or she understands that this Release and Indemnity Agreement constitutes a final and complete release of the Releasees with respect to the Injured Party's Asbestos Claim, except as expressly provided in paragraph 4 herein. The Claimant has relied solely upon his or her own knowledge and information, and the advice of his or her attorneys (if any), as to the nature, extent and duration of the Injured Party's injuries, damages, and legal rights, as well as the alleged liability of the Trust and the legal consequences of this Release and Indemnity Agreement, and not on any statement or representation made by or on behalf of the Trust.

**NOTE:  THIS RELEASE IS FOR USE BY CLAIMANTS WHERE ALL EXPOSURE TO DEBTOR(S)' ASBESTOS-CONTAINING PRODUCTS OCCURRED AND CEASED PRIOR TO DECEMBER 5, 1980**

13.  This Release and Indemnity Agreement contains the entire agreement between the Claimant and the Trust and supersedes all prior or contemporaneous, oral or written agreements or understandings relating to the subject matter hereof, including, without limitation, any prior agreements or understandings with respect to the liquidation of the Claim.

14.  This Release and Indemnity Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of Delaware, without giving effect to the principles of conflicts of law thereof and shall be binding on the Injured Party and his or her heirs, legal representatives, successors and assigns.  This Release and Indemnity Agreement shall inure to the benefit of any Releasee's successors or assigns.

15.  This Release may be executed in counterparts, including by means of facsimile or electronic signature, each of which shall be deemed an original and which together shall constitute but one and the same instrument.

16.  The Claimant agrees that it will not assert any Asbestos Claims against any Releasee or, unless compelled to testify by subpoena, voluntarily assist in any way in the prosecution by any other Entity of any Asbestos Claim or Asbestos Late Claim against any Releasee.

**17.  TO THE EXTENT APPLICABLE, THE CLAIMANT HEREBY WAIVES ALL RIGHTS UNDER SECTION 1542 OF THE CALIFORNIA CIVIL CODE, AND ANY SIMILAR LAWS OF ANY OTHER STATE. CALIFORNIA CIVIL CODE SECTION 1542 STATES:**

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

**THE CLAIMANT UNDERSTANDS AND ACKNOWLEDGES THAT BECAUSE OF THE CLAIMANT'S WAIVER OF SECTION 1542 OF THE CALIFORNIA CIVIL CODE, EVEN IF THE INJURED PARTY SHOULD EVENTUALLY SUFFER ADDITIONAL DAMAGES, THE INJURED PARTY WILL NOT BE ABLE TO MAKE ANY CLAIM AGAINST THE RELEASEES FOR THOSE DAMAGES, EXCEPT AS EXPRESSLY PROVIDED IN PARAGRAPH 4 HEREIN. THE CLAIMANT ACKNOWLEDGES THAT HE OR SHE INTENDS THESE CONSEQUENCES.**

18.  If the Claimant's counsel directed [insert name of claims processor] to transmit to the Trust any information from the [name of claims processor] for purposes of settling the Claim, the Claimant acknowledges that the Claimant consented to the disclosure, transfer and/or exchange of information related to the Claim (including medical information) between the Trust and [name of claims processor] in connection with its processing of the Claim.  The Claimant states that the Claimant has carefully read and understands the contents of this Release, that the Claimant has had the opportunity to consult with the Claimant's own counsel regarding the terms of this Release, and that this Release is entered into freely and voluntarily, and without coercion.

19.  The Claimant authorizes payment pursuant to Paragraph 8 to the Claimant or the Claimant's counsel, as trustee for the Claimant.

20.  THE CLAIMANT REPRESENTS AND WARRANTS THAT NO EXPOSURE FOR WHICH ONE OR MORE OF THE DEBTORS IS ALLEGED LIABLE BY THE CLAIMANT OCCURRED ON OR AFTER DECEMBER 5, 1980 AND MAKES NO CLAIM FOR SUCH EXPOSURE AFTER THIS DATE. THE CLAIMANT UNDERSTANDS THAT THE TRUST HAS RELIED ON THESE STATEMENTS TO CONCLUDE THAT NO REPORTING OR REIMBURSEMENT OBLIGATIONS EXIST UNDER THE MEANING OF THE MEDICARE SECONDARY PAYER ACT.

