IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MALLINCKRODT PLC, *et al.*,[1]<br><br>    Reorganized Debtors. | Chapter 11<br><br>Case No. 20-12522 (JTD)<br><br>(Jointly Administered) |
| Heather L. Barlow as Trustee of the MALLINCKRODT GENERAL UNSECURED CLAIMS TRUST,<br><br>    Plaintiff,<br>   v.<br><br>STRATACOM INC.,<br><br>    Defendant. | Adv. Proc. No. 22-_____ (JTD) |

**COMPLAINT FOR AVOIDANCE AND RECOVERY
OF PREFERENTIAL TRANSFERS AND OBJECTION TO CLAIMS**

The Mallinckrodt General Unsecured Claims Trust, through its trustee Heather L. Barlow ("Plaintiff" or the "Mallinckrodt GUC Trust"), the successor in interest to Mallinckrodt PLC (the "Debtor" or "Mallinckrodt"), files this *Complaint For Avoidance And Recovery Of Preferential Transfers and Objection to Claims* (the "Complaint") against Stratacom Inc. (the "Defendant") and alleges as follows:

**NATURE OF THE ACTION**

1.  Plaintiff brings this action against the Defendant pursuant to sections 547 and 550 of title 11 of the United States Code (the "Bankruptcy Code"), to avoid and recover

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.primeclerk.com/Mallinckrodt. The Debtors' mailing address is 675 McDonnell Boulevard, Hazelwood, MO 63042.

certain preferential transfers that occurred prior to commencement of the Debtor's bankruptcy case.

2. Plaintiff also seeks to disallow, pursuant to sections 502(d) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtor or that has been scheduled for Defendant ("Defendant's Claims"). Plaintiff does not waive and hereby reserves all of its rights to object to any such claim(s) for any reason, including, but not limited to, any reason set forth in section 502 of the Bankruptcy Code.

## THE PARTIES

3. Plaintiff Mallinckrodt GUC Trust was established pursuant to the Debtor's *Second Amended Chapter 11 Plan of Liquidation*. Heather Barlow, solely in her capacity as the General Unsecured Claims Trustee of the Mallinckrodt GUC General Unsecured Claims Trust (the "Trustee") is the duly appointed trustee of the Mallinckrodt GUC Trust, which is authorized to pursue and prosecute avoidance actions on behalf of the Debtor's estate.

4. Debtor is a New York cooperative corporation that formerly operated as a distributor of pharmaceutical drugs to independent pharmacies, including its shareholding members. Mallinckrodt was licensed to distribute controlled substances as defined under the Controlled Substances Act, as amended, 21 U.S.C. §§ 801 *et seq.*, and related regulations, 21 C.F.R. §§1301 *et seq.* At all relevant times, Mallinckrodt's principal place of business was located at 675 McDonnell Boulevard, Hazelwood, Missouri 63042.

5. Upon information and belief, Defendant is a North Dakota corporation that provided IT support services to the Debtors.

## JURISDICTION AND VENUE

6. This Court (the "Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b) and the *Amended Standing Order of Reference* dated February 29, 2012 because this is a civil proceeding arising in or related to a case under

Title 11 of the United States Code and Federal Rule of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") 7001.

7. This adversary proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

8. Plaintiff confirms its consent, pursuant to Bankruptcy Rule 7008 and Rule 7008-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Local Rules</u>"), to the entry of a final order by the Court in connection with this Complaint to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

9. Venue of the Debtor's chapter 11 case and this adversary proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BASIS FOR RELIEF REQUESTED

10. This adversary proceeding is initiated pursuant to Bankruptcy Rules 3007, 7001(1) and sections 502, 547 and 550 of the Bankruptcy Code.

## PROCEDURAL BACKGROUND

11. On October 12, 2020 (the "<u>Petition Date</u>"), the Debtors each filed voluntary petitions under chapter 11 of the Bankruptcy Code.

12. Defendant filed a proof of claim on February 3, 2021 against Debtor ST Shared Services LLC in the amount of $3,000.00 designated Claim Number 1626 by Prime Clerk LLC, the claims and noticing agent in the above-referenced Bankrucptcy Case (the "<u>Claim</u>").

