**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In Re:<br><br>MALLINCKRODT PLC, *et al.*,[1]<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No.: 20-12522 (JTD)<br>(Jointly Administered) |

**OBJECTION OF THE MALLINCKRODT GENERAL UNSECURED CLAIMS TRUST
TO PROOF OF CLAIM NO. 1321 FILED BY FIRST OBJECT INC.,
PURSUANT TO 11 U.S.C. § 502(d)**

The Mallinckrodt General Unsecured Claims Trust, through its trustee, Heather L. Barlow, the successor in interest to Mallinckrodt PLC (the "Mallinckrodt GUC Trust"), created by the Fourth Amended Joint Plan of Reorganization (with Technical Modifications) (the "Mallinckrodt Plan") of Mallinckrodt PLC and its Debtor Affiliates under Chapter 11 of the Bankruptcy Code [D.I. 6066] (as further modified, the "Plan") [D.I. 6347, modified at 6378], which confirmed on February 3, 2022, by order of this Court (the "Confirmation Order"), by and through its counsel, Obermayer Rebmann Maxwell & Hippel LLP, hereby objects to proof of Claim No. 1321 filed by Fist Object Inc. pursuant to Section 502(d) of the Bankruptcy Code (the "Objection"), seeking entry of an order, substantially in the form attached hereto as **Exhibit "A"** (the "Proposed Order"), (i) disallowing and expunging Claim No. 1321 asserted by First Object Inc. ("First Object"), against Debtor, Mallinckrodt LLC (the "Debtor") and (ii) directing Kroll Restructuring Administration (the "Claims Agent") to reflect the foregoing modification on the official register maintained by the Claims Agent (the "Claims Register"). In support of this Objection, the Mallinckrodt GUC Trust

---

[1] A complete list of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at http://restructuring.ra.kroll.com/Mallinckrodt. The Reorganized Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

4872-6473-1727 v1

relies on the record of these Chapter 11 Cases, the *Request for Judicial Notice in Support of The Mallinckrodt General Unsecured Claims Trust's Objection to Proof of Claim No. 1321 Filed by First Object Inc.* filed concurrently herewith (the "RJN"), and the declaration of Heather L. Barlow (the "Barlow Declaration"), a copy of which is attached hereto as **Exhibit "B,"** and in support thereof, the Mallinckrodt GUC Trust respectfully represents as follows:

I.     **JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §1334 and 157, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A) and (O).

2. Pursuant to Local Rule 9013-1(f), the Mallinckrodt GUC Trust consents to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 502, 547, 550 of title 11 of the United States Code (the "Bankruptcy Code"), Fed. R. Bankr. P. 3001, 3003, 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and 9014 and Local Rules 3007-2 and 9013-1.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and/or 1409.

II.    **BACKGROUND**

5. On October 12, 2020 (the "Petition Date"), the debtors who make up Mallinckrodt PLC each filed voluntary petitions under chapter 11 of the Bankruptcy Code (the "Debtors" or "Debtor Affiliates").

6. On January 21, 2021, First Object filed a proof of claim against the Debtor, in the amount of $25,349.68, designated Claim No. 1321 by the Claims Agent (the "Claim"). A copy of the Claim is attached as **Exhibit "A"** to the RJN.

7. The Effective Date of the Mallinckrodt Plan occurred June 16, 2022 (the "Effective Date").

8. Simultaneously therewith, the Mallinckrodt GUC Trust was formed.

9. As of the Effective Date and pursuant to the Confirmation Order, the Mallinckrodt Plan and that certain Liquidating Trust Agreement and Declaration of Trust (the "Trust Agreement"): (i) Mallinckrodt PLC's Assets were transferred to the Mallinckrodt GUC Trust, which was empowered, among other things, to collect and administer Mallinckrodt PLC's Assets (including Causes of Action) and resolve claims against Mallinckrodt PLC and its estate and (ii) Heather L. Barlow was appointed to act as trustee.

