# EXHIBIT "A"

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re:<br><br>MALLINCKRODT PLC, *et al.*,[1]<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No.: 20-12522 (JTD)<br>(Jointly Administered) |

### DECLARATION OF HEATHER L. BARLOW IN SUPPORT OF THE MALLINCKRODT GENERAL UNSECURED CLAIMS TRUST'S OBJECTION TO PROOF OF CLAIM NO. 1321, FILED BY FIRST OBJECT INC. PURSUANT TO 11 U.S.C. § 502(d)

I, Heather L. Barlow, pursuant to 28 U.S.C. § 1746, declare:

1.  I am the Trustee of the Mallinckrodt General Unsecured Claims Trust, the successor in interest to Mallinckrodt PLC (the "Mallinckrodt GUC Trust"), created by the Fourth Amended Joint Plan of Reorganization (with Technical Modifications) (the "Mallinckrodt Plan") of Mallinckrodt PLC and its Debtor Affiliates under Chapter 11 of the Bankruptcy Code [D.I. 6066] (as further modified, the "Plan") [D.I. 6347, modified at 6378], which confirmed on February 3, 2022, by order (the "Confirmation Order") of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2.  On October 12, 2020 (the "Petition Date"), the debtors who make up Mallinckrodt PLC each filed voluntary petitions under chapter 11 of the Bankruptcy Code (the "Debtors" or "Debtor Affiliates").

---

[1] A complete list of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at http://restructuring.ra.kroll.com/Mallinckrodt. The Reorganized Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

4872-6473-1727 v1

3. The Effective Date of the Mallinckrodt Plan occurred on June 16, 2022 (the "Effective Date").

4. Simultaneously therewith, the Mallinckrodt GUC Trust was formed.

5. As of the Effective Date, and pursuant to the Confirmation Order, the Mallinckrodt Plan and that certain Liquidating Trust Agreement and Declaration of Trust (the "Trust Agreement"): (i) Mallinckrodt PLC's Assets were transferred to the Mallinckrodt GUC Trust, which was empowered, among other things, to collect and administer Mallinckrodt PLC's Assets (including Causes of Action) and resolve claims against Mallinckrodt PLC and its estate and (ii) I was appointed to act as trustee.

6. In such capacity, I became familiar with the day-to-day operations and financial affairs of the Mallinckrodt GUC Trust and have evaluated, with the assistance of my professionals, the various claims file against the Debtors during the Bankruptcy Cases and which are now being asserted against the Mallinckrodt GUC Trust. I have been consistently involved in or am familiar with the Mallinckrodt GUC Trust activities and implementation of the Plan.

7. I submit this declaration in support of the Mallinckrodt GUC Trust's Objection (the "Objection")[2] to Proof of Claim No. 1321 filed by First Object Inc. ("First Object").

8. On January 21, 2021, First Object filed a proof of claim against the Debtor, in the amount of $25,349.68 designated Claim No. 1321 by the Claims Agent (the "Claim"). A copy of the Claim is attached as **Exhibit "A"** to the RJN.

9. In connection with the Mallinckrodt GUC Trust's due diligence, on or about October 10, 2022, the Mallinckrodt GUC Trust filed an adversary action against First Object seeking to avoid payments the Debtor made during the Preference Period to or for the benefit of

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

First Object totaling $94,160.00 (collectively, the "Transfers") pursuant to Sections 502, 547, and 550 of the Bankruptcy Code (the "Adversary Action"). A copy of the Complaint filed in the Adversary Action is attached as **Exhibit "B"** to the RJN. A copy of the docket in the Adversary Action is attached as **Exhibit "C"** to the RJN.

10. First Object failed to respond to the complaint filed in the Adversary Action and, subsequently, on or about November 29, 2022, default judgment was entered in favor of the Mallinckrodt GUC Trust and against First Object in the amount of $94,160.00 plus court filing costs in the amount of $350.00 (the "Judgment"). A copy of the Judgment is attached as **Exhibit "D"** to the RJN.

11. The Mallinckrodt GUC Trust has reached out to First Object to request and negotiate satisfaction of the Judgment and/or have the Transfers returned, however, First Object has failed to cooperate with any such requests. A copy of communications with First Object are attached as **Exhibit "E"** to the RJN.

12. By obtaining the Judgment, the Mallinckrodt GUC Trust has conclusively established that: the Transfers are avoidable, First Object is the transferee of an avoidable transfer, the Transfers are property recoverable by the Mallinckrodt GUC Trust, and First Object is both an entity from which property is recoverable.

13. Despite the entry of the Judgment and the Mallinckrodt GUC Trust's demands, First Object has not returned the avoided Transfers in the amount of $94,160.00.

14. To be clear, the Claim is not allowed to be offset against the Judgment.

15. The Mallinckrodt GUC Trust will still pursue collection on the Judgment even after the Claim is disallowed.

16. The disallowance of the Claim will offset monies for the Mallinckrodt GUC Trust's administrative costs and is to serve as a punitive measure more than it is a benefit for other Creditors. The benefit of other Creditors of the Mallinckrodt GUC Trust is an extra, positive result of the Claim being disallowed.

17. I declare under penalty of perjury that the foregoing information is true and correct to the best of my knowledge, information and belief.

/s/ Heather L. Barlow
HEATHER L. BARLOW
*Solely in her capacity as General Unsecured Claims Trustee and General Unsecured Claims Trustee of the Trust*
*Mallinckrodt General Unsecured Claims Trust*

Dated: February 23, 2023