# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re:<br><br>MALLINCKRODT PLC, *et al.*,[1]<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No.: 20-12522 (JTD)<br>(Jointly Administered) |

### ORDER SUSTAINING OBJECTION OF THE MALLINCKRODT GENERAL UNSECURED CLAIMS TRUST TO PROOF OF CLAIM NO. 1321, FILED BY FIRST OBJECT INC. PURSUANT TO 11 U.S.C. § 502(d)

Upon the objection (the "Objection")[2] filed by the Mallinckrodt GUC Trust, through its trustee, Heather L. Barlow, the successor in interest to Mallinckrodt PLC, created by the Mallinckrodt Plan of Mallinckrodt PLC and its Debtor Affiliates under Chapter 11 of the Bankruptcy Code [D.I. 6066] (as further modified, the "Plan") [D.I. 6347, modified at 6378], which confirmed on February 3, 2022, by Confirmation Order, by and through its counsel, Obermayer Rebmann Maxwell & Hippel LLP, seeking entry of an order, pursuant to Section 502(d) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-2, (i) disallowing and expunging Claim No. 1321 asserted by First Object Inc. ("First Object"), against the Debtor and (ii) directing the Claims Agent to reflect the foregoing modification on the Claims Register; and upon consideration of the Chapter 11 Cases, the RJN, and the Barlow Declaration; and t appearing that the Court has jurisdiction to consider the Objection in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United*

---

[1] A complete list of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at http://restructuring.ra.kroll.com/Mallinckrodt. The Reorganized Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

4872-6473-1727 v1

*States District Court for the District of Delaware* dated February 29, 2012; and it appearing that the Objection is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A) and (O), and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these Cases and of the Objection is proper pursuant to 28 U.S.C. §§1408 and 1409; and it appearing that due and adequate notice of the Objection has been given under the circumstances and that no other or further notice need be given; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, and DECREED THAT:**

1. The Objection is **SUSTAINED** as set forth herein.

2. The Claim is disallowed under Bankruptcy Code Section 502(d), because First Object received preference payments, the Transfers, under Bankruptcy Code Section 547, and those payments are avoidable under Section 550, and First Object has not repaid the amount of those avoidable payments, which amount totals not less than $94,160.00.

3. The Claim may be reinstated upon the filing of evidence demonstrating that First Object has repaid to the Mallinckrodt GUC Trust the amounts owed to the estate, totaling not less than $94,160.00, on account of the aforementioned avoidable transfers.

4. The Claims Agent is directed to modify the Claims Register to comport with the relief granted by this Order.

5. Nothing in this Order shall be deemed (i) an admission as to the validity of any claim, (ii) a waiver of the Mallinckrodt GUC Trust's rights to dispute any claim on any grounds, (iii) a promise or requirement to pay any claim, (iv) an implication or admission that any claim is of a type referenced or defined in the Objection, (v) an implication or admission that any contract or lease is executory or unexpired, as applicable, (vi) a waiver or limitation of any of the

Mallinckrodt GUC Trust's rights under the Bankruptcy Code or applicable law, (vii) a request or authorization to assume or reject any agreement under Bankruptcy Code Section 365, (viii) a waiver of any party's rights to assert that any other party is in breach or default of any agreement, or (ix) an implication or admission that any contract or lease is integrated with any other contract or lease.

6. Notwithstanding any applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, this Order shall be effective immediately upon its entry.

7. The Mallinckrodt GUC Trust is authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Objection.

8. This Court shall retain jurisdiction and power with respect to all matters arising from or related to the implementation or interpretation of this Order.