IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| MALLINCKRODT PLC, *et al.*, | : | Case No. 20-12522 (JTD) |
| Reorganized Debtors.¹ | : | (Jointly Administered) |
| | : | **Obj. Deadline: May 4, 2023 at 4:00 p.m. (ET)**<br>**Hearing Date: June 7, 2023 at 10:00 a.m. (ET)** |
| | : | Related D.I. 8671, 8762 |

### GENERAL UNSECURED CLAIMS TRUSTEE'S REPLY TO HAVILAND HUGHES' RESPONSE TO THIRD OMNIBUS OBJECTION TO CERTAIN NO LIABILITY/NO SUPPORTING DOCUMENTATION CLAIMS (NON-SUBSTANTIVE)

Heather L. Barlow, solely in her capacity as the Trustee (the "Trustee")² of the Mallinckrodt General Unsecured Claims Trust (the "General Unsecured Claims Trust") hereby replies to the *Response of Haviland Hughes to General Unsecured Trustee's Third Omnibus Objection to Certain No Liability/No Supporting Documentation Claims (Non-Substantive)* (the "Haviland Response") as follows:

1. By the Objection, the Trustee seeks entry of an order disallowing and expunging certain pre-petition claims for which no supporting documentation was filed, and for which the Debtors' schedules set forth no liability. Claim Nos. 5265 and 6204 filed by the Haviland Hughes

---

¹ A complete list of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at http://restructuring.ra.kroll.com/Mallinckrodt. The Reorganized Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

² Capitalized terms used herein without definition shall have the meanings ascribed to them in the General Unsecured Claims Trustee Agreement (the "Trust Agreement"), dated as of June 16, 2022, between the Trustee and the Reorganized Debtors [Docket No. 7684-7], the *Fourth Amended Joint Plan of Reorganization (With Technical Modifications) of Mallinckrodt plc and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* (the "Plan") [Docket No. 7670], and the *General Unsecured Claims Trustee's Third Omnibus Objection to Certain No Liability/No Supporting Documentation Claims (Non-Substantive)* (the "Objection") [Docket No. 8671].

firm (such claims, the "Haviland Fee Claims", and such firm, the "Haviland Firm" or the "Claimant"), attached hereto as Exhibits A and B, respectively, are bare claims stating solely that a $14 million pre-petition claim asserted against Mallinckrodt plc and Mallinckrodt ARD LLC are attributable to "Attorney's Fees in Acthar Litigation." See Exhibit A at 2, Exhibit B at 2.

2.     The Haviland Fee Claims offer nothing further. The Claimant attached no documentation to establish or support the validity or amount of the asserted claims, such as invoices supporting the alleged fees. In fact, each of the Haviland Fee Claims indicated, under penalty of perjury, that the Claimant did not have supporting documentation. *Id.* at 4.[3] Nor did the Haviland Fee Claims articulate any contractual or legal basis supporting the characterization of such fees as general unsecured obligations of the Reorganized Debtors arising prior to the October 12, 2020 petition date in these cases. The Haviland Fee Claims simply lack any support or information sufficient to establish a prima facie claim. *See, e.g., In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992); *In re Mallinckrodt Plc*, No. 20-12522-JTD, 2022 WL 3545583, at *1, *4 (D. Del. Aug. 18, 2022). Further, the underlying prepetition proofs of claim filed in the chapter 11 cases by or on behalf of clients of the Haviland Firm with respect to Acthar-related claims (to which the Haviland Fee Claims relate) each also claimed attorneys' fees and were themselves withdrawn pursuant to that certain Order Regarding Withdrawal of Claims [Doc. No. 6980], leaving the Haviland Firm no legal theory on which to base its claims.[4]

---

[3] The Haviland Response states that the Trustee has failed to object to the Haviland Firm's lodestar calculation. Haviland Response at 7. Neither the Haviland Fee Claims nor the Haviland Response attached any calculation and the Trustee has not seen it.

