IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
                                                                          :

In re:                                                      :        Chapter 11

MALLINCKRODT PLC, *et al.*,              :        Case No. 20-12522 (JTD)

                  Reorganized Debtor.[1]           :        (Jointly Administered)

                                                        :
------------------------------------------------------------ x   **Re:  Docket No. 9089**

**ORDER SUSTAINING REORGANIZED DEBTORS'
NINETEENTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)**

Upon the objection (the "**Objection**")[2] of the above-captioned reorganized debtors (collectively, the "**Reorganized Debtors**") to the Disputed Claims set forth on **Exhibits 1, 2, and 3**, hereto, all as more fully set forth in the Objection; and this Court having reviewed the Objection and the Horgan Declaration; and this Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Objection has been given and that no other or further notice is necessary;

---

[1]  On May 3, 2023, the Bankruptcy Court entered an order closing the Chapter 11 Cases of Mallinckrodt plc's debtor affiliates. A complete list of the Reorganized Debtors in the Chapter 11 Cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at http://restructuring.ra.kroll.com/Mallinckrodt. The Reorganized Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

[2]  Capitalized terms used but not otherwise defined herein have the same meanings ascribed to such terms in the Objection.

1

and upon the record herein; and after due deliberation thereon; and this Court having determined that there is good and sufficient cause for the relief granted in this Order, therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Objection is GRANTED, as set forth herein.

2. Any response to the Objection not otherwise withdrawn, resolved, or adjourned is hereby overruled on its merits.

3. The Reclassified Claims on the attached **Exhibit 1** are reclassified in priority pursuant to the reclassification in the "Modified Priority Status" column on such exhibit.

4. The No Liability Claims on the attached **Exhibit 2** are disallowed and expunged in their entirety.

5. The Late Filed Claims on the attached **Exhibit 3** are disallowed and expunged in their entirety.

6. This Order shall be deemed a separate order with respect to each of the Disputed Claims identified on the exhibits attached hereto. Any stay of this Order pending appeal by any of the claimants whose Disputed Claim(s) are subject to this Order shall apply only to the contested matter which involves such claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

7. The Reorganized Debtors and Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC) are authorized to take all actions necessary and appropriate to give effect to this Order.

8. Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC) is authorized to modify the claims register to comport with the relief granted by this Order.

9. Nothing in the Objection or this Order shall be deemed or construed: (a) as an admission as to the validity of any claim against the Reorganized Debtors or the General

Unsecured Claims Trustee; (b) as a waiver of the Reorganized Debtors' or the General Unsecured Claim Trustee's rights to dispute or otherwise object to any claim on any grounds or basis; or (c) to waive or release any right, claim, defense, or counterclaim of the Reorganized Debtors or the General Unsecured Claim Trustee, or to estop the Reorganized Debtors or the General Unsecured Claim Trustee from asserting any right, claim, defense, or counterclaim (including setoff).

10. The terms and conditions of this Order shall be immediately enforceable and effective upon its entry.

11. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: April 23rd, 2024**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**