# EXHIBIT 1

{C1308690.3 }

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MALLINCKRODT PLC, *et al.,*[1] | ) | Case No. 20-12522 (JTD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ANNUAL REPORT AND OPIOID ABATEMENT REPORT OF THE
NATIONAL OPIOID ABATEMENT TRUST II (NOAT II)
FOR THE FISCAL YEAR ENDING DECEMBER 31, 2023**

Professor David Hickton, Dr. Megan Ranney, and the Honorable Gerald Bruce Lee (Ret.), the Trustees of the National Opioid Abatement Trust II ("NOAT II"), created pursuant to the Fourth Amended Joint Plan of Reorganization (with Technical Modifications) of Mallinckrodt plc and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code, dated February 18, 2022 (the "Plan") submit the following NOAT II Opioid Abatement Report and Annual Report (collectively, the "2023 Reports") for the fiscal year ending December 31, 2023.

**I.    INTRODUCTION**

The purpose of the 2023 Reports is to fulfill the reporting requirements of the National Opioid Abatement II Trust Agreement Dated as of June 16, 2022 (the "Trust Agreement") and National Opioid Abatement Trust II Distribution Procedures (the "TDP") and to report to the Bankruptcy Court on the actions taken by the Trustees on behalf of NOAT II from January 1, 2023 through December 31, 2023 (the "Reporting Period").[2]

Section 2.4 of the Trust Agreement provides:

---

[1] A complete list of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.primeclerk.com/Mallinckrodt. The Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

[2] Capitalized terms not otherwise defined in the 2023 Reports shall have the meaning given to them in the Trust Agreement.

{C1308690.3 }

> Within one hundred and twenty (120) days following the end of each calendar year, the Trustees shall file with the Bankruptcy Court the Annual Report audited by the Independent Auditors and accompanied by an opinion of such firm as to the fairness in all material respects of the special-purpose financial statements.

Section 2.5 of the Trust Agreement further provides:

> Within one hundred and twenty (120) days following the end of each calendar year, the Trustees shall cause to be prepared and filed with the Bankruptcy Court an annual report on the Approved Opioid Abatement Uses with respect to such period, together with such additional information as the trustees determine necessary or appropriate in their discretion (each, a "NOAT II Opioid Abatement Report").

NOAT II's governing documents require that States and Qualifying Block Grantees shall provide NOAT II with any information reasonably required to satisfy the requirement of the Annual Report and NOAT II Opioid Abatement Report. See Section 7 of the TDP; see also Trust Agreement, Section 2.6(a) and (b).

## II.    BACKGROUND

On the Petition Date, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.* in the Bankruptcy Court. On March 2, 2022, the Bankruptcy Court issued findings of fact and conclusions of law and entered an order confirming the Plan. On June 16, 2022 (the "Effective Date"), the Plan became effective and the Trustees began to operate NOAT II.

The purposes of NOAT II include assuming all liability for State Opioid Claims and Municipal Opioid Claims and making Abatement Distributions to Authorized Recipients for Approved Uses in accordance with the NOAT II TDP. See Section 1.2 of the Trust Agreement.

On the Effective Date, NOAT II received its first funding cycle of the Aggregate NOAT II Consideration as provided for in Section 3.4 of the Master Trust Distribution Procedures. From the Aggregate NOAT II Consideration, NOAT II established the NOAT II Operating Reserve in accordance with Section 1.2 of the Trust Agreement. The remainder of the Aggregate NOAT II Consideration received in the first funding cycle was allocated to funding Abatement Distributions to Authorized Recipients for Approved Uses.

On August 29, 2023, NOAT II received its second funding cycle of the Aggregate NOAT II Consideration as provided for in Section 3.4 of the Master Trust Distribution Procedures. The funds received by NOAT II in the second funding cycle included NOAT II's share of the proceeds from the sale of the New Opioid Warrants by the Master Distribution Trust II ("MDT II"). NOAT II reserved no additional funds for its operations, making the entirety of the consideration it received in the second funding cycle available to fund Abatement Distributions to Authorized Recipients for Approved Uses.[3]

### III. TRUST ADMINISTRATION

Professor David Hickton, Dr. Megan Ranney, and the Honorable Gerald Bruce Lee (Ret.) served as the Trustees of NOAT II. Professor Hickton served as the Managing Trustee during the Reporting Period.

