# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MALLINCKRODT PLC, | Case No. 20-12522 (JTD) |
| Reorganized Debtor.[1] | **Objection June 21, 2024 at 4:00 p.m. (ET)**<br>**Hearing Date: July 9, 2024 at 11:00 a.m. (ET)** |

## FOURTH MOTION OF THE TRUSTEES OF THE OPIOID MASTER DISBURSEMENT TRUST II FOR AN ORDER EXTENDING THE DEADLINE TO OBJECT TO OTHER OPIOID CLAIMS

Jennifer E. Peacock, Michael Atkinson, and Anne Ferazzi, in their capacities as trustees (the "Trustees")[2] of the Opioid Master Disbursement Trust II (the "Opioid MDT II") in the chapter 11 cases of the above-captioned debtors (collectively, the "Debtors"), hereby move this Court, pursuant to sections 105(a) and 1141 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an Order, substantially in the form attached hereto as **Exhibit A**, extending the period within which the Trustees may object to Other Opioid Claims. In support of this Motion, the Trustees respectfully represent as follows:

---

[1] The Reorganized Debtor in this chapter 11 case is Mallinckrodt plc ("Mallinckrodt"). On May 3, 2023, the Court entered an order closing the chapter 11 cases of the Reorganized Debtor's debtor-affiliates (together with Mallinckrodt, "Debtors"). A complete list of the Debtors in these Chapter 11 cases may be obtained on the website of the Reorganized Debtor's claims and noticing agent at http://restructuring.ra.kroll.com/Mallinckrodt. The Reorganized Debtor's mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

[2] As the Court is aware, on August 23, 2023, Mallinckrodt commenced proceedings in a second bankruptcy, in which a second plan of reorganization went effective on November 14, 2023. For purposes of this Motion, all capitalized terms used but not defined herein shall have the meanings ascribed to them in the original 2020-2022 Plan: the *Modified Fourth Amended Joint Plan of Reorganization (with Technical Modifications) of Mallinckrodt PLC and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 7670] (the "Plan").

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b) and, under Local Rule 9013-1(f), the Trustees consent to entry of a final order by the Court for this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are Bankruptcy Code Sections 105(a) and 1141, Bankruptcy Rule 9006(b)(1), and Local Rule 9006-2.

**BACKGROUND**

4. On October 12, 2020 (the "Petition Date"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.

5. On November 30, 2020, this Court entered the *Order (A) Establishing Bar Dates and Related Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [Docket No. 667] (the "Claims Bar Date Order"). Pursuant to the Claims Bar Date Order, the following deadlines were established to file certain proofs of claim in the Debtors' chapter 11 cases: (i) forty-five (45) days after the Mailing Deadline for General Claims; (ii) April 12, 2021 for Governmental Units; and (iii) the later of the General Bar Date and 30 days after the effective date for claims related to rejection of an executory contract or unexpired lease. The Claims Bar Date Order did not address bar dates for any Opioid Claims or VI Opioid Claims.

6. On March 2, 2022, the Court entered an order confirming the Plan [Docket No. 6660]. The Plan became effective on June 16, 2022 (the "Effective Date") [Docket No. 7652].

7. Upon the Effective Date, the Opioid MDT II was established, in relevant part, for the purpose of administering, resolving, liquidating, and satisfying Other Opioid Claims pursuant to the terms of the Plan.[3]

8. On September 16, 2022, the Trustees served notice with the Court, establishing the deadline for filing proofs of Class (9)(h) Other Opioid Claims and related procedures (the "Notice of Other Opioid Claims Bar Date") [Docket No. 8198]. The Notice of Other Opioid Claims Bar Date established November 18, 2022, as the deadline to submit Other Opioid Claims (the "Other Opioid Claims Bar Date").

9. Under the Plan, "[a]ny objections to Other Opioid Claims shall be served and filed on or before the later of (i) two-hundred and seventy (270) days after the Other Opioid Claims Bar Date and (ii) such later date as may be fixed by the Bankruptcy Court (as the same may be extended by the Bankruptcy Court for cause shown)." Thus, the deadline to object to Other Opioid Claims was set as August 15, 2023.

10. On July 31, 2023, the Trustees filed a motion with the Court, seeking to extend the deadline to object to Other Opioid Claims beyond August 15, 2023 [Docket No. 8903].

