**EXHIBIT 1**

Periodic Report Ending May 31, 2024

# Opioid Master Disbursement Trust II
# Table of Contents
# For the Reporting Period Ending May 31, 2024

| Section | Page Number |
|---|---|
| *Introduction* | *2* |
| *Reporting Period Activity* | *2* |
| *Financial Update* | *3* |
| *Legal Matters Update* | *3* |
| *Exhibit A* | *8* |
| *Appendix* | *10* |
| Appendix 1: Trust Financial Summary | 11 |
| Appendix 2: Trust Budget | 13 |

# Opioid Master Disbursement Trust II

## Report for Period
## February 1, 2024, through May 31, 2024

*Introduction*

Pursuant to Section 3.02 of the MDT II Trust Agreement, the Opioid Master Disbursement Trust II ("MDT II" or "the Trust") is obligated to report to each of the Opioid Creditor Trusts and the Future Claimants' Representative,[1] at least every four months, on topics including the Trust's:

- Assets;
- Expenditures;
- Distributions;
- Forward-looking projections; and
- Litigation proceedings.

The following report, for the period beginning February 1, 2024 and ending May 31, 2024 (the "Period"),[2] fulfills such obligation. Further background on the Trust is provided in Exhibit A.

*Reporting Period Activity*

**Extension of the Other Opioid Claims Objection Deadline**

During the Period, on March 8, 2024, MDT II filed a motion with the bankruptcy court to extend the objection deadline for Other Opioid Claims (which, at the time of the motion, was set for March 13, 2024). Additionally, MDT II filed motions to reclassify certain claims, mistakenly filed as Other Opioid Claims, as personal injury claims to be

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Chapter 11 Plan confirmed in the bankruptcy cases of Mallinckrodt plc, *In re Mallinckrodt plc*, Case No. 20-12522 (Bankr. D. Del.) (the "Plan").
[2] MDT II's prior reports are available on both the *In re Mallinckrodt* docket and the MDT II website (https://www.opioidmasterdisbursementtrust.com/Mallinckrodt/PeriodicReports).

2

addressed by the Mallinckrodt Personal Injury Trust. The court granted the extension and reclassification motions on March 31, 2024. On June 7, 2024, following the end of the Period, and prior to publication of this report, MDT II filed a motion for a further extension of the objection deadline to the later of: (a) September 13, 2024, or (b) one hundred twenty (120) days following the date that a proof of Other Opioid Claim is amended in writing by or on behalf of a holder of such Other Opioid Claim. As of the date of filing this report, such motion is pending.

MDT II continues to engage with those entities having filed Other Opioid Claims to resolve these claims as efficiently as possible. At this time, it is not anticipated that any of these claims will have a material impact on the assets of the Trust.

*Financial Update*

During the Period, the Trust began with a cash balance of $134,677,201, received $2,282,418 of interest and other income and disbursed $7,160,572, resulting in a $129,799,047 ending Trust cash balance.

The Trust's receipts during the period were comprised of (i) $2,282,418 of interest income (~5.31% annualized rate). The Trust's disbursements during the Period were comprised of $7,160,572 of Trust expenses.

The Trust's ending cash balance was $129,799,047, comprised of the Operating Reserve ($105,775,046) and the amounts set aside (and still held) for the Municipal and Tribe Opioid Attorneys' Fee Fund ($24,024,001). At this time, all assets are held in short term U.S. Government obligations.

*Legal Matters Update*

Under the Plan, the Trust was assigned certain claims against third parties. The claims being pursued are described in greater detail below.

3

# Opioid Master Disbursement Trust II

1. **Insurance Action (***Opioid Master Disbursement Trust II a/k/a Opioid MDT II v. Ace American Insurance Company, et al.,***  Case No. 22SL-CC02974 (Mo. Cir. Ct.))**

On June 16, 2022, the Trust filed a lawsuit in St. Louis County, Missouri against insurers that had issued certain policies under which rights were transferred to the Trust pursuant to the Plan, seeking insurance coverage with respect to the opioid-related claims that were channeled to the Trust and Opioid Creditor Trusts under the Plan. On December 20, 2023, the Trust filed a separate but related lawsuit involving certain additional insurance policies that it discovered through a third-party subpoena. Upon the Trust's motion, these two lawsuits were consolidated on January 30, 2024.

