# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MALLINCKRODT PLC | Case No. 20-12522 (JTD) |
| Reorganized Debtor.[1] | Obj. Deadline: August 15, 2024 at 4:00 p.m. (ET)<br>Hearing Date: September 10, 2024 at 2:00 p.m. (ET) |

## REORGANIZED DEBTOR'S
## SIXTH MOTION FOR ENTRY OF AN ORDER EXTENDING THE
## DEADLINE TO OBJECT TO ADMINISTRATIVE CLAIMS UNDER THE PLAN

The above-captioned reorganized debtor (the "***Debtor***" or "***Reorganized Debtor***") hereby moves (this "***Motion***") and respectfully states as follows:

### RELIEF REQUESTED

1. By this Motion, the Reorganized Debtor seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "***Proposed Order***"), (i) extending the deadline for objecting to Administrative Claims[2] (the "***Administrative Claims Objection Deadline***") by 122 days through and including December 2, 2024,[3] and (ii) granting such other relief as the Court deems just and proper.

---

[1] The Reorganized Debtor in this chapter 11 case is Mallinckrodt plc. On May 3, 2023, the Court entered an order closing the chapter 11 cases of the Reorganized Debtor's debtor affiliates. A complete list of the debtor affiliates in these chapter 11 cases may be obtained on the website of the Reorganized Debtor's claims and noticing agent at http://restructuring.ra.kroll.com/Mallinckrodt. The Reorganized Debtor's mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan (as defined below).

[3] Pursuant to rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("***Local Rules***"), the filing of this Motion prior to the expiration of the current deadline to object to Administrative Claims automatically extends such deadline until such time as the Court rules on this Motion.

**JURISDICTION**

2.  The United States Bankruptcy Court for the District of Delaware (the "***Court***") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. Further, pursuant to the Confirmation Order (as defined below), this Court has expressly "retain[ed] exclusive jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases and the Plan." Confirmation Order, ¶ 320. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Reorganized Debtor confirms its consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") and Local Rule 9013-1(f) to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue of this case and this Motion in this district are proper under 28 U.S.C. §§ 1408 and 1409.

3.  The statutory and legal predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (the "***Bankruptcy Code***") and Bankruptcy Rule 9006(b).

**BACKGROUND**

4.  On October 12, 2020 (the "***Petition Date***"), the Reorganized Debtor and its debtor affiliates filed voluntary petitions with the Court commencing cases for relief under chapter 11 of the Bankruptcy Code (the "***Chapter 11 Cases***").

5.  On October 27, 2020, the Office of the United States Trustee for the District of Delaware (the "***U.S. Trustee***") appointed, pursuant to section 1102 of the Bankruptcy Code: (a) an official committee of unsecured creditors [Docket No. 306]; and (b) an official committee of opioid-related claimants [Docket No. 308], both of which were dissolved on the Effective Date (as defined below) except for limited purposes set forth in the Plan.

2

6. On March 2, 2022, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming Fourth Amended Joint Plan of Reorganization (with Technical Modifications) of Mallinckrodt plc and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* (the "***Confirmation Order***") [Docket No. 6660], confirming the Reorganized Debtor's chapter 11 plan (the "***Initial Confirmed Plan***").

7. On June 8, 2022 the Court entered the *Order (I) Authorizing Modification of the Debtors' Fourth Amended Joint Plan of Reorganization (with Technical Modifications) of Mallinckrodt plc and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code, (II) Determining that Further Disclosure and Resolicitation of Votes Are Not Required, (III) Deeming the Amended Plan as Accepted, and (IV) Granting Such Other Relief as the Court Deems Just and Proper* [Docket No. 7602] (the "***Plan Modification Order***") authorizing certain modifications to the Initial Confirmed Plan as reflected in the *Modified Fourth Amended Joint Plan of Reorganization (with Technical Modifications) of Mallinckrodt plc and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 7589-1] (the "***Plan***"). Pursuant to the Plan Modification Order, the Confirmation Order was made applicable to the Plan.

8. The Plan went effective on June 16, 2022 (the "***Effective Date***"). *See* Docket No. 7652 ("***Notice of Effective Date***").

9. On May 3, 2023, the Court entered the *Order and Final Decree Closing Certain Chapter 11 Cases in Connection with Reorganized Debtors' Plan of Reorganization* [Docket No. 8760] (the "***Final Decree Order***"), closing each of the Chapter 11 Cases other than the Chapter 11 Case of the Reorganized Debtor. Pursuant to paragraph 10 of the Final Decree Order, entry of such order was without prejudice to the rights of the Reorganized Debtor to, among other things, object to claims filed against the Reorganized Debtor or any of its debtor affiliates.

