**EXHIBIT 2**

4866-8090-2345.7 54469.001

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This *Settlement Agreement and Mutual Release* (the "Settlement Agreement") is entered into by and among Heather L. Barlow, solely in her capacity as the Trustee (the "General Unsecured Claims Trustee") of the Mallinckrodt General Unsecured Claims Trust (the "General Unsecured Claims Trust" and together with the General Unsecured Claims Trustee, the "Trust Parties"); Mallinckrodt plc, on behalf of itself and each of the Reorganized Debtors (defined below)[1] in the chapter 11 cases captioned *In re Mallinckrodt PLC, et al.*, Case No. 20-12522 (JTD), pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and Evernorth Health Inc. f/k/a Express Scripts Holding Company, Express Scripts, Inc., CuraScript, Inc. d/b/a/ CuraScript SP Specialty Pharmacy, Priority Healthcare Corp., Priority Healthcare Distribution, Inc. d/b/a CuraScript SD Specialty Distribution, Accredo Health Group, Inc., and United BioSource LLC (collectively, the "Express Scripts Entities").  The General Unsecured Claims Trustee, the Reorganized Debtors, and the Express Scripts Entities may be referenced herein collectively as the "Parties" and/or each as a "Party."

## Recitals

**WHEREAS**, on October 12, 2020 (the "Petition Date"), Mallinckrodt plc and certain of its affiliated debtors and debtors in possession (collectively, the "Debtors") commenced their chapter 11 cases captioned *In re Mallinckrodt PLC, et al.*, Case No. 20-12522 (JTD) ("Mallinckrodt 1") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy

---

[1] A complete list of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at http://restructuring.ra.kroll.com/Mallinckrodt.

4874-3865-4194.1 54469.001

Code in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>"); and

WHEREAS, on March 2, 2022, the Bankruptcy Court confirmed the *Fourth Amended Joint Plan of Reorganization (with Technical Modifications) of Mallinckrodt plc and its Debtor Affiliates under Chapter 11 of the Bankruptcy Code* [D.I. 6066] (as further modified, the "<u>Mallinckrodt 1 Plan</u>") [D.I. 6660];[2] and

WHEREAS, the Mallinckrodt 1 Plan created, among other things, the General Unsecured Claims Trust for the benefit of General Unsecured Creditors; and

WHEREAS, pursuant to the Mallinckrodt 1 Plan and the General Unsecured Claims Trust Agreement, the General Unsecured Claims Trustee is responsible for administering, disputing, compromising and settling or otherwise resolving and finalizing payments or other distributions with respect to Holders of Class 6 and certain Class 7 Claims that are General Unsecured Claims Trust Beneficiaries under the Mallinckrodt 1 Plan; and

WHEREAS, pursuant to section 4.11.2 of the Trust Agreement, the GUC Trustee is required to seek Bankruptcy Court approval of the resolution of any General Unsecured Claim proposed to be allowed in an amount in excess of $1,000,000 on notice and, to the extent the required by the Bankruptcy Court, a hearing; and

WHEREAS, the Mallinckrodt 1 Plan became effective on June 16, 2022, and on that date, the General Unsecured Claims Trust was formed, and the General Unsecured Claims Trustee was appointed; and

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Mallinckrodt 1 Plan or in the General Unsecured Claims Trust Agreement (the "<u>General Unsecured Claims Trust Agreement</u>"), dated as of June 16, 2022, between the General Unsecured Claims Trustee and the Reorganized Debtors, as applicable.

