IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
:
In re: : Chapter 11
:
MALLINCKRODT PLC, *et al.*, : Case No. 20-12522 (JTD)
:
Reorganized Debtors.[1] : (Jointly Administered)
:
: Obj. Deadline: December 16, 2024 at 4:00 p.m. (ET)
: Hearing Date: January 7, 2025 at 10:00 a.m. (ET)
---------------------------------------------------------- x

**GENERAL UNSECURED CLAIMS TRUSTEE'S FIFTH MOTION FOR AN ORDER EXTENDING THE CLAIMS OBJECTION DEADLINE**

Heather L. Barlow, solely in her capacity as the Trustee (the "**Trustee**")[2] of the Mallinckrodt General Unsecured Claims Trust (the "**Trust**"), by and through her undersigned counsel, hereby submits the *General Unsecured Claims Trustee's Fifth Motion for an Order Extending the Claims Objection Deadline* (the "**Motion**"). In support of the Motion, the Trustee states as follows:

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Trustee confirms her consent, pursuant to rule 7008 of the Federal Rules of

---

[1] A complete list of the above captioned reorganized debtors (the "**Reorganized Debtors**") in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at http://restructuring.ra.kroll.com/Mallinckrodt. The Reorganized Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

[2] Capitalized terms used herein without definition shall have the meanings ascribed to them in the General Unsecured Claims Trustee Agreement [Docket No. 7684-7], dated as of June 16, 2022 (the "**Trust Agreement**"), between the Trustee and the Reorganized Debtors or the *Modified Fourth Amended Joint Plan of Reorganization (with Technical Modifications) of Mallinckrodt plc and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 7670] (the "**Plan**").

Bankruptcy Procedure (the "**Bankruptcy Rules**"), to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On October 12, 2020 (the "**Petition Date**"), the above captioned reorganized debtors (the "**Reorganized Debtors**") commenced with the Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code. On October 27, 2020, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed, pursuant to section 1102 of the Bankruptcy Code: (a) an official committee of unsecured creditors [Docket No. 306]; and (b) an official committee of opioid-related claimants [Docket No. 308]. The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4. On March 2, 2022 the Court entered its *Finding of Facts, Conclusions of Law, and Order Confirming the Fourth Amended Joint Plan of Reorganization (with technical modifications) of Mallinckrodt plc and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 6660] (the "**Confirmation Order**") confirming the Reorganized Debtors' chapter 11 plan (the "**Initial Confirmed Plan**").

5. On June 8, 2022, the Court entered the *Order (I) Authorizing Modification of the Debtors' Fourth Amended Joint Plan of Reorganization (with Technical Modifications) of Mallinckrodt plc and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code, (II) Determining that Further Disclosure and Resolicitation of Votes Are Not Required (III) Deeming*

2

*the Amended Plan as Accepted, and (IV) Granting Such Other Relief as the Court Deems Just and Proper* [Docket No. 7602] (the "**Plan Modification Order**") authorizing certain modifications to the Initial Confirmed Plan as reflected in the Plan. Pursuant to the Plan Modification Order, the Confirmation Order was made applicable to the Plan.

6. The Plan also incorporated the UCC Settlement described in the *Mallinckrodt GUC Settlement Term Sheet* which was filed on September 3, 2021 [Docket No. 4121-1] and provides, among other things, for (i) the distribution of certain cash and non-cash consideration to Class 6 creditors via the General Unsecured Claims Trust, and (ii) an allocation of that consideration among the Class 6 subclasses. *See* Plan § III.B.6, Exh. 6. The Plan also provides for the assumption by the General Unsecured Claims Trust of Class 6 and Class 7 Claims, and, in connection therewith, the right to resolve all such Claims. *Id.* § IV.HH.1, Exh. 6.

7. The Plan became effective on June 16, 2022 [Docket No. 7652] (the "**Effective Date**"). Simultaneously therewith, the General Unsecured Claims Trust was formed, and the Trustee was appointed.

