IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
                                                           :
In re:                                                     :   Chapter 11
                                                           :
MALLINCKRODT PLC, *et al.*,                                :   Case No. 20-12522 (JTD)
                                                           :
        Debtors.¹                                          :   (Jointly Administered)
                                                           :
                                                           :   **Re: Docket No. 9189**
---------------------------------------------------------- x

**ORDER SUSTAINING GENERAL UNSECURED CLAIMS TRUSTEE'S
EIGHTH OMNIBUS OBJECTION TO CERTAIN SHAREHOLDER CLAIMS,
CERTAIN NO LIABILITY/NO SUPPORTING DOCUMENTATION CLAIMS
AND CERTAIN LATE FILED CLAIMS (NON-SUBSTANTIVE)**

Upon the objection (the "**Objection**")² of Heather L. Barlow, solely in her capacity as the Trustee (the "**Trustee**") of the Mallinckrodt General Unsecured Claims Trust (the "**General Unsecured Claims Trust**") to the Shareholder Claims, No Liability/No Supporting Documentation Claims and Late-Filed Claims set forth on **Exhibit 1** hereto all as more fully set forth in the Objection; and this Court having reviewed the Objection; and this Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408

---

[1] A complete list of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at http://restructuring.ra.kroll.com/Mallinckrodt. The Reorganized Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

[2] Capitalized terms used but not otherwise defined herein have the same meanings ascribed to such terms in the Objection.

and 1409; and it appearing that proper and adequate notice of the Objection has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and this Court having determined that there is good and sufficient cause for the relief granted in this Order, therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Objection is GRANTED, as set forth herein.

2. Any response to the Objection not otherwise withdrawn, resolved, or adjourned is hereby overruled on its merits.

3. The Shareholder Claims, No Liability/No Supporting Documentation Claims, and Late-Filed Claims listed on the attached **Exhibit 1** are disallowed and expunged in their entirety.

4. This Order shall be deemed a separate order with respect to each of the Shareholder Claims, No Liability/No Supporting Documentation Claims, and Late-Filed Claims. Any stay of this Order pending appeal by any of the claimants whose Shareholder Claim(s), No Liability/No Supporting Documentation Claim(s), and/or Late-Filed Claim(s) are subject to this Order shall apply only to the contested matter which involves such claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

5. The Trustee and Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC) are authorized to take all actions necessary and appropriate to give effect to this Order.

6. Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC) is authorized to modify the claims register to comport with the relief granted by this Order.

7. Nothing in the Objection or this Order shall be deemed or construed: (a) as an admission as to the validity of any claim against the Reorganized Debtors or the General

Unsecured Claims Trust; (b) as a waiver of the Reorganized Debtors' or the Trustee's rights to dispute or otherwise object to any claim on any grounds or basis; or (c) to waive or release any right, claim, defense, or counterclaim of the Reorganized Debtors or the Trustee, or to estop the Reorganized Debtors or the Trustee from asserting any right, claim, defense, or counterclaim (including setoff).

8. The terms and conditions of this Order shall be immediately enforceable and effective upon its entry.

9. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: December 18th, 2024**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**