## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------- x
                                            :
In re:                                      :   Chapter 11
                                            :
        MALLINCKRODT PLC, et al.,           :   Case No. 20-12522 (BLS)
                                            :
        Debtors.¹                           :   (Jointly Administered)
                                            :
                                            :   Obj. Deadline: April 7, 2025 at 4:00 p.m. (ET)
                                            :   Hearing Date: April 30, 2025 at 10:00 a.m. (ET)
------------------------------------------------------- x
```

### GENERAL UNSECURED CLAIMS TRUSTEE'S NINTH OMNIBUS OBJECTION TO CERTAIN SHAREHOLDER CLAIMS, CERTAIN NO LIABILITY/NO SUPPORTING DOCUMENTATION CLAIMS AND CERTAIN LATE FILED CLAIMS (NON-SUBSTANTIVE)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN CLAIMS. CLAIMANTS SHOULD CAREFULLY REVIEW THIS OBJECTION AND THE EXHIBIT(S) ATTACHED TO THIS OBJECTION TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIMS.**

> ***TO THE CLAIMANTS WHOSE CLAIMS ARE SUBJECT TO THIS OBJECTION:***
>
> **\* YOUR SUBSTANTIVE RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND ANY FURTHER OBJECTIONS THAT MAY BE FILED IN THE CHAPTER 11 CASES.**
>
> **\*\* THE RELIEF SOUGHT IN THIS OBJECTION IS WITHOUT PREJUDICE TO THE RIGHTS OF THE REORGANIZED DEBTORS AND THEIR ESTATES, THE TRUSTEE OR OTHER PARTIES IN INTEREST TO PURSUE FURTHER OBJECTIONS AGAINST THE CLAIMS.**

---

[1] A complete list of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at http://restructuring.ra.kroll.com/Mallinckrodt. The Reorganized Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

Heather L. Barlow, solely in her capacity as the Trustee (the "**Trustee**")[2] of the Mallinckrodt General Unsecured Claims Trust (the "**General Unsecured Claims Trust**") respectfully represents as follows in support of this objection (this "**Objection**"):

**RELIEF REQUESTED**

1.　　By this Objection, the Trustee seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), disallowing and expunging the claims listed on **Exhibit 1** to the Proposed Order, which include (a) claims based on claimants that held an Equity Interest[3] in Mallincrkodt plc (collectively, the "**Shareholder Claims**"); (b) claims that lack the requisite supporting documentation and/or are unsupported by the Debtors' books and records (collectively, the "**No Liability/No Supporting Documentation Claims**"); and (c) claims that were filed after the Claims Bar Date (as such term is defined below) (collectively, the "**Late Filed Claims**", and together with the Shareholder Claims and the No Liability/No Supporting Documentation Claims, the "**Objectionable Claims**").

**JURISDICTION AND VENUE**

2.　　The Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] Capitalized terms used herein without definition shall have the meanings ascribed to them in the General Unsecured Claims Trustee Agreement (the "**Trust Agreement**"), dated as of June 16, 2022, between the Trustee and the Reorganized Debtors [Docket No. 7684-7] or the *Fourth Amended Joint Plan of Reorganization (With Technical Modifications) of Mallinckrodt plc and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* (the "**Plan**") [Docket No. 7670].

[3] Under the Plan, an "Equity Interest" means "any issued, unissued, authorized, or outstanding ordinary shares, preferred shares, or other instrument evidencing an ownership interest in [Mallinckrodt plc], whether or not transferable, together with any warrants, equity-based awards, or contractual rights to purchase or acquire such equity interests at any time and all rights arising with respect thereto that existed immediately before the Effective Date."

ACTIVE/136034414.4

3.      The statutory predicates for the relief requested herein are section 502 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

4.      Pursuant to Local Rule 9013-1(f), the Trustee consents to the entry of a final order or judgment by the Court in connection with this Objection if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

5.      On October 12, 2020 (the "**Petition Date**"), the Reorganized Debtors commenced with the Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code.  On October 27, 2020, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed, pursuant to section 1102 of the Bankruptcy Code: (a) an official committee of unsecured creditors [Docket No. 306]; and (b) an official committee of opioid-related claimants [Docket No. 308].  The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6.      On March 2, 2022 the Court entered its *Finding of Facts, Conclusions of Law, and Order Confirming the Fourth Amended Joint Plan of Reorganization (with technical modifications) of Mallinckrodt plc and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* confirming the Plan.

