## **EXHIBIT B**

**Barlow Declaration**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
                                                        :
In re:                                                  :    Chapter 11
                                                        :
MALLINCKRODT PLC, *et al.*,                             :    Case No. 20-12522 (BLS)
                                                        :
Debtors.[1]                                             :    (Jointly Administered)
                                                        :
------------------------------------------------------- x

**DECLARATION OF HEATHER BARLOW IN SUPPORT
OF GENERAL UNSECURED CLAIMS TRUSTEE'S NINTH
OMNIBUS OBJECTION TO CERTAIN SHAREHOLDER CLAIMS,
CERTAIN NO LIABILITY/NO SUPPORTING DOCUMENTATION
CLAIMS AND CERTAIN LATE FILED CLAIMS (NON-SUBSTANTIVE)**

I, Heather L. Barlow, hereby declare as follows:

1.  I am a Managing Director at Dundon Advisers LLC ("**Dundon**"), with 30 years of financial advisory and investment banking experience in the turnaround and restructuring industry. I previously served as a Liquidating Trustee of Bigler LP through my firm Value Extraction Services LLC. I was selected as Liquidating Trustee of the GUC Trust following a competitive process by the Mallinckrodt Unsecured Claims Committee, for which Dundon served co-financial advisor.

2.  My prior work experience includes investment banking roles at CIBC World Markets and Chase Manhattan Bank, with buy-side experience as Managing Director for a distressed credit opportunity fund at Harbert Management Corporation. I earned both my BA and MPA from New York University.

---

[1] A complete list of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at http://restructuring.ra.kroll.com/Mallinckrodt. The Reorganized Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

2

3.  I submit this declaration (the "**Declaration**") in support of the *General Unsecured Claims Trustee's Ninth Omnibus Objection to Certain Shareholder Claims, Certain No Liability/No Supporting Documentation Claims, and Certain Late-Filed Claims (Non-Substantive)* (the "**Claims Objection**"), and the Objectionable Claims objected to therein,[2] filed contemporaneously herewith.

4.  Except as otherwise indicated, the statements in this Declaration are based on: (a) my personal knowledge of the Reorganized Debtors' operations, financing arrangements, business affairs; (b) the books and records of the Reorganized Debtors that reflect the amounts owed to their creditors as of the Petition Date, including the Claims Register, and the Schedules; (c) my review of the Claims Objection; (d) information provided to me by, or discussions with, professionals retained by the Trust; (e) information provided to me by, or discussions with, members of the Reorganized Debtors' management team, the Reorganized Debtors' other employees, or the Reorganized Debtors' other advisors; and (f) my general experience and knowledge. As to matters regarding state and federal law, including bankruptcy law, I have received and relied on the advice of counsel.

5.  I am authorized to submit this Declaration in support of the Claims Objection. If called upon to testify to the applicable facts and circumstances, I can and will testify competently as to the facts set forth herein.

## THE CLAIMS OBJECTION

6.  In the ordinary course of business, the Reorganized Debtors maintained books and records that reflect, among other things, the nature and amount of the liabilities owed to their creditors. I, along with my team of professionals, in consultation with the Reorganized Debtors

---

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Claims Objection.

3

ACTIVE/136034414.4

and their professionals, have been reviewing, comparing, and reconciling the claims filed against the Reorganized Debtors (including any supporting documentation) with the Schedules and, as applicable, the Reorganized Debtors' books and records, including the Claims Register. This reconciliation process includes identifying particular categories of claims that may be subject to objection.

7. Considerable time and resources have been expended in the Trust's ongoing efforts reviewing and reconciling the proofs of claim filed against the Reorganized Debtors in these chapter 11 cases. This analysis is ongoing. In evaluating the Claims, I, or professionals acting at my direction, have reviewed the Reorganized Debtors' Schedules and applicable books and records, including the Claims Register, and the Claims (as well any supporting documentation) and have determined that each Objectionable Claim should be disallowed and expunged, as each such Objectionable Claim lacks the requisite supporting documentation.

8. The Shareholder Claims listed on **Exhibit 1** to the Proposed Order are based upon a shareholder's ownership of the Debtors' stock and are not based upon damages from owning those shares.

9. The No Liability/No Supporting Documentation Claims listed on **Exhibit 1** to the Proposed Order are claims for which the respective claimants have failed to articulate a basis for the filed Claim, or to provide sufficient documentary support to enable the Trustee to determine whether such Objectionable Claims should be allowed and/or have no basis in the Reorganized Debtors books and records and Schedules, including because certain Objectionable Claims were satisfied upon emergence. Additionally, five of the Claims appear to be Opioid Claims (as defined in the Plan) that are not the obligation of the General Unsecured Claims Trust pursuant to the Plan.

The Trustee's counsel contacted the PI Trust, NOAT II Trust and TPP Trust regarding these claims prior to objecting.

10. The Late Filed Claims listed on **Exhibit 1** to the Proposed Order are claims that have been identified on the Claims Register as claims that were filed after the General Bar Date or the Governmental Bar Date, as applicable, several of which are also No Liability/No Supporting Documentation Claims, and which are not amendments to any timely filed claims.

11. Based on the foregoing, I object to each of the Objectionable Claims and request that each such Claim be disallowed and expunged in its entirety as requested herein.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: March 17, 2025  */s/ Heather L. Barlow*
Newport, Rhode Island  Heather L. Barlow
 Trustee