IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| MALLINCKRODT PLC | ) Case No. 20-12522 (BLS) |
| Reorganized Debtor.[1] | ) |
| | ) Re: D.I. Nos. 8969 & 9272 |

**NON-NAS PERSONAL INJURY TRUSTEE'S OBJECTION TO RHONDA BAKER DEBEVEC'S AUGUST 11, 2025 MOTION ON BEHALF OF EIGHT NON-NAS PERSONAL INJURY CLAIMANTS FOR EXTENSION FOR TIME TO FILE THEIR CLAIMS AFTER THE JUNE 15, 2023 BAR DATE**

Edgar C. Gentle, III, the Trustee for the Mallinckrodt Opioid Personal Injury Trust (the "Trustee" or the "PI Trust") by and through undersigned counsel, hereby respectfully submits this objection to the *Eight Non-NAS Personal Injury Claimants' Motion for Extension of Time to File Their Claims* [Doc. 9272] (the "Motion").

1. For the reasons stated below the Motion of the Eight Non-NAS Personal Injury Claimants should be DENIED.

2. As set out in Exhibit A, which has previously been filed with this Court, the PI Trust provided initial notice to potential personal injury claimants in accordance with Mullane v. Central Hanover, 399 U.S. 306 (1950) through July and August of 2022.

3. On July 8, 2022, the Trust sent a digital copy of the "Mallinckrodt Opioid Personal Injury Trust Notice" via email to a potential Claimant's Counsel list, as found in Exhibit B. Counsel for the Eight Non-NAS Personal Injury Claimants was a recipient of this email.

---

[1] The Reorganized Debtor in this chapter 11 case is Mallinckrodt plc. On May 3, 2023, the Court entered an order closing the chapter 11 cases of the Reorganized Debtor's debtor affiliates. A complete list of the debtor affiliates in these chapter 11 cases may be obtained on the website of the Reorganized Debtor's claims and noticing agent at http://restructuring.ra.kroll.com/Mallinckrodt. The Reorganized Debtor's mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

4. On December 20, 2023, this Court entered an Order establishing June 15, 2025, as the deadline for each person an entity to file Non-Future Non-NAS Personal Injury Claims against the Trust (the "Bar Date").

5. As set out in Exhibit C, on December 22, 2023, the Trust published the Bar Date Order and the "Notice of Mallinckrodt Opioid Personal Injury Trust June 15, 2025 Bar Date for Non-Future Non-NAS Personal Injury Claims" (the "Bar Date Notice") to the Pleadings and Important Documents tab of the website, www.mnkpitrust.com, available to the public.

6. On June 14, 2024, the Trust sent a digital copy of the Bar Date Notice via email to a potential Claimant's Counsel list, as found in Exhibit D. Counsel for the Eight Non-NAS Personal Injury Claimants was a recipient of this email.

7. The Bar Date Notice provides, in pertinent part, that the consequences of failure to **timely** file a Claim Form for Non-Future Non-NAS Personal Injury Claims **on or before the Bar Date of June 15, 2025**, in accordance with the Bar Date Order, such claims "**. . . SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH A CLAIM.**" See Exhibit C, p. 3 of Bar Date Notice, Paragraph IV.

8. As has been set forth by the United States Bankruptcy Court, S.D. New York, the Bar Date Order "is a bespoke document that balances the needs of the Debtors and creditors alike . . . " *In re Lehman Brothers Holdings, Inc.*, 433 B.R. 113, 118 (Bankr. S.D.N.Y. 2010). "The Bar Date Order is the product of litigation and negotiation and reflects a pragmatic compromise with representatives of various objecting parties in interest relating to the burden of compiling and presenting information in support of each claim." *Id.* Moreover, "the Bar Date Order still serves the traditional function of establishing *firm deadlines for creditors to set forth their claims against the Debtors.*" *Id.* [emphasis added].

9. It is well established that "[b]ar dates are 'critically important to the administration of a successful chapter 11 case.'" *Id.* at 119 (*quoting In re Musicland Holding Corp.*, 356 B.R. 603, 607 (Bankr. S.D.N.Y. 2006). "They are not designed merely as a '"procedural gauntlet"' but rather serve 'as an integral part of the reorganization process' and the efficient administration of bankruptcy cases." *Id.* (*quoting In re Hooker Invest., Inc.,* 937 F.2d 833, 840 (2nd Cir. 1991).

10. "Bankruptcy Rule 3003(c) requires the bankruptcy court to set a bar date ***after which proofs of claim many not be filed.***" *In re Lehman Brothers Holdings, Inc.*, 433 B. R. at 119. "Bankruptcy Rule 9006 (b)(1) gives the court the discretion to enlarge the time to file claims 'where the failure to act was the result of excusable neglect.'" *Id.* Four factors should be considered in analyzing excusable neglect, and those are:

'[1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'
*Id.* (*quoting Pioneer Inv. Serv. Co. v. Brunswick Assoc. L.P.*, 507 U.S. 380, 395 (1993). "The party seeking an extension of time bears the burden of proving excusable neglect." *Id.*

11. As in *Lehman*, where there were over 66,000 claims, this matter involves well over 30,000 claims. "Evaluating such a large number of claims in a monumental task." *Id.* at 120. While one might can argue that allowing eight late-filed claims to be considered, allowing such claims to be filed "will invite others to bring similar motions, leading to an endless loop of litigation concerning the failure of certain creditors to file claims on time." *Id.* at 121. Granting such relief "will open the floodgates, undermine the effectives of the Bar Date Order, and further complicate an already cumbersome process." *Id.* "Enforcement of the Bar Date Order is an essential part of the orderly administration of the claims that have been filed in compliance with

that Order . . . ." *Id.* "The massive undertaking of processing so many claims depends on the integrity of the Bar Date Order and bringing closure to the class of timely filed claims." *Id.* Just as the *Lehman* Court decided, this Court should find that "strict application of the Bar Date Order is needed to effectively manage the claims process and that permitting additional claims will lead to an opening of the claims process with foreseeable prejudice to the Debtors." *Id.*

12. In most instances, when considering the length of the delay and whether the movants acted in good faith, these factors are found in favor of the Movants. However, this Court, just as the *Lehman* Court found, should find that the factors "are insufficient to overcome the Movants' inability to show excusable neglect." *Id.*

13. Of final note is that "clients 'are held accountable for the acts and omissions of their attorneys' in failing to timely file a proof of claim." *Id.* at 122.

14. For the reasons set forth herein, the Trustee respectfully requests the Court to deny the subject Motion for Extension of Time.

Dated: August 20, 2025                    **CROSS & SIMON, LLC**

/s/ *Christopher P. Simon*
Christopher P. Simon (No. 3697)
1105 North Market Street, Suite 901
Wilmington, Delaware 19801
Tel: (302) 777-4200
csimon@crosslaw.com

*Counsel to Edgar C. Gentle, III, Trustee for the Mallinckrodt Opioid Personal Injury Trust*