## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MALLINCKRODT PLC, *et al.,* | ) Case No. 20-12522 (BLS) |
| | ) |
| Reorganized Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **EIGHT NON-NAS PERSONAL** |
| | ) **INJURY CLAIMANTS' BRIEF IN** |
| | ) **OPPOSITION TO NON-NAS** |
| | ) **PERSONAL INJURY TRUSTEE'S** |
| | ) **OBJECTIONS TO RHONDA** |
| | ) **BAKER DEBEVEC, ESQ.'S** |
| | ) **AUGUST 11, 2025 MOTION FOR** |
| | ) **EXTENSION OF TIME TO FILE** |
| | ) **THEIR CLAIMS** |
| | ) |

Now comes Rhonda Baker Debevec, Esq., on behalf of Eight Non-NAS Personal Injury Claimants, and opposes Non-NAS Personal Injury Trustee's Objections to Rhonda Baker Debevec, Esq.'s August 11, 2025 Motion On Behalf Of Eight Non-NAS Personal Injury Claimants For Extension Of Time To File Their Claims After The June 15, 2023 (Sic) Bar Date (Doc. 9276). For the reasons stated below, the Claimants' Motion For Extension of Time should be GRANTED over the Trustee's objections. A Memorandum In Support and Affidavit of Rhonda Baker Debevec, Esq. with Exhibits A-1 through A-10 is incorporated herein.

Respectfully submitted,

Rhonda Baker Debevec, Esq. (0068260)
**The Debevec Law Firm, LLC**
700 W. Saint Clair Ave., Suite 214
Cleveland, Ohio 44113
Phone: (216) 331-0953
rdebevec@debeveclaw.com

*Counsel for Eight Non-NAS Personal Injury Claimants*

## MEMORANDUM OF LAW

### I.    STATEMENT OF THE CASE

This Chapter 11 reorganization was filed by an opioid manufacturer, Mallinckrodt PLC. Within the Mallinckrodt Bankruptcy, a Personal Injury Trust was established that administers opioid claims on a First In, First Out (FIFO) basis. Although the Trust is established by the Plan, its operates outside the judicial proceedings with few exceptions. The Trust established a General Bar Deadline of June 15, 2025. On August 11, 2025, Eight Non-NAS Claimants (Claimants) filed a Motion For Extension Of Time To File Proof Of Claims with the Personal Injury Trust. On August 21, 2025, the Trustee filed its objections to the Claimants' motion to which Claimants respond herein.

### II.    STATEMENT OF FACTS

As a threshold matter, the Parties dispute whether the Mallinckrodt Trustee took reasonable efforts to provide meaningful Notice to the Claimants about the General Bar Deadline. Because the Mallinckrodt Trustee also serves as the Trustee in Purdue Pharma L.P., Case No. 19-23649 (Purdue BR), comparing the Notice procedures used in the respective bankruptcies is illustrative.

First, the content of the Purdue BR Pharma's Notice Of Deadlines Requiring Filing Proofs of Claim To All Persons, dated February 3, 2020, provides far more substantive detail than the Mallinckrodt Notice, dated June 14, 2024. In addition to providing the General Bar Deadline, the Purdue Notice specified who must file a Proof of Claim; delineated 11 types of claims for which no Proof of Claim was required; and identified approximately 20 Opioid medications by Brand and Generic Names. (Affidavit of Rhonda Baker Debevec, Esq., dated

August 27, 2025, attached as Exhibit A, at Para. 2-3.)[1]   In addition, the Purdue Notice included

a copy of the Personal Injury Claimant Proof of Claim Form with additional details.   In contrast,

the Mallinckrodt Notice contained none of these details and, in particular, did not include a list of

qualifying medications nor a copy of the Proof of Claim forms.  (Exhibit A at Para. 12 and 17-

18)

Second, the Trustee's manner of serving Notice in Purdue BR differed substantially from

how the Mallinckrodt Notice was served.  In the Purdue BR, the Mallinckrodt Trustee, serving as

the Purdue BR Trustee, sent at least five emails to known claimants notifying them about the

July 28, 2025 filing deadline.  (Exhibit A at Para. 5-11.)  Most of the Purdue e-mails were sent

and received during business hours and included detailed instructions.  In contrast, on June 14,

