**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MALLINCKRODT PLC, *et al.,* | ) Case No. 20-12522 (BLS) |
| | ) |
| Reorganized Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |

| | |
|---|---|
| STATE OF OHIO | ) **AFFIDAVIT OF RHONDA BAKER** |
| | ) **DEBEVEC, ESQ.** |
| COUNTY OF CUYAHOGA | ) |

Now comes, Rhonda Baker Debevec, Esq., after being first duly sworn, states and affirms the following:

1. I represent eight Non-NAS personal injury claimants, (Gary Braglin; James Dixon, Administrator of The Estate of Joel Dixon, Dec'd; Selena Laney; James Mehl; Michael Olsen; Angela Good, Administrator of The Estate of Brian Seymour, Dec'd; Annette Strand, Administrator of The Estate of Jeffrey Strand, Dec'd; and, Jessica Ziegler, Administrator of The Estate of Miles Teeter, Dec'd), ("Claimants") in their claims against Purdue Pharma Bankruptcy and, recently learned about the Mallinckrodt Bankruptcy.

2. On May 15, 2020, I received Purdue Pharma Notice of Deadlines Requiring Filing of Proofs of Claim, dated February 3, 2020, I believe from one of my clients, in an unrelated matter. A complete and accurate copy of this Notice is attached and incorporated herein as Ex. A-1.

3. On May 15, 2020, I also received the Purdue Pharma Personal Injury Claimant Proof of Claim Form, dated February 3, 2020. A complete and accurate copy of this Form is attached and incorporated herein as Ex. A-2.

4.  I timely filed Proof Of Claims for each of the Claimants with supporting documentation, including prescription records detailing various prescriptions, **before July 30, 2020.**

5.  On Monday, April 14, 2025, at 1:55 p.m., I received an Electronic Communication from Trustee, Edgar Gentle, III, in his capacity as Purdue Opioid Personal Injury Trust Claims Administrator, regarding the submission of Proof of Claims. A complete and accurate copy of this Email is attached and incorporated herein as Ex. A-3.

6.  On Monday, April 14, 2025, at 1:58 p.m., I received Electronic Communication from Trustee, Edgar Gentle, III, in his capacity as Purdue Opioid Personal Injury Trust Claims Administrator, regarding the submission of Proof of Claims. A complete and accurate copy of this Email is attached and incorporated herein as Ex. A-4.

7.  On Monday, June 2, 2025, at 6:08 p.m., I received an Electronic Communication from Trustee, Edgar Gentle, III, in his capacity as Purdue Opioid Personal Injury Trust Claims Administrator, regarding the July 28, 2025 Proof of Claim filing deadline. A complete and accurate copy of this Email is attached and incorporated herein as Ex. A-5.

8.  On Monday, June 9, 2025, I received a Notice of Deadline for Personal Injury Claimants To Submit Forms And Evidence To Determine Eligibility To Receive Payment From The Personal Injury Trust via Regular U.S. Mail from Trustee, Edgar Gentle, III, in his capacity as Purdue Opioid Personal Injury Trust Claims Administrator, regarding the July 28, 2025 Proof of Claim filing deadline. A complete and accurate copy of this Notice (with redactions) is attached and incorporated herein as Ex. A-6.

9.  On Friday, July 11, 2025, at 9:46 a.m., I received an Electronic Communication from Trustee, Edgar Gentle, III, in his capacity as Purdue Opioid Personal Injury Trust Claims Administrator, regarding the July 28, 2025 Proof of Claim filing deadline and attaching prior Notices. A complete and accurate copy of this Email is attached and incorporated herein as Ex. A-7.

10. On Friday, July 11, 2025, at 10:46 a.m., I received an Electronic Communication from Trustee, Edgar Gentle, III, in his capacity as Purdue Opioid Personal Injury Trust Claims Administrator, regarding the July 28, 2025 Proof of Claim filing deadline and attaching prior Notices. A complete and accurate copy of this Email is attached and incorporated herein as Ex. A-8.

11. On Friday, July 25, 2025, at 5:35 p.m., I received an Electronic Communication from the Trustee, Edgar Gentle, III, in his capacity as Purdue Opioid Personal Injury Trust Claims Administrator, regarding a FINAL REMINDER about the July 28, 2025 Proof of Claim filing deadline. A complete and accurate copy of this Email is attached and incorporated herein as Ex. A-9.

12. In contrast to the Notices I received regarding the Purdue Pharma Bankruptcy Proof of Claims Deadline, I only received one Notice regarding the Mallinckrodt General Bar Deadline that was unclear and did not contain critical information to apprise me on whether my clients had a potential claim and, if so, whether another Proof of Claim had to be submitted to the Trustee who already had their Purdue Pharma Proof of Claims.

13. I do not recall receiving either of the Mallinckrodt Trustee's Email Notices that are referenced within the Trustee's Objections.

14. In light of the Trustee's objections, I reviewed may archived emails and was able to locate the June 15, 2024 email but not the prior June 2022 email.

15. On Saturday, June 15, 2024 at 2:41 p.m., my email box received an Electronic Communication from the Trustee, Edgar Gentle, III, in his capacity as Mallinckrodt's Opioid Personal Injury Trust Claims Administrator, enclosing the June 15, 2024 Notice of Bar Date for Non-NAS Personal Injury Claims. A complete and accurate copy of this Email is attached and incorporated herein as Ex. A-10. At that time, I was on a family vacation and typically received 500-750 emails each week. I typically triaged emails based upon importance.

16. I recall receiving the mailed copy of the Trustee's Mallinckrodt Notice, dated June 14, 2024, sometime in late June 2024.

17. The mailed Mallinckrodt Notice, dated June 14, 2024, is the first time I recall being notified of any potential claim process involving opioids manufactured by Mallinckrodt.

18. Unlike the Purdue Pharma Bankruptcy Notice regarding its General Bar Deadline, the Mallinckrodt Notice did not include:

   a. Any details regarding what opioid medications were within its scope;
   b. Any specifics about who did not need to file a Proof of Claim and, instead, under "II. WHO DOES NOT NEED TO FILE A CLAIM FORM:" stated, "You do not need to file a Claim for a Non-Future Non-NAS Personal Injury Claim if you have already filed one;" and,
   c. Did not attached the Proof of Claim forms.

19. Since I had been unaware of the Mallinckrodt Bankruptcy, I assumed I had received the Mallinckrodt Notice based upon one or more of my clients' prescription records that had been filed in the Purdue Pharma Bankruptcy which shared the same Trustee/Claims Administrator.

3

20. Based upon this, I believed, and still believe, that the Mallinckrodt Trustee, who also serves as the Purdue Pharma Bankruptcy Trustee, had my clients' Purdue Pharma Proof of Claim forms with supporting documentation.

21. Under these circumstances including the shared Trustee and unclear Notice language, I was unclear whether a separate Proof of Claim was required to participate in the Mallinckrodt Bankruptcy given the timely filing of my clients' Purdue Pharma Proof of Claim Forms.

22. Additionally, since the Mallinckrodt Notice did not include any information about which medications were at issue, I was unclear which, if any, of my clients had valid prescription history to warrant the filing of a Proof of Claim if one was required.

23. Because the Mallinckrodt Notice was unclear and included a potential deadline almost one-year later, I recall realizing it would take further investigation to determine whether the deadline applied to any of my clients and, if so, whether another Proof of Claim was required.

24. I do not recall when or why the Mallinckrodt Notice was moved from my desk into Filing.

25. Under my office's normal docketing procedures, deadlines are routinely tracked. I do not know why the June 15, 2025 deadline was not tracked pending further review of its applicability. I can only assume it was done under the assumption that it did not apply and/or through my personal inadvertence or, vicariously, through that of my staff.

26. The physical copy of the Mallinckrodt Notice, dated June 14, 2024, I received via Regular U.S. Mail was the sole notification I recall receiving regarding the Mallinckrodt Bankruptcy General Bar Deadline.

27. This sole Mallinckrodt Notice differed substantially both in quantity and quality from the emails I received from this same Trustee regarding deadlines requiring action in the Purdue Pharma Bankruptcy.

28. Notably, I received no further emails from the Trustee regarding the Mallinckrodt Proof Of Claim filing deadline after June 14, 2024 despite email being a readily available and efficient method of service for the Trustee that was used in both the Mallinckrodt and Purdue Bankruptcies.

4

29. Finally, with respect to my client, The Estate of Miles Teeter, Dec'd, under Ohio's intestate statute, R.C. § 2105.06, Statute Of Descent And Distribution, the Estate's sole heirs are the decedent's surviving minor children, Brantly Teeter and Brystal Teeter. Their mother, Jessica Zeigler, has been appointed the administrator of the estate and represents their interests. At this time, the decedent's minor children are 9 and 12 years-old.

