# Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MALLINCKRODT PLC | ) Case No. 20-12522 (BLS) |
| | ) |
| Reorganized Debtor.[1] | ) |
| | ) **Re: D.I. Nos. 9272 & 8969** |

**NON-NAS PERSONAL INJURY TRUSTEE'S SUR-REPLY**
**AND RENEWED OBJECTION TO RHONDA BAKER DEBEVEC'S**
**AUGUST 11, 2025 MOTION ON BEHALF OF EIGHT NON-NAS PERSONAL**
**INJURY CLAIMANTS' FOR EXTENSION FOR TIME TO FILE THEIR**
**CLAIMS AFTER THE JUNE 15, 2023 BAR DATE**

Edgar C. Gentle, III, the Trustee for the Mallinckrodt Opioid Personal Injury Trust (the

"Trustee" or the "PI Trust") by and through undersigned counsel, hereby respectfully submits this

Sur-Reply and Renewed Objection to the *Eight Non-NAS Personal Injury Claimants' Motion for*

*Extension of Time to File Their Claims* [Doc. 9272] (the "Motion").

1.      For the reasons stated below the Motion of the Eight Non-NAS Personal Injury

Claimants should be DENIED.

2.      As set out in Exhibit A, which has previously been filed with this Court, the PI

Trust provided initial notice to potential personal injury claimants in accordance with Mullane v.

Central Hanover, 399 U.S. 306 (1950) through July and August of 2022.

3.      On **July 8, 2022**, the Trust sent a digital copy of the "Mallinckrodt Opioid Personal

Injury Trust Notice" via email to a potential Claimant's Counsel list, as found in Exhibit B.

**Counsel for the Eight Non-NAS Personal Injury Claimants was a recipient of this email.**

---

[1] The Reorganized Debtor in this chapter 11 case is Mallinckrodt plc. On May 3, 2023, the Court entered an order closing the chapter 11 cases of the Reorganized Debtor's debtor affiliates. A complete list of the debtor affiliates in these chapter 11 cases may be obtained on the website of the Reorganized Debtor's claims and noticing agent at http://restructuring.ra.kroll.com/Mallinckrodt. The Reorganized Debtor's mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

4.     On December 20, 2023, this Court entered an Order establishing June 15, 2025, as the deadline for each person an entity to file Non-Future Non-NAS Personal Injury Claims against the Trust (the "Bar Date").  See Exhibit C for Bar Date Order.

5.     As set out in Exhibit D, on **December 22, 2023**, the Trust published the Bar Date Order and the "Notice of Mallinckrodt Opioid Personal Injury Trust June 15, 2025 Bar Date for Non-Future Non-NAS Personal Injury Claims" (the "Bar Date Notice") to the Pleadings and Important Documents tab of the **website, www.mnkpitrust.com**, available to the public, **according to this Court's Order of December 20, 2023**.

6.     On **June 14, 2024**, one year and a day from the **Bar Date**, **according to this Court's Order of December 20, 2023**, the Trust sent a digital copy of the Bar Date Notice via email to a potential Claimant's Counsel list, as found in Exhibit E.  Counsel for the Eight Non-NAS Personal Injury Claimants was a recipient of this email.

7.     The Bar Date Notice provides, in pertinent part, that the consequences of failure to **timely** file a Claim Form for Non-Future Non-NAS Personal Injury Claims **on or before the Bar Date of June 15, 2025**, in accordance with the Bar Date Order, such claims "**. . . SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH A CLAIM.**"  See Exhibit D, p. 3 of Bar Date Notice, Paragraph IV.

8.     While Counsel for the Eight Claimants correctly notes that Delaware Courts are part of the Third Circuit, this Court may give consideration of federal bankruptcy cases.  As has been set forth by the United States Bankruptcy Court, S.D. New York, the Bar Date Order "is a bespoke document that balances the needs of the Debtors and creditors alike . . . " *In re Lehman Brothers Holdings, Inc.*, 433 B.R. 113, 118 (Bankr. S.D.N.Y. 2010).  "The Bar Date Order is the product of litigation and negotiation and reflects a pragmatic compromise with representatives of

various objecting parties in interest relating to the burden of compiling and presenting information in support of each claim." *Id.* Moreover, "the Bar Date Order still serves the traditional function of establishing **firm deadlines for creditors to set forth their claims against the Debtors.**" *Id.* [emphasis added].

9.     It is well established that "[b]ar dates are 'critically important to the administration of a successful chapter 11 case.'" *Id.* at 119 (*quoting In re Musicland Holding Corp.*, 356 B.R. 603, 607 (Bankr. S.D.N.Y. 2006). "They are not designed merely as a '"procedural gauntlet"' but rather serve 'as an integral part of the reorganization process' and the efficient administration of bankruptcy cases." *Id.* (*quoting In re Hooker Invest., Inc.,* 937 F.2d 833, 840 (2nd Cir. 1991).

10.     Counsel for the Eight Claimants cites *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.380 (1993) as authority to support the argument that the Claimants should be granted a brief extension of time due to excusable neglect. While Counsel for the Eight Claimants is correct in her recitation of the *Pioneer* Court for the proposition that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control . . . ", *Id.* at 388, this Court should take note the distinction between the *Pioneer* facts and those of the case at bar: the type of Notice given and the timing of when Counsel had such notice. In *Pioneer*, Counsel for the creditors seeking an extension of the bar date had been retained approximately three months prior to the bar date and had asked their clients if a bar date was in effect. The Court noted that the bar date was in document titled "Notice for Meeting of Creditors." *Id.* at 383-384. While "clients must be held accountable for the acts and omissions of their attorneys," *Id.* at 396, the Court must focus on whether "the neglect of [the creditors] and *their counsel* was excusable." *Id.* at 397.

3

11.    The Trustee submits that an extension is not warranted because Counsel's neglect is not excusable.  Counsel for the Eight Claimants admits that she received email and mail notice of the Bar Date.  Furthermore, the Trustee submits that he and his staff provided Notice of the Bar Date in accordance with this Court's December 20, 2023 Order.  Thus, Counsel had ample notice and ample time to file a Claim.  Notice was also published in the *Wall Street Journal*.  "It is well settled that constructive notice of the claims bar date by publication satisfies the requirement of due process for unknown creditors." *In re New Century TRS Holdings, Inc.*, 465 B.R. 38, 48 (Bankr. D. Del. 2012).

12.    Counsel for the Eight Claimants reasons that the Trustee's Notice of the Bar Date was defective because the Trustee did not take the same steps he took in another case.  Those arguments are misplaced and have no bearing on this matter.  The Trustee was not required by this Court to undertake the same Notice campaign.  "Determining whether the discharge of claims satisfies due process includes an inquiry into the adequacy of notice of the claims bar date." *Id.* at 45.  "For creditors who receive the required notice, the bar date is a 'drop-dead date' that prevents a creditor from asserting prepetition claims unless he can demonstrate excusable neglect." *Id.* at 46.

13.    "Bankruptcy Rule 3003(c) requires the bankruptcy court to set a bar date ***after which proofs of claim many not be filed.***" *In re Lehman Brothers Holdings, Inc.*, 433 B. R. at 119.  "Bankruptcy Rule 9006 (b)(1) gives the court the discretion to enlarge the time to file claims 'where the failure to act was the result of excusable neglect.'" *Id.  See also Pioneer*, 507 U.S. 380, 389-391.  Four factors should be considered in analyzing excusable neglect, and those are:

"the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

*Pioneer.* 507 U.S. at 395. *See also In re Garden Ridge Corporation*, 348 B.R. 642, 645 (Bankr. D. Del. 2006); *New Century*, 465 B.R. at 46 ("when a debtor provides proper notice to its creditors, due process is satisfied, and a court can bar creditors from asserting claims.").

