# EXHIBIT A

**Mallinckrodt Asbestos Personal Injury Trust**

**Special-Purpose Financial Statements
and Independent Auditor's Report**

**For the Period January 1, 2025 through
August 15, 2025 (Termination Date)
and the Year Ended December 31, 2024**



**Mallinckrodt Asbestos Personal Injury Trust**

<u>Index</u>

|  | Page |
|---|---|
| Independent Auditor's Report | 2 |
| Special-Purpose Financial Statements: | |
| Special-Purpose Statements of Net Claimants' Equity | 4 |
| Special-Purpose Statements of Changes in Net Claimants' Equity | 5 |
| Notes to Special-Purpose Financial Statements | 6 |

CohnReznick LLP
cohnreznick.com



<u>Independent Auditor's Report</u>

To the Trustee of
Mallinckrodt Asbestos Personal Injury Trust

*Opinion*

We have audited the special-purpose financial statements of the Mallinckrodt Asbestos Personal Injury Trust (the "Trust", organized in the State of Delaware), which comprise the special-purpose statements of net claimants' equity as of August 15, 2025 (Termination Date) and December 31, 2024, and the related special-purpose statements of changes in net claimants' equity for the period January 1, 2025 through August 15, 2025 (Termination Date) and for the year ended December 31, 2024, and the related notes to the special-purpose financial statements (collectively, the "Financial Statements").

In our opinion, the accompanying Financial Statements present fairly, in all material respects, the net claimants' equity of the Trust as of August 15, 2025 (Termination Date) and December 31, 2024, and the changes in net claimants' equity for the period January 1, 2025 through August 15, 2025 (Termination Date) and for the year ended December 31, 2024, in conformity with the special-purpose basis of accounting described in Note 2 to the Financial Statements.

*Basis for Opinion*

We conducted our audits in accordance with auditing standards generally accepted in the United States of America ("GAAS"). Our responsibilities under those standards are further described in the Auditor's Responsibilities for the Audit of the Financial Statements section of our report. We are required to be independent of the Trust and to meet our other ethical responsibilities in accordance with the relevant ethical requirements relating to our audit. We believe that the audit evidence we have obtained is sufficient and appropriate to provide our audit opinion.

*Basis of Accounting*

We draw attention to Note 2 of the Financial Statements, which describes the basis of accounting. The Financial Statements are prepared on a special-purpose basis of accounting which is a basis of accounting other than accounting principles generally accepted in the United States of America. The special-purpose basis of accounting has been adopted by the Trustee to communicate the amount of equity presently available to fund current and future claims. As a result, the Financial Statements may not be suitable for another purpose. Our opinion is not modified with respect to this matter.

*Emphasis of Matter-Trust Termination*

As discussed in Note 1 to the Financial Statements, the Trust terminated and distributed all funds effective August 15, 2025, pursuant to the terms of the Trust Agreement. Our opinion is not modified with respect to this matter.

*Responsibilities of Management for the Financial Statements*

Management is responsible for the preparation and fair presentation of these Financial Statements in accordance with the special-purpose basis of accounting; this includes determining that the special-purpose basis of accounting is an acceptable basis for the preparation of the Financial Statements in these circumstances. Management is also responsible for the design, implementation, and maintenance of internal control relevant to the preparation and fair presentation of the Financial Statements that are free from material misstatement, whether due to fraud or error.



*Auditor's Responsibilities for the Audit of the Financial Statements*

Our objectives are to obtain reasonable assurance about whether the Financial Statements as a whole are free from material misstatement, whether due to fraud or error, and to issue an auditor's report that includes our opinion. Reasonable assurance is a high level of assurance but is not absolute assurance and therefore is not a guarantee that an audit conducted in accordance with GAAS will always detect a material misstatement when it exists. The risk of not detecting a material misstatement resulting from fraud is higher than for one resulting from error, as fraud may involve collusion, forgery, intentional omissions, misrepresentations, or the override of internal control. Misstatements are considered material if there is a substantial likelihood that, individually or in the aggregate, they would influence the judgment made by a reasonable user based on the Financial Statements.

