IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> MALLINCKRODT PLC <br><br> Reorganized Debtor.[1] | Chapter 11 <br><br> Case No. 20-12522 (BLS) <br><br> Obj. Deadline: October 2, 2025 at 4:00 p.m. (ET) <br> Hearing Date: October 9, 2025 at 10:00 a.m. (ET) <br><br> Re: Dkt. 9287 |

**MOTION OF THE ASBESTOS TRUSTEE OF
THE MALLINCKRODT ASBESTOS PERSONAL INJURY TRUST
FOR ENTRY OF AN ORDER (I) APPROVING THE ASBESTOS TRUST'S FINAL
ANNUAL REPORT, FINANCIAL STATEMENTS AND RESULTS OF OPERATIONS
FOR THE PERIOD FROM JANUARY 1, 2025 TO AUGUST 15, 2025, (II) APPROVING
DISSOLUTION OF THE ASBESTOS TRUST IN ACCORDANCE WITH THE
ASBESTOS TRUST AGREEMENT, AND (III) AUTHORIZING DESTRUCTION
OF TRUST RECORDS AS PART OF THE WIND-DOWN ORDER**

The Hon. Alan B. Rich, solely in his capacity as the Trustee (the "**Asbestos Trustee**") of the Mallinckrodt Asbestos Personal Injury Trust (the "**Asbestos Trust**"), created pursuant to the *Modified Fourth Amended Joint Plan of Reorganization (with Technical Modifications) of Mallinckrodt plc and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* (the "**Plan**"),[2] by and through his undersigned counsel, hereby moves this Court for an order (I) approving the Asbestos Trust's Final Annual Report, Financial Statements and Results of Operations for the Period from January 1, 2025 to August 15, 2025, accepting the certification of performance and compliance provided by the Asbestos Trustee contained therein, and discharging the Asbestos

---

[1] The Reorganized Debtor in this chapter 11 case is Mallinckrodt plc. On May 3, 2023, the Court entered an order closing the chapter 11 cases of the Reorganized Debtor's debtor affiliates. A complete list of the debtor affiliates in these Chapter 11 cases may be obtained on the website of the Reorganized Debtor's claims and noticing agent at http://restructing.ra.kroll.com/Mallinckrodt. The Reorganized Debtor's mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan [Docket No. 7670] or the Mallinckrodt Asbestos Personal Injury Trust Agreement.

1

Trustee from any and all liability as to any matter disclosed in the Final Annual Report, (II) approving dissolution of the Asbestos Trust in accordance with the Asbestos Trust Agreement, and (III) authorizing destruction of Trust records as part of the wind-down order (the "**Motion**"). In support of this Motion, the Asbestos Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to hear this motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and as provided for in the Plan at Art. X (I), (P), and (AA), the Confirmation Order at ¶ 195 ("the Asbestos Trust shall be subject to the continuing jurisdiction of the Court."), and the Asbestos Trust Agreement at Art. 6.13 (the "Bankruptcy Court shall have continuing exclusive jurisdiction over the settlement of the accounts of the Asbestos Trustee ….").

2. Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

## BACKGROUND

**The Debtors' Bankruptcy Cases and Confirmed Plan**

3. On October 12, 2020, the above captioned reorganized debtor and its debtor affiliates (then the "**Debtors**" and now the "**Reorganized Debtors**") filed voluntary petitions for relief under Chapter 11, Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). On March 2, 2022, the Bankruptcy Court entered its *Findings of Facts, Conclusions of Law, and Order Confirming the Fourth Amended Joint Plan of Reorganization (with technical modifications) of Mallinckrodt plc and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No.

6660] (the "**Confirmation Order**") confirming the Reorganized Debtors' chapter 11 plan (the "**Initial Confirmed Plan**").

