**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re MALLINCKRODT plc, *et al.*, <br><br> Debtors. | Chapter 11 <br><br> Case No. 20-12522 (BLS) <br><br> (Jointly Administered) |

**JOINT STIPULATION AND WITHDRAWAL OF PROOF OF**
**ADMINISTRATIVE CLAIMS OF THE EXPRESS SCRIPTS ENTITIES**

Evernorth Health Inc. f/k/a Express Scripts Holding Company ("ESHC"), Express Scripts, Inc. ("ESI"), CuraScript, Inc. d/b/a/ CuraScript SP Specialty Pharmacy ("CuraScript SP"), Priority Healthcare Corp., Priority Healthcare Distribution, Inc. d/b/a CuraScript SD Specialty Distribution ("CuraScript SD"), Accredo Health Group, Inc. ("Accredo"), and United BioSource LLC ("UBC") (collectively, the "Express Scripts Entities"), and Mallinckrodt plc and Mallinckrodt ARD LLC[1] (together, the "Debtors"), hereby jointly stipulate to the withdrawal of the Express Scripts Entities' administrative claims. Specifically, the Express Scripts Entities withdraw Administrative Claim No. 50995, filed June 28, 2021, and Administrative Claim No. 51056, filed June 28, 2021, each as updated by the August 15, 2022 Request for Payment of Administrative Claim [Docket No. 8100] (together, the "Administrative Claims"), subject to the terms of this stipulation.

WHEREAS the Express Scripts Entities have been, are, and may continue to be the subjects of multiple lawsuits brought by various entities ("Plaintiffs") alleging that the Debtors were able to enhance their alleged monopoly power and charge supra-competitive prices for the drug Acthar by limiting distribution of Acthar to CuraScript SD; restricting its sale to a limited network of

---

[1] Mallinckrodt ARD LLC was previously known as Mallinckrodt ARD, Inc., and before that as Questcor Pharmaceuticals, Inc.

specialty pharmacies, including Accredo; acquiring certain rights to develop a purported competitor to Acthar, Synacthen; and requiring that prescriptions of Acthar be obtained through the "Acthar Support & Access Program" managed by UBC, including, among others: *City of Rockford v. Mallinckrodt ARD, Inc., et al.*, No. 3:17-cv-50107 (N.D. Ill.); *MSP Recovery Claims, Series LLC, et al. v. Mallinckrodt ARD, Inc., et al.*, No. 3:20-cv-50056 (N.D. Ill.); *Steamfitters Local Union 420 v. Mallinckrodt ARD, LLC, et al.*, No. 2:19-cv-03047 (E.D. Pa.); *Int'l Union of Operating Eng'rs Local 542 v. Mallinckrodt ARD, Inc., et al.*, No. 2018-14059 (Pa. Ct. Com. Pls.); *Acument Global Techs. v. Mallinckrodt ARD, Inc., et al.*, No. 21-2024 (W.D. Tenn.); *Plumbers & Pipefitters Local 322 of S.N.J. v. Mallinckrodt ARD, LLC, et al.*, No. 1:20-cv-00188 (D.N.J.); *Law Enforcement Health Benefits, Inc. v. Trudeau, et al.*, No. 3:21-cv-50215 (N.D. Ill.) (the "Acthar Litigations").

WHEREAS the Express Scripts Entities have defended and intend to continue defending themselves in the Acthar Litigations by challenging Plaintiffs' abilities to hold the Express Scripts Entities liable for this alleged unilateral business conduct of the Debtors;

WHEREAS, as fully explained in the Administrative Claims, the Express Scripts Entities entered into contracts with the Debtors containing certain indemnity provisions, including, but not limited to: the Exclusive Wholesale Product Purchase Agreement effective June 29, 2007 (the "2007 PPA"); the Pharmacy Services and Data Agreement effective April 1, 2018 (the "2018 Services and Data Agreement"); the Reimbursement Support Services Agreement effective July 19, 2007 (the "2007 Reimbursement Agreement"); the Master Services Agreement effective May 21, 2012 (the "2012 MSA"); and the Master Services Agreement entered into October 1, 2014 (the "2014 MSA" and collectively, the "Contracts");

WHEREAS, the Express Scripts Entities filed administrative claims in the Debtors' bankruptcy proceeding seeking indemnification on the basis of the indemnity provisions of the Contracts, as well as implied indemnification, contribution, reimbursement, subrogation, and other similar remedies at law or equity for any and all post-petition losses, damages, liabilities, attorneys' fees, costs, and expenses resulting from or relating to the Acthar Litigations or from any other similar claims or causes of action that have been, or may be, asserted against the Express Scripts Entities (the "Indemnification");

WHEREAS, the Debtors rejected the 2007 PPA in their bankruptcy proceeding; the Debtors assumed the 2018 Services and Data Agreement and the 2012 MSA in their bankruptcy proceeding; and the 2007 Reimbursement Agreement and 2014 MSA were terminated prior to the Debtors' bankruptcy proceeding;

WHEREAS, the Debtors seek to advance the progress of their bankruptcy proceedings; and

WHEREAS, the Express Scripts Entities seek to maintain their full rights with respect to Indemnification against the Debtors;

NOW, THEREFORE, THE PARTIES STIPULATE AS FOLLOWS:

1. The Express Scripts Entities agree to withdraw the Administrative Claims filed against the Debtors in the above captioned bankruptcy proceeding, *In re MALLINCKRODT plc, et al.*, Case No. 20-12522 (JTD) (D. Del.);

2. The Debtors agree that the Express Scripts Entities are not waiving, forfeiting, releasing, or abandoning the Indemnification asserted in the Administrative Claims through this withdrawal, and that the Express Scripts Entities have fully reserved all rights to further pursue in any manner the Indemnification, including asserted rights to seek indemnification pursuant to the

Contracts, as well as implied indemnification, contribution, reimbursement, subrogation, and other similar remedies at law or equity, for costs and payments incurred by the Express Scripts Entities arising from Acthar Litigations, in each case solely to the extent set forth in the Administrative Claims; and

3. The Express Scripts Entities agree that nothing herein shall be considered an admission or concession by the Debtors to the validity of the Express Scripts Entities' claims (including but not limited to any alleged rights to indemnification, contribution, reimbursement, subrogation, and other similar remedies at law or equity, whether pursuant to the Contracts or otherwise) and that the Debtors have fully reserved all rights and arguments to defend against said claims.

/s/ *Meghan A. McCaffrey*
Meghan A. McCaffrey
Michael J. Lyle
Eric C. Lyttle
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I Street NW
Suite 900
Washington, DC 20005
202-538-8000
mikelyle@quinnemanuel.com
ericlyttle@quinnemanuel.com
meghanmccaffrey@quinnemanuel.com

K. John Shaffer
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 S. Figueroa St.
10th Floor
Los Angeles, CA 90017
213-443-3000
johnshaffer@quinnemanuel.com

*Counsel to the Express Scripts Entities*

/s/ *Jason B. Gott*
Jason B. Gott, Esq.
Jonathan C. Gordon, Esq.
**LATHAM & WATKINS LLP**
330 North Wabash Avenue
Chicago, IL 60611
Direct Dial: +1.312.876.6542
jason.gott@lw.com
jonathan.gordon@lw.com

*Counsel to the Debtors*