# Exhibit A

**(Proposed Order)**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MALLINCKRODT PLC, | Case No. 20-12522 (BLS) |
| Reorganized Debtor.[1] | **Re: Docket No. \_\_\_\_** |

### ORDER RECLASSIFYING OTHER OPIOID CLAIM NO. 2 FILED BY IQVIA INC. AS A CLASS 9(i) NO RECOVERY OPIOID CLAIM

Upon consideration of the motion (the "Motion")[2] of Jennifer E. Peacock, Michael Atkinson, and Anne Ferazzi, in their capacities as trustees (the "Trustees") of the Opioid Master Disbursement Trust II (the "Opioid MDT II"), pursuant to sections 105(a), 502, and 509(c) of the title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rule of Bankruptcy Procedure, for entry of an order reclassifying Other Opioid Claim No. 2 filed by IQVIA, Inc. (the "Claim") as a Class 9(i) No Recovery Opioid Claim under the Plan; and this Court having jurisdiction to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012 (Sleet, C.J.); and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and consideration of the Motion and the requested relief being a core proceeding under 28 U.S.C. § 157(b); and venue being proper in this district under 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided and it appearing

---

[1] The Reorganized Debtor in this chapter 11 case is Mallinckrodt plc ("Mallinckrodt"). On May 3, 2023, the Court entered an order closing the chapter 11 cases of the Reorganized Debtor's debtor-affiliates (together with Mallinckrodt, "Debtors"). A complete list of the Debtors in these Chapter 11 cases may be obtained on the website of the Reorganized Debtor's claims and noticing agent at http://restructuring.ra.kroll.com/Mallinckrodt. The Reorganized Debtor's mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Opioid MDT II, the Debtors' estates, creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. Other Opioid Claim No. 2 filed by IQVIA, Inc. is hereby reclassified as a Class 9(i) No Recovery Opioid Claim under the Plan.

3. The relief granted pursuant to this Order shall be without prejudice to the Trustees', the Opioid MDT II's, or the Reorganized Debtor's rights to object to or seek further relief with respect to the Claim.

4. The claims and noticing agent appointed in these cases is authorized and directed to modify the claims register to comport with the relief granted in this Order.

5. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (i) an admission as to the validity of any claim against the Opioid MDT II; (ii) a waiver of the Opioid MDT II's or the Trustees' rights to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (v) an approval or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code; or (vi) a waiver of the Opioid MDT II's or the Trustees' rights under the Bankruptcy Code or any other applicable law.

6. The Opioid MDT II and the Trustees are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. This Order shall be immediately enforceable and effective upon its entry.

3

8. This Court retains exclusive jurisdiction with respect to all matters arising from and related to the implementation, interpretation, and enforcement of this Order.