**Exhibit B**

**(IQVIA Proof of Claim No. 2)**

**Fill in this information to identify the case:**

Debtor     Mallinckrodt LLC

United States Bankruptcy Court for the District of _____

Case number     20-12521

# Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense.** Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) **that you received.**

## Part 1: Identify the Claim

1. **Who is the current creditor?**

   IQVIA Inc.

   Name of the current creditor (the person or entity to be paid for this claim)

   Other names the creditor used with the debtor _____

2. **Has this claim been acquired from someone else?**

   ☒ No
   ☐ Yes. From whom? _____

3. **Where should notices and payments to the creditor be sent?**

   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

   | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
   |---|---|
   | See Additional/Expanded Creditor Address(es) page: | |
   | IQVIA Inc.<br>Daniel M. Pereira<br>Stradley Ronon Stevens & ...<br>2005 Market Street<br>Suite 2600<br>Philadelphia, PA 19103<br>USA<br>**P:** 215-564-8000<br>**E:** dpereira@stradley.com | IQVIA Inc.<br>P.O. Box 601070<br>Charlotte, NC 28260<br>USA<br>**E:** na-collections@iqvia.com |

   Uniform claim identifier for electronic payments in chapter 13 (if you use one):

   __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

4. **Does this claim amend one already filed?**

   ☒ No
   ☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____
                                                                                                     MM/DD/YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**

   ☒ No
   ☐ Yes. Who made the earlier filing? _____

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| | | |
|---|---|---|
| 6. | **Do you have any number you use to identify the debtor?** | ☒ No <br> ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |

7. **How much is a claim?**  $ 1,429,275.92    Does this amount include interest or other charges?
   ☒ No
   ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card
   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
   Limit disclosing information that is entitled to privacy, such as health care information.

   See attached addendum

9. **Is all or part of the claim secured?**
   ☒ No
   ☐ Yes. The claim is secured by a lien on property

   **Nature of property**
   ☐ Real estate.   If the claim is secured by the debtor's principal residence, file a Mortgage Proof of Claim Attachment (Official Form 410-A) with this Proof of Claim.
   ☐ Motor vehicle.
   ☐ Other. Describe: _____

   **Basis for perfection:** _____

   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property:** _____
   **Amount of the claim that is secured:** _____
   **Amount of the claim that is unsecured:** _____  (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:** _____

   **Annual Interest Rate (when case was filed)** _____ %
   ☐ Fixed
   ☐ Variable

10. **Is this claim based on a lease?**
    ☒ No
    ☐ Yes. Amount necessary to cure any default as of the date of the petition.   $ _____

11. **Is this claim subject to a right of setoff?**
    ☒ No
    ☐ Yes. Identify the property: _____

Official Form 410                     Proof Of Claim                     Page 2

| | | |
|---|---|---|
| 12. | **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** ☑ No<br>A Claim may be partly priority and partly nonpriority. For example, law limits the amount entitled to priority. | ☐ Yes. Check one:             Amount entitled to priority |

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). _____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). _____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4) _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)() that applies. _____

*Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date & time    10/06/2022 at 08:52 am PT
                               MM / DD / YYYY HH : MM

/s/William Vogel
Signature

**Print the name of the person who is completing and signing this claim:**

| | | |
|---|---|---|
| Name | William      Vogel | |
| | First Name   Middle Name   Last Name | |
| Title | Revenue Analyst II | |
| Company | IQVIA RDS Inc. | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer | |
| Address | 4820 Emperor Boulevard | |
| | Number    Street | |
| | Durham    NC    27703 | |
| | City    State    ZIP Code | |
| Contact phone | | |
| Email | william.vogel@iqvia.com | |

**Additional/Expanded Creditor Address(es):**

| | |
|---|---|
| **Primary Address (Expanded)** | **Notice Party** |
| IQVIA Inc. | IQVIA Inc. |
| Daniel M. Pereira | Julie M. Murphy |
| Stradley Ronon Stevens & Young, LLP | Stradley Ronon Stevens & Young, LLP |
| 2005 Market Street | 457 Haddonfield Road |
| Suite 2600 | Suite 100 |
| Philadelphia, PA 19103 | Cherry Hill, NJ 08002 |
| USA | USA |
| Phone: 215-564-8000 | Phone: 610-640-5800 |
| dpereira@stradley.com | jmmurphy@stradley.com |

Stretto Corporate Restructuring
855.812.6112 inquiries@stretto.com
cases.stretto.com
Proof Of Claim                                                                 Page 4

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>**MALLINCKRODT PLC,** *et al.,*<br><br>Debtors. | **Chapter 11**<br><br>**Case No. 20-12522 (JTD)**<br><br>**(Jointly Administered)** |

## ADDENDUM TO PROOF OF CLAIM

1. On October 12, 2020 (the "Petition Date"), Mallinckrodt PLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Coede (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The cases are being jointly administered under chapter 11 case no. 20-12522 (the "Chapter 11 Case").

