**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>MALLINCKRODT PLC,<br><br>　　　　　　　Reorganized Debtor.[1] | Chapter 11<br><br>Case No. 20-12522 (BLS) |

**STIPULATION BETWEEN THE OPIOID MASTER**
**DISBURSEMENT TRUST II AND IQVIA INC. RESOLVING**
**THE TRUST'S MOTION TO RECLASSIFY OTHER OPIOID CLAIM NO. 2**

This stipulation (the "Stipulation") is entered into by and between (i) the Opioid Master Disbursement Trust II (the "Opioid MDT II") and (ii) IQVIA Inc., and its affiliates and subsidiaries (collectively, "IQVIA", and together with the Opioid MDT II, the "Parties").

**RECITALS**[2]

A.　　On October 12, 2020 (the "Petition Date"), Mallinckrodt plc and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

B.　　On March 2, 2022, the Court entered an Order (as revised, the "Confirmation Order") confirming the *Fourth Amended Joint Plan of Reorganization (with Technical Modifications) of Mallinckrodt PLC and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* (the "Plan"). *See* D.I. 6660 (Confirmation Order), D.I. 7670 (Plan). The Plan became effective on June 16, 2022 [Dkt. No. 7652].

---

[1] The Reorganized Debtor in this Chapter 11 case is Mallinckrodt plc. On May 3, 2023, the Court entered an order closing the Chapter 11 cases of the Reorganized Debtor's debtor affiliates. A complete list of the debtor affiliates in these Chapter 11 cases may be obtained on the website of the Reorganized Debtor's claims and noticing agent at http://restructuring.ra.kroll.com/Mallinckrodt. The Reorganized Debtor's mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

[2] Capitalized terms used throughout this Stipulation but are not defined shall have the meanings ascribed to them in the Plan or the Motion to Reclassify (each as defined below), as applicable.

C. On June 22, 2022, the Debtors filed the executed Opioid MDT II Trust Agreement. Under Section 1.02 of the Opioid MDT II Trust Agreement, the purpose of the Opioid MDT II is to, among other things, "resolve all asserted Opioid Claims channeled to the Opioid MDT II in accordance with the Plan, Trust Documents, and the Confirmation Order (which, for the avoidance of doubt, are the Other Opioid Claims, the U.S. Government Opioid Claims (including FHCA Opioid Claims), and the Ratepayer Opioid Claims)[.]"

D. On September 16, 2022, the Opioid MDT II served notice with the Court, establishing November 18, 2022 at 5:00 p.m. (Prevailing Eastern Time), as the deadline for filing proofs of Class (9)(h) Other Opioid Claims [D.I. 8198].

E. On October 6, 2022, IQVIA filed Other Opioid Claim No. 2 (the "Claim") based on its alleged indemnification rights under a Customer Services Agreement between Mallinckrodt LLC and IQVIA affiliate BuzzeoPDMA LLC, pursuant to which BuzzeoPDMA LLC agreed to provide clinical research management support services to the Debtors. By the Claim, IQVIA seeks indemnification of not less $1,429,275.92 in costs and expenses incurred in responding to subpoenas and other discovery demands made in certain opioid lawsuits brought against the Debtors prepetition, as well as future indemnifiable losses.

F. On November 26, 2025, the Opioid MDT II filed a motion seeking to reclassify the Claim as a Class 9(i) No Recovery Opioid Claim under the Plan [D.I. 9309] (the "Motion to Reclassify") on grounds that the Claim is subject to disallowance under section 502(e)(1)(B) of the Bankruptcy Code and/or subordination under section 509(c) of the Bankruptcy Code.

G. The Parties met and conferred and have engaged in good faith, arm's-length negotiations in an effort to resolve the Motion to Reclassify and hereby stipulate that the Claim be reclassified as a Class 9(i) No Recovery Opioid Claim as set forth herein.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties, through their undersigned counsel, as follows:

1. This Stipulation shall become effective immediately upon execution by both Parties (the "Effective Date").

2. Upon the Effective Date, the Claim shall be reclassified as a Class 9(i) No Recovery Opioid Claim under the Plan and, accordingly, IQVIA shall receive no recovery or distribution on account of the Claim.

3. The Parties acknowledge, agree, and stipulate that this Stipulation resolves the Motion to Reclassify.

4. For the avoidance of doubt, by entering into this Stipulation, IQVIA shall not be deemed to admit to, or agree with, any of the factual assertions or legal arguments set forth in the Motion to Reclassify but is entering into this Stipulation for the sole purpose of resolving the Motion to Reclassify without incurring any additional costs after taking into account IQVIA's likely recovery on the Claim.

5. The Parties agree that the claims and noticing agent appointed in these cases is authorized to modify the claims register to reflect the reclassification of the Claim in accordance with this Stipulation.

6. This Stipulation shall inure to the benefit of and shall be binding upon the Parties and their respective successors and assigns.

7. This Stipulation sets forth the entire agreement pertaining to the Claim between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

8. For the avoidance of doubt, other than with respect to the treatment of the Claim as set forth in this Stipulation, nothing herein shall be deemed to impair or impact IQVIA's rights and interests with respect to any other claims, actions, defenses, or proceedings, whether opioid-related or not, in the Bankruptcy Court or any other forum.

9. The undersigned represent and warrant that they have full authority to execute this Stipulation on behalf of their respective Party or client and that each Party has full knowledge of and has consented to this Stipulation.

10. This Stipulation may not be amended or modified other than in writing executed by each of the Parties.

11. This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

12. The Parties agree that the Bankruptcy Court shall have exclusive jurisdiction over all matters arising from or in relation to the interpretation, implementation, or enforcement of this Stipulation.

[*Signatures appear below*]

5

Dated: January 23, 2026

| **COLE SCHOTZ P.C.** | **STRADLEY RONON STEVENS & YOUNG LLP** |
|---|---|
| */s/ Justin R. Alberto* | */s/ Daniel M. Pereira* |
| Justin R. Alberto, Esq. (No. 5126) | Daniel M. Pereira, Esq. (No. 6450) |
| Patrick J. Reilley, Esq. (No. 4451) | 1000 N. West Street, Suite 1200 |
| 500 Delaware Avenue, Suite 600 | Wilmington, DE 19801 |
| Wilmington, DE 19801 | Telephone:(302) 295-3805 |
| Telephone: (302) 652-3131 | Facsimile: (302) 295-4801 |
| Facsimile: (302) 652-3117 | dpereira@stradley.com |
| jalberto@coleschotz.com | |
| preilley@coleschotz.com | *Counsel to IQVIA* |

Anthony De Leo, Esq.
Amanda Tersigni, Esq.
1325 Avenue of the Americas,19th Floor
New York, NY 10019
Telephone: (212) 752-8000
Facsimile: (212) 752-8393
adeleo@coleschotz.com
atersigni@coleschotz.com

-and-

**BROWN RUDNICK LLP**
David J. Molton, Esq.
Gerard T. Cicero, Esq.
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
dmolton@brownrudnick.com
gcicero@brownrudnick.com

Jane W. Motter, Esq.
One Financial Center
Boston, MA 02110
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
jmotter@brownrudnick.com

*Counsel to the Opioid Master Disbursement Trust II*