# **EXHIBIT B**

**Barlow Declaration**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------- x
                                                        :
In re:                                                  :  Chapter 11
                                                        :
MALLINCKRODT PLC, *et al.*,                             :  Case No. 20-12522 (BLS)
                                                        :
              Reorganized Debtors.[1]                   :  (Jointly Administered)
                                                        :
------------------------------------------------------- x

**DECLARATION OF HEATHER BARLOW IN
SUPPORT OF GENERAL UNSECURED CLAIMS TRUSTEE'S
TENTH OMNIBUS OBJECTION TO CERTAIN NO LIABILITY
DUPLICATIVE CLAIMS AND INCORRECT DEBTOR CLAIMS (SUBSTANTIVE)**

I, Heather L. Barlow, hereby declare as follows:

1. I am a Managing Director at Dundon Advisers LLC ("**Dundon**"), with 30 years of financial advisory and investment banking experience in the turnaround and restructuring industry. I previously served as a Liquidating Trustee of Bigler LP through my firm Value Extraction Services LLC. I was selected as Liquidating Trustee of the GUC Trust following a competitive process by the Mallinckrodt Unsecured Claims Committee, for which Dundon served co-financial advisor.

2. My prior work experience includes investment banking roles at CIBC World Markets and Chase Manhattan Bank, with buy-side experience as Managing Director for a distressed credit opportunity fund at Harbert Management Corporation. I earned both my BA and MPA from New York University.

---

[1] A complete list of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at http://restructuring.ra.kroll.com/Mallinckrodt. The Reorganized Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

3. I submit this declaration (the "**Declaration**") in support of the *General Unsecured Claims Trustee's Tenth Omnibus Objection to Certain No Liability Duplicative Claims and Incorrect Debtor Claims (Substantive) (*the "**Claims Objection**"), and the Claims objected to therein,[2] filed contemporaneously herewith.

4. Except as otherwise indicated, the statements in this Declaration are based on: (a) my personal knowledge of the Reorganized Debtors' operations, financing arrangements, business affairs; (b) the books and records of the Reorganized Debtors that reflect the amounts owed to their creditors as of the Petition Date, including the Claims Register, and the Schedules; (c) my review of the Claims Objection; (d) information provided to me by, or discussions with, professionals retained by the Trust; (e) information provided to me by, or discussions with, members of the Reorganized Debtors' management team, the Reorganized Debtors' other employees, or the Reorganized Debtors' other advisors; and (f) my general experience and knowledge. As to matters regarding state and federal law, including bankruptcy law, I have received and relied on the advice of counsel.

5. I am authorized to submit this Declaration in support of the Claims Objection. If called upon to testify to the applicable facts and circumstances, I can and will testify competently as to the facts set forth herein.

## THE CLAIMS OBJECTION

6. In the ordinary course of business, the Reorganized Debtors maintain books and records that reflect, among other things, the nature and amount of the liabilities owed to their creditors. I, along with my team of professionals, in consultation with the Reorganized Debtors and their professionals, have been reviewing, comparing, and reconciling the claims filed against

---

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Claims Objection.

the Reorganized Debtors (including any supporting documentation) with the Schedules and, as applicable, the Reorganized Debtors' books and records, including the Claims Register. This reconciliation process includes identifying particular categories of claims that may be subject to objection. Considerable time and resources have been expended in the Trust's ongoing efforts reviewing and reconciling proofs of claim filed against the Reorganized Debtors in these chapter 11 cases. This analysis is ongoing.

7. The No Liability Duplicative Claims listed on **Exhibit 1** and Incorrect Debtor Claims listed on **Exhibit 2** to the Proposed Order are claims identified on the Claims Register as having been filed against the incorrect debtor, and a review of the Books and Records, as well as the documentation (or lack thereof) submitted in support of the claims established that there is no basis for holding those applicable Debtors liable. Specifically, the Objectionable Claims are environmental claims related to the Crab Orchard National Wildlife Refuge site and, based on my review of the Debtors' books and records, such liabilities exist, if at all, against Mallinckrodt US Holdings, LLC.

8. The Trustee does not object at this time to (i) Claim 3400 filed by Olin against Mallinckrodt US Holdings, LLC; or (ii) Claim 2471 filed by GDOTS against Mallinckrodt US Holdings, LLC, but reserves the right to pursue such objection in the future.

9. Therefore, in an effort to maintain an accurate claims register, I caused the Objection to be filed objecting to each of the No Liability Duplicative Claims and Incorrect Debtor Claims and request that each such claim be disallowed and expunged or reallocated to a different debtor as requested herein and subsequently be disallowed and expunged as duplicative of existing claims.

5

10. If the Objectionable Claims are not expunged and disallowed, the potential exists for the applicable claimants to receive recoveries to which they are not entitled, to the detriment of the Reorganized Debtors' other stakeholders. Accordingly, the Claims Objection should be sustained as requested, as set forth more fully therein.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: March 13, 2026　　　　　　　　　　　　　　　*/s/ Heather L. Barlow*
Newport, Rhode Island　　　　　　　　　　　　　　　Heather L. Barlow
　　　　　　　　　　　　　　　　　　　　　　　　　Trustee