**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| MALLINCKRODT PLC | ) Case No. 20-12522 (BLS) |
|  | ) |
| Reorganized Debtor.[1] | ) |
|  | ) **Obj. Deadline:  April 6, 2026 at 4:00 p.m. (ET)** |
|  | ) **Hearing Date:  To be determined.** |
|  | ) |

**REORGANIZED DEBTOR'S**
**ELEVENTH MOTION FOR ENTRY OF AN ORDER EXTENDING THE**
**DEADLINE TO OBJECT TO ADMINISTRATIVE CLAIMS UNDER THE PLAN**

The above-captioned reorganized debtor (the "***Debtor***" or "***Reorganized Debtor***") hereby moves (this "***Motion***") and respectfully states as follows:

**RELIEF REQUESTED**

1.      By this Motion, the Reorganized Debtor seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "***Proposed Order***"), (i) extending the deadline for objecting to Administrative Claims[2] (the "***Administrative Claims Objection Deadline***") by 181 days through and including September 28, 2026,[3] and (ii) granting such other relief as the Court deems just and proper.

---

[1]   The Reorganized Debtor in this chapter 11 case is Mallinckrodt plc. On May 3, 2023, the Court entered an order closing the chapter 11 cases of the Reorganized Debtor's debtor affiliates.  A complete list of the debtor affiliates in these chapter 11 cases may be obtained on the website of the Reorganized Debtor's claims and noticing agent at http://restructuring.ra.kroll.com/Mallinckrodt.  The Reorganized Debtor's mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan (as defined below).

[3]   Pursuant to rule 9006-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware ("***Local Rules***"), the filing of this Motion prior to the expiration of the current deadline to object to Administrative Claims automatically extends such deadline until such time as the Court rules on this Motion.

RLF1 35541165v.1

**JURISDICTION**

2.      The United States Bankruptcy Court for the District of Delaware (the "***Court***") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.  Further, pursuant to the Confirmation Order (as defined below), this Court has expressly "retain[ed] exclusive jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases and the Plan."  Confirmation Order ¶ 320.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Reorganized Debtor confirms its consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") and Local Rule 9013-1(f) to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue of this case and this Motion in this district are proper under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (the "***Bankruptcy Code***") and Bankruptcy Rule 9006(b).

**BACKGROUND**

4.      On October 12, 2020 (the "***Petition Date***"), the Reorganized Debtor and its debtor affiliates filed voluntary petitions with the Court commencing cases for relief under chapter 11 of the Bankruptcy Code (the "***Chapter 11 Cases***").

5.      On October 27, 2020, the Office of the United States Trustee for the District of Delaware (the "***U.S. Trustee***") appointed, pursuant to section 1102 of the Bankruptcy Code: (a) an official committee of unsecured creditors [Docket No. 306]; and (b) an official committee of opioid-related claimants [Docket No. 308], both of which were dissolved on the Effective Date (as defined below) except for limited purposes set forth in the Plan (as defined below).

RLF1 35541165v.1

6. On March 2, 2022, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming Fourth Amended Joint Plan of Reorganization (with Technical Modifications) of Mallinckrodt plc and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* (the "***Confirmation Order***") [Docket No. 6660], confirming the Reorganized Debtor's chapter 11 plan (the "***Initial Confirmed Plan***").

7. On June 8, 2022 the Court entered the *Order (I) Authorizing Modification of the Debtors' Fourth Amended Joint Plan of Reorganization (with Technical Modifications) of Mallinckrodt plc and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code, (II) Determining that Further Disclosure and Resolicitation of Votes Are Not Required, (III) Deeming the Amended Plan as Accepted, and (IV) Granting Such Other Relief as the Court Deems Just and Proper* [Docket No. 7602] (the "***Plan Modification Order***") authorizing certain modifications to the Initial Confirmed Plan as reflected in the *Modified Fourth Amended Joint Plan of Reorganization (with Technical Modifications) of Mallinckrodt plc and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 7589-1] (the "***Plan***"). Pursuant to the Plan Modification Order, the Confirmation Order was made applicable to the Plan.

