**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**



**BRENDAN LINEHAN SHANNON**
**JUDGE**

**824 N. MARKET STREET**
**WILMINGTON, DELAWARE**
**(302) 252-2915**

April 27, 2026

Justin R. Alberto, Esquire
Cole Schotz P.C.
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801

Kevin C. Maclay, Esquire
Caplin & Drysdale, Chartered
1200 New Hampshire Ave. NW, 8th Floor
Washington, D.C. 20036

*Counsel to the Opioid Master Disbursement Trust II*

Paul D. Anker, Esquire
Wilmer Hale
7 World Trade Center
250 Greenwich Street
New York, NY 10007

R. Craig Martin, Esquire
DLA Piper LLP (US)
1201 North Market Street, Suite 2100
Wilmington, DE 19801

*Counsel to Medtronic plc*

       Re:    Mallinckrodt PLC,
             Case No. 20-12522 (BLS)

             Opioid Master Disbursement Trust II v. Covidien Unlimited Co., *et al.*
             Adv. Pro. Case No. 22-50433 (BLS)

Dear Counsel:

    This letter addresses the discovery dispute between the Opioid Master Disbursement Trust II (the "Trust"), plaintiff in the above-referenced adversary proceeding, and Medtronic plc ("Medtronic"). The Trust served a subpoena *duces tecum* upon Medtronic which contained thirteen requests for the production of documents (the "Discovery Request"). Medtronic has objected to the Trust's Discovery Request on the grounds that the Discovery Request was untimely, does not seek relevant information, and would impose a substantial burden on Medtronic that was disproportionate to the needs of the case. After a discovery conference

Justin R. Alberto, Esquire
Kevin C. Maclay, Esquire
Paul D. Anker, Esquire
R. Craig Martin, Esquire
Page 2

before the Court, the parties filed letter briefs setting forth their respective positions on the Discovery Dispute.[1]

Upon review of the parties' filings, the Court overrules Medtronic's general objections to the Discovery Request. Specifically, the requests are not untimely because the date for "substantial completion of discovery" was not set as a document discovery deadline. Likewise, the information sought from Medtronic is clearly relevant to the dispute at hand. Medtronic has also observed that it is not a defendant in this litigation, but that proposition does not shield it from proper discovery. Given that this matter involves similar issues and the same counsel as discovery disputes that recently were successfully mediated by the Honorable Lawrence F. Stengel, the Court directs the parties to engage with the Mediator promptly to work through the details of the remaining discovery issues, including without limitation, proper search terms and time frames for the document production.[2]

Very truly yours,

Brendan Linehan Shannon
United States Bankruptcy Judge

cc: The Honorable Lawrence F. Stengel (via email).

---

[1] Adversary Proceeding D.I.'s 199, 202, 205, 206.

[2] The undersigned has communicated with the Mediator, who has graciously agreed to reengage with the parties.