# EXHIBIT 1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MALLINCKRODT PLC, *et al.,*[1] | ) | Case No. 20-12522 (JTD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ANNUAL REPORT AND OPIOID ABATEMENT REPORT OF THE
NATIONAL OPIOID ABATEMENT TRUST II (NOAT II)
FOR THE FISCAL YEAR ENDING DECEMBER 31, 2025**

Professor David Hickton, Dr. Megan Ranney, and the Honorable Gerald Bruce Lee (Ret.), the Trustees of the National Opioid Abatement Trust II ("NOAT II"), created pursuant to the Fourth Amended Joint Plan of Reorganization (with Technical Modifications) of Mallinckrodt plc and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code, dated February 18, 2022 (the "Plan") submit the following NOAT II Opioid Abatement Report and Annual Report (collectively, the "2025 Reports") for the fiscal year ending December 31, 2025.

**I.      INTRODUCTION**

The purpose of the 2025 Reports is to fulfill the reporting requirements of the National Opioid Abatement II Trust Agreement Dated as of June 16, 2022 (the "Trust Agreement") and National Opioid Abatement Trust II Distribution Procedures (the "TDP") and to report to the Bankruptcy Court on the actions taken by the Trustees on behalf of NOAT II from January 1, 2025 through December 31, 2025 (the "Reporting Period").[2]

Section 2.4 of the Trust Agreement provides:

---

[1] A complete list of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.primeclerk.com/Mallinckrodt. The Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

[2] Capitalized terms not otherwise defined in the 2025 Reports shall have the meaning given to them in the Trust Agreement.

{C1356296.1 }

> Within one hundred and twenty (120) days following the end of each calendar year, the Trustees shall file with the Bankruptcy Court the Annual Report audited by the Independent Auditors and accompanied by an opinion of such firm as to the fairness in all material respects of the special-purpose financial statements.

Section 2.5 of the Trust Agreement further provides:

> Within one hundred and twenty (120) days following the end of each calendar year, the Trustees shall cause to be prepared and filed with the Bankruptcy Court an annual report on the Approved Opioid Abatement Uses with respect to such period, together with such additional information as the trustees determine necessary or appropriate in their discretion (each, a "NOAT II Opioid Abatement Report").

NOAT II's governing documents require that States and Qualifying Block Grantees shall provide NOAT II with any information reasonably required to satisfy the requirement of the Annual Report and NOAT II Opioid Abatement Report. See Section 7 of the TDP; see also Trust Agreement, Section 2.6(a) and (b).

## II.   BACKGROUND

On the Petition Date, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.* in the Bankruptcy Court. On March 2, 2022, the Bankruptcy Court issued findings of fact and conclusions of law and entered an order confirming the Plan. On June 16, 2022 (the "Effective Date"), the Plan became effective and the Trustees began to operate NOAT II.

The purposes of NOAT II include assuming all liability for State Opioid Claims and Municipal Opioid Claims and making Abatement Distributions to Authorized Recipients for Approved Uses in accordance with the NOAT II TDP. See Section 1.2 of the Trust Agreement.

{C1356296.1 }

On the Effective Date, NOAT II received its first funding cycle of the Aggregate NOAT II Consideration as provided for in Section 3.4 of the Master Trust Distribution Procedures. From the Aggregate NOAT II Consideration, NOAT II established the NOAT II Operating Reserve in accordance with Section 1.2 of the Trust Agreement. The remainder of the Aggregate NOAT II Consideration received in the first funding cycle was allocated to funding Abatement Distributions to Authorized Recipients for Approved Uses.

On August 29, 2023, NOAT II received its second funding cycle of the Aggregate NOAT II Consideration as provided for in Section 3.4 of the Master Trust Distribution Procedures. The funds received by NOAT II in the second funding cycle included NOAT II's share of the proceeds from the sale of the New Opioid Warrants by the Master Distribution Trust II ("MDT II"). NOAT II reserved no additional funds for its operations, making the entirety of the consideration it received in the second funding cycle available to fund Abatement Distributions to Authorized Recipients for Approved Uses.

The Debtors filed a second chapter 11 bankruptcy case on August 28, 2023. Prior to the petition date for the second bankruptcy case, the Debtors entered into a settlement agreement with MDT II. As part of the settlement, MDT II negotiated for the amount of the Aggregate NOAT II Consideration for the second funding cycle and for certain contingent value rights. During the Reporting Period, NOAT II received $24,478.038 in connection with the contingent value rights (the "CVR Funds").[3]

---

[3] In light of the second bankruptcy case by the Debtors and the settlement with MDT II, NOAT II anticipates that any material future funding cycle will be sourced from litigation proceeds arising out of certain causes of action filed by MDT II against third parties.

