**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------- x

| | |
|---|---|
| In re: | Chapter 11 |
| MALLINCKRODT PLC, *et al.*, | Case No. 20-12522 (BLS) |
| Reorganized Debtors.[1] | (Jointly Administered) |
| | **Obj. Deadline June 11, 2026 at 4:00 p.m. (ET)** |
| | **Hearing Date: TBD** |

------------------------------------------------------- x

### GENERAL UNSECURED CLAIMS TRUSTEE'S EIGHTH MOTION FOR AN ORDER EXTENDING THE CLAIMS OBJECTION DEADLINE

Heather L. Barlow, solely in her capacity as the Trustee (the "**Trustee**")[2] of the Mallinckrodt General Unsecured Claims Trust (the "**Trust**"), by and through her undersigned counsel, hereby submits the *General Unsecured Claims Trustee's Eighth Motion for an Order Extending the Claims Objection Deadline* (the "**Motion**"). In support of the Motion, the Trustee states as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The Trustee confirms her consent, pursuant to rule 7008 of the Federal Rules of

---

[1] A complete list of the above captioned reorganized debtors (the "**Reorganized Debtors**") in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at http://restructuring.ra.kroll.com/Mallinckrodt. The Reorganized Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

[2] Capitalized terms used herein without definition shall have the meanings ascribed to them in the General Unsecured Claims Trustee Agreement [Docket No. 7684-7], dated as of June 16, 2022 (the "**Trust Agreement**"), between the Trustee and the Reorganized Debtors or the *Modified Fourth Amended Joint Plan of Reorganization (with Technical Modifications) of Mallinckrodt plc and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 7670] (the "**Plan**").

Bankruptcy Procedure (the "**Bankruptcy Rules**"), to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.     Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3.     On October 12, 2020 (the "**Petition Date**"), the above captioned reorganized debtors (the "**Reorganized Debtors**") commenced with the Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code.  On October 27, 2020, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed, pursuant to section 1102 of the Bankruptcy Code: (a) an official committee of unsecured creditors [Docket No. 306]; and (b) an official committee of opioid-related claimants [Docket No. 308].  The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4.     On March 2, 2022 the Court entered its *Finding of Facts, Conclusions of Law, and Order Confirming the Fourth Amended Joint Plan of Reorganization (with technical modifications) of Mallinckrodt plc and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 6660] (the "**Confirmation Order**") confirming the Reorganized Debtors' chapter 11 plan (the "**Initial Confirmed Plan**").

5.     On June 8, 2022, the Court entered the *Order (I) Authorizing Modification of the Debtors' Fourth Amended Joint Plan of Reorganization (with Technical Modifications) of Mallinckrodt plc and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code, (II) Determining that Further Disclosure and Resolicitation of Votes Are Not Required (III) Deeming*

*the Amended Plan as Accepted, and (IV) Granting Such Other Relief as the Court Deems Just and Proper* [Docket No. 7602] (the "**Plan Modification Order**") authorizing certain modifications to the Initial Confirmed Plan as reflected in the Plan. Pursuant to the Plan Modification Order, the Confirmation Order was made applicable to the Plan.

6.      The Plan also incorporated the UCC Settlement described in the *Mallinckrodt GUC Settlement Term Sheet* which was filed on September 3, 2021 [Docket No. 4121-1] and provides, among other things, for (i) the distribution of certain cash and non-cash consideration to Class 6 creditors via the General Unsecured Claims Trust, and (ii) an allocation of that consideration among the Class 6 subclasses. *See* Plan § III.B.6, Exh. 6. The Plan also provides for the assumption by the General Unsecured Claims Trust of Class 6 and Class 7 Claims, and, in connection therewith, the right to resolve all such Claims. *Id.* § IV.HH.1, Exh. 6.  The Plan is not premised upon the substantive consolidation of the Debtors with respect to the Classes of Claims set forth in this Plan.

7.      The Plan became effective on June 16, 2022 [Docket No. 7652] (the "**Effective Date**").  Simultaneously therewith, the General Unsecured Claims Trust was formed, and the Trustee was appointed.

8.      Under the Trust Agreement, which was filed on June 22, 2022 as part of the twentieth plan supplement to the Plan [Docket No. 7684-7], the Trustee is responsible for "administering, disputing, compromising and settling or otherwise resolving and finalizing payments or other distributions with respect to Holders of General Unsecured Claims that are General Unsecured Claims Trust Beneficiaries under the Plan." Trust Agreement § 4.11.1.

9.      The Trust Agreement also provides the Trustee with the power to "review, reconcile, allow, object to, compromise, settle and withdraw objections to General Unsecured Claims[.]" Trust Agreement § 3.1.4.

10.      The Plan provides that the any objections to general unsecured claims and trade claims assumed by the General Unsecured Claims Trust shall be served and filed by the Trustee on or before the later of (a) two-hundred and seventy (270) days after the Effective Date and (b) such later date as may be fixed by this Court (as extended from time to time, the "**Claims Objection Deadline**").  Plan § IV.HH.8.

