**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| MALLINCKRODT PLC | ) Case No. 20-12522 (BLS) |
|  | ) |
| Reorganized Debtor.[1] | ) **Re: D.I. 9370** |
|  | ) |

**OPPOSITION OF EDGAR C. GENTLE, III, THE TRUSTEE FOR**
**THE MALLINCKRODT OPIOID PERSONAL INJURY TRUST TO**
**MOTION OF GENE DUDLEY FOR PERMISSION TO LITIGATE**

Edgar C. Gentle, III, the Trustee for the Mallinckrodt Opioid Personal Injury Trust (the "Trustee" or the "PI Trust"), by and through undersigned counsel, hereby submits this response in opposition (the "Objection") to Claimant Gene Dudley's Permission to Litigate and Complaint (the "Motion") [D.I. 9370].    In support thereof, the Trustee respectfully submits the following:

## BACKGROUND

1.    On May 27, 2026, Claimant, Gene Dudley, ("Mr. Dudley") filed his Motion.

2.    Mr. Dudley is a personal injury claimant who filed a claim for distribution from the MNK PI Trust (the "Trustee").    At the time of filing of the Motion, the Trustee and Mr. Dudley had been communicating to resolve the deficiencies with Mr. Dudley's Personal Injury Claim (the "PI Claim") seeking a distribution from the Trust.    Pursuant to the Trust Distribution Procedures approved by the Plan (the "TDP"), all personal injury claims are channeled to the Trust and are to be determined pursuant to the TDP.

---

[1]  The Reorganized Debtor in this chapter 11 case is Mallinckrodt plc. On May 3, 2023, the Court entered an order closing the chapter 11 cases of the Reorganized Debtor's debtor affiliates. A complete list of the debtor affiliates in these chapter 11 cases may be obtained on the website of the Reorganized Debtor's claims and noticing agent at http://restructuring.ra.kroll.com/Mallinckrodt. The Reorganized Debtor's mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

3.      After reviewing Mr. Dudley's response submissions to the Trustee, the Trustee was able to resolve deficiencies regarding the PI Claim pursuant to the TDP and reach a resolution with respect to Mr. Dudley's PI Claim.    The Trustee determined that, pursuant to the TDP, Mr. Dudley does, in fact, qualify at the Tier level he claimed in his Claim Form.

4.      Prior to the filing of this Objection, the Trustee prepared and mailed the appropriate Release for Mr. Dudley to execute as set out in the TDP.    Once Mr. Dudley executes the Release and returns the same to the Trustee, payment from the Trust will be made to him thereafter pursuant to the terms of the TDP, thereby resolving his PI Claim.

## **OBJECTION**

5.      Pursuant to the Plan and Confirmation Order, treatment of all Personal Injury Opioid claims are as follows:

- [a]s of the Effective Date, all PI Opioid Claims shall automatically, and without further act, deed, or court order, be channeled exclusively to, and all of Mallinckrodt's liability for PI Opioid Claims shall be assumed by, the PI Trust. **Each PI Opioid Claim shall be resolved solely in accordance with the terms, provisions, and procedures of the PI Trust Documents and shall receive a recovery, if any, from the PI Opioid Claims Share, from which shall be deducted any attorneys' fees paid in accordance with Article IV.X.8 of the Plan**. The PI Trust shall be funded in accordance with the provisions of this Plan. The sole recourse of any PI Opioid Claimant on account of its PI Opioid Claim shall be to the PI Trust, and each such PI Opioid Claimant shall have no right whatsoever at any time to assert its PI Opioid Claim against any Protected Party, **shall be enjoined from filing against any Protected Party any future litigation, Claims** or Causes of Action arising out of or related to such PI Opioid Claims, and may not proceed in any manner against any Protected Party on account of such PI Opioid Claims in any forum whatsoever, including any state, federal, or non-U.S. court or administrative or arbitral forum, and shall be subject to the Private Opioid Creditor Trust Deductions and Holdbacks.

*Plan* Article III.B.9.b (ii) at p. 67-68 (emphasis added).    The Confirmation Order further provides:

- The Court hereby approves Article IX.H of the Plan, which provides: *TERMS.*  Pursuant to section 105(a) of the Bankruptcy Code, from

and after the Effective Date, **the sole recourse of any Opioid Claimant on account of its Opioid Claims (including Opioid Demands) based upon or arising from the Debtors' pre-Effective Date conduct or activities shall be to the Opioid MDT II or the Opioid Creditor Trusts**, as applicable, pursuant to Article IX.H of the Plan and the Opioid MDT II Documents or the Opioid Creditor Trust Documents, as applicable, and **such Opioid Claimant shall have no right whatsoever at any time to assert its Opioid Claims (including Opioid Demands) against any Protected Party or any property or interest in property of any Protected Party. On and after the Effective Date, all Opioid Claimants, including Future Opioid PI Claimants, shall be permanently and forever stayed, restrained, barred, and enjoined from taking any of the following actions for the purpose of, directly or indirectly or derivatively collecting, recovering, or receiving payment of, on, or with respect to any Opioid Claim (including Opioid Demand)** based upon or arising from the Debtors' pre-Effective Date conduct or activities other than from the Opioid MDT II or the Opioid Creditor Trusts pursuant to the Opioid MDT II Documents or the Opioid Creditor Trust Documents, as applicable:

    a. Commencing, conducting, or continuing in any manner, directly, indirectly or derivatively, any suit, action, or other proceeding of any kind (including a judicial, arbitration, administrative, or other proceeding) in any forum in any jurisdiction around the world against or affecting any Protected Party or any property or interests in property of any Protected Party;

*Confirmation Order* ¶ 237 (footnotes omitted) (emphasis added).

6.    Mr. Dudley asserted the PI Claim.   Pursuant to the Plan and Confirmation Order, and the TDP, all personal injury claims are channeled to the Trust.   The Trustee has been able to resolve deficiencies with Mr. Dudley's PI Claim pursuant to the TDP, and has determined that, pursuant to the TDP, Mr. Dudley does, in fact, qualify at the Tier level he claimed in his Claim Form.   The Trustee has prepared and mailed the appropriate Release for Mr. Dudley to execute as set out in the TDP.   Once Mr. Dudley executes the Release and returns the executed Release to the Trustee, payment from the Trust will be made to him thereafter pursuant to the terms of the TDP.   Any additional disputes or deficiencies that Mr. Dudley may have will be resolved pursuant to the TDP.   Because Mr. Dudley's PI Claim is channeled through the Trust, and his claim has been resolved, subject to receipt by the Trustee of a properly executed Release, there is

3

no case or controversy here, and therefore, no grounds for relief under the Motion, or for an independent lawsuit.

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests the Court to deny the Motion and grant such other and further relief as the Court deems just and proper.

Dated: June 26, 2026    CROSS & SIMON, LLC

*/s/ Christopher P. Simon*
Christopher P. Simon, Esq. (No. 3697)
1105 North Market Street, Suite 901
Wilmington, Delaware 19801
(302) 777-4200
csimon@crosslaw.com

*Counsel to Edgar C. Gentle, III, Trustee for the Mallinckrodt Opioid Personal Injury Trust*