**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| MALLINCKRODT PLC, *et al.*,[9] | ) | Case No. 20-12522 (BLS) |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket No. 9387** |

**ORDER AUTHORIZING AND APPROVING THE SETTLEMENT AGREEMENT BETWEEN THE GENERAL UNSECURED CLAIMS TRUSTEE AND RUSSELL SMESTAD, AS REPRESENTATIVE OF THE SECURITYHOLDERS OF STRATATECH CORPORATION**

Upon the motion (the "Motion")[10] of the GUC Trustee for an Order authorizing and approving the settlement agreement between the GUC Trust and Russell Smestad, as Representative of the Securityholders of Stratatech Corporation; and it appearing that the Court has jurisdiction over this matter; and it appearing that notice of the Motion as set forth therein is sufficient, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the General Unsecured Claims Trust and its beneficiary; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Settlement Agreement attached hereto as **Exhibit 1** is approved.

---

[9] A complete list of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at http://restructuring.ra.kroll.com/Mallinckrodt. The Reorganized Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

[10] Capitalized terms not otherwise defined herein shall have them meanings ascribed to them in the Motion.

3. The Parties shall take all actions necessary to effectuate the relief granted pursuant to this Order and as may be necessary to complete, effectuate and implement the terms and provisions of the Settlement Agreement.

4. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: September 22nd, 2026**
**Wilmington, Delaware**

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**

**Exhibit 1**

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made and entered into as of August 26, 2026, on the terms and provisions as set forth below:

## RECITALS

1. **Chapter 11 Cases**: On October 12, 2020, Mallinckrodt plc and its affiliated reorganized debtors (the "Reorganized Debtors") commenced chapter 11 cases in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), which chapter 11 cases are pending in the Bankruptcy Court under Case No. 20-12522 (BLS) (the "Chapter 11 Cases").[1] On March 2, 2022, the Bankruptcy Court entered an order (the "Confirmation Order") [Docket No. 6660], confirming the Reorganized Debtors' plan of reorganization (the "Plan") [Docket No. 6510] and establishing a General Unsecured Claims Trust ("GUC Trust").

2. **Parties**: The parties to this Agreement include Heather L. Barlow, solely in her capacity as the Trustee of the Mallinckrodt General Unsecured Claims Trust (the "GUC Trustee") duly appointed through the Plan, and Russell Smestad, as Representative of the Securityholders of Stratatech Corporation (the "Representative," and together with the Securityholders of Stratatech Corporation, the "Securityholders," and collectively with the GUC Trustee, the "Parties").

3. **Claims**: On July 15, 2022, the Representative filed Proofs of Claim Nos. 52635, 52636, and 52637 (the "Rejection Damages Proofs of Claim") on behalf of the Securityholders, asserting claims against then-Debtors Mallinckrodt International Finance SA ("MIFSA") and Mallinckrodt Hospital Products Inc. ("MHPI"), for rejection damages in connection with that certain Agreement and Plan of Merger dated August 10, 2016 (the "Merger Agreement"). Any and all liability for the Rejection Damages Proofs of Claim was assumed by the GUC Trust established by the Plan, and all rights defenses, and obligations with respect to the Rejection Damages Proofs of Claim are also held by the GUC Trust.

4. **Settlement**: Through a mediation administered by JAMS (Reference No. 7400000336) conducted on August 26, 2026, the Parties have agreed to settle and resolve all disputes concerning the Rejection Damages Proofs of Claim filed by the Representative on behalf of the Securityholders in the Chapter 11 Cases, in consideration of the promises and the mutual covenants and agreements set forth herein, the sufficiency of which is hereby acknowledged by the Parties.

## AGREEMENT

5. **Claim Allowance:** The Rejection Damages Proofs of Claim shall be fully and finally administered and allowed on the following terms:

    (a) Claim No. 52635, filed against MIFSA, shall be allowed as a general unsecured claim in the amount of $17,839,668.00 (the "Allowed MIFSA Claim"),

---

[1] On May 3, 2023, the Bankruptcy Court entered an order closing the chapter 11 cases of Mallinckrodt plc's reorganized debtor affiliates. *See* Docket No. 8760.

(b) Claim No. 52636, filed against MHPI, shall be allowed as a general unsecured claim in the amount of $17,839,668.00 (the "Allowed MHPI Claim," and together with the Allowed MIFSA Claim, the "Allowed Securityholder Claims").

(c) For the avoidance of doubt, in no event shall the aggregate distributions received by the Representative, the Securityholders, or any other person on account of the Allowed Securityholder Claims exceed $17,839,668.00 in actual cash dollars.

(d) Claim No. 52637, filed against Debtor MHPI, shall be disallowed and expunged in its entirety as duplicative of Claim No. 52636.

(e) The Parties acknowledge that the Securityholders have previously received a payment pursuant to a settlement agreement with the Reorganized Debtors dated June 11, 2024. Such prior payment shall not reduce or offset the amount of the Allowed Securityholder Claims set forth herein.

