**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| MALLINCKRODT PLC, *et al.*,[1] | : | Case No. 20-12522 (BLS) |
| Reorganized Debtors. | : | (Jointly Administered) |
| | : | **Obj. Deadline: October 8, 2026 at 4:00 p.m. (ET)** |
| | | **Hearing Date: October 15, 2026 at 10:00 a.m. (ET)** |

**GENERAL UNSECURED CLAIMS TRUSTEE'S MOTION FOR ENTRY OF AN ORDER EXTENDING THE TERMINATION DATE OF THE MALLINCKRODT GENERAL UNSECURED CLAIMS TRUST THROUGH JUNE 16, 2030**

Heather L. Barlow, solely in her capacity as the General Unsecured Claims Trustee (the "GUC Trustee")[2] of the Mallinckrodt General Unsecured Claims Trust (the "GUC Trust" and, together with the GUC Trustee, the "Trust Parties"), by and through her undersigned counsel, respectfully submits this motion (this "Motion") for entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, extending the termination date of the GUC Trust through and including June 16, 2030. In support of this Motion, the GUC Trustee respectfully states as follows:

---

[1] A complete list of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at http://restructuring.ra.kroll.com/Mallinckrodt. The Reorganized Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

[2] Capitalized terms used herein without definition shall have the meaning ascribed to them in the *General Unsecured Claims Trust Agreement* (the "Trust Agreement"), dated as of June 16, 2022, between the GUC Trustee and the Reorganized Debtors or the *Fourth Amended Joint Plan of Reorganization (with Technical Modifications) of Mallinckrodt plc and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 6660-1] (the "Plan"), as applicable.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This matter is a core proceeding under 28 U.S.C. § 157(b). In accordance with Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the GUC Trustee consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9006-1.

## BACKGROUND[3]

4. On October 12, 2020 (the "Petition Date"), Mallinckrodt plc and certain of its affiliated debtors and debtors in possession (collectively, the "Debtors") commenced their chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court.

5. Thereafter, the Debtors continued to operate their businesses as debtors-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

[3] Capitalized terms not defined in this Preliminary Statement shall have the meanings ascribed to them below.

6. On October 14, 2020, the Court entered an order authorizing the joint administration of these chapter 11 cases for procedural purposes only pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1. *See* D.I. 210.

7. On March 2, 2022, the Bankruptcy Court entered an order (the "Confirmation Order") confirming the Fourth Amended Joint Plan of Reorganization (with Technical Modifications) of Mallinckrodt plc and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 6660] (the "Plan"). The Plan became effective on June 16, 2022 (the "Effective Date"). On the Effective Date, the GUC Trust was established, and Heather L. Barlow was appointed GUC Trustee.

8. Pursuant to the Plan and the General Unsecured Claims Trust Agreement, dated as of June 16, 2022 (the "Trust Agreement"), certain rights and obligations relating to General Unsecured Claims were transferred to and vested in the GUC Trust for administration and distribution in accordance with the Plan and the Trust Agreement. The GUC Trustee's responsibilities also include the resolution of the following five subclasses of the General Unsecured Claims class:[4]

| **Subclass** | **Type of Claim** |
|---|---|
| Class 6(a) | Acthar Claims |
| Class 6(b) | Generics Price Fixing Claims |
| Class 6(d) | Legacy Unsecured Notes Claims |
| Class 6(e) | Environmental Claims |
| Class 6(f) | Other General Unsecured Claims |
| Class 6(g) | 4.75% Senior Notes Claims |

[4] As contemplated by the Plan, claims of subclasses 6(d) (Legacy Unsecured Notes Claims) and 6(g) (4.75% Unsecured Notes Claims) were deemed allowed and received their initial distribution on or shortly after the Effective Date. The claims of subclass 6(c) (Asbestos Claims), were channeled to an asbestos subtrust and separately administered.

9. Since the Effective Date, the GUC Trustee has diligently pursued the GUC Trust's obligations for the benefit of the GUC Trust's beneficiaries, including the resolution of thousands of claims valued at billions of dollars previously asserted against the Reorganized Debtors and transferred to the GUC Trust on the Effective Date, through motion practice, litigation, mediation, or other settlement or disposition. The GUC Trustee has also overseen the liquidation of multiple claims of the Reorganized Debtors' prior estates that were transferred to the GUC Trust for resolution. To date, the claims of subclasses 6(a), (b), (d), and (g) have been resolved and allowed or disallowed, and the GUC Trustee continues to reconcile claims and resolve disputes with respect to claimants within subclasses 6(e) and 6(f).