**NOTE: THIS RELEASE IS FOR USE BY CLAIMANTS WHERE ALL EXPOSURE TO DEBTOR(S)' ASBESTOS-CONTAINING PRODUCTS OCCURRED AND CEASED PRIOR TO DECEMBER 5, 1980**

<u>**Medicare Secondary Payer Certification**</u>

The Claimant hereby represents and certifies to the Trust that, in respect of the Claim, the Claimant has paid or will provide for the payment and/or resolution of any obligations owing or potentially owing under 42 U.S.C. § 1395y(b), or any related rules, regulations, or guidance, in connection with or relating to the Asbestos Claim.

**Certification**

I state that I have carefully read the foregoing Release and Indemnity Agreement and know the contents thereof, and I sign the same as my own free act. I additionally certify, under penalty of perjury, that the information that has been provided by my attorneys to support the Claim is true according to my knowledge, information and belief and further that I have the authority as the Claimant to sign this Release and Indemnity Agreement.

I am: _____ the Injured Party

_____ the Official Representative of the Injured Party, the Injured Party's Estate, or the Injured Party's Heirs

EXECUTED this _____ day of _____, 20_____.

_____
Signature of the Claimant

_____         _____
Name of the Claimant:                                                          SSN: <u>XXX-XX-1234</u>

Name of the Injured Party if different from the Claimant:_____

INJURED PARTY SSN: XXX-XX-1234: _____

*The Claimant's signature must be authenticated by the signatures of two persons unrelated to the Claimant who witnessed the signing of this Release and Indemnity Agreement or by a notary public.*

SWORN to and subscribed before me this _____ day of _____, 20___.

_____
Notary Public

_____
My Commission Expires

**-OR-**

Signatures of two persons unrelated to the Claimant by blood or marriage who witnessed the signing of this Release and Indemnity Agreement:

_____          _____
Witness Signature                                                  Witness Signature

_____          _____
Printed Name of Witness                                         Printed Name of Witness

**NOTE: THIS RELEASE IS FOR USE BY CLAIMANTS WHERE SOME OR ALL EXPOSURE TO DEBTOR(S)' ASBESTOS-CONTAINING PRODUCTS OCCURRED ON OR AFTER DECEMBER 5, 1980.**

## MALLINCKRODT ASBESTOS PERSONAL INJURY TRUST

### RELEASE OF CLAIMS AND INDEMNITY AGREEMENT

NOTICE: THIS IS A BINDING DOCUMENT THAT AFFECTS YOUR LEGAL RIGHTS. PLEASE CONSULT YOUR ATTORNEY IN CONNECTION WITH EXECUTING THIS DOCUMENT. IF YOU DO NOT PRESENTLY HAVE AN ATTORNEY, YOU MAY WISH TO CONSIDER CONSULTING ONE.

| Claimant Name: | Claim Number: |
|---|---|
| Claimant SSN: | Law Firm (if represented by counsel): |

Liquidated Value of Claim: $ _____ (subject to the pro rata distribution described in paragraph 8 of this Release of Claims and Indemnity Agreement)

WHEREAS, the undersigned, who is either the "**Injured Party**,[1]" or the/an "**Official Representative**"[2] (either being referred to herein as the "**Claimant**"), has filed a claim (the "**Claim**") with the Mallinckrodt Asbestos Personal Injury Trust (the "**Trust**") pursuant to the Mallinckrodt Asbestos Personal Injury Trust Distribution Procedures (the "**TDP**") and such Claimant asserts an Asbestos Claim (all capitalized terms not defined herein shall have the respective meanings ascribed to them either in the TDP or in the confirmed *Fourth Amended Joint Plan of Reorganization of Mallinckrodt plc and Its Debtor Affiliates under Chapter 11 of the Bankruptcy Code*, Chapter 11 Case No. 20-12522 (JTD) (as may be amended, modified, or supplemented from time to time, the "**Plan**")) against a Debtor(s),[3] and such Claim asserts a personal injury related to asbestos exposure for which one of the Debtors is liable; and

WHEREAS, the Claimant has agreed to settle and compromise the Claim, for and in consideration of the allowance of the Claim by the Trust and its payment pursuant to the TDP in accordance with the terms set forth therein and herein;

NOW, THEREFORE, the Claimant hereby agrees as follows:

1.    On behalf of the Injured Party, the Injured Party's estate, the Injured Party's heirs and/or any other person or entity claiming rights through the Injured Party, now and in the future, the Claimant hereby unconditionally fully and finally RELEASES, ACQUITS and FOREVER DISCHARGES the Trust, the Trust Advisory Committee, and their respective trustees, agents, consultants, financial advisors, servants, employees, attorneys, heirs, executors, and the Released Parties[4] (collectively, the "**Releasees**"), from any liability in respect of an Asbestos Claim or Asbestos Late Claim (and any claims related thereto), except as expressly provided in paragraph 4 herein. The release provided by this paragraph does not in any way alter, limit, supersede, or abrogate the releases provided by certain Holders of Asbestos Claims in favor of the Released Parties under Article IX.C of the Plan.