13. The Trust was created by the Fourth Amended Joint Plan of Reorganization (with Technical Modifications) of Mallinckrodt plc and its Debtor Affiliates under Chapter 11 of the Bankruptcy Code [D.I. 6066] (as further modified, the "Plan") [D.I. 6347, modified at 6378], which confirmed on February 3, 2022.

14. The Effective Date of the Mallinckrodt Plan occurred on June 16, 2022. Simultaneously therewith, the Trust was formed and the Trustee was appointed.

15. As of the Effective Date and pursuant to the Confirmation Order, the Mallinckrodt Plan and that certain Liquidating Trust Agreement and Declaration of Trust (the "Trust Agreement"): (i) Mallinckrodt's Assets were transferred to the Mallinckrodt GUC Trust, which was empowered, among other things, to collect and administer Mallinckrodt's Assets (including Causes of Action) and resolve Claims against Mallinckrodt and its estate and (ii) Heather L. Barlow was appointed to act as Trustee.[2]

16. This Cause of Action is an Asset of the Mallinckrodt GUC Trust.

## FACTUAL BACKGROUND

17. During the ninety (90) days before and including the Petition Date, that is between July 14, 2020 and October 12, 2020 (the "Preference Period"), the Debtor continued to operate its business, including the transfer of money, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits, or otherwise, to various entities.

18. During the course of their relationship, Defendant and the Debtor entered into transactions by which the Debtor contracted and agreed to pay for goods or services from the Defendant (the "Services"), as evidenced by one or more contracts, purchase orders, invoices, communications, and other documents (the "Agreements").

19. During the Preference Period, the Debtor made payments to or for the benefit of the Defendant, including those identified on Exhibit A (collectively, the "Transfers"). Each Transfer was related to an invoice (the "Invoices") pursuant to which the Defendant billed the Debtor for the Services it had previously delivered to the Debtor for which the Debtor had an

---

[2] Each capitalized term in this paragraph has the definition ascribed to it in the Mallinckrodt Plan of Liquidation.

obligation to pay. Exhibit A sets forth the details of each of the Transfers and the Invoices, including the payment clear date, payment amount, invoice number, invoice date and invoice amount.

20. As is evidenced by Exhibit A, each Transfer was made on account of an antecedent debt owing by the Debtor to the Defendant.

21. The aggregate amount of the Transfers is not less than $220,312.50.

22. As evidenced by Mallinckrodt's schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date and the records of the Mallinckrodt GUC Trust, each Transfer was made while the Debtor was insolvent, and the Debtor's liabilities exceed its assets such that the Debtor's general unsecured creditors will not receive payment of their claims in full from the Debtor's bankruptcy estate.

23. Plaintiff is seeking to avoid all of the Transfers made by the Debtor to Defendant within the Preference Period.

24. In connection with the Trustee's due diligence, on or about August 22, 2022, Plaintiff, through counsel, sent a demand letter ("Demand Letter") to Defendant, seeking a return of the Transfers. The Demand Letter indicated that the Transfers may be subject to certain defenses and invited the Defendant to engage in discussions aimed toward resolving the claims arising from the Transfers without the time and expense of litigation. The Demand Letter further asked that the Defendant respond no later than September 6, 2022. Defendant subsequently provided counsel to Plaintiff with information and/or documentation related to asserted defenses.

25. By a review of the Debtor's records and the information and/or documentation provided by the Defendant, Plaintiff performed its own due diligence evaluation

of the known (if any) and reasonably knowable affirmative defenses available to Defendant, including under section 547(c)(2) (ordinary course of business) and section 547(c)(4) (subsequent new value), assessing the data available with respect to the elements of each of the above-referenced defenses.  Based upon this review, Plaintiff has determined that the claims to avoid the Transfers herein are viable and presented in good faith.  The Trustee has determined that, based on current information and belief, none of the Transfers are excepted from avoidance as preferential transfers.

26. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period or that may be avoidable under other provisions of the Bankruptcy Code.  It is Plaintiff's intention to avoid and recover all avoidable transfers of property made by the Debtor, as well as interests of the Debtor in property, to or for the benefit of Defendant or any other transferee.  Plaintiff reserves the right to amend this original Complaint to include the following: (a) further information regarding the Transfer(s); (b) additional transfers; (c) modifications of and/or revision to Defendant's name; (d) additional defendants; and/or (e) additional causes of action, if applicable (collectively, the "<u>Amendments</u>"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

### FIRST CLAIM FOR RELIEF

**(Avoidance of Preferential Transfers—11 U.S.C. § 547)**

27. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

28. During the Preference Period, the Debtor made each Transfer to or for the benefit of Defendant in an aggregate amount not less than the amount set forth on Exhibit A hereto.