10. During the ninety (90) days before and including the Petition Date, that is, between July 14, 2020, and October 12, 2020 (the "Preference Period"), the Debtor continued to operate its business, including the transfer of money, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits, or otherwise, to various entities.

11. In connection with the Mallinckrodt GUC Trust's due diligence, on or about October 10, 2022, the Mallinckrodt GUC Trust filed an adversary action against First Object seeking to avoid payments the Debtor made during the Preference Period to or for the benefit of First Object totaling $94,160.00 (collectively, the "Transfers") pursuant to Sections 502, 547, and 550 of the Bankruptcy Code (the "Adversary Action"). A copy of the Complaint filed in the Adversary Action is attached as **Exhibit "B"** to the RJN. A copy of the docket in the Adversary Action is attached as **Exhibit "C"** to the RJN.

12. First Object failed to respond to the complaint filed in the Adversary Action, and on or about November 23, 2022, the Mallinckrodt GUC Trust requested default and default judgment be entered against First Object.

13. On or about November 28, 2022, default was entered.

14. Subsequently on or about November 29, 2022, default judgment was entered in favor of the Mallinckrodt GUC Trust and against First Object in the amount of $94,160.00 plus court filing costs in the amount of $350.00 (the "<u>Judgment</u>"). A copy of the Judgment is attached as **<u>Exhibit "D"</u>** to the RJN.

15. Despite the entry of the Judgment, First Object has not returned the avoided Transfers in the amount of $94,160.00.

16. The Mallinckrodt GUC Trust has reached out to First Object to request and negotiate satisfaction of the Judgment and/or have the Transfers returned; however, First Object has failed to cooperate with any such requests. A copy of communications with First Object are attached as **<u>Exhibit "E"</u>** to the RJN.

17. The Judgment is an asset of the Mallinckrodt GUC Trust.

18. The Mallinckrodt GUC Trust now moves to have the Claim disallowed pursuant to Section 502(d) due to First Object's failure to return the Transfers avoided pursuant to Sections 547 and 550 of the Bankruptcy Code.

### III.  RELIEF REQUESTED

19. By this Objection, the Mallinckrodt GUC Trust requests entry of the Proposed Order (i) disallowing and expunging the Claim in its entirety and (ii) directing the Claims Agent to reflect the foregoing modification on the Claims Register.

## IV.  BASIS FOR OBJECTION

20. Pursuant to Section 502(d), the claim of any entity that received an avoidable or recoverable transfer shall be disallowed upon objection:

> **Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.**

11 U.S.C. §502(d).

21. Disallowance pursuant to Section 502(d) is an affirmative defense to a creditor's claim and may be utilized without bringing a separate adversary proceeding. 4 COLLIER ON BANKRUPTCY ¶ 502.05 (16th ed. 2021); In re Giroux, 2018 WL 6737451 at *3 (Bankr. D. Alaska Dec. 17, 2018).

22. Section 502(d) disallowance does not require the transfer actually be avoided first, because "the wording of section 502(d) refers to transfers 'avoidable' under various sections and not to claims that have been avoided." 4 Collier on Bankruptcy P 502.05 (16th 2022); El Paso v. America West Airlines, Inc. (In re America West Airlines, Inc.), 217 F.3d 1161, 44 C.B.C.2d 485 (9th Cir. 2000); In re KF Dairies, Inc., 143 B.R. 734 (B.A.P. 9th Cir. 1992); In re Stoecker, 143 B.R. 118 (Bankr. N.D. Ill.); In re Mid Atlantic Fund, Inc., 14 C.B.C.2d 1435, 60 B.R. 604 (Bankr. S.D.N.Y. 1986).

23. Section 502(d) mandates disallowance even if a successful avoidance action would not provide an affirmative monetary recovery but would provide some other benefit to the estate. In re Larry's Marineland of Richmond, Inc., 166 B.R. 871 (Bankr. E.D. Ky. 1993).

24. The Purpose of Section 502(d) is to coerce transferees to return avoidable transfers. In re Davis, 889 F.2d 658, 661 (5th Cir. 1989), cert. denied, 495 U.S. 933, 110 S. Ct. 2175, 109 L. Ed. 2d 504 (1990).