[4] There appear to be two remaining pre-petition claims filed by the Haviland Firm on behalf of a litigation claimant, claims number 5000 and 5991. Those claims similarly offer only "litigation" as a basis for the claims, with no documentary or other support, and the Trustee intends to object to those claims shortly. Because claims 5000 and 5991 were not made publicly available on the claims register the Trustee has not attached them here

3. The Bankruptcy Code does not, as the Haviland Response suggests, impose upon the Trustee the obligation of reaching out to a claimant in advance of filing an objection to an unsubstantiated, unsupported and meritless claim. Haviland Response at 1. The Claimant's attempt to shift responsibility would place an undue burden upon the Trustee, and would be an inefficient use of her limited time and resources. Objecting to the Haviland Fee Claims was the most expedient way for the Trustee to perform her duties to the Trust's beneficiaries, and the Trustee would have been remiss had she not acted upon her obligation to object to those claims.

4. The Claimant's rehashing the Claimant's alleged actions, including during the pendency of the Reorganized Debtors' chapter 11 cases, fails to inject life into the deficient Haviland Fee Claims.[5] *See* Haviland Response at 3-5, 9-11. *First*, the Haviland Response suggests that because the Trustee has no documentary evidence that the Reorganized Debtors *do not* owe the Haviland firm these fees, she has no basis to dispute the Haviland Fee Claims. *See id.* at 7, 11. That argument runs directly contrary to the Bankruptcy Code and jurisprudence, which imposes on the claimant – not the debtor or trustee – the burden of alleging facts sufficient to support its pre-petition claim. *See In re Allegheny Int'l Inc.*, 954 F.2d at 173.

5. *Second*, the Haviland Fee Claims, as described in the Response, focus almost exclusively on alleged post-petition activity. Thus the Claimant appears to be arguing that it conferred a substantial contribution on the Reorganized Debtors' estates *during* the chapter 11 cases.[6] In that instance, the Haviland Firm should have filed a motion seeking allowance of an administrative expense claim in accordance with Bankruptcy Code section 503(b)(3)(D), not

---

[5] The Trustee disputes the inflammatory statements set forth in the Haviland Response, which are baseless and do not merit the consideration of this Court. Because they are not relevant to the Objection, which squarely addresses the lack of legal sufficiency of the Haviland Fee Claims, the Trustee will not further address them.

[6] Much of the alleged post-petition activity described in the Haviland Response occurred after the date the Haviland Fee Claims were filed.

3

general unsecured ones, and in any event the deadline for filing administrative expense claims against the Reorganized Debtors' estates (other than Professional Fee Claims of Retained Professionals, as each was described in the Plan) was August 15, 2022. *See Notice of Occurrence of Effective Date of Fourth Amended Joint Plan of Reorganization (With Technical Modifications) of Mallinckrodt plc and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 7652], at 4.

6. The Haviland Firm worked with experienced bankruptcy co-counsel throughout these chapter 11 cases, yet did not seek allowance of administrative expense claims with respect to the activities described in the Haviland Response. The heading on the general unsecured proof of claim form used for the Haviland Fee Claims itself expressly states: "Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. §503." *See* Exhibit A at 1, Exhibit B at 1. And, Section 12 of the claim form for each of the Haviland Fee Claims expressly represents that the asserted claims are *not* entitled to priority status pursuant to Bankruptcy Code section 507(a) (which includes administrative expense claims under section 503(b)). *Id.* at 2. By executing the Haviland Fee Claims, the Claimant has conceded under oath that its claims are not entitled to administrative expense status, and the Claimant cannot use the Trustee's Objection as an attempted end run around that statement in an attempt to resurrect a long-ago missed deadline.