During the Reporting Period, the Trustees held regular meetings in accordance with the requirements of the Trust Agreement. Additionally, the Trustees met individually with Trust advisors, held special meetings, and devoted consistent time to reviewing, commenting, and approving various Trust matters outside of the scheduled meetings.

---

[3] The Debtors filed a second chapter 11 bankruptcy case on August 28, 2023. Prior to the petition date for the second bankruptcy case, the Debtors entered into a settlement agreement with MDT II. As a result of the settlement, NOAT II anticipates that any future funding cycle will be sourced from litigation proceeds arising out of certain causes of action filed by MDT II against third parties.

{C1308690.3 }

IV.     **ABATEMENT DISTRIBUTIONS**

On June 19, 2022, three days after the Effective Date, NOAT II's website was made publicly available and the portal became available for the submission of Statewide Abatement Agreements ("SAAs") and Government Participation Mechanisms ("GPMs"). In accordance with the NOAT II governing documents, the SAA Filing Deadline occurred on August 15, 2022 and the deadline for eligible Qualifying Local Governments to elect to receive a Local Government Block Grant occurred on October 14, 2022. NOAT II continued to receive SAAs and GPMs through the end of calendar year 2022 and the third quarter of 2023, as permitted by the NOAT II governing documents. At this time, there are only two States that have not submitted an allocation mechanism to NOAT II.

NOAT II has reviewed the SAAs, GPMs, and QBG elections as they were received, applied allocation models, calculated distributions, and provided beneficiaries with notices of proposed distribution. NOAT II engaged in discussions with beneficiaries to clarify allocations and addressed related distribution matters when appropriate. NOAT II also set March 1, 2024 as the deadline for the submission of Beneficiary Abatement Use Reports for NOAT II Funds received by NOAT II Beneficiaries during the Reporting Period.

On November 10 and 11, 2023, the Trust timely disbursed the NOAT II Abatement Distributions in connection with Aggregate NOAT II Consideration it received in the second funding cycle in accordance with allocation mechanisms and payment instructions provided to NOAT II by NOAT II Beneficiaries. Prior to making Abatement Distributions during the Reporting Period, NOAT II provided public Notices of Abatement Distribution on the NOAT II website in accordance with the notice provisions in the Trust Agreement and TDP. By the end of the Reporting Period, NOAT II made Abatement Distributions to each NOAT II Beneficiary who

provided NOAT II with the information necessary to make the Abatement Distributions. NOAT II continues to make Abatement Distributions to Beneficiaries as they submit the information necessary for distribution.

Attached hereto as Exhibit "A" is the 2023 NOAT II Opioid Abatement Report providing a summary of the NOAT II Abatement Distributions disbursed during the Reporting Period and identifying the NOAT II Beneficiaries who submitted Beneficiary Abatement Use Reports to NOAT II.

V.      **FINANCIAL INFORMATION**

In its first full year of operations, from June 2022 through May 2023, the operating expenses incurred by the Trust were 22% less than the estimated operating expenses projected by the Debtors' investment advisor, Houlihan Lokey.[4] NOAT II's audited financial statements for the Reporting Period are attached hereto as Exhibit "B."[5] The financial statements were audited by BDO USA, LLP.

Dated: April 26, 2024
Wilmington, Delaware

Respectfully submitted,

CAMPBELL & LEVINE, LLC

*/s/ Kathleen Campbell Davis*
Kathleen Campbell Davis (I.D. No. 4229)
222 Delaware Avenue, Suite 1620
Wilmington, DE  19801
Telephone:  302.426.1900
Email: kdavis@camlev.com

---

[4] The Debtor's estimate projected $4,797,000 in operating expenses during the Trust's first year of operations. The amount NOAT II actually incurred was $3,743,063.

[5] The difference between the amount stated as the Total NOAT II Abatement Distributions Disbursed by the Trust for the Covered Period set forth in Exhibit A and the amount of Deductions listed for Opioid Claims for 2023 set forth in Exhibit B is attributable to seven checks disbursed in 2023 that were subsequently voided and re-issued in 2024.

        -and-

CAMPBELL & LEVINE, LLC
Douglas A. Campbell (PA I.D. No. 23143)
Jeanne S. Lofgren (PA I.D. No. 89078)
310 Grant Street, Suite 1700
Pittsburgh, PA  15219
Telephone: 412.261.0310
Email: dcampbell@camlev.com
       jlofgren@camlev.com

*General Counsel to the National Opioid Abatement Trust II*