11. The Court granted the motion on August 10, 2023, setting the new objection deadline as the later of: (a) December 13, 2023, or (b) one hundred twenty (120) days following the date that a proof of Other Opioid Claim is amended in writing by or on behalf of a holder of such Other Opioid Claim [Docket No. 8909].

12. On December 7, 2023, the Trustees filed a motion with the Court, seeking to extend the deadline to object to Other Opioid Claims beyond December 13, 2023 [Docket No. 8977].

---

[3] *See* Plan, Art. IV.Y.

13. The Court granted the motion on December 27, 2023, setting the new objection deadline as the later of: (a) March 13, 2024, or (b) one hundred twenty (120) days following the date that a proof of Other Opioid Claim is amended in writing by or on behalf of a holder of such Other Opioid Claim [Docket No. 9001].

14. On March 8, 2024, MDT II filed a motion with the Court, seeking to extend the deadline to object to Other Opioid Claims beyond March 13, 2024 [Docket No. 9057].

15. The Court granted the motion on March 31, 2024, setting the new objection deadline as the later of: (a) June 13, 2024, or (b) one hundred twenty (120) days following the date that a proof of Other Opioid Claim is amended in writing by or on behalf of a holder of such Other Opioid Claim [Docket No. 9081] (the "Other Opioid Claims Objection Deadline").

16. Since the Other Opioid Claims Bar Date, the Trustees and their professionals have been reviewing, analyzing, and administering the Other Opioid Claims. This has included outreach to (i) personal injury claimants who improperly filed their claims as Other Opioid Claims and (ii) certain Released Co-Defendants, whose filing of claims as Other Opioid Claims contradicts treatment of Released Co-Defendants under the Plan.

17. On March 8, 2024, after conferring with the trustee for the Mallinckrodt Opioid Personal Injury Trust (the "PI Trust"), the Trustees filed motions to reclassify three personal injury claims (the "Motions to Reclassify"), which were improperly filed as Other Opioid Claims against the Opioid MDT II, as PI Opioid Claims against the PI Trust. [Docket Nos. 9054, 9055, and 9056]. On March 31, 2024, the Court entered orders granting the Motions to Reclassify. [Docket Nos. 9079, 9080, and 9081].

18. Additionally, since the Other Opioid Claims Bar Date, the Trustees have engaged with counsel for other entities that filed Other Opioid Claims through numerous calls and email

4

correspondence. A further extension of the Other Opioid Claims Objection Deadline will facilitate the Trustees' ongoing efforts to administer these claims, resolve any disputes among the parties, and fix the value of any valid Other Opioid Claims against the Opioid MDT II.

19. While the Trustees continue to address certain of the Other Opioid Claims, the Trustees and their advisors need additional time to review and reconcile the filed Other Opioid Claims. Accordingly, the Trustees filed this Motion seeking a further extension of the Other Opioid Claims Objection Deadline.

## RELIEF REQUESTED

20. By this Motion, the Trustees seek the entry of an order extending the Other Opioid Claims Objection Deadline from the current deadline of June 13, 2024 through and including the later of: (a) September 13, 2024, or (b) the date that is one hundred twenty (120) days following the date that a proof of Other Opioid Claim is amended in writing by or on behalf of a holder of such Other Opioid Claim without prejudice to the Trustees' right to seek further extensions of the Other Opioid Claims Objection Deadline.[4]

## BASIS FOR RELIEF

21. Bankruptcy Rule 9006(b)(1) provides that "when an act is required or allowed to be done at or within a specified period . . . by order of court, the court for cause shown may at any time *in its discretion* . . . with or without motion or notice order the period enlarged if the request therefore is made before expiration of the period originally prescribed . . . ." Fed. R. Bankr. P. 9006(b)(1) (emphasis added). This Motion has been filed before the Other Opioid Claims Objection Deadline and, accordingly, complies with Bankruptcy Rule 9006(b)(1).

---

[4] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the Other Opioid Claims Objection Deadline shall serve to automatically extend the Other Opioid Claims Objection Deadline without the necessity for the entry of a bridge order, until the Court rules on this Motion. *See* Del. Bankr. LR 9006-2.

22. Although Bankruptcy Rule 9006 does not define "cause," it has been noted that "courts should be liberal in granting extensions of time sought before the period to act has elapsed, as long as the moving party has not been guilty of negligence or bad faith and the privilege of extensions has not been abused . . . ." 10 Collier on Bankruptcy ¶ 9006-14 (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev. 2009).