The Trust has served discovery requests on the insurers, as well as additional third-party subpoenas on certain of Mallinckrodt's predecessor entities and insurance brokers, seeking information and documents related to the insurers' policies, alleged defenses, and other matters. A number of the insurers likewise have served discovery requests on the Trust, primarily focused on the underlying opioid claims, and the Trust is in the process of responding to these requests. To the extent the parties have discovery disputes that they cannot resolve consensually, they will bring them before the Court. Review of the vast number of documents related to these claims, including those documents produced under the Opioid MDT II Cooperation Agreement, is still ongoing.

Briefing is currently underway on the Trust's motion for partial summary judgment seeking a ruling that exclusions in certain policies for bodily injury included within the so-called products hazard do not apply to bodily injury arising in whole or in part from opioid pharmaceuticals not manufactured or sold by Mallinckrodt, or from illicit opioid drugs. Briefing on this motion will be completed on October 30, 2024.

Certain insurers moved to dismiss the lawsuit with respect to certain policies, asserting that a forum-selection clause in or incorporated in those policies mandates exclusive jurisdiction over any coverage disputes in the courts of England or Wales. The trial court granted the insurers' motion on March 22, 2023 and the Missouri Court of Appeals

affirmed on March 5, 2024. The Trust applied to transfer the case to the Missouri Supreme Court on April 24, 2024; the Missouri Supreme Court declined to hear the case on June 4, 2024. Those policies are no longer at issue in this lawsuit.

The next scheduled hearing in the case is a case management conference on August 23, 2024. The close of fact discovery currently is set for July 31, 2025.

2. **Covidien Spinoff Action (***Opioid Master Disbursement Trust II v. Covidien Unlimited Co., et al.***, Adv. Pro. No. 22-50433 (Bankr. D. Del.))**

On October 11, 2022, the Trust commenced an adversary proceeding in the U.S. Bankruptcy Court for the District of Delaware against Covidien Unlimited Company, Mallinckrodt's former parent, and three of its subsidiaries, hereinafter referred to, collectively, as "Covidien." On January 18, 2024, the Trust won a key, opening victory, surviving Covidien's motion to dismiss. The Court allowed the majority of the Trust's claims, namely for intentional fraudulent transfer, reimbursement, indemnification, contribution, equitable subordination, and disallowance pursuant to Sections 502(d) and 502(e) of the Bankruptcy Code, to proceed. The Court dismissed the claims for constructive fraudulent transfer, breach of fiduciary duty as a promoter, and equitable disallowance. The Court also granted the motion to amend with respect to the claims that it allowed to proceed. Covidien filed its answer on March 25, 2024.

Through the surviving claims, the Trust seeks to avoid and recover (a) the value of the entire Covidien enterprise (without the Mallinckrodt business) at the time of the 2013 spinoff of Mallinckrodt from Covidien; (b) approximately $867 million in net cash transfers that Mallinckrodt paid to Covidien from 2010 through 2012; and (c) approximately $721 million in Mallinckrodt note proceeds that Covidien received before completing the spinoff. In addition, the Trust seeks to avoid (i) the putative indemnification obligations that Covidien imposed on Mallinckrodt under the spinoff agreement and (ii) certain pre-spin tax liabilities in the hundreds of millions of dollars that Covidien imposed on Mallinckrodt in connection with the spinoff, and to recover from Covidien (iii) the value of any payments that Mallinckrodt made on account of those pre-spinoff tax liabilities.

The litigation will now proceed to discovery on the merits, and Covidien has indicated to

the Trust and the court that it plans to file a summary judgment motion regarding 11 U.S.C. § 546(e) in the near future.

3. **Share Repurchase Program Action (*Opioid Master Disbursement Trust II v. Argos Capital Appreciation Master Fund LP, et al.*, Adv. Pro. No. 22-50435 (Bankr. D. Del.))**

On October 12, 2022, the Trust commenced an adversary proceeding in the U.S. Bankruptcy Court for the District of Delaware against 72 defendant participants in Mallinckrodt plc's share repurchase program (the "SRP"). On October 24, 2023, the Trust amended its complaint to add 43 additional Defendants that were identified in the course of the Trust's investigation. To date, the Trust has also voluntarily dismissed 28 Defendants.