## CLAIMS PROCESS

10.     On November 30, 2020, the Court entered an order [Docket No. 667] (the "**Bar Date Order**") establishing certain deadlines for parties in interest to file proofs of claim in the Chapter 11 Cases. Accordingly, the *Notice of Deadlines for Filing of Proofs of Claim, Including 503(a)(9) Claims and Excluding Opioid Claims* [Docket No. 1137] (the "**Bar Date Notice**"), filed on January 12, 2021, established: (a) February 16, 2021 as the deadline by which all entities holding claims, whether secured claims, unsecured priority claims, unsecured non-priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code against the Reorganized Debtor and its debtor affiliates that arose prior to the Petition Date must file proofs of claim; and (b) April 21, 2021 as the deadline by which all governmental units holding claims against the Reorganized Debtor and its debtor affiliates (whether secured, unsecured priority, or unsecured non-priority) that arose before the Petition Date must file proofs of claim.

11.     On December 23, 2020, the Reorganized Debtor and its debtor affiliates filed their schedules of assets and liabilities and statements of financial affairs [Docket Nos. 943-47, 949-82, 984-1015, 1017-29, 1031-74], some of which were subsequently amended on February 26, 2021 [Docket Nos. 1528-48] (collectively, the "**Schedules**").

12.     In accordance with the Bar Date Order, Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC) ("**Kroll**"), the Reorganized Debtor's court-appointed claims and noticing agent, mailed Bar Date Notice and proof of claim forms to, among others, all of the Reorganized Debtor's creditors and other known parties in interest as of the Petition Date. *See* Docket Nos. 1220, 1308, 1403, 1443, 1465, 1607, 1958, 2110 and 2183. The Bar Date Notice was also published once in the national edition of *The New York Times* and once in various local publications. *See* Docket No. 1387.

**ADMINISTRATIVE CLAIMS**

13. Pursuant to the Plan, "[e]xcept for any Administrative Claim subject to the Initial Administrative Claims Bar Date, all requests for payment of an Administrative Claim . . . must be Filed with the Bankruptcy Court and served on the Debtor[] no later than the Administrative Claims Bar Date." Plan Article II.A.3. Under the Plan, the Administrative Claims Bar Date "means, for Administrative Claims other than Professional Fee Claims, the Restructuring Expenses, any Opioid Claims or VI Opioid Claims, the earlier of: (a) the bar date established for any such Administrative Claims by separate order of the Bankruptcy Court and (b) the date that is the 60th day after the Effective Date." Plan Article I.A.4. Accordingly, the Notice of Effective Date established August 15, 2022 as the Administrative Claims Bar Date.

14. The Plan provides that the Administrative Claims Objection Deadline shall be "the later of (a) 120 days after the Administrative Claims Bar Date and (b) such other deadline as may be specifically fixed by the Debtor[] . . . or by an order of the Bankruptcy Court." Plan Article I.A.38.

15. On January 10, 2023, the Court entered the *Order Extending the Deadline to Object to Administrative Claims Under the Plan* [Docket No. 8451] (the "***Extension Order***"). Pursuant to the Extension Order, the deadline to object to Administrative Claims was extended from December 13, 2022 to April 12, 2023 (the "***Second Deadline***").

16. On May 3, 2023, the Court entered the *Order Extending the Deadline to Object to Administrative Claims Under the Plan* [Docket No. 8759] (the "***Second Extension Order***"). Pursuant to the Second Extension Order, the deadline to object to Administrative Claims was extended from April 12, 2023 to August 10, 2023 (the "***Third Deadline***").

17. On August 25, 2023, the Court entered the *Third Order Further Extending the Deadline to Object to Administrative Claims Under the Plan* [Docket No. 8937] (the "***Third***

5

*Extension Order*"). Pursuant to the Third Extension Order, the deadline to object to Administrative Claims was extended from August 10, 2023 to December 8, 2023 (the "**Fourth Deadline**").

18. On December 27, 2023, the Court entered the *Fourth Order Further Extending the Deadline to Object to Administrative Claims Under the Plan* [Docket No. 9002] (the "**Fourth Extension Order**"). Pursuant to the Fourth Extension Order, the deadline to object to Administrative Claims was extended from December 8, 2023 to April 5, 2024.

19. On April 19, 2024, the Court entered the *Fifth Order Further Extending the Deadline to Object to Administrative Claims Under the Plan* [Docket No. 9098] (the "**Fifth Extension Order**"). Pursuant to the Fifth Extension Order, the deadline to object to Administrative Claims was extended from April 5, 2024 to August 2, 2024.

20. The claims register, as prepared and maintained by Kroll, shows that approximately 1,600 Administrative Claims have been filed in the Chapter 11 Cases.

## SECOND CHAPTER 11 FILING

21. On August 28, 2023, substantially all of the debtors that had filed the Chapter 11 Cases filed chapter 11 cases in this Court, which cases were jointly administered under Case Number 23-11258 (JTD) (the "**Second Chapter 11 Cases**"). The chapter 11 plan in the Second Chapter 11 Cases went effective on, and was substantially consummated on, November 14, 2023.