**WHEREAS**, Article I.A.28 of the Mallinckrodt 1 Plan defines an "Acthar Claim" as "a non-ordinary course Claim or Cause of Action (other than a Claim resolved by the Federal/State Acthar Settlement) arising out of, relating to, or in connection with the Debtors' pricing and sale of Acthar® Gel product, including all Claims and Causes of Action in the Acthar Lawsuits and any and all similar Claims and Causes of Action;" and

**WHEREAS**, pursuant to Article III.B.6 of the Mallinckrodt 1 Plan, the Acthar Claims are classified and treated as Class 6(a) — Acthar Claims; and

**WHEREAS**, pursuant to Article III.B.6 of the Mallinckrodt 1 Plan, each Holder of an Allowed Acthar Claim is entitled to receive its pro rata share of the Acthar Claims Recovery; and

**WHEREAS**, on or about February 15, 2021, the Express Scripts Entities filed claim number 4197 ("Claim No. 4197") against Debtor Mallinckrodt ARD LLC ("Mallinckrodt ARD") as a general unsecured claim in an unliquidated amount; and

**WHEREAS**, on or about February 15, 2021, the Express Scripts Entities filed claim number 4510 ("Claim No. 4510" and collectively with Claim No. 4197, the "Express Scripts GUC Claims") against Debtor Mallinckrodt plc as a general unsecured claim in an unliquidated amount; and

**WHEREAS**, on or about June 28, 2021, the Express Scripts Entities filed claim number 50995 ("Claim No. 50995") against Debtor Mallinckrodt plc as an administrative expense claim in an unliquidated amount, and

**WHEREAS**, on or about June 28, 2021, the Express Scripts Entities filed claim number 51056 (collectively with Claim No. 50995, the "Express Scripts Administrative Expense Claims") against Debtor Mallinckrodt ARD, and

**WHEREAS**, on August 23, 2023, certain of the Reorganized Debtors commenced the chapter 11 cases captioned *In re Mallinckrodt plc*, No. 23-11258 (JTD) (Bankr. D. Del.) by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court (the "Mallinckrodt 2 Bankruptcy"); and

**WHEREAS**, on October 10, 2023, the Bankruptcy Court entered *its Order Approving (I) the Disclosure Statement and (II) Confirming the First Amended Prepackaged Joint Plan of Reorganization of Mallinckrodt PLC and its Debtor Affiliates under Chapter 11 of the Bankruptcy Code* [Case No. 23-11258, D.I. 522]; and

**WHEREAS**, pursuant to the *First Amended Prepackaged Joint Plan of Reorganization of Mallinckrodt plc and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* filed in the 2023 Cases (the "Mallinckrodt 2 Plan"), holders of General Unsecured Claims (as defined therein) are "Unimpaired", or not "'impaired' within the meaning of sections 1123(a)(4) and 1124 of the United States Bankruptcy Code, and accordingly, the rights of the General Unsecured Claims Trust, the General Unsecured Claims Trustee, and the holders of general unsecured claims Mallinckrodt 1 were unaffected by Mallinckrodt 2; and

**WHEREAS**, since the Mallinckrodt 2 Plan became effective on November 14, 2023, the Mallinckrodt Entities continue to do business as reorganized business entities (collectively, the "Reorganized Debtors"), and the GUC Trustee and the beneficiaries of the GUC Trust continue to be governed by the Mallinckrodt 1 Confirmation Order, the Mallinckrodt 1 Plan, and the General Unsecured Claims Trust Documents (as defined in the Mallinckrodt 1 Plan); and

**WHEREAS**, in order to resolve the Express Scripts GUC Claims and to avoid the costs, expenses, disruption, and risks associated with continuing the litigation of the Express Scripts GUC Claims, the Parties engaged in good faith, arms' length negotiations and have agreed to

resolve the Express Scripts GUC Claims, and all other disputes relating to the Express Scripts GUC Claims in their entirety on the terms set forth herein;

**NOW THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which is acknowledged, the Parties agree that:

## AGREEMENT

1.   **Recitals Incorporated**.  The above Recitals are incorporated by reference as if fully set forth herein.

2.   **Bankruptcy Court Approval**.  Within ten (10) days following execution of this Settlement Agreement, the General Unsecured Claims Trustee shall file a motion with the Bankruptcy Court pursuant to Bankruptcy Rule 9019 (the "9019 Motion") seeking the Bankruptcy Court's approval of the settlement embodied in this Settlement Agreement, in form and substance acceptable to the Express Scripts Entities.