8. Under the Trust Agreement, which was filed on June 22, 2022 as part of the twentieth plan supplement to the Plan [Docket No. 7684-7], the Trustee is responsible for "administering, disputing, compromising and settling or otherwise resolving and finalizing payments or other distributions with respect to Holders of General Unsecured Claims that are General Unsecured Claims Trust Beneficiaries under the Plan." Trust Agreement § 4.11.1.

9. The Trust Agreement also provides the Trustee with the power to "review, reconcile, allow, object to, compromise, settle and withdraw objections to General Unsecured Claims[.]" Trust Agreement § 3.1.4.

3

10. The Plan provides that the any objections to general unsecured claims and trade claims assumed by the General Unsecured Claims Trust shall be served and filed by the Trustee on or before the later of (a) two-hundred and seventy (270) days after the Effective Date and (b) such later date as may be fixed by this Court (the "**Claims Objection Deadline**"). Plan § IV.HH.8.

11. On February 7, 2023, the Trustee filed the *General Unsecured Claims Trustee's Motion for an Order Extending the Claims Objection Deadline* [D.I. 8547] (the "**First Extension Motion**") requesting the Court extend by approximately 180 days (the "**First Extension Period**") the deadline by which the Trustee must object to general unsecured claims and trade claims.

12. By order dated February 23, 2023 (the "**First Extension Order**"), the Court approved the First Extension Motion and set the Claims Objection Deadline as Monday, September 11, 2023.

13. During the First Extension Period, the Trustee's efforts resulted in, among other things, the following:

- this Court entered orders [D.I. 8559, 8636, 8769] approving the relief sought in the Trustee's first, second and third omnibus objections (substantive) to claims, resulting in the expungement of over 250 claims;[3]

- this Court entered an order [D.I. 8779] approving the relief sought in the Trustee's fourth omnibus objection (substantive) to claims, resulting in the expungement of 10 general unsecured claims that had an asserted value in excess of $6.8 million for unearned contingent value rights related to a December 2017 contingent value rights agreement; and

---

[3] Following a contested hearing, this Court permitted the withdrawal of two of the proofs of claim subject to objection in the Trustee's Third Omnibus Objection.

- this Court entered an order [D.I. 8779] approving a settlement agreement between the General Unsecured Claims Trustee and sanofi-aventis US ("**Sanofi**"), LLC that fully and finally resolved all of Sanofi's general unsecured claims, as well as certain ongoing litigation against the Reorganized Debtors.

14. On July 26, 2023, the Trustee filed the *General Unsecured Claims Trustee's Second Motion for an Order Extending the Claims Objection Deadline* [D.I. 8900] (the "**Second Extension Motion**") requesting the Court extend by approximately 180 days (the "**Second Extension Period**") the deadline by which the Trustee must object to general unsecured claims and trade claims.

15. By order dated August 16, 2023 [D.I. 8926] (the "**Second Extension Order**"), the Court approved the Second Extension Motion and set the Claims Objection Deadline as Monday, March 11, 2024.

16. During the period that the Second Extension Motion was pending and during the Second Extension Period, the Trustee's efforts resulted in, among other things, the following:

- this Court entered orders [D.I. 8919, 8920] resulting in the consensual resolution of claims number 4796, 5419, 4624, 5291, 5396 and 6263;

- this Court entered an order [D.I. 8927] approving the relief sought in the Trustee's fifth omnibus objection to claims, resulting in the expungement of 70 additional claims; and

- the Trustee, the Reorganized Debtors, and the United States, on behalf of (a) the United States Department of the Interior, (b) the United States Fish and Wildlife Service, and (c) the United States Environmental Protection Agency and reached a consensual resolution with respect to certain environmental claims, which was approved by this Court [D.I. 9077].

17. On January 4, 2024, the Trustee filed the *General Unsecured Claims Trustee's Third Motion for an Order Extending the Claims Objection Deadline* [D.I. 9004] (the "**Third Extension Motion**") requesting the Court extend by approximately 180 days (the "**Third Extension Period**") the deadline by which the Trustee must object to general unsecured claims and trade claims.