7.      The Plan went effective on June 16, 2022.  Simultaneously therewith, the General Unsecured Claims Trust was formed, and the Trustee was appointed.

ACTIVE/136034414.4

8.      The Trust Agreement was filed on June 22, 2022 as part of the *Twentieth Plan Supplement for the Fourth Amended Joint Plan of Reorganization (with Technical Modifications) of Mallinckrodt PLC and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 7684-7].

9.      The Plan also incorporated the UCC Settlement, which was filed on September 3, 2021 [Docket No. 4121] and provides, among other things, for (i) the distribution of certain cash and non-cash consideration to Class 6 creditors via the General Unsecured Claims Trust, and (ii) an allocation of that consideration among the Class 6 subclasses. *See* Plan § III.B.6, Exh. 6. The Plan also provides for the assumption by the General Unsecured Claims Trust of the obligation to pay certain Allowed Class 6 and Class 7 Claims, and, in connection therewith, the right to resolve certain Class 6 and Class 7 Claims, in accordance with the Plan and the Trust Agreement. *Id.* § IV.HH.1.

10.     Under the Trust Agreement, the Trustee is responsible for "administering, disputing, compromising and settling or otherwise resolving and finalizing payments or other distributions with respect to Holders of General Unsecured Claims that are General Unsecured Claims Trust Beneficiaries under the Plan." Trust Agreement §4.11.1.

11.     The Trust Agreement also provides the Trustee (as defined in the Plan) the power to "review, reconcile, allow, object to, compromise, settle and withdraw objections to General Unsecured Claims." Trust Agreement §3.1.4.

12.     The Trustee relies upon and incorporates by reference the Declaration of Heather L. Barlow in Support of the General Unsecured Claims Trustee's Ninth Omnibus Objection to Certain Claims (Non-Substantive) (the "**Barlow Declaration**") attached hereto as **Exhibit B**.

**BAR DATES**

13.     On October 20, 2020, the Reorganized Debtors filed a motion seeking entry of an order establishing deadlines to file proofs of claim in the Chapter 11 Cases and approval of related procedures.  On November 30, 2020, the Bankruptcy Court entered an order [Docket No. 667] (the "**Bar Date Order**") establishing certain deadlines for the filing of proofs of claim in the Chapter 11 Cases.  By the Bar Date Order, the Bankruptcy Court established (i) February 16, 2021 (the "**General Bar Date**") as the general deadline for all entities (other than governmental units, as defined in section 101(27) of the Bankruptcy Code ("**Governmental Units**")) to file proofs of claim in the Chapter 11 Cases for all claims (other than Opioid Claims and VI Opioid Claims, each as defined in the Bar Date Order), including but not limited to asbestos-related claims, against the Reorganized Debtors (each such claim, a "**General Claim**") and (ii) April 12, 2021 (the "**Governmental Bar Date**" and together with the General Bar Date, the "**Claims Bar Dates**") as the general deadline for all Governmental Units to file proofs of claim in the Chapter 11 Cases for all claims (other than Opioid Claims and VI Opioid Claims) against the Reorganized Debtors.  No deadline to file Opioid Claims or VI Opioid Claims has been set by the Bankruptcy Court.

**SCHEDULES, PROOFS OF CLAIM, AND CLAIMS RECONCILIATION**

14.     On December 23, 2020, the Reorganized Debtors filed their schedules of assets and liabilities and statements of financial affairs [Docket Nos. 943-1074].  On February 26, 2021, the Reorganized Debtors filed amended schedules of assets and liabilities and statements of financial affairs [Docket Nos. 1528-1538] (collectively, and as may be further modified, amended, or supplemented from time to time, the "**Schedules**").

15.     In the ordinary course of business, the Reorganized Debtors maintain books and records that reflect, among other things, the nature and amount of the liabilities owed to their

5

creditors.  The Trustee and her professionals, in consultation with the Reorganized Debtors and their professionals, have been reviewing, comparing, and reconciling proofs of claims (including any supporting documentation) with the Reorganized Debtors' Schedules and their books and records, including the claims register maintained in these Chapter 11 Cases (the "**Claims Register**").  This reconciliation process includes identifying particular categories of claims that may be subject to objection.