2024, the Mallinckrodt Trustee sent known beneficiaries a single email and mailed a single

correspondence to notify them of the General Bar Deadline a year ahead of the deadline.  (Ex. A

at Para. 12-17.) Mallinckrodt's sole email was received on a Saturday morning, was one sentence

and devoid of any instructions. Id. The Mallinckrodt Trustee did not send any other emails to

known Beneficiaries despite email being an efficient and inexpensive notification method that

had already been used. Id. at Para. 18. Similarly, the Mallinckrodt Trustee did not ever forward

the Proof of Claim forms nor provide further details about qualifying medications, etc.

In addition to the manner of service, the content of the Mallinckrodt Trustee's Notice

created confusion on whether Claimants had to file another Proof of Claim with the Mallinckrodt

Trustee given the Trust's possession of their Purdue BR Proof of Claim Forms. (Id. at Para. 18 –

23.)  In pertinent part, the Mallinckrodt Notice stated: "II. WHO DOES NOT NEED TO FILE A

---

[1]Consistent with Local R.  3017-3, Claimants will not unnecessarily repeat the facts contained
within the Affidavit of Rhonda Baker Debevec, Esq. (Exhibit A.)

CLAIM FORM:  You do not need to file a Claim Form for a Non-Future Non-NAS Personal

Injury Claim **if you have already filed one.**"  Unlike the Purdue BR Notice, no clarification was

provided.  Given the overall circumstances, including that both bankruptcies shared the same

Trustee and the Notice language, there was confusion about whether the Proof of Claim Form

filed in one of the bankruptcies was sufficient.

### III.    LAW AND ARGUMENT

Contrary to the Trustee's Representations, Bankruptcy Rule 9006 grants this Honorable

Court the discretion to enlarge the time to file a claim under at least three different

circumstances.  First, under B.R. 9006(b)(1)(B), extension is permitted if the "failure to act

within that period resulted from excusable neglect."  In addition, B.R. 9006(b)(3)(A) allows

extensions of time to act under "other rules" including B.R. 3002(c).  Second, under B.R.

3002(c)(2), "in the interests of justice, the court may extend the time for an infant or incompetent

person – or a representative of either – to file a proof of claim, but only if the extension will not

unduly delay case administration."  Third, under B.R. 3002(c)(7), extension is permitted if "the

court finds that the notice was insufficient to give the creditor a reasonable time to file."

A. *Because The Trustee's Notice Was Not Reasonably Calculated To Apprise The Claimants Of Their Rights And/Or Was Otherwise Confusing, This Court Should Exercise Its Discretion Under Mullane And B.R. 3002(c)(7) To Grant The Claimants An Extension Of Time To File Their Proof Of Claims.*

The Claimants should be granted a brief extension of time since the Notice was inadequate to

afford due process under *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950).

Under *Mullane*, the Supreme Court noted that "an elementary and fundamental requirement of

due process in any proceeding which is to be accorded finality is notice reasonably calculated,

under all the circumstances, to apprise interested parties of the pendency of the action and afford

them an opportunity to present their objections."  *Id.* at 314.  A "process which is a **mere**

**gesture** is not due process" *Id.* When the beneficiaries are known, "within the limits of

practicality, notice must be such as is reasonably calculated to reach interested parties." *Id.* at

318. *"Certainly sending them a copy of the statute months and perhaps years in advance does*

*not answer this purpose."* *Id.* In balancing the interests of the Trustee and Beneficiaries, the

*Mullane* court held that the Trustee's decision to notify Beneficiaries solely by publication

violated due process since it had previously notified them through U.S. Mail and since mail was

"an efficient and inexpensive means of communication" and "would not seriously burden the

Plan." *Id.*

        In this case, the Mallinckrodt Trustee chose to utilize a bare bones notification both in

terms of content and manner of service. The Mallinckrodt Notice failed to meaningfully notify

the Claimants about what medications qualified and, just as importantly, whether their previously

filed Proof of Claim in the Purdue BR preserved their rights. Moreover, the manner of service

amounts to a mere gesture instead of reasonably calculated to apprise them of their rights.