**FURTHER AFFIANT SAYETH NAUGHT.**

**RHONDA BAKER DEBEVEC (0068260)**
The Debevec Law Firm, LLC
700 W. St. Clair Avenue, Suite 214
Cleveland, Ohio 44114
(216) 331-0953
(216) 331-0954 Facsimile
*rdebevec@debeveclaw.com*

SWORN TO BEFORE ME and subscribed in my presence this 27th day of August, 2025.

NOTARY PUBLIC

OLIVIA MONNOT
NOTARY PUBLIC
STATE OF OHIO
My Commission Expires
June 17, 2029

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 |
| Debtors.[1] | (Jointly Administered) |

### NOTICE OF DEADLINES REQUIRING FILING OF PROOFS OF CLAIM

**TO ALL PERSONS (INCLUDING LEGAL GUARDIANS OF CHILDREN AND PERSONS CLAIMING ON BEHALF OF DECEASED PERSONS) AND ENTITIES WITH CLAIMS AGAINST ANY OF THE DEBTOR ENTITIES LISTED BELOW:**

| Name of Debtor | Case Number | Tax Identification Number |
|---|---|---|
| Purdue Pharma L.P. | 19-23649 | XX-XXX7484 |
| Purdue Pharma Inc. | 19-23648 | XX-XXX7486 |
| Purdue Transdermal Technologies L.P. | 19-23650 | XX-XXX1868 |
| Purdue Pharma Manufacturing L.P. | 19-23651 | XX-XXX3821 |
| Purdue Pharmaceuticals L.P. | 19-23652 | XX-XXX0034 |
| Imbrium Therapeutics L.P. | 19-23653 | XX-XXX8810 |
| Adlon Therapeutics L.P. | 19-23654 | XX-XXX6745 |
| Greenfield BioVentures L.P. | 19-23655 | XX-XXX6150 |
| Seven Seas Hill Corp. | 19-23656 | XX-XXX4591 |
| Ophir Green Corp. | 19-23657 | XX-XXX4594 |
| Purdue Pharma of Puerto Rico | 19-23658 | XX-XXX3925 |
| Avrio Health L.P. | 19-23659 | XX-XXX4140 |
| Purdue Pharmaceutical Products L.P. | 19-23660 | XX-XXX3902 |
| Purdue Neuroscience Company | 19-23661 | XX-XXX4712 |
| Nayatt Cove Lifescience Inc. | 19-23662 | XX-XXX7805 |
| Button Land L.P. | 19-23663 | XX-XXX7502 |
| Rhodes Associates L.P. | 19-23666 | N/A |
| Paul Land Inc. | 19-23664 | XX-XXX7425 |
| Quicknick Land L.P. | 19-23665 | XX-XXX7584 |

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.



EXHIBIT

A-1

| Rhodes Pharmaceuticals L.P. | 19-23667 | XX-XXX6166 |
| Rhodes Technologies | 19-23668 | XX-XXX7143 |
| UDF LP | 19-23669 | XX-XXX0495 |
| SVC Pharma LP | 19-23670 | XX-XXX5717 |
| SVC Pharma Inc. | 19-23671 | XX-XXX4014 |

The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has entered an Order (the "**Bar Date Order**") establishing **5:00 p.m. (Prevailing Eastern Time) on June 30, 2020** (the "**General Bar Date**") as the last date for each person or entity (including individuals (which includes legal guardians of children and persons claiming on behalf of deceased persons), partnerships, corporations, joint ventures, trusts, governmental units, and Native American Tribes) to file a proof of claim against any of the Debtors listed above (the "**Debtors**").

The General Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose prior to September 15, 2019 (in other words, for claims that arise from an action that the Debtors took prior to September 15, 2019, but you may assert a claim for damages suffered by any person or entity both prior to and after that date), the date on which the Debtors commenced cases under chapter 11 of the United States Bankruptcy Code (the "**Petition Date**"), except for claims listed in Section 4 below that are specifically excluded from the General Bar Date filing requirement.

## 1.  WHO MUST FILE A PROOF OF CLAIM

Unless you hold a type of claim described in Section 4(c) below or the Court orders otherwise, you MUST file a proof of claim to vote on any chapter 11 plan filed in these cases.  In addition, failure to file a proof of claim may prevent you from sharing in distributions from the Debtors' bankruptcy estates if you have a claim that arose prior to Petition Date, and is not one of the types of claims described in Section 4 below.  Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or prior to the General Bar Date, even if such claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Petition Date.

Under Section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means:  (a) **a right to payment**, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) **a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment**, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors.  The fact that you have received this Notice does not mean that you have a claim or that the Debtors or the Court believe that you have a claim against the Debtors.**

## 2.  WHICH FORM TO FILE

Your filed proof of claim must conform substantially to the appropriate case-specific proof of claim form that accompanies this Notice.

For the purpose of this Notice and the accompanying proof of claim forms, **"Purdue Opioid"** means all natural, semi-synthetic or synthetic chemicals that interact with opioid receptors on nerve cells in the body and brain, and that are approved by the U.S. Food & Drug Administration (FDA) and listed by the DEA as Schedule II or III drugs pursuant to the federal Controlled Substances Act, produced, marketed, or sold by the Debtors as: (i) the following **Brand Name Medications**: OxyContin®, Hysingla ER®, Butrans®, Dilaudid®, Ryzolt, MS Contin®, MSIR®, Palladone®, DHC Plus®, OxyIR®, or OxyFast®; and (ii) the following **Generic Medications:** oxycodone extended-release tablets, buprenorphine transdermal system, hydromorphone immediate-release tablets, hydromorphone oral solution, tramadol extended-release tablets, morphine extended-release tablets, oxycodone immediate-release tablets, oxycodone and acetaminophen tablets (generic to Percocet®), hydrocodone and acetaminophen tablets (generic to Vicodin® or Norco®).[2]

Personal Injury Claimant Proof of Claim Form:

If you have a claim against the Debtors based on your own personal injury or another person's personal injury (for example, you are filing on behalf of a deceased or incapacitated individual or a minor) related to the taking of a Purdue Opioid and/or the taking of another opioid for which you believe Purdue is responsible for your damages, you must file a proof of claim form that is (or is substantially similar to) the Personal Injury Claimant Proof of Claim Form.

For example, individuals seeking damages for death, addiction or dependence, lost wages, loss of consortium, or Neonatal Abstinence Syndrome ("NAS"), regardless of the legal cause of action (fraud, negligence, misrepresentation, conspiracy, etc.), must file the Personal Injury Claimant Proof of Claim Form.

If you have a claim against the Debtors based on the Debtors' production, marketing and sale of Purdue Opioids, in addition to your claim based on personal injury as a result of taking a Purdue Opioid or another opioid, you may include those claims on the Personal Injury Claimant Proof of Claim Form by completing Part 5 of the Personal Injury Claimant Proof of Claim Form.

**Confidentiality of Forms:** All Personal Injury Claimant Proof of Claim Forms and any supporting documentation submitted with those forms, shall remain highly confidential and shall not be made available to the public. For the avoidance of doubt, only the claim number, claim amount, and the total number of the personal injury claims, including any subcategories thereof (such as claims on behalf of minors with NAS) will be made publicly available on the Debtors' case website hosted by Prime Clerk (the **"Case Website"**) and only such information will be included in the publicly available Claims Register. Copies of Personal Injury Claimant Proof of Claim Forms and supporting documentation shall be treated as Professionals' Eyes Only/Confidential and, as applicable, as Information Protected Pursuant to the Health Insurance Portability and Accountability Act of 1996 as set forth in the Protective Order entered by the Court on January 28, 2020 [Dkt. No. 784], and made available only to Prime Clerk, the Court and those that agree to be bound by the Protective Order.

---

[2] The term "Purdue Opioid(s)" shall not mean: (i) medications and other substances to treat opioid or other substance use disorders, abuse, addiction or overdose; (ii) raw materials and/or immediate precursors used in the manufacture or study of opioids or opioid products, but only when such materials and/or immediate precursors are sold or marketed exclusively to DEA-licensed manufacturers or DEA-licensed researchers; or (iii) opioids listed by the DEA as Schedule IV drugs pursuant to the federal Controlled Substances Act.

Governmental Opioid Claimant Proof of Claim Form:

If you are a governmental unit or a Native American Tribe, and you have a claim against the Debtors based on or involving opioids or their production, marketing and sale, including without limitation, the Debtors' production, marketing and sale of Purdue Opioids, you must file a proof of claim form that is (or is substantially similar to) the Governmental Opioid Claimant Proof of Claim Form.

General Opioid Claimant Proof of Claim Form:

If you are a person or entity, other than a governmental unit or Native American Tribe, and you have a claim against the Debtors based on or involving opioids or their production, marketing and sale, including without limitation, the Debtors' production, marketing and sale of Purdue Opioids, excluding claims for personal injury, you must file a proof of claim form that is (or is substantially similar to) the General Opioid Claimant Proof of Claim Form.