14.     As to "the danger of prejudice to the debtor," this matter involves well over 30,000 claims, which involves monumental evaluation.  While one might can argue that allowing eight late-filed claims to be considered, allowing such claims to be filed "will invite others to bring similar motions, leading to an endless loop of litigation concerning the failure of certain creditors to file claims on time." *Lehman,* 433 B.R. at 121.  Granting such relief "will open the floodgates, undermine the effectives of the Bar Date Order, and further complicate an already cumbersome process." *Id.*  "Enforcement of the Bar Date Order is an essential part of the orderly administration of the claims that have been filed in compliance with that Order . . . ." *Id.*  "The massive undertaking of processing so many claims depends on the integrity of the Bar Date Order and bringing closure to the class of timely filed claims." *Id.*  Just as the *Lehman* Court decided, this Court should find that "strict application of the Bar Date Order is needed to effectively manage the claims process and that permitting additional claims will lead to an opening of the claims process with foreseeable prejudice to the Debtors." *Id.*  Furthermore, the allowance of such late claims, and any others that might come forward, will reduce the value of the claims held by those Claimants who timely filed a Claim Form.

15.     The *Garden Ridge* Court noted several factors to be considered in determining prejudice:

> 'whether the debtor was surprised or caught unaware by the
> assertion of a claim that it had not anticipated; whether the payment
> of the claim would force the return of amounts already paid out
> under the confirmed Plan or affect the distribution to creditors;
> whether payment of the claim would jeopardize the success of the
> debtor's reorganization; whether allowance of the claim would
> adversely impact the debtor actually or legally; and whether
> allowance of the claim would open the floodgates to other future
> claims.'

*In re Garden Ridge*, 348 B.R. at 646.  In the case at bar, this Court set a Bar Date so that the Trustee

would not be surprised by the assertion of any other claims.  To allow any of these claims would

affect the distribution to other Claimants who timely-filed a Claim.  Moreover, to allow such an

extension could set precedence for other Claimants to come forward to attempt to make future

claims.

16.     When considering the length of the delay and whether the movants acted in good

faith, this Court should find in favor of the Trustee.  Although Claimants filed their Motion with

the Court relatively soon after the Bar Date, Counsel had well over one year to file a Claim on

behalf of each of the Claimants after Notice had been emailed, mailed and published according to

this Court's Bar Date Order.  Moreover, Counsel had ample opportunity to review how to submit

a Claim Form and who was eligible to participate by reviewing the Trustee's website or contacting

the Trustee's office to discuss any questions.

17. In an opinion by the Honorable Kevin J. Carey of the Delaware United States

Bankruptcy Court, he summarized the importance of a bar date by quoting a New York case:

> In order to efficiently administer a Chapter 11 reorganization case,
> a bar date within which creditors must file their claims is essential.
> Prior to the proposal of any meaningful plan of reorganization, the
> debtor needs to be apprised of the total amount and types of claims
> with which the plan must deal. To allow creditors to assert claims
> against a debtor without regard to the establishment of a bar date
> would vitiate the very purpose of it. Permitting this late filing would
> create a dangerous precedent for other creditors who have sat on

their rights without any other reasonable justification. Although persons with legitimate claims may be precluded from sharing in estate assets, strict enforcement of the bankruptcy bar date is no more unfair than application of a statute of limitations to foreclose a tort claim. *In re Eagle—Picher Indus., Inc.*, 137 B.R. 679 (Bankr.S.D.Ohio 1992).

*New Century*, 465 B.R. at 53, *quoting In re Best Products Co., Inc.*, 140 B.R. 353, 360 (Bankr.

S.D.N.Y. 1992).

18.    For the reasons set forth herein, the Trustee respectfully requests the Court to deny

the subject Motion for Extension of Time as to all Eight Claimants.

Dated: September  8, 2025                    **CROSS & SIMON, LLC**

/s/ *Christopher P. Simon*
Christopher P. Simon (No. 3697)
1105 North Market Street, Suite 901
Wilmington, Delaware 19801
Tel: (302) 777-4200
csimon@crosslaw.com

*Counsel to Edgar C. Gentle, III, Trustee for the Mallinckrodt Opioid Personal Injury Trust*

**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| MALLINCKRODT PLC., et al., | : | Case No. 20-12522 (JTD) |
| | : | (Jointly Administered) |

-------------------------------------------------------------------x

## PERSONAL INJURY TRUSTEE'S AFFIDAVIT REGARDING INITIAL CLAIMANT NOTICE

Before me, the undersigned authority personally came and appeared, Edgar C. Gentle, III, the Court-appointed Personal Injury Trustee and Claims Administrator, who is known to me to be the person so described, who, after being duly sworn on oath, says that the following information is true and correct according to Affiant's best knowledge and belief:

I am sui juris, competent to testify, and have personal knowledge of the facts herein.

I am the founding partner of the law firm of Gentle, Turner, & Benson, LLC, and was appointed by the Court as the Personal Injury Trustee in the above-styled case.

Although there were no specific claimant noticing requirements for the Personal Injury Trust, the following measures have been taken to provide notice to potential personal injury claimants in accordance with Mullane v. Central Hanover, 339 U.S. 306 (1950).

1. On July 1, 2022, the Trust made the Mallinckrodt Opioid Personal Injury Trust website, mnkpitrust.com, available to the public. The "Mallinckrodt Opioid Personal Injury Trust Notice" ("Notice") was published on the Home page of the website, and is in Exhibit A. The website is currently maintained and updated as Trust claims processing evolves over time.

2. On July 8, 2022, the Trust sent a digital copy of the "Mallinckrodt Opioid Personal Injury Trust Notice" ("Notice") via email to a potential Claimant's Counsel list. The list contained 1,044 potential email addresses derived from data from both the Mallinckrodt and Purdue bankruptcies. The Purdue data was provided to the Trust directly from Kroll. The Mallinckrodt data was provided

to the Trust by Defendants' Counsel. Of the 1,044 email addresses that were sent the Notice on July 8th, 90 were returned as "undeliverable," and 8 were returned with alternate email addresses. The 8 alternate email addresses were emailed the Notice on July 11, 2022. The Notice was ultimately distributed to a total of 962 potential Claimants' Counsel emails. $(1,044 - 90 + 8 = 962)$ The email addresses are listed in Exhibit B.

3.  On July 29, 2022, the Trust mailed paper copies of the "Mallinckrodt Opioid Personal Injury Trust Notice" ("Notice") to the mailing addresses of potential *Pro Se* claimants that were provided to the Trust by Kroll as part of the bankruptcy proceedings and by Mallinckrodt's Defense Counsel. The mailing address list contained 3,456 potential *Pro Se* claimant addresses and are listed in Exhibit C.

4.  On August 5, 2022, the Trust sent a digital copy of the "Mallinckrodt Opioid Personal Injury Trust Notice" ("Notice") via electronic mail to email addresses of potential *Pro Se* claimants that were provided to the Trust by Kroll as part of the bankruptcy proceedings and by Mallinckrodt's Defense Counsel. The email list contained 556 potential email addresses, and 8 of those emails were returned as "undeliverable," as shown in Exhibit D.

5.  On August 13, 2022, the Trust placed a 2 x 2-inch Public Notice in the Wall Street Journal Marketplace. This notice is in Exhibit E and states that the Mallinckrodt Opioid Personal Injury Trust had been established, was accepting claims, and directed potential claimants to the mnkpitrust.com website. The Trust intends to publish a similar notice every two years throughout the life of the Mallinckrodt Opioid Personal Injury Trust.

6.  On September 22, 2022, the Trust employed Uptick Marketing, of Birmingham, Alabama, to run a Google Ads campaign for noticing purposes. This noticing period ran from October 2022 through January 24, 2023. During the noticing period, the Trust received monthly analytics reporting including key word searches, impressions, conversions into website clicks, and various other forms of data. The noticing report is in Exhibit F. The Trust intends to run similar digital marketing campaigns every two years throughout the life of the Mallinckrodt Opioid Personal Injury Trust.