In performing an audit in accordance with GAAS, we:

• Exercise professional judgment and maintain professional skepticism throughout the audit.

• Identify and assess the risks of material misstatement of the Financial Statements, whether due to fraud or error, and design and perform audit procedures responsive to those risks. Such procedures include examining, on a test basis, evidence regarding the amounts and disclosures in the Financial Statements.

• Obtain an understanding of internal control relevant to the audit in order to design audit procedures that are appropriate in the circumstances, but not for the purpose of expressing an opinion on the effectiveness of the Trust's internal control. Accordingly, no such opinion is expressed.

• Evaluate the appropriateness of accounting policies used and the reasonableness of significant accounting estimates made by management, as well as evaluate the overall presentation of the Financial Statements.

• Conclude whether, in our judgment, there are conditions or events, considered in the aggregate, that raise substantial doubt about the Trust's ability to continue as a going concern for a reasonable period of time.

We are required to communicate with those charged with governance regarding, among other matters, the planned scope and timing of the audit, significant audit findings, and certain internal control related matters that we identified during the audit.

*Restriction on Use*

This report is intended solely for the information and use of the management of the Trust, the Trustee, the beneficiaries of the Trust and the United States Bankruptcy Court for the District of Delaware and is not intended to be and should not be used by anyone other than these specified parties. Upon filing with the United States Bankruptcy Court for the District of Delaware, the report is a matter of public record, which public filing does not expand the list of specified users.

*CohnReznick LLP*

Frisco, Texas
September 22, 2025

**Mallinckrodt Asbestos Personal Injury Trust**

**Special-Purpose Statements of Net Claimants' Equity**
**August 15, 2025 and December 31, 2024**

<u>Assets</u>

|  | August 15, 2025 | December 31, 2024 |
|---|---|---|
| Cash and cash equivalents | $ - | $ 16,997,516 |
| Prepaid expenses | - | 6,730 |
| Prepaid federal income taxes | - | 19,341 |
| Total assets | $ - | $ 17,023,587 |

<u>Liabilities and Net Claimants' Equity</u>

|  | August 15, 2025 | December 31, 2024 |
|---|---|---|
| Accrued expenses | $ - | $ 32,296 |
| Accrued payments to claimants | - | 12,404,400 |
| Total liabilities | - | 12,436,696 |
| Net claimants' equity | $ - | $ 4,586,891 |

4

Mallinckrodt Asbestos Personal Injury Trust

**Special-Purpose Statements of Changes in Net Claimants' Equity**
**For the Period January 1, 2025 through August 15, 2025 (Termination Date) and**
**For the Year Ended December 31, 2024**

| | For the period from January 1, 2025 through August 15, 2025 (Termination Date) | Year Ended December 31, 2024 |
|---|---|---|
| Additions | | |
| Interest and dividend income | $ 369,194 | $ 852,263 |
| Total additions | 369,194 | 852,263 |
| Deductions | | |
| Payments to claimants | 4,265,208 | 11,617,100 |
| Legal fees | 326,552 | 129,596 |
| Trustee fees and expenses | 128,913 | 19,438 |
| Claims processing fees | 67,425 | 57,760 |
| Trustee fiduciary fee | 50,000 | 50,000 |
| Accounting fees | 43,134 | 31,385 |
| Insurance expense | 28,141 | 11,608 |
| Audit fees | 21,528 | 25,171 |
| Consulting fees | 10,000 | 12,000 |
| Investment management fees | 9,132 | 16,930 |
| Delaware trustee fees and expenses | 5,600 | 4,000 |
| Miscellaneous expenses | 452 | 594 |
| Net income tax expense | - | 182,709 |
| Total deductions | 4,956,085 | 12,158,291 |
| Net decrease in net claimants' equity | (4,586,891) | (11,306,028) |
| Net claimants' equity, beginning of period | 4,586,891 | 15,892,919 |
| Net claimants' equity, end of period | $ - | $ 4,586,891 |