4. On June 8, 2022, the Bankruptcy Court entered the *Order (I) Authorizing Modification of the Debtors' Fourth Amended Joint Plan of Reorganization with (Technical Modifications) of Mallinckrodt plc and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code, (II) Determining that Further Disclosure and Resolicitation of Votes Are Not Required (III) Deeming the Amended Plan as Accepted, and (IV) Granting Such Other Relief as the Court Deems Just and Proper* [Docket No. 7602] (the "**Plan Modification Order**") authorizing certain modifications to the Initial Confirmed Plan as reflected in the Plan. Pursuant to the Plan Modification Order, the Confirmation Order was made applicable to the Plan. The Plan went effective on June 16, 2022 (the "**Effective Date**").

**The Asbestos Trust was Created by the Plan to Assume and Pay Allowed Asbestos Claims**

5. Pursuant to the Plan and the Mallinckrodt Asbestos Personal Injury Trust Agreement (as amended, the "**Asbestos Trust Agreement**"),[3] the Asbestos Trust was established on the Effective Date as a separate trust to which all Asbestos Claims were channeled for the benefit of the Holders of Asbestos Claims, to be administered by the Asbestos Trustee.[4] Asbestos Trust Agreement, Art. 1.1; Confirmation Order ¶ 192.

6. The purpose of the Asbestos Trust is to assume all liabilities and responsibility for all Allowed Asbestos Claims and, among other things, to: (a) direct the processing, liquidation, and payment of all Allowed Asbestos Claims in accordance with the Plan, TDP and Confirmation

---

[3] The Asbestos Trust Agreement and the Mallinckrodt Asbestos Personal Injury Trust Distribution Procedures (as amended, the "**TDP**") were filed on June 22, 2022 as part of the twentieth plan supplement to the Plan [Docket No. 7684-8] and are the Asbestos Trust's governing documents.

[4] The Asbestos Trust is a Delaware statutory trust; Wilmington Trust serves as the Delaware Trustee in accordance with the requirements of Chapter 38 of title 12 of the Delaware Code, 12 Del. C. § 3l801 *et seq.* (the "**Act**"). Asbestos Trust Agreement, Art. 4.11(a).

3

Order, (b) preserve, hold, manage, and maximize the Asbestos Trust Assets for use in paying and resolving Allowed Asbestos Claims, (c) pay any and all administration and operating expenses of the Asbestos Trust, including the fees and expenses of any professionals retained by the Asbestos Trust; and (d) qualify at all times as a qualified settlement fund. *Id.* at Art. 1.2; Plan, Art. IV.II.1. Only those Asbestos Claims for which a Proof of Claim was timely Filed by the Claims Bar Date provided in the Claims Bar Date Order were eligible to assert a Claim against the Asbestos Trust. Asbestos Trust Agreement at Art. 1.4(b).

7. Pursuant to the Plan, on the Effective Date, the Debtors funded the Asbestos Trust with $18 million (the $18 million, together with any income or earnings related or received in respect thereof, the "**Asbestos Trust Assets**") to be administered for the benefit of the holders of Allowed Asbestos Claims and to pay administrative expenses as provided in the Asbestos Trust Agreement. *Id.* at 2.

8. Pursuant to the Plan and the Asbestos Trust Agreement, the Hon. Alan B. Rich was appointed to serve as the Asbestos Trustee of the Asbestos Trust. *Id.* at Art. 4.1. In addition to the Asbestos Trustee, the Asbestos Trust is served by the Trust Advisory Committee (the "**TAC**") which consists of the following three (3) members: Thomas W. Bevan, Bruce E. Mattock, and Carol Hastings. *Id.* at Art. 5.1(a). The members of the TAC serve in a fiduciary capacity, representing all of the holders of Allowed Asbestos Claims for the purposes of protecting the rights of such persons. *Id.* at Art. 5.2. In accordance with the Asbestos Trust Agreement, the Asbestos Trustee consults with the TAC on certain matters and obtains the consent of the TAC on certain matters as provided in the Asbestos Trust Agreement and TDP. *Id.* In accordance with the Asbestos Trust Agreement, since inception, the Asbestos Trustee has held regular quarterly meetings of the Asbestos Trust with the TAC. *Id.* at Art. 2.2(h).