2. IQVIA Inc. (formerly known as IMS Health Incorporated) files this Proof of Claim on behalf of itself, its subsidiaries, affiliates, or related companies including, but not limited to, IQVIA RDS, Inc., ValueCentric, LLC, BuzzeoPDMA LLC, Highpoint Solutions, LLC, DMD Marketing, Quintiles, Inc., Quintiles Consulting, Inc., and Polaris Solutions, and their successors and assigns (collectively, "IQVIA" or "Claimant").

3. On March 2, 2022, the Court entered the Order [Dkt. No. 6660] confirming the Fourth Amended Joint Plan of Reorganization of Mallinckrodt PLC and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code [Dkt. No. 6066] (the "Plan").[1] On June 16, 2022, the Debtors filed the Notice of Occurrence of Effective Date of Fourth Amended Join Plan of Reorganization

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Plan.

(with Technical Modifications) of Mallinckrodt PLC and its Debtor Affiliates under Chapter 11 of the Bankruptcy Code [Dkt. No. 7652], pursuant to which June 16, 2022 was established as the "Effective Date" of the Plan.

4. Article IV.Y of the Plan governs the administration of "Other Opioid Claims" including "Co-Defendant Claims" which include, *inter alia*, claims that "are for or based upon or arise from contribution, indemnification, reimbursement, setoff or recoupment or any other similar claim or Cause of Action" and that "seek to recover, directly or indirectly, any costs, losses, damages, fees, expenses or any other amounts whatsoever, actually or potentially imposed upon the Holder of such Claims, in each case based upon, arising from, or attributable to any actual or potential litigation or dispute, whether accrued or unaccrued, asserted or unasserted, existing or hereinafter based on, arising under, or attributable to, in whole or in part, Opioid Related Activities, any Opioid Claim or any Opioid Demand." (*see* Article I.A(78)).

5. Pursuant to Article III of the Plan, as of the Effective Date of the Plan all Other Opioid Claims were automatically channeled exclusively to, and all of the Debtors liability therefor were assumed by, the Opioid Master Disbursement Trust II (the "Opioid MDT II"). Each Other Opioid Claim shall be resolved pursuant to the documents governing the Opioid MDT II including the Trust Agreement of Opioid Mater Disbursement Trust II dated June 16, 2022, by and among Michael Atkinson, Anne Ferazzi, and Jennifer E. Peacock as trustees, Wilmington Trust, N.A., as resident trustee, and the Debtors [Dkt. No. 7684-2] (the "MDT II Trust Agreement"). (*see* Plan, Article III, ¶ (B)(9)(h).

6. In accordance with Article IV.Y of the Plan and Section 13.1 of the MDT II Trust Agreement, on September 16, 2022, the Opioid MDT II filed a notice establishing November 18,

2022, at 5:00 p.m. (Prevailing Eastern Time), as the deadline for the filing of Other Opioid Claims including Co-Defendant Claims [Dkt. No. 8198].

7. IQVIA is a world leader in using data, technology, advanced analytics, and expertise in connection with, *inter alia*, pharmaceutical clinical research management support within the healthcare industry.

8. Among other services, IQVIA manages and monitors clinical drug trials for the Debtors and IQVIA's agreements with the Debtors typically include provisions indemnifying IQVIA for costs and expenses arising from certain acts and omissions of the Debtors.

9. On or about May 30, 2013, IQVIA affiliate BuzzeoPDMA LLC ("Buzzeo") and Mallinckrodt LLC entered into a certain Customer Services Agreement (the "Buzzeo CSA" and collectively with all Statements of Worked issued thereunder, the "Buzzeo Contracts").

10. The Buzzeo Contracts include indemnification provisions pursuant to which IQVIA and the Debtors agreed to indemnify each other for certain costs and expense arising from the Buzzeo Contracts.

11. Among other things, Section 5.4 of the Buzzeo CSA provides:

> Each party shall indemnify, defend and hold harmless the other part, their affiliates and their respective partners, directors, officers, employees and agents from and against all third-party claims, demands, and any associated losses, damages, liabilities, costs and expenses (including, without limitation, reasonable attorney fees) resulting form (i) the gross negligence or willful misconduct of the indemnifying party and/or any Affiliate or Contractor thereof, or (ii) the breach of the indemnifying party's confidentiality obligations under this Agreement, except to the extent such breach is attributable to the gross negligence or willful misconduct of the indemnified party.

3

12. Pursuant to the Plan, the Buzzeo CSA Contracts were deemed rejected as of the Effective Date without modification of Claimant's rights to indemnification and contribution thereunder.

13. As of the Petition Date, a significant number of counties, municipalities and other governmental entities had initiated litigation against the Debtors and other pharmaceutical manufacturers, distributors, retailers, medical providers, and physicians in various federal and state courts, relating to the distribution and sale of opioid pain medications, in addition to numerous actions initiated by various third-party payors, hospitals, hospital groups and individuals, including actions brought as putative class actions (collectively, the "Opioid Lawsuits").