8. The Plan went effective on June 16, 2022 (the "***Effective Date***"). *See* Docket No. 7652 ("***Notice of Effective Date***").

9. On May 3, 2023, the Court entered the *Order and Final Decree Closing Certain Chapter 11 Cases in Connection with Reorganized Debtors' Plan of Reorganization* [Docket No. 8760] (the "***Final Decree Order***"), closing each of the Chapter 11 Cases other than the Chapter 11 Case of the Reorganized Debtor. Pursuant to paragraph 10 of the Final Decree Order, entry of such order was without prejudice to the rights of the Reorganized Debtor to, among other things, object to claims filed against the Reorganized Debtor or any of its debtor affiliates.

3

## CLAIMS PROCESS

10.     On November 30, 2020, the Court entered an order [Docket No. 667] (the "***Bar Date Order***") establishing certain deadlines for parties in interest to file proofs of claim in the Chapter 11 Cases.  Accordingly, the *Notice of Deadlines for Filing of Proofs of Claim, Including 503(a)(9) Claims and Excluding Opioid Claims* [Docket No. 1137] (the "***Bar Date Notice")***, filed on January 12, 2021, established:  (a) February 16, 2021 as the deadline by which all entities holding claims, whether secured claims, unsecured priority claims, unsecured non-priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code against the Reorganized Debtor and its debtor affiliates that arose prior to the Petition Date must file proofs of claim; and (b) April 21, 2021 as the deadline by which all governmental units holding claims against the Reorganized Debtor and its debtor affiliates (whether secured, unsecured priority, or unsecured non-priority) that arose before the Petition Date must file proofs of claim.

11.     On December 23, 2020, the Reorganized Debtor and its debtor affiliates filed their schedules of assets and liabilities and statements of financial affairs [Docket Nos. 943-47, 949-82, 984-1015, 1017-29, 1031-74], some of which were subsequently amended on February 26, 2021 [Docket Nos. 1528-48] (collectively, the "***Schedules***").

12.     In accordance with the Bar Date Order, Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC) ("***Kroll***"), the Reorganized Debtor's court-appointed claims and noticing agent, mailed Bar Date Notice and proof of claim forms to, among others, all of the Reorganized Debtor's creditors and other known parties in interest as of the Petition Date.  *See* Docket Nos. 1220, 1308, 1403, 1443, 1465, 1607, 1958, 2110 and 2183.  The Bar Date Notice was also published once in the national edition of *The New York Times* and once in various local publications.  *See* Docket No. 1387.

RLF1 35541165v.1

**ADMINISTRATIVE CLAIMS**

13.     Pursuant to the Plan, "[e]xcept for any Administrative Claim subject to the Initial Administrative Claims Bar Date, all requests for payment of an Administrative Claim . . . must be Filed with the Bankruptcy Court and served on the Debtor[] no later than the Administrative Claims Bar Date."  Plan Article II.A.3.  Under the Plan, the Administrative Claims Bar Date "means, for Administrative Claims other than Professional Fee Claims, the Restructuring Expenses, any Opioid Claims or VI Opioid Claims, the earlier of: (a) the bar date established for any such Administrative Claims by separate order of the Bankruptcy Court and (b) the date that is the 60th day after the Effective Date."  Plan Article I.A.4.  Accordingly, the Notice of Effective Date established August 15, 2022 as the Administrative Claims Bar Date.

14.     The Plan provides that the Administrative Claims Objection Deadline shall be "the later of (a) 120 days after the Administrative Claims Bar Date and (b) such other deadline as may be specifically fixed by the Debtor[] . . . or by an order of the Bankruptcy Court."  Plan Article I.A.38.

15.     On January 10, 2023, the Court entered the *Order Extending the Deadline to Object to Administrative Claims Under the Plan* [Docket No. 8451] (the "***Extension Order***").  Pursuant to the Extension Order, the deadline to object to Administrative Claims was extended from December 13, 2022 to April 12, 2023.