{C1356296.1 }

## III.    TRUST ADMINISTRATION

Professor David Hickton, Dr. Megan Ranney, and the Honorable Gerald Bruce Lee (Ret.) served as the Trustees of NOAT II.  Professor Hickton served as the Managing Trustee during the Reporting Period.

During the Reporting Period, the Trustees held regular meetings in accordance with the requirements of the Trust Agreement.  Additionally, the Trustees met individually with Trust advisors, held special meetings, and devoted consistent time to reviewing, commenting, and approving various Trust matters outside of the scheduled meetings, including meeting with the State Attorneys General Steering Committee (the "State AG Committee") to discuss the timing for distributing the CVR Funds in light of the amount involved.  On December 9, 2025, after consultation with the State AG Committee, the Trustees unanimously exercised their discretion to modify the 75-day deadline set forth in the Trust Agreement and hold the CVR Funds until the earlier of 75 days after:  (1) receipt of additional funding from MDT II: or (2) August 1, 2026, which may be subject to further extension of time following consultation with MDT II and the State AG Committee.

## IV.    ABATEMENT DISTRIBUTIONS

On June 19, 2022, three days after the Effective Date, NOAT II's website was made publicly available and the portal became available for the submission of Statewide Abatement Agreements ("SAAs") and Government Participation Mechanisms ("GPMs").  In accordance with the NOAT II governing documents, the SAA Filing Deadline occurred on August 15, 2022 and the deadline for eligible Qualifying Local Governments to elect to receive a Local Government Block Grant occurred on October 14, 2022.  NOAT II continued to receive SAAs and GPMs through the end of calendar year 2022 and the third quarter of 2023, as permitted by

4

the NOAT II governing documents.  At this time, there are only two States that have not submitted an allocation mechanism to NOAT II.

NOAT II has reviewed the SAAs, GPMs, and QBG elections as they were received, applied allocation models, calculated distributions, and provided beneficiaries with notices of proposed distribution.  NOAT II engaged in discussions with beneficiaries to clarify allocations and address related distribution matters when appropriate.  NOAT II also set March 1, 2026 as the deadline for the submission of Beneficiary Abatement Use Reports for NOAT II Funds received by NOAT II Beneficiaries during the Reporting Period.

During the Reporting Period, NOAT II continued to communicate with NOAT II Beneficiaries to receive information and instructions necessary to make Abatement Distributions. By the end of the Reporting Period, NOAT II made Abatement Distributions to each NOAT II Beneficiary who provided NOAT II with the information necessary to make the Abatement Distributions.  During the Reporting Period, NOAT II disbursed $29,240,367 in NOAT II Funds to its Beneficiaries.  NOAT II continues to make Abatement Distributions to Beneficiaries as they submit the information necessary for distribution.

Attached hereto as Exhibit "A" is the 2025 NOAT II Opioid Abatement Report, which includes a Supplemental 2024 NOAT II Opioid Abatement Report, and a Supplemental 2023 NOAT II Opioid Abatement Report providing a summary of the NOAT II Abatement Distributions disbursed during the respective Reporting Periods and identifying the NOAT II Beneficiaries who submitted Beneficiary Abatement Use Reports to NOAT II.

{C1356296.1 }

## V.      FINANCIAL INFORMATION

NOAT II's audited financial statements for the Reporting Period are attached hereto as Exhibit "B."   The financial statements were audited by BDO USA, LLP.   For the fourth consecutive year, NOAT II's interest income has exceeded its operating expenses.

Dated: April 29, 2026
Wilmington, Delaware

Respectfully submitted,

CAMPBELL & LEVINE, LLC

*/s/ Kathleen Campbell Davis*
Kathleen Campbell Davis (I.D. No. 4229)
222 Delaware Avenue, Suite 905
Wilmington, DE  19801
Telephone:  302.426.1900
Email: kdavis@camlev.com

-and-

CAMPBELL & LEVINE, LLC
Douglas A. Campbell (PA I.D. No. 23143)
Jeanne S. Lofgren (PA I.D. No. 89078)
310 Grant Street, Suite 1700
Pittsburgh, PA  15219
Telephone: 412.261.0310
Email: dcampbell@camlev.com
          jlofgren@camlev.com

*General Counsel to the National Opioid Abatement Trust II*

{C1356296.1 }