11.      On February 7, 2023, the Trustee filed the *General Unsecured Claims Trustee's Motion for an Order Extending the Claims Objection Deadline* [D.I. 8547] (requesting the Court extend by approximately 180 days (the "**First Extension Period**") the deadline by which the Trustee must object to general unsecured claims and trade claims. By order dated February 23, 2023, the Court approved the First Extension Motion and set the Claims Objection Deadline as Monday, September 11, 2023.

12.      On July 26, 2023, the Trustee filed the *General Unsecured Claims Trustee's Second Motion for an Order Extending the Claims Objection Deadline* [D.I. 8900] requesting the Court extend by approximately 180 days (the "**Second Extension Period**") the deadline by which the Trustee must object to general unsecured claims and trade claims. By order dated August 16, 2023 [D.I. 8926], the Court approved the Second Extension Motion and set the Claims Objection Deadline as Monday, March 11, 2024.

13.      On January 4, 2024, the Trustee filed the *General Unsecured Claims Trustee's Third Motion for an Order Extending the Claims Objection Deadline* [D.I. 9004] (requesting the Court extend by approximately 180 days (the "**Third Extension Period**") the deadline by which

the Trustee must object to general unsecured claims and trade claims. By order dated January 18, 2024 [D.I. 9018], the Court approved the Third Extension Motion and set the Claims Objection Deadline as Wednesday, September 11, 2024.

14.     On July 11, 2024, the Trustee filed the *General Unsecured Claims Trustee's Fourth Motion for an Order Extending the Claims Objection Deadline* [D.I. 9135] requesting the Court extend by approximately 180 days (the "**Fourth Extension Period**") the deadline by which the Trustee must object to general unsecured claims and trade claims. By order dated July 29, 2024 [D.I. 9145], the Court approved the Fourth Extension Motion and set the Claims Objection Deadline as Wednesday, March 11, 2025.

15.     On December 2, 2024, the Trustee filed the *General Unsecured Claims Trustee's Fifth Motion for an Order Extending the Claims Objection Deadline* [D.I. 9190] requesting the Court extend by approximately 180 days (the "**Fifth Extension Period**") the deadline by which the Trustee must object to general unsecured claims and trade claims. By order dated December 21, 2024 [D.I. 9200], the Court approved the Fifth Extension Motion and set the Claims Objection Deadline as Thursday, September 11, 2025.

16.     On June 2, 2025, the Trustee filed the *General Unsecured Claims Trustee's Sixth Motion for an Order Extending the Claims Objection Deadline* [D.I. 9260] requesting the Court extend by approximately 180 days (the "**Sixth Extension Period**") the deadline by which the Trustee must object to general unsecured claims and trade claims.  By order dated June 18, 2025 [D.I. 9263], the Court approved the Sixth Extension Motion and set the Claims Objection Deadline as Wednesday, March 11, 2026.

17.     On November 13, 2025, the Trustee filed the *General Unsecured Claims Trustee's Seventh Motion for an Order Extending the Claims Objection Deadline* [D.I. 9304] requesting the

5

Court extend by approximately 180 days (the "**Seventh Extension Period**", and together with the First Extension Period, the Second Extension Period, the Third Extension Period, the Fourth Extension Period, the Fifth Extension Period, and the Sixth Extension Period, the "**Extension Periods**") the deadline by which the Trustee must object to general unsecured claims and trade claims.  By order dated December 2, 2025 [D.I. 9312], the Court approved the Sixth Extension Motion and set the current Claims Objection Deadline as Friday, September 11, 2026.

18.     During the Extension Periods, the Trustee's efforts have resulted in significant progress in the resolution of creditor claims, including, among other things, the entry of eleven omnibus orders, resulting in the expungement of hundreds of late-filed, unsupported, and no liability claims, and the reassignment of claims previously filed with the wrong Debtors; and settlements with significant creditors and creditor constituencies, including without limitation sanofi-aventis US; the United States Environmental Protection Service; certain Acthar Claimants and the entire class of Generics Price Fixing Claimants. In addition, during the Seventh Extension Period, the Trustee and her professionals have continued assessing assets on an entity-by-entity basis in order to evaluate recoveries for General Unsecured Trust Beneficiaries in accordance with the Plan, and have resolved certain issues regarding the correct entity certain environmental claims should be asserted against, resulting in the entry of two omnibus claims objection orders.  The Trustee's professionals continue in the process of reviewing and analyzing remaining General Unsecured Claims to formulate a path to resolution.

19.     The Trustee and her advisors need additional time to review and reconcile those claims. A further extension of the Claims Objection Deadline will facilitate the Trustee's ongoing efforts to administer the claims, resolve any disputes among the parties, and fix the value of any valid claims.

**RELIEF REQUESTED**

20.    By this Motion, the Trustee requests the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Form of Order**"), extending the Claims Objection Bar Date by approximately 270 days to Friday, June 11, 2027.