6. **Closing of GUC Trust:** The Parties acknowledge and agree that distributions to the Securityholders shall first be made on account of the Allowed MHPI Claim, and thereafter, to the extent of any remaining balance due on the Allowed Securityholder Claims, on account of the Allowed MIFSA Claim. The GUC Trust shall remain open and active as to the administration of the MIFSA estate, and the GUC Trustee shall hold and reserve cash in an amount equal to the distribution that would have been made to the Securityholders against the full unpaid balance of the Allowed MIFSA Claim, until such time as all pro rata distributions on account of the Allowed Securityholder Claims have fully concluded. For the avoidance of doubt, there is no guarantee that the Allowed Securityholder Claims will be paid in full.

7. **Bankruptcy Court Approval:** By no later than September 9, 2026, the GUC Trustee shall file a motion under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "9019 Motion") seeking Bankruptcy Court approval of this Settlement Agreement. The Parties shall reasonably cooperate in seeking entry of an order approving this Settlement Agreement (the "Approval Order"). The GUC Trustee shall bear all costs associated with the drafting and filing of the 9019 Motion and shall be solely responsible for providing notice thereof to Kroll Restructuring Administration LLC, as claims and noticing agent.

8. **Releases:** Once the Approval Order becomes a final order, the Representative and the Securityholders, each on behalf of itself and themselves and any other party, person or entity claiming under or through it or them, release and discharge the GUC Trustee and her successors, predecessors, officers, directors, employees, partners, corporate parents, subsidiaries, affiliates, advisors, attorneys, agents, consultants, and independent contractors, each in their capacity as such (collectively, the "Trust Released Parties"), from any and all claims, causes of action, judgments, executions, debts, demands, rights, damages, costs, and expenses of every kind, nature, and character whatsoever, whether in law or in equity, in connection with, relating to, or arising out of the Rejection Damages Proofs of Claim, the Merger Agreement, and/or otherwise relating to the Chapter 11 Cases or any act, omission, or proceeding related to the foregoing, whether known or unknown, matured, unmatured, liquidated or unliquidated, certain or contingent, that the Representative or Securityholders ever had or claimed to have, or now has or claims to have presently or at any future date, against each Trust Released Party other than claims related to enforcement of this Agreement and the distribution entitlements set forth herein.

   Once the Approval Order becomes a final order, the GUC Trustee shall, on behalf of the GUC Trust, herself as Trustee, and any other party, person or entity claiming under or through her, release and

discharge the Representative and/or Securityholders, and each of their respective successors, predecessors, officers, directors, employees, partners, corporate parents, subsidiaries, affiliates, advisors, attorneys, agents, consultants, and independent contractors, each in their capacity as such (collectively, the "Securityholder Released Parties"), from any and all claims, causes of action, judgments, executions, debts, demands, rights, damages, costs, and expenses of every kind, nature, and character whatsoever, whether in law or in equity, in connection with, relating to, or arising out of the Rejection Damages Proofs of Claim, the Merger Agreement, the Chapter 11 Cases, or any act, omission, or proceeding related to the foregoing, whether known or unknown, matured, unmatured, liquidated or unliquidated, certain or contingent, that the GUC Trustee ever had or claimed to have, or now has or claims to have presently or at any future date, against each Securityholder Released Party, other than claims related to enforcement of this Agreement.

9. Miscellaneous:

a. This Agreement constitutes the entire agreement among the Parties with respect to the subject matter hereof and supersedes all prior agreements, oral or written, among the Parties with respect thereto.

b. This Agreement is governed by the laws of the State of Delaware, without regard to its choice-of-law provisions. Any action brought to enforce the terms and provisions of this Agreement shall be brought in the federal or state courts located in Delaware, and each Party irrevocably consents to the jurisdiction of such courts and waives any objections as to venue or inconvenient forum; *provided, however*, that during the pendency of the Chapter 11 Cases, all actions to enforce the terms and provisions of this Agreement shall be brought in the Bankruptcy Court.

c. This Agreement may be executed and delivered in any number of counterparts and by way of electronic signature and delivery. Each such counterpart, when executed and delivered, shall be deemed an original, and all such counterparts together shall constitute the same agreement. Each individual executing this Agreement on behalf of a Party has been duly authorized and empowered to execute and deliver this Agreement on behalf of such Party.

d. This Agreement is intended to bind and inure to the benefit of the Parties and their respective successors and permitted assigns, as applicable. Except as otherwise explicitly set forth herein, nothing in this Agreement is intended to benefit or create any right or cause of action in or on behalf of any person other than the Parties hereto (and their affiliated persons and entities who are intended to be beneficiaries of the releases and settlements set forth herein). Each Party hereby warrants that it has not assigned any claim subject to the releases set forth in this Agreement.

e. By no later than September 9, 2026 the Representative shall provide a completed and signed w-9 and wire instructions for any interim and final distributions made by the GUC Trust.

[Signature Page to Follow]

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement as of the date(s) set forth above.

Mallinckrodt General Unsecured Claims Trust

Signed by:

By: Heather L. Barlow
A102B4083F1C41E...

Name: Heather L. Barlow
Title: Solely in her capacity as the Trustee of the General Unsecured Claims Trust

Russell Smestad, as Representative of the Securityholders of Stratatech Corporation

DocuSigned by:

By: Russell Smestad
B5C023F5A7814E6...

Name: Russell Smestad
Title: Solely in his capacity as the Representative of the Securityholders of Stratatech Corporation