10. By way of illustration, and without limitation, to date, the GUC Trustee has:

- filed ten substantive and non-substantive omnibus objections to claims, resulting in the expungement of hundreds of asserted claims estimated in the billions of dollars, as well as the reduction or reclassification of hundreds more;
- negotiated and implemented an unprecedented settlement resolving the entirety of Class 6(b) claims (the Generics Pricing Fixing Claims);
- negotiated and settled significant environmental claims asserted by the United States with respect to the Debtors' CERCLA obligations related to the Crab Orchard National Wildlife Refuge ("Crab Orchard"), as well as negotiating agreements with General Dynamics Ordinance and Tactical Systems, Inc. and Olin Corporation with respect to the disallowance of their claims against certain of the Debtors relating to Crab Orchard;

- mediated and settled claims asserted by Sanofi-aventis US ("Sanofi"), fully and finally resolving all of Sanofi's general unsecured claims and ending lengthy ongoing litigation;
- negotiated and settled several billion dollars of claims with Class 6(a) claims (the Acthar Claimants); and
- mediated and agreed upon an allowed general unsecured claims with Russell Smestad, as representative of the securityholders of Stratatech Corporation, reducing to approximately $17.89 million (and capping distributions at such amount) claims previously asserted to be in excess of $300 million.

11. The chapter 11 estates of these 63 debtor entities, while jointly administered, are not substantively consolidated, requiring the determination of not only the total claims at each entity, but the total assets available for distribution by each Reorganized Debtor. Both categories have remained fluid as the Trustee simultaneously reconciles claims against the estates and administers GUC Trust assets for the benefit of creditors. Since the Effective Date, the GUC Trust has actively pursued the monetization GUC Trust assets, including contingent assets that have or are anticipated to flow to the GUC Trust.

12. The Plan and the Trust Agreement establish the duration of the GUC Trust. Specifically, and as further set forth herein, section 10.2 of the Trust Agreement provides that the GUC Trust shall terminate once all distributions required to be made by the GUC Trustee have been completed, but in no event later than five (5) years from the Effective Date unless the Bankruptcy Court, on motion filed at least six (6) months before the Termination Date (as defined below), determines that an extension is necessary to facilitate or complete the recovery on, and

liquidation of, the General Unsecured Claims Trust Consideration. Accordingly, absent an extension, the GUC Trust will terminate on June 16, 2027 (the "Termination Date").

13. The GUC Trustee anticipates making a substantial distribution prior to the Trust's Termination Date, and continues to work diligently in pursuit of that objective. The GUC Trustee, however, expects that the administration and liquidation of the remaining GUC Trust assets, as well as the resolution and administration of the remaining complex claims transferred to the GUC Trust, will continue beyond the fifth anniversary of the Effective Date. Accordingly, the GUC Trustee believes an extension of the duration of the GUC Trust is appropriate.

**RELIEF REQUESTED**

14. By this Motion, the GUC Trustee respectfully requests entry of the Proposed Order extending the Termination Date of the GUC Trust through and including June 16, 2030; *provided, however*, that nothing in the Proposed Order shall alter or impair the GUC Trustee's ability to terminate the GUC Trust earlier upon the completion of its administration and final distributions in accordance with the Confirmation Order, the Plan, and the Trust Agreement; nor should anything therein alter or impair the GUC Trustee's ability to further extend the duration of the GUC Trust pursuant to the Confirmation Order, the Plan, and the Trust Agreement.

**BASIS FOR RELIEF**

15. The Trust Agreement expressly authorizes extensions of the duration of the GUC Trust upon approval by the Court. Section 10.2 of the Trust Agreement provides, in relevant part:

> The General Unsecured Claims Trustee and the General Unsecured Claims Trust shall be discharged or terminated, as the case may be, at such time as all distributions required to be made by the General Unsecured Claims Trustee to the General Unsecured Claims Trust Beneficiaries have been made, but in no event shall the General Unsecured Claims Trust be terminated later than five (5) years from the Effective Date unless the Bankruptcy Court, upon motion made within the six-month period before such fifth anniversary . . . determines that a fixed period extension (not to exceed three (3) years, together with any prior extensions, . . . is

> necessary to facilitate or complete the recovery on, and liquidation of, the General Unsecured Claims Trust Consideration.

General Unsecured Claims Trust Agreement, § 10.2; *see also* Confirmation Order, ¶¶ 186-191 (authorizing, *inter alia*, establishment of the GUC Trust pursuant to the General Unsecured Claims Trust Documents), Plan, §IV.HH (setting forth terms of the GUC Trust).