2.    The Claimant expressly covenants and agrees forever to refrain from bringing any suit or proceeding at law or in equity, against the Releasees with respect to any Asbestos Claim or Asbestos Late Claim released herein.

---

[1] "**Injured Party**" shall mean the person who claims to have sustained injury or harm from the presence of or exposure to the products or operations of one or more of the Debtors or any predecessor of one or more of the Debtors (or any Entity for whose products or operations the Debtors have or allegedly have legal responsibility).

[2] The "**Official Representative**" is the/a person under applicable state law or legal documentation with the authority to represent the Injured Party. There is not the/an Injured Party's estate or the Injured Party's heirs.

[3] "**Debtors**" means Mallinckrodt plc, Acthar IP Unlimited Company, IMC Exploration Company, INO Therapeutics LLC, Infacare Pharmaceutical Corporation, Ludlow LLC, MAK LLC, MCCH LLC, MEH, Inc., MHP Finance LLC, MKG Medical UK Ltd, MNK 2011 LLC, MUSHI UK Holdings Limited, Mallinckrodt APAP LLC, Mallinckrodt ARD Finance LLC, Mallinckrodt ARD Holdings Inc., Mallinckrodt ARD Holdings Limited, Mallinckrodt ARD IP Unlimited Company, Mallinckrodt ARD LLC, Mallinckrodt Brand Pharmaceuticals LLC, Mallinckrodt Buckingham Unlimited Company, Mallinckrodt CB LLC, Mallinckrodt Canada ULC, Mallinckrodt Critical Care Finance LLC, Mallinckrodt Enterprises Holdings, Inc., Mallinckrodt Enterprises LLC, Mallinckrodt Enterprises UK Limited, Mallinckrodt Equinox Finance LLC, Mallinckrodt Group S.à.r.l., Mallinckrodt Holdings GmbH, Mallinckrodt Hospital Products IP Unlimited Company, Mallinckrodt Hospital Products Inc., Mallinckrodt IP Unlimited Company, Mallinckrodt International Finance SA, Mallinckrodt International Holdings S.à.r.l., Mallinckrodt LLC, Mallinckrodt Lux IP S.à.r.l., Mallinckrodt Manufacturing LLC, Mallinckrodt Pharma IP Trading Unlimited Company, Mallinckrodt Pharmaceuticals Ireland Limited, Mallinckrodt Pharmaceuticals Limited, Mallinckrodt Quincy S.à.r.l., Mallinckrodt UK Finance LLP, Mallinckrodt UK Ltd, Mallinckrodt US Holdings LLC, Mallinckrodt US Pool LLC, Mallinckrodt Veterinary, Inc., Mallinckrodt Windsor S.à.r.l., Mallinckrodt Windsor Ireland Finance Unlimited Company, Ocera Therapeutics, Inc., Petten Holdings Inc., SpecGx Holdings LLC, SpecGx LLC, ST Operations LLC, ST Shared Services LLC, ST US Holdings LLC, ST US Pool LLC, Stratatech Corporation, Sucampo Holdings Inc., Sucampo Pharma Americas LLC, Sucampo Pharmaceuticals, Inc., Therakos, Inc., Vtesse LLC, and WebsterGx Holdco LLC.

[4] The Released Parties are identified in the Plan.

3.   Except as expressly provided herein, the Claimant intends this Release and Indemnity Agreement to be as broad and comprehensive as possible so that the Releasees shall never be liable, directly or indirectly, to the Injured Party or the Injured Party's heirs, legal representatives, successors or assigns, or any other person or entity claiming by, through, under or on behalf of the Injured Party, for or on account of any Asbestos Claim or Asbestos Late Claim, whether the same is now known or unknown or may now be latent or may in the future appear to develop, including all spousal claims for the Injured Party's injuries. The Claimant expressly warrants and represents that the Claimant has not assigned, conveyed, hypothecated, pledged or otherwise transferred the Asbestos Claim. If the Claimant is an Official Representative, the Claimant represents and warrants that the Claimant has all requisite legal authority to act for, bind, release claims of and accept payment on behalf of the Injured Party and all heirs of the Injured Party on account of any Asbestos Claim or Asbestos Late Claim against the Releasees and hereby agrees to indemnify and hold harmless to the extent of payment hereunder but excluding attorney's fees and costs, the Releasees from any loss, cost, damage or expense arising out of or in connection with the rightful claim of any other Entity to payments with respect to the Injured Party's Asbestos Claim or Asbestos Late Claim.