29. Each Transfer was made from the Debtor, and constituted transfers of an interest in property of the Debtor.

30. Defendant was a creditor of the Debtor at the time of each Transfer by virtue of supplying Services to the Debtor for which the Debtor was obligated to pay in accordance with the Agreements.

31. Each Transfer was to or for the benefit of a creditor within the meaning of section 547(b)(1) of the Bankruptcy Code because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor to Defendant.

32. As is evidenced by Exhibit A, each Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtor to Defendant before such Transfer was made, as asserted by Defendant and memorialized in the underlying transaction documents, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by the Debtor.

33. Each Transfer was made while the Debtor was insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

34. As a result of each Transfer, Defendant received more than Defendant would have received if: (a) the Debtor's chapter 11 case was a case under chapter 7 of the Bankruptcy Code; (b) the Transfers had not been made; and (c) the Defendant received distributions on account of its debts under the provisions of the Bankruptcy Code.

35. In accordance with the foregoing, each Transfer is avoidable pursuant to section 547(b) of the Bankruptcy Code.

36. As of the date hereof, the Defendant has not returned any of the Transfers to the Plaintiff.

37. The Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that the Transfers are avoided.

## SECOND CLAIM FOR RELIEF

**(Recovery of Property -- 11 U.S.C. § 550)**

38. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

39. As alleged above, Plaintiff is entitled to avoid the Transfers under 11 U.S.C. § 547.

40. Defendant is the initial, immediate, or mediate transferee of the Transfers.

41. Accordingly, pursuant to section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover from Defendant the Transfers, plus interest thereon to the date of payment and the costs of this action.

## THIRD CLAIM FOR RELIEF

**(Objection to Defendant's Claims--Disallowance Under 11 U.S.C. § 502(d) & (j))**

42. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

43. Defendant is a transferee of transfers avoidable under sections 547 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

44. Defendant has not paid the amount of the Avoidable Transfer(s), or turned over such property, for which Defendant is liable under section 550 of the Bankruptcy Code.

45. Pursuant to section 502(d) of the Bankruptcy Code, any and all Claims of Defendant and/or its assignee against Plaintiff or the Debtor, whether such Claim was filed by the Defendant or scheduled by the Debtor (including but not limited to the Claim) must be

disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Transfers, plus interest thereon and costs

46. Pursuant to section 502(j) of the Bankruptcy Code, any and all Claims of Defendant, and/or its assignee, against the Debtors previously allowed by the Debtor (if any) or by Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Transfer(s).

47. The Plaintiff reserves all rights to further object to Defendant's Claims on any and all additional grounds.

**WHEREFORE**, Plaintiff prays for judgment as follows:

a. On Plaintiff's First and Second Claims for Relief, judgment in favor of Plaintiff and against Defendant avoiding all of the Transfers and directing Defendant to return to Plaintiff the amount of the Transfers, pursuant to sections 547(b) and 550(a) of the Bankruptcy Code, plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

b. On Plaintiff's Third Claim for Relief, judgment in favor of Plaintiff and against Defendant on any and all Claims of Defendant and/or its assignee against Plaintiff or the Debtor, whether such Claim was filed by the Defendant or scheduled by the Debtor (including but not limited to the Claim), until Defendant returns the Transfers to Plaintiff pursuant to section 502(d) and (j) of the Bankruptcy Code; and

    c.  For such other and further relief as the Court may deem just and proper.

Date: October 4, 2022         PACHULSKI STANG ZIEHL & JONES LLP

                    */s/ James E. O'Neill*
                    Laura Davis Jones (Bar No. 2436)
                    James E. O'Neill (Bar No. 4042)
                    Jason S. Pomerantz (admitted *pro hac vice*)
                    919 North Market Street, 17th Floor
                    P.O. Box 8705
                    Wilmington, DE  19899-8705 (Courier 19801)
                    Email:  ljones@pszjlaw.com
                         joneill@pszjlaw.com
                         jspomerantz@pszjlaw.com

                    *Counsel to Plaintiff Mallinckrodt General Unsecured Claims Trust*