25. Section 502(d) disallowance is total and mandatory in order to coerce transferees: "the court **shall disallow any claim of any entity**" that received an avoidable transfer. 11 U.S.C. §502(d) (emphasis added).

26. However, Section 502(d) disallowance is not necessarily permanent; the allowance of a claim may be reconsidered once the avoidable transfer is returned. In re Vivaro Corp., 541 B.R. 144 (Bankr. S.D.N.Y. 2015).

27. By obtaining the Judgment, the Mallinckrodt GUC Trust has conclusively established under Section 547 that; the Transfers are avoidable, and First Object is the transferee of an avoidable transfer.

28. By obtaining the Judgment, the Mallinckrodt GUC Trust has conclusively established under Section 550 that; the Transfers are property recoverable by the Mallinckrodt GUC Trust, and First Object is an entity from which property is recoverable.

29. Further, succeeding in the Adversary Action and obtaining the Judgment provided for an affirmative monetary recovery to the Mallinckrodt GUC Trust.

30. The Claim being disallowed will provide for additional affirmative monetary recovery and other benefits to the Mallinckrodt GUC Trust.

31. First Object has failed and continues to fail, to return the Transfers or make payment on the Judgment.

32. As First Object is the recipient of avoidable transfers, the Transfers, and has failed to return the Transfers or make payment on Judgment, the Claim must be disallowed pursuant to Section 502(d).

33. The Claim is not allowed to be offset against the Judgment.

34. The Mallinckrodt GUC Trust will still pursue collection on the Judgment even after the Claim is disallowed.

35. The disallowance of the Claim will offset monies for the Mallinckrodt GUC Trust's administrative costs and is to serve as a punitive measure more than it is a benefit for other Creditors. The benefit of other Creditors of the Mallinckrodt GUC Trust is an extra, positive result of the Claim being disallowed.

## V. RESERVATION OF RIGHTS

36. The Mallinckrodt GUC Trust reserves the right to amend, modify, and/or supplement this Objection if necessary, including, without limitation, to assert additional bases for disallowance of the Claim and to present additional evidence in support of disallowance. Nothing contained in this Objection or any actions taken by the Mallinckrodt GUC Trust pursuant to the relief requested herein is intended or should be construed as (i) an admission as to the validity of any claim, (ii) a waiver of the Mallinckrodt GUC Trust's rights to dispute any claim on any grounds, (iii) a promise or requirement to pay any claim, (iv) an implication or admission that any claim is of a type referenced or defined in this Objection, (v) an implication or admission that any contract or lease is executory or unexpired, as applicable, (vi) a waiver or limitation of any of the Mallinckrodt GUC Trust's rights under the Bankruptcy Code or applicable law, (vii) a request or authorization to assume or reject any agreement under Bankruptcy Code Section 365, (viii) a waiver of any party's rights to assert that

any other party is in breach or default of any agreement, or (ix) an implication or admission that any contract or lease is integrated with any other contract or lease.

## VI. NOTICE

37. The Mallinckrodt GUC Trust has provided notice of this Objection to: (i) the Office of the United States Trustee for the District of Delaware, (ii) First Object, (iii) the Mallinckrodt GUC Trust, and (iv) any person that, as of the filing of this Objection, has filed a specific request for notices and papers on and after the effective date of the Plan. In light of the nature of the relief requested herein, the Mallinckrodt GUC Trust submits that no other or further notice is necessary.

## VII. CONCLUSION

WHEREFORE, for the reasons set forth herein, the Mallinckrodt GUC Trust prays this Court enters an Order in the form attached hereto disallowing the Claim, and such other and further relief as this Court deems just.

Obermayer Rebmann Maxell & Hippel LLP

*/s/Leslie B. Spoltore*
Leslie B. Spoltore, Esq. (#3605)
123 S. Justison Street, Suite 100
Wilmington, DE 19801
302.274.3062
*Attorney for the Mallinckrodt General Unsecured Claims Trust*

Dated: February 23, 2023