7. The Haviland Fee Claims also find no support in the cited federal and state fee-shifting statutes, which provide a *plaintiff* – and not their counsel – an individual private right of action to pursue such claims. *See, e.g.*, the Sherman Act (15 U.S.C. § 15) (providing that a plaintiff in an antitrust suit "shall recover threefold *the damages by him sustained*, *and the cost of suit,*

*including a reasonable attorney's fee*.") (emphasis added); The Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §1962, 1964 – Civil Remedies) (plaintiff "shall recover threefold *the damages he sustains and the cost of the suit, including a reasonable attorney's fee*") (emphasis added); and Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. Ann § 201-9.2: ("Private Actions. The court may award *to the plaintiff*, in addition to other relief provided in this section, *costs and reasonable attorney fees*.") (emphasis added) (each cited in the Haviland Fee Response at 5 n.7).[7] Even if the statutes could be read to support the Haviland Fee Claims, the Trustee is not aware of any verdict or award by a court that would have supported the Haviland Firm's claim for attorneys' fees.

8.      The case law cited in the Haviland Response also fails to support the Haviland Fee Claims. *See*, *e.g.*, *Illinois v. Sangamo Constr. Co.*, 657 F.2d 855, 861 (7th Cir. 1981) (noting that "the entitlement to reasonable attorneys' fees is *that of the plaintiff, not of his attorney*.") (emphasis added), citing *International Travel Arrangers, Inc. v. Western Airlines, Inc.*, 623 F.2d 1255, 1274 (8th Cir. 1980), cert. denied 101 S. Ct. 787 (1980). ("Recovery of attorney's fees under 15 U.S.C. § 15 of course accrues to the plaintiff and not its attorneys."), citing *First Iowa Hydro Electric Coop. v. Iowa-Illinois Gas Electric Co.,* 245 F.2d 630-32 (8th Cir. 1957), cert. denied, 355 U.S. 871, 78 S. Ct. 122, 2 L.Ed.2d 76 (1958) ("The provisions of the Clayton Act ( 15 U.S.C.A. § 15) provide[] for recovery of an attorney['s] fee in addition to treble damages but the right accrues to the party injured and not to his attorney."); *Krishnan v. Cutler Grp., Inc.*, 171 A.3d 856, 871 (2017) ("The UTPCPL, by virtue of [73 Pa. Stat. Ann. §201-9.2(a)] authorizes a trial judge *to grant a successful litigant an award* for additional damages, reasonable attorney fees, and costs"), quoting

---

[7] It is unclear what private right of action the Haviland Firm claims provides for attorneys' fees under the Tennessee Trade Practices Act (§47-25-101 et seq.).

*Neal v. Bavarian Motors, Inc.*, 2005 PA Super 305, 882 A.2d 1022, 1029-30 (Pa. Super. 2005), citing 73 P.S. §201-9.2(a)) (emphasis added).

9.      Based on the foregoing, this Court should disallow the Haviland Fee Claims in their entirety.[8] Neither the Haviland Fee Claims nor the Debtors' schedules evidence any pre-petition claim due and owing to the Haviland firm from the General Unsecured Claims Trust or articulate any cognizable legal theory upon which such a claim may rest.  Accordingly, the General Unsecured Claims Trustee requests that this Court enter an order sustaining the Trustee's Objection with respect to the Haviland Fee Claims and grant such other and further relief as the Court deems appropriate.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order sustaining the Objection with respect to Claims 5265 and 6204 in their entirety, and ordering such other and further relief as the Court deems appropriate.

*Remainder of page intentionally left blank*

---

[8] The Court might deem it appropriate to consider whether the Haviland Firm should bear the fees and expenses incurred by the Trust in having to respond to the Haviland Firm's response to the Objection.

Dated: June 2, 2023
      Wilmington, Delaware

**ROBINSON & COLE LLP**

By: /s/ *Jamie L. Edmonson*
Jamie L. Edmonson (No. 4247)
Natalie D. Ramsey (No. 5378)
Curtis J. Crowther (No. 3238)
1201 N. Market Street, Suite 1406
Wilmington, DE 19801
Telephone: (302) 295-4800
Fax: (302) 351-8618
Email: jedmonson@rc.com
Email: nramsey@rc.com

Rachel Jaffe Mauceri (*pro hac vice*)
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (267) 319-7900
Email: rmauceri@rc.com

*Counsel for the Trustee*