23. The Trustees submit that cause exists to extend the Other Opioid Claims Objection Deadline. As described above, the Trustees have made and continue to make progress towards reviewing and reconciling the Other Opioid Claims. Notwithstanding such progress, the Trustees require additional time to review and reconcile the large volume of Other Opioid Claims.

24. Other judges within the United States Bankruptcy Court for the District of Delaware have previously granted extensions of claim objection deadlines for certain claims. *See*, *e.g.*, *In re TK Holdings Inc., et al*, Case No. 17-11375 (BLS) (Bankr. D. Del.) (*Order Granting Motion of Joseph J. Farnan, Jr., as Trustee of the Reorganized TK Holdings Trust, Pursuant to, Inter Alia, Fed. R. Bankr. P. 9006(b)(1), for an Order Extending the Deadline to Object to Certain Claims*) [Docket No. 3007]; *In re TK Holdings Inc., et al*, Case No. 17-11375 (BLS) (Bankr. D. Del.) (*Order Granting Motion of Eric D. Green, in His Capacity as Trustee of the Takata Airbag Tort Compensation Trust Fund, for an Order Extending the Deadline to Object to Other PI/WD Claims*) [Docket No. 3308].

25. This is the fourth request for an extension of the Other Opioid Claims Objection Deadline, and the Trustees submit that the requested extension will not prejudice creditors or other parties in interest. To the contrary, granting the requested extension will assist the Trustees in fairly and properly administering the Opioid MDT II and assuring that only Other Opioid Claims rightfully entitled to distributions will receive distributions. As such, the Trustees respectfully submit this request

for the extension of the Other Opioid Claims Objection Deadline through and including the later of: (a) September 13, 2024, or (b) the date that is one hundred twenty (120) days following the date that a proof of Other Opioid Claim is amended in writing by or on behalf of a holder of such Other Opioid Claim, is in the best interests of creditors and other parties in interest.

## RESERVATION OF RIGHTS

26. The Trustees hereby reserve the right to seek further extensions of the Other Opioid Claims Objection Deadline.

## NOTICE

27. Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the District of Delaware, (ii) the Debtors, and (iii) any party who has requested notice in these Chapter 11 Cases pursuant to Rule 2002. The Trustees respectfully submit that such notice is sufficient under the circumstances.

## CONCLUSION

**WHEREFORE**, the Trustees respectfully request entry of an Order, substantially in the form attached hereto as **Exhibit A**, extending the Other Opioid Claims Objection Deadline through and including the later of: (a) September 13, 2024, or (b) the date that is one hundred twenty (120) days following the date that a proof of Other Opioid Claim is amended in writing by or on behalf of a holder of such Other Opioid Claim, and granting such other and further relief as is just and proper.

[*Remainder of page intentionally left blank.*]

| | |
|---|---|
| Dated: June 7, 2024<br>Wilmington, Delaware | **COLE SCHOTZ P.C.**<br><br>*/s/ Justin R. Alberto*<br>Justin R. Alberto (No. 5126)<br>Patrick J. Reilley (No. 4451)<br>500 Delaware Avenue, Suite 1410<br>Wilmington, DE 19801<br>Telephone: (302) 652-3131<br>Facsimile: (302) 652-3117<br>jalberto@coleschotz.com<br>preilley@coleschotz.com<br><br>Anthony De Leo, Esq.<br>Julie A. Aberasturi, Esq.<br>1325 Avenue of the Americas<br>19th Floor<br>New York, NY 10019<br>Telephone: (212) 752-8000<br>Facsimile: (212) 752-8393<br>adeleo@coleschotz.com<br>jaberasturi@coleschotz.com<br><br>-and-<br><br>**BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Gerard T. Cicero, Esq.<br>Seven Times Square<br>New York, NY 10036<br>Telephone: (212) 209-4800<br>Facsimile: (212) 209-4801<br>dmolton@brownrudnick.com<br>gcicero@brownrudnick.com<br><br>Jane W. Motter, Esq.<br>One Financial Center<br>Boston, MA 02110<br>Telephone: (617) 856-8200<br>Facsimile: (617) 856-8201<br>jmotter@brownrudnick.com<br><br>*Co-Counsel to the Opioid Master Disbursement Trust II* |