The Trust asserts causes of action for intentional and constructive fraudulent transfers through which it seeks to avoid and recover some of the over $1 billion in cash transfers Mallinckrodt plc paid to its equity owners through the SRP between 2015 and 2018. The Trust asserts that the shares Mallinckrodt purchased through the SRP were worthless because Mallinckrodt was deeply insolvent at the time of the repurchases due to massive liabilities incurred from the manufacture, promotion, and distribution of opioid products. The Trust asserts that the cash paid to Mallinckrodt shareholders through the SRP was wrongly diverted and should be recouped for the benefit of Mallinckrodt's creditors.

On May 15, 2023, the Court approved a protocol whereby Defendants may assert individual affirmative defenses to the claims alleged in the SRP action, including that a given Defendant is protected by the safe-harbor provisions of 11 U.S.C. § 546(e) or received the proceeds of share repurchase transactions as a mere conduit. The Trust has been responding to Defendants who have asserted defenses under the protocol. To date, Defendants have filed five motions to dismiss pursuant to the protocol with the Court. The Court heard arguments on three of the motions on May 14, 2024, and took the motions under advisement. The parties will determine a briefing schedule on the remaining motions once the court rules on the first three.

**Exhibit A**

**Opioid Master Disbursement Trust II Background**

The Opioid Master Disbursement Trust II was established pursuant to the chapter 11 Plan confirmed in the bankruptcy cases of Mallinckrodt plc, *In re Mallinckrodt plc*, Case No. 20-12522 (Bankr. D. Del.), confirmed by order dated March 2, 2022, and effective as of June 16, 2022 (the "2022 Plan").

Pursuant to the 2022 Plan, MDT II was formed as a "hub" trust in a "hub & spoke" trust design, created to receive distributions (from funds paid by Mallinckrodt and any litigation recoveries) and then make distributions to the "spoke" beneficiary trusts: the Public Creditor Trusts (for the U.S. States and Territories and local governments within U.S. States and Territories, as well as the federally-recognized American Indian and Alaska Native Tribes) and the Private Creditor Trusts (for, *e.g.*, personal injury victims, persons afflicted by neonatal abstinence syndrome, hospitals).

In the spring of 2023, following the rapidly deteriorating financial condition of Mallinckrodt and an aggressive letter-writing campaign by various stakeholders of the company, the MDT II Trustees determined that it was in the best interests of MDT II's beneficiaries to engage in conversations with the company to restructure the remaining Opioid Deferred Cash Payments (which at the time totaled $1.275 billion, and included the $200 million payment that was due on June 16, 2023). Without a comprehensive deal, MDT II's status as an unsecured creditor in a free fall bankruptcy would have left the trust subordinate to approximately $3.5 billion in secured debt. Following weeks of intensive negotiations, MDT II, along with other key stakeholders, signed a restructuring support agreement (the "2023 RSA") with the company on August 23, 2023, setting forth the terms of a prepackaged financial restructuring plan.

On August 28, 2023, Mallinckrodt commenced bankruptcy proceedings (see *In re Mallinckrodt plc*, Case No. 20-12522 (Bankr. D. Del.)), on October 10, 2023, its second Plan of Reorganization was confirmed, and on November 14, 2023, its second Plan of Reorganization went effective (the "2023 Plan").

Pursuant to the 2023 RSA and 2023 Plan, MDT II received a one-time payment of $250

million in full satisfaction of the remaining Opioid Deferred Cash Payments, and disbursed the full amount to the Public and Private Opioid Creditor Trusts, per the waterfall under the 2022 Plan, on August 29, 2023. MDT II also received enhanced cooperation under the Cooperation Agreement to facilitate the prosecution of the three MDT II third-party litigations (reducing costs for the Trust), and contingent value rights ("CVR"), essentially warrants, in the company (which will provide some value if the performance of the company dramatically improves).

The MDT II's primary responsibilities are to: (i) receive the opioid settlement funds from Mallinckrodt (an obligation amended pursuant to the 2023 RSA and 2023 Plan); (ii) investigate and pursue claims against third parties that are assigned to the MDT II; (iii) fix a bar date and administer Other Opioid Claims that were not resolved as part of the Plan (a process that is still on-going); and (iv) make distributions to the Public and Private Creditor Trusts per the allocations in the Plan. These Opioid Creditor Trusts disburse funds received from MDT II to their respective creditors to be used for approved opioid abatement strategies or, in the case of the PI Trust, to compensate individuals for damages because of opioid-related bodily injuries.