## BASIS FOR RELIEF

22. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105. *See, e.g.*, *Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 609 (2d Cir. 2007) ("Section 105(a) grants broad equitable power to the bankruptcy courts to carry out the provisions of the Bankruptcy Code so long as that power is exercised within the confines of the Bankruptcy

6

Code"). Further, Article I.A.38 provides that the Administrative Claims Objection Deadline is the later of 120 days after the Administrative Claims Bar Date and "such other deadline as may be specifically fixed by the Debtor[] . . . or by an order of the Bankruptcy Court." *See* Plan Article I.A.38. And Article VII.E provides that "[a]ny objections to Administrative Claims shall be Filed on or before the Administrative Claims Objection Deadline, subject to any extensions thereof approved by the Bankruptcy Court." *See* Plan Article VII.E. Accordingly, this Court has authority to extend the Administrative Claims Objection Deadline.

23.     Here, good and sufficient cause exists to extend the Administrative Claims Objection Deadline. As it did prior to the Fifth Extension Order, the Reorganized Debtor continues to review and reconcile the many Administrative Claims filed in the Chapter 11 Cases. For example, on June 28, 2024, Mr. Russell Smestad withdrew his administrative claims after reaching an agreement with the Reorganized Debtor. *See* Docket Number 9131. In addition, on April 25, 2024, the Third Circuit issued a ruling in favor of the Reorganized Debtor in its appeal against Sanofi regarding Sanofi's general unsecured claims, which the Reorganized Debtor believes will also resolve Sanofi's pending administrative claim.

24.     As of the filing of this Motion, the Reorganized Debtor estimates that it has only approximately 80 claims pending against it, many of which are duplicates filed by the same claimants and nearly all of which are litigation claims. Many of the litigation claims pending against the Reorganized Debtor overlap to some extent with claims pending against the General Unsecured Claims Trust (as defined in the Plan). The Reorganized Debtor understands that the trust is and has been negotiating potential resolutions with such claimants, which resolutions could potentially resolve the claimants' Administrative Claims as well. *See, e.g.,* Docket Number 9077 (order approving settlement between the Debtors, the General Unsecured Claims Trust, and the

United States regarding environmental claims). Rather than complicating such negotiations and/or filing premature claim objections, the Reorganized Debtor has been comfortable with the General Unsecured Claims Trust driving the negotiations and seeking potential resolutions.

25. Thus, the relief requested herein will provide the Reorganized Debtor with additional time to pursue consensual resolutions of disputed Administrative Claims and/or file objections where such resolutions cannot be reached. The Reorganized Debtor believes that filing objections to the Administrative Claims at this time may prematurely foreclose the potential for out-of-court resolutions with respect to certain Administrative Claims and would be a waste of judicial resources.

26. Finally, absent the relief requested, the Reorganized Debtor may lack adequate time and resources necessary to fully evaluate and object, if necessary, to Administrative Claims, which may lead to inaccurate recoveries to the detriment of both the Reorganized Debtor and all administrative creditors.

27. Accordingly, the Reorganized Debtor submits that a 122-day extension of the Administrative Claims Objection Deadline, through and including December 2, 2024, is reasonable and appropriate under the circumstances.

**NOTICE**

28. Notice of this Motion has been provided to the following parties or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) the General Unsecured Claims Trust (as defined in the Plan); (iii) the Asbestos Trust (as defined in the Plan); (iv) the Opioid MDT II (as defined in the Plan); and (v) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002. The Reorganized Debtor submits that, under the circumstances, no other or further notice need be provided.

## **NO PRIOR REQUEST**

29.  No previous request for the relief sought herein has been made by the Reorganized Debtor to this Court or any other court.

**WHEREFORE**, the Reorganized Debtor respectfully requests that the Court enter the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

Dated: August 1, 2024
      Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**

 /s/ *Brendan J. Schlauch* 
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Amanda R. Steele (No. 5530)
Brendan J. Schlauch (No. 6115)
Emily R. Mathews (No. 6866)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone:     (302) 651-7700
Facsimile:     (302) 651-7701
Email: collins@rlf.com
        merchant@rlf.com
        steele@rlf.com
        schlauch@rlf.com
        mathews@rlf.com

-and-

**LATHAM & WATKINS LLP**
George A. Davis (admitted *pro hac vice*)
Christopher Harris (admitted *pro hac vice*)
George Klidonas (admitted *pro hac vice*)
Andrew Sorkin (admitted *pro hac vice*)
Anupama Yerramalli (admitted *pro hac vice*)
Hugh K. Murtagh (admitted *pro hac vice*)
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: george.davis@lw.com
       christopher.harris@lw.com
       george.klidonas@lw.com
       andrew.sorkin@lw.com
       anu.yerramalli@lw.com
       hugh.murtagh@lw.com

-and-

Jeffrey E. Bjork (admitted *pro hac vice*)
355 South Grand Avenue, Suite 100
Los Angeles, California 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email:  jeff.bjork@lw.com

-and-

Jason B. Gott (admitted *pro hac vice*)
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767
Email:  jason.gott@lw.com

*Counsel for Reorganized Debtor*