3.   **Treatment of the Express Scripts GUC Claims**.  The Parties hereby agree that upon the Effective Date (defined below), (1) Claim No. 4510 shall be allowed as a general unsecured, non-priority Class 6(a) claim against Mallinckrodt ARD in the amount (the "Express Scripts Entities Allowed GUC Amount") of two million seven hundred thousand dollars ($2,700,000) and shall be treated as a Class 6(a) — Acthar Claim such that in accordance with the terms of the Mallinckrodt 1 Plan, the Express Scripts Entities shall be entitled to receive their Pro Rata Share of the Acthar Claims Recovery on account of the Express Scripts Entities Allowed GUC Amount, which Pro Rata Share shall be two million seven hundred thousand dollars ($2,700,000) in cash, payable within 10 days after the Effective Date; and (2) Claim No. 4197 shall be deemed expunged, and disallowed as duplicative of Claim 4510 in all respects. Each Express Scripts Entity agrees that it shall not be entitled to receive (and waives any right it might have to receive) any distribution on account of the Express Scripts Claims except as set

forth herein.  Upon the Effective Date, the Notice and Claims Agent is authorized to revise the Claims Register to reflect the terms of this Paragraph 3 of the Agreement.  Notwithstanding the foregoing and for the avoidance of doubt, nothing in this Agreement is intended to allow, disallow, expunge, release, or otherwise affect the Express Scripts Administrative Expense Claims, and the Parties expressly reserve and preserve all rights regarding the Express Scripts Administrative Expense Claims.

4. **Effective Date**.  This Settlement Agreement shall become effective upon entry of an order of the Bankruptcy Court granting the 9019 Motion, which order has not been stayed (the "Effective Date").

5. **Release of the Express Scripts Entities**.  As of the Effective Date, and except for the obligations and agreements set forth in this Settlement Agreement, the General Unsecured Claims Trustee, on behalf of herself and the GUC Trust, and Mallinckrodt plc on behalf of itself and each of the Reorganized Debtors and their estates (collectively, the "Mallinckrodt Parties") hereby releases, acquits and forever discharges the Express Scripts Entities and their past and present officers, directors, partners, principals, agents, servants, employees, representatives, affiliates, and attorneys (collectively, the "Express Scripts Releasees") from any and all claims, actions, causes of action, obligations, liabilities, judgments, suits, debts, attorneys' fees, costs, sums of money, benefits of any type, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, damages, claims and demands whatsoever in law, or in equity, relating to the Express Scripts GUC Claims that arose or existed prior to the Petition Date, that any of the Mallinckrodt Parties or their respective administrators, successors, affiliates or assigns, has ever had or now has against the Express Scripts Releasees each in their capacity as such from the beginning of the world to the Effective Date.

6.      **Release of the Mallinckrodt Parties**.  As of the Effective Date, and except for the obligations and agreements set forth in this Settlement Agreement, each Express Scripts Entity, solely on behalf of itself, hereby releases, acquits and forever discharges each of the Mallinckrodt Parties and each of their respective past and present officers, directors, members, managers, partners, principals, agents, servants, employees, representatives, affiliates, advisors, and attorneys (collectively, the "Mallinckrodt Releasees") from any and all claims, actions, causes of action, obligations, liabilities, judgments, suits, debts, attorneys' fees, costs, sums of money, benefits of any type, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, damages, claims and demands whatsoever in law, or in equity, relating to the Express Scripts GUC Claims that arose or existed prior to Petition Date, that any of the Express Scripts Entities or any of their respective administrators, successors, affiliates or assigns, has ever had or now has against any of the Mallinckrodt Releasees each in their capacity as such from the beginning of the world to the Effective Date.