18. By order dated January 18, 2024 [D.I. 9018] (the "**Third Extension Order**"), the Court approved the Second Extension Motion and set the Claims Objection Deadline as Wednesday, September 11, 2024.

19. During the period that the Third Extension Motion was pending and during the Third Extension Period, the Trustee's efforts resulted in, among other things, the following:

- the objection to, and disallowance and expungement of, claim numbers 2185 and 2337, following motion practice and a hearing before this Court;

- the filing and entry of orders [D.I. 9051, 9052] granting the Trustee's sixth [D.I. 9030] and seventh [D.I. 9038] omnibus objections to claims, resulting in the reclassification of certain claims previously filed against the wrong debtor, as well as the expungement of 23 late-filed and no liability/no documentation claims; and

- the entry by this Court of an order [D.I. 9129] approving the allocation of and procedures for distributing the Generics Price Fixing Recovery among certain settling Allowed Class 6(B) Generics Price Fixing Claimants (the "GPF Settlement").

20. On July 11, 2024, the Trustee filed the *General Unsecured Claims Trustee's Fourth Motion for an Order Extending the Claims Objection Deadline* [D.I. 9141] (the "**Fourth Extension Motion**") requesting the Court extend by approximately 180 days (the "**Fourth**

**Extension Period**") the deadline by which the Trustee must object to general unsecured claims and trade claims.

21. By order dated July 29, 2024 [D.I. 9145] (the "**Fourth Extension Order**"), the Court approved the Fourth Extension Motion and set the current Claims Objection Deadline as Tuesday, March 11, 2025.

22. Since the entry of Fourth Extension Order, the Trustee and her professionals have continued reviewing, comparing, and reconciling proofs of claim (including any supporting documentation) with the Reorganized Debtors' Schedules and their books and records. During the period that the Fourth Extension Motion was pending and during the Fourth Extension Period, the Trustee's efforts resulted in, among other things, the following:

- the completion of the GPF Settlement, including the distribution of the Generics Price Fixing Claims Recovery among the settling claimants;

- the entry by this Court of an order [D.I. 9184] approving the settlement agreements between (i) the Trustee and Attestor Limited (on behalf of itself and certain other entities, collectively referred to as the "Acthar Insurance Claimants") and (ii) the Trustee and certain creditors collectively referred to as the "Express Scripts Entities"; and

- the filing, substantially contemporaneously herewith, of the Trustee's eighth omnibus objections to claims, seeking the expungement of certain late-filed and no liability/no documentation claims.

23. During all four extension periods, the Trustee has consensually resolved certain claims with claimants pursuant to her authority under the Plan, the Confirmation Order, and the GUC Trust Agreement.

7

24. Since the Effective Date in June 2020, pursuant to that certain *GUC Trust Cooperation Agreement* (the "**Cooperation Agreement**") [D.I. 7587], the Trustee has been working with the Reorganized Debtors to obtain the information necessary to resolve claims that were assumed by the Trust. In connection with those ongoing efforts, and in light of continuing competing obligations unrelated to the Reorganized Debtors' commitments to the Trustee under the Cooperation Agreement (including the Reorganized Debtors' intervening chapter 11 proceedings in 2023 (the "**2023 Cases**")) and the attendant delays caused thereby, the Reorganized Debtors have previously agreed to extensions of the Cooperation Agreement through December 31, 2023, March 31, 2024, June 30, 2024, September 30, 2024, and, most recently, December 31, 2024.

## RELIEF REQUESTED

25. By this Motion, the Trustee requests the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Form of Order**"), extending the Claims Objection Bar Date by approximately 180 days to Thursday, September 11, 2025.

26. Such an extension of the Claims Objection Deadline is without prejudice to the rights of the Trustee or any successor-in-interest to seek further extensions thereof.