16.    ***Shareholder Claims***.  As a result of her ongoing review, since the Trustee filed her *First Omnibus Objection to Certain Shareholder Claims (Non-Substantive)* [Docket No. 8467] and certain subsequent objections, the Trustee has identified additional Claims that are based upon a shareholder's ownership of the Debtors' stock and are not based upon damages from owning those shares. The Trustee has determined (based on her review of the Reorganized Debtors' books and records, as well as the documentation (or lack thereof) submitted in support of the Shareholder Claims) that the Shareholder Claims identified on Exhibit 1 should be disallowed and expunged.

17.    ***No Liability/No Supporting Documentation Claims***.  As a result of her ongoing review, since the Trustee filed her *Eighth Omnibus Objection to Certain Late Filed Claims and Certain No Liability/No Supporting Documentation Claims (Non-Substantive)* [Docket No. 9189], she has identified additional Claims for which the Reorganized Debtors' Schedules reflect no liability and for which respective claimants failed to provide  documentary support sufficient to enable the Trustee to determine whether such Claims should be allowed, including claims that were transferred by the Reorganized Debtors to the Trust in November of 2025.  While the Trustee's analysis and reconciliation is ongoing, the Trustee has determined, based on her review of No Liability/No Supporting Documentation Claims and the lack of documentation submitted in support thereof, that the No Liability/No Supporting Documentation Claims should be disallowed

ACTIVE/136034414.4

and expunged.    The No Liability/No Supporting Documentation Claims fail to provide documentary support sufficient to enable the Trustee to determine whether such Claims should be Allowed Class 6 claims.    Additionally, five of the Objectionable Claims appear to be Opioid Claims (as defined in the Plan) that are not the obligation of the General Unsecured Claims Trust. The Trustee's counsel contacted the PI Trust, NOAT II Trust and TPP Trust regarding these claims prior to objecting.    The Trustee has also confirmed that none of the asserted claims is listed on the Schedules filed by the Reorganized Debtor or Reorganized Debtors against which such claims are asserted.    The No Liability/No Supporting Documentation Claims are included on Exhibit 1 to the Proposed Order.

18.    ***Late Filed Claims.***    The Trustee has also identified certain Late Filed Claims, several of which are also No Liability/No Supporting Documentation Claims.    Pursuant to the Bar Date Order, all holders of claims (except governmental entities) were required to file a proof of claim with supporting documentation on or before the General Bar Date, and governmental entities were required to file a proof of claim on or before the Governmental Bar Date. According to the Claims Register, each of the Late Filed Claims was filed after the General Bar Date or the Governmental Bar Date, as applicable, and is not an amendment to any timely filed claim. The Late Filed Claims are included on Exhibit 1 to the Proposed Order.

## BASIS FOR RELIEF REQUESTED

19.    Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  Once an objection to a claim is filed, the Court, after notice and a hearing, shall determine the allowed amount of the claim.  *See* 11 U.S.C. § 502(b).

ACTIVE/136034414.4

_

20.     Section 502(b)(1) of the Bankruptcy Code provides, in part, that a claim may not be allowed to the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). While a properly filed proof of claim is *prima facie* evidence of the claim's allowed amount, when an objecting party rebuts a claim's *prima facie* validity, the claimant bears the burden of proving the claim's validity by a preponderance of evidence. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992).

21.     *In re Allegheny International, Inc.* established a three-pronged standard of review for proofs of claims in 954 F.2d at 173-74. The first *Allegheny* prong requires that the claimant "allege facts sufficient to support the claim." *Id.* at 73 ("[A] claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward."). *See also In re Mallinckrodt Plc*, No. 20-12522-JTD, 2022 WL 3545583, at *1, *4 (D. Del. Aug. 18, 2022) (finding the first prong of *Allegheny* not met when each proof of claim failed to allege any conduct or provide any documents supporting allegations against any of the 62 non-defendant debtors). The burden of persuasion with respect to the claim is always on the claimant. *See In re Allegheny Int'l, Inc.*, 954 F.2d at 174.