Tellingly, the sole email sent was on a Saturday, a year before the deadline. No further emails

were sent despite being "an efficient and inexpensive means of communication" that "would not

seriously burden the Plan." Under these circumstances, the Trustee should be estopped from

enforcing the General Bar Deadline.

   B.   <u>Under B.R. 9006(b)(1)(B) And Pioneer, This Honorable Court Should Find That The</u>
        <u>Claimants' Failure To Timely File Their Proof Of Claims Was Due To Excusable Neglect</u>.

        Pursuant to B.R. 9006(b)(1)(B), the Claimants should be granted a brief extension of time

since their failure to act was due to excusable neglect. In *Pioneer Inv. Serv. Co. v. Brunswick*

*Assocs. Ltd. Partnership*, 507 U.S. 380 (1993), the *Pioneer* court observed that "Congress

plainly contemplated that the courts would be permitted, where appropriate, to accept late filings

caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond

the party's control." *Id.* at 388.  Moreover, the *Pioneer* court noted in weighing the equities, the

underlying policy is "to preserve rather than forfeit rights."  *Id.* at 390.  Finally, the *Pioneer* court

held that under all the circumstances, the lower court had abused its discretion in declining to

find the neglect to be "excusable."

As a threshold issue, the Trustee's reliance on inapplicable Second Circuit precedent in

the application of the *Pioneer Test* is inappropriate since the Second Circuit has adopted a "hard

line" application that "focuses primarily on the reason for the delay, and specifically whether the

delay was in the reasonable control of the movant."  *In re Lehman Brothers Holdings, Inc.*, 433

B.R. 118 (Bank. S.D.N.Y. 2010) at 119.  In contrast, the Third Circuit has adopted a more lenient

standard in which "all the factors must be considered and balanced; no one factor trumps the

other." *In re Garden Ridge*, 348 B.R. 642 (Bankr. D.Del. 2006) *quoting*, *Hefta v. Off'l Comm. Of*

*Unsecured Creditors (In re American Classic Voyages Co.)*, 405 F.3d 127, 133 (3rd Cir. 2005.)

     i.    <u>This Honorable Court Should Find The Pioneer Prejudice Factor Weighs In</u>
             <u>Favor Of Allowing The Claimants' Late Filing.</u>

The Trustee's reliance on inapplicable Second Circuit precedent determining whether the

Debtors are prejudiced under *Pioneer* is misplaced.  First, the *Lehman* facts are distinguishable.

In *Lehman*, there were over twice as many claims as herein and their value totaled **$899 billion**

**dollars**.  Additionally, the value of the *Lehman* claims seeking an extension of time was more

than $85 million.  In this context, the *Lehman* court observed that "prejudice needs to be

evaluated in this **unprecedented setting**." *Lehman*, supra, at 120.  Second, under Third Circuit

precedent, in determining whether the Debtor would be prejudiced, courts are to consider several

relevant considerations, including:

     (i)   Whether the debtor was surprised or caught unaware by the assertion of a claim that
          it had not anticipated;

    (ii)   Whether payment of the claim would force the return of amounts already paid out under the confirmed plan or affect the distribution to creditors;

   (iii)   Whether payment of the claim would jeopardize the success of the debtor's reorganization;

   (iv)   Whether allowance of the claim would adversely impact the debtor; and,

   (v)   Whether allowance of the claim would open the floodgates to other late claims. *Manus Corp. v. NRG Energy, Inc.* (*In re O'Brien Envtl Energy, Inc.*), 188 F.3d 116 (3rd Circ. 1999) at 127.

In this case, applying *O'Brien's* multi-factorial test, there is no evidence that 1) the Debtor was surprised or caught unaware of the Claims; 2) that payment of the Claims would force the return of amounts already paid out; nor, 3) that payment would jeopardize the success of the reorganization. Under the fourth and fifth *O'Brien* factors, the Trustee argues that allowance of these claims would adversely impact the Debtor and/or "open the floodgates to other late claims." Yet, the Trustee offers no evidence that allowing these Proof of Claims would adversely impact Mallinckrodt, the Debtor. Instead, the Trustee complains it has too many claims to process and additional claims would add to the load. Neither of these establish an adverse impact on Mallinckrodt which has funded a Personal Injury Trust that is unaffected by the number of claims. Similarly, in this case where no other motions for extension of time have been filed, it is rank speculation to argue that allowing these Claims would "open the floodgates." In sum, the *O'Brien* factors weigh in favor of allowing the Claims.

    ii.   *The Second Pioneer Factor Regarding The Length Of The Delay And Potential Impact On Judicial Proceedings Favors Allowing The Late Filing*.