For example, hospitals, insurers, third-party payors, or insureds seeking damages for an injury other than a personal injury—a financial or economic injury, for instance—must file the General Opioid Claimant Proof of Claim Form.

If you have a claim against the Debtors based on non-opioid-related injuries or harm, in addition to your claim based on the Debtors' production, marketing and sale of Purdue Opioids, you may include those claims on the General Opioid Claimant Proof of Claim Form by filling out Part 4 on the General Opioid Claimant Proof of Claim Form.

Non-Opioid Claimant Proof of Claim Form (Official Form 410):

If you are a person or entity and you have a claim against the Debtors based on non-opioid related injuries or harm, you must file a proof of claim form that is (or is substantially similar to) the Non-Opioid Claimant Proof of Claim Form (Official Form 410).

For example, trade creditors seeking outstanding payments or governmental units asserting tax claims must file the Non-Opioid Claimant Proof of Claim Form.

Any holder of a claim against more than one Debtor for non-opioid related injuries or harm must file a separate proof of claim with respect to each such Debtor, and all holders of such claims must identify on their proof of claim the specific Debtor against which their claim is asserted and the case number of that Debtor's bankruptcy case. A list of the names of the Debtors and their case numbers is set forth in the table on the first page of this Notice.

Applicable to All Proof of Claim Forms:

The Debtors are enclosing the appropriate proof of claim form for use in these cases; if your claim is scheduled by the Debtors, the form also sets forth the amount of your claim as scheduled by the Debtors, the specific Debtor against which the claim is scheduled, and whether the claim is scheduled as disputed, contingent, or unliquidated. You will receive a different proof of claim form for each claim scheduled in your name by the Debtors. Additional proof of claim forms may be obtained at the website established by Prime Clerk, located at http://PurduePharmaClaims.com.

All proof of claim forms must be **signed** by the claimant or such individual authorized to act on behalf of the claimant. If the claimant is not an individual, an authorized agent of the

4

claimant (such as the claimant's lawyer) must sign the claim form. It must be written in English and be denominated in United States currency.

**You may attach to your completed proof of claim any documents on which the claim is based (if voluminous, a summary may be attached) if you would like, but you are not required to do so, and failure to attach any such documents will not affect your ability to submit a proof of claim form or result in the denial of your claim. You may be required, in the future, to provide supporting documents for your claim. You may also amend or supplement your proof of claim after it is filed, including, for the avoidance of doubt, after the applicable Bar Date, but not, without permission from the Court, to assert a new or additional claim. Do not send original documents with your proof of claim, as they will not be returned to you and may be destroyed after they are processed and reviewed.**

Your proof of claim form must **not** contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials), or a financial account number (only the last four digits of such financial account).

All proof of claim forms that are not Personal Injury Claimant Proof of Claim Forms will be made publicly available on the Case Website in their entirety. For the avoidance of doubt, the Governmental Opioid Claimant Proof of Claim Forms, the General Opioid Proof of Claim Forms, and the Non-Opioid Proof of Claim Forms will be made publicly available on the Case Website in their entirety.

## 3.  WHEN AND WHERE TO FILE

All proofs of claim must be filed so as to be received on or before **June 30, 2020, at 5:00 p.m. (Prevailing Eastern Time)** as follows:

IF BY U.S. POSTAL SERVICE MAIL:

Purdue Pharma Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

IF BY OVERNIGHT MAIL

Purdue Pharma Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

IF DELIVERED BY HAND

>   Purdue Pharma Claims Processing Center
>   c/o Prime Clerk LLC
>   850 Third Avenue, Suite 412
>   Brooklyn, NY 11232

>   OR

>   United States Bankruptcy Court
>   Southern District of New York
>   300 Quarropas Street
>   White Plains, NY 10601[3]

IF ELECTRONICALLY

>   The website established by Prime Clerk, via the link entitled "Submit a
>   Claim" on such website located at http://PurduePharmaClaims.com and
>   following the instructions provided.

Proofs of claim will be deemed filed only when received at the addresses listed above or filed electronically on or before the General Bar Date.  Proofs of claim may not be delivered by facsimile, telecopy, or electronic mail transmission.

## 4.  CLAIMS FOR WHICH PROOFS OF CLAIM NEED NOT BE FILED

You do **not** need to file a proof of claim on behalf of a claim on or prior to the General Bar Date if the claim falls into one of the following categories:

a.  the Office of the United States Trustee for the Southern District of New York on account of claims for fees and applicable interests payable pursuant to 28 U.S.C. § 1930;

b.  any person or entity alleging a claim against the Debtors  that has already filed a proof of claim in the above-captioned case in a form substantially similar to Official Bankruptcy Form 410 (unless you wish to assert the claim against a Debtor not mentioned in the prior proof of claim, in which case an additional proof of claim must be filed);

c.  any person or entity whose claim is listed on the Schedules filed by the Debtors, provided that (i) the claim is not scheduled as "disputed," "contingent", or "unliquidated"; and (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules;

d.  any holder of a claim that heretofore has been allowed by Order of the Court;

e.  any person or entity whose claim has been paid in full by any of the Debtors;

---

[3] Proofs of claim delivered by hand to the Clerk's Office of the Court that contain confidential information as permitted hereby must be delivered in an envelope marked "CONFIDENTIAL."

f.   any holder of a claim for which specific deadlines have previously been fixed by the Court;

g.   any party that is exempt from filing a proof of claim pursuant to an order of the Court in these chapter 11 cases;

h.   any Debtor having a claim against another Debtor;

i.   any holder of a claim allowable under § 503(b) and § 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code), including any professionals retained by the Debtors pursuant to orders of the Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330 and 331 of the Bankruptcy Code;

j.   current or former employees of the Debtors and current and former officers and directors of the Debtors who are not parties to currently pending litigation arising from or related to the Debtors' production, marketing and sale of Purdue Opioids who assert claims for indemnification and/or contribution arising as a result of such individuals' services to the Debtors; and

k.   a current or former employee of the Debtors, if an order of the Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission or benefit, including any order of the Court approving the *Motion of Debtors for Entry of an Order Authorizing (I) Debtors to (A) Pay Prepetition Wages, Salaries, Employee Benefits and Other Compensation and (B) Maintain Employee Benefits Programs and Pay Related Administrative Obligations, (II) Employees and Retirees to Proceed with Outstanding Workers' Compensation Claims and (III) Financial Institutions to Honor and Process Related Checks and Transfers* [D.I. 6]; *provided* that a current or former employee must submit a Proof of Claim by the General Bar Date for all other claims arising on or before the Petition Date, including claims for benefits not provided for pursuant to an order of the Court, wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation.

## 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The Bankruptcy Code provides that the Debtors may, at any time before a plan of reorganization or liquidation is confirmed by the Court, choose to reject certain executory contracts or unexpired leases. If your contract or lease is rejected, you may have a claim resulting from that rejection. The deadline to file a Proof of Claim for damages relating to the rejection of the contract or lease is **the later of (i) the General Bar Date and (ii) thirty (30) days after entry of any order authorizing the rejection of the contract or lease**.

## 6. CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.

## 7.  THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contract and Unexpired Leases (collectively, the "**Schedules**").

To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed proof of claim forms regarding the nature, amount, and status of your claim(s). If you received post-petition payments (i.e., after September 15, 2019) from the Debtors (as authorized by the Court) on account of your claim, the enclosed proof of claim form will reflect the net amount of your claim. If the Debtors believe that you hold claims against one or more than one Debtor, you will receive multiple proof of claim forms, each of which will reflect the nature and amount of your claims against one Debtor, as listed in the Schedules.

As set forth above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claims is only against the Debtor specified by the Debtors, and if you clam is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the General Bar Date in accordance with the procedures set forth in this Notice.

In the event that the Debtors amend or supplement their Schedules, the holder of claim affected by the Debtors' amendment(s) or supplement(s) shall have until **the later of (i) the General Bar Date and (ii) thirty (30) days after the holder of a claim is served with notice that the Debtors amended or supplemented their Schedules**.

Copies of Debtors' schedules are available for inspection on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on (a) the website established by Prime Clerk for the Debtors at http://PurduePharmaClaims.com and (b) on the Courts website at http://www.nysb.uscourts.gov. A login and password to the Court's Public access to Electronic Court Records ("**PACER**") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.gov. Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Court, 300 Quarropas Street, White Plains, NY 10601. Copies of the Debtors' Schedules may also be obtained by request to Prime Clerk at the following address, telephone number, and email address:

Purdue Pharma Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412, Brooklyn, NY 11232
Toll Free:  (844) 217-0912    Email:  purduepharmainfo@primeclerk.com

**Please note that Prime Clerk cannot provide legal advice, nor can it advise you as to whether you should file a proof of claim. A holder of a possible claim against the Debtors should consult an attorney regarding any matters not covered by this Notice, such as whether the holder should file a proof of claim.**

Dated: February 3, 2020                    **BY ORDER OF THE COURT**
       White Plains, New York

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors. | (Jointly Administered) |

# Personal Injury Claimant Proof of Claim Form
## (Including Parents and Guardians)

You may file your claim electronically at PurduePharmaClaims.com via the link entitled "Submit a Claim."