FURTHER AFFIANT SAY NOT.

_____
Edgar C. Gentle, III

**STATE OF ALABAMA**

**COUNTY OF SHELBY**


BEFORE ME, the undersigned, a notary public in and for said County and State, personally appeared Edgar C. Gentle, III, and acknowledges that he signed the foregoing Affidavit, and that said Affidavit is true and correct to the best of his knowledge and belief.

SWORN TO AND SUBSCRIBED before me this _6th_ day of March, 2023.

_____
Notary Public

My Commission Expires:

AMANDA L WILLIAMS
My Commission Expires [SEAL]
March 13, 2026

3

# EXHIBIT B

 Outlook

## MALLINCKRODT OPIOID PERSONAL INJURY TRUST NOTICE

From mnkpitrust@mnkpitrust.com <mnkpitrust@mnkpitrust.com>

Date Fri 7/8/2022 6:25 PM

To     mnkpitrust@mnkpitrust.com <mnkpitrust@mnkpitrust.com>

rdebevec@debeveclaw.com

<rdebevec@debeveclaw.com>;

Mail - purduepitrust - Outlook

# Mallinckrodt Opioid Personal Injury Trust Notice

On March 2, 2022, the United States Bankruptcy Court for the District of Delaware entered an Order Confirming the *Fourth Amended Joint Plan of Reorganization (With Technical Modifications) of Mallinckrodt PLC And Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code*, dated as of February 18, 2022 (the "Plan"). The Plan became effective as of <u>June 16, 2022</u> (the "Effective Date").

The Plan allows for the creation of the Mallinckrodt Opioid Personal Injury Trust (the "Trust" or "PI Trust") to, upon the Effective Date of the Plan, (i) assume all liability for the Personal Injury ("PI") and Neonatal Abstinence Syndrome (NAS) PI claims against Mallinckrodt and its subsidiaries that are channeled to the Trust, (ii) collect Plan distributions to be made to the Trust for the PI Claims Share and the NAS PI Claims Share, (iii) administer the PI and NAS Claims, (iv) make distributions to Holders of allowed PI and NAS Claims in accordance with the PI Trust Documents, and (v) carry out other matters as set forth in the PI Trust Documents.

More information regarding the approved Plan, the PI Trust Agreement and the PI Trust Documents can be found on the PI Trust website: www.mnkpitrust.com under the <u>Pleadings and Important Documents</u> tab.

The two types of personal injury claims that can be resolved by the PI Trust are the **Non-NAS PI Claims** and the **NAS PI Claims**.

<u>**The Trust anticipates that it will start accepting Non-NAS PI Claim Form and NAS PI Claim Form submissions beginning August 1, 2022. Information regarding submission of claims can be found below and in more detail on the Non-NAS PI Claims and the NAS PI Claims tabs of the www.mnkpitrust.com website.**</u>

## NON-NAS PI CLAIMS

A **Non-NAS PI Claim** is an opioid claim, including present and future claims, of any natural person for an alleged opioid-related personal injury or other similar opioid-related claim or cause of action, including any opioid related personal injury claim, and that is not a NAS PI Claim or a NAS Monitoring Opioid Claim.

**For more information about Non-NAS PI Claims, including information on how to qualify, what award you may be eligible for, what forms and documentation must be submitted, and when payments may be made, please go to the [www.mnkpitrust.com](http://www.mnkpitrust.com) website and refer to the Non-NAS PI Claims Tab as well as the Non-NAS PI Claims FAQs on the FAQs Tab of the website.**

## NAS PI CLAIMS

A **NAS PI Claim** is an opioid claim, including present and future claims, held by any natural person who has been diagnosed by a licensed medical provider with a medical, physical, cognitive or emotional condition resulting from such natural person's intrauterine exposure to opioids or opioid replacement or treatment medication including but not limited to the condition known as neonatal abstinence syndrome, and <u>does not</u> include any NAS Monitoring Opioid Claims. **The NAS PI Claim must be submitted within three (3) years from the Effective Date, or by June 15, 2025.**
**For more information about NAS PI Claims, including information on how to qualify, what award you may be eligible for, what forms and documentation must be submitted, and when payments may be made, please go to the [www.mnkpitrust.com](http://www.mnkpitrust.com) website and refer to the NAS PI Claims Tab as well as the NAS PI Claims FAQs on the FAQs Tab of the website.**

# EXHIBIT C

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | } | Chapter 11 |
|  | } |  |
| MALLINCKRODT PLC | } | Case No. 20-12522 (JTD) |
|  | } |  |
| Reorganized Debtor. | } | Re: D.I. 8969 |

### ORDER SETTING A JUNE 15, 2025 BAR DATE
### FOR NON-FUTURE NON-NAS PERSONAL INJURY CLAIMS

Upon the Motion (the "Motion")[1] of the Personal Injury Trustee, Edgar C. Gentle, III, by

and through his Counsel, for the entry of an Order, pursuant to Bankruptcy Code sections 501, 502

and 1111, Bankruptcy Rules 2002, 3001, 3002, 3003, 3005, 5005 and 9008, and Local Rule 2002-

1, (i) determining a bar date for Non-Future Non-NAS Personal Injury Claims as June 15, 2025;

and (ii) approving the form and manner of Notice thereof, all as set forth in this Order; the Court

having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C.

§§157 and 1334; and consideration of the Motion and the relief requested therein being a core

proceeding under 28 U.S.C. §157(b); and venue being proper before the Court pursuant to 28

U.S.C. §§1408 and 1409; and due and proper notice of the Motion having been provided to the

Noticed Parties, and it appearing that no other or further notice need be provided; and the Court

having reviewed the Motion and held a hearing to consider the relief requested therein (the

"Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion

and at the Hearing establish just cause for the relief granted in this order; and the Court having

determined that the relief requested is in the best interest of the Debtors, their estates, creditors,

and all parties in interest; and the publication of the requested relief in the Motion and this Order

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

helps afford impacted parties with reasonable notice thereof; and upon all of the proceedings had before the Court and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as provided therein.

2.      The Bar Date for Non-Future Non-NAS Personal Injury Claims is hereby set as June 15, 2025 with this date being referred to as the Bar Date, and this Order being referred to as the Bar Date Order herein.

3.      The Trustee shall provide notice of the Bar Date for Non-Future Non-NAS Personal Injury Claims as set forth herein.

4.      The Trustee is authorized and directed to post the Bar Date Notice substantially in the form of Exhibit 1 on the Trust website, www.MNKPITrust.com, within five (5) days after the date of the Bar Date Order and to serve the Bar Date Notice by First-Class U.S. mail, postage prepaid, or by email, by June 15, 2024 utilizing the following methods and upon the following parties (the "Bar Date Notice Parties"):

    a.  all known actual or potential Personal Injury Claimants with unfiled or incomplete Personal Injury Claim as of May 15, 2024;

    b.  utilizing all the notice methods and to all the notice recipients that were carried out in performing the Initial Claimant Notice described in the Affidavit of the Trustee in Exhibit 2 (Exhibits thereto omitted to protect confidentiality);

    c.  all Law Firms that have filed one or more Personal Injury Claims with the Trust at May 15, 2024;

    d.  the Office of the United States Trustee for the District of Delaware;

    e.  the Internal Revenue Service and all applicable state and local taxing authorities;

    f.  the United States Attorney for the District of Delaware and other relevant state attorneys general; and

       g.  all persons and entities listed on the service list maintained by the Debtors pursuant to Local Rule 2002-1(c) as of the date of entry of the Bar Date Order.

5.     Pursuant to Bankruptcy Rules 2002(l) and 9008, the Court finds that notice of the Bar Date by mail or email to all potential creditors is impracticable, and therefore the Trustee is authorized and directed to give notice of the Bar Date by publishing the Bar Date Notice, modified for publication in substantially the form attached hereto as Exhibit 3 (the "Publication Notice") in the *Wall Street Journal* on one occasion on or about June 15, 2024. The Publication Notice shall include a telephone number and an email address for Personal Injury Claimants to request copies of the Claim Form, a URL for the website where Personal Injury Claimants may obtain copies of the Claim Form to file a Personal Injury Claim and can find information concerning the procedures for filing Personal Injury Claims.