5

**Mallinckrodt Asbestos Personal Injury Trust**

**Notes to Special-Purpose Financial Statements**
**For the Period January 1, 2025 through August 15, 2025 (Termination Date) and**
**For the Year Ended December 31, 2024**

**Note 1 - Nature of Trust**

**Description of Trust**
The Mallinckrodt Asbestos Personal Injury Trust (the "Trust") was established in accordance with the Fourth Amended Joint Plan of Reorganization (the "Plan") of Mallinckrodt PLC ("Mallinckrodt") and its debtor affiliates pursuant to Chapter 11 of the United States Bankruptcy Code.  The purpose of the Trust is:

i) to assume all liabilities and responsibility for all Allowed Asbestos Personal Injury Claims ("Claims");

ii) to direct the processing, liquidation and payment of all Allowed Claims in accordance with the Plan, the Trust Distribution Procedures ("TDP"), and the Confirmation Order;

iii) to preserve, hold, manage, and maximize the assets of the Trust for use in paying and resolving Allowed Claims; and

iv) to qualify at all times as a Qualified Settlement Fund.

The Trust was established on June 16, 2022, the Effective Date of the Plan ("Effective Date") and is a Qualified Settlement Fund under Internal Revenue Code Section 468B for holders of Claims ("Qualified Settlement Fund").  The Trust operates as the Mallinckrodt Asbestos Personal Injury Trust.

Pursuant to the Plan, at formation of the Trust, Mallinckrodt transferred cash of $18,000,000 to the Trust.

The Trust is governed by a Trust Agreement and TDP that establish the framework and criteria for allowance and payment of Claims by the Trust. The Trust Agreement and TDP were approved by the United States Bankruptcy Court as part of the Plan. The Trust provides for an administrative expenses cap of $2,000,000, plus any income, interest, and dividends earned on Trust assets, subject to certain exceptions.

There are four categories of Claims specified in the TDP.  Holders of Allowed category A Claims may make an election to receive a distribution of $100.  Holders of Allowed Claims in categories B, C and D will receive a pro rata distribution based on the value for each Claim set forth in the scheduled values in the TDP, to be determined after all timely filed Claims are evaluated by the Trustee.  Holders of Claims in categories B, C and D may elect to have their claims individually reviewed by the Trust.

The Trust's assets consist primarily of cash and cash equivalents, which, with the earnings or losses on such investments, are intended to be totally consumed by the allowance and payment of claims and operation of the Trust.  The percentage amount of each allowed claim that will actually be paid will be determined by projections of total allowed Claims and operational expenses of the Trust, on the one hand, and total assets and net earnings or losses on the other. The Trust began accepting Claims on December 15, 2022 and began paying claims in September 2023.  The

**Mallinckrodt Asbestos Personal Injury Trust**

**Notes to Special-Purpose Financial Statements**
**For the Period January 1, 2025 through August 15, 2025 (Termination Date) and**
**For the Year Ended December 31, 2024**

Trustee is a fiduciary and is responsible for administering the Trust and the Trust's assets in accordance with the Trust Agreement and the Plan.

**Termination**

The Trust Agreement (Section 6.2) provides that the Trust shall automatically terminate on the date ("Dissolution Date") thirty (30) days after the first to occur of the following events:

- The date on which the Trustee decides to dissolve the Trust because all claims duly filed with the Trust have been liquidated and paid or otherwise resolved, and, if the Trustee so desires, an order of the Bankruptcy Court approving such dissolution and such order becomes a Final Order, or

- If the Trustee has procured and has in place irrevocable insurance policies, annuities or other commercially reasonable instrument, and has established claims handling agreements and other necessary arrangements with suitable third parties adequate to discharge all expected remaining obligations and expenses of the Trust in a manner consistent with the Trust Agreement and the TDP, the date on which the Bankruptcy Court enters an order approving such insurance and other arrangements and such order becomes a Final Order.