9. In accordance with the Asbestos Trust Agreement and to carry out the purpose of the Asbestos Trust, the Asbestos Trustee engaged legal counsel, a claims processing facility, accountants, auditors, a Medicare compliance consultant, and other consultants and advisors as the business of the Asbestos Trust required (the "**Trust Professionals**") and as the Asbestos Trustee deemed advisable or necessary in order to carry out the terms of the Asbestos Trust. *Id.* at Art. 2.1(c)(vii). The Asbestos Trustee compensated such Trust Professionals in the course of their work for the Asbestos Trust and reimbursed them for expenses incurred in connection with the performance of their duties. *Id.* at Art. 2.1(c)(viii). The Asbestos Trustee has purchased and maintained insurance as the Asbestos Trust Agreement required. *Id.* at Art. 4.6(c). In addition, the Asbestos Trust has filed income tax and other returns and statements as required to be filed from time to time, and timely paid all taxes required to be paid by the Asbestos Trust.

10. Since the inception of the Asbestos Trust on June 16, 2022, the Asbestos Trust has accounted to the Bankruptcy Court as required by the Asbestos Trust Agreement preparing and filing with the Bankruptcy Court each year an annual report (the "**Annual Report**") containing financial statements of the Asbestos Trust audited by a firm of independent certified public accountants selected by the Asbestos Trustee and a summary of the number and type of claims resolved by the Asbestos Trust during the period covered by the financial statements. *See Notice of Filing Annual Report of the Mallinckrodt Asbestos Personal Injury Trust for the period from June 16, 2022 to December 31, 2022* [Docket No. 8745]; *Notice of Filing Annual Report, Financial Statements and Results of Operations of the Mallinckrodt Asbestos Personal Injury Trust for the Fiscal Year Ended December 31, 2023* [Docket No. 9107]; and *Notice of Filing Annual Report, Financial Statements and Results of Operations of the Mallinckrodt Asbestos Personal Injury Trust for the Fiscal Year Ended December 31, 2024* [Docket No. 9253].

11. In 2025, the Asbestos Trust completed the processing of all Asbestos Claims submitted to the Asbestos Trust. In accordance with the TDP and Asbestos Trust Agreement, the Asbestos Trustee liquidated and made the final distribution payments for all Allowed Asbestos Claims, and paid and made provision for the Asbestos Trust's liabilities through and after the date of termination of the Asbestos Trust as required by applicable law including section 3808 of the Act. The Asbestos Trust has now fulfilled its purpose of directing the processing, liquidation and payment of all Allowed Asbestos Claims in accordance with the Plan, the Asbestos Trust Agreement, the TDP, and the Confirmation Order.

12. Concurrently herewith, the Asbestos Trustee has filed the *Final Annual Report, Financial Statements and Results of Operations of the Mallinckrodt Asbestos Personal Injury Trust for the Period from January 1, 2025 to August 15, 2025* (the "**Final Annual Report**") [Docket No. 9287]. The Final Annual Report covers the period January 1, 2025 through August 15, 2025, which period corresponds with the final financial audit of the Asbestos Trust by its auditors. The Final Annual Report contains the Asbestos Trust's final audited financials and a summary of the number and type of claims resolved by the Asbestos Trust during the period covered by the Final Annual Report, and since the Asbestos Trust's inception. The Final Annual Report contains a certification of the Asbestos Trustee certifying that he has performed pursuant to and in compliance with the Plan, the Trust Agreement, the TDP, and the Confirmation Order pertaining to the operation of the Asbestos Trust for the period from January 1, 2025 to August 15, 2025.