14. The Opioid Lawsuits, which have been and continue to be filed in various federal and state courts, generally allege violations of controlled substances laws and other statutes as well as common law claims alleging negligence, public nuisance, unjust enrichment, and similar claims. In December 2017, an initial group of cases was consolidated in a multidistrict litigation pending in the United States District Court for the Northern District of Ohio.

15. It is anticipated that additional actions will continue to be transferred to the multidistrict litigation pending in Ohio.

16. In addition, various persons and entities, including attorneys' general's offices, counties, and municipal governments who are not already parties to the Opioid Lawsuits have signaled their intent to pursue additional litigations relating to the distribution and sale of opioid pain medications.

17. In connection with services provided by Claimant to the Debtors under the Buzzeo Contracts, Claimant holds opioid-related indemnification and reimbursement claims against the Debtors which constitute "Other Opioid Claims," including without limitation, indemnification claims arising from costs and expenses incurred by Claimant in responding to subpoenas and other discovery demands in served upon Claimant in the Opioid Lawsuits and Claimant believes that additional such claims may arise in the future.

18. To date, Claimant has incurred not less than $1,429,275.92 in costs and expenses incurred in responding to subpoenas and other discovery demands in the Opioid Lawsuits.

19. In addition, to the extent that as a result of the pre-Effective Date opioid-related conduct or omissions of the Debtors, Claimant is named as a defendant in any of the Opioid Lawsuits or similar actions or that Claimant is a target for additional discovery demands in such litigations, Claimant is the holder of additional, contingent "Other Opioid Claims."

20. Without limiting Claimant's ability to amend, and without limiting the specific theories of recovery available to Claimant, Claimant asserts against Debtors any and all "Other Opioid Claims" including, but not limited to, "Co-Defendant Claims," that Claimant holds against Debtors and which arise from Claimant's contractual or common law rights to contribution, indemnification, reimbursement, setoff or recoupment for costs and expenses incurred by or imposed against Claimant based upon, arising from, or attributable to any actual or potential litigation or dispute, whether accrued or unaccrued, asserted or unasserted, existing or hereinafter based on, arising under, or attributable to, in whole or in part, Opioid Related Activities, any Opioid Claim or any Opioid Demand.

21. Upon information and belief, no portion of the Claim asserted by Claimant herein is subject to any setoffs or counterclaims by any of the Debtors or any other party.

22. The Buzzeo Contracts and other documents evidencing the Claim are privileged and confidential and, accordingly, are not being filed herewith; however, Claimant will make such documents available to the attorneys for the Trustee of the Opioid Master Disbursement Trust II, subject to an acceptable confidentiality agreement.

23. Claimant reserves all rights to adjust, revise, supplement, or amend this Proof of Claim, including, without limitation, as a result of future events, the discovery and analysis of additional information, the correction of any errors, or the resolution of any disputes.

24. Claimant reserves the right to amend and supplement this Proof of Claim to, among other things, (a) specify and quantify any damages, losses, costs, charges, fees and other expenses (including, but not limited to, pre- and post-petition reasonable attorneys' fees and expenses) incurred by Claimant, (b) to assert any additional relevant facts, issues or theories that hereafter become known to Claimant, and (c) assert additional claims or amounts.

25. The execution and filing of this Proof of Claim shall not be deemed a concession or admission as to the correct characterization or treatment of Claimant's claims nor a waiver of Claimant's rights and remedies.

26. The execution and filing of this Proof of Claim shall not be deemed (a) a waiver or release of any of Claimant's rights or remedies against any other entity liable for all or any part of the claims asserted herein; (b) a consent by Claimant to the treatment of any non-core claim against it as core claim; (c) a waiver of the right to withdraw the reference with respect to the subject

matter of the claims asserted herein or of any claims asserted by an of the Debtor or any other entity against Claimant; (e) a waiver of any right to have any claims constitutionally required to be determined by the District Court be determined therein; (f) a waiver of any right to the subordination, in favor of Claimant, of indebtedness or liens held by other creditors of the Debtors; (g) an election of any remedy that waives or otherwise affects any other remedy, including any right to pursue or assert alternative or simultaneous rights or remedies; (h) a waiver of any right to arbitration or other alternative dispute resolution mechanism that is otherwise applicable; (i) a waiver of any right with respect to property of Claimant held by a Debtor; or (j) a waiver or relinquishment of any other defenses, counterclaims, cross-claims, third-party claims, or any other matter or thing whatsoever.

27.    Claimant hereby expressly preserves and reserves any and all rights, claims, causes of action, defenses, counterclaims, rights of recoupment and/or offset, objections, and any and all similar rights, remedies, and defenses against all persons or entities, whether in this Court or elsewhere, whether currently existing or arising in the future, against which they determine to have claims.