16.     On May 3, 2023, the Court entered the *Order Extending the Deadline to Object to Administrative Claims Under the Plan* [Docket No. 8759] (the "***Second Extension Order***"). Pursuant to the Second Extension Order, the deadline to object to Administrative Claims was extended from April 12, 2023 to August 10, 2023.

17.     On August 25, 2023, the Court entered the *Third Order Further Extending the Deadline to Object to Administrative Claims Under the Plan* [Docket No. 8937] (the "***Third***

*Extension Order*").    Pursuant to the Third Extension Order, the deadline to object to Administrative Claims was extended from August 10, 2023 to December 8, 2023.

18.    On December 27, 2023, the Court entered the *Fourth Order Further Extending the Deadline to Object to Administrative Claims Under the Plan* [Docket No. 9002] (the "***Fourth Extension Order***").    Pursuant to the Fourth Extension Order, the deadline to object to Administrative Claims was extended from December 8, 2023 to April 5, 2024.

19.    On April 19, 2024, the Court entered the *Fifth Order Further Extending the Deadline to Object to Administrative Claims Under the Plan* [Docket No. 9098] (the "***Fifth Extension Order***").  Pursuant to the Fifth Extension Order, the deadline to object to Administrative Claims was extended from April 5, 2024 to August 2, 2024.

20.    On August 19, 2024, the Court entered the *Sixth Order Further Extending the Deadline to Object to Administrative Claims Under the Plan* [Docket No. 9153] (the "***Sixth Extension Order***").  Pursuant to the Sixth Extension Order, the deadline to object to Administrative Claims was extended from August 2, 2024 to December 2, 2024.

21.    On December 17, 2024, the Court entered the *Seventh Order Further Extending the Deadline to Object to Administrative Claims Under the Plan* [Docket No. 9196] (the "***Seventh Extension Order***").    Pursuant to the Seventh Extension Order, the deadline to object to Administrative Claims was extended from December 2, 2024 to April 1, 2025.

22.    On April 16, 2025, the Court entered the *Eighth Order Further Extending the Deadline to Object to Administrative Claims Under the Plan* [Docket No. 9243] (the "***Eighth Extension Order***").    Pursuant to the Eighth Extension Order, the deadline to object to Administrative Claims was extended from April 1, 2025 to July 30, 2025.

RLF1 35541165v.1

23.     On August 14, 2025, the Court entered the *Ninth Order Further Extending the Deadline to Object to Administrative Claims Under the Plan* [Docket No. 9274] (the "***Ninth Extension Order***").   Pursuant to the Ninth Extension Order, the deadline to object to the Administrative Claims was extended from July 30, 2025 to December 1, 2025.

24.     On December 15, 2025, the Court entered the *Tenth Order Further Extending the Deadline to Object to Administrative Claims Under the Plan* [Docket No. 9318] (the "***Tenth Extension Order***").   Pursuant to the Tenth Extension Order, the deadline to object to the Administrative Claims was extended from December 1, 2025 to March 31, 2026.

25.     The claims register, as prepared and maintained by Kroll, shows that approximately 1,600 Administrative Claims have been filed in the Chapter 11 Cases.

## SECOND CHAPTER 11 FILING

26.     On August 28, 2023, substantially all of the debtors that had filed the Chapter 11 Cases filed chapter 11 cases in this Court, which cases were jointly administered under Case Number 23-11258 (JTD) (the "***Second Chapter 11 Cases***").   The chapter 11 plan in the Second Chapter 11 Cases went effective, and was substantially consummated, on November 14, 2023.