21.    Such an extension of the Claims Objection Deadline is without prejudice to the rights of the Trustee or any successor-in-interest to seek further extensions thereof.

**BASIS FOR RELIEF**

22.    Bankruptcy Rule 9006(b) provides that the Court may extend a time period provided under the Bankruptcy Rules or order of the Court.  Bankruptcy Rule 9006 provides, in pertinent part, as follows:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its  discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order[.]

Fed. R. Bankr. P. 9006(b)(1).

23.    In addition, the Court has broad authority pursuant to section 105(a) of the Bankruptcy Code to issue orders necessary to implement the provisions of the Plan and the Bankruptcy Code.  *See* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code].").

24.    The Plan also contemplates that the Court may extend the Claims Objection Deadline. *See* Plan §  IV.HH.8 (defining the Claims Objection Deadline as "on or before the later of (a) two-hundred and seventy (270) days after the Effective Date and (b) such later date as may be fixed by this Court").

7

25.     The proposed extension of the Claims Objection Deadline sought herein similar to extensions granted by courts in this jurisdiction in other cases. *See, e.g.*, *In re Vitamin OldCo Holdings, Inc. (f/k/a/ GNC Holdings Inc.), et al.*, Case No. 20-11662 (KBO) (Bankr. D. Del. May 6, 2026) [Docket No. 2338] (extending the Claims Objection Deadline by an additional 180 days); *In re BBGI US, Inc.*, *et al.*, Case No. 20-11786 (BLS) (Bankr. D. Del. April 24, 2026) [Docket No. 1791] (extending the deadline to object to claims by an additional 180 days);   *In re Port Neches Fuels, LLC*, Case No. 22-10500 (CTG) (Bankr. D. Del. March 27, 2026) [Docket No. 321] (extending the deadline to object to claims by one year); *In re Nu Ride Inc.*, *et al.*, Case No. 23-10831 (MFW) (Bankr. D. Del., March 19, 2026) [Docket No. 1626] (extending the deadline to object to claims by an additional 180 days); *In re Legacy EJY Inc.*, Case No. 22-10580 (JKS) (Bankr. D. Del. Feb. 23, 2025) [Docket No. 1058] (extending the deadline to object to claims by one year).

26.     As set forth above, during the Extension Periods, the General Unsecured Claims Trustee and her professionals have made extensive progress in resolving claims and in analyzing the Trust's assets on an entity-by-entity basis in order to evaluate recoveries for General Unsecured Trust Beneficiaries in accordance with the Plan. The Trustee requires additional time to complete the diligence process and file all necessary claims objections.  Given the magnitude of the Claims sizing and the General Unsecured Claims Trust's diligent work to date, the Trustee believes ample cause exists for an extension, that the requested extension of the Claims Objection Deadline is in the best interest of the General Unsecured Claims Trust, and creditors, and that it is appropriate under the circumstances as it will provide the Trustee with the additional time needed to reconcile the remaining General Unsecured Claims.

27.     Moreover, the requested extension will not prejudice creditors or other parties in interest. Rather, granting the requested extension will assist the Trustee in fairly and properly administering the Trust and assuring that only General Unsecured Claims rightfully entitled to distributions will receive them. As such, the Trustee respectfully submits this request for the extension of the Claims Objection Deadline, as set forth in the Proposed Order.[3]

## RESERVATION OF RIGHTS

28.     The Trustee reserves the right to seek further extensions of the Claims Objection Deadline, if necessary.

## NOTICE AND NO PRIOR REQUEST

29.     Notice of the Motion will be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Asbestos Trust (as defined in the Plan); (iii) the Opioid MDT II (as defined in the Plan); and (iv) any party requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Trustee submits that no other or further notice need be given.

30.     No prior motion for the relief requested herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter the Proposed Form of Order annexed herein as **Exhibit A** granting the relief requested and such other and further relief as is just and proper.

---

[3] This Court extended the Administrative Claims Bar Date through and until September 28, 2026 pursuant to the *Eleventh Order Further Extending the Deadline to Object to Administrative Claims under the Plan* [D.I. 9352]. As the Reorganized Debtors may seek both the further extend the Administrative Claims Bar Date and  to reclassify one or more of the approximately 1,600 Administrative Claims that remain outstanding, the Trustee submits that an analogous further extension of the Claims Objection Deadline is also appropriate.

Dated: May 28, 2026
Wilmington, Delaware

**ROBINSON & COLE LLP**

By: */s/ Natalie D. Ramsey*
Natalie D. Ramsey (No. 5378)
1201 N. Market Street, Suite 1406
Wilmington, DE 19801
Tel: (302) 516-1700
Fax: (302) 516-1699
nramsey@rc.com

*-and-*

Rachel Jaffe Mauceri  (*pro hac vice*)
1650 Market Street, Suite 3030
Philadelphia, PA 19103
Tel: (215) 398-0556
rmauceri@rc.com


*Counsel for the Trustee*

10