16. Moreover, Bankruptcy Rule 9006(b)(1) provides for extensions of time for cause. Specifically:

> [W]hen these rules, a notice given under these rules, or a court order requires or allows an act to be performed at or within a specified period . . . the court may, for cause, extend the time to act if a request to extend is made before the period (or a previously extended period) expires.

Fed. R. Bankr. P. 9006(b)(1).

17. Finally, section 105(a) of the Bankruptcy Code provides that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

18. Courts in this district and circuit have routinely extended the duration of post-bankruptcy trusts to allow those trusts to diligently and methodically complete their mandates of resolving claims and making distributions to beneficiaries. *See, e.g.*, *Cred Inc*., Case No. 20-12836-KBO, [D.I. 1414] (Bankr. D. Del. Apr. 2026) (extending termination date of liquidation trust through April 19, 2027); *Samson Resources Corp*., Case No. 15-11934-BLS, [D.I. 3617] (Bankr. D. Del. 2025) (granting fifth motion extending settlement trust termination date through September 13, 2027); *RS Legacy Corp*., Case No. 15-10197-BLS, [D.I. 5002] (Bankr. D. Del. Oct. 13, 2022) (approving extension of liquidating trust termination date through October 7, 2024); *CWC Liquidation Inc*., Case No. 14-10867-BLS, [D.I. 1936] (Bank. D. Del. Sept. 24, 2019) (extending the trust agreement for one year); *Phoenix Brands LLC*, Case No. 16-11242-BLS, [D.I. 937] (Bankr. D. Del. Dec. 17, 2018) (same); *KiOR, Inc*., Case No. 14-12514-CSS, [D.I. 983] (Bankr. D. Del. June 22, 2018) (extending trust agreement for an additional three-year period). These

decisions reflect the well-established practice in this District of granting extensions where a post-confirmation trust remains engaged in the orderly administration of trust assets, reconciliation and resolution of claims, pursuit of recoveries, and implementation of distributions to beneficiaries.

19. The GUC Trustee submits that good cause exists to extend the duration of the GUC Trust for an additional three-year period. As discussed above, the GUC Trust has resolved thousands of claims, reducing by billions of dollars the claims pool, while simultaneously preserving the GUC Trust's assets, all for the benefit of the GUC Trust's beneficiaries. The GUC Trustee remains actively engaged in the reconciliation and resolution of claims, the administration of trust assets, the maintenance of reserves, and the implementation of distributions to beneficiaries. Given the complexity of these cases, the nature of the remaining claims, and the allocation of the Trust's assets pursuant to the Confirmation Order, the Plan, and the Liquidating Trust Agreement, the GUC Trustee has determined in her business judgment that additional time is necessary to facilitate and complete the recovery on, and liquidation of, the General Unsecured Claims Trust Consideration.

**20.** As set forth above, the GUC Trustee and her professionals have spent considerable time and made extensive progress in resolving claims, as well as analyzing the Trust's assets on an entity-by-entity basis in order to evaluate recoveries for General Unsecured Trust Beneficiaries in accordance with the Plan. The GUC Trustee therefore respectfully submits that the requested extension is warranted by the Bankruptcy Code and the Bankruptcy Rules, authorized by the Confirmation Order, Plan, and the Trust Agreement, and in the best interests of the GUC Trust and its beneficiaries.

## **NOTICE**

21. Notice of the Motion will be provided to: (i) the United States Trustee for the District of Delaware; and (ii) all parties entitled to notice under Local Rule 2002-1(b). The GUC Trustee respectfully submits that no further notice is required.

## **NO PRIOR REQUEST**

22. No prior request for the relief sought in the Motion has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the GUC Trustee respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, extending the termination date of the GUC Trust through and including June 16, 2030, and granting such other and further relief as is just and proper.

Dated: September 24, 2026
Wilmington, Delaware

**ROBINSON & COLE LLP**

*/s/ Natalie D. Ramsey*
Natalie D. Ramsey (DE Bar No. 5378)
1201 N. Market Street, Suite 1406
Wilmington, Delaware 19801
Tel: (302) 516-1700
Fax: (302) 516-1699
nramsey@rc.com

*-and-*

Rachel Jaffe Mauceri (admitted *pro hac vice*)
1650 Market Street, Suite 3030
Philadelphia, Pennsylvania 19103
Tel: (215) 398-0556
rmauceri@rc.com

*-and-*

**GOODWIN PROCTER LLP**
James F. Lathrop (DE Bar No. 6492)
Howard Steel (admitted *pro hac vice*)
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Telephone: (212) 813 8800
jlathrop@goodwinlaw.com
hsteel@goodwinlaw.com

*Counsel to the GUC Trustee*