4.   This Release and Indemnity Agreement is not intended to bar any cause of action, right, lien or claim which the Claimant may have against any alleged tortfeasor or other person or entity not included in the definition of Releasees. The Claimant hereby expressly reserves all his or her rights against such persons or entities. This Release and Indemnity Agreement is not intended to release or discharge any Asbestos Claim or potential Asbestos Claim that the Injured Party's heirs (if any), spouse (if any), the Official Representative (if any) or the Official Representative's heirs (if any) (other than the Injured Party) may have as a result of their own exposure to asbestos or asbestos-containing products.

5.   The Claimant represents and warrants that all valid liens and reimbursement claims relating to benefits paid to or on account of the Injured Party in connection with, or relating to, the Asbestos Claim, have been resolved or will be resolved from the proceeds of the settlement payment to the Claimant under this Release or otherwise. It is further agreed and understood that no Releasee shall have any liability to the Claimant or any other person or entity in connection with such liens or reimbursement claims and that the Claimant will indemnify and hold the Releasees harmless from any and all such alleged liability to the extent of payment hereunder, excluding attorney's fees and costs. In addition, the Claimant will indemnify and hold the Releasees harmless, to the extent of payment hereunder, including attorney's fees and costs, from any and all liability arising from subrogation, indemnity or contribution claims related to any Asbestos Claim or Asbestos Late Claim released herein.

6.   The Claimant expressly warrants and represents that, if it is not a natural person, it is in good standing in its place of domicile; that the execution of this Release is fully authorized by it; that the person or persons executing this Release have the necessary and appropriate authority to do so; and that there are no pending agreements, transactions or negotiations to which it is a party that would render this Release or any part thereof void, voidable or unenforceable.

7.   It is further agreed and understood that if the Claimant has filed a civil action against a Debtor or the Trust, the Claimant shall dismiss such civil action and obtain the entry of an Order of Dismissal with Prejudice with respect to any Asbestos Claim released herein no later than 30 days after the date hereof.  It is further agreed and understood that this Release shall be conclusive evidence of the Claimant's consent to the dismissal of any such civil action.

8.   The Claimant understands that the Asbestos Claim released herein has been allowed by the Trust, and a liquidated value has been established for such Claim. The Claimant acknowledges that, pursuant to the TDP, the Trust will only be able to pay the Claimant a percentage, or pro rata distribution, of the liquidated value of such Asbestos Claim.  The pro rata distribution applicable to the Asbestos Claim will be determined in the manner set forth in the TDP.

9.   In the event of a verdict against others, any judgment entered on the verdict that takes into account the status of the Trust as a joint tortfeasor legally responsible for the Injured Party's injuries shall be reduced to the extent of the pro-rata share recoverable by law from the Released Parties herein, or to the extent of the amount paid for this Release by and/or on behalf of the Released Parties, whichever is greater.

10.  The Claimant understands, represents and warrants this Release and Indemnity Agreement to be a compromise of a disputed claim and not an admission of liability by, or on the part of, the Releasees. Neither this Release and Indemnity Agreement, the compromise and settlement evidenced hereby, nor any evidence relating thereto, will ever be admissible as evidence against the Trust in any suit, claim or proceeding of any nature except to enforce this Release and Indemnity Agreement. However, this Release and Indemnity Agreement is and may be asserted by the Releasees as an absolute and final bar to any claim or proceeding now pending or hereafter brought by or on behalf of the Injured Party with respect to the Asbestos Claim released herein, except as expressly provided herein.

11.  The Claimant (1) represents that no judgment debtor has satisfied, in full or in part, the Trust's liability with respect to the Injured Party's Asbestos Claim as the result of a judgment entered in the tort system and (2) upon information and belief, represents that the Claimant has not entered into a release (other than this Release and Indemnity Agreement) that discharges or releases the Trust's liability to the Claimant with respect to the Injured Party's Asbestos Claim.

12.  The Claimant represents that he or she understands that this Release and Indemnity Agreement constitutes a final and complete release of the Releasees with respect to the Injured Party's Asbestos Claim, except as expressly provided in paragraph 4 herein. The Claimant has relied solely upon his or her own knowledge and information, and the advice of his or her attorneys (if any), as to the nature, extent and duration of the Injured Party's injuries, damages, and legal rights, as well as the alleged liability of the Trust and the legal consequences of this Release and Indemnity Agreement, and not on any statement or representation made by or on behalf of the Trust.