More information about the Trust, including important documents, biographies of the MDT II Trustees (Jenni Peacock, Michael Atkinson, and Anne Ferazzi), and answers to frequently asked questions, can be found on the Trust's website: https://www.opioidmasterdisbursementtrust.com/Mallinckrodt.

# *Appendix[3]*

---

[3] Note: Figures herein reflect Trust activity subsequent to the receipt and disbursement of the Initial Opioid Deferred Cash Payment where applicable. Expenses exclude fees incurred during the Period but unpaid as of May 31, 2024.

# Opioid Master Disbursement Trust II

*Appendix 1: Trust Financial Summary*

*Trust Activity Summary for Fifth Reporting Period (February 1, 2024 – May 31, 2024):*

| ($ in actuals) | Beginning Balance | MDT II Period Receipts | | | MDT II Period Disbursements | | | Ending Balance |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | Opioid Deferred Cash Payments | Interest and Other Income | Total Receipts | Distributions | Expenses (Litigation & Administrative) | Total Disbursements | |
| Operating Reserve | $111,061,997 | - | $1,873,621 | **$1,873,621** | - | ($7,160,572) | **($7,160,572)** | $105,775,046 |
| Third-Party Payor Reserve | - | - | - | **-** | - | - | **-** | - |
| Municipal and Tribe Opioid Attorneys' Fee Fund | 23,615,204 | - | 408,797 | **408,797** | - | - | **-** | 24,024,001 |
| Ratepayer Account | - | - | - | **-** | - | - | **-** | - |
| **Opioid MDT II Total** | **$134,677,201** | **-** | **$2,282,418** | **$2,282,418** | **-** | **($7,160,572)** | **($7,160,572)** | **$129,799,047** |

*Trust Activity FY2 Summary (June 1, 2023 – May 31, 2024):*

| ($ in actuals) | Beginning Balance | MDT II Period Receipts | | | MDT II Period Disbursements | | | Ending Balance |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | Opioid Deferred Cash Payments | Interest and Other Income | Total Receipts | Distributions | Expenses (Litigation & Administrative) | Total Disbursements | |
| Operating Reserve | $120,033,569 | - | $6,145,867 | **$6,145,867** | - | ($20,404,390) | **($20,404,390)** | $105,775,046 |
| Third-Party Payor Reserve | - | - | - | **-** | - | - | **-** | - |
| Municipal and Tribe Opioid Attorneys' Fee Fund | 11,647,049 | 11,303,789 | 1,073,163 | **12,376,952** | - | - | **-** | 24,024,001 |
| Ratepayer Account | - | - | - | **-** | - | - | **-** | - |
| **Opioid MDT II Total** | **$131,680,618** | **$11,303,789** | **$7,219,030** | **$18,522,819** | **-** | **($20,404,390)** | **($20,404,390)** | **$129,799,047** |

*Trust Activity Cumulative Summary (June 1, 2022 – May 31, 2024):*

| ($ in actuals) | Beginning Balance | MDT II Cumulative Receipts | | | MDT II Cumulative Disbursements | | | Ending Balance |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | Opioid Deferred Cash Payments | Interest and Other Income | Total Receipts | Distributions | Expenses (Litigation & Administrative) | Total Disbursements | |
| Operating Reserve | $134,953,403 | - | $14,086,807 | **$14,086,807** | - | ($43,265,164) | **($43,265,164)** | $105,775,046 |
| Third-Party Payor Reserve | 29,363,667 | - | - | **-** | (29,363,667) | - | **(29,363,667)** | - |
| Municipal and Tribe Opioid Attorneys' Fee Fund | 11,276,655 | 11,303,789 | 1,443,557 | **12,747,346** | - | - | **-** | 24,024,001 |
| Ratepayer Account | 3,000,000 | - | - | **-** | (3,000,000) | - | **(3,000,000)** | - |
| **Opioid MDT II Total** | **$178,593,724** | **$11,303,789** | **$15,530,364** | **$26,834,154** | **($32,363,667)** | **($43,265,164)** | **($75,628,831)** | **$129,799,047** |