7.      **GUC Trust**.  In addition to the release set forth in paragraph 6 above, and except for the obligations and agreements set forth in this Settlement Agreement, each Express Scripts Entity, solely on behalf of itself, hereby releases, acquits and forever discharges the General Unsecured Claims Trustee (in her capacity as such), the GUC Trust, and the members of the General Unsecured Claims Trust Advisory Committee (in their respective capacities as such) (together, in such capacities, the "GUC Trust Releasees") from any and all claims, actions, causes of action, obligations, liabilities, judgments, suits, debts, attorneys' fees, costs, sums of money, benefits of any type, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, damages, claims and demands whatsoever in law, or in equity, that it has ever had or now has against any of the GUC Trust Releasees, each in their

capacity as such from the beginning of the world to the Effective Date.  The Express Scripts Entities agree that they will not serve third party discovery on the GUC Trust Releasees, each in their capacity as such, *provided, however*, and for the avoidance of doubt, nothing in this Settlement Agreement shall impact (i) the rights of the Express Scripts Entities to serve third party discovery in the Acthar Lawsuits (as defined in the Mallinckrodt 1 Plan) on Acument Global Technologies, Inc. ("Acument Global") and Shelley Wagner, except in Ms. Wagner's capacity as a member of the General Unsecured Claims Trust Advisory Committee , and (ii) the rights of Acument Global and Ms. Wagner to the object to any such third-party discovery.

8. **Expenses**.  The Parties shall each bear their own costs, expenses, and attorneys' fees incurred to date in connection with the underlying disputes and this Settlement Agreement.

9. **Capacity to Enter Into the Settlement Agreement**.  Each of the Parties certifies, represents, states, and warrants that he, she, or it has the authority, capacity, power, and right to enter into and fully perform its obligations under this Settlement Agreement, and neither this Settlement Agreement nor the release of any claim pursuant to this Settlement Agreement violates any agreement, duty, law, rule, or regulation by which it is bound.  Each of the individuals signing this Settlement Agreement below certifies, represents, states, and warrants that he, she, or they has the authority, capacity, power, and right to bind the Party on whose behalf such individual is executing this Settlement Agreement to the obligations set forth herein, and such individual, by executing this Settlement Agreement, is not violating any agreement, duty, law, rule, or regulation by which he, she, they, or it is bound.  Each of the Express Scripts Entities represents and warrants that it has not acquired its rights in respect of its Express Scripts Claim(s) from any other person or entity.

10. **Representation by Legal Counsel**.  Each Party represents that he, she, they, or it obtained legal counsel of his, her, their, or its own choosing in connection with the negotiation, preparation and execution of this Settlement Agreement.

11. **No Assignment of Claims or Encumbrance of Property**.  Each Express Scripts Entity represents and warrants that it has not assigned or encumbered to any third party any of the Express Scripts GUC Claims that are the subject of this Settlement Agreement.

12. **Truth and Accuracy of Warranties and Representations**.  Each warranty and representation set forth in this Settlement Agreement will be or the Party making the same will cause it to be true and correct from the execution of this Settlement Agreement until the performance by each Party of his, her, or its obligations under this Settlement Agreement.

13. **Survival**.  This Settlement Agreement and each certification, condition, covenant, disclaimer, disclosure, duty, obligation, promise, provision, release, representation, statement, term, waiver, and warranty in this Settlement Agreement will survive the consummation of all terms and conditions of this Settlement Agreement.

14. **Further Assurances**.  Each Party shall execute any and all additional documents and take all additional steps which may be appropriate and/or necessary to consummate and effectuate this Settlement Agreement.

15. **No Admission of Liability**.  This Agreement is a compromise of disputed claims and is not, and shall never be construed as, an admission of liability or responsibility for any purpose by any Party.

16. **Headings**.  The headings of the paragraphs of this Settlement Agreement have been included only for convenience and shall not be deemed in any manner to modify or limit

any of the provisions of this Settlement Agreement or be used in any manner in the interpretation of this Settlement Agreement.

17. **Entire Agreement**.  This Settlement Agreement constitutes the entire understanding and agreement between the Parties regarding its subject matter and it supersedes all prior or contemporary understandings or agreements.  No modification, supplement, termination, or waiver shall be binding or enforceable unless it is executed in writing by each Party to be bound.