## BASIS FOR RELIEF

27. As of the Effective Date, over 50,000 Claims had been asserted against the Reorganized Debtors. In the first months after the Effective Date, the Reorganized Debtors reconciled claims, and filed a series of notices of satisfaction that removed claims from the claims registry that were paid or otherwise satisfied on the Effective Date. This includes over 1,900 claims pursuant to the *Revised Third Omnibus Notice of Satisfaction of Claims* filed on October 21, 2022.

28. In December of 2022, the Reorganized Debtors identified over 3,000 claims on the claims registry that were assumed by the General Unsecured Claims Trust (the "**GUC Trust Assumed Claims**").

29. As set forth above, during the First Extension Period, the Second Extension Period, the Third Extension Period, and the Fourth Extension Period, the General Unsecured Claims Trustee and her professionals have continued (i) to review and reconcile asserted General Unsecured Claims, including by comparing the same against the Reorganized Debtors' schedules and books and records and conferring with the Reorganized Debtors; and (ii) to negotiate with and attempt to reach consensus with holders of significant General Unsecured Claims. In addition to the items set forth above, the General Unsecured Claims Trustee, among other things: (i) filed the *General Unsecured Claims Trustee's First Omnibus Objection to Certain Shareholder Claims (Non-Substantive)* at [D.I. 8467]; *General Unsecured Claims Trustee's Second Omnibus Objection to Certain Late-Filed Asbestos Claims (Non-Substantive)* [D.I. 8617]; *General Unsecured Claims Trustee's Third Omnibus Objection to Certain No Liability/No Supporting Documentation Claims (Non-Substantive)* [D.I. 8671]; *General Unsecured Claims Trustee's Fourth Omnibus Objection (Substantive) to Certain Claims (No Liability Claims)* [D.I. 8878]; *General Unsecured Claims Trustee's Fifth Omnibus Objection to Certain Late Filed Claims and Certain No Liability/No Supporting Documentation Claims (Non-Substantive)* [D.I. 8902]; *Objection of the Mallinckrodt General Unsecured Claims Trustee (Substantive) to the Claims of Suffolk County, New York* [D.I. 9023]; *General Unsecured Claims Trustee's Sixth Omnibus Objection to Certain Incorrect Debtor Claims (Substantive)* [D.I. 9028]; and *General Unsecured Claims Trustee's Seventh Omnibus Objection to Certain No Liability/No Supporting Documentation Claims and Certain Late Filed Claims (Non-Substantive)* [D.I. 9030], which resulted in the collective expungement of

9

approximately 350 claims and the reclassification of certain misfiled claims, (ii) settled ongoing claims litigation with Sanofi, the United States, and other significant creditors in these chapter 11 cases, (iii) appeared in the 2023 Cases on behalf of the Trust, to ensure that all rights of the Trust and its beneficiaries were protected, (iii) reached significant settlements that (x) allowed for the allocation and distribution of the Generics Price Fixing Recovery among participating subgroups of Generics Price Fixing Claimants, and (y) finally resolved claims of the Acthar Insurance Claimants and the Express Scripts Entities.

30. The General Unsecured Claims Trust continues the process of reviewing, reconciling, allowing, objecting to, compromising, and settling objections to General Unsecured Claims, including working in earnest with Claimants to resolve disputes informally and to reclassify, with the consent of the relevant constituents, Claims that were previously misclassified as General Unsecured Claims. The Trustee will continue to work closely with the Reorganized Debtors to obtain the additional data and information required for the Trustee and her advisors to promptly and efficiently evaluate the Claims assumed by the Trust.

31. The Plan contemplates that the Court may extend the Claims Objection Deadline. *See* Plan § IV.HH.8 (defining the Claims Objection Deadline as "on or before the later of (a) two-hundred and seventy (270) days after the Effective Date and (b) such later date as may be fixed by this Court").

32. In addition, the Court has broad authority pursuant to section 105(a) of the Bankruptcy Code to issue orders necessary to implement the provisions of the Plan and the Bankruptcy Code. *See* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code].").