22.     Under the Plan, an "Equity Interest" means "any issued, unissued, authorized, or outstanding ordinary shares, preferred shares, or other instrument evidencing an ownership interest in [Mallinckrodt plc], whether or not transferable, together with any warrants, equity-based awards, or contractual rights to purchase or acquire such equity interests at any time and all rights arising with respect thereto that existed immediately before the Effective Date." Pursuant to the Plan under Article III.B.14, "[h]olders of Equity Interests shall receive no distribution on account of their Equity Interests."

ACTIVE/136034414.4

23.     As set forth in the Barlow Declaration, the Trustee and her professionals reviewed the Debtors' books and record, and the claims register, and determined that each of the Shareholder Claims were filed by parties on account of asserted Equity Interests based solely upon ownership of common stock of the Debtors held by such parties. Holders of common stock of the Debtors do not hold "claims" against the Debtors or their estates. See, 11 U.S.C. § 501(a) ("An equity security holder may file a proof of interest."). Moreover, pursuant to paragraph 12(b) of the Bar Date Order, holders of "equity securities" (as defined in section 101(16) of the Bankruptcy Code and including, without limitation, common stock, preferred stock, warrants or stock options) or other ownership interests in the Debtors (the holder of such interest, an "Interest Holder"); provided, however, that an Interest Holder that wishes to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an equity security or other ownership interest, including, but not limited to, a claim for damages or rescission based on the purchase or sale of such equity security or other ownership interest, must file a proof of claim on or before the applicable Bar Date.

24.     Notwithstanding such provision of the Bar Date Order and the Plan, certain holders of common stock or restricted stock units filed proofs of claim asserting claims on account of such Equity Interests. The Shareholder Claims asserted are not in fact claims against the Debtors. Further, the Shareholder Claims do not assert any claims for damages, but rather assert claims based only on ownership as an Equity Interest. Failure to appropriately classify such clams would therefore entitle such holders to recoveries on account of such "claims" to which those holders are not entitled. Elimination of such claims will enable the Trustee and the Reorganized Debtors to maintain a more accurate claims register in these Chapter 11 Cases.

25.     The No Liability/No Supporting Documentation Claims also do not meet the standard for establishing *prima facie* validity.  The majority of the No Liability/No Supporting

ACTIVE/136034414.4

Documentation Claims are for an unliquidated or "undetermined" amount; those suggesting a liquidated amount provide no support for that assertion. Additionally, to the extent each such claim includes any reason for the claim at all, it lacks specificity (and in some cases is so overly broad as to provide no basis at all), and, in any event, does not include any documentation to support the assertion. Finally, certain of the Objectionable Claims, while potentially facially valid, were satisfied by the Debtors on the Effective Date, and are therefore not obligations of the Trust.

26.     Thus, these filed claims do not on their face assert a prima facie valid claim. *See Mallinckrodt*, 2022 WL 3545583, at *1,*4. These bare claims asserted, without more, do not provide sufficient facts supporting the claim. *In re Allegheny Int'l Inc.*, 954 F.2d at 173 (explaining that a claimant initially bears the burden of alleging facts sufficient to support its claim). In addition, none of the asserted claims is listed on the Schedules filed by the Reorganized Debtor or Reorganized Debtors against which such claims are asserted. Failure to disallow the No Liability/No Supporting Documentation Claims will result in the applicable Claimant receiving an unwarranted recovery to the detriment of the Reorganized Debtors' other stakeholders.

27.     Finally, pursuant to section 502(b)(9) of the Bankruptcy Code, a claim shall not be allowed "to the extent that … proof of such claim is not timely filed[.]"; *see also In re Tribune Co.,* 506 B.R. 613 (Bankr. D. Del. 2013) (disallowing a proof of claim under 502(b)(9) because it was not timely filed). As noted above, each of the Late Filed Claims identified on Exhibit 2 to the Proposed Order was filed after the Claims Bar Date or the Governmental Bar Date, as applicable, and therefore does not comply with the Bar Date Order or the Confirmation Order, respectively. The Trustee has further reviewed the docket in these Chapter 11 Cases and confirmed that it reflects no stipulations or orders, and has confirmed with the Reorganized Debtors that there are no informal agreements, extending the bar date for the filing of any proofs of claim.