The Trustee concedes the Claimants' brief delay in filing their Motion favors allowing the Claim. Moreover, given the establishment of the Personal Injury Trust outside of the Mallinckrodt Bankruptcy, the Trustee cannot credibly claim that allowing these Claims would

impact the "judicial proceedings." As such, the second factor also weighs in favor of allowing the Claims.

iii.    *The Third Pioneer Factor Regarding The Reason For The Delay Weighs In Favor Of Allowing The Claims And, Even If Not, It Does Not Outweigh The Considerations In Favor Of Allowing The Claims.*

Where the Claimants' late filing is due, in part, to a confusing Notice that was inadequately served, the reason for Claimants' delay weighs in favor of allowing the claim. Alternatively, if this Court finds this factor weighs against the Claimants, it is not determinative notwithstanding the Trustee's misplaced reliance upon inapplicable Second Circuit "hard-line" precedence. Instead, when considering all of the factors as required by the Third Circuit, the considerations in support of allowing the Claims outweigh those against.

iv.    *Because It Is Undisputed That The Claimants Have Acted In Good Faith, The Fourth Pioneer Factor Favors Allowing The Claims.*

The Trustee does not, and cannot, argue that the Claimants failed to act in good faith. As such, this factor weighs in favor of allowing the Claims. In sum, under the circumstances, when applying the *Pioneer Test*, this Honorable Court should find that the Claimants' failure to file their respective Proof Of Claim was due to excusable neglect and grant a brief extension of time to file their Proof of Claims now.

C.    *Pursuant To B.R. 3002(c)(2), In The Interests Of Justice, This Honorable Court Should Extend The Time To File Claimant The Estate Of Miles Teeter, Dec'd's Proof Of Claim On Behalf Of The Decedent's Surviving Minor Children Since There Is No Evidence That The Extension Will "Unduly Delay Case Administration."*

The beneficiaries of Claimant, the Estate of Miles Teeter, Dec'd., are exclusively minor children represented by their mother. If the Estate if not permitted to file their Proof of Claim Form, the children will be denied their substantive right to compensation through the Plan and Personal Injury Trust. The interests of justice favor allowing their Proof of Claim. Moreover,

there is no evidence that allowing their claim, or that of the other Claimants, will unduly delay case administration.  As such, even if the other Claimants are denied an extension of time, this particular Claimant's motion should be granted under B.R. 3002(c)(2).

## IV.    CONCLUSION

For all of the reasons set forth and good cause shown, the Claimants' Motion should be GRANTED over the Trustee's Objections.

Respectfully submitted,

Rhonda Baker Debevec, Esq. (0068260)
**The Debevec Law Firm, LLC**
700 W. Saint Clair Ave., Suite 214
Cleveland, Ohio 44113
Phone: (216) 331-0953
Fax: (216) 331-0954
rdebevec@debeveclaw.com

*Counsel for the Eight Non-NAS*
*Personal Injury Claimants*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing *Eight Non-NAS Personal Injury Claimants'*
*Brief In Opposition To Non-NAS Personal Injury Trustee's Objections To Rhonda Baker*
*Debevec, Esq.'s August 11, 2025 Motion For Extension Of Time To File Their Claims* was served
this 27th day of August, 2025, to all Interested Parties registered for the Electronic Case Filing
System with an additional electronic courtesy copy to:

Christopher P. Simon (3697)
CROSS & SIMON, LLC
1105 North Market Street, Suite 901
Wilmington, Delaware 19801
Tel: (302) 777-4200
csimon@crosslaw.com

*Counsel to Edgar C. Gentle, III, Trustee for the*
*Mallinckrodt Opioid Personal Injury Trust*


**RHONDA BAKER DEBEVEC (0068260)**

*Counsel for the Eight Non-NAS*
*Personal Injury Claimants*