**For questions regarding this Proof of Claim Form, please call Prime Clerk at (844) 217-0912 or visit PurduePharmaClaims.com.**

Read the instructions at the end of this document before filling out this form. This form is for individuals to assert an unsecured claim against the Debtors seeking damages based on actual or potential future personal injury to the claimant or another (for example, deceased, incapacitated, or minor family member) related to the taking of a Purdue Opioid and/or the taking of another opioid for which You believe Purdue is responsible for Your damages.

**Do not** use this form to assert only a non-personal injury claim against the Debtors based on or involving opioids or their production, marketing and sale, including without limitation, the Debtors' production, marketing and sale of Purdue Opioids. File such claims on a General Opioid Claimant Proof of Claim Form. However, if You have a claim against the Debtors based on or involving the production, marketing and sale of opioids, in addition to Your claim based on personal injury, You may include information related to that claim on the Personal Injury Claimant Proof of Claim Form by completing Part 5 of this form.

**Do not** use this form to assert any other pre-petition claims, including secured claims or claims entitled to priority under 11 U.S.C. § 507(a). Secured claims, claims entitled to priority under 11 U.S.C. § 507(a) and non-opioid related claims should be filed on a Non-Opioid Claimant Proof of Claim Form (Form 410).

Creditor (also referred to as "You" throughout) shall provide information responsive to the questions set forth below. Creditors may include parents, foster parents, and guardians submitting claims on behalf of minors with Neonatal Abstinence Syndrome ("NAS"). Instructions and definitions are provided at the end of this document. You shall provide information reasonably available to You and are not excused from providing the requested information for failure to appropriately investigate Your claim. You shall supplement Your responses if You learn that they are incomplete or incorrect in any material respect.

Personal Injury Claimant Proof of Claim Forms and any supporting documentation submitted with the form shall remain highly confidential and shall not be made available to the public. For the avoidance of doubt, all pages of the Personal Injury Claimant Proof of Claim Form and supporting documentation shall be treated as highly confidential and made available only to Prime Clerk, the Court and to those that agree to be bound by the Protective Order.

**Fill in all the information about the claim as of September 15, 2019, the Petition Date. You may also fill in information regarding any claims You believe You may have after September 15, 2019 on this form. This form should be completed to the best of Your ability with the information available to You. If You are unable to answer certain questions at this time, the absence of an answer, by itself, will not result in the denial of Your claim, though You may be asked or required to provide additional information at a later date. You may also amend or supplement Your claim after it is filed.**

Please note that supporting documentation is requested in certain portions of the form. Please provide the requested information to the best of Your ability. At Your discretion, You may also provide additional information to supplement Your claim in any manner available to You.

**Do not** send original documents, as they will not be returned, and they may be destroyed after scanning.

| Part 1: | Identify the Claim |
|---|---|

| | |
|---|---|
| 1. Who is the creditor? | Name of the individual to be paid for this claim. If the creditor is a minor (under 18), please provide only the minor's initials. |
| | Other names the creditor used with the debtor, including maiden or other names used: |
| | If Your claim is based on personal injury to another (for example, a deceased, incapacitated, or minor family member), please provide the name of that other person (that is, the injured person). If the injured person is a minor (under 18), please provide only the minor's initials: |
| | If You are submitting a claim on behalf of another person, please provide Your name and relationship to that person: |
| | If you are submitting a claim on behalf of a minor, are You the Legal Guardian? |
| | ☐ No        ☐ Yes |

EXHIBIT

A-2

| 2. | What is the year of birth, gender, and last 4 digits of the social security number of the creditor (or injured person, if the claim is based on the personal injury of another)? | Year of Birth: _____<br><br>Gender:    ☐ Male        ☐ Female<br><br>Last 4 Digits of Social Security Number (if available): XXX-XX-____  ____  ____  ____ |
|---|---|---|

| 3. | Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent?<br><br>_____<br>Name<br><br>_____<br>Number        Street<br><br>_____<br>City                State        ZIP Code<br><br>Contact phone _____<br><br>Contact email _____ | Where should payments to the creditor be sent? (if different)<br><br>_____<br>Name<br><br>_____<br>Number        Street<br><br>_____<br>City                State        ZIP Code<br><br>Contact phone _____<br><br>Contact email _____ |
|---|---|---|

| 4. | Does this claim amend one already filed? | ☐ No.<br>☐ Yes. Claim number on court claims registry (if known)_____            Filed on _____<br>                                                                                            MM  / DD  / YYYY |
|---|---|---|

| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☐ No.<br>☐ Yes. Who made the earlier filing? _____ |
|---|---|---|

## Part 2:   Attorney Information (Optional)

| 6. | Are You represented by an attorney in this matter?<br><br>You do not need an attorney to file this form. | ☐ No.<br>☐ Yes. If yes, please provide the following information:<br><br>_____<br>Law Firm Name<br><br>_____<br>Attorney Name<br><br>_____<br>Address<br><br>_____<br>City                        State                ZIP Code<br><br>Contact phone _____    Contact email _____ |
|---|---|---|

## Part 3:   Information as of September 15, 2019, the Petition Date, About Your Claim

| 7. | How much is the claim? | $ _____  or<br>☐    Unknown. |
|---|---|---|

| 8. | Select all that apply to You. | ☐    Creditor has been injured by use of an opioid. |
|---|---|---|
| | | ☐    Although Creditor is not currently aware of any injury, Creditor wants to file now to keep the ability to seek payment if Creditor has a future injury or harm due to use of an opioid. |
| | | ☐    Creditor has a claim arising out of another person's use of an opioid. *Please answer all questions in Part 4 as if that person (the injured person) is filling out the form.* |
| | | ☐    Creditor is submitting a claim on behalf of a minor with NAS. *Please answer all questions in Part 4 as if the birth mother of the minor is filling out the form (to the extent such information is available to You).* |

9. **Briefly describe the type of injury alleged from Your use or another person's use of an opioid. Select all that apply.**

Attach additional sheets if necessary.

- ❏ Death
- ❏ Overdose
- ❏ Addiction/Dependence/Substance Use Disorder
- ❏ Lost Wages/Earning Capacity
- ❏ Loss of Consortium
- ❏ NAS-related
  - ❏ Learning Disability
  - ❏ Spina Bifida
  - ❏ Developmental Disability
  - ❏ Heart Defects
  - ❏ Congenital Defects or Malformations
- ❏ Expenses for Treatment
- ❏ Other (describe): _____
  _____
  _____

10. **Describe the basis for Your claim, including all alleged causes of action, sources of damages, etc., You are asserting against the Debtors.**

Attach additional sheets if necessary.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

11. **Please identify and quantify each category of damages or monetary relief that You allege, including all injunctive relief that You seek. Check as many boxes as are applicable.**

- ❏ Compensatory: $_____  or  ❏ Unknown

  (for example, lost wages, pain and suffering, expenses not reimbursed, loss of consortium, etc.)

- ❏ Punitive: $_____  or  ❏ Unknown

- ❏ Other (describe): _____
  _____

| 12. Have You ever filed a lawsuit against any of the Debtors at any time? | ☐ No<br>☐ Yes. If yes, please provide the following information and attach supporting documentation:<br><br>Case Caption: _____<br><br>Court and Case/Docket Number: _____<br><br>Attorney Information:<br><br>Law Firm Name _____<br><br>Attorney Name _____<br><br>Address _____<br><br>City _____ State _____ ZIP Code _____<br><br>Contact phone _____ Contact email _____ |
|---|---|

**Part 4:** **Information About Opioid Use**
If You have a claim arising out of another person's use of an opioid, please answer these questions as if the injured person is filling out the form. If You are submitting a claim on behalf of a minor with NAS, please answer these questions as if the birth mother of the minor is filling out the form (to the extent such information is available to You).