6.     The Trustee is authorized to enter into such transactions to effectuate the distribution of the Bar Date notice in Exhibit 1 and publication of the Publication Notice in Exhibit 3 as provided herein, including making reasonable payments required for such publication.

7.     The form and manner of notice of the Bar Date and the relief granted by this Order, as provided herein, constitutes good, adequate and sufficient notice thereof, satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rule and the Local Rules, and is approved in all respects.

8.     The Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

9.     Entry of this Order is without prejudice to the rights of the Trustee to seek a further order of this Court fixing a date by which holders of claims not subject to the Bar Dates established herein must file proofs of such claims or be barred from doing so.

3

10.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.     This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

**Dated: December 20th, 2023**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**

## EXHIBIT 1 TO ORDER

### PROPOSED BAR DATE NOTICE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | } | Chapter 11 |
| | } | |
| | } | Case No. 20-12522 (JTD) |
| MALLINCKRODT PLC | } | |
| | } | Ref. Docket Nos. 6510 & 6660 |
| Reorganized Debtor. | } | |

<u>**NOTICE OF MALLINCKRODT OPIOID PERSONAL INJURY TRUST JUNE 15, 2025**</u>
<u>**BAR DATE FOR NON-FUTURE NON-NAS PERSONAL INJURY CLAIMS**</u>

**TO:   ALL PERSONS AND ENTITIES WITH NON-FUTURE NON-NAS PERSONAL**
**INJURY CLAIMS:**

All persons and entities with Non-Future Non-NAS Personal Injury Claims: please take notice that on _____ 2023, the Trustee of the Mallinckrodt Opioid Personal Injury Trust (the "PI Trust") or (the "Trust") submitted a Motion of Trustee for Court determination of the Bar Date for Non-Future Non-NAS Personal Injury Claims as June 15, 2025.

On _____ 2023 the Bankruptcy Court entered the Bar Date Order establishing June 15, 2025 as the deadline for each person and entity (including, without limitation, individuals, partnerships, joint ventures, estates, and trusts), to file Non-Future Non-NAS Personal Injury Claims against the Trust (the "<u>Bar Date</u>").

A Non-NAS Personal Injury Claim is an opioid claim, including present and future claims, of any natural person for an alleged opioid-related personal injury or other similar opioid-related claim or cause of action, including opioid related personal injury claim. The BAR DATE <u>DOES</u> <u>NOT</u> apply to Future Non-NAS Personal Injury Claims, which are Non-NAS Personal Injury Claims resulting from the ingestion of a MNK opioid product that was produced by the time of the June 16, 2022 Trust Effective Date, but which results in injuries to the Claimant which manifest after the Effective Date.

**For more information about Non-NAS Personal Injury Claims, including information**
**on how to qualify, what award you may be eligible for, what forms and documentation must**
**be submitted, and when payments may be made, please go to the <u>www.mnkpitrust.com</u>**
**website and refer to the <u>Non-NAS PI Claims Tab</u> as well as the <u>Non-NAS PI Claims FAQs</u>**
**on the <u>FAQs Tab</u> of the website.**

**I.   <u>WHO MUST FILE A CLAIM FORM</u>**

You MUST file a Claim Form to share in distributions from the Trust.

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN**
**THAT YOU HOLD A NON-FUTURE NON-NAS PERSONAL INJURY CLAIM AGAINST**

THE TRUST OR THAT THE TRUST OR THE BANKRUPTCY COURT BELIEVE THAT
YOU HOLD SUCH A CLAIM AGAINST THE TRUST. ALTHOUGH THE TRUST
BELIEVES THAT YOU MAY HOLD SUCH A CLAIM AGAINST IT.

YOU SHOULD NOT FILE A CLAIM FORM FOR THIS TYPE OF CLAIM IF YOU
DO NOT HOLD SUCH A CLAIM AGAINST THE TRUST, OR IF YOU HAVE ALREADY
FILED SUCH A CLAIM.

## II.    WHO DOES NOT NEED TO FILE A CLAIM FORM

You do not need to file a Claim Form for a Non-Future Non-NAS Personal Injury Claim
if you have already filed one.

## III.    INSTRUCTIONS FOR FILING A CLAIM FORM

The instructions for filing a Claim Form are contained on the Trust website, whose address
is www.MNKPITrust.com. You may obtain a Claim Form from the website or by contacting the
Trustee.

Each Claim Form must include supporting documentation.

In order to file a Claim Form, you must deliver the original Claim Form in person, by
courier service, by hand delivery, by mail, by email, or by uploading it to the website so as to be
actually received by the Trustee on or before the Bar Date at the following addresses:

> If by First class mail:
> Edgar C. Gentle, III, Esq.
> 501 Riverchase Parkway East
> Suite 100
> Hoover, AL 35244
>
> If by Hand or Overnight Delivery:
> Edgar C. Gentle, III, Esq.
> 501 Riverchase Parkway East
> Suite 100
> Hoover, AL 35244
>
> If by Email:
> mnkpitrust@mnkpitrust.com
>
> If by uploading to the website:
> www.MNKPITrust.com

CLAIM FORMS MAY ALSO BE SENT BY FACSIMILE OR TELECOPY AT 205-
716-2364.

2

IV.    **CONSEQUENCES OF FAILURE TO TIMELY FILE A CLAIM FORM FOR NON-FUTURE NON-NAS PERSONAL INJURY CLIAMS ON OR BEFORE THE BAR DATE**

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Claim Form in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

**YOU SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH A CLAIM.**

V.    **ADDITIONAL INFORMATION**

This notice is only a summary of the Bar Date Order. All creditors and other parties in interest are referred to the text of the Bar Date Order itself and to the Bankruptcy Code, Bankruptcy Rules and Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware for additional information regarding the filing and treatment of Claim Forms and should consult with their own legal advisors regarding any matters not covered by this Notice, such as whether such creditor should file a Claim Form.

Claim Forms and a copy of the Bar Date Order may be obtained by contacting the Trustee in writing at Edgar C. Gentle, III, Esq., Gentle Turner & Benson, LLC, 501 Riverchase Parkway East, Suite 100, Hoover, AL 35244, or by visiting the Trust website at www.MNKPITrust.com or by calling the Trust telephone number at (855) 637-5538.

# EXHIBIT 2 TO ORDER

## PERSONAL INJURY TRUSTEE'S AFFIDAVIT REGARDING INITIAL CLAIMANT NOTICE

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| MALLINCKRODT PLC., et al., | : | Case No. 20-12522 (JTD) |
| | : | (Jointly Administered) |

------------------------------------------------------------x

### PERSONAL INJURY TRUSTEE'S AFFIDAVIT REGARDING INITIAL CLAIMANT NOTICE

Before me, the undersigned authority personally came and appeared, Edgar C. Gentle, III, the Court-appointed Personal Injury Trustee and Claims Administrator, who is known to me to be the person so described, who, after being duly sworn on oath, says that the following information is true and correct according to Affiant's best knowledge and belief:

I am sui juris, competent to testify, and have personal knowledge of the facts herein.

I am the founding partner of the law firm of Gentle, Turner, & Benson, LLC, and was appointed by the Court as the Personal Injury Trustee in the above-styled case.

Although there were no specific claimant noticing requirements for the Personal Injury Trust, the following measures have been taken to provide notice to potential personal injury claimants in accordance with Mullane v. Central Hanover, 339 U.S. 306 (1950).

1. On July 1, 2022, the Trust made the Mallinckrodt Opioid Personal Injury Trust website, mnkpitrust.com, available to the public. The "Mallinckrodt Opioid Personal Injury Trust Notice" ("Notice") was published on the Home page of the website, and is in Exhibit A. The website is currently maintained and updated as Trust claims processing evolves over time.