On the Dissolution Date or as soon as reasonably practicable, after the wind-up of the Trust's affairs by the Trustee and payment of all the Trust's liabilities have been provided for as required by applicable law, any monies remaining in the Trust shall be distributed pro rata to the claimants whose claims were paid, subject to certain dollar thresholds and limitations. Any remaining monies shall be given to the American Cancer Society, or such selected tax-exempt organization, which shall be related to the treatment of, research on, or the relief of individuals suffering from asbestos-related disorders and such charitable organizations should not have any relationship with Mallinckrodt.

Following the dissolution and distribution of the assets of the Trust, the Trust shall terminate and the Trustee shall execute and file a Certificate of Cancellation.

During 2025, the Trustee made a final determination to holders of Asbestos Claims in Categories B through D and final distributions were paid in July, and final payments to Trust professionals were paid by August 15, 2025 (Termination Date). The Trust entered into Post-Termination Services Agreements with the Trustee and general counsel to perform services as needed relating to the Trust post termination. In addition, the Trust executed a data storage agreement with the claims processor for data maintenance services for a period of ten years.

**Note 2 - Summary of Significant Accounting Policies**

**Basis of accounting**

The Trust's special-purpose financial statements are prepared using special-purpose accounting methods that differ from accounting principles generally accepted in the United States of America (GAAP). The special-purpose accounting methods are being used to better communicate the equity available to satisfy current and future claims. Since the accompanying special-purpose financial statements and transactions are not based upon GAAP, accounting treatment by other parties for these same transactions may differ as to timing and amount. These special-purpose accounting methods and the differences from GAAP are summarized as follows:

**Mallinckrodt Asbestos Personal Injury Trust**

**Notes to Special-Purpose Financial Statements**
**For the Period January 1, 2025 through August 15, 2025 (Termination Date) and**
**For the Year Ended December 31, 2024**

- The special-purpose financial statements are prepared using the accrual basis of accounting, except as otherwise described herein.

- The statement of net claimants' equity is not classified, resulting in no separation between current and noncurrent assets.

- These special-purpose financial statements do not include a statement of cash flows.

- Cash and cash equivalents are recorded at cost with accrued income shown separately.

- The funding received from Mallinckrodt has been recorded directly to net claimants' equity. These funds do not represent taxable income to the Trust.  Payments to claimants are reported as deductions from net claimants' equity and do not represent tax-deductible expenses of the Trust.

- At December 31, 2024, the liability for accrued payments to claimants reflected in the statements of net claimants' equity represents unpaid outstanding and accepted offers. No liability is recorded for future claims filings and filed claims on which no offer has been made. Net claimants' equity represents funding available to pay present and future claims on which no liability has been recorded.

**Use of estimates**
The preparation of special-purpose financial statements in conformity with the special-purpose accounting method requires management to make estimates and assumptions that affect the reported amounts of assets and liabilities at the date of the special-purpose financial statements and the reported amounts of additions and deductions from net claimants' equity during the reporting periods.  Significant items subject to such estimates and assumptions include the carrying value of financial instruments and deferred income tax expense.   Actual results could differ from those estimates.

**Financial instruments**
The Trust's financial instruments are cash and cash equivalents and accrued expenses.  The carrying amount of cash and cash equivalents and accrued expenses approximate their fair values based on their short-term nature.

**Cash and cash equivalents**
The Trust considers all highly liquid debt instruments purchased with an original maturity value of three months or less to be cash equivalents.  There were no cash and cash equivalents at August 15, 2025. Cash and cash equivalents at December 31, 2024 are as follows:

| | 2024 |
|---|---|
| Money market funds | |
| Fidelity Treasury fund | $  16,955,417 |
| Texas Capital Bank | 42,099 |
| Total | $  16,997,516 |

8

**Mallinckrodt Asbestos Personal Injury Trust**

**Notes to Special-Purpose Financial Statements**
**For the Period January 1, 2025 through August 15, 2025 (Termination Date) and**
**For the Year Ended December 31, 2024**

**Concentrations of credit risk**
Financial instruments, which potentially subject the Trust to concentrations of credit risk, consist primarily of cash and cash equivalents.  The Trust maintains its cash and cash equivalents in accounts that are not federally insured but considers them to be of high credit quality.  The Trust has not experienced any losses in such accounts, and it does not believe it is exposed to any significant credit risk.