13. As all Asbestos Claims now have been resolved and paid, the Asbestos Trustee has determined that it is appropriate to dissolve and terminate the Asbestos Trust. The Asbestos Trust Agreement, as the Asbestos Trust's governing instrument, provides the terms for the existence and

termination of the Asbestos Trust. Asbestos Trust Agreement, Art. 6.2. It provides that "[t]he Asbestos Trust shall automatically dissolve on the date (the "**Dissolution Date**") thirty (30) days after the first occurrence of [several enumerated events]." Asbestos Trust Agreement at Art. 6.2(b). The first of these events is:

> the date on which the Asbestos Trustee decides to dissolve the Asbestos Trust because all Asbestos Claims duly filed with the Asbestos Trust have been liquidated and paid or otherwise resolved, and, if the Asbestos Trustee so desires, an order of the Bankruptcy Court approving such dissolution and such order becomes a Final Order;

*Id.* at Art. 6.2(b)(i).

14. The Asbestos Trust Agreement directs that "[f]ollowing the dissolution and distribution of the assets of the Asbestos Trust, the Asbestos Trust shall terminate and the Asbestos Trustee and the Delaware Trustee (acting solely at the written direction of the Asbestos Trustee) shall execute and cause a Certificate of Cancellation of the Certificate of Trust of the Asbestos Trust to be filed in accordance with the Act." *Id.* at Art. 6.2(d). Pursuant to the Asbestos Trust Agreement, "[t]he Asbestos Trust is not required to notify any Beneficial Owner[5] of its intent to terminate the Asbestos Trust." *Id.*

15. The Asbestos Trustee plans to terminate the Asbestos Trust on a date to be determined before the end of the year 2025, by executing and causing a Certificate of Cancellation of the Certificate of Trust of the Asbestos Trust to be filed in accordance with the Act as provided in the Asbestos Trust Agreement. The Asbestos Trustee has consulted with the TAC regarding the plan for termination of the Asbestos Trust. The TAC consents to the Asbestos Trustee's termination of the Asbestos Trust on the timeline and as provided herein.

---

[5] The holders of Allowed Asbestos Claims are deemed to be the "Beneficial Owners" of the Asbestos Trust. Asbestos Trust Agreement, Art. 1.4(f).

16. After the Asbestos Trust has terminated as authorized by the Asbestos Trust Agreement, all substantive activities of the Asbestos Trust, and the existence of the Asbestos Trust as a separate legal entity, will cease. There will be no further operations of the Asbestos Trust. As a practical matter, however, one issue will require strictly limited and finite attention for a short while after the termination of the Asbestos Trust.

17. The records of the Asbestos Trust will need to be maintained for a limited period after termination. Out of an abundance of caution, in case a need arises for the Asbestos Trust's records to be consulted, the Asbestos Trustee proposes to maintain the physical and electronic records of the Asbestos Trust (the "**Trust Records**") for ten (10) years after the date of the Asbestos Trust's termination (the "**Records Retention Period**"). The Trust Records include the minutes, business and legal records of the Asbestos Trust as well as claim records submitted to the Asbestos Trust by the holders of Asbestos Claims. The claim records are maintained by Claims Processing Facility, Inc. ("**CPF**"), the Asbestos Trust's claims processing facility, and include the claim forms and materials submitted to CPF by holders of Asbestos Claims as well as the releases tendered to the Asbestos Trust through CPF by holders of Allowed Asbestos Claims.

18. As required by the Asbestos Trust Agreement and for purposes of administrative convenience only, the Asbestos Trust is registered as a responsible reporting entity under the reporting provisions of Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 (Pub. L. 110-173) ("**MMSEA**") in order to fulfill the reporting requirements applicable to the funders of the Asbestos Trust. Asbestos Trust Agreement, Art. 2.4(a). The Asbestos Trust submits all reports that are required to be made of the responsible reporting entity under the provisions of the MMSEA, including reports required on account of certain claims paid by the Asbestos Trust. After consulting with the Asbestos Trust's Medicare compliance consultant and its legal counsel,

the Asbestos Trustee submits that the Records Retention Period of ten (10) years after the date of the Asbestos Trust's termination, is adequate to ensure that any possible need for the documents post-termination will have passed.