## BASIS FOR RELIEF

27.     Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."   11 U.S.C. § 105.   *See, e.g.*, *Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 609 (2d Cir. 2007) ("Section 105(a) grants broad equitable power to the bankruptcy courts to carry out the provisions of the Bankruptcy Code so long as that power is exercised within the confines of the Bankruptcy Code").   Further, Article I.A.38 provides that the Administrative Claims Objection Deadline is the later of 120 days after the Administrative Claims Bar Date and "such other deadline as may be specifically fixed by the Debtor[] . . . or by an order of the Bankruptcy Court."   *See* Plan Article

7

I.A.38. And Article VII.E provides that "[a]ny objections to Administrative Claims shall be Filed on or before the Administrative Claims Objection Deadline, subject to any extensions thereof approved by the Bankruptcy Court." *See* Plan Article VII.E.  Accordingly, this Court has authority to extend the Administrative Claims Objection Deadline.

28.      The Reorganized Debtor believes that it has now resolved all applicable outstanding Administrative Claims.  Nevertheless, the Reorganized Debtor believes that good and sufficient cause exists to further extend the Administrative Claims Objection given that the Mallinckrodt General Unsecured Claims Trust and Opioid Master Disbursement Trust II continue to reconcile claims.[4]  Although the Reorganized Debtor does not anticipate that additional Administrative Claims will result from the claims reconciliation processes of the Mallinckrodt General Unsecured Claims Trust and Opioid Master Disbursement Trust II, the Reorganized Debtor submits that the relief requested herein will sufficiently preserve the Reorganized Debtor's rights while those processes remain ongoing.  Accordingly, the Reorganized Debtor submits that a 181-day extension of the Administrative Claims Objection Deadline, through and including September 28, 2026, is reasonable and appropriate under the circumstances.

## NOTICE

29.      Notice of this Motion has been provided to the following parties or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) the General Unsecured Claims Trust; (iii) the Asbestos Trust (as defined in the Plan); (iv) the Opioid MDT II (as defined in the Plan); (v) the PI Trust; and (vi)

---

[4]     The current deadline for the Mallinckrodt General Unsecured Claims to object to claims is September 11, 2026. Docket No. 9313.  The current deadline for the Opioid Master Disbursement Trust II to object to claims is the later of (a) September 14, 2026, or (b) the date that is 120 days following the date that a proof of Other Opioid Claim (as defined in the Plan) is amended in writing by or on behalf of a holder of such Other Opioid Claim. Docket No. 9337.

RLF1 35541165v.1

any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002.  The Reorganized Debtor submits that, under the circumstances, no other or further notice need be provided.

### NO PRIOR REQUEST

30.     No previous request for the relief sought herein has been made by the Reorganized Debtor to this Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

RLF1 35541165v.1

**WHEREFORE**, the Reorganized Debtor respectfully requests that the Court enter the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

Dated:  March 23, 2026
       Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**

 */s/ Nicholas A. Franchi*
Michael J. Merchant (No. 3854)
Amanda R. Steele (No. 5530)
Brendan J. Schlauch (No. 6115)
Nicholas A. Franchi (No. 7401)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: merchant@rlf.com
      steele@rlf.com
      schlauch@rlf.com
      franchi@rlf.com

-and-

**LATHAM & WATKINS LLP**
George A. Davis (admitted *pro hac vice*)
Christopher Harris (admitted *pro hac vice*)
George Klidonas (admitted *pro hac vice*)
Andrew Sorkin (admitted *pro hac vice*)
Anupama Yerramalli (admitted *pro hac vice*)
Hugh K. Murtagh (admitted *pro hac vice*)
1271 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 906-1200
Facsimile:  (212) 751-4864
Email:  george.davis@lw.com
      christopher.harris@lw.com
      george.klidonas@lw.com
      andrew.sorkin@lw.com
      anu.yerramalli@lw.com
      hugh.murtagh@lw.com

and-

RLF1 35541165v.1

Jeffrey E. Bjork (admitted *pro hac vice*)
355 South Grand Avenue, Suite 100
Los Angeles, California 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email:  jeff.bjork@lw.com

-and-

Jason B. Gott (admitted *pro hac vice*)
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767
Email:  jason.gott@lw.com

*Counsel for Reorganized Debtor*

11

RLF1 35541165v.1