13.  This Release and Indemnity Agreement contains the entire agreement between the Claimant and the Trust and supersedes all prior or contemporaneous, oral or written agreements or understandings relating to the subject matter hereof, including, without limitation, any prior agreements or understandings with respect to the liquidation of the Claim.

14.  This Release and Indemnity Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of Delaware, without giving effect to the principles of conflicts of law thereof and shall be binding on the Injured Party and his or her heirs, legal representatives, successors and assigns.  This Release and Indemnity Agreement shall inure to the benefit of any Releasee's successors or assigns.

15.  This Release may be executed in counterparts, including by means of facsimile or electronic signature, each of which shall be deemed an original and which together shall constitute but one and the same instrument.

16.  The Claimant agrees that it will not assert any Asbestos Claims against any Releasee or, unless compelled to testify by subpoena, voluntarily assist in any way in the prosecution by any other Entity of any Asbestos Claim or Asbestos Late Claim against any Releasee.

17.  TO THE EXTENT APPLICABLE, THE CLAIMANT HEREBY WAIVES ALL RIGHTS UNDER SECTION 1542 OF THE CALIFORNIA CIVIL CODE, AND ANY SIMILAR LAWS OF ANY OTHER STATE. CALIFORNIA CIVIL CODE SECTION 1542 STATES:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

THE CLAIMANT UNDERSTANDS AND ACKNOWLEDGES THAT BECAUSE OF THE CLAIMANT'S WAIVER OF SECTION 1542 OF THE CALIFORNIA CIVIL CODE, EVEN IF THE INJURED PARTY SHOULD EVENTUALLY SUFFER ADDITIONAL DAMAGES, THE INJURED PARTY WILL NOT BE ABLE TO MAKE ANY CLAIM AGAINST THE RELEASEES FOR THOSE DAMAGES, EXCEPT AS EXPRESSLY PROVIDED IN PARAGRAPH 4 HEREIN. THE CLAIMANT ACKNOWLEDGES THAT HE OR SHE INTENDS THESE CONSEQUENCES.

18.  If the Claimant's counsel directed [INSERT NAME OF CLAIMS PROCESSOR] to transmit to the Trust any information from the [NAME OF CLAIMS PROCESSOR] for purposes of settling the Claim, the Claimant acknowledges that the Claimant consented to the disclosure, transfer and/or exchange of information related to the Claim (including medical information) between the Trust and [NAME OF CLAIMS PROCESSOR] in connection with its processing of the Claim.  The Claimant states that the Claimant has carefully read and understands the contents of this Release, that the Claimant has had the opportunity to consult with the Claimant's own counsel regarding the terms of this Release, and that this Release is entered into freely and voluntarily, and without coercion.

19.  The Claimant authorizes payment pursuant to Paragraph 8 to the Claimant or the Claimant's counsel, as trustee for the Claimant.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

**<u>Medicare Secondary Payer Certification</u>**

The Claimant hereby represents and certifies to the Trust that, in respect of the Claim, the Claimant has paid or will provide for the payment and/or resolution of any obligations owing or potentially owing under 42 U.S.C. § 1395y(b), or any related rules, regulations, or guidance, in connection with or relating to the Asbestos Claim.

**Certification**

I state that I have carefully read the foregoing Release and Indemnity Agreement and know the contents thereof, and I sign the same as my own free act. I additionally certify, under penalty of perjury, that the information that has been provided by my attorneys to support the Claim is true according to my knowledge, information and belief and further that I have the authority as the Claimant to sign this Release and Indemnity Agreement.

I am: _____ the Injured Party

     _____ the Official Representative of the Injured Party, the Injured Party's Estate, or the Injured Party's Heirs

EXECUTED this _____ day of _____, 20_____.

_____
Signature of the Claimant

_____    _____
Name of the Claimant:                             SSN: <u>XXX-XX-1234</u>

Name of the Injured Party if different from the Claimant:_____

INJURED PARTY SSN: XXX-XX-1234: _____

*The Claimant's signature must be authenticated by the signatures of two persons unrelated to the Claimant who witnessed the signing of this Release and Indemnity Agreement or by a notary public.*

SWORN to and subscribed before me this _____ day of _____, 20____.

_____
Notary Public

_____
My Commission Expires

**-OR-**

Signatures of two persons unrelated to the Claimant by blood or marriage who witnessed the signing of this Release and Indemnity Agreement:

_____     _____
Witness Signature                                    Witness Signature

_____     _____
Printed Name of Witness                             Printed Name of Witness