# Opioid Master Disbursement Trust II

*Trust Operating Reserve Additional Detail:*

|  | Actual | Actual | Actual | Total |
|---|---|---|---|---|
| ($ in actuals) | Jun 23 - Sep 23 | Oct 23 - Jan 24 | Feb 24 - May 24 | Jun 23 - May 24 |
|  | *(4 months)* | *(4 months)* | *(4 months)* | *(12 months)* |
| **Beginning Cash** | **$120,033,569** | **$114,859,220** | **$111,061,997** | **$120,033,569** |
| Professional Fees - Legal & Litigation Support | ($6,797,793) | ($5,475,578) | ($6,612,303) | ($18,885,674) |
| Trustee Fees & Expenses | (260,399) | (259,616) | (258,333) | (778,348) |
| Professional Fees - Financial & Tax | (58,980) | (2,120) | (154,240) | (215,340) |
| Insurance | (263,200) | - | - | (263,200) |
| Other | (75,545) | (50,588) | (135,696) | (261,829) |
| **Total Trust Expenses** | **($7,455,916)** | **($5,787,902)** | **($7,160,572)** | **($20,404,390)** |
| Interest and Other Income | 2,281,567 | 1,990,679 | 1,873,621 | 6,145,867 |
| **Ending Cash** | **$114,859,220** | **$111,061,997** | **$105,775,046** | **$105,775,046** |
| *Memo: Trust Operating Reserve Detail* |  |  |  |  |
| Total Fees: Litigation | 6,678,473 | 5,392,696 | 6,542,087 | 18,613,256 |
| Total Fees: Administrative | 777,443 | 395,206 | 618,485 | 1,791,134 |
| **Total Fees** | **$7,455,916** | **$5,787,902** | **$7,160,572** | **$20,404,390** |

**Opioid Master Disbursement Trust II**

*Appendix 2: Trust Budget*

Pursuant to the 2022 Plan, Mallinckrodt was obligated to make 9 cash payments over 8 years on account of the Opioid Deferred Cash Payments. The scheduled payments totalled $1,725,000,000, of which ~$1,718,000,000 was to be paid to the Trust. However, given the Company's financial performance, an agreement was reached between the Company, its financial creditors and the Trust to settle all remaining Opioid Deferred Cash Payments for a final payment prior to its 2023 Chapter 11 filing. The Trust received a second and final payment of $250,000,000 on August 24, 2023 which it then distributed to the opioid creditor trusts per the 2022 Plan.[5] The Trust may receive additional amounts on account of assigned litigation claims and interest income, but none of these amounts are certain nor can they be estimated at this time.

In the third year of its operations, the Trust is projected to disburse $22,562,080 on account of its expenses (i.e., excluding disbursements to creditor trusts) comprised of $20,890,000 for legal and litigation support, $775,000 for trustee fees and expenses, $330,745 for financial and tax advisory services, $182,935 for insurance, and $383,400 for other expenses.

---

[5] The Trust also received enhanced cooperation under the Cooperation Agreement to facilitate the prosecution of the three MDT II third-party litigations (reducing costs for the Trust) and contingent value rights ("CVR"), essentially warrants, in the company (which will provide some value if the performance of the company dramatically improves).

12

# Opioid Master Disbursement Trust II

***Trust Period Expense and Operating Budget:***

|  | Forecast<br>Jun 24 - Sep 24<br>*(4 months)* | Forecast<br>Oct 24 - Jan 25<br>*(4 months)* | Forecast<br>Feb 25 - May 25<br>*(4 months)* | Total<br>Jun 24 - May 25<br>*(12 months)* |
|---|---|---|---|---|
| *($ in actuals)* | | | | |
| **Beginning Cash** | **$105,775,046** | **$100,231,305** | **$94,509,088** | **$105,775,046** |
| Professional Fees - Legal & Litigation Support | ($6,636,667) | ($6,906,667) | ($7,346,667) | ($20,890,000) |
| Trustee Fees & Expenses | (258,333) | (258,333) | (258,333) | (775,000) |
| Professional Fees - Financial & Tax | (106,982) | (106,982) | (116,782) | (330,745) |
| Insurance | (182,935) | - | - | (182,935) |
| Other | (130,017) | (126,017) | (127,367) | (383,400) |
| **Total Trust Expenses** | **($7,314,933)** | **($7,397,998)** | **($7,849,148)** | **($22,562,080)** |
| Interest and Other Income | 1,771,193 | 1,675,781 | 1,572,087 | 5,019,061 |
| **Ending Cash** | **$100,231,305** | **$94,509,088** | **$88,232,026** | **$88,232,026** |

13