18. **No Waiver**.  No waiver of any of the provisions of this Settlement Agreement shall constitute a waiver of any other provision of this Settlement Agreement or a continuing waiver.  No waiver shall be binding unless it is executed by the Party making the waiver.

19. **Severability**.  If any term or provision of this Settlement Agreement is held by a court of competent jurisdiction to be illegal, invalid or unenforceable for any reason, then the remaining portions of this Settlement Agreement will remain in full force and effect, unless such portion of the Settlement Agreement is so material, its deletion would violate the purpose and intent of the Parties.

20. **Not Construed Against Preparing Party**. This Settlement Agreement was the result of negotiations among the Parties and their respective counsel.  In the event of vagueness, ambiguity or uncertainty, this Settlement Agreement shall not be construed against any Party, but shall be construed as if all Parties prepared it jointly.

21. **No Other Beneficiaries**.  Each Party acknowledges this Settlement Agreement is solely for his, her, their, or its benefit except as specifically provided by this Settlement Agreement.

22. **Governing Law and Jurisdiction**.  This Settlement Agreement shall be governed by the laws of Delaware and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws principles or any other rule, regulation or principle that would result in the application of any other state's law.  The Bankruptcy Court shall maintain exclusive jurisdiction (and the Parties consent to such retention of jurisdiction) over any disputes concerning the Settlement Agreement which arise among the Parties.

23. **Modification**.  This Settlement Agreement shall not be modified orally by the Parties.  All modifications must be in writing and signed by each Party to be bound.

24. **Counterparts and Signatures**.  This Settlement Agreement may be executed in counterparts, which shall together constitute one document.  A facsimile or electronic signature shall constitute an original signature.

25. **Meanings of Pronouns and Effect of Headings**.  As used in this Settlement Agreement and attached exhibits, the masculine, feminine and/or neuter gender, and the singular or plural form shall include the other gender or form when appropriate.  The captions and paragraph headings in this Settlement Agreement are used solely for convenience or reference and shall not restrict, limit or otherwise affect the meaning of this Settlement Agreement.

26. **Successors and Assigns**.  This Agreement shall be binding upon and shall inure to the benefit of each Party hereto and their respective heirs, successors and assigns.

[Remainder of page intentionally left blank]

IN WITNESS WHEREOF, this Settlement Agreement is hereby executed as of the date(s) set forth below:

ACCEPTED AND AGREED TO BY:

MALLINCKRODT GENERAL UNSECURED CLAIMS TRUST

By: __/s/ Heather L. Barlow_____
Name: Heather L. Barlow
    Solely in capacity as Trustee of
    Mallinckrodt General Unsecured
    Claims Trust

October 29, 2024

MALLINCKRODT PLC
on behalf of itself and the
Reorganized Debtors

By: _____
Name: Mark Tyndall
Title: EVP, Chief Legal Officer & Corporate Secretary

October 23, 2024

EXPRESS SCRIPTS, INC. on behalf itself and each of the Express Scripts Entities

October ___, 2024

By: _____
Name:
Position:

IN WITNESS WHEREOF, this Settlement Agreement is hereby executed as of the date(s) set forth below:

ACCEPTED AND AGREED TO BY:

MALLINCKRODT GENERAL UNSECURED
CLAIMS TRUST

By:_____
Name: Heather L. Barlow                                                                                          October __, 2024
        Solely in capacity as Trustee of
        Mallinckrodt General Unsecured
        Claims Trust


MALLINCKRODT PLC
on behalf of itself and the
Reorganized Debtors


By:_____
Name:                                                                                                                        October __, 2024
Title:


EXPRESS SCRIPTS, INC. on behalf itself and
each of the Express Scripts Entities                                                                      October 29, 2024

By:_____
Name:    Urmila Paranjpe Baumann
Position:    Chief Counsel, Litigation