33. Moreover, Bankruptcy Rule 9006(b) provides that the Court may extend a time period provided under the Bankruptcy Rules or order of the Court. Bankruptcy Rule 9006 provides, in pertinent part, as follows:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order[.]

Fed. R. Bankr. P. 9006(b)(1).

34. The proposed extension of the Claims Objection Deadline sought herein is also well within the range of extensions granted by other courts in this jurisdiction. *See, e.g.*, *In re Exide Holdings, Inc.*, Case No. 20-11157 (LSS) (Bankr. D. Del. May 3, 2023) [Docket No. 1963] (extending the Claims Objection Bar Date by an additional 120 days); *In re BBGI US, Inc., et al.*, Case No. 20-11786 (BLS) (Bankr. D. Del. May 1, 2023) [Docket No. 1548]; (extending the deadline to object to claims by an additional 180 days); *In re Vitamin OldCo Holdings, Inc. (f/k/a/ GNC Holdings Inc.), et al.*, Case No. 20-11662 (KBO) (Bankr. D. Del. May 11, 2023) [Docket No. 2080] (extending the Claims Objection Deadline by an additional 180 days).

35. As described above, the Trustee continues to diligence and to seek resolution of all General Unsecured Claims. However, the Trustee does not believe she will be able to complete the diligence process and file all necessary claims objections prior to the expiration of the current Claims Objection Deadline. Given the magnitude of the Claims sizing and the General Unsecured Claims Trust's diligent work to date, the Trustee believes ample cause exists for an extension. The Trustee believes the requested extension of the Claims Objection Deadline is in the best interest of the General Unsecured Claims Trust, and creditors, and is appropriate under the circumstances

as it will provide the Trustee with the additional time needed to reconcile the remaining General Unsecured Claims, for the benefit of the Reorganized Debtors' creditors.

## RESERVATION OF RIGHTS

36. The Trustee reserves the right to seek further extensions of the Claims Objection Deadline, if necessary.

## NOTICE AND NO PRIOR REQUEST

37. Notice of the Motion will be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Asbestos Trust (as defined in the Plan); (iii) the Opioid MDT II (as defined in the Plan); and (iv) any party requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Trustee submits that no other or further notice need be given.

38. No prior motion for the relief requested herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter the Proposed Form of Order annexed herein as Exhibit A granting the relief requested and such other and further relief as is just and proper.

| | |
|---|---|
| Dated: December 2, 2024<br>Wilmington, Delaware | **ROBINSON & COLE LLP**<br><br>By: */s/ Natalie D. Ramsey*<br>Natalie D. Ramsey (No. 5378)<br>1201 N. Market Street, Suite 1406<br>Wilmington, DE 19801<br>Tel: (302) 516-1700<br>Fax: (302) 516-1699<br>Email: nramsey@rc.com<br><br>*-and-* |

Rachel Jaffe Mauceri (*pro hac vice*)
1650 Market Street, Suite 3030
Philadelphia, PA 19103
Tel: (215) 398-0556
Email: rmauceri@rc.com

*Counsel for the Trustee*

ACTIVE/120789493.2

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- X
: 
In re: : Chapter 11
 :
MALLINCKRODT PLC, *et al.*, : Case No. 20-12522 (JTD)
 :
Reorganized Debtors.[1] : (Jointly Administered)
 :
 : **Obj. Deadline: December 16, 2024 at 4:00 p.m. (ET)**
 : **Hearing Date: January 7, 2025 at 10:00 a.m. (ET)**
---------------------------------------------------------- x

# **NOTICE OF MOTION**

TO: The following entities, in lieu therefore, their counsel: (i) the Office of the United States Trustee for the District of Delaware (Attn: Jane M. Leamy, Esq.) (ii) all parties who have filed a Claim that remains outstanding as of the date hereof; and (c) any party requesting notice pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE NOTICE** that on December 2, 2024, Heather L. Barlow, solely in her capacity as the Trustee[2] of the Mallinckrodt General Unsecured Trust, filed the General Unsecured Claims Trustee's Fifth Motion for an Order Extending the Claims Objection Deadline.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief request in the Motion must be filed with the United States Bankruptcy Court, 824 North Market street, 2nd Floor, Wilmington, Delaware 19801 on or before **December 16, 2024 at 4:00 p.m. (ET).**

**PLEASE TAKE FURTHER NOTICE** that at the same time, you must also serve a copy of the objection upon the undersigned counsel so as to be received no later than **4:00 p.m. (ET) on December 16, 2024**.