10

28.     Failure to disallow the Objectionable Claims will result in the applicable claimants receiving an unwarranted recovery, to the detriment of the Reorganized Debtors' other stakeholders.

**RESPONSES TO OBJECTION**

29.     <u>Filing and Service of Responses</u>:  To contest the Objection, a claimant must file and serve a written response to the Objection (a "**Response**") so that it is actually received by the Clerk of the Court and the parties in the following paragraph **no later than 4:00 p.m. (prevailing Eastern Time) on April 7, 2025** (the "**Response Deadline**").  Claimants should locate their names and claims on **Exhibit 1** to the Proposed Order and carefully review the Objection.  A Response must address each ground upon which the Claimant contests the Objection.

30.     Each Response must be filed and served upon the following entities at the following addresses: (a) the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801; (b) Counsel to the Trust: Robinson & Cole LLP, 1201 N. Market Street, Suite 1406 Wilmington, DE 19801(Attn: Natalie D. Ramsey (nramsey@rc.com), Rachel Jaffe Mauceri (rmauceri@rc.com) and Goodwin Procter, LLP 620 Ninth Avenue, New York, New York 10018 (Attn: James Lathrop (jlathrop@goodwinlaw.com)); and (c) Counsel to the Reorganized Debtors: Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins (collins@rlf.com) and Michael J. Merchant (merchant@rlf.com)) and Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, Illinois 60611 (Attn: Jason Gott (Jason.Gott@lw.com) and Jonathan Gordon (Jonathan.Gordon@lw.com)).

31.     <u>Content of Responses</u>:  Every Response to the Objection must contain, at a minimum, the following:

11

a.      a caption setting forth the name of the Court, the above-referenced case number, and the title of the Objection to which the Response is directed;

b.      the name of the claimant and description of the basis for the amount of the Claim;

c.      a concise statement setting forth the reasons why a particular Claim should not be disallowed for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which the claimant will rely in opposing the Objection at the Hearing;

d.      all documentation or other evidence of the Claim in question, to the extent not already included with the claimant's proof of claim, upon which the claimant will rely in opposing the Objection at the Hearing;

e.      the name, address, telephone number, and fax number of the person(s) (who may be the claimant or a legal representative thereof) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim on behalf of the claimant; and

f.      the name, address, telephone number, and fax number of the person(s) (who may be the claimant or a legal representative thereof) to whom the Trustee should serve any reply to the Response.

32.      <u>Timely Response Required; Hearing</u>:  If a claimant whose Claim is subject to the Objection, and who is served with the Objection, fails to file and serve a timely Response in compliance with the foregoing procedures, the Trustee will present to the Court an appropriate order disallowing the Claim without further notice to the claimant.  If a Response is properly and timely filed and served in accordance with the above procedures, the Trustee will endeavor to reach a consensual resolution with the claimant.  If no consensual resolution is reached, the Court will conduct the Hearing with respect to the Objection and the Response on April 30, 2025 at 10:00 a.m. (ET) (or such other date and time as parties filing Responses may be notified), before the Honorable Brendan L. Shannon, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Courtroom 1, Wilmington, Delaware 19801 (the "**Hearing**").  Only those Responses made in writing and timely filed and received will be considered by the Court at any such hearing.

33.    <u>Adjournment of Hearing</u>:  The Trustee reserves the right to adjourn the Hearing on any Claim included in the Objection.  In the event that the Trustee so adjourns the Hearing, she will state that the Hearing on that particular Claim has been adjourned on the agenda for the Hearing on the Objection, which agenda will be served on the person designated by the claimant in its Response.

34.    <u>Separate Contested Matter</u>:  Each of the Objectionable Claims and the Trustee's objections thereto as asserted in this Objection constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  The Trustee requests that any order entered by the Court with respect to an objection asserted herein will be deemed a separate order with respect to each such Objectionable Claim.

## <u>RESERVATION OF RIGHTS</u>

35.    The Trustee expressly reserves the right to amend, modify, or supplement this Objection, and to file additional objections to any other claims (filed or not) that may be asserted against the Reorganized Debtors and their estates.  Should one or more of the grounds of objection stated in the Objection be dismissed or overruled, the Trustee reserve the right to object to each of the Objectionable Claims or any other proofs of claim on any other grounds that the Trustee discovers or elects to pursue.