| 13. Were You prescribed or administered a Purdue brand name opioid by a healthcare professional? | ☐ Unknown (select if You were prescribed a prescription opioid but do not know the specific medication).<br>☐ No.<br>☐ Yes. If yes, please provide the following information to the extent reasonably available:<br>Please identify the Purdue brand name opioid(s) that You were prescribed or administered by a healthcare professional. Check as many medications as applicable.<br><br>☐ Butrans®    ☐ OxyContin®<br>☐ DHC Plus®    ☐ OxyFast®<br>☐ Dilaudid®    ☐ OxyIR®<br>☐ Hysingla ER®    ☐ Palladone®<br>☐ MS Contin®    ☐ Ryzolt<br>☐ MSIR® |
|---|---|
| 14. Were You ever prescribed or administered any opioid (other than a Purdue brand name opioid) by a healthcare professional? | ☐ Unknown (select if You were prescribed a prescription opioid but do not know the specific medication).<br>☐ No.<br>☐ Yes. If yes, please provide the following information to the extent reasonably available:<br>Non-Purdue Brand Name Opioid, if known: _____<br>Please identify the generic opioid(s) that You were prescribed or administered by a healthcare professional. Check as many medications as applicable.<br><br>☐ Buprenorphine transdermal system    ☐ Oxycodone extended-release tablets<br>☐ Hydrocodone and acetaminophen tablets (generic to Vicodin® or Norco®)    ☐ Oxycodone immediate-release tablets<br>☐ Hydromorphone immediate-release tablets    ☐ Oxycodone and acetaminophen tablets (generic to Percocet®)<br>☐ Hydromorphone oral solution    ☐ Tramadol extended-release tablets<br>☐ Morphine extended-release tablets<br>☐ Other Generic: _____ |

**Part 5:    Other (Non-Personal Injury) Opioid-Related Claims**

| | |
|---|---|
| 15. Do You believe You have any other claims against the Debtors based on or involving the Debtors' production, marketing and sale of Purdue Opioids that are not based on a personal injury? | ☐ No. <br> ☐ Yes. If yes, please describe the nature of the claim(s) (Attach additional sheets if necessary). <br> _____ <br> _____ <br> _____ <br> _____ <br> _____ <br> _____ |
| 16. How much is the claim? | $ _____ or <br> ☐    Unknown. |

**Part 6:    Supporting Documentation**

| | |
|---|---|
| 17. Please provide the following supporting documentation if You would like (but You are not required) to supplement this proof of claim. | ▪    Provide any documents supporting Your claim, including but not limited to:  any complaint that You have filed against the Debtor(s), prescriptions, pharmacy records or statements showing prescriptions, or any records supporting Your claims of damages. |

**Part 7:    Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐  I am the creditor.

☐  I am the creditor's attorney, guardian, kinship (or other authorized) caretaker, executor, or authorized agent.

☐  Other (describe): _____

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____(mm/dd/yyyy)

_____
    Signature
Print the name of the person who is completing and signing this claim:

Name _____
         First name            Middle name            Last name

Title _____

Company _____

Address _____
         Number      Street

         _____
         City                          State      ZIP Code

Contact phone _____     Email _____

# Instructions for Personal Injury Claimant Proof of Claim Form

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- Fill in all of the information about the claim as of the date the bankruptcy case was filed, September 15, 2019. You may also fill in information regarding any claims You believe You may have after September 15, 2019 on this form.

- If the claim has been acquired from someone else, then state the identity of the last party who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- Attach any available supporting documents to this form. Attach copies of any documents that show that the debt exists, a lien secures the debt, or both.

  Also attach copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- Do not attach original documents because they will not be returned and may be destroyed after scanning.

- A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth. See Bankruptcy Rule 9037.

- A parent, foster parent, or guardian may complete this form on behalf of a minor child if there is reason to believe that the birth mother may have taken opioid products.

- For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian. For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State)*. See Bankruptcy Rule 9037.

- Each question in this proof of claim form should be construed independently, unless otherwise noted. No question should be construed by reference to any other question if the result is a limitation of the scope of the answer to such question.

- The questions herein do not seek the discovery of information protected by the attorney-client privilege.

- The words "and" and "or" should be construed as necessary to bring within the scope of the request all responses and information that might otherwise be construed to be outside its scope.

- After reviewing this form and any supporting documentation submitted with this form, additional information and documentation may be requested.

- Purdue Pharma (Canada) is not a debtor in this case. If Your claim is against only Purdue Pharma (Canada), You do not have a claim in this case and should not file and submit this form.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may also call Prime Clerk at (844) 217-0912, send an inquiry to purduepharmainfo@primeclerk.com, or submit an inquiry or live chat with Prime Clerk through the case website at PurduePharmaClaims.com.

## Understand the terms used in this form

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. § 507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Purdue Opioid** means all natural, semi-synthetic or synthetic chemicals that interact with opioid receptors on nerve cells in the body and brain, and that are approved by the U.S. Food & Drug Administration (FDA) and listed by the DEA as Schedule II or III drugs pursuant to the federal Controlled Substances Act, produced, marketed or sold by the Debtors as (i) the following **Brand Name Medications:** OxyContin®, Hysingla ER®, Butrans®, Dilaudid®, Ryzolt, MS Contin®, MSIR®, Palladone®, DHC Plus®, OxyIR®, and OxyFast®, and (ii) the following **Generic Medications:** oxycodone extended-release tablets, buprenorphine transdermal system, hydromorphone immediate-release tablets, hydromorphone oral solution, tramadol extended-release tablets, morphine extended-release tablets, oxycodone immediate-release tablets, oxycodone and acetaminophen tablets (generic to Percocet®), hydrocodone and acetaminophen tablets (generic to Vicodin® or Norco®). The term "Purdue Opioid(s)" shall not mean: (i) medications and other substances to treat opioid or other substance use disorders, abuse, addiction or overdose; (ii) raw materials and/or immediate precursors used in the manufacture or study of opioids or opioid products, but only when such materials and/or immediate precursors are sold or marketed exclusively to DEA-licensed manufacturers or DEA-licensed researchers; or (iii) opioids listed by the DEA as Schedule IV drugs pursuant to the federal Controlled Substances Act.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

**If by first class mail:**
Purdue Pharma Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery:**
Purdue Pharma Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

You may also file your claim electronically at **PurduePharmaClaims.com** via the link entitled "Submit a Claim."

---

## Do not file these instructions with your form

**Rhonda Debevec**

| | |
|---|---|
| **From:** | purduepitrust <purduepitrust@purduepitrust.com> |
| **Sent:** | Monday, April 14, 2025 1:55 PM |
| **Subject:** | Purdue PI Trust - Bulk Pro Se Update Sheet |

**PURDUE OPIOID PERSONAL INJURY TRUST**
**Attn: Edgar C. Gentle, III, Esq., Claims Administrator**
**Purdue PI Trust**
P.O. Box 361930
Hoover, Alabama 35236-1930
(855) 637-5538 Toll Free
(205) 716-2364 Facsimile
purduepitrust@purduepitrust.com
www.PurduePITrust.com

Dear Counsel,

The Court is allowing the PI Trust to begin accepting and processing PI Claims prior to the anticipated Effective Date of the Plan. Kroll will be sending notices to all counsel/claimants with a Proof of Claim in the bankruptcy proceedings regarding the Claims Deadline and instructions for filing a claim.

To prepare for the notice of distribution, the Purdue PI Trust is reaching out regarding claimants that your firm may have filed a Proof of Claim for in the Purdue Chapter 11 Bankruptcy, but whose representation by your firm has been terminated.

Please fill out the attached spreadsheet with the requested information including the most recent mailing address that your office has on file for the claimants for which your firm filed a Proof of Claim but that your firm no longer represents. Please provide the PI Trust with the completed spreadsheet as soon as possible, but no later than noon on April 18, 2025.

The Purdue PI Trust requires that any firm submitting more than one claim use our Bulk Upload Procedure for filing claims with the Purdue PI Trust, which will utilize a Dropbox maintained by the PI Trust for claim submission(s). Information regarding the Bulk Upload Procedures will follow within the next few weeks.

In addition to completing the attached spreadsheet, please respond to this email with the Firm Name and the email addresses of all team members who will need access to your firm Dropbox to submit claims to the Purdue PI Trust.

Best,

Ed Gentle
Purdue PI Trust Claims Administrator


EXHIBIT
A-3

1

## Rhonda Debevec

| | |
|---|---|
| **From:** | purduepitrust <purduepitrust@purduepitrust.com> |
| **Sent:** | Monday, April 14, 2025 1:58 PM |
| **To:** | purduepitrust |
| **Subject:** | RE: Purdue PI Trust - Bulk Pro Se Update Sheet |
| **Attachments:** | Kroll - Bulk Pro Se Update Sheet.xlsx |

Our apologies, please see the attached spreadsheet.

Best,

Purdue PI Trust

**From:** purduepitrust
**Sent:** Monday, April 14, 2025 12:55 PM
**Subject:** Purdue PI Trust - Bulk Pro Se Update Sheet

**PURDUE OPIOID PERSONAL INJURY TRUST**
**Attn: Edgar C. Gentle, III, Esq., Claims Administrator**
**Purdue PI Trust**
P.O. Box 361930
Hoover, Alabama 35236-1930
(855) 637-5538 Toll Free
(205) 716-2364 Facsimile
purduepitrust@purduepitrust.com
www.PurduePITrust.com

Dear Counsel,

The Court is allowing the PI Trust to begin accepting and processing PI Claims prior to the anticipated Effective Date of the Plan. Kroll will be sending notices to all counsel/claimants with a Proof of Claim in the bankruptcy proceedings regarding the Claims Deadline and instructions for filing a claim.