2. On July 8, 2022, the Trust sent a digital copy of the "Mallinckrodt Opioid Personal Injury Trust Notice" ("Notice") via email to a potential Claimant's Counsel list. The list contained 1,044 potential email addresses derived from data from both the Mallinckrodt and Purdue bankruptcies. The Purdue data was provided to the Trust directly from Kroll. The Mallinckrodt data was provided

1

to the Trust by Defendants' Counsel. Of the 1,044 email addresses that were sent the Notice on July 8th, 90 were returned as "undeliverable," and 8 were returned with alternate email addresses. The 8 alternate email addresses were emailed the Notice on July 11, 2022. The Notice was ultimately distributed to a total of 962 potential Claimants' Counsel emails. (1,044 − 90 + 8 = 962) The email addresses are listed in Exhibit B.

3. On July 29, 2022, the Trust mailed paper copies of the "Mallinckrodt Opioid Personal Injury Trust Notice" ("Notice") to the mailing addresses of potential *Pro Se* claimants that were provided to the Trust by Kroll as part of the bankruptcy proceedings and by Mallinckrodt's Defense Counsel. The mailing address list contained 3,456 potential *Pro Se* claimant addresses and are listed in Exhibit C.

4. On August 5, 2022, the Trust sent a digital copy of the "Mallinckrodt Opioid Personal Injury Trust Notice" ("Notice") via electronic mail to email addresses of potential *Pro Se* claimants that were provided to the Trust by Kroll as part of the bankruptcy proceedings and by Mallinckrodt's Defense Counsel. The email list contained 556 potential email addresses, and 8 of those emails were returned as "undeliverable," as shown in Exhibit D.

5. On August 13, 2022, the Trust placed a 2 x 2-inch Public Notice in the Wall Street Journal Marketplace. This notice is in Exhibit E and states that the Mallinckrodt Opioid Personal Injury Trust had been established, was accepting claims, and directed potential claimants to the mnkpitrust.com website. The Trust intends to publish a similar notice every two years throughout the life of the Mallinckrodt Opioid Personal Injury Trust.

6. On September 22, 2022, the Trust employed Uptick Marketing, of Birmingham, Alabama, to run a Google Ads campaign for noticing purposes. This noticing period ran from October 2022 through January 24, 2023. During the noticing period, the Trust received monthly analytics reporting including key word searches, impressions, conversions into website clicks, and various other forms of data. The noticing report is in Exhibit F. The Trust intends to run similar digital marketing campaigns every two years throughout the life of the Mallinckrodt Opioid Personal Injury Trust.

2

FURTHER AFFIANT SAY NOT.

_____
Edgar C. Gentle, III

**STATE OF ALABAMA**

**COUNTY OF SHELBY**

BEFORE ME, the undersigned, a notary public in and for said County and State, personally appeared Edgar C. Gentle, III, and acknowledges that he signed the foregoing Affidavit, and that said Affidavit is true and correct to the best of his knowledge and belief.

SWORN TO AND SUBSCRIBED before me this _6th_ day of March, 2023.

_____
Notary Public

My Commission Expires:

AMANDA L WILLIAMS
My Commission Expires   [SEAL]
March 13, 2026

3

## EXHIBIT 3 TO ORDER

### PROPOSED PUBLICATION NOTICE

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|                          |   |                              |
|--------------------------|---|------------------------------|
| In re:                   | } | Chapter 11                   |
|                          | } |                              |
| MALLINCKRODT PLC         | } | Case No. 20-12522 (JTD)      |
|                          | } |                              |
|                          | } | Ref. Docket Nos. 6510 & 6660 |
| Reorganized Debtor.      | } |                              |

**FORM OF PUBLICATION NOTICE OF MALLINCKRODT OPIOID PERSONAL
INJURY TRUST JUNE 15, 2025 BAR DATE FOR NON-FUTURE NON-NAS
PERSONAL INJURY CLAIMS**

### PLEASE TAKE NOTICE OF THE FOLLOWING

**Entry of the Bar Date Order**. On _____, 2023, the Bankruptcy Court entered an order (the "Bar Date Order") establishing June 15, 2025 (the "Bar Date") as the deadline for the filing of Non-Future Non-NAS Personal Injury Claim Forms (the "Claim Form") in the chapter 11 cases of the Mallinckrodt Opioid Personal Injury Trust (the "PI Trust") or (the "Trust").

> **EXCEPT AS TO CERTAIN EXCEPTIONS EXPLICITLY SET FORTH IN THE BAR
> DATE ORDER, ANY PERSON OR ENTITY WHO FAILS TO FILE A CLAIM FORM
> ON OR BEFORE THE BAR DATE, SHALL BE: (1) FOREVER BARRED FROM
> ASSERTING THAT CLAIM.**

A Non-NAS Personal Injury Claim is an opioid claim, including present and future claims, of any natural person for an alleged opioid-related personal injury or other similar opioid-related claim or cause of action, including opioid related personal injury claim. The BAR DATE <u>DOES NOT</u> apply to Future Non-NAS Personal Injury Claims, which are Non-NAS Personal Injury Claims resulting from the ingestion of a MNK opioid product that was produced by the time of the June 16, 2022 Trust Effective Date, but which results in injuries to the Claimant which manifest after the Effective Date.

For more information about **Non-NAS Personal Injury Claims, including information on how to qualify, what award you may be eligible for, what forms and documentation must be submitted, and when payments may be made, please go to the** <u>www.mnkpitrust.com</u> **website and refer to the** <u>Non-NAS PI Claims Tab</u> **as well as the** <u>Non-NAS PI Claims FAQs</u> **on the** <u>FAQs Tab</u> **of the website.**

**Who Must File a Claim Form.**  You MUST file a Claim Form to share in distributions from the Trust.

**Filing a Claim Form**. Each original Non-Future Non-NAS Personal Injury Claim Form must be filed, including supporting documentation, by hand delivery, by mail, by email, or by uploading it

to the website, so as to be actually received by the Trust, on or before the Bar Date at the following addresses:

> If by First class mail:
> Edgar C. Gentle, III, Esq.
> 501 Riverchase Parkway East
> Suite 100
> Hoover, AL 35244
>
> If by Hand or Overnight Delivery:
> Edgar C. Gentle, III, Esq.
> 501 Riverchase Parkway East
> Suite 100
> Hoover, AL 35244
>
> If by Email:
> mnkpitrust@mnkpitrust.com
>
> If by uploading to the website:
> www.MNKPITrust.com

**CLAIM FORMS MAY ALSO BE SENT BY FACSIMILE OR TELECOPY AT 205-716-2364.**

**Additional Information**. If you have any questions regarding the claims process and/or if you wish to obtain a copy of the Bar Date Motion, Bar Date Order, Claim Form or related documents (and/or any other pleadings filed in the case), you may do so by: (i) calling the Trustee at (855) 637-5538; (ii) visiting the Trustee's website, available at: www.MNKPITrust.com; and/or by (iii) writing to (a) Edgar C. Gentle, III, Esq., 501 Riverchase Parkway East, Suite 100, Hoover, AL 35244, if by First class mail, or if by hand or overnight delivery.

2

**EXHIBIT D**

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| MALLINCKRODT PLC., et al., | : | Case No. 20-12522 (JTD) |
| | : | (Jointly Administered) |

-----------------------------------------------------------------x

## PERSONAL INJURY TRUSTEE'S AFFIDAVIT REGARDING THE BAR DATE NOTICE FOR NON-FUTURE NON-NAS PERSONAL INJURY CLAIMS

Before me, the undersigned authority personally came and appeared, Edgar C. Gentle, III, the Court-appointed Personal Injury Trustee and Claims Administrator, who is known to me to be the person so described, who, after being duly sworn on oath, says that the following information is true and correct according to Affiant's best knowledge and belief:

I am sui juris, competent to testify, and have personal knowledge of the facts herein.