The Trust's investments are exposed to various risks, such as interest rate, market and credit risk.  Due to the level of risk associated with investments, it is at least reasonably possible that significant changes in risks in the near term may materially affect the amounts reported in the financial statements.  However, the Trust has a formal investment policy of placing investments in high-quality financial institutions.

**Net claimants' equity**
The Trust, under the adopted special-purpose accounting convention, does not record the liability for future claims expected to be filed over the life of the Trust.  The net claimants' equity is available for (i) the payments of allowed asbestos-related claims and (ii) operational expenses of the Trust.

**Income taxes**
Deferred tax assets and liabilities are recorded based on temporary differences between the carrying amounts of assets and liabilities for financial reporting and income tax purposes using the enacted tax rates and laws that will be in effect when the differences are expected to reverse.  A valuation allowance is established when it is likely that the deferred tax assets may not be realized.  No provision for state income taxes was recorded because, as a Delaware trust, the Trust has no state income tax return filing obligation and is not obligated to pay state income taxes.  Funds received by the Trust from Mallinckrodt and distributions paid to settle asbestos claims are not taxable or deductible by the Trust.

The Trustee's estimate of the potential outcome of any uncertain tax issues is subject to management's assessment of relevant risks, facts, and circumstances existing at that time.  The Trust uses a more likely than not threshold for financial statement recognition and measurement of tax positions taken or expected to be taken in a tax return.  To the extent that the Trustee's assessment of such tax position changes, the change in estimate is recorded in the period in which the determination is made.  The Trust reports tax-related interest and penalties as a component of income tax expense and operating expenses, respectively. The Trust has recognized no increase in assets or liabilities for unrecognized tax benefits or expenses.

**Subsequent events**
The Trust has evaluated events and transactions subsequent to the date of the financial statements for matters requiring recognition or disclosure in the special-purpose financial statements. The accompanying special-purpose financial statements consider events through September 22, 2025, the date on which the financial statements were available to be issued.

**Mallinckrodt Asbestos Personal Injury Trust**

**Notes to Special-Purpose Financial Statements**
**For the Period January 1, 2025 through August 15, 2025 (Termination Date) and**
**For the Year Ended December 31, 2024**

## Note 3 -Taxation

The Trust reports its income to the Internal Revenue Service as a designated settlement fund which is taxed at the highest rate applicable to trusts under Section I(e) of the Internal Revenue Code, which is 37%.

The Trust's federal income tax expense is calculated as follows for the period January 1, 2025, through August 15, 2025 (Termination Date) and for the year ended December 31, 2024:

|  | 2025 | 2024 |
|---|---|---|
| Modified taxable income (loss) | $ (321,683) | $ 493,808 |
| Tax rate | 37% | 37% |
| Federal income tax expense (benefit) | (119,023) | 182,709 |
| Valuation Allowance | 119,023 | - |
| Income tax expense, net | $ - | $ 182,709 |

The Trust made no cash payments for the period January 1, 2025 through August 15, 2025 (Termination Date). During the year ended December 31, 2024, the Trust made cash payments for income taxes of $184,000. The Trust's income tax returns are subject to audits by federal authorities.

The Trust had a net operating loss carryforward of approximately $321,683. The Trust will not benefit from the net operating loss carryforward due to the termination of the Trust on August 15, 2025.The Trust expects to file its final U.S. Federal income tax return through Termination Date by the end of 2025.

## Note 4 - Trust Advisory Committee

The Trust Agreement sets forth the role and responsibility of the Trust Advisory Committee ("TAC"). The members of the TAC serve in a fiduciary capacity representing all holders of present Asbestos Claims ("Current Claimants"). The Trustee is required to consult with or obtain the consent of the TAC on certain matters identified in the Trust Agreement and the TDP.  The TAC is comprised of three attorneys who are engaged by Current Claimants.