19. As part of the Asbestos Trust's termination plan, the Asbestos Trustee has entered into a post-termination service agreement with CPF, the Asbestos Trust's claims processor, whereby CPF has agreed to securely store and maintain the Trust Records it has in its possession for the duration of the Records Retention Period. Upon the expiration of the Records Retention Period, CPF will securely destroy the Trust Records in its possession. The expense associated with the CPF service agreement has been prepaid by the Asbestos Trust as part of its termination plan.

## RELIEF REQUESTED

20. By this Motion, the Asbestos Trustee requests the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Form of Order**") (I) approving the Asbestos Trust's Final Annual Report, Financial Statements and Results of Operations for the Period from January 1, 2025 to August 15, 2025, accepting the certification of performance and compliance provided by the Asbestos Trustee contained therein, and discharging the Asbestos Trustee from any and all liability as to any matter disclosed in the Final Annual Report, (II) approving dissolution of the Asbestos Trust in accordance with the Asbestos Trust Agreement, and (III) authorizing destruction of records as part of the wind-down order.

## BASIS FOR RELIEF

(1) **This Court should approve the Final Annual Report, accept the certification of performance and compliance provided by the Asbestos Trustee therein, and discharge the Asbestos Trustee from any and all liability as to any matter disclosed in the Final Annual Report.**

21. The Asbestos Trust respectfully requests entry of an Order by this Court approving the Final Annual Report of the Asbestos Trustee of the Asbestos Trust for the period January 1, 2025 to August 15, 2025, accepting the certification of performance and compliance provided by the Asbestos Trustee contained therein, and discharging the Asbestos Trustee from any and all liability as to any matter disclosed in the Final Annual Report.

22. Section 2.2(c) of the Asbestos Trust Agreement requires the Trustee to account to the Bankruptcy Court and file an annual report containing financial statements of the Asbestos Trust and a summary of the number and type of claims resolved by the Asbestos Trust during the period covered by the financial statements. Pursuant to the Asbestos Trust Agreement, the annual report shall also include a description of the amounts paid during the reporting period to the Trustee and the Trust Advisory Committee.

23. Since the inception of the Asbestos Trust on June 16, 2022, the Asbestos Trust has accounted to the Bankruptcy Court as required by the Asbestos Trust Agreement preparing and filing with the Bankruptcy Court each year an annual report containing financial statements of the Asbestos Trust and a summary of the number and type of claims resolved by the Asbestos Trust during the period covered by the financial statements.[6]

24. Pursuant to the Trust Agreement, the Asbestos Trust hereby files, concurrently herewith, the *Final Annual Report, Financial Statements and Results of Operations of the Mallinckrodt Asbestos Personal Injury Trust for the Period from January 1, 2025 to August 15, 2025* [Docket No. 9287] (the "**Final Annual Report**").

---

[6] *See Notice of Filing Annual Report of the Mallinckrodt Asbestos Personal Injury Trust for the period from June 16, 2022 to December 31, 2022* [Docket No. 8745]; *Notice of Filing Annual Report, Financial Statements and Results of Operations of the Mallinckrodt Asbestos Personal Injury Trust for the Fiscal Year Ended December 31, 2023* [Docket No. 9107]; and *Notice of Filing Annual Report, Financial Statements and Results of Operations of the Mallinckrodt Asbestos Personal Injury Trust for the Fiscal Year Ended December 31, 2024* [Docket No. 9253].