**PLEASE TAKE FURTHER NOTICE** that if no response to the Motion is timely filed and received in accordance with the above procedures, an order may be entered granting the relief requested in the Motion without further notice or a hearing. If a response or objection is timely filed, served and received in accordance with the above procedures, a hearing to consider such objection and the Motion will be held before The Honorable John T. Dorsey, United States Bankruptcy Judge for the District of Delaware, at the Court, 824 North Market Street, 5th Floor,

---

[1] A complete list of the above captioned reorganized debtors (the "**Reorganized Debtors**") in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at http://restructuring.ra.kroll.com/Mallinckrodt. The Reorganized Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

[2] Capitalized terms used herein without definition shall have the meanings ascribed to them in the Motion.

ACTIVE/120789493.2

Courtroom 5, Wilmington, Delaware 19801 on **January 7, 2025 at 10:00 a.m. (ET)** (the "**Hearing**").

**PLEASE TAKE FURTHER NOTICE THAT IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR HEARING.**

Dated: December 2, 2024
Wilmington, Delaware

**ROBINSON & COLE LLP**

By: */s/ Natalie D. Ramsey*
Natalie D. Ramsey (No. 5378)
1201 N. Market Street, Suite 1406
Wilmington, DE 19801
Tel: (302) 516-1700
Fax: (302) 516-1699
Email: nramsey@rc.com

-and-

Rachel Jaffe Mauceri (*pro hac vice*)
1650 Market Street, Suite 3030
Philadelphia, PA 19103
Tel: (215) 398-0556
Email: rmauceri@rc.com

-and-

**GOODWIN PROCTER LLP**
Michael H. Goldstein (*pro hac vice*)
Howard S. Steel (*pro hac vice*)
James F. Lathrop (*pro hac vice*)
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel: 212-459-7061
Email: MGoldstein@goodwinlaw.com
HSteel@goodwinlaw.com
JLathrop@goodwinlaw.com

*Counsel for the Trustee*

2

# **EXHIBIT A**

**(Proposed Order)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
:
In re:                                                  :   Chapter 11
                                                        :
MALLINCKRODT PLC, *et al.*,                             :   Case No. 20-12522 (JTD)
                                                        :
Reorganized Debtors.[1]                                 :   (Jointly Administered)
                                                        :
                                                        :
------------------------------------------------------- x

### ORDER GRANTING GENERAL UNSECURED CLAIMS TRUSTEE'S FOURTH MOTION FOR AN ORDER EXTENDING THE CLAIMS OBJECTION DEADLINE

Upon consideration of the *General Unsecured Claims Trustee's Fifth Motion For An Order Extending The Claims Objection Deadline* (the "**Motion**"); and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012, and that this Court may enter a final order consistent with Article III of the United States Constitution, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (iv) notice of the Motion and opportunity for a hearing was sufficient under the circumstances; and after due deliberation the Court having determined that the relief requested in the Motion is necessary and essential for the administration of the Reorganized Debtors' confirmed chapter 11 plan and such relief is in the best interests of the General Unsecured Claims Trustee, the Reorganized Debtors, the Reorganized Debtors' estates, their creditors and all other parties in interest; and the legal and

---

[1] A complete list of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at http://restructuring.ra.kroll.com/Mallinckrodt. The Reorganized Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

ACTIVE/120789493.2

factual bases set forth in the Motion having established just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. The Claims Objection Deadline is hereby extended by approximately 180 days to September 11, 2025.

3. The Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

4. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.