36.    Nothing in this Objection will be deemed or construed:  (a) as an admission as to the validity of any claim or interest against the Reorganized Debtors; (b) as a waiver of the Reorganized Debtors' or the Trustee's rights to dispute or otherwise object to any claim or proof of interest on any grounds or basis; or (c) to waive or release any right, claim, defense, or counterclaim of the Reorganized Debtors or the Trustee, or to estop the Reorganized Debtors or the Trustee from asserting any right, claim, defense, or counterclaim (including setoff).

13

## COMPLIANCE WITH LOCAL BANKRUPTCY RULE 3007-1

37.     The undersigned representative of the Trustee has reviewed the requirements of Local Rule 3007-1 and certifies that, except to the extent implicated by the relief granted in the *Order (I) Granting Leave from Local Rule 3007-1(f) to Permit the Filing of Substantive Omnibus Objections and (II) Granting Related Relief* [Docket No. 3478], the Objection substantially complies with that Local Rule.  To the extent that the Objection does not otherwise comply with the applicable requirements of Local Rule 3007-1, the Trustee believes such deviations are not material and respectfully request that any such requirement be waived.

## FURTHER INFORMATION

38.     Questions about or requests for additional information about the proposed disposition of the Objectionable Claims hereunder should be directed to the Trustee's counsel in writing at the following address:  Goodwin Procter, LLP 620 Avenue, New York, New York 10018 (Attn: James Lathrop (jlathrop@goodwinlaw.com)) and Robinson & Cole LLP, 1201 N. Market Street, Suite 1406, Wilmington, Delaware 198801 (Attn:  Natalie D. Ramsey (nramsey@rc.com), Rachel Jaffe Mauceri (rmauceri@rc.com)).

39.     **Timely Response Required**.  If a claimant fails to file and serve a timely Response, then, without further notice to the claimant or a hearing on the Objection, the Trustee will present the Court with an order disallowing and expunging the claim as a Class 6 claim, substantially in the form attached hereto as **Exhibit A**.

40.     Questions regarding the amount of a proof of claim, or the filing of a proof of claim, should be directed in writing to Mallinckrodt plc Ballot Processing, c/o Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC), One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165 or mallinckrodtinfo@ra.kroll.com.  **Claimants should not**

ACTIVE/136034414.4

**contact the Clerk of the Court or the U.S. Trustee to discuss the merits of their Claim or the Objection.**

<u>**NOTICE**</u>

41.     Notice of this Objection will be provided to (a) the holders of the No Liability/No Supporting Documentation Claims; (b) the U.S. Trustee; (c) the Reorganized Debtors; (d) the Asbestos Trust (as defined in the Plan); (e) the Opioid MDT II (as defined in the Plan); (f) the National Opioid Abatement Trust II; (g) the Third-Party Payor Trust and (h) all parties entitled to notice pursuant to Bankruptcy Rule 2002.  The Trustee submits that, under the circumstances, no other or further notice is required.

**WHEREFORE**, the Trustee respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: March 17, 2025
      Wilmington, Delaware

**ROBINSON & COLE LLP**

By:  */s/ Natalie D. Ramsey*
Natalie D. Ramsey (No. 5378)
1201 N. Market Street, Suite 1406
Wilmington, DE 19801
Telephone: (302) 516-1700
Fax: (302) 516-1699
Email: nramsey@rc.com

*-and-*

Rachel Jaffe Mauceri (*pro hac vice*)
1650 Market Street, Suite 3030
Philadelphia, PA 19103
Telephone: (215) 398-0556
Email: rmauceri@rc.com

*-and-*

ACTIVE/136034414.4

**GOODWIN PROCTER LLP**
Michael H. Goldstein (*pro hac vice*)
Howard S. Steel (*pro hac vice*)
James Lathrop (*pro hac vice*)
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 459-7061
Email: MGoldstein@goodwinlaw.com
HSteel@goodwinlaw.com
JLathrop@goodwinlaw.com

*Counsel for the Trustee*

ACTIVE/136034414.4