To prepare for the notice of distribution, the Purdue PI Trust is reaching out regarding claimants that your firm may have filed a Proof of Claim for in the Purdue Chapter 11 Bankruptcy, but whose representation by your firm has been terminated.

Please fill out the attached spreadsheet with the requested information including the most recent mailing address that your office has on file for the claimants for which your firm filed a Proof of Claim but that your firm no longer represents. Please provide the PI Trust with the completed spreadsheet as soon as possible, but no later than noon on April 18, 2025.

The Purdue PI Trust requires that any firm submitting more than one claim use our Bulk Upload Procedure for filing claims with the Purdue PI Trust, which will utilize a Dropbox maintaine

**EXHIBIT**

A-4

1

Trust for claim submission(s). Information regarding the Bulk Upload Procedures will follow within the next few weeks.

In addition to completing the attached spreadsheet, please respond to this email with the Firm Name and the email addresses of all team members who will need access to your firm Dropbox to submit claims to the Purdue PI Trust.

Best,

Ed Gentle
Purdue PI Trust Claims Administrator

**Rhonda Debevec**

| | |
|---|---|
| **From:** | purduepitrust <purduepitrust@purduepitrust.com> |
| **Sent:** | Monday, June 2, 2025 6:08 PM |
| **Subject:** | Purdue PI Trust - Correspondence Regarding Filing Claims |
| **Attachments:** | Bulk Data and Document Submittal Instructions.pdf; Purdue Non-NAS PI Data Table.xlsx; Purdue NAS PI Data Table for PREVIOUSLY FILED Claims.xlsx; Purdue NAS PI Data Table for NEW Claims.xlsx |

## OPIOID PERSONAL INJURY TRUST
### Attn: Edgar C. Gentle, III, Esq., Claims Administrator
**Purdue PI Trust**
P.O. Box 361930
Hoover, Alabama 35236-1930
(855) 637-5538 Toll Free
(205) 716-2364 Facsimile
purduepitrust@purduepitrust.com
www.PurduePITrust.com

Dear Counsel,

We hope you are well.

The Purdue PI Trust is reaching out regarding the bulk filing of claims with the Purdue PI Trust.

On May 29, Kroll, the Debtor's noticing agent, mailed your office a notice and a list of all POC numbers associated with your firm. You will need these POC numbers when filing claims with the Trust.

We have attached the Bulk Data and Document Submittal Instructions, the Purdue Non-NAS PI Data Submittal Table, Purdue NAS PI Data Submittal Table for PREVIOUSLY FILED Claims (for those previously filed in Mallinckrodt, Endo and/or Rite Aid), and the Purdue NAS PI Data Submittal Table for NEW Claims.

Please **thoroughly** read through the instructions when preparing your submission to the Purdue PI Trust. The attached spreadsheets and the necessary claim forms are located on our website, purduepitrust.com.

Please note that the PI Trust will *not* accept bulk document submittals without complete data tables.

As noted on our website and on the mailed notice, all claim submissions must be received by the Trust on or before July 28, 2025, at 11:59 p.m., EST.

Should you have questions regarding submitting your Firm's Purdue PI Trust claims, **please email our team at purduepitrust@purduepitrust.com with the name and number for the individual to contact as well as the best day(s) and time(s)** to do so.

Best,

Purdue PI Trust

1


EXHIBIT
A-5



## PURDUE PERSONAL INJURY TRUST ("PURDUE PI TRUST")

ATTN: EDGAR C. GENTLE, III, ESQ., CLAIMS ADMINISTRATOR
PURDUE PI TRUST
P.O. Box 361930
Hoover, Alabama 35236-1930
(855) 637-5538 Toll Free
(205) 716-2364 Facsimile
purduepitrust@purduepitrust.com
www.PurduePITrust.com

Potential Claimant Under the Purdue PI Trust: **(REDACTED)**

**Proof of Claim Number Issued by Kroll (formerly Prime Clerk): (REDACTED)**
**\*\*IMPORTANT: The Proof of Claim Number must be provided on your PI Claim Form \***

This package contains three documents which are outlined below:

1. **NOTICE OF DEADLINE FOR PERSONAL INJURY CLAIMANTS TO SUBMIT FORMS AND EVIDENCE TO DETERMINE ELIGIBILITY TO RECEIVE PAYMENT FROM THE PERSONAL INJURY TRUST**

2. **NON-NAS PI CLAIM FORM** - To be completed by a Holder of a Claim for personal injury(ies) that arose from the Injured Party's own use of qualifying prescribed opioids.

3. **NAS CLAIM FORM** - To be completed by a Holder of a Claim for a Child with Neonatal Abstinence Syndrome (NAS) personal injury claims.

**Please review the documents in their entirety to ensure that you are submitting the correct PI Claim Form and Required Information for your Claim.**

As noted throughout the documents, each Holder of a Claim seeking an Award from the Purdue PI Trust must complete, sign, and submit the applicable PI Claim Form along with the Required Information so that they are **received** by the Claims Administrator on or before **July 28, 2025, at 11:59 p.m. Eastern Time.**

The applicable PI Claim Form along with the Required Information can be completed and submitted online at https://www.purduepitrust.com or by sending such completed Forms and Required Information by:

(i) e-mail to purduepitrust@purduepitrust.com,

(ii) mail to Purdue PI Trust, P.O. Box 361930, Hoover, Alabama, 35236-1930, or

(iii) fax to 205-716-2364.

Law firms representing more than one Claimant, should visit the Law Firm Bulk Submittal tab on the https://www.purduepitrust.com website for additional information regarding submittal of claims for multiple, represented Claimants.

EXHIBIT
A - 6

SRF 88722

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
JUN 09 2025
BY:_____

In re:

PURDUE PHARMA L.P., *et al.*,

Debtors[1]

Chapter 11

Case No. 19-23649

(Jointly Administered)

## NOTICE OF DEADLINE FOR PERSONAL INJURY CLAIMANTS TO SUBMIT FORMS AND EVIDENCE TO DETERMINE ELIGIBILITY
## TO RECEIVE PAYMENT FROM THE PERSONAL INJURY TRUST

You are receiving this package because you are an individual who filed a proof of claim asserting a personal injury claim in Purdue's bankruptcy cases. This package contains important documents that you need to review and prepare responses for to preserve your ability to recover money in Purdue's bankruptcy.

There was a hearing before the bankruptcy court on April 10, 2025. At that hearing, the court approved procedures for gathering information for personal injury claimants to get paid. This is the next step in the process on the way to getting personal injury claimants paid. Even though you filed a proof of claim, you still need to provide additional information in order to determine if you are eligible to be paid. Enclosed are forms for you to provide this information, which you must submit so that your form is received no later than **July 28, 2025, at 11:59 p.m. (Eastern Time)**.

The information you submit will be reviewed by the claims administrator for personal injury claims. On April 15, 2025, the court appointed Ed Gentle as the claims administrator in these cases. He and his team will review the form and other information you submit. If he or his team have questions, they will contact you for additional information.

As you will see, this package contains two different types of claim forms. The first thing you need to do is choose which form applies to you. One is for holders of claims relating to children with neonatal abstinence syndrome (called NAS personal injury claims), and one is for holders of other personal injury claims that are not NAS personal injury claims (called non-NAS personal injury claims). **You must fill out the form that applies to your claim.**

Each form also lists the requirements you must meet in order to be eligible to receive a payment. You also must submit certain proof that is set out in each form. If you already submitted

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

...with your proof of claim, you do not have to resubmit the same proof. But it is very important that you review the form to make sure that the proof you submitted meets the requirements in the form.

It is very important that you read the entire form you are submitting, and follow the instructions. If you do not fill out the form and submit it by **July 28, 2025, at 11:59 p.m. (Eastern Time)**, you may be at risk of losing your right to receive any payment. **You must fill out the form even if you have filed a proof of claim.**

If you do not submit the form and all the required information by **July 28, 2025, at 11:59 p.m. (Eastern Time)**, your claim may be objected to, denied, or disallowed.