I am the founding partner of the law firm of Gentle, Turner, & Benson, LLC, and was appointed by the Court as the Personal Injury Trustee in the above-styled case.

On November 28, 2023, the PI Trust requested that this Court issue an Order setting the Bar Date for Non-Future, Non-NAS Personal Injury Claims as June 15, 2025 and to approve the form and manner of Notice. On December 20, 2023, this Court entered an Order establishing June 15, 2025 as the deadline for each person and entity (including, without limitation, individuals, partnerships, joint ventures, estates, and trusts), to file Non-Future Non-NAS Personal Injury Claims against the Trust. Future Claims do not have a Bar Date yet, and NAS Claims have the same June 15, 2025 Bar Date.

The following measures have been taken to provide Notice of the Bar Date to potential personal injury claimants in accordance with this Court's Bar Date Order.

1. On December 22, 2023, the Trust published the Bar Date Order and the "Notice of Mallinckrodt Opioid Personal Injury Trust June 15, 2025 Bar Date for Non-Future Non-NAS Personal Injury

Claims" ("Bar Date Notice") to the Pleadings and Important Documents tab of the website, mnkpitrust.com, available to the public. Additionally, a link to the Notice was published at the top of the website Home Page, with the title of the link being "Notice of Mallinckrodt Opioid Personal Injury Trust June 15, 2025 Bar Date for Non-Future Non-NAS Personal Injury Claims" and is in Exhibit A. The website is maintained and updated as Trust claims processing evolves over time.

2. On June 14, 2024, the Trust sent a digital copy of the "Notice of Mallinckrodt Opioid Personal Injury Trust June 15, 2025 Bar Date for Non-Future Non-NAS Personal Injury Claims" ("Bar Date Notice") via email to a potential Claimant's Counsel list. The list contained 1,042 potential email addresses derived from data from both the Mallinckrodt and Purdue bankruptcies. The Purdue data was provided to the Trust directly from Kroll (formerly Prime Clerk) and the Mallinckrodt data was provided to the Trust by Defendants' Counsel.

3. On June 14, 2024, the Trust mailed paper copies of the "Notice of Mallinckrodt Opioid Personal Injury Trust June 15, 2025 Bar Date for Non-Future Non-NAS Personal Injury Claims" ("Bar Date Notice") to the mailing addresses of potential *Pro Se* claimants that were provided to the Trust by Kroll (formerly Prime Clerk) as part of the bankruptcy proceedings and by Mallinckrodt's Defense Counsel. The mailing address list contained 3,456 potential *Pro Se* claimant addresses.

4. On June 14, 2024, the Trust sent a digital copy of the Notice of Mallinckrodt Opioid Personal Injury Trust June 15, 2025 Bar Date for Non-Future Non-NAS Personal Injury Claims" ("Bar Date Notice") via electronic mail to email addresses of potential *Pro Se* claimants that were provided to the Trust by Kroll as part of the bankruptcy proceedings and by Mallinckrodt's Defense Counsel. The email list contained 556 potential email addresses.

5. On June 8, 2024, the Trust placed a 2 x 2-inch Public Notice in the Wall Street Journal Marketplace. This notice is in Exhibit B and states that Bar Date to file claims with the Mallinckrodt Opioid Personal Injury Trust is June 15, 2025 (excluding Future Claims), and directed potential claimants to the mnkpitrust.com website. The Advertising Clerk of the Wall Street Journal's Affidavit of Publication is attached as Exhibit C.

6. On May 21, 2024, the Trust employed Uptick Marketing, of Birmingham, Alabama, to run a Google Ads campaign for noticing purposes. This noticing period will run from June 15, 2024 through September 15, 2024. During the noticing period, the Trust will receive monthly analytics reporting including key word searches, impressions, conversions into website clicks, and various other forms of data.

7. On June 14, 2024, the Trust mailed a paper copy of the "Notice of Mallinckrodt Opioid Personal Injury Trust June 15, 2025 Bar Date for Non-Future Non-NAS Personal Injury Claims" ("Bar Date Notice") to the Office of the United States Trustee for the District of Delaware.

8. On June 14, 2024, the Trust mailed paper copies of the "Notice of Mallinckrodt Opioid Personal Injury Trust June 15, 2025 Bar Date for Non-Future Non-NAS Personal Injury Claims" ("Bar Date Notice") to the United States Attorney General for the District of Delaware and all other State Attorneys General.

9. On June 14, 2024, the Trust mailed paper copies of the "Notice of Mallinckrodt Opioid Personal Injury Trust June 15, 2025 Bar Date for Non-Future Non-NAS Personal Injury Claims" ("Bar Date Notice") to the Internal Revenue Service and all applicable State and Local Taxing Authorities.

10. On June 14, 2024, the Trust mailed paper copies of the "Notice of Mallinckrodt Opioid Personal Injury Trust June 15, 2025 Bar Date for Non-Future Non-NAS Personal Injury Claims" ("Bar Date Notice") to all persons and entities listed on the service list maintained by the Debtors pursuant to Local Tile 2002-1(c) as of the date of entry of the Bar Date Order.

FURTHER AFFIANT SAY NOT.

Edgar C. Gentle, III

**STATE OF ALABAMA**
**COUNTY OF SHELBY**

BEFORE ME, the undersigned, a notary public in and for said County and State, personally appeared Edgar C. Gentle, III, and acknowledges that he signed the foregoing Affidavit, and that said Affidavit is true and correct to the best of his knowledge and belief.

SWORN TO AND SUBSCRIBED before me this ___ day of August 2025.

Notary Public

My Commission Expires:

KATHERINE A BENSON [SEAL]
My Commission Expires
March 17, 2027

# EXHIBIT A

# Notice of Mallinckrodt Opioid Personal Injury Trust June 15, 2025 Bar Date for Non-Future Non-NAS Personal Injury Claims

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | } | CHAPTER 11 |
| In re: | } | |
| | } | CASE NO. 20-12522 (JTD) |
| MALLINCKRODT PLC, et al., | } | |
| | } | (Jointly Administered) |
| | } | |
| Debtors. | } | Ref. Docket Nos. 6510 & 6660 |
| | } | |

**NOTICE OF MALLINCKRODT OPIOID PERSONAL INJURY TRUST JUNE 15, 2025**
**BAR DATE FOR NON-FUTURE NON-NAS PERSONAL INJURY CLAIMS**

**TO:     ALL PERSONS AND ENTITIES WITH NON-FUTURE NON-NAS PERSONAL
            INJURY CLAIMS:**

All persons and entities with Non-Future Non-NAS Personal Injury Claims: please take notice that on November 28, 2023, the Trustee of the Mallinckrodt Opioid Personal Injury Trust (the "PI Trust") or (the "Trust") submitted a Motion of Trustee for Court determination of the Bar Date for Non-Future Non-NAS Personal Injury Claims as June 15, 2025.

On December 20, 2023 the Bankruptcy Court entered the Bar Date Order establishing June 15, 2025 as the deadline for each person and entity (including, without limitation, individuals, partnerships, joint ventures, estates, and trusts), to file Non-Future Non-NAS Personal Injury Claims against the Trust (the "Bar Date").

A Non-NAS Personal Injury Claim is an opioid claim, including present and future claims, of any natural person for an alleged opioid-related personal injury or other similar opioid-related claim or cause of action, including opioid related personal injury claim. The BAR DATE DOES NOT apply to Future Non-NAS Personal Injury Claims, which are Non-NAS Personal Injury Claims resulting from the ingestion of a MNK opioid product that was produced by the time of the June 16, 2022 Trust Effective Date, but which results in injuries to the Claimant which manifest after the Effective Date.