25. In 2025, the Asbestos Trustee, in consultation with the TAC, liquidated and paid the remaining Allowed Asbestos Claims in accordance with the TDP and the Trust Agreement. The Final Annual Report provides a summary of the number and type of claims resolved by the Asbestos Trust during the period covered by the Final Annual Report, and since inception of the Asbestos Trust. The Asbestos Trustee, in consultation with the TAC, managed Asbestos Trust accounts to receive and disburse funds, consulted with the Asbestos Trust's professionals, conducted the required regular meetings with the TAC, and carried out all other Asbestos Trust business during the period covered by the Final Annual Report in compliance with the Plan, the Trust Agreement, the TDP, and the Confirmation Order. As set forth in the Final Annual Report, the Asbestos Trust has fulfilled its purpose of directing the processing, liquidation and payment of all Allowed Asbestos Claims in accordance with the Plan, the Trust Agreement, the TDP, and the Confirmation Order.

26. The Final Annual Report contains a certification of the Asbestos Trustee certifying that he has performed pursuant to and in compliance with the Plan, the Trust Agreement, the TDP, and the Confirmation Order pertaining to the operation of the Asbestos Trust.

27. The Asbestos Trustee requests that this Court enter an Order approving the Final Annual Report of the Asbestos Trustee of the Asbestos Trust for the period January 1, 2025 to August 15, 2025, accepting the certification of performance and compliance provided by the Asbestos Trustee contained therein, and discharging the Asbestos Trustee from any and all liability as to any matter disclosed in the Final Annual Report. Similar orders granting such relief have been entered by this Bankruptcy Court in other cases involving asbestos-related trusts formed as a result of confirmed plans of reorganization. *See, e.g., Order Approving Amended Annual Report of the Trustees of the Combustion Engineering 524(g) Asbestos PI Trust for the Period January 1,*

*2010 to December 31, 2010, In re Combustion Eng'g,* Case No. 03-10495 (JKF) (No. 3434)[7]; and *Order Approving Annual Report of the Trustee of the ABB Lummus Global Inc. 524(g) Asbestos PI Trust for the Period January 1, 2021 to December 31, 2021, In re ABB Lummus Glob., Inc.,* Case No. 06-10401 (MFW) (No. 524).[8] Both of the foregoing referenced orders are attached hereto as **Exhibit B**. Accordingly, the Asbestos Trustee respectfully requests that this Court enter the Proposed Form of Order attached as **Exhibit A** hereto, granting the requested relief.

**(2) The Asbestos Trust Agreement provides for the Asbestos Trustee to obtain an order of this Court approving the dissolution of the Asbestos Trust before the Asbestos Trust shall terminate.**

28. As stated, the Asbestos Trust was formed on June 16, 2022, and since that time, the Asbestos Trustee has used the Asbestos Trust Assets and income to direct the processing, liquidation, and payment of all Allowed Asbestos Claims in accordance with the Plan, Trust Agreement, TDP, and Confirmation Order. The Asbestos Trust has resolved all of the Asbestos Claims channeled to the Asbestos Trust, and as such, the Asbestos Trust has fulfilled its purpose and reason for existence. Asbestos Trust Agreement, Sec. 1.2 ("The purpose of the Asbestos Trust is to assume all liabilities and responsibility for all Allowed Asbestos Claims and … to … direct the processing, liquidation, and payment of all Allowed Asbestos Claims in accordance with the Plan, the TDP, and the Confirmation Order ….")

29. The Asbestos Trust Agreement, as the Asbestos Trust's governing instrument, provides the terms for the existence and termination of the Asbestos Trust. Asbestos Trust Agreement, Art. 6.2. It provides that "[t]he Asbestos Trust shall automatically dissolve on the date

---

[7] *In re Combustion Eng'g*, 295 B.R. 459 (Bankr. D. Del. 2003), *subsequently vacated on other grounds sub nom. In re Combustion Eng'g, Inc.*, 391 F.3d 190 (3d Cir. 2004), *as amended* (Feb. 23, 2005).