The deadline to submit forms and the required evidence to the claims administrator is **July 28, 2025, at 11:59 p.m. (Eastern Time). If you do not submit your form and required information so that it is received by July 28, 2025, at 11:59 p.m. (Eastern Time), you may lose your right to receive any payment, even if you timely filed a proof of claim in Purdue's bankruptcy.**

There are 3 ways to submit the form and the other required information:

- **ELECTRONICALLY**

  At http://www.purduepitrust.com
  You can also access the PI Trust Website using the following QR code:

  

  or

  By e-mail to purduepitrust@purduepitrust.com

- **U.S. POSTAL SERVICE MAIL:**

  Purdue PI Trust
  P.O. Box 361930
  Hoover, Alabama 35236-1930

- **FACSIMILE:**

  Facsimile to 205-716-2364
  Attn: Purdue PI Trustee

If you have any questions regarding submitting your form, please contact the claims administrator:

Ed Gentle, Esq.
PI Claims Administrator
Purdue PI Trust
P.O. Box 361930
Hoover, Alabama 35236-1930
Telephone: 855-637-5538
purduepitrust@purduepitrust.com

For questions regarding the chapter 11 cases generally, you may contact the advisors to the Official Committee of Unsecured Creditors:

Akin Gump Strauss Hauer & Feld LLP
Purdue Claims Information
One Bryant Park
New York, NY 10036
purduecreditorinfo@akingump.com

Dated: May 29, 2025

3

**From:** purduepitrust
**Sent:** Friday, July 11, 2025 9:46 AM
**Subject:** Purdue PI Trust - Correspondence Regarding Filing Claims

**PURDUE PERSONAL INJURY TRUST**
**Attn: Edgar C. Gentle, III, Esq., Claims Administrator**
**Purdue PI Trust**
P.O. Box 361930
Hoover, Alabama 35236-1930
(855) 637-5538 Toll Free
(205) 716-2364 Facsimile
purduepitrust@purduepitrust.com
www.PurduePITrust.com

Dear Counsel,

As a reminder, **the Purdue PI Trust Claims Filing Deadline for both Non-NAS and NAS PI Claims is July 28, 2025, at 11:59 PM EDT**.

As noted in the previously disseminated Bulk Data and Document Submittal Instructions, all attorneys/firms submitting Claims for **2 or more** Clients must submit **via Dropbox** by the deadline **both** the applicable, completed data table(s) **and** the documents outlined below:

For Non-NAS PI Claims:
  a)  The completed, signed Non-NAS PI Claim Form;
  b)  The applicable HIPAA Release Form (unless previously submitted with a Mallinckrodt, Endo or Rite Aid Claim); and
  c)  To the extent the Non-NAS PI Claim concerns the injuries of a decedent of the Holder of such Claim, the Heirship Declaration **or** valid estate documents authorizing the Holder of the Claim to act on behalf of the decedent's estate.

For NAS PI Claims:
  a)  The completed, signed NAS PI Claim Form;
  b)  The applicable HIPAA Release Form (unless previously submitted with a Mallinckrodt, Endo or Rite Aid Claim);
  c)  For Holders of NAS PI Claims that are minors, a Proxy Form and supporting documentation, if required; and
  d)  To the extent the NAS PI Claim concerns the injuries of a decedent of the Holder of such Claim, the Heirship Declaration **or** valid estate documents authorizing the Holder of the Claim to act on behalf of the decedent's estate.

The Bulk Data and Document Submittal Instructions and related tables are attached and are also available on the www.PurduePITrust.com website under the Law Firm Import Instructions tab. The documents listed can also be found on the Trust website under the tab for the applicable Claim type, Non-NAS or NAS.

**With the volume of expected claims in the tens of thousands and the tight processing window, we ask that your firm submit batches over the next few weeks as the claim submissions are ready, if possible.**

Should you have questions regarding submitting your Firm's Purdue PI Trust claims, please email our team at purduepitrust@purduepitrust.com.

Best,

EXHIBIT
A-7

**Rhonda Debevec**

| | |
|---|---|
| **From:** | purduepitrust <purduepitrust@purduepitrust.com> |
| **Sent:** | Friday, July 11, 2025 10:46 AM |
| **Subject:** | Purdue PI Trust - Correspondence Regarding Filing Claims |
| **Attachments:** | Bulk Data and Document Submittal Instructions.pdf; Purdue Non-NAS PI Data Table.xlsx; Purdue NAS PI Data Table for PREVIOUSLY FILED Claims.xlsx; Purdue NAS PI Data Table for NEW Claims.xlsx |

**PURDUE PERSONAL INJURY TRUST**
**Attn: Edgar C. Gentle, III, Esq., Claims Administrator**
**Purdue PI Trust**
P.O. Box 361930
Hoover, Alabama 35236-1930
(855) 637-5538 Toll Free
(205) 716-2364 Facsimile
purduepitrust@purduepitrust.com
www.PurduePITrust.com

Dear Counsel,

As a reminder, **the Purdue PI Trust Claims Filing Deadline for both Non-NAS and NAS PI Claims is July 28, 2025, at 11:59 PM EDT**.

As noted in the previously disseminated Bulk Data and Document Submittal Instructions, all attorneys/firms submitting Claims for **2 or more** Clients must submit **via Dropbox** by the deadline **both** the applicable, completed data table(s) **and** the documents outlined below:

For Non-NAS PI Claims:
   a) The completed, signed Non-NAS PI Claim Form;
   b) The applicable HIPAA Release Form (unless previously submitted with a Mallinckrodt, Endo or Rite Aid Claim); and
   c) To the extent the Non-NAS PI Claim concerns the injuries of a decedent of the Holder of such Claim, the Heirship Declaration **or** valid estate documents authorizing the Holder of the Claim to act on behalf of the decedent's estate.

For NAS PI Claims:
   a) The completed, signed NAS PI Claim Form;
   b) The applicable HIPAA Release Form (unless previously submitted with a Mallinckrodt, Endo or Rite Aid Claim);
   c) For Holders of NAS PI Claims that are minors, a Proxy Form and supporting documentation, if required; and
   d) To the extent the NAS PI Claim concerns the injuries of a decedent of the Holder of such Claim, the Heirship Declaration **or** valid estate documents authorizing the Holder of the Claim to act on behalf of the decedent's estate.

The Bulk Data and Document Submittal Instructions and related tables are attached and are also available on the www.PurduePITrust.com website under the Law Firm Import Instructions tab. The documents listed can also be found on the Trust website under the tab for the applicable Claim type, Non-NAS or NAS.



EXHIBIT
A-8

**With the volume of expected claims in the tens of thousands and the tight processing window, we ask that your firm submit batches over the next few weeks as the claim submissions are ready, if possible.**

Should you have questions regarding submitting your Firm's Purdue PI Trust claims, please email our team at purduepitrust@purduepitrust.com.

Best,

Purdue PI Trust

**From:** purduepitrust
**Sent:** Monday, June 2, 2025 5:08 PM
**Subject:** Purdue PI Trust - Correspondence Regarding Filing Claims

### OPIOID PERSONAL INJURY TRUST
**Attn: Edgar C. Gentle, III, Esq., Claims Administrator**
**Purdue PI Trust**
P.O. Box 361930
Hoover, Alabama 35236-1930
(855) 637-5538 Toll Free
(205) 716-2364 Facsimile
purduepitrust@purduepitrust.com
www.PurduePITrust.com

Dear Counsel,

We hope you are well.

The Purdue PI Trust is reaching out regarding the bulk filing of claims with the Purdue PI Trust.

On May 29, Kroll, the Debtor's noticing agent, mailed your office a notice and a list of all POC numbers associated with your firm. You will need these POC numbers when filing claims with the Trust.

We have attached the Bulk Data and Document Submittal Instructions, the Purdue Non-NAS PI Data Submittal Table, Purdue NAS PI Data Submittal Table for PREVIOUSLY FILED Claims (for those previously filed in Mallinckrodt, Endo and/or Rite Aid), and the Purdue NAS PI Data Submittal Table for NEW Claims.

Please **thoroughly** read through the instructions when preparing your submission to the Purdue PI Trust. The attached spreadsheets and the necessary claim forms are located on our website, purduepitrust.com.

Please note that the PI Trust will *not* accept bulk document submittals without complete data tables.

As noted on our website and on the mailed notice, all claim submissions must be received by the Trust on or before July 28, 2025, at 11:59 p.m., EST.

Should you have questions regarding submitting your Firm's Purdue PI Trust claims, **please email our team at** purduepitrust@purduepitrust.com **with the name and number for the individual to contact as well as the best day(s) and time(s)** to do so.

Best,

**From:** purduepitrust
**Sent:** Friday, July 11, 2025 9:46 AM
**Subject:** Purdue PI Trust - Correspondence Regarding Filing Claims

**PURDUE PERSONAL INJURY TRUST**
**Attn: Edgar C. Gentle, III, Esq., Claims Administrator**
**Purdue PI Trust**
P.O. Box 361930
Hoover, Alabama 35236-1930
(855) 637-5538 Toll Free
(205) 716-2364 Facsimile
purduepitrust@purduepitrust.com
www.PurduePITrust.com

Dear Counsel,

As a reminder, **the Purdue PI Trust Claims Filing Deadline for both Non-NAS and NAS PI Claims is July 28, 2025, at 11:59 PM EDT**.