**For more information about Non-NAS Personal Injury Claims, including information on how to qualify, what award you may be eligible for, what forms and documentation must be submitted, and when payments may be made, please go to the www.mnkpitrust.com website and refer to the Non-NAS PI Claims Tab as well as the Non-NAS PI Claims FAQs on the FAQs Tab of the website.**

**I.     WHO MUST FILE A CLAIM FORM**

You MUST file a Claim Form to share in distributions from the Trust.

THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HOLD A NON-FUTURE NON-NAS PERSONAL INJURY CLAIM AGAINST THE TRUST OR THAT THE TRUST OR THE BANKRUPTCY COURT BELIEVE THAT YOU HOLD SUCH A CLAIM AGAINST THE TRUST. ALTHOUGH THE TRUST BELIEVES THAT YOU MAY HOLD SUCH A CLAIM AGAINST IT.

YOU SHOULD NOT FILE A CLAIM FORM FOR THIS TYPE OF CLAIM IF YOU DO NOT HOLD SUCH A CLAIM AGAINST THE TRUST, OR IF YOU HAVE ALREADY FILED SUCH A CLAIM.

## II.   WHO DOES NOT NEED TO FILE A CLAIM FORM

You do not need to file a Claim Form for a Non-Future Non-NAS Personal Injury Claim if you have already filed one.

## III.   INSTRUCTIONS FOR FILING A CLAIM FORM

The instructions for filing a Claim Form are contained on the Trust website, whose address is www.MNKPITrust.com. You may obtain a Claim Form from the website or by contacting the Trustee.

Each Claim Form must include supporting documentation.

In order to file a Claim Form, you must deliver the original Claim Form in person, by courier service, by hand delivery, by mail, by email, or by uploading it to the website so as to be actually received by the Trustee on or before the Bar Date at the following addresses:

> If by First class mail:
> Edgar C. Gentle, III, Esq.
> 501 Riverchase Parkway East
> Suite 100
> Hoover, AL 35244

> If by Hand or Overnight Delivery:
> Edgar C. Gentle, III, Esq.
> 501 Riverchase Parkway East
> Suite 100
> Hoover, AL 35244

> If by Email:
> mnkpitrust@mnkpitrust.com

> If by uploading to the website:
> www.MNKPITrust.com

CLAIM FORMS MAY ALSO BE SENT BY FACSIMILE OR TELECOPY AT 205-716-2364.

IV.   **CONSEQUENCES OF FAILURE TO TIMELY FILE A CLAIM FORM FOR NON-FUTURE NON-NAS PERSONAL INJURY CLIAMS ON OR BEFORE THE BAR DATE**

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Claim Form in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

**YOU SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH A CLAIM.**

V.   **ADDITIONAL INFORMATION**

This notice is only a summary of the Bar Date Order. All creditors and other parties in interest are referred to the text of the Bar Date Order itself and to the Bankruptcy Code, Bankruptcy Rules and Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware for additional information regarding the filing and treatment of Claim Forms and should consult with their own legal advisors regarding any matters not covered by this Notice, such as whether such creditor should file a Claim Form.

Claim Forms and a copy of the Bar Date Order may be obtained by contacting the Trustee in writing at Edgar C. Gentle, III, Esq., Gentle Turner & Benson, LLC, 501 Riverchase Parkway East, Suite 100, Hoover, AL 35244, or by visiting the Trust website at www.MNKPITrust.com or by calling the Trust telephone number at (855) 637-5538.

# EXHIBIT B

# Wall Street Journal Public Bar Date Notice

## BUSINESS & FINANCE

# SoftBank Plans Big AI Data Center in Japan

By Kosaku Narioka

SoftBank Corp. plans to build a large-scale data center for artificial intelligence applications at Sharp's Sakai plant in Osaka, Japan.

The Japanese telecom unit of SoftBank Group said Friday that it would use the data center for its own generative AI development, as well as other AI-related businesses. It aims to start full-scale operations of the data center in 2025.

SoftBank Corp. said it would consider working on AI-related businesses with Sharp, a Japanese unit of Foxconn Technology Group, going forward.

Sharp said in May that it would halt the production of display panels at the Sakai

plant by the end of September, citing weak demand, adding that it was looking for other business uses for the site.

SoftBank Corp. said it aims to quickly build the data center by taking over the land, buildings and other facilities of the Sakai plant.

The company said the data center would have the power capacity of about 150 megawatts on a site of about 440,000 square meters, accounting for about 60% of the Sakai plant's total land area.

Japanese startup Data-section also said Monday that it would set up a joint venture with Sharp and another Japanese telecom company, KDDI, to build an AI data center at the Sakai plant.

ADVERTISEMENT

# Mortgage Broker Meridian Hires Risk Officer After Ban by Fannie, Freddie

By Gina High


CEO Brian Brooks, who took over in April, is tightening controls.

Meridian Capital Group has tapped Meridian Martinez as its first chief risk officer, part of an attempt to strengthen controls at the commercial mortgage broker after it was effectively blacklisted by Fannie Mae and Freddie Mac.

Meridian has had a particularly close relationship with New York Community Bancorp, the regional bank that got a rescue deal from investors after trouble in its commercial real-estate books sparked panic.

Meridian has made several leadership changes since Fannie and Freddie suspended business with the broker after allegations that some of its brokers falsified client financials to get bigger loans. Fannie, Freddie and federal regulators have since launched

broader probes of other players in the market, The Wall Street Journal previously reported.

Martinez, who was previously at CoreLogic, will start later this month.

"If you think about the mortgage broker industry today, there really are no standards," Martinez said in an interview. "This will be the very first risk capability that will be stood up within the industry."

Meridian will have to build and implement a risk and control framework largely from scratch.

CEO Brian Brooks, who took the helm in April, said he is considering controls to

make sure the financials sent to lenders are accurate and periodic backtests. He is also considering requiring an approval board to sign off on deals of a certain size.

"We want our brokers to be scrappy and hungry, but we will be checking," said Brooks, who was once acting comptroller of the currency and worked at Fannie Mae. "We will cut brokers who cut corners."

The commercial real-estate industry is under intense pressure from higher interest rates. That is especially true for the office market, where the rise of hybrid and remote work has left many properties with high vacancies.

Brooks and Martinez were both part of the team that took over IndyMac Bank after it failed in the 2008 financial crisis. The team included Steven Mnuchin, who later became Treasury secretary and led the recent rescue deal for New York Community Bancorp. Brooks was the vice chairman, and Martinez was chief risk officer.

## The Marketplace

To advertise: 800-366-3975 or WSJ.com/classifieds

RESIDENTIAL REAL ESTATE

ONLINE
AUCTION
THE CORNERSTONE ESTATE
TELLURIDE · MONTROSE, CO

[photo of estate]

ONLINE AUCTION BEGINS MON. JULY 8TH

PAY-BY-ONE LISTED FOR $17.5M · STARTING BID $3.75M

The Hole of The Cornerstone Close
• Mountain Views on the 18th Hole of The Cornerstone Course
• 2 Master Suites w/Luxurious Features Including Steam Room
• Total 4 BR · 4 Full & 2 Half BA · Chef's Kitchen · In-Floor Heat
• Multiple Living & Dining Areas · Fire Suppression System
• Instant Hot Water · Heated 3-Car Garage & More!

(866) 924-5294
INTERLUXE.COM/COWJ

INTERLUXE
AUCTIONS

PUBLIC NOTICES

NOTICE: Mallinckrodt Opioid Personal Injury Trust

On December 20, 2023, the Bankruptcy Court entered an order establishing June 16, 2025, as the deadline for filing claims with the MMK PI Trust, excluding Future Personal Injury Claims.

You must file a claim form to share in distributions from the Trust. Failure to file a claim by the deadline forever bars, estops, and enjoins you from asserting a claim.

More information on the types of claims, the evidence needed for a valid claim, and how to file a claim is located on the Trust website mnkpitrust.com.

The Trust can be contacted via phone at 855-637-9538 or email at mnkpitrust@mnkpitrust.com.