[8] *In re ABB Lummus Glob. Inc.*, No. 06-10401, 2006 WL 2052409 (Bankr. D. Del. June 29, 2006).

(the "Dissolution Date") thirty (30) days after the first occurrence of [several enumerated events]." Asbestos Trust Agreement at Art. 6.2(b). The first of these events is:

> the date on which the Asbestos Trustee decides to dissolve the Asbestos Trust because all Asbestos Claims duly filed with the Asbestos Trust have been liquidated and paid or otherwise resolved, and, if the Asbestos Trustee so desires, an order of the Bankruptcy Court approving such dissolution and such order becomes a Final Order;

*Id.* at Art. 6.2(b)(i). As provided in Art. 6.2(b)(i) of the Trust Agreement, the Asbestos Trustee desires an order of this Court approving the Asbestos Trust's dissolution and the Asbestos Trustee's plan for termination of the Asbestos Trust.

30.     The Asbestos Trust Agreement directs that "[f]ollowing the dissolution and distribution of the assets of the Asbestos Trust, the Asbestos Trust shall terminate and the Asbestos Trustee and the Delaware Asbestos Trustee (acting solely at the written direction of the Asbestos Trustee) shall execute and cause a Certificate of Cancellation of the Certificate of Trust of the Asbestos Trust to be filed in accordance with the Act." *Id.* at Art. 6.2(d). The Asbestos Trustee has consulted with the TAC regarding the plan for termination of the Asbestos Trust. The TAC consents to the Asbestos Trustee's termination of the Asbestos Trust on the timeline and as provided herein. "The Asbestos Trust is not required to notify any Beneficial Owner[9] of its intent to terminate the Asbestos Trust." *Id.*

31.     All Asbestos Claims filed with the Asbestos Trust have been liquidated and paid or otherwise resolved. As part of its plan for termination, the Asbestos Trustee has made provision for payment of all of the Asbestos Trust's liabilities as required by applicable law including section 3808 of the Act. As such, the Asbestos Trustee has determined it is time to dissolve the Asbestos

---

[9] The holders of Allowed Asbestos Claims are deemed to be the "Beneficial Owners" of the Asbestos Trust. Asbestos Trust Agreement, Art. 1.4(f).

Trust, and now seeks an order of this Court approving such dissolution as provided for in the Asbestos Trust Agreement.

### (3) This Court should authorize, as part of the Asbestos Trust's proposed termination plan, retention of the Trust records for a limited period of time post-termination.

32. After the Asbestos Trust has terminated as authorized by the Asbestos Trust Agreement, all substantive activities of the Asbestos Trust, and the existence of the Asbestos Trust as a separate legal entity, will cease. The Asbestos Trust Assets have been distributed in accordance with the Asbestos Trust Agreement and there will be no further operations of the Asbestos Trust. As a practical matter, however, one issue will require strictly limited and finite attention for a short while after the termination of the Asbestos Trust.

33. The records of the Asbestos Trust will need to be maintained for a limited period after termination. Out of an abundance of caution, in case a need arises for the Asbestos Trust's records to be consulted, the Asbestos Trustee proposes to maintain the physical and electronic records of the Asbestos Trust (the "**Trust Records**") for ten (10) years after the date of the Asbestos Trust's termination (the "**Records Retention Period**"). The Trust Records include the minutes, business and legal records of the Asbestos Trust as well as claim records submitted to the Asbestos Trust by the holders of Asbestos Claims.

34. As required by the Asbestos Trust Agreement and for purposes of administrative convenience only, the Asbestos Trust is registered as a responsible reporting entity under the reporting provisions of Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 (Pub. L. 110-173) ("**MMSEA**") in order to fulfill the reporting requirements applicable to the funders of the Asbestos Trust. Asbestos Trust Agreement, Art. 2.4(a). The Asbestos Trust submits all reports that are required to be made of the responsible reporting entity under the provisions of

the MMSEA, including reports required on account of certain claims paid by the Asbestos Trust. After consulting with the Asbestos Trust's Medicare compliance consultant and its legal counsel, the Asbestos Trustee submits that the Records Retention Period requested herein of ten (10) years after the date of the Asbestos Trust's termination, is more than adequate to ensure that any possible need for the documents post-termination will have passed.