As noted in the previously disseminated Bulk Data and Document Submittal Instructions, all attorneys/firms submitting Claims for **2 or more** Clients must submit **via Dropbox** by the deadline **both** the applicable, completed data table(s) **and** the documents outlined below:

For Non-NAS PI Claims:
  a) The completed, signed Non-NAS PI Claim Form;
  b) The applicable HIPAA Release Form (unless previously submitted with a Mallinckrodt, Endo or Rite Aid Claim); and
  c) To the extent the Non-NAS PI Claim concerns the injuries of a decedent of the Holder of such Claim, the Heirship Declaration **or** valid estate documents authorizing the Holder of the Claim to act on behalf of the decedent's estate.

For NAS PI Claims:
  a) The completed, signed NAS PI Claim Form;
  b) The applicable HIPAA Release Form (unless previously submitted with a Mallinckrodt, Endo or Rite Aid Claim);
  c) For Holders of NAS PI Claims that are minors, a Proxy Form and supporting documentation, if required; and
  d) To the extent the NAS PI Claim concerns the injuries of a decedent of the Holder of such Claim, the Heirship Declaration **or** valid estate documents authorizing the Holder of the Claim to act on behalf of the decedent's estate.

The Bulk Data and Document Submittal Instructions and related tables are attached and are also available on the www.PurduePITrust.com website under the Law Firm Import Instructions tab.  The documents listed can also be found on the Trust website under the tab for the applicable Claim type, Non-NAS or NAS.

**With the volume of expected claims in the tens of thousands and the tight processing window, we ask that your firm submit batches over the next few weeks as the claim submissions are ready, if possible.**

Should you have questions regarding submitting your Firm's Purdue PI Trust claims, please email our team at purduepitrust@purduepitrust.com.

Best,

Purdue PI Trust

**From:** purduepitrust
**Sent:** Monday, June 2, 2025 5:08 PM
**Subject:** Purdue PI Trust - Correspondence Regarding Filing Claims

### OPIOID PERSONAL INJURY TRUST
**Attn: Edgar C. Gentle, III, Esq., Claims Administrator**
**Purdue PI Trust**
P.O. Box 361930
Hoover, Alabama 35236-1930
(855) 637-5538 Toll Free
(205) 716-2364 Facsimile
purduepitrust@purduepitrust.com
www.PurduePITrust.com

Dear Counsel,

We hope you are well.

The Purdue PI Trust is reaching out regarding the bulk filing of claims with the Purdue PI Trust.

On May 29, Kroll, the Debtor's noticing agent, mailed your office a notice and a list of all POC numbers associated with your firm. You will need these POC numbers when filing claims with the Trust.

We have attached the Bulk Data and Document Submittal Instructions, the Purdue Non-NAS PI Data Submittal Table, Purdue NAS PI Data Submittal Table for PREVIOUSLY FILED Claims (for those previously filed in Mallinckrodt, Endo and/or Rite Aid), and the Purdue NAS PI Data Submittal Table for NEW Claims.

Please **thoroughly** read through the instructions when preparing your submission to the Purdue PI Trust. The attached spreadsheets and the necessary claim forms are located on our website, purduepitrust.com.

Please note that the PI Trust will *not* accept bulk document submittals without complete data tables.

As noted on our website and on the mailed notice, all claim submissions must be received by the Trust on or before July 28, 2025, at 11:59 p.m., EST.

Should you have questions regarding submitting your Firm's Purdue PI Trust claims, **please email our team at** purduepitrust@purduepitrust.com **with the name and number for the individual to contact as well as the best day(s) and time(s)** to do so.

Best,

Purdue PI Trust

## Rhonda Debevec

| | |
|---|---|
| **From:** | purduepitrust <purduepitrust@purduepitrust.com> |
| **Sent:** | Friday, July 25, 2025 5:35 PM |
| **Subject:** | FINAL REMINDER -- Purdue PI Trust - Correspondence Regarding Filing Claims |
| **Attachments:** | Bulk Data and Document Submittal Instructions.pdf; Purdue Non-NAS PI Data Table.xlsx; Purdue NAS PI Data Table for PREVIOUSLY FILED Claims.xlsx; Purdue NAS PI Data Table for NEW Claims.xlsx |

**PURDUE PERSONAL INJURY TRUST**
**Attn: Edgar C. Gentle, III, Esq., Claims Administrator**
**Purdue PI Trust**
P.O. Box 361930
Hoover, Alabama 35236-1930
(855) 637-5538 Toll Free
(205) 716-2364 Facsimile
purduepitrust@purduepitrust.com
www.PurduePITrust.com

Dear Counsel,

This is the FINAL REMINDER that **the Purdue PI Trust Claims Filing Deadline for both Non-NAS and NAS PI Claims is July 28, 2025, at 11:59 PM EDT.**

As noted in the previously disseminated Bulk Data and Document Submittal Instructions, all attorneys/firms submitting Claims for **2 or more** Clients must submit **via Dropbox** by the deadline **both** the applicable, completed data table(s) **and** the documents outlined below:

For Non-NAS PI Claims:
   a) The completed, signed **Non-NAS PI Claim Form;**
   b) The applicable HIPAA Release Form (unless previously submitted with a Mallinckrodt, Endo or Rite Aid Claim); and
   c) To the extent the Non-NAS PI Claim concerns the injuries of a decedent of the Holder of such Claim, the Heirship Declaration **or** valid estate documents authorizing the Holder of the Claim to act on behalf of the decedent's estate.

For NAS PI Claims:
   a) The completed, signed **NAS PI Claim Form;**
   b) The applicable HIPAA Release Form (unless previously submitted with a Mallinckrodt, Endo or Rite Aid Claim);
   c) For Holders of NAS PI Claims that are minors, a Proxy Form and supporting documentation, if required; and
   d) To the extent the NAS PI Claim concerns the injuries of a decedent of the Holder of such Claim, the Heirship Declaration **or** valid estate documents authorizing the Holder of the Claim to act on behalf of the decedent's estate.

The Bulk Data and Document Submittal Instructions and related tables are attached and are also available on the www.PurduePITrust.com website under the Law Firm Import Instructions tab. The documents listed can also be found on the Trust website under the tab for the applicable Claim type, Non-NAS or NAS.



EXHIBIT
A-9

Should you have questions regarding submitting your Firm's Purdue PI Trust claims, please email our team at purduepitrust@purduepitrust.com.

Best,

Purdue PI Trust

**From:** purduepitrust
**Sent:** Monday, June 2, 2025 5:08 PM
**Subject:** Purdue PI Trust - Correspondence Regarding Filing Claims

## OPIOID PERSONAL INJURY TRUST
**Attn: Edgar C. Gentle, III, Esq., Claims Administrator**
**Purdue PI Trust**
P.O. Box 361930
Hoover, Alabama 35236-1930
(855) 637-5538 Toll Free
(205) 716-2364 Facsimile
purduepitrust@purduepitrust.com
www.PurduePITrust.com

Dear Counsel,

We hope you are well.

The Purdue PI Trust is reaching out regarding the bulk filing of claims with the Purdue PI Trust.

On May 29, Kroll, the Debtor's noticing agent, mailed your office a notice and a list of all POC numbers associated with your firm. You will need these POC numbers when filing claims with the Trust.

We have attached the Bulk Data and Document Submittal Instructions, the Purdue Non-NAS PI Data Submittal Table, Purdue NAS PI Data Submittal Table for PREVIOUSLY FILED Claims (for those previously filed in Mallinckrodt, Endo and/or Rite Aid), and the Purdue NAS PI Data Submittal Table for NEW Claims.

Please **thoroughly** read through the instructions when preparing your submission to the Purdue PI Trust. The attached spreadsheets and the necessary claim forms are located on our website, purduepitrust.com.

Please note that the PI Trust will *not* accept bulk document submittals without complete data tables.

As noted on our website and on the mailed notice, all claim submissions must be received by the Trust on or before July 28, 2025, at 11:59 p.m., EST.

Should you have questions regarding submitting your Firm's Purdue PI Trust claims, **please email our team at** purduepitrust@purduepitrust.com **with the name and number for the individual to contact as well as the best day(s) and time(s)** to do so.

Best,

Purdue PI Trust

**Rhonda Debevec**

| | |
|---|---|
| **From:** | mnkpitrust@mnkpitrust.com |
| **Sent:** | Saturday, June 15, 2024 2:41 PM |
| **Cc:** | mnkpitrust@mnkpitrust.com |
| **Subject:** | Notice of Mallinckrodt Opioid Personal Injury Trust June 15, 2025 Bar Date for Non-Future Non-NAS Personal Injury Claims |
| **Attachments:** | MNK NOTICE OF JUNE 15 2025 BAR DATE FOR NON-NAS PI CLAIMS.pdf |

Please find attached the ***Notice of Mallinckrodt Opioid Personal Injury Trust June 15, 2025, Bar Date for Non-Future Non-NAS Personal Injury Claims.***
Sincerely,
Ed Gentle, Trustee
Mallinckrodt Opioid Personal Injury Trust

1