ANNOUNCEMENTS

The Gift of Wisdom
What You Have Learned in
Business Can Benefit Others
Share Your Story & Your Insights,
Expertise & Advice in a Book We
Write & Publish Plus, Receive
100 Copies to Sell or Give Away.
Your Book Can Help Others.
Share, Inform, Inspire.
BizSuccessBooks.com
(904) 293-9893 · Since 1999

BUSINESS OPPORTUNITIES

1ST TRUST DEED
11% RETURN
62% LTV · 2 YEARS
NEWPORT BEACH, CA
OCEAN FRONT SFR
866-700-0600
ALLIANCE PORTFOLIO

NOTICE OF SALE

BUSINESS OPPORTUNITIES

Antler Gold! Gold Mine. We have
proven and ready to operate.
Invest $1.5mm to complete and start
production at $100,000,000.00+
worth of gold on our -75 acre
property. We are offering 40%
partnership. Data room set up for
review. antlergold@protonmail.com

CAREERS

Cardiovascular Surgeon
Needed for Elmwood County, Alabama
Competitive compensation and benefits package
Please send resume to
Rhonda DeSpears, Physician Recruiter
Gadsden Regional Physician Group Practice, LLC
1007 Goodyear Ave
Gadsden, AL 35903

COMMERCIAL REAL ESTATE

BUSINESS OPPORTUNITY
INVESTMENT PROPERTY
CENTRAL NORTH CAROLINA
IN PARK, 52 FRAME BUILDING
NEAR MANY NEW MEGA SITES
WOLFBRO BOOM TOYOTA

TRAVEL

SAVE UP TO 60%
First & Business
Major Airlines
Corporate Travel
Nerve-Fly
Coach Quiet
(888) 407-1834

INTERNATIONAL
(888) 366-3975
For more information visit
wsj.com/classifieds


The show features a character named Martha, a Scottish lawyer convicted of stalking.

# Netflix Is Sued for Defamation Over 'Baby Reindeer' Character

By Ginger Adams Otis

A woman who claims she was falsely depicted as a stalker in Richard Gadd's Netflix hit "Baby Reindeer" has sued the streaming service for defamation and other charges.

Fiona Harvey is seeking monetary damages that could exceed $170 million, according to a lawsuit filed Thursday in the U.S. District Court for the Central District of California.

The character of Martha, a troubled lawyer with a bleak life, is based on Harvey, the lawsuit said. But the suit said the series, which claims to be a true story, invented most of the details surrounding the character, including that she was convicted of stalking and committed sexual assault.

Netflix failed to fact-check the claims made in "Baby Reindeer," Harvey charges in the suit. Gadd didn't immediately respond to a request for comment.

Netflix said it stands by Gadd's right to tell his story.

"We intend to defend this matter vigorously," a spokes-

man said.

Though Harvey isn't named in "Baby Reindeer," the suit said the show made it possible for Internet sleuths to identify her via one of her social-media posts, leading to a barrage of death threats. In an interview with Piers Morgan after the show was released, Harvey acknowledged knowing Gadd, having met him at the London pub where he worked, but denied stalking him, sending him emails or behaving as Martha did in the series.

"The identification of Harvey as 'Martha' was easy and took a matter of days as Harvey's identity was completely undisguised," according to the court papers.

The series was written by Gadd, a comedian who also stars in the 7-part show that has been a major success for Netflix. "Baby Reindeer" tracks Gadd's progress in a comedy competition while he works as a bartender at a London pub.

Harvey's suit accuses Netflix Inc. and Netflix Worldwide Entertainment of defamation, intentional infliction of emo-

tional distress, gross negligence and more for the "brutal lies" told about her in "Baby Reindeer."

Gadd said in an April interview with British GQ that the series borrowed an "emotional truth," not a fact-by-fact profile.

"We've gone to such great lengths to disguise her to the point that I don't think she would recognize herself," he said.

In the show, which is set in 2015, Martha is a Scottish lawyer who lives in London and is 20 years older than Gadd's fictionalized bartender character, Donny Dunn. Martha is a convicted stalker who sexually and physically assaults Dunn and waits outside his home for up to 16 hours a day.

Harvey is also a Scottish lawyer who lives in London and is 20 years older than Gadd, according to the lawsuit. Harvey has never been convicted of any crime and has never been to prison, the court documents said. She also denies any sexual encounters with Gadd.

# Bain to Acquire Software-Provider PowerSchool in $5.6 Billion Deal

By Colin Kellaher

PowerSchool Holdings has agreed to be acquired by private-equity firm Bain Capital in a deal that values the education-software provider at $5.6 billion, including debt.

PowerSchool on Friday said it will pay $22.80 a share in cash, a 2% premium to Thursday's closing price of $22.37 for the Folsom, Calif., company but 37% above PowerSchool's closing price of $16.64 on May 7, before The Wall Street Journal reported that Bain was closing in on a deal.

PowerSchool, which had a market capitalization of $4.55 billion based on Thursday's

closing price, said common investors Vista Equity Partners and Onex Partners will continue to hold minority stakes upon completion of the deal, slated to close in the second half of the year.

Area Capital Management, HPS Investment Partners, Blackstone Alternative Credit Advisors, Blue Owl Credit Advisors, Sixth Street Partners and Golub Capital are providing debt financing for the transaction.

The deal by Boston-based Bain, which has about $185 billion in assets under management, continues an upswing in private-equity M&A activity this year. Private-equity firms

have struck more than $99.7 billion of leveraged buyouts so far in 2024, compared with $71.9 billion in the same period last year, marking a 39% increase, according to data provider Dealogic.

Private-equity firm Vista acquired PowerSchool from Pearson in 2015 and was joined as an equal equity partner by Canadian private-equity firm Onex in 2018. The duo took PowerSchool public in 2021.

Onex and Vista each still own roughly 25% stakes in PowerSchool, according to recent filings with the Securities and Exchange Commission.

—Laura Cooper contributed to this article.

# AFFIDAVIT

**STATE OF NEW JERSEY**         )
                                 ) ss:
**CITY OF MONMOUTH JUNCTION, in the COUNTY OF MIDDLESEX )**

I, Ian Martin, being duly sworn, depose and say that I am the Advertising Clerk of the Publisher

of THE WALL STREET JOURNAL, a daily national newspaper of general circulation throughout

the United States, and that the notice attached to this Affidavit has been regularly

published in THE WALL STREET JOURNAL for National distribution for

1  insertion(s) on the following date(s):

JUN-08-2024;

ADVERTISER: Edgar C. Gentle III Trustee MNK PI Trust;

and that the foregoing statements are true and correct to the best of my knowledge.

Sworn to before me this
12   day of    June        2024

_____
Notary Public

Keith Oechsner
NOTARY PUBLIC
State of New Jersey
ID # 50106528
My Commission Expires
June 10, 2024

# EXHIBIT E

# Wall Street Journal Affidavit of Publication

 Outlook

**Notice of Mallinckrodt Opioid Personal Injury Trust June 15, 2025 Bar Date for Non-Future Non-NAS Personal Injury Claims**

**From** mnkpitrust@mnkpitrust.com <mnkpitrust@mnkpitrust.com>

**Date** Sat 6/15/2024 1:41 PM

**Cc**   mnkpitrust@mnkpitrust.com <mnkpitrust@mnkpitrust.com>

¡ rdebevec@debeveclaw.com

<rdebevec@debeveclaw.com>;

📎 1 attachment (146 KB)
MNK NOTICE OF JUNE 15 2025 BAR DATE FOR NON-NAS PI CLAIMS.pdf;

Please find attached the ***Notice of Mallinckrodt Opioid Personal Injury Trust June 15, 2025, Bar Date for Non-Future Non-NAS Personal Injury Claims.***

Sincerely,
Ed Gentle, Trustee
Mallinckrodt Opioid Personal Injury Trust