35. As part of the Asbestos Trust's termination plan, the Asbestos Trustee has entered into a post-termination service agreement with CPF, the Asbestos Trust's claims processor, whereby CPF has agreed to securely store and maintain the Trust Records it has in its possession for the duration of the Records Retention Period. Upon the expiration of the Records Retention Period, CPF will securely destroy the Trust Records in its possession. The expense associated with the CPF service agreement has been prepaid by the Asbestos Trust as part of its termination plan.

36. The Asbestos Trustee is providing this Motion to counsel for the Reorganized Debtors and provides notice to the Reorganized Debtors that upon reasonable request to the Asbestos Trust as provided in the Asbestos Trust Agreement, the Asbestos Trustee will deliver copies of any release forms executed and delivered to the Asbestos Trust by any claimant provided such request is received on or prior to the expiration of the Records Retention Period. When the Records Retention Period expires, all of the Trust Records, including the release forms executed and delivered to the Asbestos Trust by claimants, will be destroyed.

37. Accordingly, for the reasons stated, the Asbestos Trustee requests that this Court enter the Proposed Form of Order attached as **Exhibit A** hereto providing for the retention of the Trust Records for the Records Retention Period as part of the Asbestos Trust's termination plan,

and, following the conclusion of the Records Retention Period, authorizing the destruction of the Trust Records.

## NOTICE AND NO PRIOR REQUEST

38. Notice of this Motion will be served on (i) all parties receiving CM/ECF Notice in the Reorganized Debtor's case; (ii) counsel to the Reorganized Debtor; (iii) the Office of the United States Trustee for the District of Delaware; (iv) counsel for the Trustee of the Mallinckrodt General Unsecured Claims Trust; (v) counsel to the Delaware Trustee for the Asbestos Trust; (vi) the members of the Trust Advisory Committee for the Asbestos Trust; (vii) all known counsel representing holders of Asbestos Claims; and (viii) any holders of Asbestos Claims who are not represented by counsel. In light of the nature of the relief requested herein, the Asbestos Trustee submits that no other or further notice need be given.

39. No prior motion for the relief requested herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Asbestos Trustee respectfully requests that this Court enter the Proposed Form of Order attached hereto as **Exhibit A** (I) approving the Asbestos Trust's Final Annual Report, Financial Statements and Results of Operations for the Period from January 1, 2025 to August 15, 2025, accepting the certification of performance and compliance provided by the Asbestos Trustee contained therein, and discharging the Asbestos Trustee from any and all liability as to any matter disclosed in the Final Annual Report, (II) approving dissolution of the Asbestos Trust in accordance with the Asbestos Trust Agreement, and (III) authorizing destruction of records as part of the wind-down order, and such other and further relief as is just and proper.

Dated: September 22, 2025

Respectfully submitted,

**HOGAN♦McDANIEL**

By: */s/Daniel K. Hogan*
Daniel K. Hogan (DE Bar No. 2814)
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: (302) 656-7540
Facsimile: (302) 656-7599
dkhogan@dkhogan.com

-and-

**STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, A Professional Corporation**

Sander L. Esserman (Texas Bar No. 06671500)
Andrea L. Ducayet (Tex. Bar No. 24032790)
2323 Bryan Street, Suite 2200
Dallas, TX 75201
Telephone: (214) 969-4900
Facsimile: (214) 969-4999
esserman@sbep-law.com
ducayet@sbep-law.com

**COUNSEL FOR THE MALLINCKRODT ASBESTOS PERSONAL INJURY TRUST**